# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) C.A. No. 20-613-LPS ) ) **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| ROSS INTELLIGENCE INC., | |
| Defendants. | |

## REPLY IN SUPPORT OF ROSS INTELLIGENCE INC.'S
## MOTION TO DISMISS UNDER RULE 12(b)(6)

OF COUNSEL:

Gabriel M. Ramsey
Kayvan M. Ghaffari
Crowell & Moring LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: August 20, 2020
6846101/ 50241

David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
Tracey E. Timlin (#6469)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com
ttimlin@potteranderson.com

*Attorneys for Defendant
ROSS Intelligence Inc.*

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. PLAINTIFFS FAIL TO ADDRESS DEFICIENCIES IN THEIR COPYRIGHT
INFRINGEMENT CLAIMS ............................................................................................... 2

    A. Plaintiffs Cannot Show ROSS Directly Or Indirectly Copied Any
Purportedly Copyrighted Material ............................................................................ 2

    B. Plaintiffs' Headnotes And Number System Are Not Protectable ........................... 7

III. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM SHOULD BE DISMISSED ...... 8

    A. Plaintiffs Fail To Allege That ROSS Directed, Controlled Or Induced
LegalEase To Breach Any Contract ........................................................................ 8

    B. California Retains Its Most Significant Relationship To The Claim. .................... 8

    C. A Statute Of Limitations Defense Is Established Under California
Law. ....................................................................................................................... 10

IV. CONCLUSION .................................................................................................................. 10

i

# **TABLE OF AUTHORITIES**[1]

Page(s)

**Cases**

*Abselet v. Hudson Labor Sols., Inc.*,
 ROSS 13258625 (9th Cir. Feb. 4, 2020)
 2020 U.S. App. LEXIS 3588, at *3 (9th Cir. Feb. 4, 2020) ..................................................10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)...........................................................................................................2, 8

*CAE Inc. v. Gulfstream Aerospace Corp.*,
 203 F. Supp. 3d 447 (D. Del. 2016).......................................................................................10

*Com. of Pa. ex rel. Zimmerman v. PepsiCo. Inc.*,
 836 F.2d 173, 181 (3d Cir. 1988)............................................................................................9

*Dam Things from Denmark, a/k/a Troll Co. ApS. v. Russ Berrie & Co., Inc.*,
 290 F.3d 548, 561 (3d Cir. 2002).......................................................................................3, 6

*Eureka Res., LLC v. Range Res.-Appalachia, LLC*,
 62 A.3d 1233 (Del. Super. 2012)........................................................................................ 8-9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
 499 U.S. 340 (1991)................................................................................................................8

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3rd Cir. 2009) .................................................................................................2

*Fox v. Ethicon Endo-Surgery, Inc.*,
 35 Cal. 4th 797 (2005) .........................................................................................................10

*Frazier v. City of Phila.*,
 778 F. App'x 156 (3d Cir. 2019) ...........................................................................................3

*Frederico v. Home Depot*,
 507 F.3d 188 (3d Cir. 2007)...................................................................................................8

*Gamble v. Citizen Bank*,
 ROSS 12713902 (D. Del. Mar. 21, 2019) (Stark, J.)
 2019 U.S. Dist. LEXIS 47531, at *3 (D. Del. Mar. 21, 2019) (Stark, J.)...............................8

---

[1] ROSS's brief contains ROSS citations to unpublished opinions contained in ROSS. This Court and the public may access those opinions without login credentials by searching the associated ROSS case citation (*e.g.*, ROSS 13258625) at app.rossintelligence.com/.

*Gee v. CBS, Inc.*,
   471 F. Supp. 600 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979)..................2, 4

*Gill v. Del. Park, LLC.*,
   294 F. Supp. 2d 638 (D. Del. 2003)..................................................................10

*H2L2 Architects/Planners, LLC v. Tower Invs., Inc.*,
   2013 U.S. Dist. LEXIS 13100, at *2 (E.D. Pa. Jan. 31, 2013) .................................4

*J&J Snack Food Corp. v. Soft Pretzel Franchise Sys.*
   2009 U.S. Dist. LEXIS 149794, at *6-7 (E.D. Pa. Oct. 27, 2009) ............................4

