**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) |
| | ) C.A. No. 20-613-LPS |
| Plaintiffs, | ) **JURY TRIAL DEMANDED** |
| | ) |
| v. | ) |
| | ) |
| ROSS INTELLIGENCE INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S
PARTIAL ANSWER AND DEFENSES IN RESPONSE TO PLAINTIFFS
COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant ROSS Intelligence Inc. ("ROSS") hereby partially responds to the Complaint filed by Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs"). Specifically, ROSS responds to Plaintiffs' second claim for tortious interference with contract. Plaintiffs' first claim for copyright infringement, and any allegation purporting to assert copyright protection over any content, is subject to ROSS's pending motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b).[1]

**ANSWER**

**NATURE OF THE ACTION**[2]

1.      ROSS denies it illicitly and surreptitiously used a then-Westlaw licensee to acquire

---

[1] Filed concurrently with this partial answer is ROSS's notice of withdrawal of its motion to dismiss Plaintiffs' tortious interference with contract claim. ROSS does not withdraw its motion to dismiss Plaintiffs' copyright infringement claim.
[2] The section headings in this Answer are provided solely for ease of reference, tracking those used in the Complaint, and do not constitute any part of ROSS's response to the allegations in the Complaint or any form of admission as to the truth of those allegations.

access to and copy Plaintiff's content, and that it is attempting to create a business or competing product by taking for itself any features of Westlaw or "Westlaw Content," as defined and alleged by Plaintiffs.  ROSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

2.     ROSS denies the allegations in paragraph 2.

3.     ROSS admits West denied ROSS's direct access to Westlaw.  Except as expressly admitted, ROSS denies the allegations in Paragraph 3.

4.     ROSS denies the allegations in paragraph 4.

5.     ROSS denies the allegations in paragraph 5.

## PARTIES

6.     Paragraph 6 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS admits the allegations in paragraph 6.

7.     Paragraph 7 states a legal conclusion as to whether there is any copyrightable creation or authorship in any "Westlaw Content," which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS admits the allegations in paragraph 7.

8.     ROSS admits the allegations in paragraph 8.

## JURISDICTION AND VENUE

9.     ROSS admits that the Complaint purports to assert claims arising under the copyright laws of the United States, specially, 17 U.S.C. § 101 *et. seq.*  ROSS denies that this action arises under Delaware law.  ROSS admits that the Complaint purports that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

10.     ROSS admits that the Complaint purports that venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(a).

<u>**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**</u>

I.     **Plaintiffs and the Creativity of Westlaw**

11.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

13.     ROSS admits that the "Abandoned and Lost Property" topic contains the Key Numbers "Nature and elements," "evidence and questions for jury," and "operation and effect." ROSS admits that within the "Nature and elements" Key Number are Key Numbers assigned to the legal issues and points of law "In general," "Intent," and "Acts and omissions" topics. ROSS admits that the "In general" Key Number is delineated 1k1.1, and currently contains 603 cases. Except as expressly admitted, ROSS denies the allegations in Paragraph 13.

14.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

15.     ROSS admits Westlaw contains case law, state and federal statutes, state and federal regulations, law journals, and treatises.  ROSS admits that West Headnotes describe key concepts of a case.  ROSS admits that the Plaintiffs provide an example of West Headnotes and West Key Numbers from the *Harper & Row* case.  ROSS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

16.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

3

17.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

18.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

19.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## II.     Plaintiffs' Valuable Intellectual Property Rights in Westlaw

20.     Paragraph 20 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

21.     Paragraph 21 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS denies the allegations in paragraph 21.

22.     Paragraph 22 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

23.     Paragraph 23 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time. Otherwise, ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## III.     ROSS Intelligence and Its Infringement of Westlaw

24.     ROSS admits it was founded in 2015 and is engaged in the business providing judicial opinions to the public through legal research services.

25.     ROSS admits it began by offering research services in bankruptcy and intellectual property law and currently offers research services on case law, statutes, and regulations across all practice areas and all 50 states.

