IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
    )   C.A. No. 20-613 (LPS)
    Plaintiffs / Counter-Defendants, )
    )   **DEMAND FOR JURY TRIAL**
v. )
    )
ROSS INTELLIGENCE INC., )
    )
    Defendant / Counterclaimant. )

**PLAINTIFFS / COUNTER-DEFENDANTS' ANSWER TO DEFENDANT /
COUNTERCLAIMANT'S COUNTERCLAIMS**

Plaintiffs and Counter-Defendants Thomson Reuters Enterprise Centre GmbH

("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs")

hereby answer Defendant and Counterclaimant ROSS Intelligence Inc.'s ("ROSS")

counterclaims, filed December 13, 2020, (D.I. 21) ("Counterclaims") as follows:

## NATURE OF THE ACTION[1]

1.      State that the allegations set forth in Paragraph 1 of the Counterclaims are

conclusions of law as to which no responsive pleading is required, but to the extent any response

is required, deny the allegations set forth in Paragraph 1.

## THE PARTIES

2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 2 of the Counterclaims.

3.      Admit the allegations set forth in Paragraph 3 of the Counterclaims.

4.      Admit the allegations set forth in Paragraph 4 of the Counterclaims.

---

[1]   Headings are from ROSS's Counterclaims and are included for ease of reference.

## JURISDICTION AND VENUE

5.      State that the allegations set forth in Paragraph 5 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that Plaintiffs have asserted a copyright claim based on ROSS's copying of content owned by Plaintiffs and defined as "Westlaw Content."

6.      State that the allegations set forth in Paragraph 6 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that this Court has subject matter jurisdiction over ROSS's copyright-related claims.

7.      State that the allegations set forth in Paragraph 7 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that this Court has personal jurisdiction over Plaintiffs for the purposes of this action.

8.      State that the allegations set forth in Paragraph 8 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that venue in this District is proper for the purposes of this action.

9.      State that the allegations set forth in Paragraph 9 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that this Court presently has supplemental subject matter jurisdiction over ROSS's state law claim.

## GENERAL ALLEGATIONS

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Counterclaims, except state that, upon information and belief, ROSS's platform was created by copying Plaintiffs' content.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Counterclaims, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase Solutions, LLC ("LegalEase"), ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Counterclaims, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase, ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Counterclaims, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase, ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Counterclaims, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase, ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

15.     Admit that Plaintiffs competed with ROSS until the time that ROSS announced that it would voluntarily stop providing the ROSS platform; that Westlaw offers to West's subscribers access to a comprehensive collection of legal information, including cases, statutes,

regulations, and other primary law materials, among other things; and that Plaintiffs own copyrights in material made available on Westlaw.  Otherwise deny the allegations set forth in Paragraph 15 of the Counterclaims, deny knowledge or information as to ROSS's monetization model or the content made available to customers on ROSS's platform.

16.     State that the allegations set forth in Paragraph 16 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 16.

**COUNT I**
**(Declaratory Judgment of No Valid Copyrights in the Westlaw Content)**

17.     Repeat and reallege each and every response to the preceding paragraphs of the Counterclaims as if fully set forth herein.

18.     State that the allegations set forth in Paragraph 18 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 18, except admit that Plaintiffs allege that ROSS directly and indirectly infringed Westlaw by reproducing and creating derivative works based on the Westlaw Content.

19.     State that the allegations set forth in Paragraph 19 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 19, and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

20.     State that the allegations set forth in Paragraph 20 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 20, and state that the government edicts

doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

21.     State that the allegations set forth in Paragraph 21 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 21, and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

22.     State that the allegations set forth in Paragraph 22 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 22, and state that the expression of a method of operation is copyrightable.

23.     State that the allegations set forth in Paragraph 23 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 23.

24.     State that the allegations set forth in Paragraph 24 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 24.

25.     State that the allegations set forth in Paragraph 25 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 25, except admit that this Court has subject matter jurisdiction over ROSS's copyright-related claims.

26.     State that the allegations set forth in Paragraph 26 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 26.

### COUNT II
### (Declaratory Judgment of Non-Infringement)

27.     Repeat and reallege each and every response to the preceding paragraphs of the Counterclaims as if fully set forth herein.

28.     State that the allegations set forth in Paragraph 28 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 28, and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

29.     State that the allegations set forth in Paragraph 29 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 29.

30.     State that the allegations set forth in Paragraph 30 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 30, except admit that this Court has subject matter jurisdiction over ROSS's copyright-related claims.

31.     State that the allegations set forth in Paragraph 31 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 31.

## COUNT III
## (Declaratory Judgment of No Tortious Interference with Contract)

32.     Repeat and reallege each and every response to the preceding paragraphs of the Counterclaims as if fully set forth herein.

33.     State that the allegations set forth in Paragraph 33 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 33, except admit that this Court presently has supplemental subject matter jurisdiction over ROSS's state law claim.

34.     State that the allegations set forth in Paragraph 34 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 34, except admit that a cause of action for tortious interference with a contractual relationship requires: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Counterclaims, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase, ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

36.     State that the allegations set forth in Paragraph 36 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, admit that ROSS maintains that it did not tortiously interfere with West's contract.

37.     State that the allegations set forth in Paragraph 37 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, deny the allegations set forth in Paragraph 37.

### JURY DEMAND

Plaintiffs demand a trial by jury for all issues and claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Counter-Defendants Thomson Reuters and West respectfully request judgment against Defendant and Counterclaimant ROSS as follows:

A.     Deny ROSS all relief requested in its Counterclaims in this action and dismiss ROSS's Counterclaims with prejudice;

B.     Grant an award of Counterclaimants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

C.     Grant such other, further and different relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

*Attorneys for Plaintiffs and Counter Defendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

January 4, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 4, 2021, upon the following in the manner indicated:

David E. Moore, Esquire                                          *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
Tracey E. Timlin, Esquire
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant*

Joshua M. Rychlinski, Esquire                              *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant*

Gabriel M. Ramsey, Esquire                                  *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant*


                                                              */s/ Michael J. Flynn*
                                                              _____
                                                              Michael J. Flynn (#5333)