IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs, Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| - v - | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant, Counterclaimant. | ) | |

## SCHEDULING ORDER

This 3rd day of May, 2021, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2021, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

Plaintiffs-Counterdefendants Thomson Reuters Enterprise Centre GMBH and West Publishing Corporation ("Plaintiffs") and Defendant-Counterclaimant ROSS Intelligence, Inc. ("ROSS") have a desire to coordinate the entire matter, notwithstanding the parties' agreement that discovery on ROSS's antitrust and unfair competition counterclaims (Counterclaims VI–IX) should not commence at this time, unless otherwise discoverable on the proceeding affirmative defenses or counterclaims (Counterclaims I–V) or permitted by the Court;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of

Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, except for amendments under Fed. R. Civ. P. 15(a)(2), shall be filed on or before June 3, 2021.

3. <u>Infringement Contentions</u>. [**Defendant's Proposal**: Consistent with the Court's March 29, 2021 Order (D.I. 31), Plaintiffs will serve preliminary infringement contentions identifying the copyrighted material at issue and where each copyrighted material is found in the accused product by **June 25, 2021**.[1]] [**Plaintiffs' Proposal**: Plaintiffs do not believe that serving infringement contentions at this time is practical, because, as the Court noted, "[o]ne cannot tell from using ROSS's platform how it was created or what materials were copied," which is uniquely "in ROSS's possession." D.I. 31 (motion to dismiss decision), at 12. Rather, Plaintiffs believe it would be more efficient to proceed with regular discovery pursuant to Federal Rules of Civil Procedure 26–37. Subsequently, Defendant may serve an interrogatory—which Plaintiffs may supplement pursuant to Rule 26(e) as additional information becomes available—in keeping with the Court's March 29, 2021 Order. Until the parties get to discovery, however, Plaintiffs are not in a position to "refine" their allegations as to the "specific material that Plaintiffs

---

[1] **Defendant's Position:** Defendant's proposal is made pursuant to the Court's March 29, 2021 Order (D.I. 31 at n.4). Plaintiffs disagree with serving copyright infringement contentions, while their Rule 11 bases (whether based on the prior discovery obtained in *LegalEase* or otherwise) were the subject of Defendant's motion to dismiss. Defendant counter-proposed a contention interrogatory, either be considered a single interrogatory or separate from the Interrogatory limits specified herein, to cover this material, to no avail. (*See* ¶ 4(d), *infra*.) Defendant seeks to have basic questions concerning the purported infringement(s) as addressed in the Court's opinion addressed independently without depriving Defendant of the use of other interrogatories needed to conduct essential discovery.

contend" is subject to their copyright claim. D.I. 31, at 10 & n. 4. Should the parties find that ordinary discovery mechanisms are impractical, they will meet and confer as to a procedure by which ROSS identifies the material from Westlaw it used to build its platform, and Plaintiffs identify the material that they believe is subject to copyright protection.²/

    4.    <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed. The parties have agreed that at this time, discovery shall proceed on Plaintiffs' copyright infringement and tortious interference claims (Counts I–II) and Defendant's related affirmative defenses and counterclaims (Counterclaims I–

---

² **Plaintiffs' Position:** Plaintiffs' counsel is not familiar with any court using patent-style infringement contentions in a copyright case, nor does ROSS identify one. By contrast, using interrogatories and requests for production, the parties can make the disclosures required to explain what material ROSS copied and the nature of Plaintiffs' copyright claims. To the extent that during fact discovery the parties believe that a different mechanism is warranted to elicit this information, Plaintiffs are willing to discuss with ROSS the possibility of both parties serving contentions outside of the normal contention interrogatory process. Moreover, although ROSS references the *LegalEase* litigation, when this Court asked whether Plaintiffs could "use whatever they seem to learned in the action against LegalEase," ROSS indicated that it was "not going to concede to that, no." 10/30/2020 Hrg. Tr.'g 68:8–14. Thus, although Plaintiffs intend to seek that information in discovery in this case, ROSS has not acceded to such use in an early infringement contention. And, in any case that discovery necessarily only involved information concerning LegalEase's actions, not what ROSS did with the material once it was received, reemphasizing that discovery from ROSS in this case is necessary.

