

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Stephanie E. O'Byrne
Counsel
Attorney at Law
sobyrne@potteranderson.com
302 984-6067 Direct Phone
302 658-1192 Firm Fax

September 1, 2021

**VIA CM/ECF**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

    Re:    *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
             C.A. 20-613-LPS

Dear Judge Stark:

    Plaintiffs wish to designate Carolyn Blankenship as in-house counsel under Paragraph 7.3(b) of the Protective Order, which would allow Ms. Blankenship access to ROSS's highly confidential documents and information. D.I. 48 (Protective Order). ROSS Intelligence Inc. ("ROSS") opposes this designation.

    Ms. Blankenship is the General Counsel for Innovation and Technology at Thomson Reuters, overseeing and developing strategy for artificial intelligence and machine learning.[1] She provides strategic advice to the company on artificial intelligence/machine learning and is responsible, in part, for developing Thomson Reuters' strategy on artificial intelligence and other forms of technology, including supporting the business's M&A activities.[2]

    ROSS opposes the designation of Ms. Blankenship because she is involved in competitive decisionmaking in the same business as ROSS. ROSS is a competitor of Plaintiffs. ROSS created a legal search engine that is intended to compete against Plaintiffs' products. D.I. 1 ¶ 3; *see also generally* D.I. 24. The search engine at issue in Plaintiffs' Complaint is an artificial intelligence, machine learning legal search tool.[3] The discovery requested by Plaintiffs will reveal, among other things, a competitor's legal research engine, ROSS's strategies for designing it, testing it, implementing it and the method of implementation – i.e., the recipe for the engine.

    The parties made a reasonable effort to resolve the disputes, including oral communications involving Delaware counsel for both parties.

### I.    Ms. Blankenship Should Not Be Designated.

---

[1] Exhibit A, Carolyn Blankenship's LinkedIn Profile; *see also* Exhibit B, Email Thread re Carolyn Blankenship Designation (July 13, 2021 J. Simmons Email).
[2] *See* Exhibit A.
[3] Plaintiffs allege that ROSS infringed on Plaintiffs' copyright and tortiously interfered with one of their subscriber's contract to create this competing product. *See generally* D.I. 1.

The Honorable Leonard P. Stark
September 1, 2021
Page 2

Plaintiffs claim it is appropriate to designate Ms. Blankenship for the following reasons: Ms. Blankenship is a legal advisor. Plaintiffs claim that she is not a competitive decisionmaker, although Plaintiffs admit that her role involves interacting and participating with and actively advising those who make competitive, business decisions. Finally, Plaintiffs note that Ms. Blankenship has already seen ROSS's documents.[4] These responses do not justify the designation of Ms. Blankenship.

*First*, the fact that Ms. Blankenship is not a competitive decisionmaker is irrelevant. Pursuant to the Protective Order, it is enough that she is "*involved, or may become involved*, in *any* competitive business decision-making." Paragraph 7.5(b) (emphasis added). Plaintiffs have not disputed that Ms. Blankenship has at least this level of involvement in the process.[5]

*Second*, an in-house counsel's *involvement* in competitive decisionmaking is a proper basis for refusing their designation under a protective order. Such a result cannot be avoided simply by claiming that the in-house counsel provides "legal advice." *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, 2017 WL 4138961, at *3, 5 (D. Del. Sept. 8, 2017) (Stark, J.). Thus, in *PhishMe, Inc.*, this Court rejected a plaintiff's attempt to designate in-house counsel pursuant to a protective order precisely because of in-house counsel's involvement in competitive decisionmaking. *Id.* at *3; *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-72 (9th Cir. 1992); *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000). The same result should follow here, as Ms. Blankenship will not be able to separate her knowledge of ROSS's artificial intelligence/machine learning technology from her responsibilities in contributing to decisions relating to Plaintiffs' artificial intelligence/machine learning technology and interests.

