MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

MICHAEL J. FLYNN
(302) 351-9661
mflynn@morrisnichols.com

November 12, 2021

*VIA ELECTRONIC FILING*

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 King Street, Unit 26, Room 6124
Wilmington, DE  19801-3556

    Re:    *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*,
           C.A. No. 20-613-LPS

Dear Judge Stark:

Pursuant to Paragraph 11 of the Scheduling Order (D.I. 41), the parties respectfully submit this Interim Status Report regarding the nature of the matters in issue and the progress of discovery to date.

    **I.**    **Nature of the Matters in Issue**

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (collectively, "Plaintiffs") filed their complaint on May 6, 2020 (D.I. 1) alleging copyright infringement and tortious interference with contract by Defendant ROSS Intelligence Inc. ("ROSS").  ROSS filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (D.I. 11), which the Court denied (D.I. 31, 32).  While ROSS's motion was pending, ROSS filed a partial answer and declaratory judgment counterclaims (D.I. 21), which Plaintiffs answered (D.I. 23).  On January 25, 2021, ROSS filed an amended partial answer and amended counterclaims seeking declaratory judgment of (i) no valid copyrights in the Westlaw content (Counterclaim Count I); (ii) non-infringement of the asserted copyrights (Counterclaim Count II); (iii) fair use of any asserted copyrighted material (Counterclaim Count III); (iv) copyright misuse by Plaintiffs (Counterclaim Count IV); and (v) no tortious interference with contract (Counterclaim Count V).  D.I. 24.  In addition, ROSS asserted counterclaims that Plaintiffs violated (i) Section 2 of the Sherman Act (Counterclaim Count VI); (ii) Section 1 of the Sherman Act (Counterclaim Count VII); (iii) violation of California Unfair Competition Act (Counterclaim Count VIII); and (iv) violation of Delaware common law unfair competition (Counterclaim Count IX).  *Id.*  Plaintiffs moved to dismiss ROSS's antitrust and state law counterclaims (D.I. 27).

Following the Court's denial of ROSS's motion to dismiss (D.I. 31, 32), ROSS again amended its answer and counterclaims, asserting the same nine counterclaim counts (D.I. 36), and Plaintiffs renewed their motion to dismiss the antitrust and state law counterclaims (D.I. 39).  On October 4, 2021, the Court heard oral argument on Plaintiffs' motion to dismiss, which remains pending before the Court.

The Honorable Leonard P. Stark                                                                                     Page 2
November 12, 2021

On April 5, 2021, the parties submitted a joint status report (D.I. 34) in which they agreed that the case should proceed on Plaintiffs' copyright infringement and tortious interference claims (Counts I–II) and Defendant's affirmative defenses and related counterclaims (Counterclaims I–V), but that discovery related to ROSS's antitrust and state law counterclaims (Counterclaims VI-IX) should be stayed until the Court rules on Plaintiffs' motion to dismiss. Consistent with the parties' agreement, the Court entered a Scheduling Order on May 3, 2021 setting dates through the filing of case dispositive and *Daubert* motions, but did not set a date for a pretrial conference or trial. D.I. 41.

## II. Progress of Discovery to Date

The parties have been diligently proceeding with discovery on the copyright and tortious interference claims (and affirmative defenses and related counterclaims). Both sides have served and responded to interrogatories and requests for production, and have begun document productions. Plaintiffs have also served subpoenas on certain third parties.

The parties have agreed to extend certain deadlines in the Scheduling Order to allow additional time to complete discovery, which has been submitted to the Court for consideration. *See* D.I. 74. Specifically, the parties have agreed to extend fact discovery, expert discovery, and case dispositive motion deadlines by approximately three months. The parties recognize that the Court's resolution of Plaintiffs' pending motion to dismiss ROSS's antitrust and state law counterclaims may require reevaluation of the discovery deadlines.

Respectfully,

Michael Flynn (# 5333)
*Counsel for Plaintiffs*

cc:   All counsel of record