# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE ) 
CENTRE GMBH and WEST PUBLISHING ) 
CORPORATION, ) C.A. No. 20-613-SB
 )
       Plaintiffs/Counterdefendants, ) **JURY TRIAL DEMANDED**
 )
  v. )
 ) **PUBLIC VERSION**
ROSS INTELLIGENCE INC., )
 )
       Defendants/Counterclaimant. )

## DEFENDANT ROSS INTELLIGENCE, INC.'S NOTICE OF DEPOSITION SUBPOENA TO MORAE GLOBAL CORPORATION

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: May 3, 2022
10132582 / 50241
Public Version Dated: May 4, 2022

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | C.A. No. 20-613-SB |
| | ) | |
| Plaintiffs/Counterdefendants, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendants/Counterclaimant. | ) | |

**DEFENDANT ROSS INTELLIGENCE, INC.'S NOTICE OF
DEPOSITION SUBPOENA TO MORAE GLOBAL CORPORATION**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30 and 45, Defendant ROSS Intelligence, Inc. ("ROSS"), by and through its attorneys, will take the deposition upon oral examination of Morae Global Corporation on the topics specified in the attached Schedule A.  The deposition will begin on May 12, 2022, at 9:00 a.m. CT, via electronic means, and continue from day to day thereafter, Saturdays, Sundays and holidays excepted, until completed. The deposition will be taken before an officer duly authorized to administer oaths under the laws of the United States and/or the State of Texas, and will be recorded by audio, audio-visual, and stenographic means.

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  May 3, 2022
10132582 / 50241
 Public Version Dated: May 4, 2022

POTTER ANDERSON & CORROON LLP

By:  */s/ Bindu A. Palapura*
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Carson R. Bartlett (#6750)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com
      cbartlett@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

## SCHEDULE A
### Definitions

1.      "PLAINTIFFS" as used herein means THOMSON REUTERS and WEST.

2.      The term "THOMSON REUTERS" as used herein means Plaintiff / Counterdefendant Thomson Reuters Enterprise Centre GMBH, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The terms "MORAE GLOBAL," "YOU," "YOUR," means Morae Global Corporation and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf, including but not limited to Clutch Group, LLC.

5.      The term "WESTLAW" means and refers to PLAINTIFFS' online legal research product named Westlaw.

6.      The term "WESTLAW CONTENT" means and refers to any and all WESTLAW content owned by PLAINTIFFS, including without limitation the WKNS and WEST HEADNOTES.

7.      The term "LEGALEASE" means and refers to LegalEase Solutions, LLC and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities,

controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers, and all other persons acting or purporting to act on their behalf.

8.      "LEGALEASE MATTER" means the litigation filed in the United States District Court for the District of Minnesota, docketed at 18 Civ. 1445, and bearing the caption *West Publishing Corp. v. LegalEase Solutions, LLC*.

9.      The LEGALEASE COMPLAINT means the complaint filed by West Publishing Corp. in the LEGALEASE MATTER.

10.      The terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

11.      "COMPLAINT" means the Complaint filed by PLAINTIFFS in this litigation in the United Stated District Court for the District of Delaware on May 6, 2020 (D.I. 1).

12.      The terms "DOCUMENT" or "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter, however produced, reproduced, or stored, including the original and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of LEGALEASE , including without limitations contracts, letters, agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text message on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda,

handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items. Any such DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

13.    The terms "COMMUNICATED, "COMMUNICATION" or "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, magnetic disks, sound, radio and/or video signal, telephone, teletype,

telecommunication, telegram, microfilm, microfiche, photographic film of any type, and/or media of any kind.

14.    "AND" and "OR" and "BETWEEN" and "AMONG" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

15.    "ANY" shall mean any or all and the term "ALL" shall mean any or all.

16.    "IDENTIFY" means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

17.    "INCLUDING" means not limited to.

18.    The terms "PERSON" and "PERSONS" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

19.    The term "DESCRIBE" means to state what is requested to be described, including all facts and opinions known or held by YOU CONCERNING, relating to, or pertinent to what is requested to be described; and (i) the identity of each person or entity involved or having any knowledge of each fact or opinion that relates to what is so described; (ii) the identity of each document evidencing the answer or response given or relating, referring or pertaining to said subject matter in any way; and (iii) all relevant or material dates and time periods, specifying the way in which said dates or time periods are pertinent to the subject matter described.

20.     The terms "RELATE TO," "RELATED TO," AND "RELATING TO" mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

21.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

**Deposition Topics**

1.    COMMUNICATIONS with ROSS.

2.    COMMUNICATIONS with LEGALEASE RELATING TO the October 5, 2017 Statement of Work II ("SOW-II") between YOU AND LEGALEASE, which is attached as Exhibit A.

3.    COMMUNICATIONS with LEGALEASE regarding ROSS.

4.    COMMUNICATIONS with LEGALEASE India as it relates to SOW-II.

5.    COMMUNICATIONS with PLAINTIFFS regarding the use AND access of WESTLAW between October 5, 2017 and December 19, 2017.

6.    COMMUNICATIONS with employees OR persons hired to prepare "Memorandum or Memo" described in SOW-II.

7.    COMMUNICATIONS with LEGALEASE RELATING TO the "ROSS Tool" referenced in Exhibit C.

8.    Hiring, training, AND supervision of employees OR persons hired to prepare "Memorandum or Memo" described in SOW-II.

9.    ALL prior AND current versions of Project Rose Protocol, which is attached as Exhibit B.

10.    Creation AND preparation of "Memorandum or Memo," as described in SOW-II.

11.    Use AND access of WESTLAW, LEXIS, AND other legal research platforms to prepare the "Memorandum or Memo" described in SOW-II.

12.    Knowledge, understanding AND use of the "ROSS Tool" as referenced in Exhibit C.

13.    The process by which "Memorandum or Memo" was prepared for the SOW-II.

6

14.    Contracts AND agreements with LEGALEASE to prepare a "Memorandum or Memo" as described in SOW-II.

15.    Collection of documents in the LEGALEASE MATTER.

16.    Preservation AND collection of documents for this matter.

# ATTACHMENT

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   20-cv-00613-LPS |
| | ) |
| ROSS Intelligence, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Morae Global Corporation c/o Registered Agent
                          1999 Bryant St, Suite 900, Dallas, TX 75201
                          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  via electronic means | Date and Time: |
|---|---|
| | 05/12/2022 9:00 am |

The deposition will be recorded by this method:   via stenographic and videographic means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/03/2022

|  *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Joachim B. Steinberg, 3 Embarcadero Center, 26th Floor, San Francisco, CA 94111; JSteinberg@crowell.com; 415.365.7461

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 20-cv-00613-LPS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                    *Server's signature*

                                         _____

                                                    *Printed name and title*

                                         _____

                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT C

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY