# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S INTERROGATORY NO. 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby supplement their responses to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Interrogatories, served on May 12, 2021 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Action") as follows:

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiffs object to the First Set of Interrogatories to the extent that it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks proprietary or confidential business information, trade secrets or other sensitive information.  To the extent that the response to any Interrogatory requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

3.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or protection under federal or state law.  Plaintiffs do not waive, intend to preserve, and are preserving any such privilege with respect to any information protected by such privilege.

4.      The responses provided to the First Set of Interrogatories are based on Plaintiffs' interpretation of the language used in the First Set of Interrogatories.  Plaintiffs reserve their right to amend or to supplement their responses and objections in the event that Defendant asserts an interpretation that differs from Plaintiffs' interpretation.

5.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is outside of Plaintiffs' possession, custody, or control, including in Instruction No. 7.  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will provide responses based on the information that is reasonably within their possession, custody, or control.

6.     The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the First Set of Interrogatories.  Plaintiffs' responses to the First Set of Interrogatories in no way constitute admissions or acknowledgements by Plaintiffs as to the relevance, materiality, or admissibility of any of the information contained therein, and Plaintiffs expressly reserve their rights to object as such.

7.     Plaintiffs reserve the right to modify or supplement their objections and responses to the First Set of Interrogatories to conform to the results of continuing discovery.  These responses also are subject to correction for omissions or errors.

8.     In providing responses to the First Set of Interrogatories, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)    All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object at the trial of this or any other action;

(iii)   All objections as to vagueness and ambiguity; and

(iv)    All rights to object on any grounds to any further interrogatories.

9.     Plaintiffs object to the First Set of Interrogatories to the extent that any Interrogatory's subparts, including those arising from Defendant's "Definitions" and "Instructions," actually constitute separate interrogatories, thereby exceeding the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

10.     Plaintiffs object to the First Set of Interrogatories as premature to the extent that it asks or requires Plaintiffs to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

11.     Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

13.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

14.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the

terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf." For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe these terms to mean solely ROSS Intelligence, Inc., and not any other person or entity.

16.     Plaintiffs object to the First Set of Interrogatories as vague and ambiguous to the extent that it defines the term "DESCRIBE" using the capitalized term "Identifying."  It is unclear whether Defendant intended to incorporate the definition of the defined term "IDENTIFY," in which case the definition of the term "DESCRIBE" is nonsensical, or to give that word a separate definition.  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the term "Identifying" as used in the definition of the term "DESCRIBE" with its ordinary meaning.

17.     Plaintiffs object to Instruction No. 6 to the extent it purports to impose obligations with regard to the production of privilege logs that differ from those required by the Federal Rules and Local Rules.  Plaintiffs will log information pursuant to the Protective Order.

18.     Plaintiffs object to Instruction Nos. 7 and 9 as vague and ambiguous to the extent that they use the undefined term "FOUNDATION."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe that term to mean Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person, entity, or foundation.

19.     Plaintiffs object to the First Set of Interrogatories as overly broad and unduly burdensome to the extent that its Interrogatories do not specify timeframes and are thus unlimited as to time.

20.     Plaintiffs incorporate the foregoing General Objections into each and every one of its responses to the First Set of Interrogatories as set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY the specific portions of the WESTLAW CONTENT that you claim is subject to copyright that ROSS INFRINGES.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify any and all WESTLAW CONTENT owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Thomson Reuters owns copyrights in the content that is part of Westlaw that was created by Plaintiffs' attorney-editors through a rigorous editorial process.  As alleged in Plaintiffs'

Complaint, this content includes original Westlaw headnotes and the West Key Number System ("WKNS").

With regard to judicial opinions, the editorial process begins with newly published opinions being divided into different categories that are assigned a priority level by Plaintiffs' attorney-editors. Priority cases include opinions from the United States Supreme Court, the federal courts of appeals, and the States' highest courts, along with some jurisdictions Plaintiffs have designated. Beginning with the highest priority cases, Plaintiffs' attorney-editors carefully review the opinion to identify concepts discussed by the court that they select to call out as points of law. Each point of law is reflected in a headnote, and each headnote will, ordinarily, contain a single point of law. In some cases, however, multiple points of law may be included in a single headnote to compare and contrast, or to show how they operate in conjunction with each other—this is a decision left to the attorney-editors' discretion.

Many creative choices are made by Plaintiffs' attorney-editors when they create headnotes. For example, headnotes are written to be understood standing alone—*i.e.*, no reference to the opinion or any other headnote should be necessary for it to be understood. Thus, Plaintiffs' attorney-editors write the headnotes so that they summarize only certain, selected facts, and explain in clear language the holding of the court or contentions of the parties. Plaintiffs' attorney-editors will also make the editorial judgment of recommending Key Number topics to assign to headnotes to integrate the new opinion into the West Key Number System. Although Plaintiffs have created tools to assist their attorney-editors in this effort, such as the tool discussed in Plaintiffs' response to Interrogatory No. 12, which Plaintiffs incorporate hereto by reference, it is ultimately Plaintiffs' attorney-editors that arrange the headnotes in the WKNS. Pursuant to Rule 33(d), Plaintiffs incorporate by reference the editorial manual used by Plaintiffs' attorney-editors

for creating headnotes and assigning Key Number topics during the editorial process, which was produced in this Litigation at TR-0002864–TR-0003137.

Plaintiffs' attorney-editors will also create headnotes for the various legal standards, factual holdings, and legal conclusions made by the court, create original synopses and holdings to be included at the beginning of the opinion in Westlaw, and determine which legal topics covered in the opinion and what search terms should be associated with the opinion so it may be integrated into the database of opinions on Westlaw and the WKNS.

After Plaintiffs' attorney-editors have created the headnotes and made initial recommendations of where they might be placed in the WKNS, the opinion is assigned to one or more "classifiers"—attorney-editors who are responsible for classifying headnotes in the WKNS—who actually assign Key Numbers to the headnote (including reassigning the suggested Key Number topics of the headnote writers), and/or send the case back to the original attorney-editor for further review.  Senior classifiers also will reorganize parts of the WKNS from time to time.  There is nothing that dictates how the WKNS is organized or what keywords are used to express it.

As indicated in the certificates of registration for Westlaw, Thomson Reuters does not claim copyrights in material prepared by a United States Government officer or employee as a part of that person's official duties, including without limitations government edicts, legislative enactments, judicial decisions, or similar types of official legal materials.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs incorporate by reference those certificates, which were produced as Exhibit A to Plaintiffs' Complaint.  Plaintiffs also incorporate the deposit copies for those certificates, which were produced in this Litigation at TR-0003138–TR-0033981.

With regard to ROSS's infringement of Plaintiffs' content, ROSS and LegalEase Solutions, LLC ("LegalEase") have agreed to produce in this Litigation documents responsive to Plaintiffs' discovery requests, but Plaintiffs have yet to receive any such documents. Nevertheless, it is Plaintiffs' understanding that, at ROSS's request and with its knowledge and participation, LegalEase created "Memos" using Westlaw. As explained in Section 1.3 of the "Statement of Work II for ROSS Bulk Memos" that was published on May 7, 2020 by ROSS on the website available at https://medium.com/@AndrewArruda/hold-59effcd819b0, each Memo was to contain (1) a "Legal Research Question" created by LegalEase, which the SOW defines as "a question grounded in legal principles," (2) a "Reference List," which the SOW defines as "the list of Case Law included in the Memo," and (3) "a target of at least four (4) and no more than six (6) Quotes," which are defined as "an independent paragraph excerpt from Case Law." It is Plaintiffs' understanding that the questions were based on headnotes from Westlaw that were written by Plaintiffs' attorney-editors. In addition to paraphrasing the headnotes, the Memos' list of cases were selected by Plaintiffs' attorney-editors for that headnote and arranged in Plaintiffs' WKNS hierarchy. It is further Plaintiffs' understanding, based on Mr. Arruda's blog post, that ROSS used the Memos to create the ROSS platform. Pursuant to Federal Rule 33(d), the SOW is incorporated by reference herein as are the memoranda produced by ROSS in this Litigation at ROSS-000000001–ROSS-000175081.

Plaintiffs' discovery efforts in this case are ongoing, and they reserve the right to further supplement this response in light of facts learned during discovery. In particular, once they have the opportunity to review fully the memoranda ROSS recently produced, Plaintiffs will provide a supplemental response to this Interrogatory.

**\* BEGIN HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION \***

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (NOVEMBER 19, 2021):**







14





























**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (MARCH 23, 2022):**





































47











* * *



































**_*END OF HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION*_**

**INTERROGATORY NO. 2:**

IDENTIFY the specific HEADNOTES that you claim is subject to copyright that ROSS INFRINGES.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrase "you claim is subject to copyright" is unclear and undefined. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify "specific HEADNOTES" owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other

means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

IDENTIFY the specific portions of the KEY NUMBER SYSTEM that you claim is subject to copyright that ROSS INFRINGES.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs further object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify "specific portions of the KEY NUMBER SYSTEM" owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to

this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 4:

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in WESTLAW CONTENT.

## RESPONSE TO INTERROGATORY NO. 4:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrase "Plaintiffs' asserted copyrights" is unclear and undefined.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and

71

pass

less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 5:

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in the specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "Plaintiffs' asserted copyrights," "specific structure, sequence and organization" and "specific elements" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the

extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

DESCRIBE how the ROSS product allegedly infringes the WESTLAW CONTENT that you claim is subject to copyright.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "ROSS product" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks

73

information that is or will be in the possession of ROSS by referring to documents, taking

depositions, or any other means of obtaining discovery in this Litigation that is more convenient,

efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it

calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will

provide such information subject to the Protective Order so ordered by the Court in this case.  D.I.

48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS
describing how ROSS allegedly infringes the WESTLAW CONTENT that you claim is subject to
copyright.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs'

copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as

vague and ambiguous to the extent the phrase "you claim is subject to copyright" is unclear and

undefined. Plaintiffs further object to this Interrogatory as premature to the extent that it asks

Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW

CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow

the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs

object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set

of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No.

15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.  Plaintiffs object to this Interrogatory to the extent that it is duplicative of other Interrogatories, including Interrogatory No. 1.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 8:

For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS that support YOUR contention that the WESTLAW CONTENT that you claim is subject to copyright is original and creative.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how each WESTLAW CONTENT identified in Interrogatory No. 1 is original and creative without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to copyright," "original," and "creative," are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each WESTLAW CONTENT identified in Interrogatory No. 1 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties'

discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory

as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the

term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this

Interrogatory as overly broad and unduly burdensome to the extent that the First Set of

Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.

Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the

possession of ROSS by referring to documents, taking depositions, or any other means of obtaining

discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.

Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade

secrets, or proprietary business information.  Plaintiffs will provide such information subject to

the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

For each HEADNOTE identified in Interrogatory No. 2, STATE ALL FACTS that support
YOUR contention that the HEADNOTE that you claim is subject to copyright is original and
creative.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified

in Interrogatory No. 2 is original and creative without limitation.  Plaintiffs object to this

Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to

copyright," "original," and "creative" are unclear and undefined.  Plaintiffs further object to this

Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified in Interrogatory No. 2 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 10:**

For each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that the specific element of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the

KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific element," "you claim is subject to copyright," "original," and "creative" are unclear and undefined.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.

### INTERROGATORY NO. 11:

For the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that such structure, sequence and organization of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**<u>RESPONSE TO INTERROGATORY NO. 11</u>:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific structure, sequence and organization," "specific elements," "you claim is subject to copyright," "original," and "creative" are unclear and undefined.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will

provide such information subject to the Protective Order so ordered by the Court in this case.  D.I.

48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 12:**

DESCRIBE how YOUR algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, classifies "millions of headnotes to a Key Number taxonomy with more than 90,000 categories," stated on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to describe how the Classification and Recommendation Engine

(CaRE) system classifies HEADNOTES to a Key Number taxonomy without limitation.  Plaintiffs

object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set

of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No.

