# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200

**Michael J. Flynn**
(302) 351-9661
mflynn@morrisnichols.com

Originally Filed: July 15, 2022
Redacted Version Filed: July 22, 2022

The Honorable Stephanos Bibas
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

REDACTED - PUBLIC VERSION

Re: *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*,
C.A. No. 20-613 (SB)

Dear Judge Bibas:

During the course of fact discovery, Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation learned previously unknown facts regarding Defendant ROSS Intelligence Inc.'s ("ROSS") unlawful copying of Plaintiffs' content and tortious interference with Plaintiffs' contracts. Plaintiffs' Complaint already alleges copyright infringement and tortious interference with contract, and Plaintiffs believe it covers these newly uncovered facts, which they also identified in response to one of ROSS's interrogatories during fact discovery. Nonetheless, out of an abundance of caution, Plaintiffs respectfully request leave to file the First Amended Complaint to make these new facts explicit.[1]

### A. Factual Background

On March 23, 2022, Plaintiffs sought ROSS's permission to amend the Complaint to reflect these new allegations. *See* Ex. C. ROSS declined, insisting on seeing a draft of the proposed amendment first. At that point, however, Plaintiffs had not yet deposed Mr. von Simson.

After weighing the facts uncovered during Mr. von Simson's deposition, Plaintiffs drafted the proposed Amended Complaint, which they sent to ROSS on June 3, 2022, again asking whether it would oppose amendment. ROSS indicated that it would oppose but refused to meet and confer until the parties were ready to meet and confer on various discovery issues. *See* Ex. E. The parties

---

[1] The First Amended Complaint and a redline against the original Complaint are attached to the Motion to Amend as Exhibits 1 and 2, respectively.

[2]

finally met and conferred on June 24, 2022, at which point ROSS again indicated it would oppose on the basis of, vaguely, "prejudice" and "futility." Plaintiffs thus seek leave from the Court to file the Amended Complaint.

      **B.**      **Legal Standard**

Federal Rule of Civil Procedure 15(a) contemplates that leave to amend a party's pleadings should be freely granted. *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (explaining that the Third Circuit has "a liberal policy favoring the amendment of pleadings") (citing *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir.1990)). Courts routinely grant motions to amend where, as here, "the proposed amendments clarify and refine Plaintiffs' existing causes of action by including factual content allegedly adduced during discovery, rather than adding new claims or parties." *Wainwright v. City of Sharon*, No. 14-1212, 2016 WL 110015, at *2 (W.D. Pa. Jan. 11, 2016); *see CenterForce Techs., Inc. v. Austin Logistics Inc.*, No. 99-243, 2000 WL 652943, at *6 (D. Del. Mar. 10, 2000); *see also John Wiley & Sons, Inc. v. Golden*, No. 14-942, 2015 WL 716880, at *1–2 (D.N.J. Feb. 19, 2015).

Further, where a party seeks to amend a pleading after the date set forth in the scheduling order, the party must show good cause for modifying the schedule under Rule 16(b). *ICU Med.*, 674 F. Supp. 2d at 577. Courts routinely find good cause where, as here, the information the amending party seeks to add was not confirmed until after the deadline for amendment. *See id.* at 578; *Roquette Freres v. SPI Pharma, Inc.*, No. 06-540, 2009 WL 1444835, at *5 (D. Del. May 21, 2009); *Wainwright*, 2016 WL 110015, at *4.

      **C.**      **Argument**

Plaintiffs have shown good cause because the factual allegations forming the basis for the amendment were not known until after the June 3, 2021 deadline for amendment set forth in the scheduling order. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See Roquette Freres*, 2009 WL 1444835, at *6 (finding good cause where the moving party needed to take certain depositions before moving to amend).

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Ex. D. Thus, Plaintiffs have articulated a reasonable basis for any delay in seeking to amend the Complaint. *See Le v. City of Wilmington*, No. 08-615, 2010 WL 2754253, at *3 (D. Del. July 12, 2010) (granting motion to amend where moving party provided "colorable excuse" for delay, namely that the information underpinning the amendment was difficult to discover); *see also Evonik Degussa GmbH v. Materia Inc.*, No. 09-636, 2011 WL 13152274, at *3 (D. Del. Dec. 13, 2011) ("Plaintiff should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment."). Plaintiffs were diligent in putting ROSS on notice that Mr. von Simson's conduct was part of their claim, including through their February 7, 2022 interrogatory response, and by conferring on whether ROSS would consent to amendment.

Further, Plaintiffs easily satisfy the permissive requirements for amending the Complaint because there is no undue delay, bad faith, or dilatory motive on Plaintiffs' part, and there is no prejudice to ROSS or futility of amendment. *ICU Med.*, 674 F. Supp. 2d at 577. **First**, Plaintiffs have been diligent in bringing this Motion. Courts routinely find that there is no undue delay where the motion to amend is based on information uncovered during discovery. *See Le*, 2010

WL 2754253, at *3; *Roquette Freres*, 2009 WL 1444835, at *1–2 (granting motion to amend based on facts discovered during depositions past cut-off date for amendments).

