IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) C.A. No. 20-613-SB ) |
| Plaintiffs/Counterdefendants, | ) **JURY TRIAL DEMANDED** ) |
| v. | ) ) **PUBLIC VERSION** |
| ROSS INTELLIGENCE INC., | ) ) |
| Defendants/Counterclaimant. | ) ) |

**LETTER TO THE HONORABLE STEPHANOS BIBAS FROM DAVID E. MOORE**

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: July 22, 2022
Public Version Dated: July 29, 2022

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801-0951
302 984 6000
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

July 22, 2022

Public Version Dated: July 29, 2022

**VIA ELECTRONIC FILING**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

**PUBLIC VERSION**

Re:   *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
C.A. No. 20-613-SB

Dear Judge Bibas:

The proposed amendment offered by Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation is futile, prejudicial to Defendant ROSS Intelligence, Inc. ("ROSS"), and is unduly delayed, evincing bad faith. This Court should—as others courts have done—deny the motion for leave to amend. *See, e.g., Cornell Univ. v. Illumina, Inc.*, 2017 WL 89165, at *9 (D. Del. Jan. 10, 2017); *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 817 F. Supp. 2d 418 (D. Del. 2011); *Venetec Inter., Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 622 (D. Del. 2008); *Miller Prod. Co. v. Veltek Assocs., Inc.*, 218 F.R.D. 425 (D. Del. 2003); *see also* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.).

**I.     Plaintiffs' Proposed Amendment is Futile**

The proposed amendment is futile because it cannot withstand a motion to dismiss. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not withstand a renewed motion to dismiss.") (internal citation and quotation marks omitted).

Plaintiffs are not parties to the agreement that is the basis for the proposed intentional interference amendment. Even were they, the agreement requires the intentional interference and copyright amendments to be arbitrated pursuant to the laws of Ontario, Canada.

During the time period covered by the acts alleged in the proposed amendment, Charles von Simson ("Simson") ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. A, Simson Dep. Tr. 89:7-18. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. A, Simson Dep.

The Honorable Stephanos Bibas
July 22, 2022
Page 2

Tr. 243:21-244:11.[1] That account was provided to Mr. Simson through Thomson Reuters Canada Limited ("TR Canada"). TR Canada is not a party to this action.[2]

Plaintiffs have not produced the agreement or attached it to the proposed Amended Complaint. However, ROSS believes that Mr. Simson's relationship with TR Canada was governed by an Academic Licence Agreement. *See* Ex. C, Westlaw Canada Academic Licence Agreement, at 1; *see also* Ex. S, Declaration of W.S. Parker ("Parker Decl."), ¶ 2 (July 12, 2022).[3] Under that agreement, Canadian law students, like Mr. Simson, were granted access to WestlawNext Canada and the West Education Network by Carswell, a division of TR Canada. *See* Ex. C. That agreement is governed by the laws of Canada, specifically the province of Ontario, *id*. § 8 and includes an arbitration clause requiring arbitration of all contract, tort, and statutory claims, including claims involving third parties. *Id*. § 12. As a result, Plaintiffs cannot maintain the proposed amendments in this Court.

In addition, Plaintiffs are wrong when they imply that the claims newly asserted "have *already* survived ROSS's motion to dismiss." July 15, 2022 Letter Motion at 3. These amendments raise different concerns than were at issue in the original motion to dismiss. The claims raised by the proposed amendment arise from a contract to which neither Plaintiff is a party; the claims are governed by Canadian law; and the claims are subject to arbitration in a Canadian forum. In contrast, Plaintiffs' original claims centered on the actions of LegalEase in the United States and LegalEase's contract with Plaintiff West.

