IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>ROSS INTELLIGENCE INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 20-613 (SB)<br>)<br>) REDACTED - PUBLIC VERSION<br>)<br>) |

**<u>LETTER TO THE HONORABLE STEPHANOS BIBAS FROM MICHAEL FLYNN</u>**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116

July 25, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation*

Dear Judge Bibas:

In opposing Plaintiffs' motion to amend, ROSS argues, for the first time, that its employee's conduct does not involve the U.S. version of Westlaw and, therefore, Plaintiffs' motion is futile and prejudicial to ROSS. Notwithstanding the fact that this argument is demonstrably inconsistent with the facts, ROSS made no mention of it during the Parties' meet and confer, giving Plaintiffs no opportunity to resolve the dispute out of Court. This type of gamesmanship undermines the purpose of a pre-motion meet and confer. In any event, Plaintiffs' proposed amendment is neither futile nor prejudicial to ROSS as it relates to the existing well-pled claims in this litigation and does not require any additional discovery.

**I.       Plaintiffs' Proposed Amendment Is Not Futile**

A proposed amendment is futile only where it would not survive a motion to dismiss. *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009).[1] Here, Plaintiffs are seeking to add factual detail to their existing Complaint that this Court already found to be well pled. Further, Plaintiffs are neither adding a party nor asserting new claims. *Wainwright v. City of Sharon*, No. 14 Civ. 1212, 2016 WL 110015, at *2 (W.D. Pa. Jan. 11, 2016) (amendment granted where it clarifies existing causes of action rather than adding new claims or parties).

Instead of addressing the proposed amendment under the relevant legal standard, ROSS raises a factual argument that Mr. von Simson's access to WestlawNext involved a Canadian contract, to which Plaintiffs are not a party. That is improper on its face. *See Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000) (amendment not futile where plaintiff states a plausible claim). Moreover, Plaintiffs' proposed amendment is about Mr. von Simson's copying of Westlaw Content from Plaintiffs' ***United States*** Westlaw product, which is governed by Plaintiff's U.S. agreement.[2] In fact, ROSS previously identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Mr. von Simson admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. A, von Simson Dep. Tr. 261:4–25, 264:2–21, 271:11-16; *see also* Ex. B, ROSS-010203134–ROSS-010203135 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). In fact, at the time of Mr. von Simson's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. C, ROSS-010373855–ROSS-010373856.

ROSS's renewed statute of limitations argument, this time for the Ontario statute, has no bearing on whether or not Plaintiffs' claims are timely as Plaintiffs' claims arise from their U.S. copyrights and contracts. Further, Plaintiffs' existing claims were timely at the time of the original Complaint, to which the proposed factual amendments relate back. *See* Fed. R. Civ. P. 15(c); *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) ("amendments that restate the original claim with greater particularity or amplify the factual circumstances" are entitled to original complaint's filing date for purposes of statute of limitation).

Lastly, it takes chutzpah for ROSS to assert that Plaintiffs' tortious interference claim is

---

[1]   ROSS cites *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, which is distinguishable because in that case the plaintiff had to meet a heightened pleading standard for fraud, a standard that is not applicable here. 908 F.3d 872, 878 (3d Cir. 2018).

[2]   For this reason, ROSS's arguments about the Canadian agreement are inapposite.

The Honorable Stephanos Bibas	Page 2
July 25, 2022

preempted by the Copyright Act, when ROSS has not even pleaded that affirmative defense.[3] Further, the Copyright Act cannot preempt Plaintiffs' contractual rights where ROSS induced Mr. von Simson to use Westlaw in an unauthorized manner in violation of Plaintiffs' terms of use.  *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (claim that defendant caused customers to use plaintiff's software in violation of licensing agreement was not preempted by the Copyright Act).[4]

## II.     Plaintiffs' Proposed Amendment Is Not Prejudicial to ROSS

ROSS argues that it is prejudiced by Plaintiffs' proposed amendment because "it has had no opportunity to take discovery related to TR Canada."  Yet, as ROSS knows, ***its*** employee copied U.S. Westlaw, and significant documents and testimony relating to his conduct have already been produced.  In any case, as of February 7, 2022, ROSS was on notice that Mr. von Simson's conduct was the subject of Plaintiffs' claims because Plaintiffs stated as such in an interrogatory response.  *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D. Del. 1985) (no prejudice where amendment is based on same facts as existing claim and defendants were on notice of those facts well before amendment).  Thus, ROSS has had every opportunity to prepare expert reports that include von Simson's activities.[5]

## III.    Plaintiffs' Proposed Amendment Is Timely

ROSS claims that Plaintiffs unduly delayed their motion to amend because "they both amended their discovery responses to include Mr. Simson and asked for ROSS's consent to amend in March."  That makes no sense.  Plaintiffs were diligent in putting ROSS on notice.  It was **ROSS** that insisted on seeing a draft of the proposed amendment before it would consent, which Plaintiffs prudently did after Mr. von Simson's deposition.  *See Evonik Degussa GmbH v. Materia Inc.*, C.A. No. 09-636, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) (plaintiff "should not be penalized" for waiting "to obtain key deposition testimony").  Further, as Plaintiffs explained, Plaintiffs do not intend to seek additional discovery or allege new claims.  Thus, neither ROSS nor this Court is burdened by the delay.  *See Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 532 (D. Del. 2012) ("Delay is 'undue' when an unwarranted burden is placed on the court or when the requesting party has had previous opportunities to amend.").

---

[3]  Immediately before filing its opposition, ROSS requested Plaintiffs' position on amending its answer to add such a defense.  If Plaintiffs' minor amendments are out of time, certainly ROSS' late pleaded defense is.

[4]  ROSS's cited cases are distinguishable, as there, the alleged interference was contiguous with the copyright infringement.  *See MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002); *Fine Line Homes, L.P. v. Harold Miller & Son Constr.*, 2011 WL 13221056 (M.D. Pa. May 12, 2011).  Here, the interference was ROSS's inducement of Mr. von Simson to use the Westlaw platform for a contractually prohibited purpose, *i.e.*, for competitive purposes.  This is more in line with *Altera Corp.*

[5]  ROSS cites *Asahi Glass Co. v. Guardian Indust. Corp.*, 276 F.R.D. 417 (D. Del. 2011) and *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613 (D. Del. 2014), but in those cases, the defendants sought to amend their pleadings to assert ***new*** claims and defenses, not merely refine facts related to already asserted claims.

The Honorable Stephanos Bibas Page 3
July 25, 2022

                                              Respectfully,

                                              */s/ Michael Flynn*

                                              Michael Flynn (# 5333)
                                              *Counsel for Plaintiffs Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

Attachments
cc:     All counsel of record (via electronic mail; w/attachments)