

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

August 9, 2022

**VIA ELECTRONIC FILING**

The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

   Re: *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
      C.A. No. 20-613-SB

Dear Judge Bibas:

  Defendant ROSS Intelligence Inc. ("ROSS") believes that Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's ("Plaintiffs") state-law claim for tortious interference is preempted by the Copyright Act, 17 U.S.C. § 301. Although ROSS does not believe that the law mandates it, for the reasons stated below, ROSS is seeking to amend its answer to assert copyright preemption.

  No Third Circuit law holds that copyright preemption is an affirmative defense. Indeed, as noted below, courts have held that copyright preemption implicates a court's subject matter jurisdiction, and subject matter jurisdiction cannot be waived. However, ROSS recently learned that some out-of-circuit district courts have held that it is, and therefore, to be certain, asks this Court for leave to amend its Amended Answer (D.I. 36)[1] to include copyright preemption. A clean copy of the proposed Second Amended Answer is attached to the Motion as Exhibit A, and a redline copy is attached as Exhibit B. ROSS raises two arguments in favor of leave to amend: first, copyright preemption is not an affirmative defense, and second, even if it were, the proposed amendment causes no prejudice to Plaintiffs.

**I. Copyright Preemption Is Not An Affirmative Defense**

  ROSS does not believe that copyright preemption is an affirmative defense. As the Fifth Circuit has held, "[t]he Copyright Act is one such federal statute that completely preempts the substantive field. Complete preemption for the purpose of establishing federal subject matter jurisdiction is thus a purely jurisdictional doctrine that is distinct from ordinary preemption." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 468 n.3 (5th Cir. 2016) (distinguishing copyright preemption from affirmative defenses) (citations omitted).[2] District courts within the

---

[1] The Answer was amended once without objection during the pendency of ROSS's motion to dismiss when ROSS withdrew its motion to dismiss as to certain claims. D.I. 21, 24.
[2] *See also*, *e.g.*, *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008).

The Honorable Stephanos Bibas
August 9, 2022
Page 2

Third Circuit have regularly found "that the Copyright Act is completely preemptive." *Four Quarters Interfaith Sanctuary of Earth Religion v. Gille*, 2019 WL 529079, at *4 (W.D. Pa. Feb. 11, 2019) (collecting cases). And because copyright preemption affects this Court's subject-matter jurisdiction, *see, e.g.*, *Mercom Grp., LLC v. Diati Staffing, LLC*, 2016 WL 4054921, at *1 (D.N.J. July 26, 2016), it cannot be waived. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Guerrero v. Hovensa LLC*, 259 F. App'x 453, 457 n.4 (3d Cir. 2007); *see also Balboa Ins. Co. v. Trans Glob. Equities*, 218 Cal. App. 3d 1327, 1338 (1990) (appellate court would consider a copyright preemption claim not raised with the trial court because it went to the court's jurisdiction); *see also, e.g.*, *GlobeRanger Corp. v. Software AG USA, Inc.*, 691 F.3d 702, 709 (5th Cir. 2012) ("If none of the claims were preempted [by the Copyright Act], though, there would not be federal jurisdiction under the complete preemption doctrine.").

Although ROSS is aware of a few out-of-circuit district court cases finding that copyright preemption is an affirmative defense, *see, e.g.*, *Versata Software, Inc. v. Ameriprise Fin., Inc.*, 2014 WL 950065, at *2 (W.D. Tex. Mar. 11, 2014), ROSS has found no cases in the Third Circuit, or from any district court within this Circuit, holding so. Moreover, other courts have affirmatively held that it is not an affirmative defense. *Bender v. Lincoln Nat'l Life Ins. Co.*, 2010 WL 11597297, at *15 (C.D. Cal. Nov. 12, 2010). Others have addressed it as an affirmative defense without deciding whether it is or is not. *JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, 2021 WL 1390365, at *4 (C.D. Cal. Apr. 12, 2021) (assuming but not examining whether copyright preemption was an affirmative defense). But even if it were an affirmative defense, this Court should still grant ROSS leave to amend.

## II.     ROSS Has Good Cause to Amend and There is No Prejudice to Plaintiffs

A party moving to amend after a deadline in a scheduling order may amend its pleading "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists when a party learns facts during discovery that make a new theory viable. *See, e.g.*, *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009). Good cause exists here because ROSS learned from Plaintiffs' interrogatory responses, cited below, that there were grounds to assert preemption. ROSS then only learned that an out-of-circuit district court treated copyright preemption as an affirmative defense on July 18, 2022. Ex. C, Declaration of W.S. Parker ¶ 2. ROSS asked Plaintiffs for consent to amend on July 20, 2022 and provided a redline. *Id.* ¶ 3. ROSS has also met and conferred with Plaintiffs' counsel. *Id.* ¶ 4. Thus, ROSS has diligently pursued this amendment. Because ROSS's amendment is not prejudicial, was not unduly delayed, and is not futile, this Court should allow ROSS to amend its answer. *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("The liberal right to amend extends to an answer to the complaint.").

