IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>)<br>) |
| Plaintiffs, | ) C.A. No. 20-613 (SB) |
| v. | )<br>) REDACTED - PUBLIC VERSION |
| ROSS INTELLIGENCE INC., | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO ROSS'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs Thomson Reuters
Enterprise Centre GmbH and West Publishing
Corporation*

Original filing date: August 16, 2022
Redacted filing date: August 23, 2022

Dear Judge Bibas:

Defendant ROSS Intelligence Inc.'s ("ROSS") motion for leave to amend its answer to plead an affirmative defense of copyright preemption (D.I. 211, the "Motion") should be denied for three reasons.  ***First***, ROSS is precluded from asserting copyright preemption at this late stage of the proceedings.  Plaintiffs' tortious interference claim has been part of this case for ***over two years***.  Yet ROSS never mentioned preemption prior to filing this Motion.  Indeed, the defense was not raised in any of ROSS's ***three*** answers.  Nor did ROSS disclose this defense when Plaintiffs specifically asked ROSS in an interrogatory to explain any basis that "it is not liable" for tortious interference with Plaintiffs' contracts.  Even if ROSS believes it did not need to assert copyright preemption as an affirmative defense in its answer (and it did need to do so), its attempt to rely on this undisclosed legal theory should be denied.

***Second***, ROSS does not have good cause to amend its answer to include copyright preemption as an affirmative defense.  ROSS claims, as grounds for its delay, that it only recently discovered conflicting authority *from 2014* suggesting that copyright preemption might be an affirmative defense.  This excuse rings hollow.  Failure to perform the necessary research to discover a defense does not constitute good cause.  ROSS's other excuse, that it learned of grounds for this defense "from Plaintiffs' interrogatory responses" makes no sense.  Plaintiffs' interrogatory response on tortious interference was served in February, and is consistent with the facts alleged in their Complaint.  Tellingly, ROSS cites ***no*** specific facts that it contends caused it to realize it could assert this defense.  It has no good cause for its delay.

***Third***, ROSS's Motion should be denied because the proposed amendment is futile.  Plaintiffs' tortious interference claim is based on actions that are not equivalent to Plaintiffs' copyright claim.  Other than broadly asserting that its defense is not futile, ROSS has not specifically explained the basis for its preemption defense in the Motion, and the Local Rules preclude it from now doing so in reply.

**I.      ROSS Is Precluded from Adding a Preemption Defense**

ROSS's Motion can be denied solely because ROSS is precluded from raising this previously undisclosed defense at this late stage of the proceedings, long after the deadline to amend pleadings and the close of fact discovery, and in the middle of expert discovery.  Plaintiffs asserted their tortious interference with contract claim in the Complaint filed on May 6, 2020.  D.I. 1.  ROSS answered the Complaint on December 13, 2020, and did not assert an affirmative defense of copyright preemption.  D.I. 21.  ROSS has amended its answer twice since then and on each occasion, did not include copyright preemption as a defense.  D.I. 24, 36.  The deadline to amend the pleadings was June 3, 2021, D.I. 41.  It is too late for ROSS to do so again now.

Moreover, on May 3, 2021, Plaintiffs served ROSS with an interrogatory asking ROSS to "DESCRIBE the complete factual and legal basis for ROSS's belief that it is not liable for tortious interference with contract, including without limitation the complete factual and legal basis for each affirmative defense ROSS asserts in this LITIGATION."  *See* Ex. A (Pls.' Interrog. No. 12), at  3.  ROSS responded on July 2, 2021 without mentioning a preemption defense.  *See* Ex. B (Def.'s Resp. Pls.' Interrog. No. 12), at 3-4.  ROSS likewise did not raise the defense when it supplemented its response on January 11, 2022.  See Ex. C (Def.'s Resp. Pls.' Interrog. No. 12), at 3-4.  On February 7, 2022, three days after the substantial completion of document production deadline, Plaintiffs served a supplemental interrogatory response further

The Honorable Stephanos Bibas  Page 2
August 16, 2022

describing the factual basis of their tortious inference claim. *See* Ex. D (Pls.' Resp. Def.'s Interrog. No. 13), at 3-9. Still, ROSS did not disclose a preemption defense. To date, ROSS has not provided an interrogatory response regarding preemption. As ROSS did not disclose its defense during fact discovery or prior to the Parties' service of their opening expert reports, it cannot now rely on this undisclosed legal theory. *See Sofia v. Esposito*, 2019 WL 6529432, at *7 (S.D.N.Y. Dec. 4, 2019) (failure to disclose theory in interrogatory response precluded reliance); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (same).

