# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>) C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | )<br>) **JURY TRIAL DEMANDED** |
| v. | )<br>) **PUBLIC VERSION** |
| ROSS INTELLIGENCE INC., | ) |
| Defendants/Counterclaimant. | ) |

## LETTER TO THE HONORABLE STEPHANOS BIBAS FROM DAVID E. MOORE

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: August 19, 2022
10304719 / 20516.00001
Public Version Dated: August 24, 2022

Dear Judge Bibas:

Plaintiffs do not argue that the cases holding that preemption is not an affirmative defense are wrongly decided. They only claim that courts in the Third Circuit have held differently. That is not accurate.

As for delay, as the futility arguments make clear, the facts underlying a tortious interference claim do matter for the purposes of copyright preemption. ROSS obtained Plaintiffs' factual basis in February 2022, and ROSS has explained any delay from that point. In any case, delay alone is not enough to deny this motion. Plaintiffs claim no actual prejudice. They do not even claim that ROSS's actions are the result of a bad motive or that, whatever the motive, ROSS has obtained some inappropriate advantage.

Finally, the amendment is not futile.[1]

## I. Preemption Is Not an Affirmative Defense

Neither *Patry on Copyright* § 18:8.50 nor *FinancialApps, LLC v. Envestnet, Inc.*, 2020 WL 3640063 (D. Del. July 6, 2020), supports the argument that courts in the Third Circuit view copyright preemption as an affirmative defense. Opp. at 2. *Patry* cites no case in the Third Circuit. *FinancialApps* is a Magistrate Judge's Report and Recommendation. It was adopted in part and rejected in part by the District Court without reference to the footnote or the statement on which Plaintiffs rely. *See* 2020 WL 5422408 (D. Del. Sept. 10, 2020). While *Four Quarters Interfaith Sanctuary of Earth Religion v. Gille*, 2019 WL 529079 (W.D. Pa. Feb. 11, 2019), notes that the Third Circuit has not decided whether the Copyright Act is completely preemptive, Opp. at 2 n.1, Plaintiffs do not challenge the correctness of those decisions it cites that have. Finally, *Bd. of Chosen Freeholders v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006), did not hold that the Copyright Act is not completely preemptive. Opp. at 2 n.1. The case merely indicates that claims seeking access to public records are not preempted.

## II. ROSS Has Not Unduly Delayed in Bringing this Motion

Preemption in the context of tortious interference claims turns on the specific facts underlying those claims. Section IV, *infra*. Plaintiffs provided the facts underlying their tortious interference with contract claim in February 2022. *See* Opp., Ex. D. Any delay from that date is explained in ROSS's motion. In any case, delay alone is not enough to deny leave to amend, and Plaintiffs have not shown undue burden on this Court (e.g., there is no change in schedule or trial dates) or personal actual burden or prejudice as they must. *See* Mot. at 3 (citing cases).

## III. Plaintiffs Fail to Identify Any Alleged Prejudice

Plaintiffs do not dispute that copyright preemption presents an issue of law. They assert prejudice, but provide no specifics. Opp. at 3.[2] The close of discovery is not enough. *See Langbord v. U.S. Dep't of the Treasury*, 749 F. Supp. 2d 268, 273 (E.D. Pa. 2010), *aff'd in part sub nom.*, 832 F.3d 170 (3d Cir. 2016) (allowing amendment after close of discovery where

---

[1] Plaintiffs claim ROSS amended its answer twice. Opp. at 1. ROSS amended its answer *once* after it partially withdrew its motion to dismiss. *See* Mot. at 1 n.1 (D.I. Nos. 22 & 24).

[2] Plaintiffs have had since July 20 to consider whether facts needed to be developed. Opp. at 3. Also expert reports were filed on August 1, after the meet and confers began. There is no argument that they would otherwise be different. *See* Ex. A.

The Honorable Stephanos Bibas
August 19, 2022
Page 2

amendment did not "introduce[] new factual issues"). The failure to identify specific prejudice is dispositive. *See Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D. Del. 1985) ("[T]he non-moving party must do more than simply claim prejudice; it must show that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it otherwise could have offered had the amendment been timely.").

### IV.  The Amendment Is Not Futile

Plaintiffs argue that courts have held that the Copyright Act does not preempt tortious interference with contract claims. Opp. at 4. Under factual circumstances not applicable here, that is true. However, courts *have* found that such claims are preempted when, as here, at issue is the copying and transferring of copyrighted materials. *See, e.g.*, *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 421(W.D. Pa. 2008); *see also* 1 *Nimmer on Copyright* § 1.15[A][3] at 1-6 (2021) (collecting cases and noting "The Committee Report that explained Section 301(b)(3) . . . stated that the tort of 'interference with contractual relations' is merely 'the equivalent of copyright protection [and therefore] would be preempted'."). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ which Westlaw Content Plaintiffs claim is protected by copyright. Opp., Ex. D at 11.

Plaintiffs' cases do not counsel a different result. In *Mercom Grp., LLC v. Diati Staffing, LLC*, 2016 WL 4054921, at *3-4 (D.N.J. Jul. 26, 2016), the Court found that "the gravamen" of the complaint was the use of confidential and proprietary information which was "qualitatively different" from unauthorized copying. In *Wellness Publ'g. v. Barefoot*, 2008 WL 108889, at *18 (D.N.J. Jan. 9, 2008), the interference claim was based on a non-competition provision, not on the distribution of copyrighted materials. *Expediters Int'l of Washington, Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*, 995 F. Supp. 468, 480-81 (D.N.J. 1998), involved trade secrets and a breach of a duty of confidentiality. No such duty is asserted here. Finally, *Cassway v. Chelsea Historic Props. I*, 1993 WL 64633, at *4-5 (E.D. Pa. Mar. 4, 1993), involved the failure to pay fees.

Last, Plaintiffs rightly consign some cases to a footnote. Opp. at 4 n.6. Only one of the cases concerns the preemption of an interference with contract claim. *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005). Since the *Altera* decision, courts in the Ninth Circuit have concluded that tortious interference claims *are* preempted. They distinguish *Altera* because it involved the use of copyrighted materials and not, as here, the copying and distribution of alleged copyrighted materials. *See Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1071-73 (N.D. Cal. 2016); *Wilder v. CBS Corp.*, 2016 WL 693070 at *7 (C.D. Cal. Feb. 13, 2016). The remainder of the cases find that *breach of contract* claims are not preempted. They are inapposite for this reason. Leave to amend should be granted.

                                                    Respectfully,

                                                   */s/ David E. Moore*

                                                   David E. Moore

The Honorable Stephanos Bibas
August 19, 2022
Page 3

DEM:nmt/10304719/20516.00001

cc:   Counsel of Record (via electronic mail)