IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (SB) |
| | ) | |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) ) | |

**PLAINTIFFS' / COUNTERDEFENDANTS' ANSWER TO
DEFENDANT / COUNTERCLAIMANT'S SECOND AMENDED COUNTERCLAIMS**

Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs") hereby answer Defendant and Counterclaimant ROSS Intelligence Inc.'s ("ROSS") second amended counterclaims, filed September 14, 2022 (D.I. 225) ("Counterclaims") as follows:

1.      Plaintiffs deny the allegations in Paragraph 1. Plaintiffs object to the use of "Westlaw" as a corporate entity in Paragraph 1 and throughout ROSS's Amended Counterclaims. Plaintiffs state that Westlaw is not a corporate entity, but rather a product that includes without limitation its unique West Key Number System and West Headnotes.  Plaintiffs incorporate this objection in each Answer as if stated fully therein.

2.      Because the phrase "the public law" is imprecise, Plaintiffs are unable to form a belief as to the truth of the first sentence of Paragraph 2 and therefore deny those allegations. Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore deny them.

3.      To the extent that Paragraph 3 purports to characterize caselaw, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

4.      Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5.      Plaintiffs admit that they market and sell Westlaw.  Plaintiffs deny the remaining allegations in Paragraph 5.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

6.      Plaintiffs admit that ROSS marketed and sold a legal search platform.  Plaintiffs state that ROSS has since ceased operations and no longer offers a legal search platform.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny them.

7.      Plaintiffs admit that ROSS has asserted antitrust counterclaims in this case.  Plaintiffs deny the remaining allegations in Paragraph 7.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

8.      Plaintiffs deny the allegations in Paragraph 8.

9.      Plaintiffs deny the allegations in Paragraph 9.

10.     Plaintiffs admit that ROSS has asserted antitrust counterclaims in this case.  Plaintiffs deny the allegations in Paragraph 10.

## **NATURE OF THE ACTION**[2]

11.     Plaintiffs admit that ROSS seeks injunctive and monetary relief for an alleged violation of Section 2 of the Sherman Act.  Plaintiffs deny the remaining allegations in Paragraph 11.

---

[1]   Headings are from ROSS's Counterclaims and are included for ease of reference only.

12.     Plaintiffs admit that ROSS seeks injunctive and monetary relief for an alleged violation of Section 1 of the Sherman Act.   Plaintiffs deny the remaining allegations in Paragraph 12.

13.     Plaintiffs admit that ROSS seeks injunctive and monetary relief for an alleged violation of the California Unfair Competition Law.  Plaintiffs deny the remaining allegations in Paragraph 13.

14.     Plaintiffs admit that ROSS seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202, preliminary and injunctive relief, and other allegedly necessary and proper relief. Plaintiffs deny the remaining allegations in Paragraph 14.

## PARTIES

15.     Plaintiffs admit the allegations in Paragraph 15.

16.     Plaintiffs admit the allegations in Paragraph 16.

17.     Plaintiffs admit the allegations in Paragraph 17.

## JURISDICTION AND VENUE

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that there is presently a justiciable controversy with regard to the copyrightability and ownership of certain of Plaintiffs' Westlaw Content, as defined and alleged in Plaintiffs' Complaint.  Paragraph 18's reference to "validity" is vague, ambiguous, and unclear and on that basis Plaintiffs cannot respond.  Plaintiffs deny the remaining allegations in Paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that the Court has subject matter jurisdiction over ROSS's counterclaims.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that they are subject to personal jurisdiction in this Court for purposes of this matter only.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that venue is proper in this Court for purposes of this matter only.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that the Court has supplemental subject matter jurisdiction over ROSS's state law counterclaims for as long as its federal claims have not been dismissed.

## GENERAL ALLEGATIONS

### ROSS & Counterdefendants' Complaint

23.     Plaintiffs deny the allegations in Paragraph 23.

24.     Plaintiffs deny the allegations in Paragraph 24.

25.     Plaintiffs admit that, for some customers, ROSS licensed its legal search product for less than $100 a month.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore deny them.

