**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

        Plaintiffs/Counterdefendants,

    v.

ROSS INTELLIGENCE INC.,

        Defendants/Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 20-613-SB

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

---

**DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S
BRIEF IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY
<u>OF PLAINTIFFS' EXPERT JONATHAN L. KREIN</u>**

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

Dated: December 22, 2022
10507907 / 20516.00001

Public Version Dated: January 5, 2023

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND SUMMARY OF ARGUMENTS ............................................................. 1

NATURE AND STAGE OF PROCEEDING ............................................................................... 1

BACKGROUND ............................................................................................................................ 2

    A.    ROSS Intelligence ........................................................................................................... 2

    B.    ROSS Hires A Third Party To Create The Memos ......................................................... 2

    C.    Jonathan Krein's Expert Opinions and Testimony ......................................................... 3

LEGAL STANDARD ..................................................................................................................... 7

ARGUMENT .................................................................................................................................. 9

    A.    Dr. Krein's Methodology for Finding Similarity Is Not Disclosed And Cannot Be
           Considered Reliable ....................................................................................................... 9

    B.    Dr. Krein Draws Legal Conclusions and Offers Opinions That Invade the Province of
           the Jury ......................................................................................................................... 12

    C.    Dr. Krein Is Unqualified to Opine About the Market for AI Training Data ................. 14

CONCLUSION ............................................................................................................................. 17

## **TABLE OF AUTHORITIES**

**Cases**

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
  2022 WL 3021560 (D. Del. July 29, 2022) ...........................................................13

*Automated Sols. Corp. v. Paragon Data Sys., Inc.*,
  756 F.3d 504 (6th Cir. 2014) ............................................................... 9-10

*B. Braun Melsungen AG v. Terumo Med. Corp.*,
  749 F. Supp. 2d 210 (D. Del. 2010) ..........................................................9

*Berckeley Inv. Group, Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006) ...................................................................12

*Calhoun v. Yamaha Motor Corp., US.A.*,
  350 F.3d 316 (3d Cir. 2003) ...................................................................14

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ........................................................................7, 8, 9

*Diamond Resorts U.S. Collection Dev., LLC v. Newton Grp. Transfers, LLC*,
  2022 WL 1642865 (S.D. Fla. Mar. 30, 2022) ................................................. 13-14

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000) .....................................................................7

*Engenium Sols., Inc. v. Symphonic Techs., Inc.*,.
  924 F. Supp. 2d 757 (S.D. Tex. 2013) ........................................................12

*FedEx Ground Package Sys. v. Applications Int'l Corp.*,
  695 F. Supp. 2d 216 (W.D. Pa. 2010) .................................................12, 13, 14

*General Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) .............................................................................9

*Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*,
  54 F.4th 7 (1st Cir. 2022) ......................................................................10

*Greatbatch Ltd. v. AVX Corp.*,
  2015 WL 9171042 (D. Del. Dec. 8, 2015) ..................................................... 7-8

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
  2010 WL 4065465 (S.D. Tex. Oct. 8, 2010) ..................................................16

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ................................................................................................8

*Lugo v. Hulett Env't Servs., Inc.*,
  2011 WL 13298500 (M.D. Fla. May 18, 2011) ..................................................10

*Meadows v. Anchor Longwall & Rebuild, Inc.*,
  306 F. App'x 781 (3d Cir. 2009) .......................................................................8-9

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ................................................................................14

*Pell v. E.I. DuPont De Nemours & Co.*,
  231 F.R.D. 186 (D. Del. 2005) ..........................................................................15

*Pineda v. Ford Motor Co.*,
  520 F.3d 237 (3d Cir. 2008) ..............................................................................14

*R.C. Olmstead, Inc., v. CU Interface, LLC*,
  606 F.3d 262 (6th Cir. 2010) .........................................................................9, 11

*Ruggiero v. Warner-Lambert Co.*,
  424 F.3d 249 (2d Cir. 2005) ..............................................................................10

*Sahuc v. Tucker*,
  300 F. Supp. 2d 461 (E.D. La. 2004) .................................................................14

*Shire ViroPharma Inc. v. CSL Behring LLC*,
  2021 WL 1227097 (D. Del. Mar. 31, 2021) .......................................................13

*Thacker v. Ethicon, Inc.*,
  47 F.4th 451 (6th Cir. 2022) ...............................................................................9

*United States v. Ford*,
  481 F.3d 215 (3d Cir. 2007) ................................................................................8

*Viterbo v. Dow Chemical Co.*,
  826 F.2d 420 (5th Cir. 1987) .............................................................................16

*Withrow v. Spears*,
  967 F. Supp. 2d 982 (D. Del. 2013) ..................................................................8, 9

*Zimmer Surgical, Inc. v. Stryker Corp.*,
  365 F. Supp. 3d 466 (D. Del. 2019) ...................................................................13

**<u>Rules</u>**

Fed. R. Evid. 403 ..................................................................................................................14

Fed. R. Evid. 702 ................................................................................................ *passim*

## INTRODUCTION AND SUMMARY OF ARGUMENTS

ROSS developed a natural language, artificial intelligence, machine learning legal search engine.  ROSS trained its search engine on legal questions and quotes from judicial opinions that answered those questions.  A third party, using Westlaw, prepared memos that contained the questions and answers.  ██████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████

██████████████████████████████████

██████████████████████████████████████

████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████

For these reasons, the three opinions should be excluded.