*Lennon v. Seaman*,
   2002 U.S. Dist. LEXIS 1237, at *23 (S.D.N.Y. Jan. 28 2002)..................................4

*Levey v. Brownstone Inv. Grp., LLC*,
   ROSS 00180202 (D.N.J. June 26, 2013)
   2013 U.S. Dist. LEXIS 90178, at *21 n.8 (D.N.J. June 26, 2013) ...........................6

*Levey v. Brownstone Inv. Grp., LLC*,
   590 F. App'x 132 (3d Cir. 2014) ........................................................................4

*M2M Sols., LLC v. Telit Communs. PLC*,
   ROSS 00180303 (D. Del. Aug. 05, 2015)
   2015 U.S. Dist. LEXIS 102349, at *8-9 (D. Del. Aug. 5, 2015)...........................10

*Marvullo v. Gruner & Jarh*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000).................................................................3

*Network Managing Sols., LLC v. AT&T Inc.*,
   ROSS 00365361 (D. Del. Feb. 3, 2017)
   2017 U.S. Dist. LEXIS 19274, at *3-4 (D. Del. Feb. 3, 2017).................................6

*Parker v. Google, INc.*,
   242 F. App'x 833 (3d Cir. 2007) ........................................................................4

*Purohit v. Legend Pictures, LLC*,
   ROSS 13329360 (D. Del. Mar. 24, 2020)
   2020 U.S. Dist. LEXIS 50655, at *15 (D. Del. Mar. 24, 2020)...............................7

*Ranke v. Sanofi-Synthelabo Inc.*,
   436 F.3d 197 (3d Cir. 2006)...............................................................................6

*Riordan v. H.J. Heinz Co.*,
   ROSS 00179717 (W.D. Pa. Dec. 8, 2009)
   2009 U.S. Dist. LEXIS 114165, at *42 (W.D. Pa. Dec. 8, 2009)............................5

*Tanksley v. Daniels*,
   259 F. Supp. 3d 271, 290 (E.D. Pa. 2017) ...........................................................................7

*TexasLDPC Inc. v. Broadcom Inc.*,
   ROSS 13317071 (D. Del. Mar. 18, 2020)
   2020 U.S. Dist. LEXIS 46773, at *4 (D. Del. 2020) .............................................................6

*Troll Co. ApS. V. Russ Berrie & Co., Inc.*,
   290 F.3d 548 (3d Cir. 2002)...................................................................................................6

*Ubiquitel Inc. v. Sprint Corp.*,
   2005 Del. Ch. LEXIS 198 (Ch. Dec. 14, 2005) .....................................................................9

*Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*,
   ROSS 12766480 (N.D. Ill. May 22, 2019)
   2019 U.S. Dist. LEXIS 153089, at *13 (N.D. Ill. May 22, 2019) ...........................................6

*Vianix LLC v. Nuance Commc'ns, Inc.*,
   ROSS 00179016 (D. Del. July 20, 2010)
   2010 U.S. Dist. LEXIS 72632, at *8-10 (D. Del. July 20, 2010) ............................................6

*Woerner v. FRAM Group Operations, LLC*,
   ROSS 01133018 (D.N.J. Apr. 29, 2013)
   2013 U.S. Dist. LEXIS 60552, at *14 (D.N.J. Apr. 29, 2013) .................................................5

**Other Authorities**

Fed. R. Civ. P. 8..............................................................................................................................3

Fed. R. Civ. P. 12(b)(6).................................................................................................................10

I.      **INTRODUCTION**

Plaintiffs' opposition brief misses the point. Plaintiffs have not properly alleged a single instance in which ROSS—directly or indirectly—used, copied, reproduced, or prepared derivative works of any protectable Westlaw material, if there is any such material. Plaintiffs' opposition brief posits that ROSS must have infringed some copyrights because LegalEase, a third-party legal research company, allegedly used the *functionality and algorithms* of the Westlaw website. But the Complaint only alleges that LegalEase conducted "legal research." (D.I., 1 ¶ 33.). The alleged use of Westlaw's search algorithms to conduct legal research does not provide a plausible basis to establish copying of the headnotes or the key number system, or even copying generally, to raise Plaintiffs' entitlement to relief above a speculative level.