26.     ROSS admits that ROSS's users are able to search for relevant law by posing a question in natural language, as opposed to Boolean terms or key words.  ROSS admits that Paragraph 26 reflects results of a natural language search on ROSS.

27.     ROSS denies the allegations in paragraph 27.

28.     ROSS admits it acquired judicial opinions to develop a legal research platform. Except as expressly admitted, ROSS denies the allegations in Paragraph 28.

29.     ROSS admits it contracted with LegalEase, a legal research and writing support services company.  Except as expressly admitted, ROSS denies the allegations in Paragraph 29.

30.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

31.     Paragraph 31 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32.     Paragraph 32 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

33.     Paragraph 33 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no

response is appropriate at this time.  Paragraph 33 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  ROSS admits LegalEase provided ROSS with excerpts from judicial opinions.  Except as expressly admitted, ROSS denies the allegations in Paragraph 33.

34.     Paragraph 34 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 34 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  ROSS admits it has been working with LegalEase since October 2015.  Except as expressly admitted, ROSS denies the allegations in Paragraph 34.

35.     Paragraph 35 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 35 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 35 states a legal conclusion to the extent it states, characterizes, or refers to ROSS "copied" any purported copyrighted material, to which no response is required.  Otherwise, ROSS denies the allegations in Paragraph 35.

36.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

37.     Paragraph 37 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 37 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS denies the allegations in Paragraph 37.

38.     Paragraph 38 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 38 states a legal conclusion as to whether any content is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Otherwise, ROSS denies the allegations in paragraph 38.

39.     Paragraph 39 states a legal conclusion to the extent it states, characterizes, or refers to any action as infringing, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.  Paragraph 39 states a legal conclusion as to whether any "Westlaw Content" is subject to copyright protection, which is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time. Otherwise, ROSS denies the allegations in Paragraph 39.

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement (17 U.S.C. *et seq.*)

40.     ROSS incorporates by reference its responses to each and every allegation above as if fully set forth herein.

41.     Paragraph 41 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

42.     Paragraph 42 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

43.     Paragraph 43 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

44.     Paragraph 44 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

45.     Paragraph 45 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

46.     Paragraph 46 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

47.     Paragraph 47 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

48.     Paragraph 48 is subject to ROSS's motion to dismiss, and therefore no response is appropriate at this time.

**COUNT II**
**Tortious Interference with Contract**

49.     ROSS incorporates by reference its responses to each and every allegation above as if fully set forth herein.

50.     ROSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

51.     ROSS denies the allegations in paragraph 51.

52.     ROSS admits Plaintiffs denied ROSS direct access to Westlaw.  Except as expressly admitted, ROSS denies the allegations in Paragraph 52.

53.     ROSS denies the allegations in paragraph 53.

### PRAYER FOR RELIEF

ROSS denies that Plaintiffs are entitled to any relief whatsoever, specifically including the relief specified in its Prayer for Relief.

### JURY DEMAND

ROSS admits that Plaintiffs have demanded a jury trial on all issues triable to a jury.

### DEFENSES

ROSS sets forth its defenses below, and in doing so, ROSS does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof and/or persuasion as to any matters to which Plaintiffs bear such a burden. ROSS reserves its right to amend its Answer to assert other defenses as they may become known.

### FIRST DEFENSE
### (Failure to State a Claim for Tortious Interference with Contract)

Plaintiffs' tortious interference with contract claim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Double Recovery)

Recovery on any alleged tortious interference by ROSS with the contract between LegalEase and Plaintiffs is barred due to the double recovery. Plaintiffs would receive, having already sued and entered in a consent judgment with LegalEase for LegalEase's alleged breach of its contract with Plaintiffs.

### THIRD DEFENSE
### (Statute of Limitations)

Plaintiffs' tortious interference with contract claim is barred under California's two-year statute of limitations.

### FOURTH DEFENSE
### (Good Faith)

ROSS's actions were taken in good faith, in reliance upon information provided by LegalEase's representatives, agents, and/or employees, and with a reasonable belief that such actions were legal, appropriate and necessary.  The conduct alleged to be in violation of a statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite ROSS's reasonable and appropriate efforts to avoid any such violation.