With regard to ROSS's proposal to serve contention interrogatories beyond the interrogatory limit, *see infra* ¶ 4(d), ROSS made this proposal for the first time at 4:40 p.m. today in response to Plaintiffs' arguments that ROSS's prior proposal of an unlimited number of contention interrogatories was unworkable. ROSS's last-minute proposal, however, appears to be that Plaintiffs would both serve infringement contentions *and* answer contention interrogatories above the ordinary limits. This makes no sense. It is unclear how ROSS's proposed contention interrogatories differ from ordinary interrogatories, and it has not explained why it needs more interrogatories beyond the ordinary discovery limit for contention interrogatories. Plaintiffs repeatedly have asked ROSS what its proposed interrogatories would be so that they consider its proposal, but ROSS has not done so, or indicated how it would differ from the kind of contention interrogatory that is common in litigation in this District. Thus, it is not clear to Plaintiffs what the infringement contention contemplated by Defendant could accomplish that an interrogatory could not.

3

V) only.  Because Plaintiffs have moved to dismiss Defendant's antitrust and unfair competition counterclaims (D.I. 27), discovery shall not commence with regard to those counterclaims at this time (Counterclaims VI–IX), unless otherwise discoverable on the proceeding affirmative defenses or counterclaims (Counterclaims I–V) or permitted by the Court.  The parties have proposed a schedule contemplating the current scope of discovery. In the interest of efficiency, however, the parties have agreed on alternative dates and discovery limits as specified herein, which will become operative if Plaintiffs' motion to dismiss is denied.[3]

    a.    Discovery Cut Off. [~~Plaintiffs' Proposal: All fact discovery shall be completed on or before **October 21, 2021**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **May 11, 2022**.~~] [**Defendant's Proposal**: All fact discovery shall be completed on or before **January 21, 2022**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **August 11, 2022**.][4]  *[handwritten:] All aspects of the schedule will be subject to reevaluation after the Court resolves the pending motion to dismiss.*

---

[3] **Plaintiffs' Position:** Given that the parties have agreed not to pursue discovery on Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX) until Plaintiffs' motion to dismiss is decided, Plaintiffs' believe the most efficient approach is to adopt the deadlines set forth below without the springing schedule that would become operative if Plaintiffs' motion to dismiss were denied.  If Plaintiffs' motion to dismiss is denied, the parties can meet and confer to discuss what a schedule on the antitrust and unfair competition counterclaims would look like.  This would be particularly helpful in the event that Plaintiffs' motion to dismiss is denied in part, thus narrowing the scope of Defendant's counterclaims.  Nevertheless, in the interest of compromise, Plaintiffs' have provided their proposal for a springing schedule, as set forth below.

[4] **Plaintiffs' Position:** Plaintiffs believe that the Court should enter an order addressing solely the case schedule with regard to the claims about which the parties will be engaged in discovery, and then reevaluate the schedule should the motion to dismiss be denied in whole or in part.  In an effort to reach a compromise, however, both parties have offered a springing schedule should the Court find that procedure sensible.

    b.    Document Production. [**Plaintiffs' Proposal**: Document production shall be substantially completed by **August 19, 2021**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **February 18, 2022**.] [**Defendant's Proposal**: Document production shall be substantially completed by **December 17, 2021**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **June 10, 2021**.]

    c.    Requests for Admission. A maximum of 500 requests for admission are permitted for each side, except for requests regarding authentication or unless otherwise permitted by the Court.

    d.    Interrogatories.

        i.    [**Plaintiffs' Proposal**: A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.] [**Defendant's Proposal**: A maximum of 25 interrogatories are permitted for each side, unless otherwise permitted by the Court. Defendant may serve one or more, but no more than five, copyright infringement contention interrogatories that do not count towards this limit. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this number shall automatically be increased to 50 interrogatories.][5]