*Third*, ROSS produced documents pursuant to a subpoena in a case brought by one of the Plaintiffs entitled *West Publishing Co. v. LegalEase Solutions, LLC*, Case No. 18-cv-01445 (DSD/ECW) (D. Minn.). Whether Ms. Blankenship reviewed those documents is no reason to designate her in this matter. Even so, ROSS is producing categorically different documents in this matter. For example, Plaintiffs filed a copyright infringement claim against ROSS claiming ROSS allegedly used "Westlaw Content" in building its artificial intelligence search engine. Accordingly, Plaintiffs have expressly demanded ROSS produce documents relating to the development and implementation of the artificial intelligence search tool, ROSS's valuation and potential acquisition requests, and ROSS's competitors.[6] ROSS did not produce information or documents like this in the *LegalEase* matter. ROSS's artificial intelligence/machine learning technology was

---

[4] Throughout the conferral process, ROSS requested information concerning Ms. Blankenship's present and reasonably foreseeable roles and responsibilities to properly assess Plaintiffs' designation. Plaintiffs' outside counsel said only that Ms. Blankenship is a legal advisor who provides advice to and interacts with competitive decision makers. *See e.g.*, Exhibit B, Email Thread re Carolyn Blankenship Designation (July 15, 2021 J. Simmons Email (describing her role as "including" providing advice on "the state of the law, regulatory compliance, and risk mitigation")); (Aug. 5, 2021 K. Ghaffari Email). On August 19, ROSS renewed its request for additional information. Ex. B, at Aug. 19, 2021 K. Ghaffari Email. Plaintiffs did not provide more details. Plaintiffs also did not offer any case law supporting their position.
[5] *See* Exs. A, B.
[6] *See e.g.*, Exhibit C, Plaintiffs Requests for Production, Set One, Nos. 1-3, 9, 12, 28, 33, 67-72, and 81.

The Honorable Leonard P. Stark
September 1, 2021
Page 3

not involved in that case. West Publishing Corp. sued LegalEase Solutions, LLC, for LegalEase's alleged breach of West Publishing's contract by delivering government edicts to ROSS, a "competitor." And ROSS, as a third-party, did not have an opportunity in the *LegalEase* matter to address the issue of who reviewed its documents. That Ms. Blankenship has reviewed some documents already does not justify allowing her carte blanche access to all of ROSS's highly confidential technical information here.

In any case, the claim that Ms. Blankenship has already reviewed the documents that ROSS has, and will produce, in this action does not square with the "information and belief" allegations of the Complaint. *See, e.g.*, D.I. 1 ¶¶ 26, 27, 28, 38. It also does not square with Plaintiffs' representations that discovery is necessary to determine what ROSS copied.[7]

## II.     Plaintiffs Will Not Be Prejudiced.

*First*, the Protective Order provides that there can be three designated in-house counsel. While ROSS objects to Ms. Blankenship, Plaintiffs have also designated Jeanpierre Giuliano as in-house counsel. ROSS does not object to that designation.[8]

*Second*, granting ROSS's request does not prevent Ms. Blankenship from accessing information wholesale. She would be entitled to review documents designated as confidential. It is only materials marked "highly confidential" regarding sensitive business and technical information, including ROSS's artificial intelligence technology, that she cannot review.

In the end, ROSS submits that giving Ms. Blankenship unfettered access to ROSS's sensitive and highly confidential information is not tenable. This is a case between competitors where the in-house counsel is involved in the competitive decision-making process, including strategizing on matters concerning the very technology at issue: artificial intelligence and machine learning. Neither the Protective Order nor case law requires ROSS to take that risk.

Respectfully,

*/s/ Stephanie E. O'Byrne*

Stephanie E. O'Byrne

SEO:nmt/7359465/50241

Enclosures
cc: Counsel of record (via electronic mail)

---

[7] Exhibit D, Tr. 49:6-15 (Oct. 30, 2020).
[8] Exhibit B, at July 9, 2021 J. Simmons Email.