14.  Plaintiffs object to this Interrogatory to the extent that it is neither relevant to any claim or

defense of any party in this Litigation nor proportional to the needs of the case. Plaintiffs object to

this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS

by referring to documents, taking depositions, or any other means of obtaining discovery in this

Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to

this Interrogatory to the extent that it seeks information that is publicly available and therefore is

equally or less burdensome for ROSS to procure itself.  Plaintiffs object to this Interrogatory to

the extent that it calls for confidential information, trade secrets, or proprietary business

80

information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: The Classification and Recommendation Engine (CaRE) is a tool used by West's attorney-editors during the editorial process to assist "classifiers"—attorney-editors who are responsible for classifying headnotes in the West Key Number System ("WKNS").  Once a headnote is written by an attorney-editor, it is submitted to one or more classifiers along with the highest-level topic to which the attorney-editor believes the headnote belongs.  Then, one or more classifiers assign more granular Key Numbers to the headnote and/or reassigned the headnote to a new highest-level topic.  To assist the classifier in doing so, the CaRE tool identifies five or more possible Key Numbers to which the headnote could be classified.  The tool does not select which Key Number(s) are assigned to the headnote.  Instead, Plaintiffs' attorney-editors review the options and decide whether to classify the headnote under any of the suggested Key Numbers.  Thus, the CaRE tool is not an automated tool for the finalized classification of headnotes in the WKNS, but rather a tool used to assist Plaintiffs' attorney-editors in making their own editorial decision as to which of the numerous options will be selected for each headnote.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

March 23, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Dale M. Cendali*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Centre GmbH and*
*West Publishing Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

David E. Moore, Esquire                                          *VIA ELECTRONIC MAIL*
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Defendant*

Joshua M. Rychlinski, Esquire                                 *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
*Attorneys for Defendant*

Gabriel M. Ramsey, Esquire                                    *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
*Attorneys for Defendant*

*/s/ Miranda D. Means*
_____
Miranda D. Means

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE          )
CENTRE GMBH and WEST PUBLISHING     )
CORPORATION,                        )
                                    )
                                    )
          Plaintiffs and            )     C.A. No. 20-613 (LPS)
          Counterdefendants,        )
                                    )
     v.                             )
                                    )
ROSS INTELLIGENCE INC.,             )
                                    )
          Defendant and             )
          Counterclaimant.          )

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS
ENTERPRISE CENTRE GMBH AND WEST PUBLISHING
CORPORATION'S RESPONSES AND OBJECTIONS TO
DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (1–103)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United

States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"),

Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson

Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to

Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") First Set of Requests for

Production, served on May 12, 2021 (the "Requests" and each individually, a "Request") in the

above-captioned action ("Litigation") as follows:

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation and only as permitted by the Protective Order.

4.      Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

2

5.     In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)    All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii)   All objections as to vagueness and ambiguity; and

(iv)    All rights to object on any grounds to any further requests for production.

6.     Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7.     Plaintiffs object to the Requests to the extent that they are not limited to the time or geography relevant to this Litigation.  Indeed, Instruction No. 2 states that the Requests "are not limited by time unless stated within the request itself."  Similarly, Instruction No. 3 states, "Unless otherwise stated, the geographic scope covered by these requests is worldwide," and no Request includes a geographic limitation.

8.     The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.  Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

9.     Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial.  Discovery has not been completed and Plaintiffs are

not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions, assertions, and evidence that Defendant may present. Plaintiffs reserve the right to supplement or amend this response at a future date.

10.    Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "all DOCUMENTS," "all COMMUNICATIONS," or "all WESTLAW CONTENT," responsive to the subject matter of a particular Request. Plaintiffs will produce responsive documents, if any, that are located after a reasonably diligent search, taking into account the many potential sources of information arguably responsive to the Requests, and the proportionality of the information sought to the burden of its production.

11.    Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed. The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.    A response indicating that Plaintiffs will produce documents that are responsive to a Request is not a representation or statement of belief that any such documents exist or have existed.

13.    Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

14. Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

15. Plaintiffs objects to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf." For the purpose of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

16. Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding

to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

18.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc. and not any other person or entity.

19.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any document or thing as such a description is not required by Federal Rule of Civil Procedure 34.

20.     Plaintiffs object to Instruction No. 1 to the extent that it uses the term "IDENTIFY" as indicated in General Objection No. 19.  They also object to Instruction No. 1 to the extent that it purports to require Plaintiffs to produce documents and things "at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties)."  Plaintiffs will produce documents electronically, or at such place as the parties may agree.

21.     Plaintiffs object to Instruction No. 4 as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to "IDENTIFY with particularity each such DOCUMENT" that was "once in [Plaintiffs'] possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner," by setting forth "(a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions."

22.     Plaintiffs object to Instruction No. 5 to the extent it suggests a failure to identify documents "responsive to ANY discovery request . . . is privileged or otherwise excludable from discovery" constitutes "a waiver of such a claim" of privilege.  Plaintiffs will produce a privilege log within a reasonable period of time after the document substantially complete deadline or upon a mutually agreeable schedule.

23.     Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All settlement agreements between YOU and LEXISNEXIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and LEXISNEXIS."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 3.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries,

affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 18.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All settlement agreements between YOU and LEGALEASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and LEGALEASE."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 3 and 55.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged copies of West's agreement with LegalEase that settled the litigation titled *West Publishing Corporation v. LegalEase Solutions, LLC* that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All settlement agreements between YOU and any third-party RELATING TO the WESTLAW CONTENT, including without limitation the KEY NUMBER SYSTEM and HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case because agreements with third parties unconnected to this case are not relevant

to ROSS's actions or the copyrightability of WESTLAW CONTENT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and any third-party RELATING TO the WESTLAW CONTENT, including without limitation the KEY NUMBER SYSTEM and HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 1, 2, 4, and 55.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All settlement agreements between YOU and any third-party RELATING TO any aspect of the WESTLAW PRODUCT YOU contend or have contended is protected by copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because agreements with third parties unconnected to this case are not relevant to ROSS's actions or the copyrightability of WESTLAW PRODUCT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and any third-party RELATING TO any aspect of the WESTLAW PRODUCT YOU contend or have contended is protected by copyright."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 1, 2, 4, and 55.  Plaintiffs objects to this

Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll . . . past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined. Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent

that it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7, as indicated in General Objection No. 7.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 6, 7, 8, and 9.  Plaintiffs object to the Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used as alleged in COMPLAINT ¶¶ 35, 37.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used as alleged in COMPLAINT ¶¶ 35, 37." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined. Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 7, 8, and 9. Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All current and past copyright registrations for the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for the KEY NUMBER SYSTEM."  Plaintiffs specifically object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.  Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the

16

extent that it seeks "[a]ll current and past copyright registrations for the KEY NUMBER SYSTEM."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 8, and 9.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All current and past copyright registrations for the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks past copyright registrations, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.  Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for the HEADNOTES."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent

that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 7, and 9.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All current and past copyright registrations for the WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for the WESTLAW DATABASE."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.   Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for the WESTLAW DATABASE."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 7, and 8.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the content copied by Defendant, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the WESTLAW DATABASE."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 13, 16, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of

the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the WESTLAW DATABASE since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the WESTLAW DATABASE since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 14, 17, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant, that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of WESTLAW DATABASE."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 15, 18, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the

purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the database referenced in Exhibit A of the COMPLAINT."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 16, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes." Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 17, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of

the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

## REQUEST FOR PRODUCTION NO. 15:

DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 18, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the database referenced in Exhibit A of the COMPLAINT." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes." Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any. Plaintiffs are willing to meet and confer with Defendant to determine what

changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant  that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11 and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the structure, sequence and organization of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15 since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15 since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 20, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" and "reasons for and purpose of" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 21, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show the "editorial enhancements" that are "creative and original" referenced in COMPLAINT ¶ 11.

33

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'editorial enhancements' that are 'creative and original' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 26, 27, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the editorial enhancements that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show the creativity and originality of the "editorial enhancements" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the creativity and originality of the 'editorial enhancements' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 27, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the editorial enhancements that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "West's attorney-editors" and how they "review and create original West Headnotes to describe the key concepts" of a case as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the 'West's attorney-editors' and how they 'review and create original West Headnotes to describe the key concepts' of a case as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "aids, guidance, training, rules, suggestions, directions or roadmaps" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents

subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs

object to this Request to the extent that it is duplicative of other Requests, including Request Nos.

25, 26, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged documents showing the training for Plaintiffs'

attorney-editors that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS describing the "West's attorney-editors" and how they "regularly edit and revise the West Headnotes and the West Key Numbers of previously integrated cases so that subscribers can trust the accuracy and timeliness of the information that is offered" as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

describing the 'West's attorney-editors' . . . including without limitation any aids, guidance,

training, rules, suggestions, directions or roadmaps." Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "aids,

guidance, training, rules, suggestions, directions or roadmaps" are unclear and undefined.

Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets,

or proprietary business information. Plaintiffs will produce documents subject to the Protective

Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 66, 70, 71, 73, 76, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing the training for Plaintiffs' attorney-editors that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 22, and 79.

37

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11 and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and

content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 20, and 23.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

## REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and

purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 21, and 24.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party," including documents unrelated to ROSS's alleged copying or the copyrightability of WESTLAW CONTENT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party.  Plaintiffs object to this

Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 91, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request as overly broad to the extent that it defines "LEXISNEXIS" to include LEXISNEXIS Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to Defendant's alleged copying and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged request to access Westlaw as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged request to access Westlaw as alleged in COMPLAINT ¶ 3." Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32 and 34.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to Defendant's request to access Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw." Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32 and 34. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that the it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing that West denied Defendant access to Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS, RELATING TO ROSS's alleged copying of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 34, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of HEADNOTES." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 34, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of the KEY NUMBER SYSTEM for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of the KEY NUMBER SYSTEM for, at the direction, or on behalf of ROSS." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 40, 41, 42, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17. Plaintiffs object to this Request as overly broad to the extent that it

48

defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of HEADNOTES for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of HEADNOTES for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object

to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 41, 42, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW CONTENT for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW CONTENT for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it

asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 42, 43, 44, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW PRODUCT for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW PRODUCT for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 41, 43, 44, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that ROSS "intentionally and knowingly induced" LEGALEASE to "breach its contract with West" as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that ROSS 'intentionally and knowingly induced' LEGALEASE to 'breach its contract with West' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 41, 42, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's intentional inducement of LegalEase to breach LegalEase's contract with West that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the WESTLAW CONTENT that LEGALEASE copied and distributed to ROSS as alleged in COMPLAINT ¶ 35.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the WESTLAW CONTENT that LEGALEASE copied and distributed to ROSS

as alleged in COMPLAINT ¶ 35."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 41, 42, 43, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing the content that LegalEase copied from Plaintiffs and distributed to Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and COMMUNICATIONS that reflect or evidence or show LEGALEASE'S breach of contract as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS that reflect or evidence or show LEGALEASE'S breach of contract as alleged in COMPLAINT ¶ 3." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, 42, 43, 44, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflect or evidence or show" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's breach of its contract with West that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's "blatant and willful infringement" as alleged in COMPLAINT ¶ 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's "blatant and willful infringement" as alleged in COMPLAINT ¶ 5." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show that Defendant willfully infringed Plaintiffs' copyrights that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that "ROSS needed to acquire vast amounts of legal content, descriptions of that content, and a means by which to organize that legal content" as alleged in COMPLAINT ¶ 22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that 'ROSS needed to acquire vast amounts of legal content, descriptions of that content, and a means by which to organize that legal content' as alleged in COMPLAINT ¶ 22." Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show Defendant's need to acquire legal content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS, including without limitation policies, instructions, and guidelines, reflecting YOUR decision "not [to] give competitors access to its products" as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation policies, instructions, and guidelines, reflecting YOUR decision 'not [to] give competitors access to its products' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation

policies, instructions, and guidelines, reflecting YOUR decision 'not [to] give competitors access

to its products' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad

to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this

Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly

burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "policies,

instructions, and guidelines, reflecting YOUR decision" are unclear and undefined.  Plaintiffs

object to this Request to the extent that it seeks documents that are protected by the attorney work-

product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object

to this Request as premature to the extent that it seeks documents that are solely relevant to

Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not

yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 49 and 50.  Plaintiffs object to this Request

as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the

terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers,

directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their]

behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did "not give competitors access to [YOUR] products" as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did 'not give competitors access to [YOUR] products' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did "not give competitors access to [YOUR] products" as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 48 and 50.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting YOUR decision whether to permit third-party access to Westlaw" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as premature to the extent that

it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 48, 49, 87, 88, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶ 19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a

competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs specifically object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a competitive product'" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No 52.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product'" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No 51.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and

"WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "templates of licenses, agreements, and contracts" are unclear and undefined. Plaintiffs object to this Request

66

as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 54.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 54:**

All templates of licenses, agreements, and contracts between YOU and any third-party RELATING TO the WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW PRODUCT." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW PRODUCT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "templates of licenses, agreements, and contracts" are unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust

and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 53.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All licenses, agreements, and contracts between YOU and LEGALEASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks contracts other than the allegedly breached contract. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, agreements, and contracts between YOU and LEGALEASE." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 3, 4, 90, and 91. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

68

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing the contract with West that LegalEase breached and the agreement between West and LegalEase that settled the lawsuit between them that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating "the American system of privately-published judicial decisions is the best in the world."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating 'the American system of privately-published judicial decisions is the best in the world.'"  Plaintiffs to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating 'the

American system of privately-published judicial decisions is the best in the world.'"  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.