*Second*, to prove undue prejudice, ROSS "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *ICU Med.*, 674 F. Supp. 2d at 578 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). ROSS cannot make such a showing. Indeed, during the meet and confer on June 24, 2022, ROSS could not identify any specific prejudice resulting from this amendment. ROSS "must do more than merely claim prejudice." It must demonstrate *undue* prejudice. *See Bechtel*, 886 F.2d at 652. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

To be clear, Plaintiffs are not asserting new or different claims. Plaintiffs' amended allegations undergird the claims already asserted in this litigation. ████████████████████████████████████████████████████████████████████████████████████████████████████████ The same legal claims (*i.e.*, copyright infringement and tortious interference with contract) remain at issue. Accordingly, Plaintiffs' proposed amendment does not create undue prejudice. *See Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) ("since [the amended claims] are substantially similar to the [claims] contained in the original complaint, it would be economically beneficial to the parties to resolve all the issues in a single proceeding"). Further, Plaintiffs are not seeking additional discovery. *See Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) (non-movant not prejudiced where no additional discovery is required); *Wainwright*, 2016 WL 110015 at *2 (finding no undue prejudice where plaintiffs sought "merely to utilize facts adduced during discovery").

*Third*, Plaintiffs seek to amend for the legitimate purpose of conforming their Complaint to the evidence uncovered during discovery. *See Le*, 2010 WL 2754253, at *3-4 (finding no bad faith or prejudice where "the proposed amendment does not add new allegations but, rather, conforms the pre-existing [] pleadings to the evidence that emerged in discovery"). As a result, Plaintiffs are not acting with "bad faith or dilatory motive." *See Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.").

*Fourth*, a proposed amendment is futile only if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). *ICU Med.*, 674 F. Supp. 2d at 579 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997)). Here, Plaintiffs' claims for copyright infringement claim and tortious inference with contract have *already* survived ROSS's motion to dismiss. As Plaintiffs only seek to add additional facts to support Plaintiffs' existing well-pleaded Complaint, this motion is not futile. That is, the addition of facts cannot make the Amended Complaint futile. *See Burlington*, 114 F.3d at 1434 ("no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim"). For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed First Amended Complaint.

The Honorable Stephanos Bibas  Page 4
July 15, 2022

                                      Sincerely,

                                      */s/ Michael J. Flynn*

                                      Michael J. Flynn (#5333)

cc:    All Counsel of Record (via electronic mail)

# EXHIBITS A-D
# REDACTED IN THEIR ENTIRETY

# EXHIBIT E

| | |
|---|---|
| **From:** | Steinberg, Joachim <JSteinberg@crowell.com> |
| **Sent:** | Friday, June 10, 2022 3:11 PM |
| **To:** | Means, Miranda |
| **Cc:** | ROSS Lit Team; #Thomson-Ross; Flynn, Michael J.; Blumenfeld, Jack; *dmoore@Potteranderson.com1; *bpalapura@potteranderson.com |
| **Subject:** | [EXT] RE: Thomson Reuters v. ROSS - Amended Complaint |

Miranda,

ROSS does not consent to the proposed amendment to the Complaint. We are willing to meet and confer with you on the amendment, however, as we have repeatedly requested meet and confers on several issues, ███████████████████████████████████████, we believe that the parties should schedule those final meet and confer discussions, as well as any other issues still outstanding, for the same time that we meet and confer on Plaintiffs' proposed amendment.

Kind regards,
Joachim

**Joachim B. Steinberg**
Pronouns: he/him/his
Crowell & Moring LLP
jsteinberg@crowell.com
+1.415.365.7461 direct | +1.917.575.6244 mobile

---

**From:** Means, Miranda <miranda.means@kirkland.com>
**Sent:** Friday, June 3, 2022 4:25 PM
**To:** Steinberg, Joachim <JSteinberg@crowell.com>
**Cc:** ROSS Lit Team <Rosslitteam@crowell.com>; #Thomson-Ross <thomson-ross@kirkland.com>; mflynn@morrisnichols.com; jblumenfeld@morrisnichols.com; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>
**Subject:** Thomson Reuters v. ROSS - Amended Complaint

[External Email]

Dear Joachim,

███████████████████, Plaintiffs intend to amend their complaint. Attached is a redline of the proposed amended complaint. Please let us know if ROSS will consent to Plaintiffs' request, or provide a time when you are available to meet and confer.

Best regards,
Miranda

**Miranda Means**
She/Her/Hers

**KIRKLAND & ELLIS LLP**
200 Clarendon Street, Boston, MA 02116

T  +1 617 385 7419
M  +1 617 320 9248

———————————————————

miranda.means@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.