### A. Plaintiffs Cannot Maintain Claims for Tortious Interference

*First*, Plaintiffs are not parties to the Simson agreement. TR Canada is; it alone can sue for tortious interference.[4] Consistent with the terms of the agreement, Plaintiffs do not claim to be a party to the Simson agreement or a third-party beneficiary. Plaintiffs therefore have no standing to bring a tortious interference claim. *See, e.g., Bowl-Mor Co. v. Brunswick Corp.*, 297 A.2d 61, 64 (Del. Ch. 1972); *see also Rottlund Homes of New Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003); *Wurm v. John Deere Leasing Co.*, 405 N.W.2d 484, 486 (Minn. App. 1987); *Gordon Bldg. Corp. v. Gibraltar Sav. & Loan Ass'n*, 55 Cal. Rptr. 884, 887-88 (Cal. App. 1966).[5] That Plaintiffs may be sister corporations to

---

[1] *See also* Ex. A, Simson Dep. Tr. 261:4-21; 264:8-16; 270:8-19; 271:4-20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] TR Canada is a separate entity from Plaintiffs. *See* Ex. B, OneStop Report for Thomson Reuters Canada Limited, at 3; *see also* Ex. S, Parker Decl. ¶ 4.

[3] The Academic Licence Agreement is available at https://www.westlawcanada.com/DynamicData/AttachedDocs/Academic/Academic_Licence_Agreement_WLNC_2016.pdf. If Plaintiffs allege that Mr. Simson's relationship with TR Canada or an actual Plaintiff is governed by some other agreement, ROSS asks that the Court compel them to produce that agreement and asks that the Court permit ROSS to file a sur-reply letter on this issue.

[4] Canadian courts have dismissed actions against the parent company Thomson Reuters Corporation while leaving claims against TR Canada intact. *See* Ex. D, *Waldman v. Thomson Reuters Corp.*, 2012 CarswellOnt 2225, ¶ 1 (Can. Ont. S.C.J.) (2012) (WL).

[5] *See also, e.g., Aldossari on behalf of Aldossari v. Ripp*, 537 F. Supp. 3d 828, 840 (E.D. Pa. 2021); *Morrow v. Cmty. Health Sys., Inc.*, 2017 WL 4641797, at *5 (M.D. Tenn. Oct. 17, 2017); *HP Debt Exch. LLC v. Wells Fargo Bank N.A.*, 2014 WL 574600, at *7 (N.D. Cal. Feb. 12,

The Honorable Stephanos Bibas
July 22, 2022
Page 3

TR Canada does not change this fact. *Case Fin., Inc. v. Alden*, 2009 WL 2581873, at *7 (Del. Ch. Aug. 21, 2009).

*Second*, even were Plaintiffs allowed to assert these claims, the Academic Licence Agreement arbitration provision provides that the claims must be arbitrated:

> Any claim … whether in contract or tort, pursuant to statute or regulation, or otherwise … arising out of or relating to: [] this Agreement; [] the Features or Data; … or [] the relationships which result from this Agreement (including relationships with third parties who are not signatories to this Agreement) … will be referred to and determined by arbitration (to the exclusion of the courts).

Ex. C, Westlaw Canada Academic Licence Agreement § 12.

By its terms, this provision covers all the new claims alleged and more. It covers the tort of intentional interference. It covers the statutory claim of copyright infringement.

Canadian law, like American law, favors arbitration. *See Glob. Empire Corp. v. Flower Tech Ctr., Inc.*, 2018 WL 6829086, at *6 (D.N.J. Dec. 21, 2018) (quoting *Union des consommateurs c. Dell Computer Corp.*, [2007] S.C.R. 34, ¶ 84 (Can.)).[6] And United States "[c]ourts regularly enforce agreements to arbitrate in outside forums—both domestically and internationally." *Martin, Inc. v. Henri Stern Watch Agency, Inc.*, 2012 WL 1455229, at *3 (D.N.J. Apr. 25, 2012) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631, 638–39 (1985)); *see also Ciotola v. RSA Ins. Grp., PLC*, 2022 WL 188183, at *6 (M.D. Pa. Jan. 20, 2022).

*Third*, the claims are barred by the statute of limitations. The statute of limitations for torts in Ontario is two years. Ex. H, Ontario Limitations Act, 2002, S.O. 2002, C. 24, Sched. B, § 4. ███████████████████████████████████████████████████████████ *See* Ex. I, ROSS-010244921. It is now July 2022. The statute of limitations has thus lapsed on any claim that TR Canada could bring, which would be grounds to dismiss under Rule 12. *See McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010).