*First*, ROSS's proposed amendment is not futile. Courts in the Third Circuit apply a two-part test for copyright preemption, first asking if the work is subject to copyright and then asking whether the state law protects the same rights. *Pellegrino v. Epic Games, Inc.*, 451 F. Supp. 3d 373, 387 (E.D. Pa. 2020); *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 422 (W.D. Pa. 2008). Whether copyright preemption bars a particular claim may not be apparent until the record is developed. *See, e.g.*, *GlobeRanger Corp.*, 691 F.3d at 709; *Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*, 107 F. Supp. 2d 82, 87 (D. Mass. 2000), *aff'd*, 259 F.3d 25 (1st Cir. 2001).

The Honorable Stephanos Bibas
August 9, 2022
Page 3

When either the pleadings *or* the facts asserted during the process of discovery reveal that a tortious interference claim asserts rights within the scope of the Copyright Act, "numerous courts have found that tortious interference is generally preempted by the Copyright Act." *Syngy, Inc. v. ZS Assocs., Inc.*, 2015 WL 899408, at *41 (E.D. Pa. Mar. 3, 2015); *MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002) (collecting cases). The Copyright Act preempts such claims even if it is ultimately found that the work is not protected by copyright. *Briarpatch Ltd., L.P v. Phoenix Pictures*, Inc., 373 F.3d 296, 305 (2d Cir. 2004); *Katz Dochrermann & Epstein, Inc. v. Home Box Office*, 1999 WL 179603, at *2 (S.D.N.Y. Mar. 31, 1999). In this case, discovery has revealed the tortious interference claim is not qualitatively different from the copyright claim. *See, e.g.*, Pls. 2d Supp. Resp. & Obj. Interrogatory No. 21 at 18; Pls. 2d Supp. Resp. & Obj. Interrogatory No. 1 at 29 & 59. When that is so, courts have found that preemption applies. *Tegg Corp.*, 650 F. Supp. 2d at 421 (quoting *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 217-18 (3d Cir. 2002)).

*Second*, ROSS's amendment is not unduly delayed. The only delay from July 18, 2022 and this filing stemmed from meet and confers with Plaintiffs. And "delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *Cordance Corp. v. Amazon.com, Inc*., 255 F.R.D. 366, 370 (D. Del. 2009). Delay is only grounds to deny leave to amend when it places "an unwarranted burden on the court" or "an unfair burden on the opposing party." *Id.* (cleaned up). Here, there is no burden to either Plaintiffs or the Court. Indeed, Plaintiffs have acknowledged that preemption presents a pure issue of law. Ex. D, M. Means Email J. Steinberg, July 25, 2022; *Ryan v. Editions Ltd. W., Inc*., 786 F.3d 754, 759 (9th Cir. 2015); *see also, e.g.*, *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1310 (11th Cir. 2001) (district court's determination of whether preemption applies reviewed *de novo*); *Motion Med. Techs., L.L.C. v. Thermotek, Inc*., 875 F.3d 765, 773 (5th Cir. 2017); *see also Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003) (no prejudice when the "amendment would have introduced only a new question of law…"). Because there is no prejudice, ROSS's proposed amendment is not precluded by any delay.

*Third*, there is no prejudice. "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). To show "undue prejudice, the non-movant must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered…" *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009) (cleaned up). "Prejudice does not mean inconvenience." *Cuffy v. Getty Ref. & Mktg. Co*., 648 F. Supp. 802, 806 (D. Del. 1986). "Specifically, we [consider] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Here, no new discovery is needed, as Plaintiffs have already acknowledged. Ex. D. Courts often find no prejudice when there is no need for additional discovery. *See, e.g.*, *Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984); *Rogers v. Wilmington Tr. Co*., 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022); *Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003); *Frederick v. Avantix Lab'ys, Inc*., 773 F. Supp. 2d 446, 451 (D. Del. 2011); *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth*., 2005 WL 387587, at *3 (E.D. Pa. Feb. 15, 2005). There is, thus, no burden on Plaintiffs or the Court, and ROSS should be given leave to amend its answer.

The Honorable Stephanos Bibas
August 9, 2022
Page 4

                                                        Respectfully,

                                                        */s/ David E. Moore*

                                                        David E. Moore

DEM:nmt/10224493/20516.00001

cc:      Counsel of Record (via electronic mail)