## II.  ROSS Has No Good Cause to Amend

ROSS is wrong that "no Third Circuit law holds that copyright preemption is an affirmative defense." Mot. 1. As the *Patry on Copyrights* treatise explains, the "argument that a cause of action is preempted is an affirmative defense, but is not jurisdictional. Accordingly, failure to plead preemption in a responsive pleading results in a waiver of that argument." 6 PATRY ON COPYRIGHT § 18:8.50.[1] Indeed, courts in this District and elsewhere have held that preemption is an affirmative defense that is waived if it is not asserted at the time of the answer. *See FinancialApps, LLC v. Envestnet, Inc.*, C.A. No. 19-1337-CFC-CJB, 2020 WL 3640063, at *6 n.6 (D. Del. July 6, 2020) (denying defendant's motion to dismiss tortious interference claim and noting that "[p]reemption is an affirmative defense")[2]; *Integrated Bar Coding Sys., Co. v. Wemert*, 2007 WL 496464, at *9 (E.D. Mich. Feb. 12, 2007) ("[d]efendants have not cited, nor has the Court found, any case law holding that federal copyright law preemption is jurisdictional, and therefore, is a defense that cannot be waived. As a result, defendants have waived the ability to raise preemption as a defense[.]"). As ROSS failed to raise preemption in its answers, it has waived the defense unless it can show good cause to amend.

But ROSS does not have good cause to amend. ***First***, ROSS waited over a year after the deadline to amend the pleadings to raise the defense. This alone is grounds to deny ROSS's motion. *See Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (finding "'good cause' requirement [is] sufficient to deny a motion to amend filed six months after the [] deadline for amendments to pleadings").

***Second***, ROSS's excuses are insufficient to constitute good cause to amend. ROSS asserts that it delayed in filing this Motion because it was not aware of "an out-of-circuit district court" treating copyright preemption as an affirmative defense until July 18, 2022.[3] Mot. 1. But

---

[1]  ROSS relies on *Four Quarters Interfaith Sanctuary of Earth Religion v. Gille* in arguing that because the Copyright Act is completely preemptive, preemption is jurisdictional, and thus cannot be waived, but that case notes that the Third Circuit has not decided whether the Copyright Act is completely preemptive, and it does not address the issue of waiver. 2019 WL 529079, at *4 (W.D. Pa. Feb. 11, 2019) (collecting cases). Further, in at least one instance, the Third Circuit found that the Copyright Act was not completely preemptive of the claim brought. *See Bd. of Chosen Freeholders v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006).

[2]  Report and recommendation adopted by the District Court in relevant part. *See Financialapps, LLC v. Envestnet, Inc.*, C.A. No. 19-1337-CFC-CJB, 2020 WL 5422408, at *4 (D. Del. Sept. 10, 2020).

[3]  ROSS cites one case it purportedly came across only recently, *Versata Software, Inc. v. Ameriprise Fin., Inc.*, 2014 WL 950065, at *2 (W.D. Tex. Mar. 11, 2014). ROSS articulates

The Honorable Stephanos Bibas                                                                                     Page 3
August 16, 2022

good cause cannot be established where delay in filing a motion to amend is caused by a party's own lack of diligence, as is the case here. *See Venetec Inter., Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."). ROSS has known that Plaintiffs asserted a claim of tortious interference since their Complaint was filed over two years ago. ROSS's failure to research the applicability of a defense to that claim does not justify its delay. *See Colo. Visionary*, 194 F.R.D. at 688 (finding failure "to do the research necessary to recognize the applicability of the defense they seek to add" is insufficient).