26.     Plaintiffs object to ROSS's use of the phrase "public law database" in this Paragraph 26 and throughout ROSS's Amended Counterclaims.  The phrase "public law database" is an inaccurate description of Westlaw.  Plaintiffs deny that there is any so-called "public law database" separate and apart from Westlaw.  Plaintiffs admit that Westlaw includes a collection of legal information, including caselaw, statutes, and regulations, much of which is annotated with Plaintiffs' proprietary editorial enhancements, including Westlaw Content.  Plaintiffs admit that they do not license their collection of legal information separate from Westlaw.  Plaintiffs admit

that Westlaw contains a comprehensive and reliable collection of legal information.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.  Plaintiffs deny the remaining allegations in Paragraph 26.

27.     Plaintiffs admit that they did not grant ROSS access to Westlaw, including access to Plaintiffs' collection of legal information.  Plaintiffs deny the remaining allegations in Paragraph 27.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

28.     Plaintiffs admit that ROSS obtained caselaw from Fastcase and Casemaker. Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them.

29.     Plaintiffs deny that ROSS's search technology "was designed to be incapable of digesting information that was added to the public law by third parties like Westlaw, including key numbers, headnotes, and page numbers."  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny them.

30.     Plaintiffs deny the allegations in Paragraph 30.

31.     Plaintiffs deny that ROSS did not know LegalEase was using Westlaw and that ROSS told LegalEase not to use any third-party information.  Plaintiffs deny the remaining allegations in Paragraph 31.

32.     To the extent that Paragraph 32 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

33.     To the extent that Paragraph 33 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

34.     The first sentence of Paragraph 34 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs deny the allegations in the first sentence of Paragraph 34.  To the extent Paragraph 34 purports to characterize Plaintiffs' Westlaw license, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny any remaining allegations in Paragraph 34.

35.     Plaintiffs admit that they sued LegalEase in federal court in Minnesota and that the parties ultimately settled that case.  Plaintiffs admit that the court issued a protective order in the LegalEase matter, under which LegalEase and ROSS produced documents.  Plaintiffs deny the remaining allegations in Paragraph 35.

36.     To the extent that Paragraph 36 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

37.     Plaintiffs deny Paragraph 37 and state that Westlaw is a product, not a corporate entity.

**The Westlaw Platform**

38.     Plaintiffs admit that Paragraph 38 quotes a portion of Paragraph 11 of Plaintiffs' Complaint.  To the extent that Paragraph 38 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remainder of the allegations in Paragraph 38.  Plaintiffs

6

further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

39.     Plaintiffs admit that they have built a comprehensive collection of legal information, dating back to the 19th century, as part of Westlaw.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore deny them.

40.     To the extent that Paragraph 40 purports to summarize and characterize Plaintiffs' allegations and claims in this case, Plaintiffs refer to the contents of their Complaint and deny any characterization or description that is inconsistent therewith. Plaintiffs deny the remainder of the allegations in Paragraph 40, except admit that the Westlaw Content is copyrighted, but state that Plaintiffs do not claim any copyright interested in underlying judicial opinions created by state and federal courts.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

41.     Plaintiffs admit that Westlaw is updated regularly.  Plaintiffs further admit that they regularly review their collection of legal information and Westlaw Content to confirm its accuracy. Plaintiffs deny the remaining allegations in Paragraph 41.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

42.     Plaintiffs admit that they initially published their collection of legal information in hardcopy books and updated their books as new cases and statutes became available.  Plaintiffs further admit that they now also store their collection of legal information electronically, which can be accessed through a Westlaw license.  Plaintiffs deny the remaining allegations in Paragraph 42.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

43.     Plaintiffs admit that Westlaw is a valuable product that can be accessed virtually. Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 43 and therefore deny them.  Plaintiffs deny the remaining allegations in Paragraph 43.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

44.     Plaintiffs admit that they have built goodwill and consumer confidence in Westlaw. Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore deny them.