## NATURE AND STAGE OF PROCEEDING

Plaintiffs commenced this action in May 2020 and asserted claims for copyright infringement and tortious interference with contract.  ROSS counterclaimed for violations of the Sherman Act and the California Unfair Competition Law.  Discovery in the copyright case is now complete.  The parties are awaiting a trial date for both the copyright and antitrust case.

## BACKGROUND

**A.      ROSS Intelligence**



**B.      ROSS Hires A Third Party To Create The Memos**

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

C.      **Jonathan Krein's Expert Opinions and Testimony**

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

1.   **Dr. Krein's Similarity Methodology Is Subjective And Unknown.**

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████



**2. Dr. Krein Improperly Draws Legal Conclusions for Copyright Infringement and Tortious Interference with Contract.**

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

**3. Dr. Krein's Lack of Experience, Education, and Knowledge in the Market for AI Training Data.**

█████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████

**LEGAL STANDARD**

Federal Rule of Evidence 702 governs the standard for admissibility of expert testimony and aids the courts in exercising its gatekeeping function to exclude unreliable and irrelevant evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Greatbatch Ltd. v. AVX Corp.*, 2015 WL 9171042, at *1 (D. Del. Dec. 8, 2015). The *Daubert*

analysis focuses on three restrictions to the admission of expert testimony: qualifications, reliability, and fit.  *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

First, district courts must confirm that a witness is qualified to testify as an expert by "knowledge, skill, experience, training, or education" and an expert may only provide opinion testimony if his or her "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a).

Next, to be admissible, the expert's testimony must be both relevant and reliable.  *See id.*; *United States v. Ford*, 481 F.3d 215, 218 (3d Cir. 2007) ("The two fundamental requirements of *Daubert* are (1) reliability and (2) relevance."); *see also Daubert*, 509 U.S. 579, 589 (1993). To meet this standard, the testimony must be (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) the result of principles and methods that are reliably applied to the facts of the case.  *See* Fed. R. Evid. 702(b)-(d); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999).

An expert's testimony is reliable when it is based on ""methods and procedures of science" and not on "subjective belief or unsupported speculation"; the expert must have "good grounds" for his o[r] her belief." *Withrow v. Spears*, 967 F. Supp. 2d 982, 992 (D. Del. 2013); *see Meadows v. Anchor Longwall & Rebuild, Inc.*, 306 F. App'x 781, 788 (3d Cir. 2009) ("In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity.").  "[A]ny step [in the methodology] that renders the analysis unreliable . . . renders the expert's testimony inadmissible."  Fed. R. Evid. 702, 2000 cmts.

Finally, expert testimony is relevant if it aids the trier of fact in understanding the evidence and "resolving a factual dispute."  *Meadows v. Anchor Longwall & Rebuild, Inc.*, 306

F. App'x 781, 790 (3d Cir. 2009) ("In other words, expert testimony based on assumptions lacking factual foundation in the record is properly excluded.").  The Supreme Court has held that neither "*Daubert* [n]or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997).

The party seeking to introduce the expert evidence has the burden of proving the admissibility requirements are met.  *See Withrow*, 967 F. Supp. 2d at 993; *B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 222 (D. Del. 2010) (internal citations omitted); *see also Daubert*, 509 U.S. at 593 n.10.

## ARGUMENT

Plaintiffs cannot meet their burden to show that Dr. Krein's opinions about similarity are reliable and admissible because his conclusions are not supported by a reliable scientific methodology."  Fed. R. Evid. 702.  Further, Dr. Krein's opinions are improper because he draws legal conclusions that are properly reserved for the Court and factfinder.  Further, Dr. Krein is unqualified to opine on the market for AI training data.

### A.    Dr. Krein's Methodology for Finding Similarity Is Not Disclosed And Cannot Be Considered Reliable

This Court should exclude Dr. Krein's opinions on similarity because he does not disclose the methods or technical principles that aided his opinions and conclusions on similarity, making his methodology unreliable.  "Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."  *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010); *Thacker v. Ethicon, Inc.*, 47 F.4th 451, 459 (6th Cir. 2022) (accord); *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504,

9

520–21 (6th Cir. 2014) (expert excluded in copyright case when he did not explain how he reached his conclusions that portions of code were unique).