The opposition ignores that the Complaint is devoid of any facts to bridge the untenable inferential leaps necessary to get from LegalEase's alleged use of Westlaw's functionality to the conclusion that ROSS, directly or indirectly, copied headnotes or key numbers. Legal practitioners of all types regularly use Westlaw for legal research without using the headnotes or number system. Copyright law does not reach alleged use of Westlaw's search functionalities. Plaintiffs cannot argue otherwise. Plaintiffs' attempt to stretch copyright law to afford patent-like protection over Westlaw's algorithmic functionality simply reaffirms the anticompetitive problems highlighted in ROSS's opening brief.

Given these problems, Plaintiffs resort to reversing the pleading burden, headlining that ROSS has purportedly "not denied" the allegations (D.I. 15, at 1). Of course, ROSS's time to "deny" the allegations has not yet come. At this stage, the only question is whether Plaintiffs have pleaded a viable claim. They have not. Plaintiffs have not plausibly alleged (1) copying by ROSS directly or through any act by LegalEase, (2) any copyrightable material, or (3) that ROSS directed, controlled, or induced LegalEase to take any alleged act or to breach any contract. In

addition, the tortious interference claim is time barred under California law.

This is not a case in which the Court should give the Plaintiffs leeway to discover the specifics later. Plaintiffs sued LegalEase, took extensive discovery, and then settled one day before suing ROSS. Instead of offering any facts regarding what part(s) of the asserted material are "copied," however, Plaintiffs offer conclusions and substantive allegations made wholly "upon information and belief." Such allegations without factual support must be disregarded. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The case must be dismissed if, from the Complaint, the Court can only infer "the mere possibility of misconduct." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3rd Cir. 2009) (citation omitted).

## II. PLAINTIFFS FAIL TO ADDRESS DEFICIENCIES IN THEIR COPYRIGHT INFRINGEMENT CLAIMS

To withstand a motion to dismiss, copyright infringement claims must allege: (1) which specific original works are the subject of the claim; (2) that plaintiff owns the copyrights in those works; (3) that the works in question have been registered with the Copyright Office in accordance with the statute; (4) by what acts and during what time the defendant infringed the copyright. *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Plaintiffs fail to allege these elements directly or indirectly.

### A. Plaintiffs Cannot Show ROSS Directly Or Indirectly Copied Any Purportedly Copyrighted Material

Plaintiffs' opposition brief identifies no fact in the Complaint that shows copying or supports a reasonable inference of copying by ROSS, either directly or indirectly through LegalEase. Instead, Plaintiffs' opposition regurgitates the Complaint's threadbare, conclusory allegations of copying:

- "Upon information and belief, after LegalEase copied the Westlaw Content, it distributed that content to ROSS. ROSS then copied that content and used it to create its platform." D.I. 1, ¶ 35;

- "It is clear that by copying the copyright-protected Westlaw Content … ROSS drastically sped up its development time and reduced the cost associated with the development of its competing platform." D.I. 1, ¶ 37;
- "Upon information and belief, ROSS's copying has allowed it to forego the immense expenditure of resources … that otherwise would be required to create its competing platform as the algorithms comprising ROSS's platform function in a manner analogous to those of Westlaw." D.I. 1, ¶ 38; and
- "Upon information and belief, unless enjoined by this Court, ROSS intends to continue to infringe upon Plaintiffs' copyrights and otherwise to profit from Plaintiffs' works. Accordingly, Plaintiffs have suffered irreparable damage." D.I. 1, ¶ 39.

Indeed, these allegations "upon information and belief" lump in materials Plaintiffs admit is not subject to copyright under the rubric of "Westlaw Content." And then Plaintiffs only allege vaguely that some "content" was allegedly downloaded by LegalEase without alleging that the "content" contained copyrightable materials. When a copyright owner fails to allege facts specifying what conduct of the defendants has infringed each of the respective copyrights, a copyright claim must be dismissed. *Gee*, 471 F. Supp. at 643; *Marvullo v. Gruner & Jarh*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) ("Broad sweeping" allegations do not comply with Rule 8).