### FIFTH DEFENSE
### (Equitable Doctrines)

Plaintiffs' tortious interference with contract claim is barred, in whole or in part, by equity and the doctrines of consent, waiver, laches, and estoppel.

### SIXTH DEFENSE
### (Tort of Another)

Without admitting any liability and without admitting that Plaintiffs have suffered any loss or damage whatsoever, Plaintiffs tortious interference with contract claim is barred, in whole or in part, by the intervening tort of a third-party, for which ROSS is not liable.

### SEVENTH DEFENSE
### (Equitable Doctrines)

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate and irreparable, and Plaintiffs have an adequate remedy at law.

## DEFENDANT ROSS INTELLIGENCE INC.'S COUNTERCLAIMS

Counterclaimant ROSS Intelligence Inc. ("ROSS") asserts the following counterclaims against Counterdefendant Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and Counterdefendant West Publishing Corporation ("West") (collectively, "Counterdefendants").

## NATURE OF THE ACTION

1.      This is a civil action in which ROSS seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, preliminary and permanent injunctive relief, and other necessary and proper relief, enjoining Counterdefendants from acting in such a manner as to impede ROSS's publication of (a) judicial opinions or (b) any other state or federal laws, rules or regulations.

## THE PARTIES

2.      ROSS is a corporation organized under the laws of the State of Delaware, having a principal place of business at 650 California Street, San Francisco, California 94108.

3.      Based on, *inter alia*, the allegations in Counterdefendants' Complaint, Counterdefendant Thomson Reuters Enterprise Centre GmbH is a limited liability company having its principal place of business in Zug, Switzerland.

4.      Based on, *inter alia*, the allegations in Counterdefendants' Complaint, Counterdefendant West Publishing Corporation is a Minnesota corporation having its principal place of business at 610 Opperman Drive, Eagan, Minnesota 55123.

## JURISDICTION AND VENUE

5.      Based on, *inter alia*, the allegations in Counterdefendants' Complaint, there presently exists a justiciable controversy regarding the validity, copyrightability, and ownership of certain content purportedly owned by Counterdefendants ("Westlaw Content").

6.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) because ROSS's claims arise under the Copyright Act 17 U.S.C. § 101 *et set.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7.      Counterdefendants are subject to personal jurisdiction in this Court because they have submitted to jurisdiction of the Court by filing the present Complaint with the Court.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 at least because Counterdefendants have filed their complaint in this District.

9.      Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental subject-matter jurisdiction over ROSS's state-law claims because those claims are so related to the copyright claims herein that they form part of the same case or controversy.

<u>**GENERAL ALLEGATIONS**</u>

10.     ROSS is a modern legal research company that provides online access to searchable databases of public law, including federal and state statutes (all 50 states and the District of Columbia), regulations, and judicial decisions.  ROSS has developed a powerful natural language search engine based on artificial intelligence.  Its goals are simple: enable the public to find relevant legal texts based on the language used in those texts and, thereby, democratize legal research.  ROSS recognizes that public policy demands public participation in the legal system.

11.     ROSS built its search engine exclusively by obtaining raw judicial opinions—the actual text of judicial opinions that can be pulled from Westlaw, Lexis, Bloomberg, and/or PACER—from third parties.  ROSS developed a powerful AI engine that would pull natural language from the plain text of opinions.  Indeed, ROSS's training process was specifically designed to be incapable of digesting information that was added to the raw opinion, including for example notes on a decision or Headnotes. In other words, ROSS's AI training system was

specifically designed not to obtain, copy, or otherwise digest third-party information such as Headnotes.

12.      In order to train its AI search algorithm, ROSS contracted with LegalEase, a legal research company, to conduct discrete legal research.  ROSS directed LegalEase to provide researcher-chosen quotes of case law directly from raw judicial opinions in certain legal areas, based on questions from bankruptcy and intellectual property law.  ROSS used those researcher-chosen quotes of case law to answer specific legal questions to train the AI search algorithm.