---

[5] **Plaintiffs' Position**: An hour before the parties submitted this joint report, ROSS changed its request from asking this Court to permit it to have an unlimited number of interrogatories for infringement contentions to the proposal above. As discussed above, ROSS has not explained why it needs so many interrogatories and, thus, that suggestion should be rejected. *See supra* 2 n.1

**Defendant's Position**: On April 19, 2021, Defendant twice proposed that the parties confer telephonically to discuss any recent changes to Plaintiffs' or Defendant's positions. Plaintiffs did not respond to Defendant's request.

5

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of an alternative agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. [~~**Plaintiffs' Proposal**~~: Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this limit shall automatically be increased to a total of 140 hours. These limits shall not apply to expert depositions; provided, however, that the parties may conduct only one deposition of each expert.[6]] [**Defendant's Proposal**: ~~Each side is limited to a total of 140 hours of taking party testimony by deposition upon oral examination, unless otherwise permitted by the Court. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this limit shall automatically be increased to a total of 210 hours, unless otherwise permitted by the Court. These limits shall not apply to expert and third-party depositions.[7]~~]

---

[6] **Plaintiffs' Position**: Limiting deposition discovery to 70 hours (*i.e.*, 10 depositions) is the normal rule under the Federal Rules and is appropriate. Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiffs believe Defendant's request for double that amount for the copyright infringement and tortious interference claims (Counts I–II) alone is excessive and unnecessary. Defendant's proposal to triple the usual depositions limits in the event that Plaintiffs' motion to dismiss Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX) is denied, is grossly excessive.

**Defendant's Position**: Plaintiffs' recitation of Federal Rules of Civil Procedure 30(a)(2)(A)(i), while accurate, presupposes there are no counterclaims in the matter. Plaintiffs ignore that they did not move to dismiss ROSS's Counterclaims I-V and agreed discovery shall proceed on those counterclaims.

[7] **Defendant's Position**: Defendant agreed to pause discovery on Defendant's Counterclaims VI-IX. Defendant did not agree to pause discovery on the copyright misuse counterclaim

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. [**Plaintiffs' Proposal**: For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert

---

(Counterclaim IV). Defendant proposes that questions concerning the scope of discovery should be addressed in the context of discovery requests or at the Rule 16 conference.

**Plaintiffs' Position:** ROSS apparently intends to rely on its affirmative defense and counterclaim of copyright misuse as a vehicle to seek similar discovery for its antitrust counterclaim. *First*, Defendant should not be able to use its copyright misuse affirmative defense to circumvent the parties' agreement that discovery should not commence with regard to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX) until Plaintiffs' motion to dismiss those counterclaims is decided. D.I. 34. *Second*, copyright misuse does not have the same scope as an antitrust claim. *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 342 F.3d 191, 205 (3d Cir. 2003) ("[I]t is possible that a copyright holder could leverage its copyright to restrain the creative expression of another without engaging in anti-competitive behavior"; affirming district court's finding that counterclaim defendant was unlikely to succeed on copyright misuse defense), *as amended* (Sept. 19, 2003); *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 429 (D.N.J. 2005) ("While Defendants have alleged that Plaintiffs engaged in conduct that violates the antitrust laws, the law is clear that copyright misuse is not a general proscription against any conduct that constitutes antitrust or otherwise is anticompetitive. . . To state such a claim, the counterclaimant 'must establish a nexus between . . . alleged anticompetitive actions and [the counterdefendant's] power over copyrighted material"; dismissing copyright misuse affirmative defense where "Defendants [did] not allege any true 'nexus' between Plaintiffs' 'power over copyrighted materials' and the allegedly anti-competitive conduct at issue"). Thus, Plaintiffs do not believe that the same scope of discovery that would be available to Defendant on its antitrust counterclaims—should those claims survive Plaintiffs' motion to dismiss—is available with regard to its copyright misuse affirmative defense. Nevertheless, Plaintiffs assume the parties can evaluate the scope of discovery ROSS requests during the discovery process, to which it appears ROSS agrees.