Plaintiffs are willing to meet and confer with Defendant regarding any purported relevance of documents concerning the quotation Defendant attributes to Mr. Haynes.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain judicial court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain judicial court decisions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "obtain judicial court decisions" and "templates of licenses, agreements, and contracts" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and

unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos.  58, 59, and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 58:**

All licenses, contracts, and agreements between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO YOU obtaining judicial court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll licenses, contracts, and agreements between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO YOU obtaining judicial court

decisions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to

time and does not specify a timeframe that is relevant to this Litigation as indicated in General

Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and

ambiguous to the extent that the terms "licenses, contracts, and agreements," "any state or federal

agency," "state or federal courts," and "judicial court decisions" are unclear and undefined.

Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely

relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX),

which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos.  57, 59, and 65.  Plaintiffs

object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate

the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 59:**

All COMMUNICATIONS RELATING TO any license, contract, and agreement between
YOU and any state or federal agency, including without limitation state or federal courts,
RELATING TO how YOU obtain judicial court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as

indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS

RELATING TO any license, contract, and agreement between YOU and any state or federal

agency, including without limitation state or federal courts, RELATING TO how YOU obtain

judicial court decisions."  Plaintiffs object to this Request as overly broad to the extent that it is

unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated

in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent

that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request

as vague and ambiguous to the extent that the terms "any license, contract, and agreement," "any

state or federal agency," "state or federal courts," and "how YOU obtain judicial court decisions"

are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks

documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims

(Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object

to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58,

and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term

"YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and

thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents,

representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain legislation, regulations, ordinances, and statutes from any law or rule making organization INCLUDING municipalities, states, and the federal government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and

COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll

DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain legislation,

regulations, ordinances, and statutes from any law or rule making organization INCLUDING

municipalities, states, and the federal government."  Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU

obtain legislation, regulations, ordinances, and statutes" and "any law or rule making organization"

are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks

documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 61, 62, and 65. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 61:

All licenses, contracts, and agreements between YOU and any law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and agreements between YOU and any law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining of local, state, and federal

legislation, regulations, ordinances, and statutes." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes" and "any law or rule making organization" are unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 60, 62, and 65. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 62:**

All COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining local, state, and federal legislation, regulations, ordinances, and statutes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining local, state, and federal legislation, regulations, ordinances, and statutes." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes" and "any law or rule making organization" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos.  60, 61, and 65. Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW PRODUCT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "service branches" is unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the

subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative

of other Requests, including Request Nos. 64 and 65.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms

"THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers,

directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their]

behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 64:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and

agreements between YOU and the United States Military, including without limitation any of its

services branches, RELATING TO the WESTLAW CONTENT."  Plaintiffs object to this Request

as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is

relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request

as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "service branches" is unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 63 and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain materials from any governmental entity that appear, can be accessed, or are contained on or in YOUR WESTLAW PLATFORM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll

DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain materials from any governmental entity that appear, can be accessed, or are contained on or in YOUR WESTLAW PLATFORM."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU obtain materials," "any governmental entity, and "appear, can be accessed, or are contained on or in" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, and 64.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR' to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS and COMMUNICATIONS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case to the extent it seeks documents beyond the duplicate Request Nos. 27 and 28. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, and 78. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees,

attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show Plaintiffs' training materials for analyzing court decisions that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents and communications related to the "decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM," and Plaintiffs' "integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to implement the Document Classification System, Method and Software referenced in U.S. Patent

No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 81 and 82. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs are willing to meet and confer concerning the purported relevance of the documents requested and the scope of any production thereof.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS, including without limitation source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets,

or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "source code, object code, binaries and associated files and/or structures" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 69.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS, including without limitation source code, object

code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS evidencing the roles and responsibilities of YOUR "attorney-editors" or any other of YOUR employees who YOU contend author WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS evidencing the roles and responsibilities of YOUR 'attorney-editors' or any other of YOUR employees who YOU contend author WESTLAW CONTENT."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing the roles and responsibilities" of attorney-editors and "any other of YOUR employees who YOU contend author WESTLAW" are unclear and undefined."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 71, 72, 76, 78, and 85.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the roles of attorney-editors who author Plaintiffs' content that West alleges was copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the "decades of human creativity and choices" that have resulted in "the structure, sequence, and organization of the WKNS" as alleged in COMPLAINT ¶ 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to show the 'decades of human creativity and choices' that have resulted in 'the structure, sequence, and organization of the WKNS' as alleged in COMPLAINT ¶ 21."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'decades of human creativity and choices' that have resulted in 'the structure, sequence, and organization of the WKNS' as alleged in COMPLAINT ¶ 21."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 72, and 78.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to show the "rigorous editorial process" as alleged in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'rigorous editorial process' as alleged in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is

unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, and 76.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show West's editorial process for the content Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent

that it seeks documents that are publicly available or to which ROSS has equal access, and

therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs

object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate

the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show the

organization of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to
develop the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

RELATING TO YOUR decision to develop the KEY NUMBER SYSTEM."  Plaintiffs object to

this Request to the extent that it seeks documents that are neither relevant to any claim or defense

of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to develop the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of the WKNS that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers RELATING TO how the KEY NUMBER SYSTEM "organizes" U.S. law as alleged in COMPLAINT ¶ 12.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation any manuals, policies, procedures,

instructions, guidelines, notes, reports, and white papers RELATING TO how the KEY NUMBER SYSTEM 'organizes' U.S. law as alleged in COMPLAINT ¶ 12." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers" and "U.S. law" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 70, 72, 77, 78, 79, and 80.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show how the WKNS is organized that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to describe the KEY NUMBER SYSTEM'S "hierarchy" as defined in COMPLAINT ¶ 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to describe the KEY NUMBER SYSTEM'S 'hierarchy' as defined in COMPLAINT ¶ 13." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "describe" is

unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other

Requests, including Request Nos. 76, 78, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show the

hierarchy of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS describing the process where YOU "take [the Headnotes] and select
where in the WKNS they should be categorized" as stated in YOUR Answering Brief in
Opposition to ROSS's Motion to Dismiss, D.I. 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more

specifically, "[a]ll DOCUMENTS describing the process where YOU 'take [the Headnotes] and

select where in the WKNS they should be categorized' as stated in YOUR Answering Brief in

Opposition to ROSS's Motion to Dismiss, D.I. 15."  Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "describing

the process" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, 76, 77, and 79.

Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and

"YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and

thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the categorization of the West Headnotes that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the arrangement and ordering of the Key Number "topics."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the arrangement and ordering of the Key Number 'topics.'"  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "arrangement and ordering" are unclear and undefined.  Plaintiffs object to this Request

to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 22, 76, 77, and 78.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the arrangement and ordering of the WKNS topics that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of

time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms

"development" and "any manuals, policies, procedures, instructions, guidelines, notes, reports, and

white papers" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 73, 74, 75, 76, and 83.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show how the

WKNS is developed that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 81:**

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the
WESTLAW CONTENT, including the prosecution history of any such patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in

RELATING TO the WESTLAW CONTENT, including the prosecution history of any such

patent."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that

it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the

WESTLAW CONTENT, including the prosecution history of any such patent."  Plaintiffs object

to this Request as overly broad to the extent that it is unlimited as to time and does not specify a

timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs

object to this Request to the extent that it seeks documents that are publicly available or to which

ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for

itself.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "own,

hold, or otherwise have an interest in" and the "prosecution history of any such patent" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 67 and 82.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request as they are available through the Patent and Trademark Office database.

### REQUEST FOR PRODUCTION NO. 82:

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW

PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "own, hold, or otherwise have an interest in" and the "prosecution history of any such patent" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 67 and 81.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request as they are available through the Patent and Trademark Office database.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR development of the HEADNOTES, since WEST'S inception to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR development of the HEADNOTES, since WEST'S inception to present." Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "development" is unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 80, and 84.  Plaintiffs object to the Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to the development of Plaintiffs' headnotes that they allege Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, provided by YOU to YOUR "attorney-editors" RELATING TO the generation of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, provided by YOU to YOUR 'attorney-editors' RELATING TO the generation of HEADNOTES."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers" and "generation" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, and 83.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show how the attorney-editors create headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting," and "control and development" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 70. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce an organizational chart of Plaintiffs' Cases Editorial department that is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and COMMUNICATIONS RELATING TO KEY NUMBER SYSTEM's "immeasurable value" that "helped position Westlaw as the leading research service" as alleged in COMPLAINT ¶ 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO KEY NUMBER SYSTEM's 'immeasurable value' that 'helped position Westlaw as the leading research service' as alleged in COMPLAINT ¶ 16." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party."  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "board meeting minutes, describing YOUR strategy to license" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 88, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON

REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party." Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the

extent that the terms "board meeting minutes, describing YOUR strategy to license" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 87, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the "vast resources" YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the 'vast resources' YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the 'vast resources' YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "board meeting minutes" and "invested to develop" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 87, and 88.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show Plaintiffs' financial investment in Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "usage" is unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, 42, 43, 44, 45, 55, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors,

employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's use of Westlaw during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018."  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are

protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 41, 42, 43, 44, 45, 55, 90, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the termination of LegalEase's Service Agreement that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS describing the "derivative works" LEGALEASE purportedly produced as alleged in YOUR ANSWER TO COUNTERCLAIMS ¶¶ 11-15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS describing the 'derivative works'

LEGALEASE purportedly produced as alleged in YOUR ANSWER TO COUNTERCLAIMS ¶¶

11-15." All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage

of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33. Plaintiffs object to this

Request as vague and ambiguous to the extent that the terms "describing" and "purportedly

produced" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent

that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as

indicated in General Objection No. 7. Plaintiffs object to this Request to the extent that it seeks

documents that are protected by the attorney work-product doctrine, attorney-client privilege, or

any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative

of other Requests, including Request Nos. 39, 41, 42, 43, 44, 45, 90, 91, 93, 94, 95, 96, 97, 98, and

99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR"

to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is

defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents,

representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the

term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers,

directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its

behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive derivative works of Westlaw produced by LegalEase for Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS evidencing ROSS's alleged instruction to LEGALEASE "to breach its Service Agreement with West" as alleged in COMPLAINT ¶ 34.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS evidencing ROSS's alleged instruction to LEGALEASE 'to breach its Service Agreement with West' as alleged in COMPLAINT ¶ 34." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing" and "alleged instruction" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally

or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent

that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42,

43, 44, 45, 46, 90, 91, 92, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present

and former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs

object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to

include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in

General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents showing Defendant's

instructions to LegalEase that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 94:

All DOCUMENTS and COMMUNICATIONS evidencing when YOU discovered
LEGALEASE allegedly copied and distributed WESTLAW CONTENT to ROSS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

evidencing when YOU discovered LEGALEASE allegedly copied and distributed WESTLAW

CONTENT to ROSS." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing when YOU discovered" and "allegedly copied and distributed" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General

Objection No. 16. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying and distribution of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 95:**