*Fourth*, the tortious interference claims are preempted by the copyright claims. 17 U.S.C. § 301. "[N]umerous courts have found that tortious interference is generally preempted by the Copyright Act." *MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002). On the face of the complaint, these new tortious interference claims are not "qualitatively different" from the copyright claims. *See id.* The allegations of both claims are based on Mr. Simson copying the same material, which the copyright claim alleges is subject to copyright protection. *Compare* Proposed First Amended Complaint ¶ 47 *with id.* ¶¶ 57-58. Hence the interference claims are preempted. *See, e.g., Nicassio v. Viacom Int'l, Inc.*, 309 F. Supp. 3d 381, 398 (W.D. Pa. 2018), aff'd, 776 F. App'x 761 (3d Cir. 2019); *Fine Line Homes, L.P. v. Harold Miller & Son Constr.*, 2011 WL 13221056, at *3–4 (M.D. Pa. May 12, 2011); *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F.Supp.2d 413, 428–29 (W.D. Pa. 2008).

---

2014); *Diesel Sys., Ltd. v. Yip Shing Diesel Eng'g Co.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994); Restatement (Second) of Torts § 766 cmt. p (1979).

[6] *See* Ex. E. Although *Glob. Empire Corp.* was decided under the laws of Alberta, it also relied on decisions from both Ontario courts and the Supreme Court of Canada. *See id.* at *5 (citing Ex. F, *T1T2 Ltd. Partnership v. Canada*, [1994] O.J. 3d 66 (Can. Ont. C.A.) and Ex. G, *Seidel v. TELUS Communications Inc*, [2011] S.C.R. 531, ¶ 23 (Can.)).

The Honorable Stephanos Bibas
July 22, 2022
Page 4

### B. Plaintiffs' New Copyright Claims Amendments are Also Futile

In addition, Plaintiffs' copyright claims as to Mr. Simson require arbitration. The Academic Licence Agreement includes torts *and claims made under statutes*. Ex. C § 12. It applies to any claim related to the agreement, *id.*, the data—which includes all Westlaw content, *id.* §§ 12 & 2, and "the relationships which result from this Agreement (including relationships with third parties who are not signatories to this Agreement)." *Id.* § 12. Thus, the copyright claims are governed by that agreement and must be arbitrated.

## II. Plaintiffs' Proposed Amendments are Prejudicial to ROSS

This amendment creates prejudice to ROSS. ROSS has had no opportunity to take discovery related to TR Canada. For example, there has been no discovery taken as to the damages allegedly suffered relative to Mr. Simson's activities. Necessarily the proposed amendment would require ROSS to take out-of-time third-party discovery on a not-appearing foreign corporation.

However, fact discovery is closed. *See, e.g., Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) ("certain prejudice to plaintiff is inherent" when a motion for leave to amend is made "six months after the … deadline to amend the pleadings and after the close of fact discovery."). And because discovery is closed, a situation which Plaintiffs have insisted on not disturbing, *see* Ex. J, M. Means Email J. Steinberg May 27, 2022, including in their opposition to ROSS's motion to compel, albeit by citing a case that says no such thing, ROSS will not have any opportunity to challenge facts underlying their new claims.[7]

And even if, as Plaintiffs claim, ROSS had information relevant to these new claims before Plaintiffs delivered their proposed amendments ROSS "did not have the opportunity to review and vet this evidence for discovery purposes in the context of [the new] claims." *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622 (D. Del. 2014).

Finally, expert reports are due on August 1. The timing of the proposed amendment will not allow ROSS the opportunity to prepare expert reports that include Mr. Simson's claimed activities. This is prejudice. "District Courts in the Third Judicial Circuit have also recognized the prejudice of requiring new expert discovery." *Brand Mktg. Grp., LLC v. Intertek Testing Servs. NA, Inc.*, 2013 WL 4735383, at *4 (W.D. Pa. Sept. 3, 2013) (collecting cases).