ROSS also argues that it was only during fact discovery, specifically upon receipt of Plaintiffs' interrogatory responses, that it realized this defense was viable. Mot. 2. But ROSS does not identify *any* specific facts it purportedly uncovered to substantiate that claim.[4] Moreover, Plaintiffs provided their interrogatory response explaining the basis for their tortious interference claim on February 7, 2022, with fact discovery closing on April 21, 2022. *See* Ex. D.[5] Even if ROSS learned of the defense in February, it has no good cause for its delay in moving to amend until now. *See Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007) ("a party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend"); *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 219 (E.D. Pa. 2017) (denying motion to amend not filed until two years after the complaint was filed that failed to explain why it could not have amended sooner).

***Third***, the motion should be denied because Plaintiffs will be prejudiced by the assertion of a new defense after the close of fact discovery. *See Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) (finding "certain prejudice to plaintiffs" where defendant's request to add new claims came "six months after the deadline to amend the pleadings and after the close of fact discovery"). Plaintiffs understand preemption to be a question of law, making it inappropriate for ROSS to rely on information learned during fact discovery to excuse its undue delay. Nevertheless, in its Motion, ROSS referenced Plaintiffs' interrogatory responses, evidently seeking to suggest that it learned previously unknown facts (although it does not identify them). If that is the case, Plaintiffs have not had the opportunity to consider whether they had the chance to develop such facts during fact discovery. *See Cot'n*

---

no reason why it took until July 18, 2022 to "discover" this decision from 2014. Indeed, many "out-of-circuit" cases, dating back as early as 2007, hold that copyright preemption is an affirmative defense. *See e.g.*, *Integrated Bar*, 2007 WL 496464, at *9. ROSS's failure to conduct diligent legal research for two years is not good cause. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000). Tellingly, ROSS cites no authority holding otherwise.

[4] By contrast, in *ICU Med., Inc. v. RyMed Techs., Inc.*, on which ROSS relies, there were specific facts uncovered in discovery concerning prior art and the role of different contributors in the creation of a patent that were discovered during depositions and allowed a party to plead with particularity what they could not before. 674 F. Supp. 2d 574, 578 (D. Del. 2009). ROSS alleges no such specific facts here.

[5] ROSS's argument that it was delayed because of meet and confers with Plaintiffs in July, Mot. 3, does not account for its failure to raise this defense in February.

*Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622 (D. Del. 2014) ("Although plaintiffs may have had information relevant to the [proposed new claims] on file prior to the proposal of the amendment, plaintiffs did not have the opportunity to review and vet this evidence for discovery purposes in the context of [proposed new] claims.").

### III. ROSS's Proposed Amendment Is Futile

Timeliness alone is grounds to deny the Motion. Nevertheless, ROSS's amendment is also futile as a matter of law. "An amendment is futile if it fails to state a claim upon which relief can be granted, or 'advances a claim or defense that is legally insufficient on its face.'" *Cot'n Wash*, 56 F. Supp. at 622. Contrary to ROSS's assertions, courts in this Circuit and elsewhere have held that the Copyright Act does ***not*** preempt tortious interference claims where they are based on contractual relationships. *See Mercom Grp., LLC v. Diati Staffing*, LLC, 2016 WL 4054921, at *5 (D.N.J. 2016) ("[tortious interference is] so different from 'mere copying' that [p]laintiff is not seeking to vindicate a right equivalent to a copyright holder's exclusive rights"); *Wellness Publ'g. v. Barefoot*, 2008 WL 108889, at *18 (D.N.J. 2008) (finding tortious interference claim not preempted by Copyright Act where it was based on breach of an agreement not to compete with plaintiffs' product); *Expediters Int'l of Washington, Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*, 995 F. Supp. 468, 480 (D.N.J. 1998) (claim that competitor breached contract with [plaintiff] was not preempted by Copyright Act); *Cassway v. Chelsea Historic Properties I*, 1993 WL 64633, at *5 (E.D. Pa. 1993) (finding claim for tortious interference with contractual relationships not equivalent to copyright claim).[6]