45.     Plaintiffs object to ROSS's use of the phrase "legal search tools" in this Paragraph 45 and throughout ROSS's Amended Counterclaims.  The phrase "legal search tools" is an inaccurate description of Westlaw.  Plaintiffs deny that there are any so-called "legal search tools" separate and apart from Westlaw.  Plaintiffs admit that Westlaw includes search features that allow customers to search though Westlaw's collection of legal information and Westlaw Content.  To the extent that Paragraph 45 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith. Plaintiffs deny the remainder of the allegations in Paragraph 45.

46.     To the extent that Paragraph 46 purports to quote portions of and characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

47.     Plaintiffs deny the allegations in Paragraph 47 and state that Westlaw is a product, not a corporate entity capable of maintaining copyrights or asserting value.  Plaintiffs admit that Thomson Reuters Enterprise Centre GmBH owns copyrights to Westlaw, including the West Key Number System.  Plaintiffs further admit that the copyrights and Westlaw Content are valuable.

8

Plaintiffs deny the remaining allegations in Paragraph 47.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

48.     Plaintiffs deny the allegations in the first three sentences of Paragraph 48.  Because the phrase "decide how the law is organized" is imprecise, Plaintiffs are unable to form a belief as to the truth of the fourth sentence of Paragraph 48 and therefore deny those allegations.  Plaintiffs admit that they did not determine the elements of legal claims.  Because the phrase "come up with the structure and organization of legal principles" is imprecise, Plaintiffs are unable to form a belief as to the truth of the sixth sentence of Paragraph 48 and therefore deny those allegations.  Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 48 and therefore deny them.  Plaintiffs deny the allegations in the final sentence of Paragraph 48.  Plaintiffs deny any remaining allegations in Paragraph 48.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

49.     Plaintiffs admit that Westlaw includes West Headnotes and notes of decisions.  To the extent that Paragraph 49 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

50.     Plaintiffs deny the allegations in Paragraph 50 and state that Westlaw is a product, not a corporate entity capable of maintaining copyrights or asserting value.  Plaintiffs admit that Thomson Reuters Enterprise Centre GmBH owns copyrights to Westlaw, including West Headnotes and notes of decisions.  Plaintiffs admit those copyrights are valuable.  To the extent that Paragraph 50 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny

the remaining allegations in Paragraph 50. Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

51.     Plaintiffs deny the allegations in Paragraph 51.

52.     To the extent that Paragraph 52 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith. Plaintiffs deny the remaining allegations in Paragraph 52. Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

53.     Plaintiffs deny the allegations in Paragraph 53 and state that Westlaw is a product, not a corporate entity capable of maintaining copyrights. To the extent that Paragraph 53 purports to characterize Plaintiff's complaint in another lawsuit or the decision in *Matthew Bender & Co. v. W. Publ. Co.*, 158 F.3d 694 (2d Cir. 1998), Plaintiffs refer to the contents thereof, and deny any characterization or description that is inconsistent therewith.

54.     Plaintiffs admit that Paragraph 54 purports to quote portions of *Matthew Bender & Co. v. W. Publ. Co.*, 158 F.3d 674 (2d Cir. 1998). To the extent that Paragraph 54 purports to characterize the *Matthew Bender* decision, Plaintiffs note that the opinion speaks for itself and deny any characterization or description that is inconsistent therewith. Plaintiffs deny the remaining allegations in Paragraph 54.

55.     To the extent that Paragraph 55 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith. Plaintiffs deny the remaining allegations in Paragraph 55. Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

56.    To the extent that Paragraph 56 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remaining allegations in Paragraph 56.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

**ROSS' Rise & Fall**

57.    Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny them.

58.    Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny them.