When an expert does not state their methodology, their opinions are inherently unreliable because they cannot be tested.  *See, e.g.*, *Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7 (1st Cir. 2022); *see also Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 253 (2d Cir. 2005) ("whether a theory or technique has been and could be tested" is relevant to reliability under *Daubert*); *Lugo v. Hulett Env't Servs., Inc.*, 2011 WL 13298500, at *4 (M.D. Fla. May 18, 2011) ("The Court, however, cannot evaluate the methodology used, as it sees no methodology.").





*See R.C. Olmstead, Inc.*, 606 F.3d at 271 (affirming exclusion of expert testimony on similarity for failing to discuss the basis for the conclusions to support copying).



Accordingly, his similarity opinions should be stricken.  *See FedEx Ground Package Sys. v. Applications Int'l Corp*., 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010) (excluding expert testimony for failing to support "his conclusions with any technical principles").  When an expert does not disclose what has been compared; how they were compared; how much time was spent comparing the works; and the expert failed to explain the basis for concluding differences and similarity, it must be excluded.  *Engenium Sols., Inc. v. Symphonic Techs., Inc*., 924 F. Supp. 2d 757, 770-71 (S.D. Tex. 2013).  Here, without an understanding of Dr. Krein's methodology, his analysis is merely assertions.  They are unreliable and thus inadmissible.

> **B.**     **Dr. Krein Draws Legal Conclusions and Offers Opinions That Invade the Province of the Jury**

Dr. Krein's opinions should also be excluded because they are legal conclusions wrapped in the garb of expert opinion.  "[T]he District Court must ensure that an expert does not testify as to the governing law of the case."  *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 217 (3d Cir. 2006).  "[D]istrict courts prohibit experts from offering legal opinions because such testimony is not helpful to the trier of fact."  *See FedEx Ground Package Sys.*, 95 F. Supp. 2d at 221. ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

An expert cannot offer testimony on a party's state of mind or witness credibility. *Shire ViroPharma Inc. v. CSL Behring LLC*, 2021 WL 1227097, at *5 (D. Del. Mar. 31, 2021) ("It is well settled that experts may not provide testimony concerning the state of mind or culpability of defendants, corporations, regulatory agencies, and others.") (cleaned up); *see also Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) (excluding opinions relating to intent, motive and state of mind); *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 497 (D. Del. 2019) ("Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case . . . and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and would not be helpful to the jury."); *FedEx Ground Package Sys. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 221 (W.D. Pa. 2010) ("It is the duty of the jury, not an expert witness, to decide credibility.").

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████ *Diamond Resorts U.S. Collection Dev., LLC v. Newton Grp. Transfers, LLC*, 2022 WL 1642865, at *2-3 (S.D. Fla.

Mar. 30, 2022) (excluding expert testimony regarding the interpretation of, and whether a party's actions constitute, tortious interference).[3]



[black bar] But "'copying is an issue to be determined by the comparison of works, not credibility.'" *Sahuc v. Tucker*, 300 F. Supp. 2d 461, 467 (E.D. La. 2004) (quoting *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003)).

### C.    Dr. Krein Is Unqualified to Opine About the Market for AI Training Data



[black bar]. A core tenet of Rule 702 is that the expert must be an expert. *See* Fed. R. Civ. P. 702(a); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994); *FedEx Ground Package Sys.*, 695 F. Supp. 2d at 221.  Although courts interpret expertise "liberally," *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003), and a court may not "exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate," *Pineda v. Ford Motor Co*., 520 F.3d 237, 244 (3d Cir. 2008) (internal citation and quotation marks omitted), "[e]xpert testimony can only be received from someone who has specialized knowledge or training sufficient to qualify him to opine on an

---

[3] The Court also found that even if the expert's opinion was not improper, it violated Federal Rule of Evidence 403 as it would be prejudicial and confusing the jury.  *Id.* at *3.  Even further, the Court explained that even if the expert's testimony was proper, not prejudicial or confusing, the expert was not qualified as an expert in the law of tortious interference and the activities that do or do not constitute tortious interference.  The same is true for Dr. Krein.

issue within his field of expertise, and the expert's opinion must be confined to that field." *Pell v. E.I. DuPont De Nemours & Co*., 231 F.R.D. 186, 192 (D. Del. 2005).

Dr. Krein has no expertise in economics, business, management, or marketing. Outside of acting as a paid expert, ████████████████████████████████████████ ████████████████████████████████████████. His published academic work concerns technical software and computer science issues, but not the business market for those materials. ████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

        ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



is "fundamentally unsupported" and lacks foundation. *See e.g.*, *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury."); *see also Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465, at *13 (S.D. Tex. Oct. 8, 2010) (excluding expert testimony based on an "extremely small universe of information" that the expert extrapolated and who had not done an investigation to support the opinions offered).

## CONCLUSION

For the foregoing reasons, ROSS respectfully requests this Court exclude Dr. Jonathan L. Krein's opinions and testimony on (1) similarity, (2) copyright infringement and tortious interference with contract, and (3) on the market for AI training data.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

Dated:  December 22, 2022
10507723 / 20516.00001
 Public Version Dated: January 5, 2023

17