In their opposition and Complaint Plaintiffs allege LegalEase carried out "legal research" using Westlaw. Compl. ¶ 33. Plaintiffs assert only that LegalEase accessed the functionality and algorithms of Westlaw to carry out that alleged research. *Id.* ¶¶ 30-33. This is insufficient because a plaintiff must "supply plausible allegations of fact 'showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities' between the original work and the one purportedly produced via plagiarism." *Frazier v. City of Phila.*, 778 F. App'x 156, 158-59 (3d Cir. 2019) (quoting *Dam Things from Denmark, a/k/a Troll Co. ApS. v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002)). Here, Plaintiffs do not.

At best, Plaintiffs allege that by conducting legal research LegalEase had purported "access" to the asserted material, as they fail to allege download of any copyrightable material. But access alone is insufficient to show copying of the asserted material. There is absolutely no

3

suggestion of any type of substantially similar material copied by ROSS directly or indirectly through LegalEase. Nor is it enough to assert that ROSS and Westlaw offer competing products. *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 135-37 (3d Cir. 2014) (pleading that plaintiff and defendant had similar products fails "to provide an adequate factual basis for believing that [defendant] was … using [alleged copyrighted material]"). Plaintiffs also fail to point to any factual allegation that ROSS had any knowledge or intent to cause any reproduction, distribution, or derivative works of the asserted materials exceeding the scope of any license between LegalEase and West. The infringement claims fail for this reason too. *See Parker v. Google, Inc.*, 242 F. App'x 833, 837 (3d Cir. 2007) (indirect infringement claims failed where no facts alleged to support knowledge of or right and ability to supervise alleged infringement).[2]

Finally, Plaintiffs cannot credibly argue ROSS is on notice of its allegedly infringing conduct. The Complaint vaguely references a "legal research" product. (D.I., 1, ¶¶ 28, 33). The Complaint contains no facts showing or plausibly inferring how a ROSS "legal research" product infringes the purportedly copyrighted materials. *See Gee*, 471 F. Supp. at 643 (a properly pled copyright infringement claim includes allegations explaining "by what acts and during what time defendant has infringed"); *Lennon v. Seaman*, 2002 U.S. Dist. LEXIS 1237, at *23 (S.D.N.Y. Jan. 28, 2002) (ordering more definite statement where pleading did "not enumerate particular instances of impermissible use."). For example, Plaintiffs do not allege ROSS used headnotes in or used organized case law in any specific way, let alone in a manner having any relevance to

---

[2] Plaintiffs' cited cases are inapposite and illustrate the difference between alleging copying and Plaintiffs' Complaint. *H2L2 Architects/Planners, LLC v. Tower Invs., Inc.* involved specific architectural drawings created by plaintiff and that defendant offered and copied those designs in specifically identified "construction, marketing, and advertisement" materials. 2013 U.S. Dist. LEXIS 13100, at *2 (E.D. Pa. Jan. 31, 2013). In *J&J Snack Food Corp. v. Soft Pretzel Franchise Sys.*, the complaint pled copying by alleging the infringing costume (and even attached Exhibits showing the same) and alleging that defendant "publicly displayed the [i]nfringing [product]." 2009 U.S. Dist. LEXIS 149794, at *6-7 (E.D. Pa. Oct. 27, 2009). No such facts exist here.

their number system. Indeed, if Plaintiffs believe the organization of headnotes and the number system are of particular importance to its case, it must provide facts that put ROSS on notice of what they allege is copied in this regard. Plaintiffs fail to do so. Simply alleging ROSS created a "legal research" product is not enough. *See Riordan v. H.J. Heinz Co.*, ROSS 00179717 (W.D. Pa. Dec. 8, 2009) (Ex. 1) (dismissing copyright claim in part because plaintiff failed to allege defendant copied any purportedly protectable materials).[3]

Plaintiffs' argument that they do not need to plead facts because information resides exclusively with ROSS is a red herring. First, Plaintiffs do not deny having accessed ROSS's website. All Plaintiffs vaguely respond is "ROSS's platform is not public." D.I. 15, at 11. Plaintiffs do not allege any contractual prohibition or legal rule restricting access to ROSS's website. Second, Plaintiffs obtained thousands of documents and hours of testimony from ROSS in the *LegalEase* matter. The fact they "returned" documents—*months after* filing this lawsuit—is of no issue because they gleaned facts from that discovery prior to this action. Because Plaintiffs analyzed ROSS's prior discovery and do not deny accessing ROSS's website, they cannot hide behind allegations made "upon information and belief." *Network Managing Sols., LLC v. AT&T Inc.*, ROSS 00365361 (D. Del. Feb. 3, 2017) (Ex. 2) (dismissing "information and belief" claims where facts are public and available to plaintiff); *Woerner v. FRAM Group Operations, LLC*, ROSS 01133018 (D.N.J. Apr. 29, 2013) (Ex. 3) (dismissing unsupported allegations made on information and belief where allegations "fail to demonstrate Plaintiffs' plausible entitlement to relief."). Third, an alleged lack of access to information does not obviate the requirement to plead facts to support a claim. Even taking those allegations as true, they are