13.      ROSS did not have knowledge which research software or service LegalEase would use and did not instruct LegalEase to use a specific service.  ROSS explicitly informed LegalEase it did not want any third-party information, beyond the LegalEase researcher-chosen quotes of case law from raw judicial opinions, even if such information was just a recitation of legal concepts or rules of law.  ROSS further instructed LegalEase not to breach any third-party contract in connection with ROSS's request for judicial opinions.

14.      ROSS separately purchased the raw judicial opinions in whole from third party publishers Casemaker and Fastcase, not LegalEase, who, as discussed, only provided discrete legal research.

15.      Counterdefendants are a competing for-profit, subscription legal research service that similarly offers searchable access to cases, statutes, and other primary law materials. Counterdefendants' Westlaw product is a large database of judicial opinions, statutes, and regulations.  Based on, *inter alia*, Counterdefendants' Complaint, Counterdefendants allege that certain content made available through its Westlaw product is copyrightable and afforded protection under the Copyright Act.

16.     Counterdefendants' purported "Westlaw Content," as described in Counterdefendants' Complaint, are not afforded copyright protection because, on information and belief, the "Westlaw Content" is not an original or expressive work of authorship and is a method of operation.

## COUNT I
### (Declaratory Judgment of No Valid Copyrights in the Westlaw Content)

17.     ROSS incorporates by reference each and every allegation contained in Paragraphs 1 through 16 above.

18.     In its Complaint, Counterdefendants allege, *inter alia*, that ROSS directly and indirectly infringes the "Westlaw Content" by reproducing and creative a creative work based on Counterdefendants content.

19.     It is well established in American law that judicial opinions and federal and state laws, including administrative rules and regulations, are not copyrightable, and must remain public as a matter of due process. *See Wheaton v. Peters*, 33 U.S. (8 Pet.) 591 (1834); *Banks v. Manchester*, 128 U.S. 244 (1888); *Davidson v. Wheelock*, 27 F. 61 (C.C.D. Minn. 1866) (holding publisher cannot copyright state statutes, even if state purports to give exclusive publishing rights); *Howell v. Miller*, 91 F. 129 (6th Cir. 1898) ("no one can obtain the exclusive right to publish the laws of a state") (Harlan, J., sitting by designation); *Nash v. Lathrop*, 142 Mass. 29, 6 N.E. 559 (Mass. 1886) ("Every citizen is presumed to know the law thus declared, and it needs no argument to show that justice requires that all should have free access to the opinions, and that it is against sound public policy to prevent this, or to suppress and keep from the earliest knowledge of the public the statutes or the decisions and opinions of the justices."). *See generally* L. Ray Patterson & Craig Joyce, Monopolizing the Law: The Scope of Copyright Protection for Law Reports and Statutory Compilations, 36 UCLA L. Rev. 719 (1989), and cases cited therein.

20.     Indeed, "[a]s a matter of longstanding public policy, the U.S. Copyright Office will not register a government edict that has been issued by any state, local, or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials." Compendium of U.S. Copyright Office Practices, Third Edition, Sec. 313.6(C)(2).

21.     ROSS is informed and believes, and on that basis alleges, that Counterdefendants have not contributed any original or creative authorship to the "Westlaw Content."  17 U.S.C. § 102(b); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).  The judicial opinions and federal and state laws, including administrative rules and regulations, are written by government officials.

22.     ROSS is informed and believes, and on that basis alleges, that Counterdefendants' system is a method of operation. *See* 17 U.S.C. § 102(b); *Baker v. Selden*, 101 U.S. 99, 103 (1879).

23.     In view of the foregoing, Counterdefendants have no legal rights, in copyright or contract, exclusive or otherwise, to restrict access to or publication of the judicial opinions, notes on decisions, headnotes, federal and state laws, including administrative rules and regulations.

24.     Thus, ROSS seeks declaratory judgment that Counterdefendants have no basis from which to prohibit ROSS from copyright, reproducing, or otherwise creating derivative works in the judicial opinions, notes on decisions, headnotes, federal and state laws, including administrative rules and regulations, in its subscription legal research service.