7

testimony is due on or before **November 18, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **December 16, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **January 20, 2022**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then these dates shall automatically be extended to **June 11, 2022**, **July 11, 2022**, and **July 28, 2022**, respectively. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.] [**Defendant's Proposal**: For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 18, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 16, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **April 20, 2022**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then these dates shall automatically be extended to **September 9, 2022**, **October 7, 2022**, and **November 11, 2022**, respectively. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.]

        ii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      iii.    <u>Expert Discovery Cut-Off</u>: [**Plaintiffs' Proposal**: All expert discovery in this case shall be initiated so that it will be completed on or before **February 17, 2022**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **August 28, 2022**.] [**Defendant's Proposal**: All expert discovery in this case shall be initiated so that it will be completed on or before **May 20, 2022**. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this date shall automatically be extended to **December 9, 2022**.]

    g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

      i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.    Should counsel find, after good faith efforts — including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute — that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
> _____

9

                Delaware Counsel: _____

                Lead Counsel: _____

                The disputes requiring judicial attention are listed below:

                [provide here a non-argumentative list of disputes requiring judicial attention]

        iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    5.    <u>Motions to Amend</u>.

        a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

      b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6.    <u>Motions to Strike</u>.

      a.     Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

7.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

8. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

9. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

10. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

11. <u>Interim Status Report</u>. On **November 12, 2021**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

12. <u>Case Dispositive Motions</u>. [**Plaintiffs' Proposal**: All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or

12

before **March 17, 2022** [a date approximately four months prior to the pretrial conference]. Any response to a case dispositive motion shall be served and filed on or before **April 14, 2022.** The moving party may file a reply on or before **May 12, 2022.** If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then these dates shall automatically be extended to **September 18, 2022**, **October 18, 2022**, and **November 18, 2022**, respectively. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above dates without leave of the Court.] [**Defendant's Proposal**: All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 10, 2022** [a date approximately four months prior to the pretrial conference]. Any response to a case dispositive motion shall be served and filed on or before **July 11, 2022.** The moving party may file a reply on or before **August 10, 2022.** If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then these dates shall automatically be extended to **January 13, 2023**, **February 13, 2023**, and **March 13, 2023**, respectively. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above dates without leave of the Court.]

13. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. Pretrial Conference. [**Plaintiffs' Proposal**: On **July ___, 2022** the Court will hold a pretrial conference in Court with counsel beginning at _____.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of

Final Pretrial Order which accompanies this Scheduling Order on or before **July___, 2022** [seven days before the Pretrial Conference]. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then the pretrial conference shall be automatically extended to **January___, 2023** at _____.m. with the joint proposed final pretrial order due by **January___, 2023** [seven days before the Pretrial Conference]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.] [**Defendant's Proposal:** On **October___, 2022** the Court will hold a pretrial conference in Court with counsel beginning at _____.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **October ___, 2022** [seven days before the Pretrial Conference]. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then the pretrial conference shall be automatically extended to **May___, 2023** at _____.m. with the joint proposed final pretrial order due by **May___, 2023** [seven days before the Pretrial Conference]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.]

*[handwritten margin note: TBD]*

15. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

17. <u>Trial.</u> **[Plaintiffs' Proposal:** This matter is scheduled for a **five (5) day** jury trial beginning at 9:30 a.m. on **August___, 2022**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this matter will be scheduled for a **ten (10) day** jury trial

15

beginning on **February      , 2023**.] **[Defendant's Proposal:** This matter is scheduled for a **seven (7) day** jury trial beginning at 9:30 a.m. on **November      , 2022**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. If Plaintiffs' motion to dismiss Defendant's Counterclaims (Counterclaims VI–IX) is denied, then this matter will be scheduled for a **twelve (12) day** jury trial beginning on **June      , 2023**.]

(TBD)

_____
UNITED STATES DISTRICT JUDGE