All WESTLAW CONTENT ROSS purportedly obtained as alleged in COMPLAINT ¶¶ 28-29, 35.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll WESTLAW CONTENT ROSS purportedly obtained as alleged in COMPLAINT ¶¶ 28-29, 35." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purportedly obtained" is unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 96, 97, 98, and 99. Plaintiffs

object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' content that Defendant obtained that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW CONTENT as alleged in COMPLAINT ¶¶ 35, 37.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW CONTENT as alleged in COMPLAINT ¶¶ 35, 37." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are

protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' content that Defendant used that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

RELATING TO ROSS's use of WESTLAW PRODUCT."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW PRODUCT."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, and 98.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged copyright infringement alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR copyright infringement claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged copyright infringement alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR copyright infringement claim."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "mention, discuss, or refer" and "any damages, injuries, or harms," are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-

product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object

to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to

incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are

defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents,

representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the

term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors,

employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its

behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents showing Plaintiffs' harm

from Defendant's conduct that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 101:

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged tortious interference alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR tortious interference claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS which

123

mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged tortious interference alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR tortious interference claim." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "mention, discuss, or refer" and "any damages, injuries, or harms" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that tit defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' harm from Defendant's conduct that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR claims, including but not limited to all DOCUMENTS and COMMUNICATIONS that YOU will rely on in support of any of YOUR claims and defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR claims, including but not limited to all DOCUMENTS and COMMUNICATIONS that YOU will rely on in support of any of YOUR claims and defenses in this action."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 5, 6, 10, 27, 28, 32 through 36, among others.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and

"WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents that Plaintiffs will rely on in support of their claims or defenses that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS sufficient to show YOUR document retention practices or policies in force on an annual basis, including the retention of emails or other electronic Documents and Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show YOUR document retention practices or policies in force on an annual basis, including the retention of emails or other electronic Documents and Communications." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "document retention practices or policies in force

on an annual basis" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show Plaintiffs' document retention policies from 2017 to the present that are located after a reasonably diligent search, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West Publishing
Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

July 12, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

David E. Moore, Esquire                                   *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                       *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                          *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE            )
CENTRE GMBH and WEST PUBLISHING       )
CORPORATION,                          )
                                      )
                                      )
            Plaintiffs and            )   C.A. No. 20-613 (LPS)
            Counterdefendants,        )
                                      )
      v.                              )
                                      )
ROSS INTELLIGENCE INC.,               )
                                      )
            Defendant and             )
            Counterclaimant.          )

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS
ENTERPRISE CENTRE GMBH AND WEST PUBLISHING
CORPORATION'S RESPONSES AND OBJECTIONS TO
DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE
INC.'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 104–141)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United

States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"),

Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson

Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to

Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Second Set of Requests

for Production, served on November 12, 2021 (the "Requests" and each individually, a "Request")

in the above-captioned action ("Litigation") as follows:

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they purport to impose obligations

beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable

law.

2.     Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.     Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation and only as permitted by the Protective Order.

4.     Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.     In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

2

(ii)     All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii)     All objections as to vagueness and ambiguity; and

(iv)     All rights to object on any grounds to any further requests for production.

6.      Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7.      Plaintiffs object to the Requests to the extent that they are not limited to the time or geography relevant to this Litigation.  Indeed, Instruction No. 2 states that the Requests "are not limited by time unless stated within the request itself."  Similarly, Instruction No. 3 states, "Unless otherwise stated, the geographic scope covered by these requests is worldwide," and no Request includes a geographic limitation.

8.      The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.  Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

9.      Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial.  Discovery has not been completed and Plaintiffs are not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions, assertions,

and evidence that Defendant may present.  Plaintiffs reserve the right to supplement or amend this response at a future date.

10.    Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "all DOCUMENTS," "all COMMUNICATIONS," or "all WESTLAW CONTENT," responsive to the subject matter of a particular Request.  Plaintiffs will produce responsive documents, if any, that are located after a reasonably diligent search, taking into account the many potential sources of information arguably responsive to the Requests, and the proportionality of the information sought to the burden of its production.

11.    Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed. The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.    A response indicating that Plaintiffs will produce documents that are responsive to a Request is not a representation or statement of belief that any such documents exist or have existed.

13.    Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

4

14.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf."  For the purpose of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

16.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

18.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc. and not any other person or entity.

19.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any document or thing as such a description is not required by Federal Rule of Civil Procedure 34.

20.     Plaintiffs object to Instruction No. 1 to the extent that it uses the term "IDENTIFY" as indicated in General Objection No. 19.  They also object to Instruction No. 1 to the extent that it purports to require Plaintiffs to produce documents and things "at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties)."  Plaintiffs will produce documents electronically, or at such place as the parties may agree.

21.     Plaintiffs object to Instruction No. 4 as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to "IDENTIFY with particularity each such DOCUMENT"

that was "once in [Plaintiffs'] possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner," by setting forth "(a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions."

22.     Plaintiffs object to Instruction No. 5 to the extent it suggests a failure to identify documents "responsive to ANY discovery request . . . is privileged or otherwise excludable from discovery" constitutes "a waiver of such a claim" of privilege.  Plaintiffs will produce a privilege log within a reasonable period of time after the document substantially complete deadline or upon a mutually agreeable schedule.

23.     Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 104:**

DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS as referenced in paragraph 21 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "origin and creation" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS as referenced in paragraph 21 of the Complaint."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 116, 117, 118, 119, and 130.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS that Plaintiffs allege Defendant copied that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 105:

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in COMPLAINT ¶ 32.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in COMPLAINT ¶ 32" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "use . . . until the termination of . . . access to" are unclear and undefined.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in

COMPLAINT ¶ 32."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 3, 4, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 53, 54, 55, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 106, 107, 108, and 109.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's usage of Westlaw during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO

ROSS's purported use of WESTLAW." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purported use" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 107, 108, 109, and 110. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purported access" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 108, 109, and 110.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT." Plaintiffs object to this Request as vague and

ambiguous to the extent that the term "purported use" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 107, 109, and 110.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 109:**

DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "search history," "activity," "completed through," "license," "termination," and "access" are unclear and undefined.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 107, 108, and 110.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to

include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's use of Westlaw through the usernames identified in LegalEase's Responses to West Publishing Corporation's First Set of Interrogatories (Interrogatory No. 8) produced at TR-0038841 during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 110:**

DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including

16

without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "search history," "activity," "completed through," "license," and "active . . . employee" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 106, 107, 108, and 109. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce

will be based on the investigation conducted to date and are without prejudice to any later

supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that for Plaintiffs to locate responsive documents, ROSS must first provide the username(s) and

email address(es) of any accounts associated with ROSS's employees, including Andrew Arruda,

Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden.  If ROSS does so, Plaintiffs will

search for and produce relevant, non-privileged responsive documents sufficient to show use of

Westlaw by Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden

during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located

after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 111:

All cease and desist correspondence from 1978 to the present that YOU sent to ANY
PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS'
unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "[a]ll cease and desist correspondence from 1978 to the present that YOU sent

to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS'

unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not

have any connection to any issues in this case, and Defendant has not articulated what relevance

it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent

that the terms "cease and desist correspondence," "violation," and "other forms of use" are unclear

and undefined.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 112, 113, 114, and 115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 112:**

All DMCA NOTICES that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DMCA NOTICES . . . sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "violation" and "other forms of use" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "All DMCA NOTICES that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 113, 114, and 115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents

20

subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs

object to this Request as unduly burdensome to the extent that it seeks documents made unavailable

by the passage of time.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 113:**

All cease and desist correspondence from 1978 to the present that YOU sent to ANY
PERSONS RELATING TO a violation of ANY provision of a WESTLAW license RELATING
TO the use of or access to WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "[a]ll cease and desist correspondence from 1978 to the present that YOU sent

to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS'

unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not

have any connection to any issues in this case, and Defendant has not articulated what relevance

it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent

that the terms "cease and desist correspondence," "violation," "license," and "use of or access to"

are unclear and undefined.  Plaintiffs object to this Request as overly broad and unduly burdensome

to the extent that it seeks "[a]ll cease and desist correspondence from 1978 to the present that YOU

sent to ANY PERSONS RELATING TO a violation of ANY provision of a WESTLAW license

RELATING TO the use of or access to WESTLAW CONTENT."  Plaintiffs object to this Request

to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 114, and

115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU"

to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "provided to or exchanged with," "representatives," and "cease and desist communication" are unclear and undefined. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 113, and 115. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "provided to or exchanged with" and "representatives" are unclear and undefined. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 113, and 114.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 116:**

DOCUMENTS sufficient to identify YOUR "attorney editors" creating HEADNOTES, including without limitation any correspondence, logs, notes, or questions provided by or exchanged with the "attorney editors" regarding HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "DOCUMENTS sufficient to identify YOUR 'attorney editors'

creating HEADNOTES, including without limitation any correspondence, logs, notes, or questions

provided by or exchanged with the 'attorney editors' regarding HEADNOTES."  Plaintiffs object

to this Request as vague and ambiguous to the extent that the terms "correspondence," "logs,"

notes," "questions," and "provided by or exchanged with" are unclear and undefined.  Plaintiffs

object to this Request as overly broad to the extent that it is unlimited as to time and does not

specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.

Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made

unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly

burdensome to the extent that it seeks "any correspondence, logs, notes, or questions provided by

or exchanged with the 'attorney editors' regarding HEADNOTES."   Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27,

28, 66, 70, 71, 72, 78, 79, 83, 84, 85, 104, 117, 118, 119, and 130.  Plaintiffs object to this Request

as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the names of the attorney-editors who currently work for Plaintiffs that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 117:

DOCUMENTS sufficient to show YOUR process for reviewing, editing, approving, and publishing HEADNOTES created by "attorney editors".

## RESPONSE TO REQUEST FOR PRODUCTION NO. 117:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because the "process for reviewing, editing, approving, and publishing" West Headnotes may not have any connection to any issues in this case, and Defendant has not

articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "process," "reviewing," "editing," "approving," and "publishing," are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show YOUR process for reviewing, editing, approving, and publishing HEADNOTES created by 'attorney editors.'"  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, 72, 76, 77, 78, 79, 80, 83, 84, 85, 104, 116, 118, 119, 130 and 137.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the process for creating West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 118:**

DOCUMENTS sufficient to show the creation of the HEADNOTES assigned to the Supreme Court's decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___ (2021), including without limitation who created those HEADNOTES, how the HEADNOTES were created or assigned or ascribed to the judicial opinion, the date(s) and time(s) of the creation of those HEADNOTES, the date(s) and time(s) when the HEADNOTES were added to the decision, and the date(s) and time(s) when the HEADNOTES appeared on WESTLAW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because the "the creation of the HEADNOTES assigned to the Supreme Court's

decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___ (2021), including without limitation

who created those HEADNOTES, how the HEADNOTES were created or assigned or ascribed to

the judicial opinion, the date(s) and time(s) of the creation of those HEADNOTES, the date(s) and

time(s) when the HEADNOTES were added to the decision, and the date(s) and time(s) when the

HEADNOTES appeared on WESTLAW" may not have any connection to any issues in this case,

and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to

this Request as vague and ambiguous to the extent that the terms "assigned" and "ascribed" are

unclear and undefined.  Plaintiffs object to this Request as overly broad and unduly burdensome

to the extent that it seeks "DOCUMENTS sufficient to show the creation of the HEADNOTES

assigned to the Supreme Court's decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___

(2021), including without limitation who created those HEADNOTES, how the HEADNOTES

were created or assigned or ascribed to the judicial opinion, the date(s) and time(s) of the creation

of those HEADNOTES, the date(s) and time(s) when the HEADNOTES were added to the

decision, and the date(s) and time(s) when the HEADNOTES appeared on WESTLAW."

Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, 76, 77, 78, 79, 80, 83, 84, 85, 104, 116, 117, 119, and 130. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 119:**

DOCUMENTS sufficient to identify how YOU create the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify how YOU create the KEY NUMBER SYSTEM."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify how YOU create the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 104, 116, 117, 118, 130, and 137.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST"

and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the organization of West Headnotes within the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 120:**

DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent

that the terms "assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning" are unclear and undefined.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 121, and 122.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that, upon conducting a reasonable search, no responsive documents exist.