## III. Plaintiffs Unduly Delayed Their Amendment for Improper Purposes

Plaintiffs claim that they did not delay because their proposed amendment followed Mr. Simson's deposition that occurred in April 2022. However, the delay occurred both before and after that deposition.

ROSS listed Mr. Simson in its Rule 26(a)(1)(A)(i) disclosures on May 13, 2021. Ex. K. Mr. Simson was referenced in twenty-two documents produced in in July 2021. *See, e.g.*, Ex. L, ROSS-000176687; Ex. M, FedEx.com Email J. Chow, July 8, 2021. ███████████████████
████████████████████████████████████████████████████████████ Ex. N, K. Ghaffari Email E.

---

[7] In Plaintiffs' Letter to the Court regarding discovery disputes, they incorrectly claimed that this Court could not compel further discovery responses because "[m]otions to compel discovery must be filed with the time allowed for discovery itself," citing *Finizie v. Shineski*, 351 F. App'x. 668, 672 (3d Cir. 2009). But the portion of the case they cited, which is actually in footnote 7, does not hold that. Instead, it found motions untimely when the entire discovery period was replete with delay, unlike here, where ROSS has diligently pursued its discovery requests.

The Honorable Stephanos Bibas
July 22, 2022
Page 5

Loverro, Sept. 29, 2021. *See* Ex. O, ROSS-003263947. Plaintiffs have therefore known of Mr. Simson and his Westlaw use for almost a year prior to seeking leave to amend. This justifies denying their motion. *See, e.g., Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 218 (E.D. Pa. 2017).

Continuing, Plaintiffs requested documents related to Mr. Simson in November 2021. *See* Ex. P. ██████████████████████████████████████. Ex. Q, Walters Dep. 95:2-98:13, Mar. 1, 2022. Plaintiffs asked for ROSS's consent to amend in March, but they did not provide their proposed amendments until June 3, 2022.[8] Plaintiffs then waited until July 15, 2022 to file its motion. This delay is undue. *See, e.g., Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 621 (D. Del. 2014) (delay of three months between sending proposed amendments and moving the court was undue when motion made two weeks after close of fact discovery); *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 377 (D. Del. 2018), aff'd, 845 F. App'x 170 (3d Cir. 2021) (leave to amend denied when "many of the facts … were known by plaintiffs months, if not well over a year, before they filed their motion for leave.")

Plaintiffs justify this delay by claiming that they needed to depose Mr. Simson before they could amend their complaint. Letter Motion at 1-2. But that does not make sense. They both amended their discovery responses to include Mr. Simson and asked for ROSS's consent to amend in March. Either they lacked a basis for their interrogatory amendments or for their need to amend the complaint, or they have waited until fact discovery was closed and expert reports are nearly due to seek an amendment. This justifies denial of their motion. *See, e.g., SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 817 F. Supp. 2d 418, 422–23 (D. Del. 2011).

This Court should deny Plaintiffs' request for leave to amend their complaint as untimely, prejudicial, and futile. If this Court is disinclined to deny the motion on the futility grounds offered, and Plaintiffs come forward with some different evidence than referenced here or alleged in their complaint, ROSS asks that it be allowed to respond.

Respectfully,

/s/ *David E. Moore*

David E. Moore

DEM:nmt/10267882/20516.00001

Enclosures

cc:     Counsel of Record (via electronic mail)

---

[8] Contrary to Plaintiffs' assertion that ROSS "refused" to meet and confer, ROSS instead requested that the parties discuss the numerous pending discovery disputes that ROSS had already raised, often repeatedly and without response, when also discussing Plaintiffs' amendments. Ex. R, J. Steinberg Email M. Means, June 13, 2022. Those outstanding requests included documents directly related to the Simson Deposition—the Andrew Cavalieri documents—that Plaintiffs had not yet produced. *Id.* In any case, even were it true, that still does not account for the various delays.