Here, Plaintiffs' tortious interference claim is based on the fact that ROSS was aware of Plaintiffs' contract with LegalEase Solutions for the use of Plaintiffs' Westlaw product, and ROSS unlawfully induced LegalEase to breach multiple clauses of that contract for its own benefit. Among other things, Plaintiffs' terms and conditions prohibited LegalEase from selling or transferring the Westlaw products or data "in bulk" or "in any way that could be used to replace or substitute for our products in whole or in part or as a component of any material offered for sale, license or distribution to third parties." *See* Ex. E, TR-0002817–818. ███████████████████████████████████████████████████████████████████████ *See* Ex. F, ROSS-003389728–730; Ex. G, ROSS-003277880–881. LegalEase violated the terms of its agreement with Plaintiffs by doing exactly what ROSS requested.

The contractual terms that ROSS induced LegalEase to breach are not equivalent to rights conferred by the Copyright Act. In particular, contractual terms that prevent the *way* a product can be used (such as Plaintiffs' prohibition on use of their content in a way that substitutes or replaces their product) are sufficient to provide the extra element. *See Mercom Grp., LLC*, 2016 WL 4054921, at *4 (finding defendants' use of plaintiffs' copyrighted data in breach of certain agreements and for competitive purposes created a claim that was "qualitatively different from

---

[6] Further, the Fifth, Seventh, Ninth, Eleventh, and Federal Circuits have all held that the Copyright Act does not preempt claims based on contracts. *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317 (Fed. Cir. 2003); *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305 (11th Cir. 2001); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488 (5th Cir. 1990).

The Honorable Stephanos Bibas  Page 5
August 16, 2022

mere unauthorized copying"); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (claim that defendant caused customers to use plaintiff's software in violation of licensing agreement was not preempted by the Copyright Act). Accordingly, Plaintiffs' tortious interference with contract claim contains "extra elements" and, thus, is not preempted by the Copyright Act. *See Expediters Int'l of Washington*, 995 F. Supp. 468, 479 ("a copyright claim does not preempt a [state-law] claim where '[a]n extra element is required … in addition to the acts of reproduction, performance, distribution or display, in order to constitute [the] state-created cause of action'").[7]

ROSS's opening brief does not say otherwise. It merely states that its motion is not futile because "discovery has revealed the tortious interference claim is not qualitatively different from the copyright claim." Mot. 3. ROSS does not explain why that would be or what facts plausibly support its claim of copyright preemption. Thus, ROSS's amendment should be dismissed as futile. *See Cot'n Wash*, 56 F. Supp. at 625 (denying motion to amend claims as futile where defendants failed to allege any facts to support their proposed amended claims). And it would violate the Local Rules for ROSS to raise such arguments in reply. D. Del. L.R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."); *LG Display Co., Ltd. v. AU Optronics Corp.*, C.A. No. 06-726-LPS, 2010 WL 5463305, at *4 (D. Del. Dec. 29, 2010) (argument raised initially in reply is waived).

Accordingly, ROSS's motion should be denied for the independent reason that its preemption defense is futile as Plaintiffs' claim is based on activities beyond ROSS's copying as evidenced by ROSS's failure to explain the basis for its defense, which it cannot now do in reply.

Respectfully,

Michael Flynn, (#5333)
*Counsel for Plaintiffs*

cc: Counsel of Record (via ECF)

---

[7] ROSS's cited cases are distinguishable as they involved a tortious interference claim based solely on unauthorized copying or distribution, *see Syngy, Inc. v. ZS Assocs., Inc.*, 2015 WL 899408, at *41 (E.D. Pa. Mar. 3, 2015); *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 422 (W.D. Pa. 2008); *MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002), or preemption of other state-law claims that are not at issue, *see Pellegrino v. Epic Games, Inc.*, 451 F. Supp. 3d 373, 387 (E.D. Pa. 2020); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Katz Dochrermann & Epstein, Inc. v. Home Box Office*, 1999 WL 179603, at *2 (S.D.N.Y. Mar. 31, 1999). Further, ROSS's point that "whether copyright preemption bars a particular claim may not be apparent until the record is developed," Mot. 2, is inapplicable here as this Motion comes four months after the close of fact discovery.