59.    Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 59 and therefore deny them.  Plaintiffs deny that the second sentence of Paragraph 59 accurately quotes any portion of the cited American Bar Association webpage.  Plaintiffs admit that the third sentence of Paragraph 59 purports to quote a portion of the cited American Bar Association webpage.  To the extent that Paragraph 59 purports to characterize the cited webpage, Plaintiffs note that the webpage speaks for itself and deny any characterization or description that is inconsistent therewith.   Plaintiffs deny the remaining allegations in Paragraph 59.

60.    Plaintiffs admit that "Legal Tech for Change" is an identified project on the cited American Bar Association webpage.  To the extent that Paragraph 60 purports to characterize the cited webpage, Plaintiffs note that the webpage speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore deny them.

11

61.     Plaintiffs admit that the cited State Bar of Texas webpage identifies an Emerging Technology working group.  To the extent that Paragraph 61 purports to characterize the cited webpage, Plaintiffs note that the webpage speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore deny them.

62.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny them.

63.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny them.

64.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny them.

65.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny them.

66.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny them.

67.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny them.

68.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny them.

69.     Plaintiffs admit that they do not license their collection of legal information separate from Westlaw.  Plaintiffs admit that they do not license Westlaw to competitors.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 69 and therefore deny them.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

70.     Plaintiffs deny the allegations in the first sentence of Paragraph 70.  Plaintiffs are without information to form a belief as to the truth of the second and third sentences of Paragraph 70 and therefore deny them. Plaintiffs deny the allegations in sentence four of Paragraph 70. Plaintiffs deny any remaining allegations in Paragraph 70.

71.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny them.

72.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny them.

73.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny them.

74.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny them.

75.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny them.

76.     Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 76 and therefore deny them.  Plaintiffs admit that they do not license their collection of legal information separate from Westlaw.  Plaintiffs are without information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 76 and therefore deny them.  Plaintiffs deny the allegations in the last sentence of Paragraph 76.  Plaintiffs deny any remaining allegations in Paragraph 76.

**The Relevant Markets**

77.     Paragraph 77 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that there is consumer demand for Westlaw.  Plaintiffs admit that Westlaw includes search functionality and a collection of legal information.  Plaintiffs deny the remaining allegations in Paragraph 77.

78.     Paragraph 78 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs admit that consumers demand legal search products like Westlaw that include search functionality and a collection of legal information.  Plaintiffs admit that there is no consumer demand for a collection of legal information without a search functionality.  Plaintiffs admit that there is no consumer demand for a search functionality without a collection of legal information.  Plaintiffs deny the remaining allegations in Paragraph 78.

79.     Paragraph 79 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs deny the allegations in Paragraph 79.

80.     Paragraph 80 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Plaintiffs deny the allegations in Paragraph 80.

81.     Plaintiffs admit that ROSS offered a legal search product in competition with Westlaw.  Plaintiffs deny the remaining allegations in Paragraph 81.

**Monopoly Power**

82.     Plaintiffs deny the allegations in Paragraph 82.

83.     To the extent Paragraph 83 characterizes the results of a 2020 trade survey, Plaintiffs note that the survey speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and therefore deny them.

84.     To the extent Paragraph 84 characterizes the results of a 2020 trade survey, Plaintiffs note that the survey speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore deny them.

85.     To the extent Paragraph 85 characterizes the results of a 2020 trade survey, Plaintiffs note that the survey speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and therefore deny them.

86.     To the extent Paragraph 86 characterizes the results of a 2020 trade survey, Plaintiffs note that the survey speaks for itself and deny any characterization or description that is inconsistent therewith.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore deny them.

87.     Plaintiffs deny the allegations in the first sentence of Paragraph 87.  Plaintiffs deny the allegations in the second sentence of Paragraph 87.  Plaintiffs admit that some AmLaw 100 firms pay more than $1 million a year under their Westlaw license.  Plaintiffs deny any insinuation or suggestion that their prices are supracompetitive or more than competitors charge for other legal search platforms.  Plaintiffs deny the allegations in the third and fourth sentences of Paragraph 87. Plaintiffs admit that some Westlaw licensees may pay up to $172 for searches done outside the scope of the licensees' subscription plan.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.  Plaintiffs deny the remaining allegations in Paragraph 87.