---

[3] ROSS is providing citations to unreported opinions from the ROSS platform. Pursuant to Local Rules 7.1.3(a)(5) and (7) and for the convenience of the Court, ROSS is including parallel LEXIS citations with pinpoint citations in the Table of Authorities and attaching copies of the unreported opinions from ROSS hereto as Exhibits 1-11.

insufficient to support any inference of ROSS's copying, either directly or indirectly.

These deficiencies lay bare that Plaintiffs' entire Complaint is predicated on two allegations: LegalEase accessed the functionalities and algorithms of Westlaw and ROSS created a competing product. Neither supports an inference of infringement. Because Plaintiffs fail to plead facts allowing for a comparison between any accused products and the asserted materials,[4] the Complaint does not state a plausible claim for relief. *See Dam Things from Denmark*, 290 F.3d at 561; *TexasLDPC Inc. v. Broadcom Inc.*, ROSS 13317071 (D. Del. Mar. 18, 2020) (Ex. 4) (dismissing copyright claim that fails to identify facts about the accused software that is purportedly infringing, making it "impossible to compare" any purported infringement).

Faced with these fundamental flaws, Plaintiffs wish to unlock the doors of discovery and hope they will find some evidence ROSS somehow infringed something. Plaintiffs' Complaint is devoid of facts notwithstanding having already conducted extensive discovery: two years, tens of thousands of documents, and hours of testimony from ROSS in the *LegalEase* matter. But a plaintiff's mere belief discovery will reveal facts supporting its claims cannot survive a motion to dismiss. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (plaintiff cannot accuse first and "conduct a fishing expedition" for facts later); *Levey v. Brownstone Inv. Grp., LLC*, ROSS 00180202 (D.N.J. June 26, 2013) (Ex. 5) (plaintiff cannot rely on discovery to reveal "facts he has not yet pleaded").[5]

---

[4] Plaintiffs' opposition does not overcome the Complaint's failure of identifying what purported materials are copyrightable. Plaintiffs' cited *Vianix LLC v. Nuance Commc'ns, Inc.* is inapposite. ROSS 00179016 (D. Del. July 20, 2010) (Ex. 6). There, plaintiff identified bodies of source code it alleged were infringed. *Id*. at *3. Here, Plaintiffs identify the "Westlaw," which includes unprotectable elements. Plaintiffs' strategy requires ROSS to divine from the "voluminous" database what material is protected. *Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*, ROSS 12766480 (N.D. Ill. May 22, 2019) (Ex. 7) (dismissing claim alleging copying of software without regard to unprotected elements, leaving defendant clueless as to scope of claim).

[5] Plaintiffs incorrectly assert ROSS did not address Plaintiffs' indirect infringement claim. ROSS

### B. Plaintiffs' Headnotes And Number System Are Not Protectable

The alleged headnotes and number system set forth in the Complaint are facially unprotectable. *See Tanksley v. Daniels*, 259 F. Supp. 3d 271, 290 (E.D. Pa. 2017) (copyright claim dismissed where asserted material "are not protectable elements of Plaintiff's copyright, and cannot be the basis of the infringement claim"). Plaintiffs do not dispute the cited headnotes contain verbatim recitations of rules of law taken directly from judicial opinions. Instead, Plaintiffs argue the copyright registrations disclaim copyright protection over works created by the U.S. government. D.I. 12, at 7, n.3. But in the same breath, Plaintiffs allege their copyrighted materials include headnotes, regardless of whether a headnote contains verbatim quotes or rules of law from judicial opinions. *Compare Id*. at 8 ("Westlaw Content [ ] are created by private parties, which are [copyrightable] (including any 'headnotes'")) *with Id*. at 9 (acknowledging *Harper & Row headnotes* contain quotes from the decision); *see also* D.I. 1, ¶ 14 ("West Headnotes [ ] describe the key concepts discussed in the case"). In other words, Plaintiffs are claiming ownership of judicial opinions by recasting law as a "headnote." Simply copying and pasting a rule of law and slapping a headnote moniker on it does not somehow transform that government edict into a protectable element. Such a rule would permit Plaintiffs to monopolize the conceptual, public domain "contours" of legal rules and opinions.