25.     Accordingly, and as evidenced by the Complaint demanding ROSS cease publication of certain content, an actual justiciable controversy exists as to the parties' respective rights in connection with judicial opinions, and with the laws, rules, and regulations of any other State or the Federal Government, as to which Counterdefendants now claim or might hereafter

claim any exclusive right, including the rights to use, license, publish, and distribute such laws, rules, and regulations.

26.     To resolve the uncertainty raised by the Counterdefendants, and to afford ROSS relief from the uncertainty and controversy that the Counterdefendants' assertions have precipitated, ROSS seeks a declaratory judgment that Counterdefendants have no protectable exclusive rights in the judicial opinions, notes on decisions, headnotes, federal and state laws, including administrative rules and regulations, in either contract or copyright.

<u>**COUNT II**</u>
<u>**(Declaratory Judgment of Non-Infringement)**</u>

27.     ROSS incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above.

28.     ROSS's use of LegalEase researcher-chosen quotes of case law directly from raw judicial opinions does not infringe any copyrights that Counterdefendants claim to have in any "Westlaw Content," including because the judicial opinions and direct excerpts thereof are not entitled to copyright protection under the Copyright Act (17 U.S.C. § 101 *et. seq*.), government edicts doctrine, and the First Amendment of the United States Constitution.

29.     There is no basis upon which Counterdefendants can allege copying of copyrighted material in the "Westlaw Content."

30.     As evidenced by the allegations in the Complaint and in these Counterclaims, there is now an actual, substantial, and continuing justiciable controversy between ROSS and Counterdefendants with respect to the alleged infringement of any valid copyrights in the Westlaw Content.

31.     To resolve the uncertainty raised by the Counterdefendants, and to afford ROSS relief from the uncertainty and controversy that the Counterdefendants' assertions have

precipitated, ROSS seeks a declaratory judgment that ROSS has not infringed upon any of the Counterdefendants alleged rights in the Westlaw Content.

**COUNT III**
**(Declaratory Judgment of No Tortious Interference with Contract)**

32.     ROSS incorporates by reference each and every allegation contained in Paragraphs 1 through 31 above.

33.     As evidenced by the allegations in the Complaint and in these Counterclaims, there is an actual and ongoing controversy between ROSS and Counterdefendants as to whether ROSS tortiously interfered with LegalEase's contract with Counterdefendants.

34.     Counterdefendants' claim requires a showing that LegalEase had a contract with Counterdefendants, that ROSS knew of the existence of this contract, that ROSS intentionally instructed LegalEase to breach the contract without justification, that Counterdefendants were harmed, and that ROSS's conduct was a substantial factor in Counterdefendants' harm.

35.     ROSS did not direct or in any way encourage LegalEase to breach any third-party contract, including without limitation LegalEase's contract with Counterdefendants.  ROSS further did not direct or control LegalEase conduct in connection with researching and obtaining raw judicial opinions.

36.     For these reasons, ROSS maintains that it did not tortiously interfere with any contract between LegalEase and Counterdefendants.

37.     To resolve the uncertainty raised by the Counterdefendants, and to afford ROSS relief from the uncertainty and controversy that the Counterdefendants' assertions have precipitated, ROSS seeks a declaratory judgement that ROSS did not tortiously interfere with Counterdefendants' contract with LegalEase.

17

## RELIEF REQUESTED

WHEREFORE, ROSS respectfully requests the following relief:

A.      The entry of judgment on the Complaint in favor of ROSS, and against Counterdefendants, with Counterdefendants not being awarded any relief of any kind;

B.      The entry of judgment declaring that Counterdefendants do not have valid copyrights in the "Westlaw Content";

C.      The entry of judgment declaring that ROSS has not infringed of Counterdefendants' copyrights;

D.      The entry of judgment declaring that ROSS did not tortiously interfere with LegalEase's contract with West; and

E.      Such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38.1, ROSS hereby respectfully requests a trial by jury on Plaintiffs' Complaint and on ROSS's Counterclaims for all issues so triable.

OF COUNSEL:

Gabriel M. Ramsey
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  December 13, 2020
6967319 / 50241

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Defendant ROSS Intelligence, Inc.*

19