## REQUEST FOR PRODUCTION NO. 121:

DOCUMENTS sufficient to identify the KEY NUMBERS that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify the KEY NUMBERS that are or have

been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the KEY NUMBERS that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 120, and 122.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that, upon conducting a reasonable search, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 122:**

DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "any machine, computer, software, or non-human that creates or assists in the process to determine" and "assigned" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 120, and 121. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 124, 125, 126, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential

information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of West Headnotes that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 124:

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 125, 126, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of Plaintiffs' content that Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 125:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 126, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 126:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 127:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 134, 135, and 141. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this

Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of Plaintiffs' copyrighted content that Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 128:**

For the courts in each state and for each federal court, DOCUMENTS AND COMMUNICATIONS sufficient to describe how YOU obtain, source, receive, or gain access to judicial opinions from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[f]or the courts in each state and for each federal court, DOCUMENTS AND COMMUNICATIONS sufficient to describe how YOU obtain, source, receive, or gain access to judicial opinions from 1978 to the present."

Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU obtain, source, receive, or gain access to judicial opinions" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 129, and 131.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 129:

DOCUMENTS sufficient to identify each federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify each federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 128, and 131.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 130:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "process" is unclear and undefined. Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 104, 116, 117, 118, 119, and 137. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show how Plaintiffs' Headnotes and Key Numbers are added to cases during the period where Plaintiffs allege that ROSS copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "federal or state branch, agency, or entity" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature

to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 128, and 129.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 132:**

DOCUMENTS sufficient to explain how the WESTLAW boolean search functionality operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "DOCUMENTS sufficient to explain how the WESTLAW boolean search

functionality operates" may not have any connection to any issues in this case, and Defendant has

not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague

and ambiguous to the extent that the terms "how . . . search functionality operates" are unclear and

undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to

time and does not specify a timeframe that is relevant to this Litigation as indicated in General

Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly

broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to explain how

the WESTLAW boolean search functionality operates."  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request No. 133.  Plaintiffs object to this

Request to the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the

Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 133:

DOCUMENTS sufficient to explain how the WESTLAW natural language search
functionality operates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 133:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "DOCUMENTS sufficient to explain how the WESTLAW natural language

search functionality operates" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how . . . search functionality operates" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to explain how the WESTLAW natural language search functionality operates." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 132.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 134:**

DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality."   Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "financial value" and "search functionality" are unclear and

undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 127, 135, and 141.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 135:**

DOCUMENTS sufficient to identify the financial value of the WESTLAW natural language search functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW natural language search functionality."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "financial value" and "search functionality" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General

Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly

broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the

financial value of the WESTLAW natural language search functionality."  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100,

101, 102, 123, 124, 125, 126, 127, 134, and 141.  Plaintiffs object to this Request to the extent that

it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs

will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May

21, 2021.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 136:

DOCUMENTS sufficient to identify the average frequency of use of the KEY NUMBER SYSTEM by YOUR LICENSEES from 2011 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 136:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "the average frequency of use of the KEY NUMBER SYSTEM by

YOUR LICENSEES from 2011 to present."  Plaintiffs object to this Request as vague and

ambiguous to the extent that the term "average frequency of use" is unclear and undefined.

Plaintiffs object to this Request as unduly burdensome to the extent that "from 2011 to present"

covers a timeframe that is not relevant to this Litigation.  Plaintiffs object to this Request as unduly

burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks

"DOCUMENTS sufficient to identify the average frequency of use of the KEY NUMBER SYSTEM by YOUR LICENSEES from 2011 to present."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, and 42.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 137:

DOCUMENTS sufficient to identify every HEADNOTE where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 137:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify every HEADNOTE where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "top suggested" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every HEADNOTE

where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 117, 119, and 130.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 138:**

DOCUMENTS sufficient to identify every "Abstract Headnote" as defined at Bates TR-0040287.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify every 'Abstract Headnote' as defined at Bates TR-0040287." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every 'Abstract Headnote.'" Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the West Headnotes that were copied by Defendant.

**REQUEST FOR PRODUCTION NO. 139:**

DOCUMENTS sufficient to identify every "Concrete Headnote" as defined at Bates TR-0040294.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify every 'Concrete Headnote' as defined at Bates TR-0040287."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every 'Concrete Headnote.'"  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the West Headnotes that were copied by Defendant.

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS produced to YOU in response to YOUR subpoena requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will provide Defendant with a copy of the productions received in response to Plaintiffs' subpoenas.

**REQUEST FOR PRODUCTION NO. 141:**

ALL DOCUMENTS RELATING TO damages YOU claim to have suffered or be entitled to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "ALL DOCUMENTS RELATING TO damages YOU claim to have suffered or be entitled to."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 127, 134, and 135.  Plaintiffs

object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing Plaintiffs' harm from Defendant's conduct that are located after a reasonably diligent search, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

December 13, 2021

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West Publishing*
*Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 13, 2021, copies of the foregoing were caused to be

served upon the following in the manner indicated:

David E. Moore, Esquire                                  *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                           *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                              *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOs. 143–173)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Fourth Set of Requests for Production, served on March 7, 2022[1] (the "Requests" and each individually, a "Request") in the above-captioned action ("Litigation") as follows:

---

[1]   We note that on March 22, ROSS served a document titled "ROSS Intelligence Inc.'s Fourth Set of Requests for Production."  Our understanding is that the Requests for Production served on March 7 are ROSS's Fourth set, and the Requests for Production served on March 22 are ROSS's Fifth Set.

## GENERAL OBJECTIONS

1.       Plaintiffs object to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.       Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.       Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation and only as permitted by the Protective Order.

4.       Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

2

5.      In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

    (i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

    (ii)     All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

    (iii)    All objections as to vagueness and ambiguity; and

    (iv)     All rights to object on any grounds to any further requests for production.

6.      Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7.      Plaintiffs object to the Requests to the extent that they are not limited to the time or geography relevant to this Litigation.  Indeed, Instruction No. 2 states that the Requests "are not limited by time unless stated within the request itself."  Similarly, Instruction No. 3 states, "[u]nless otherwise stated, the geographic scope covered by these requests is worldwide," and no Request includes a geographic limitation.

8.      The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.  Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

9.     Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial.  Discovery has not been completed and Plaintiffs are not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions, assertions, and evidence that Defendant may present.  Plaintiffs reserve the right to supplement or amend this response at a future date.

10.     Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "[a]ll DOCUMENTS," responsive to the subject matter of a particular Request.  Plaintiffs will produce responsive documents, if any, that are located after a reasonably diligent search, taking into account the many potential sources of information arguably responsive to the Requests, and the proportionality of the information sought to the burden of its production.

11.     A response indicating that Plaintiffs will produce documents that are responsive to a Request is not a representation or statement of belief that any such documents exist or have existed.

12.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

4

13.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

14.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf."  For the purposes of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

16.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc. and not any other person or entity.

18.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any "document or thing," as such a description is not required by Federal Rule of Civil Procedure 34.

19.     Plaintiffs object to Instruction No. 1 to the extent that it uses the term "IDENTIFY" as indicated in General Objection No. 18.  They also object to Instruction No. 1 to the extent that it purports to require Plaintiffs to produce documents and things "at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties)."  Plaintiffs will produce documents electronically, or at such place as the parties may agree.

20.     Plaintiffs object to Instruction No. 4 as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to "IDENTIFY with particularity each such

6

DOCUMENT" that was "once in [Plaintiffs'] possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner," by setting forth "(a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions."

21.     Plaintiffs object to Instruction No. 5 to the extent it suggests a failure to identify documents "responsive to ANY discovery request . . . is privileged or otherwise excludable from discovery" constitutes "a waiver of such a claim" of privilege.  Plaintiffs will produce a privilege log within a reasonable period of time after the document substantially complete deadline or upon a mutually agreeable schedule.

22.     Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 143:

The "audit" of each HEADNOTE that ROSS has allegedly infringed, including without limitation information regarding ALL of the summary writers, ALL original drafts of each and every allegedly infringed HEADNOTE, and ALL revisions to each and every allegedly infringed HEADNOTE.  *See* TR-0532476.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of a burdensome "audit" for each of thousands of individual headnotes.  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because audit information from each headnote has no bearing on the Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 68, 69, 70, 71, 72, 83, 84, 116, 117, 118, 138, 139, 144, and 145.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "audit," "summary writers," "original drafts," and "revisions" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries,

8

affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 144:**

DOCUMENTS RELATING OR REFERRING TO the creation and development of each HEADNOTE that ROSS has allegedly infringed, including without limitation, the initial creation and ALL revisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents relating to each of thousands of individual headnotes. Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks information on the development and revision process of thousands of headnotes and any relevance it may have is significantly outweighed by the burden of production. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 68, 69, 70, 71, 72, 83, 84, 116, 117, 118, 138, 139, 143, and 145. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "creation and development," "initial creation," and "revisions" are unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term

"ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees,

attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries,

affiliated companies, or any other person or entity acting or purporting to act on its behalf," as

indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 145:**

DOCUMENTS sufficient to IDENTIFY the process by which every HEADNOTE that
ROSS allegedly infringed was created, including without limitation whether and how the
"Summary Tool" was used in connection with the creation of the HEADNOTES that ROSS
allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly

burdensome to the extent that it seeks production of documents relating to each of thousands of

individual headnotes.  Plaintiffs object to this Request to the extent that it seeks documents that

are neither relevant to any claim or defense of any party in this Litigation nor proportional to the

needs of the case because it seeks information on the creation process of thousands of headnotes

and any relevance it may have is significantly outweighed by the burden of production.

Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made

unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 68, 69, 70, 71, 72, 83, 84,

116, 117, 118, 138, 139, 143, and 144.  Plaintiffs object to this Request as vague and ambiguous

to the extent that the terms "created" and "creation" are unclear and undefined.  Plaintiffs object

to this Request to the extent that it calls for confidential information, trade secrets, or proprietary

business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48,

which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to

the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and

former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have already produced relevant, non-privileged responsive documents sufficient to

show West's editorial process for the content ROSS copied, including documents sufficient to

show how the Summary Tool is used, and Plaintiffs will not search for or produce additional

documents.

**REQUEST FOR PRODUCTION NO. 146:**

The "audit trail" information RELATING TO each CLASSIFICATION
RELATIONSHIP that ROSS has allegedly infringed, including without limitation, information
regarding the "relationship created and relationship updated information," "when [the]
classification was committed," "when it was published," information about the "particular
hierarchy node," "the health of the classification," and "changes whether made by the summary
writer or classifier."  TR-0532449-50.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly

burdensome to the extent that it seeks production of a burdensome "audit" for each of thousands

of individual headnotes.  Plaintiffs object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because audit information from each headnote has no bearing on the

Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 68, 69, 70, 71, 72, 76, 77, 78, 120, 121, 122, and 147. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "audit trail" is unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 147:

DOCUMENTS RELATING OR REFERRING TO the creation and development of each and every CLASSIFICATION RELATIONSHIP that ROSS has allegedly infringed, including without limitation ALL initial classifications and ALL revisions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 147:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents for each of thousands of individual classifications. Plaintiffs object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because information on the classification of each of thousands of headnotes has no bearing on the Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 68, 69, 70, 71, 72, 76, 77, 78, 120, 121, 122, and 146.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "creation and development," "initial classifications," and "revisions" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS; Plaintiffs will not produce further documents responsive to this request because there is no non-burdensome way to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 148:**

DOCUMENTS RELATING OR REFERRING TO the creation and development of each and every TOPIC that ROSS has allegedly infringed, including without limitation the initial creation of each and every allegedly infringed TOPIC and ALL revisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents for each TOPIC in the WEST KEY NUMBER SYSTEM.  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because information on the creation of each TOPIC has no bearing on the Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, 73, 74, 75, 84, 104, 119, 121, 122, 149, 150, 151, 152, and 153.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "creation and development," "initial creation," and "revisions" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

14

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS; Plaintiffs will not produce further documents responsive to this request because there is no non-burdensome way to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 149:**

DOCUMENTS RELATING OR REFERRING TO the creation and development of each and every SUBTOPIC that ROSS has allegedly infringed, including without limitation the initial creation of each and every allegedly infringed SUBTOPIC and ALL revisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents for each SUBTOPIC in the WEST KEY NUMBER SYSTEM. Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because information on the creation of each SUBTOPIC has no bearing on the Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, 73, 74, 75, 84, 104, 119, 121, 122, 148, 150, 151, 152, and 153. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "creation and development," "initial creation," and "revisions" are unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary

business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS; Plaintiffs will not produce further documents responsive to this request because there is no non-burdensome way to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 150:**

DOCUMENTS RELATING OR REFERRING TO the creation and development of each and every KEY NUMBER that ROSS has allegedly infringed, including without limitation the initial creation of each and every KEY NUMBER and ALL revisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks production of documents for each KEY NUMBER in the WEST KEY NUMBER SYSTEM.  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because information on the creation of each KEY NUMBER has no bearing on the Parties' claims or defenses and any relevance it may have is significantly outweighed by the burden of production.  Plaintiffs object to this Request as unduly

burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, 73, 74, 75, 84, 104, 119, 121, 122, 148, 149, 151, 152, and 153.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "creation and development," "initial creation," and "revisions" are unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS; Plaintiffs will not produce further documents responsive to this request because there is no non-burdensome way to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 151:**

DOCUMENTS sufficient to identify how YOU determine when to add KEY NUMBERS to the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

17

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72,

73, 74, 75, 84, 104, 119, 121, 122, 148, 149, 150, 152, and 153.  Plaintiffs object to this Request

as vague and ambiguous to the extent that the term "determine" is unclear and undefined.