88.     Plaintiffs deny the allegations in the first sentence of Paragraph 88.  Plaintiffs deny the allegations in the second sentence of Paragraph 88.  Plaintiffs admit that the second sentence

accurately reflects the pricing Plaintiffs quoted a ROSS employee posing as a solo practitioner for a Westlaw Edge subscription.  Plaintiffs further object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.  Plaintiffs deny any remaining allegations in Paragraph 88.

89.    Plaintiffs deny the allegations in Paragraph 89.

90.    Plaintiffs deny the allegations in Paragraph 90.

91.    Plaintiffs deny the allegations in the first sentence of Paragraph 91.  Plaintiffs admit that they expend significant resources to provide training and support to Westlaw licensees.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore deny them.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

92.    Plaintiffs deny the allegations in the first sentence of Paragraph 92.  To the extent Paragraph 92 refers to any courts' rules, Plaintiffs note that the rules speak for themselves and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remaining allegations in Paragraph 92.

93.    Plaintiffs deny the allegations in the first sentence of Paragraph 93.  Plaintiffs deny the allegations in the second sentence of Paragraph 93.  Plaintiffs state that any differential pricing among Westlaw licensees is based on expected use and is limited to searches for content outside of a licensee's Westlaw subscription.  Plaintiffs deny the remaining allegations in Paragraph 93.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

94.    Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in Paragraph 94 and therefore deny them.

95.     Plaintiffs deny the allegations in Paragraph 95.

96.     Plaintiffs deny the allegations in Paragraph 96.

97.     Plaintiffs admit that Westlaw is an industry leading legal search product.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 97 and therefore deny them.  Plaintiffs deny the allegations in the second sentence of Paragraph 97.

98.     Plaintiffs admit that Westlaw is an industry leading legal research product and that Westlaw includes a comprehensive collection of legal information.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 98 and therefore deny them.  To the extent the second sentence of Paragraph 98 refers to other companies' practices, Plaintiffs are without sufficient information to form a belief as to the truth of the allegations and therefore deny them.  Plaintiffs admit that they have effective mechanisms in place to update and ensure the accuracy of its collection of legal information. Plaintiffs deny the remaining allegations in Paragraph 98.

99.     Plaintiffs deny the allegations in the first sentence of Paragraph 99.  Plaintiffs admit that they have been building the collection of legal information available through Westlaw for over a hundred years.  Plaintiffs admit that they have built goodwill in their trademarks.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore deny them.

100.    Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in Paragraph 100 and therefore deny them.

**The Exclusionary Conduct**

101.    Plaintiffs deny the allegations in Paragraph 101.

102.    Plaintiffs admit that they do not license their collection of legal information separate from Westlaw.  To the extent the allegations in Paragraph 102 purport to quote and characterize Plaintiffs' Westlaw license agreement, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remaining allegations in Paragraph 102.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

103.    To the extent the allegations in Paragraph 103 purport to quote and characterize Plaintiffs' Westlaw license agreement, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remaining allegations in Paragraph 103.

104.    Plaintiffs admit that they do not license, have never licensed, and do not plan to license their collection of legal information separate from Westlaw.  Plaintiffs deny the remaining allegations in Paragraph 104.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

105.    Plaintiffs admit that they do not license their collection of legal information separate from Westlaw.  To the extent Paragraph 105 refers to statements, actions, or beliefs of third parties to this litigation, Plaintiffs are without sufficient information to form a belief as to the truth of these allegations and therefore deny them.  Plaintiffs deny the remaining allegations in Paragraph 105.