Similarly, despite extensive discussion regarding the number system, Plaintiffs' opposition ignores that the *only* arrangement of number system elements listed in the Complaint is an alphabetical list with corresponding incremental numbers. D.I. 1, ¶ 12. Discovery is not needed to conclude that, facially, an alphabetical list of legal concepts and corresponding

---

extensively discussed there are no facts plausibly supporting copying by ROSS, directly or indirectly through LegalEase, and any indirect infringement allegation was made "upon information and belief." *See* D.I. 12, at 2, 7, 19, 20. This fundamental failure requires dismissal because "[t]here can be no indirect infringement without direct infringement." *Purohit v. Legend Pictures, LLC*, ROSS 13329360 (D. Del. Mar. 24, 2020) (Ex. 8) (internal citations omitted).

incremental numbers is not creative. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 363 (1991) (information "arranged alphabetically" lacked requisite creativity).

### III. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM SHOULD BE DISMISSED

#### A. Plaintiffs Fail To Allege That ROSS Directed, Controlled Or Induced LegalEase To Breach Any Contract

Plaintiffs point to no pleaded facts that ROSS directed, controlled, or induced LegalEase to breach any contract with Westlaw – only that "upon information and belief" ROSS was aware of a contract and thereafter hired LegalEase. Instead, their opposition confirms the obvious: the tortious interference claim is without any factual basis and simply regurgitates the elements of the claim. *See* D.I. 15, at 15 (citing D.I. 1 ¶¶ 3, 28-29, 51-52). For this reason alone, the claim fails, regardless of choice of law. *Twombly*, 550 U.S. at 555; *see also Gamble v. Citizen Bank*, ROSS 12713902 (D. Del. Mar. 21, 2019) (Stark, J.) (Ex. 9) (the Court should "take note" of the elements of the claim, discard conclusory allegations, and evaluate what remains).

#### B. California Retains Its Most Significant Relationship To The Claim.

Plaintiffs' argument that Minnesota law applies to this claim is specious. Minnesota is listed only once in the complaint and only when referencing the domicile of Plaintiff West Publishing Corporation. Plaintiffs do not allege that ROSS has any presence in Minnesota, that ROSS communicated with LegalEase in Minnesota, that the contract between LegalEase and West was executed in Minnesota, [6] that any contract between LegalEase and ROSS was executed in Minnesota, that LegalEase's purportedly breaching conduct occurred in Minnesota, or any other facts that might compel applying Minnesota law.

Plaintiffs distract from these critical deficiencies by citing the inapposite *Eureka Res.,*

---

[6] Plaintiffs attempt to attach a contract should be disregarded when determining the sufficiency of the complaint. *Com. of Pa. ex rel. Zimmerman v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Further, it is irrelevant as it is not executed and does not involve LegalEase.

*LLC v. Range Res.Appalachia, LLC,* 62 A.3d 1233 (Del. Super. 2012). There, defendants were in a parent-subsidiary relationship. *Id.* at 1234. Plaintiff alleged the parent interfered with its subsidiary's contract with plaintiff requiring physical performance (wastewater treatment) in a particular state. *Id.* Plaintiffs here offer nothing remotely similar: the only defendant, ROSS, and third-party LegalEase are unrelated; there are no allegations any contract required physical performance in Minnesota (or elsewhere). The Complaint does not reference, mention, or even suggest Minnesota. Beyond an inapposite case, Plaintiffs' opposition does nothing to upend the conclusion that California law governs.