Plaintiffs object to this Request to the extent that it calls for confidential information, trade

secrets, or proprietary business information.  Plaintiffs will produce documents subject to the

Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this

Request as overly broad to the extent that it defines the term "YOU" to incorporate the

definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have produced documents sufficient to show the process by which changes are made to

the organization of the West Key Number System; Plaintiffs will not produce further documents

responsive to this request.

**REQUEST FOR PRODUCTION NO. 152:**

DOCUMENTS sufficient to identify how YOU determine when to add TOPICS to the
KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as unduly burdensome to the extent

that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27,

28, 70, 71, 72, 73, 74, 75, 84, 104, 119, 121, 122, 148, 149, 150, 151, and 153. Plaintiffs object

to this Request as vague and ambiguous to the extent that the term "determine" is unclear and

undefined. Plaintiffs object to this Request to the extent that it calls for confidential information,

trade secrets, or proprietary business information. Plaintiffs will produce documents subject to

the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this

Request as overly broad to the extent that it defines the term "YOU" to incorporate the

definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have produces documents sufficient to show the process by which changes are made to

the organization of the West Key Number System in accordance with prior requests for

production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 153:**

DOCUMENTS sufficient to identify how YOU determine when to add SUBTOPICS to
the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein. Plaintiffs specifically object to this Request as unduly burdensome to the extent

that it seeks documents made unavailable by the passage of time. Plaintiffs specifically object to

this Request as overly broad and unduly burdensome to the extent that it seeks documents on all

subtopics in the Key Number System.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, 73, 74, 75, 84,

104, 119, 121, 122, 148, 149, 150, 151, and 152.  Plaintiffs object to this Request as vague and

ambiguous to the extent that the term "determine" is unclear and undefined.  Plaintiffs object to

this Request to the extent that it calls for confidential information, trade secrets, or proprietary

business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48,

which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to

the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON

REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre

GmbH's and West Publishing Corporation's "present and former officers, directors, employees,

attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries,

affiliated companies, or any other person or entity acting or purporting to act on [their] behalf,"

as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have produced documents sufficient to show the process by which changes are made to

the organization of the West Key Number System in accordance with prior requests for

production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 154:**

DOCUMENTS sufficient to describe how the HEADNOTES and KEY NUMBER
SYSTEM contribute to the functionality of "WestSearch Plus," including without limitation how
they contribute to the functionality of WestSearch Plus to "answers customers' questions posed
in natural language."  *See* TR-0037674.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as unduly burdensome to the extent

that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this

Request to the extent that it seeks documents that are neither relevant to any claim or defense of

any party in this Litigation nor proportional to the needs of the case because it seeks documents

that do not relate to the infringement at issue in this case.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 132, 133, 134, and 135.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "describe,"

"contribute," and "functionality" are unclear and undefined.  Plaintiffs object to this Request to

the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which

the Court ordered on May 21, 2021.

Plaintiffs state that any relevant non-privileged documents concerning the search

functionality of the Westlaw Platform have already been searched for and produced in

accordance with prior requests for production, and Plaintiffs will not search for or produce

additional documents.

**REQUEST FOR PRODUCTION NO. 155:**

DOCUMENTS sufficient to identify what portion of a WESTLAW subscription fee is
attributable to the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it seeks documents that are unrelated to the infringement at issue in

this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 123, 124, 127, 134, 135, 157, 163, and 167.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "portion" and "attributable" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the value of the West headnotes; Plaintiffs will not produce further documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 156:

DOCUMENTS sufficient to identify what portion of a WESTLAW subscription fee is attributable to the TOPICS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 156:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents that are unrelated to the infringement at issue in this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134,

135, 158, 159, 160, 161, 162, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "portion" and "attributable" are unclear and

undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information,

trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to

the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this

Request to the extent that it is premature in that it asks or requires Plaintiffs to produce

documents on matters for which Plaintiffs' investigation and discovery have not yet been

completed.  The documents that Plaintiffs produce will be based on the investigation conducted

to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs

will not produce further documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 157:

DOCUMENTS sufficient to identify what portion of the "Hourly," "Offline Delivery,"
and "Transactional" fees are attributable to the HEADNOTES.  *See* TR-0894151.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it seeks documents that are unrelated to the infringement at issue in

this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 123, 124, 127, 134,

135, 155, 163, and 167.  Plaintiffs object to this Request as vague and ambiguous to the extent

that the terms "portion" and "attributable" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs will not produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to identify what portion of the "Hourly," "Offline Delivery," and "Transactional" fees are attributable to the TOPICS.  *See* TR-0894151.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents that are unrelated to the infringement at issue in this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 159, 160, 161, 162, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "portion" and "attributable" are unclear and

undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information,

trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to

the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this

Request to the extent that it is premature in that it asks or requires Plaintiffs to produce

documents on matters for which Plaintiffs' investigation and discovery have not yet been

completed.  The documents that Plaintiffs produce will be based on the investigation conducted

to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs

will not produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to identify what portion of a WESTLAW subscription fee is
attributable to the SUBTOPIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it seeks documents that are unrelated to the infringement at issue in

this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134,

135, 156, 158, 160, 161, 162, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "portion," "attributable," and "the SUBTOPIC"

are unclear and undefined.  For purposes of this response, Plaintiffs interpret "the SUBTOPIC"

to mean the subtopics in the West Key Number System.  Plaintiffs object to this Request to the

extent that it calls for confidential information, trade secrets, or proprietary business information.

Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court

ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in

that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs'

investigation and discovery have not yet been completed.  The documents that Plaintiffs produce

will be based on the investigation conducted to date and are without prejudice to any later

supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs

will not produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to identify what portion of a WESTLAW subscription fee is
attributable to the KEY NUMBER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it seeks documents that are unrelated to the infringement in this

case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134,

135, 156, 158, 159, 161, 162, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "portion," "attributable," and "the KEY

NUMBER" are unclear and undefined.  For purposes of this response, Plaintiffs interpret "the

KEY NUMBER" to mean the West Key Number System.  Plaintiffs object to this Request to the

extent that it calls for confidential information, trade secrets, or proprietary business information.

Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court

ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in

that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs'

investigation and discovery have not yet been completed.  The documents that Plaintiffs produce

will be based on the investigation conducted to date and are without prejudice to any later

supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs

will not produce documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to identify what portion of the "Hourly," "Offline Delivery,"
and "Transactional" fees are attributable to the SUBTOPICS.  *See* TR-0894151.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it seeks documents that are unrelated to the infringement in this

case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134,

135, 156, 158, 159, 160, 162, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "portion" and "attributable" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs will not produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to identify what portion of the "Hourly," "Offline Delivery," and "Transactional" fees are attributable to the KEY NUMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the infringement at issue in this case.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 158, 159, 160, 161, 164, 165, 166, 167, and 168.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "portion" and "attributable" are unclear and

undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have already produced documents sufficient to show the value of the WKNS; Plaintiffs will not produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 163:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the HEADNOTES that ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 123, 124, 127, 134, 135, 155, 157, and 167.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this

29

Request to the extent that it is premature in that it asks or requires Plaintiffs to produce

documents on matters for which Plaintiffs' investigation and discovery have not yet been

completed.  The documents that Plaintiffs produce will be based on the investigation conducted

to date and are without prejudice to any later supplementation, amendment, or modification.

Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to

include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in

General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that any relevant non-privileged documents concerning the value of Westlaw Content have

already been searched for and produced in accordance with prior requests for production, and

Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 164:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the TOPICS that
ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly

burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject.  Plaintiffs object to

this Request as unduly burdensome to the extent that it seeks documents made unavailable by the

passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other

Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 158, 159, 160, 161, 162, 165,

166, 167, and 168.  Plaintiffs object to this Request as vague and ambiguous to the extent that the

term "value" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls

for confidential information, trade secrets, or proprietary business information.  Plaintiffs will

produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires

Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have

not yet been completed.  The documents that Plaintiffs produce will be based on the investigation

conducted to date and are without prejudice to any later supplementation, amendment, or

modification.  Plaintiffs object to this Request as overly broad to the extent that it defines the

term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors,

employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its

behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that any relevant non-privileged documents concerning the value of Westlaw Content have

already been searched for and produced in accordance with prior requests for production, and

Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 165:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the SUBTOPICS
that ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs object to this Request as overly broad and unduly burdensome to the

extent that it seeks "ALL DOCUMENTS" on this subject.  Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of

time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 158, 159, 160, 161, 162, 164, 166, 167, and 168.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that any relevant non-privileged documents concerning the value of Westlaw Content have already been searched for and produced in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 166:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the KEY NUMBERS that ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 158, 159, 160, 161, 162, 164, 165, 167, and 168.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that any relevant nonprivileged documents concerning the value of Westlaw Content have already been searched for and produced in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

33

**REQUEST FOR PRODUCTION NO. 167:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the CLASSIFICATION RELATIONSHIPS that ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 123, 124, 127, 134, 135, 155, 157, and 163. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

34

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that any relevant non-privileged documents concerning the value of Westlaw Content have already been searched for and produced in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 168:**

ALL DOCUMENTS RELATED OR REFERRING TO the value of the portions of the KEY NUMBER SYSTEM that ROSS allegedly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 125, 126, 127, 134, 135, 156, 158, 159, 160, 161, 162, 164, 165, 166, and 167.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors,

35

employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that any relevant non-privileged documents concerning the value of Westlaw Content have already been searched for and produced in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 169:**

ALL DOCUMENTS RELATING OR REFERRING to the "pro forma value of the content" described in PLAINTIFFS' response to ROSS' Interrogatory No. 21, between January 1, 2015, and May 31, 2020, including without limitation how the value is determined, and how often licensees pay the pro forma price.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks that do not relate to the pro forma values at issue in this case. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" on this subject. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 127, 141, 171, 172, and 173. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "value" is unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary

business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they have produced documents sufficient to show the pro forma values referenced in their response to ROSS's Interrogatory 21 in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS sufficient to identify WESTLAW licensing agreement terms and conditions that are offered to libraries, including without limitation public libraries and law libraries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because the terms and conditions of licensing agreements for parties not related to this case have no bearing on the Parties' claims or defenses and any relevance they may have is significantly outweighed by the burden of production.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 53, 54. 87, and 88.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "libraries," "public libraries," and "law libraries" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 171:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR financial losses due to ANY PERSONS use of the ROSS platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it requests documents relating to "financial losses due to ANY PERSONS use of the ROSS platform."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS AND COMMUNICATIONS" on this subject.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 127, 141, 169, 172, and 173.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial losses" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

38

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that any relevant non-privileged documents concerning their financial losses due to third parties' use of the ROSS platform have already been searched for and produced in accordance with prior requests for production, and Plaintiffs will not search for or produce additional documents.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any discounts provided to "pro forma" billing rates, as described in PLAINTIFFS' response to ROSS' Interrogatory No. 21, and the circumstances under which those discounts were provided, between January 1, 2015, and May 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it requests documents that do not relate to the infringement at issue. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 127, 141, 169, 171, and 173.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "discounts" and "circumstances" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the

definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have produced documents showing discounts given to LegalEase, and Plaintiffs will not

produce further documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 173:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING OR REFERRING to any
changes or variations that PLAINTIFFS made to the "pro forma" billings rates for ANY
PERSONS, between January 1, 2015, and May 31, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents

that are neither relevant to any claim or defense of any party in this Litigation nor proportional to

the needs of the case because it requests documents relating to changes in pro forma rates for

parties other than LegalEase.  Plaintiffs object to this Request as overly broad and unduly

burdensome to the extent that it seeks "ALL DOCUMENTS AND COMMUNICATIONS" on

this subject.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests,

including Request Nos. 127, 141, 169, 171, and 172.  Plaintiffs object to this Request as vague

and ambiguous to the extent that the term "changes or variations" is unclear and undefined.