106.    Plaintiffs deny the allegations in Paragraph 106.

107.    To the extent the allegations in Paragraph 107 purport to quote and characterize Plaintiffs' Complaint and Westlaw license agreement, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the

remaining allegations in Paragraph 107.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

108.    To the extent the allegations in Paragraph 108 purport to characterize Plaintiffs' Westlaw license agreement, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.  Plaintiffs deny the remaining allegations in Paragraph 108.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

109.    To the extent the allegations in Paragraph 109 purport to quote and characterize Plaintiffs' Westlaw license agreement, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.   Plaintiffs deny the remaining allegations in Paragraph 109.

110.    Plaintiffs admit that the West Key Number System and West Headnotes are integrated into the online and print versions of Westlaw.  Plaintiffs deny the remaining allegations in Paragraph 110.  Plaintiffs object to the use of "Westlaw" as a corporate entity and state that Westlaw is a product, not a corporate entity.

111.    Plaintiffs deny the allegations in Paragraph 111.[3]

112.    Plaintiffs deny the first sentence in paragraph 112.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 112 and therefore deny them.

113.    Plaintiffs deny the allegations in Paragraph 113.

114.    Plaintiffs deny the allegations in Paragraph 114.

---

[2]    To the extent ROSS's counterclaims purport to allege that Plaintiffs' have engaged in sham litigation under § 2 of the Sherman Act, the Court granted Plaintiffs' motion to dismiss such claims.  D.I. 170 at 9-12.

115.     Plaintiffs deny the allegations in Paragraph 115.

## COUNT I
### (Declaratory Judgment of No Valid Copyrights in the Westlaw Content)

116.     Plaintiffs incorporate by reference their responses to Paragraphs 1-115.

117.     To the extent that Paragraph 117 purports to characterize Plaintiffs' Complaint, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

118.     Paragraph 118 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations set forth in Paragraph 118, and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.  To the extent that Paragraph 118 purports to quote from and characterize the cases and legal sources cited in Paragraph 118, Plaintiffs refer to the sources themselves and deny any characterization or description that is inconsistent therewith.

119.     Paragraph 119 states a legal conclusion to which no response is required, but to the extent any response is deemed required, Plaintiffs state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties. To the extent that Paragraph 119 purports to quote from the cited Compendium of U.S. Copyright Office Practices, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

120.     Paragraph 120 states a legal conclusion to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 120, and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

121.    Plaintiffs state that the allegations in Paragraph 121 are conclusions of law to which no response pleading is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 121, and state that the expression of a method of operation is copyrightable.

122.    Plaintiffs state that the allegations set forth in Paragraph 122 are conclusions of law to which no response. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 122.

123.    Paragraph 123 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 123.

124.    Paragraph 124 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 124, except admit that a justiciable controversy exists with respect to the parties' respective rights in connection to the Westlaw Content.

125.    Paragraph 125 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 125.

## COUNT II
### (Declaratory Judgment of Non-Infringement)

126.    Plaintiffs incorporate by reference their responses to Paragraphs 1-125.

127.    Paragraph 127 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 127

and state that the government edicts doctrine does not apply to works authored by persons other than judges and arms of the legislature in the course of their legislative duties.

128.    Plaintiffs state that Paragraph 128 states a legal conclusion to which no response is required.   To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 128.

129.    Plaintiffs state that Paragraph 129 states a legal conclusion to which no response is required.   To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 129.

130.    Paragraph 130 states a legal conclusion to which no response is required.   To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 130, except admit that a justiciable controversy exists with respect to ROSS' infringement of the Westlaw Content.

131.    Paragraph 131 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 131.

## COUNT III
### (Declaratory Judgment of Fair Use)

132.    Plaintiffs incorporate by reference their responses to Paragraphs 1-132.

133.    Paragraph 133 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 133.

134.    Paragraph 134 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 134.

135.    Plaintiffs deny the allegations in Paragraph 135.

136.    Paragraph 136 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 136, except admit that a justiciable controversy exists with respect to ROSS' infringement of the Westlaw Content.