**First**, Plaintiffs fault ROSS for not analyzing Minnesota as "the place where the injury occurred." This is odd. Plaintiffs reference Minnesota as West's domicile, but then list Switzerland as Thomson Reuters' domicile. Under Plaintiffs' theory, Switzerland could have been "the place where the injury occurred." But, as Plaintiffs' own cited case confirms, where the injury could have occurred in multiple jurisdictions, "particular weight" should be placed on the place causing the alleged injury: California. *Ubiquitel Inc. v. Sprint Corp.*, 2005 Del. Ch. LEXIS 198, at *14 (Ch. Dec. 14, 2005). Plaintiffs' subjective belief otherwise is irrelevant.

**Second**, Plaintiffs ask this Court to give minimal weight to the "place where the conduct causing the injury occurred" because the injury occurred "in only one state." D.I. 15, at 17. Tellingly, Plaintiffs do not identify that "one state." Instead, Plaintiffs chastise ROSS for arguing for California because "there is nothing in the Complaint to support that conclusion." *Id*. Plaintiffs then mention Michigan in passing because LegalEase is incorporated there. But "there is nothing in the Complaint to support [Michigan]." *Id.* Nor do they present any facts supporting Plaintiffs' wild and unalleged theory "it is equally possible [ ] ROSS and LegalEase hatched their plan in [Michigan]." Adding a new fact to the opposition is designed to avoid California's

9

statute of limitations. *M2M Sols., LLC v. Telit Communs. PLC*, ROSS 00180303 (D. Del. Aug. 5, 2015) (Ex. 10) (disregarding new facts added in an opposition).[7] Courts apply the law of the purported tortfeasors' location, which the Complaint alleges is California. *See* D.I. 12, at 18-19.

### C.  A Statute Of Limitations Defense Is Established Under California Law.

Plaintiffs' brief is loudest where it is silent: despite a statute of limitations argument, Plaintiffs do not identify when it discovered ROSS allegedly tortiously interfered with the LegalEase contract.[8] Plaintiffs' attempt to hide behind California's discovery rule is unavailing. That rule requires Plaintiffs to specifically plead "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable due diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).[9] Plaintiffs do not allege either.

Plaintiffs terminated the contract on January 4, 2018. From then, Plaintiffs sued LegalEase, subpoenaed tens of thousands of documents from ROSS, and deposed ROSS witnesses. For whatever reason, Plaintiffs chose not to add ROSS to the LegalEase case, or sue ROSS until now. Instead, Plaintiffs put their tortious interference claim to bed. The Court should not permit them to awaken it. *Abselet v. Hudson Labor Sols., Inc.*, ROSS 13258625 (9th Cir. Feb. 4, 2020) (Ex. 11) (accrual date cannot be later "than actual breach of the contract").

### IV.  CONCLUSION

For the foregoing reasons, ROSS respectfully requests that the Court dismiss Counts I-II of the Complaint under Rule 12(b)(6).

---

[7] Plaintiffs argue this Court should ignore its decision in *CAE Inc. v. Gulfstream Aerospace Corp.* because *CAE* involved tortious interference with prospective business relations rather than contract. 203 F. Supp. 3d 447 (D. Del. 2016); D.I. 15, at 17, n.17. But the torts are related as courts have recognized. *See Gill v. Del. Park, LLC*, 294 F. Supp. 2d 638, 645 (D. Del. 2003).
[8] While Plaintiffs argue "the Complaint merely states that LegalEase gave an interview in July 2017, not that Plaintiffs were aware of it," (D.I. 15, at 19, n. 21), Plaintiffs do not dispute that they were on actual or constructive notice of ROSS's identity by July 2017.
[9] Plaintiffs' cited case, D.I. 15, at 20, is inapposite as it is in Arizona and applies Arizona law.

|  |  |
|---|---|
|  | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP |
| OF COUNSEL:<br><br>Gabriel M. Ramsey<br>Kayvan M. Ghaffari<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Tel:  (415) 986-2800<br><br>Mark A. Klapow<br>Joshua M. Rychlinski<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Tel:  (202) 624-2500<br><br>Dated:  August 20, 2020<br>6846101/ 50241 | By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Stephanie E. O'Byrne (#4446)<br>Tracey E. Timlin (#6469)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Tel:  (302) 984-6000<br>dmoore@potteranderson.com<br>sobyrne@potteranderson.com<br>ttimlin@potteranderson.com<br><br>*Attorneys for Defendant ROSS Intelligence, Inc.* |

11