Plaintiffs object to this Request to the extent that it calls for confidential information, trade

secrets, or proprietary business information.  Plaintiffs will produce documents subject to the

Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this

Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the

definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they have produced documents sufficient to show changes to the pro forma rates during the

time period in which they allege LegalEase and/or ROSS infringed Westlaw Content, and

Plaintiffs will not produce further documents responsive to this Request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

*Attorneys for Plaintiffs and Counterdefendants*
*Thomson Reuters Enterprise Center GmbH*
*and West Publishing Corporation*

41

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

April 6, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                    *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                 *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS
ENTERPRISE CENTRE GMBH AND WEST PUBLISHING
CORPORATION'S RESPONSES AND OBJECTIONS TO
DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE
INC.'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 104–141)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United

States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"),

Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson

Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to

Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Second Set of Requests

for Production, served on November 12, 2021 (the "Requests" and each individually, a "Request")

in the above-captioned action ("Litigation") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the Requests to the extent that they purport to impose obligations

beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable

law.

2.      Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation and only as permitted by the Protective Order.

4.      Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.      In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

2

(ii)    All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii)    All objections as to vagueness and ambiguity; and

(iv)    All rights to object on any grounds to any further requests for production.

6. Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7. Plaintiffs object to the Requests to the extent that they are not limited to the time or geography relevant to this Litigation. Indeed, Instruction No. 2 states that the Requests "are not limited by time unless stated within the request itself." Similarly, Instruction No. 3 states, "Unless otherwise stated, the geographic scope covered by these requests is worldwide," and no Request includes a geographic limitation.

8. The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests. Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

9. Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial. Discovery has not been completed and Plaintiffs are not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions, assertions,

and evidence that Defendant may present.  Plaintiffs reserve the right to supplement or amend this response at a future date.

10.     Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "all DOCUMENTS," "all COMMUNICATIONS," or "all WESTLAW CONTENT," responsive to the subject matter of a particular Request.  Plaintiffs will produce responsive documents, if any, that are located after a reasonably diligent search, taking into account the many potential sources of information arguably responsive to the Requests, and the proportionality of the information sought to the burden of its production.

11.     Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed. The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.     A response indicating that Plaintiffs will produce documents that are responsive to a Request is not a representation or statement of belief that any such documents exist or have existed.

13.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

14.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf."  For the purpose of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

16.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

18.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc. and not any other person or entity.

19.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any document or thing as such a description is not required by Federal Rule of Civil Procedure 34.

20.     Plaintiffs object to Instruction No. 1 to the extent that it uses the term "IDENTIFY" as indicated in General Objection No. 19.  They also object to Instruction No. 1 to the extent that it purports to require Plaintiffs to produce documents and things "at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties)."  Plaintiffs will produce documents electronically, or at such place as the parties may agree.

21.     Plaintiffs object to Instruction No. 4 as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to "IDENTIFY with particularity each such DOCUMENT"

that was "once in [Plaintiffs'] possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner," by setting forth "(a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions."

22.    Plaintiffs object to Instruction No. 5 to the extent it suggests a failure to identify documents "responsive to ANY discovery request . . . is privileged or otherwise excludable from discovery" constitutes "a waiver of such a claim" of privilege.  Plaintiffs will produce a privilege log within a reasonable period of time after the document substantially complete deadline or upon a mutually agreeable schedule.

23.    Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 104:

DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS as referenced in paragraph 21 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "origin and creation" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS RELATING TO the origin and creation of the structure, sequence and organization of the WKNS as referenced in paragraph 21 of the Complaint." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 116, 117, 118, 119, and 130. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS that Plaintiffs allege Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in COMPLAINT ¶ 32.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in COMPLAINT ¶ 32" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "use . . . until the termination of . . . access to" are unclear and undefined.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S use of WESTLAW from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT as referenced in COMPLAINT ¶¶ 30-32, including the investigation referenced in

COMPLAINT ¶ 32."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 3, 4, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 53, 54, 55, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 106, 107, 108, and 109.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's usage of Westlaw during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO

ROSS's purported use of WESTLAW." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purported use" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 107, 108, 109, and 110. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purported access" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported access of WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 108, 109, and 110. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT."  Plaintiffs object to this Request as vague and

ambiguous to the extent that the term "purported use" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's purported use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 107, 109, and 110.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS and West Headnotes and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 109:**

DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "search history," "activity," "completed through," "license," "termination," and "access" are unclear and undefined. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY LEGALEASE license from 2015 until the termination of LEGALEASE's access to WESTLAW and WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 105, 106, 107, 108, and 110. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to

include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's use of Westlaw through the usernames identified in LegalEase's Responses to West Publishing Corporation's First Set of Interrogatories (Interrogatory No. 8) produced at TR-0038841 during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 110:**

DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including

without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "search history," "activity," "completed through," "license," and "active . . . employee" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS that reflect the WESTLAW search history for ALL activity completed through ANY license from ROSS or ANY active ROSS employee, including without limitation, Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 106, 107, 108, and 109. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce

will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that for Plaintiffs to locate responsive documents, ROSS must first provide the username(s) and email address(es) of any accounts associated with ROSS's employees, including Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden.  If ROSS does so, Plaintiffs will search for and produce relevant, non-privileged responsive documents sufficient to show use of Westlaw by Andrew Arruda, Jimoh Ovbiagele, Thomas Hamilton, and Tomas van der Heijden during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 111:**

All cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "cease and desist correspondence," "violation," and "other forms of use" are unclear

and undefined.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 112, 113, 114, and 115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 112:**

All DMCA NOTICES that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DMCA NOTICES . . . sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "violation" and "other forms of use" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "All DMCA NOTICES that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 113, 114, and 115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents

subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 113:**

All cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of ANY provision of a WESTLAW license RELATING TO the use of or access to WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of the U.S. Copyright Act due to the PERSONS' unauthorized reproduction, display, or other forms of use of WESTLAW CONTENT" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "cease and desist correspondence," "violation," "license," and "use of or access to" are unclear and undefined. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll cease and desist correspondence from 1978 to the present that YOU sent to ANY PERSONS RELATING TO a violation of ANY provision of a WESTLAW license RELATING TO the use of or access to WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 114, and 115. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU"

to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as

vague and ambiguous to the extent that the terms "provided to or exchanged with," "representatives," and "cease and desist communication" are unclear and undefined.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a cease and desist communication from 1978 to the present."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 113, and 115.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

      Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "provided to or exchanged with" and "representatives" are unclear and undefined.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS provided to or exchanged with any PERSONS or their representatives to whom YOU sent a DMCA Notice."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 111, 112, 113, and 114.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 116:**

DOCUMENTS sufficient to identify YOUR "attorney editors" creating HEADNOTES, including without limitation any correspondence, logs, notes, or questions provided by or exchanged with the "attorney editors" regarding HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify YOUR 'attorney editors' creating HEADNOTES, including without limitation any correspondence, logs, notes, or questions provided by or exchanged with the 'attorney editors' regarding HEADNOTES."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "correspondence," "logs," notes," "questions," and "provided by or exchanged with" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "any correspondence, logs, notes, or questions provided by or exchanged with the 'attorney editors' regarding HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, 72, 78, 79, 83, 84, 85, 104, 117, 118, 119, and 130.  Plaintiffs object to this Request

as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the names of the attorney-editors who currently work for Plaintiffs that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 117:**

DOCUMENTS sufficient to show YOUR process for reviewing, editing, approving, and publishing HEADNOTES created by "attorney editors".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because the "process for reviewing, editing, approving, and publishing" West Headnotes may not have any connection to any issues in this case, and Defendant has not

articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "process," "reviewing," "editing," "approving," and "publishing," are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show YOUR process for reviewing, editing, approving, and publishing HEADNOTES created by 'attorney editors.'"  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, 72, 76, 77, 78, 79, 80, 83, 84, 85, 104, 116, 118, 119, 130 and 137.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the process for creating West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 118:**

DOCUMENTS sufficient to show the creation of the HEADNOTES assigned to the Supreme Court's decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___ (2021), including without limitation who created those HEADNOTES, how the HEADNOTES were created or assigned or ascribed to the judicial opinion, the date(s) and time(s) of the creation of those HEADNOTES, the date(s) and time(s) when the HEADNOTES were added to the decision, and the date(s) and time(s) when the HEADNOTES appeared on WESTLAW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because the "the creation of the HEADNOTES assigned to the Supreme Court's decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___ (2021), including without limitation who created those HEADNOTES, how the HEADNOTES were created or assigned or ascribed to the judicial opinion, the date(s) and time(s) of the creation of those HEADNOTES, the date(s) and time(s) when the HEADNOTES were added to the decision, and the date(s) and time(s) when the HEADNOTES appeared on WESTLAW" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "assigned" and "ascribed" are unclear and undefined. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the creation of the HEADNOTES assigned to the Supreme Court's decision in *Google LLC v. Oracle America, Inc.*, 593 U.S. ___ (2021), including without limitation who created those HEADNOTES, how the HEADNOTES were created or assigned or ascribed to the judicial opinion, the date(s) and time(s) of the creation of those HEADNOTES, the date(s) and time(s) when the HEADNOTES were added to the decision, and the date(s) and time(s) when the HEADNOTES appeared on WESTLAW."

Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including

Request Nos. 25, 26, 27, 28, 70, 71, 72, 76, 77, 78, 79, 80, 83, 84, 85, 104, 116, 117, 119, and 130.

Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets,

or proprietary business information.  Plaintiffs will produce documents subject to the Protective

Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 119:**

DOCUMENTS sufficient to identify how YOU create the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "DOCUMENTS sufficient to identify how YOU create the KEY

NUMBER SYSTEM."  Plaintiffs object to this Request as overly broad to the extent that it is

unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated

in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent

that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request

as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to

identify how YOU create the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21,

23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 104, 116, 117,

118, 130, and 137.  Plaintiffs object to this Request as overly broad to the extent that it defines the

term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST"

and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the organization of West Headnotes within the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 120:**

DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent

that the terms "assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning" are unclear and undefined.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS from 1978 to the present sufficient to identify the HEADNOTES that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 121, and 122.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that, upon conducting a reasonable search, no responsive documents exist.

## REQUEST FOR PRODUCTION NO. 121:

DOCUMENTS sufficient to identify the KEY NUMBERS that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify the KEY NUMBERS that are or have

been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the KEY NUMBERS that are or have been assigned or ascribed to a judicial opinion by a machine, computer, software, or any non-human that assists in the assigning of KEY NUMBERS."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 120, and 122.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that, upon conducting a reasonable search, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 122:**

DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "any machine, computer, software, or non-human that creates or assists in the process to determine" and "assigned" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify any machine, computer, software, or non-human that creates or assists in the process to determine which HEADNOTES or KEY NUMBERS should be assigned to a judicial opinion." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 68, 69, 120, and 121.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the HEADNOTES." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 124, 125, 126, 127, 134, 135, and 141. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request to the extent that it calls for confidential

information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 124:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any HEADNOTES that YOU contend ROSS infringed, directly or indirectly."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 125, 126, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of Plaintiffs' content that Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 125:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 126, 127, 134, 135, and 141.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 126:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any KEY NUMBERS that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 127, 134, 135, and 141. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 127:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "financial value" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the financial value to YOU of any copyrights that YOU contend ROSS infringed, directly or indirectly." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 134, 135, and 141. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this

Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the value of Plaintiffs' copyrighted content that Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 128:**

For the courts in each state and for each federal court, DOCUMENTS AND COMMUNICATIONS sufficient to describe how YOU obtain, source, receive, or gain access to judicial opinions from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[f]or the courts in each state and for each federal court, DOCUMENTS AND COMMUNICATIONS sufficient to describe how YOU obtain, source, receive, or gain access to judicial opinions from 1978 to the present."

Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU obtain, source, receive, or gain access to judicial opinions" are unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 129, and 131. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 129:**

DOCUMENTS sufficient to identify each federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify each federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "federal or state branch, agency, or entity from which YOU obtain, source, receive, or gain access to judicial opinions" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 128, and 131.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 130:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present." Plaintiffs object to this Request as vague and ambiguous to the extent that the term "process" is unclear and undefined. Plaintiffs object to this Request as unduly burdensome to the extent that "from 1978 to the present" covers a timeframe that is not relevant to this Litigation. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS AND COMMUNICATIONS sufficient to identify the process by which YOU add WESTLAW CONTENT to judicial opinions from 1978 to the present." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 104, 116, 117, 118, 119, and 137. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show how Plaintiffs' Headnotes and Key Numbers are added to cases during the period where Plaintiffs allege that ROSS copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "[a]ll DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "federal or state branch, agency, or entity" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature

to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS AND COMMUNICATIONS BETWEEN YOU AND ANY federal or state branch, agency, or entity RELATING TO HEADNOTES or the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, 64, 65, 128, and 129.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 132:**

DOCUMENTS sufficient to explain how the WESTLAW boolean search functionality operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "DOCUMENTS sufficient to explain how the WESTLAW boolean search

functionality operates" may not have any connection to any issues in this case, and Defendant has

not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague

and ambiguous to the extent that the terms "how . . . search functionality operates" are unclear and

undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to

time and does not specify a timeframe that is relevant to this Litigation as indicated in General

Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly

broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to explain how

the WESTLAW boolean search functionality operates."  Plaintiffs object to this Request to the

extent that it is duplicative of other Requests, including Request No. 133.  Plaintiffs object to this

Request to the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the

Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 133:**

DOCUMENTS sufficient to explain how the WESTLAW natural language search
functionality operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because "DOCUMENTS sufficient to explain how the WESTLAW natural language

search functionality operates" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how . . . search functionality operates" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to explain how the WESTLAW natural language search functionality operates." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 132. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 134:**

DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "financial value" and "search functionality" are unclear and

48

undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW Boolean search functionality."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 127, 135, and 141.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 135:**

DOCUMENTS sufficient to identify the financial value of the WESTLAW natural language search functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW natural language search functionality."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "financial value" and "search functionality" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General

Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify the financial value of the WESTLAW natural language search functionality."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 127, 134, and 141.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 136:**

DOCUMENTS sufficient to identify the average frequency of use of the KEY NUMBER SYSTEM by YOUR LICENSEES from 2011 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "the average frequency of use of the KEY NUMBER SYSTEM by YOUR LICENSEES from 2011 to present."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "average frequency of use" is unclear and undefined.  Plaintiffs object to this Request as unduly burdensome to the extent that "from 2011 to present" covers a timeframe that is not relevant to this Litigation.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks

"DOCUMENTS sufficient to identify the average frequency of use of the KEY NUMBER SYSTEM by YOUR LICENSEES from 2011 to present."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, and 42.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 137:**

DOCUMENTS sufficient to identify every HEADNOTE where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because "DOCUMENTS sufficient to identify every HEADNOTE where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339" may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "top suggested" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every HEADNOTE

where the top suggested KEY NUMBER by the JCaRE system was selected by the classifier, as stated at Bates TR-0036339." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 14, 15, 17, 18, 20, 21, 23, 24, 27, 28, 30, 31, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 102, 117, 119, and 130.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 138:**

DOCUMENTS sufficient to identify every "Abstract Headnote" as defined at Bates TR-0040287.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify every 'Abstract Headnote' as defined at Bates TR-0040287." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every 'Abstract Headnote.'" Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the West Headnotes that were copied by Defendant.

**REQUEST FOR PRODUCTION NO. 139:**

DOCUMENTS sufficient to identify every "Concrete Headnote" as defined at Bates TR-0040294.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to identify every 'Concrete Headnote' as defined at Bates TR-0040287."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to identify every 'Concrete Headnote.'"  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show the West Headnotes that were copied by Defendant.

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS produced to YOU in response to YOUR subpoena requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will provide Defendant with a copy of the productions received in response to Plaintiffs' subpoenas.

**REQUEST FOR PRODUCTION NO. 141:**

ALL DOCUMENTS RELATING TO damages YOU claim to have suffered or be entitled to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "ALL DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "ALL DOCUMENTS RELATING TO damages YOU claim to have suffered or be entitled to." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 86, 89, 100, 101, 102, 123, 124, 125, 126, 127, 134, and 135. Plaintiffs

object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing Plaintiffs' harm from Defendant's conduct that are located after a reasonably diligent search, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West Publishing*
*Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

December 13, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2021, copies of the foregoing were caused to be

served upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                             *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)

# EXHIBIT 4

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 Clarendon Street
Boston, MA 02116
United States

Miranda Means
To Call Writer Directly:
+1 617 385 7419
miranda.means@kirkland.com

+1 617 385 7500

Facsimile:
+1 617 385 7501

www.kirkland.com

June 23, 2022

**Via Email**

Joachim Steinberg
Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
jsteinberg@crowell.com

Re:     *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence,
Inc*., Case No. 20-613-LPS, RFP Nos. 100-102, 123-126, and 141.

Dear Joachim:

We write on behalf of Thomson Reuters Enterprise Centre GmbH and West Publishing
Corp. (collectively "Plaintiffs") in response to ROSS Intelligence, Inc.'s ("ROSS") letter of June
8, 2022, concerning Request for Production Nos. 100-102, 123-126, and 141.

A number of the points in your Letter were already addressed in our prior letters, so we
do not think it makes sense to rehash them all here.  Ultimately, as we explained in our May 11
letter, Plaintiffs produced exactly what they said they would in response to these Requests.  To
the extent ROSS thinks that Plaintiffs should have agreed to produce *more* than what they agreed
to, the time for raising that issue has long passed.  For example, we were surprised to see that
ROSS asserts for the first time that Plaintiffs' "sufficient to show" limitation "is not proper."  *See*
Letter at 3.  This argument is untimely.  ROSS had since July and November 2021 to raise this
issue and it never did so.[1]  It cannot do so now, when fact discovery is long over.  Similarly,
ROSS takes the position that even with the "sufficient to show" limitation, it is entitled to a
variety of different documents "relating" to pricing, payments, and revenues, essentially vitiating
the limitation.  This is also improper, as it is not what Plaintiffs agreed to produce.

We also want to correct some errors in your Letter.  *First*, ROSS asserts that Plaintiffs
have produced "no financial data or documents" showing the value of the headnotes and key
numbers.  Letter at 2.  This is demonstrably false.  While ROSS may disagree that what was

---

[1]     And ROSS itself has used the "sufficient to show" limitation before.  *See, e.g.*, Responses to Plaintiffs' Request
for Production No. 3.

Austin   Bay Area   Beijing   Brussels   Chicago   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Paris   Salt Lake City   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

Joachim Steinberg
June 23, 2022
Page 2

produced was sufficient, it is indisputable that financial documents were in fact produced. Plaintiffs have produced price guidelines, discounting guidelines, and documents showing the value of the content that LegalEase copied, among other documents.  Likewise, ROSS asserts that Plaintiffs "claim that their discovery obligations extend to documents supporting their theory of the case."  Letter at 2.  This is also false.  Plaintiffs have never made such a claim, and just because the documents support Plaintiffs' theory of the case and show that the West Headnotes and West Key Numbers were very valuable, does not mean that they are somehow insufficient. Indeed, later in your Letter, you state that you are seeking "Plaintiffs' measure of value" of this content.  Letter at 2.  That is precisely what was produced.

During the meet and confer, in an attempt to resolve this issue amicably, we gave you the opportunity to narrow your Request to the specific documents you thought were necessary to show the value of the West Headnotes and Key Numbers, as it was entirely unclear how Plaintiffs' production was deficient.  ROSS has responded by providing a list of documents that broadens what it is looking for, rather than narrows it.  In any event, each is addressed in turn below:

- **Documents Relating to Differential Pricing of Westlaw Content**:  This is not what Plaintiffs agreed to produce.  In any event, ROSS has access to the subscription prices that Plaintiffs charge, as well as the amount charged for content accessed outside of a subscription.

- **Documents Relating to in-Subscription Pricing of Westlaw Content**:  This is not what Plaintiffs agreed to produce.  In any event, Plaintiffs' subscription pricing is publicly available for both Westlaw Edge and Westlaw Classic.  *See* https://sales.legalsolutions.thomsonreuters.com/en-us/products/westlaw-edge/plans-pricing & https://sales.legalsolutions.thomsonreuters.com/en-us/products/westlaw-classic/plans-pricing.  And ROSS has the order forms for LegalEase, as well as Charles Von Simson, in its possession, and can see the subscription pricing from those as well.

- **Documents Showing the Per-Headnote Price for Each Headnote and Key Number**:  As we explained in our letter of May 11, West Headnotes and West Key Numbers are provided as editorial enhancements to case law, and the price thereof is based on a user's access to case law.  This pricing has been produced.

- **Documents Showing What Plaintiffs were Paid by its Customers for Access to the Westlaw Content/ "Level of Fees" Paid for this Content**:  This is not what Plaintiffs agreed to produce.  That said, Plaintiffs have produced documents showing what LegalEase paid for this content and what the price of the content was had it been

## KIRKLAND & ELLIS LLP

Joachim Steinberg
June 23, 2022
Page 3

accessed outside of a subscription plan.  Ancillary pricing for content is static — in other words, it is not negotiated or discounted.

- **Documents Showing How Often Plaintiffs Are Paid Pro Forma Prices for the Westlaw Content at Issue**:  This is not what Plaintiffs agreed to produce.  If ROSS wanted this specific information, it should have asked for it before the close of fact discovery.  Moreover, Plaintiffs already produced documents showing LegalEase paid the pro forma prices for some of the Westlaw Content at issue.  How often other Westlaw customers pay pro forma prices is irrelevant and not necessary to show the value of the West Headnotes and West Key Number System.

- **Documents on Discounts:**  It is unclear why ROSS believes Plaintiffs' position on discounts is confusing.  Discounts are applied, pursuant to the discounting policy that Plaintiffs already produced, to the cost of subscription plans.  Discounts do not apply to ancillary charges, *e.g.,* the pro forma price of the content.

- **Documents showing key performance indicators (KPI) relating to the Westlaw Content at issue**:  This is not what Plaintiffs agreed to produce.  You provide no time period or specifics on what KPIs you are looking for.  In any event, Plaintiffs' internal metrics on sales of Westlaw are not necessary to show the value of the West Headnotes and West Key Numbers.

- **Return on Investment/Revenues Information**:  This is not what Plaintiffs agreed to produce.  If ROSS wanted this specific information, it should have asked for it before the close of fact discovery.  In any event, Plaintiffs already produced a spreadsheet showing investments in projects related to the West Headnotes and West Key Numbers.

- **Documents showing the costs associated with producing each of the Westlaw Content at issue in this litigation**.  This is not what Plaintiffs agreed to produce.  If ROSS wanted this specific information, it should have asked for it before the close of fact discovery.  In any event, Plaintiffs already produced a spreadsheet showing investments in projects related to the West Headnotes and West Key Numbers.  Moreover, the cost associated with producing Westlaw Content is not necessary to show its value as cost is not determinative of value.

- **Highest and Lowest Prices Charged to Customers**:  ROSS already has West's subscription pricing and ancillary pricing for the content.  This should be sufficient to show the value of the content.

## KIRKLAND & ELLIS LLP

Joachim Steinberg
June 23, 2022
Page 4


    We trust the above resolves these issues.  As always, Plaintiffs reserve all rights and waive none.


                            Sincerely,

                            Miranda Means