137.    Paragraph 137 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 137.

**COUNT IV**
**(Declaratory Judgment of Copyright Misuse)**

138.    Plaintiffs incorporate by reference their responses to Paragraphs 1-137.

139.    To the extent Paragraph 139 purports to quote and characterize the Constitution, Plaintiffs refer to the contents therein and deny any characterization or description that is inconsistent therewith.

140.    Paragraph 140 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs admit that copyrights should not be enforced when such enforcement does not fulfill the Constitutional purpose of copyright protection.

141.    Plaintiffs deny the allegations in Paragraph 141.

142.    Plaintiffs deny the allegations in Paragraph 142.

143.    Plaintiffs deny the allegations in Paragraph 143.

144.    Paragraph 144 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 144, except admit that a justiciable controversy exists with respect to ROSS's infringement of the Westlaw Content.

145.    Paragraph 145 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 145.

146.    Paragraph 146 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 146.

## COUNT V
### (Declaratory Judgment of No Tortious Interference with Contract)

147.    Plaintiffs incorporate by reference their responses to Paragraphs 1-146.

148.    Paragraph 148 states a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 148, except admit that a justiciable controversy exists with respect to ROSS's tortious interference with Plaintiffs' contracts.

149.    Paragraph 149 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 149, except admit that a cause of action for tortious interference with a contractual relationship requires: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages.

150.    Plaintiffs deny knowledge or sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 150, except state that, after this lawsuit was filed, ROSS publicly admitted that ROSS hired LegalEase, ROSS knew LegalEase was using Westlaw to fulfill its contract, LegalEase produced derivative works using Westlaw Content, and ROSS used those works to create the ROSS platform.

24

151.    Paragraph 151 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs admit that ROSS maintains that it did not tortiously interfere with West's contract.

152.    Paragraph 152 contains ROSS's characterization of its claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 152.

## COUNT VI
### (Sherman Act § 2: Unlawful Monopoly Maintenance in the Legal Search Platforms Market)

153.    Plaintiffs incorporate by reference their responses to Paragraphs 1-152.

154.    Plaintiffs deny the allegations in Paragraph 154.

155.    Paragraph 155 contains a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 155.

156.    Plaintiffs deny the allegations in Paragraph 156.

157.    Plaintiffs deny the allegations in Paragraph 157.

158.    Plaintiffs admit that they license Westlaw in interstate commerce of the United States.  Plaintiffs deny any remaining allegations in Paragraph 158.

159.    Plaintiffs deny the allegations in Paragraph 159.

160.    Plaintiffs deny the allegations in Paragraph 160.

161.    Plaintiffs deny the allegations in Paragraph 161.

## COUNT VII
### (Sherman Act § 1: Unreasonable Restraint of Trade in the Legal Search Platforms Market)

162.    Plaintiffs incorporate by reference their responses to Paragraphs 1-161.

163.     Plaintiffs deny the allegations in Paragraph 163.

164.     Paragraph 164 contains a legal conclusion to which no response is required.  To the extent any response is deemed required, Plaintiffs deny the allegations in Paragraph 164.

165.     Plaintiffs deny the allegations in Paragraph 165.

166.     Plaintiffs admit that it licenses Westlaw in interstate commerce of the United States. Plaintiffs deny any remaining allegations in Paragraph 166.

167.     Plaintiffs deny the allegations in Paragraph 167.

168.     Plaintiffs deny the allegations in Paragraph 168.

169.     Plaintiffs deny the allegations in Paragraph 169.

## COUNT VIII
### (California Unfair Competition Law)

170.     Plaintiffs incorporate by reference their responses to Paragraphs 1-169.

171.     Plaintiffs admit that they license Westlaw in interstate commerce of the United States, including in California.  Plaintiffs are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and therefore deny them.

172.     Plaintiffs deny the allegations in Paragraph 172.

173.     Plaintiffs deny the allegations in Paragraph 173.

174.     Plaintiffs deny the allegations in Paragraph 174.

175.     Plaintiffs deny the allegations in Paragraph 175.

## COUNT IX
### (Delaware Common Law Unfair Competition)

176.     The court granted Plaintiffs' motion to dismiss Count IX of ROSS's Amended Counterclaims and thus no response is required to Paragraphs 176-180.  To the extent a response is deemed required, Plaintiffs deny the allegations in Paragraphs 176-80.

## ROSS'S RELIEF REQUESTED

Plaintiffs and Counterdefendants Thomson Reuters and West deny that ROSS is entitled to any of its requested relief and respectfully request judgment in their favor and against Defendant and Counterclaimant ROSS on all counterclaims.

## AFFIRMATIVE DEFENSES

Plaintiffs sets forth below their affirmative defenses.  By setting forth these affirmative defenses, Plaintiffs do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to ROSS.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to ROSS's allegations.

As separate and distinct affirmative defenses, Plaintiffs allege as follows:

1.      ROSS's claims are barred, in whole or in part, by the applicable statute of limitations.

2.      ROSS's claims are barred by the equitable doctrine of laches, estoppel, waiver, unclean hands, and *in pari delicto*.

3.      ROSS's claims are barred, in whole or in part, by ROSS's failure to mitigate, prevent, or avoid their alleged damages, if any, and therefore ROSS's recovery, if any, should be reduced to the extent such damages could and should have been mitigated, prevented, or avoided.

4.      ROSS's claims are barred, in whole or in part, because ROSS lacks antitrust standing.

5.      ROSS's claims are barred, in whole or in part, because ROSS has not suffered any injury in fact and/or any injury cognizable under the antitrust laws.

6.      ROSS's claims are barred, in whole or in part, to the extent ROSS seeks damages that would constitute duplicative recovery and/or offset.

7.      ROSS's claims are barred, in whole or in part, due to the ratification, and consent to, the conduct of Plaintiffs.

8.      ROSS's claims fail, in whole or in part, to state a claim upon which relief could be granted.

9.      Plaintiffs engaged in no behavior that they knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the federal law alleged by ROSS, and thus neither actual nor treble damages may be awarded against them.

10.     ROSS's claims are barred, in whole or in part, because any alleged anticompetitive effects of the conduct alleged by ROSS do not outweigh the procompetitive benefits.

11.     ROSS's claims are barred, in whole or in part, because Plaintiffs' conduct did not cause harm to competition in any relevant market.

12.     ROSS's claims are barred, in whole or in part, because any contracts or agreements between Plaintiffs and any other person were lawful business arrangements and cannot support a claim that Plaintiffs engaged in any unlawful conspiracy.

13.     ROSS's damages claims are barred, in whole or in part, because it has suffered no damages or because the damages it seeks are speculative and uncertain.

14.     ROSS's claims are barred, in whole or in part, because Plaintiffs did not act knowingly, willfully, or intentionally.

**<u>RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES</u>**

Plaintiffs have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Plaintiffs reserve the right to amend or seek to amend its answer and/or affirmative defenses.

## **JURY DEMAND**

Plaintiffs demand a trial by jury for all issues and claims so triable.

## **PLAINTIFFS' AND COUNTERDEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Counterdefendants Thomson Reuters and West respectfully request judgment against Defendant and Counterclaimant ROSS as follows:

A.  Deny ROSS all relief requested in its Counterclaims in this action and dismiss ROSS's Counterclaims with prejudice;

B.  Grant an award of Counterdefendants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

C.  Grant such other, further, and different relief as the Court deems just and proper.

To the extent necessary, Plaintiffs and Counterdefendants incorporate here their Prayer for Relief contained in their Complaint (D.I. 1) and any amendments to that Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants*
*Thomson Reuters Enterprise Center GmbH*
*and West Publishing Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

October 6, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on  October 6, 2022, upon the following in the manner indicated:

David E. Moore, Esquire                                         *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                       *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                 *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)