IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
 )  C.A. No. 20-613-SB
   Plaintiffs/Counterdefendants, )
 )  **JURY TRIAL DEMANDED**
  v. )
 )  **PUBLIC VERSION**
ROSS INTELLIGENCE INC., )
 )
   Defendants/Counterclaimant. )


**ROSS INTELLIGENCE INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' TORTIOUS
INTERFERENCE WITH CONTRACT CLAIM**


OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

Dated:  December 22, 2022
10507897 / 20516.00001
 Public Version Dated: January 5, 2023

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND SUMMARY OF ARGUMENTS ............................................................ 1

NATURE AND STAGE OF PROCEEDING .............................................................................. 2

STATEMENT OF UNDISPUTED FACTS ................................................................................. 2

     A.    ROSS Develops An Artificial Intelligence, Machine Learning Legal Search Engine. .......................................................................................................... 2

     B.    ROSS Hires LegalEase To Prepare Memos Containing The Questions and Answers Necessary To Train ROSS's Legal Search Engine. ................................ 3

     C.    West Sued LegalEase For Breach Of Contract. ...................................................... 3

     D.    Plaintiffs Sue ROSS For Reproduction, Distribution, And Use Of Allegedly Copyrighted Materials Obtained From LegalEase. ................................................ 4

     █    ████████████████████████████████████████████████ █████████████████████. ............................... 6

     █    ████████████████████████████████████████████████ ████████████. ................................................ 7

ARGUMENT ............................................................................................................................... 8

     A.    The "Westlaw Content" Falls Within The Subject Matter Of Copyright ............... 9

     B.    Plaintiffs' Tortious Interference Claim Has No "Extra Element." ....................... 10

     C.    Plaintiffs Seek No Damages Except Those Attributable To Copyright Infringement ....................................................................................................... 13

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Altera Corp. v. Clear Logic, Inc.*,
  424 F.3d 1079 (9th Cir. 2005) ............................................................................13

*Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*,
  805 F.2d 663 (7th Cir. 1986) ..............................................................................8

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
  373 F.3d 296, 305 (2d Cir. 2004).......................................................................8, 10

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*,
  329 F.3d 923 (7th Cir. 2003) (Posner, J.) ..........................................................13

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
  982 F.2d 693 (2d Cir. 1992)................................................................................11

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
  307 F.3d 197 (3d Cir. 2002)................................................................................1, 2, 8, 9

*GlobeRanger Corp. v. Software AG U.S. of Am., Inc.*,
  836 F.3d 477 (5th Cir. 2016) ..............................................................................8

*Guerdon Indus., Inc. v. Rose*,
  399 N.W.2d 186 (Minn. App. 1987)...................................................................13

*Jackson v. Roberts (In re Jackson)*,
  972 F.3d 25 (2d Cir. 2020).................................................................................11

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
  617 F.3d 1146 (9th Cir. 2010) ............................................................................8

*Kjesbo v. Ricks*,
  517 N.W.2d 585 (Minn. 1994)............................................................................13

*Lipscher v. LRP Publ's, Inc.*,
  266 F.3d 1305 (11th Cir. 2001) ..........................................................................10, 12, 13

*Long v. Quality Computs. & Applications, Inc.*,
  860 F. Supp. 191 (M.D. Pa. 1994)......................................................................11, 13

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
  903 F.2d 1486 (11th Cir. 1990) ..........................................................................8

*MCS Servs., Inc. v. Johnsen*,
  2002 WL 32348500 (E.D. Pa. Aug. 13, 2002) ...................................................12

*Media.net Advert. FZ-LLC v. NetSeer, Inc.*,
    156 F. Supp. 3d 1052 (N.D. Cal. 2016) ........................................................12

*Mercom Grp., LLC v. Diati Staffing, LLC*,
    2016 WL 4054921 (D.N.J. July 26, 2016) ......................................................13

*Metge v. Cent. Neighborhood Improvement Ass'n*,
    649 N.W.2d 488 (Minn. App. 2002) ..............................................................12

*Nat'l Car Rental Sys. Inc. v. Comput. Assocs. Int'l*,
    991 F.2d 426 (8th Cir. 1993) .........................................................................8

*OpenRisk, LLC v. MicroStrategy Servs. Corp.*,
    876 F.3d 518 (4th Cir. 2017) .........................................................................8

*Peirson v. Clemens, Inc., Southridge Inc.*,
    2005 WL 681309 (D. Del. Mar. 23, 2005) ....................................................8

*Pellegrino v. Epic Games, Inc.*,
    451 F. Supp. 3d 373 (E.D. Pa. 2020) ...........................................................10

*ProCD, Inc. v. Zeidenberg*,
    86 F.3d 1447 (7th Cir. 1996) .......................................................................11

*R.W. Beck, Inc. v. E3 Consulting, LLC*,
    577 F.3d 1133 (10th Cir. 2009) .....................................................................8

*Ritchie v. Williams*,
    395 F.3d 283 (6th Cir. 2005) .........................................................................8

*Santa-Rosa v. Combo Recs.*,
    471 F.3d 224 (1st Cir. 2006) .........................................................................8

*Stromback v. New Line Cinema*,
    384 F.3d 283 (6th Cir. 2004) .......................................................................12

*Sturdza v. U.A.E.*,
    281 F.3d 1287 (D.C. Cir. 2002) .....................................................................9

*Tegg Corp. v. Beckstrom Elec. Co.*,
    650 F. Supp. 2d 413 (W.D. Pa. 2008) ..............................................2, 9, 11, 12

*WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*,
    49 A.3d 1168 (Del. 2012) .............................................................................12

*Wright v. Penguin Random House*,
    783 F. App'x 578 (6th Cir. 2019) .................................................................11

**STATUTES**

17 U.S.C.A. § 107 ..................................................................................................4

**OTHER AUTHORITIES**

H.R. Rep 94-1476 (1976).............................................................................................................11

S. Rep. No. 94-473 (1975)..........................................................................................................11

## INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiffs sued ROSS Intelligence for copyright infringement and tortious interference with contract.  Both claims seek redress for the same conduct—the alleged reproduction, distribution, and use of Plaintiffs' claimed copyrighted materials.

That Plaintiffs seek to redress the same harm is revealed by the following.  Plaintiffs' complaint alleges a copyright in "Westlaw Content."  (D.I. 1 ¶¶ 1, 41-43.)  The copyright claim alleges that, by its actions, ROSS infringed on "the Westlaw Content's copyrights by . . . reproducing and creating a derivative work" and by inducing LegalEase to reproduce and distribute Westlaw Content.  (*Id.*  ¶ 43.)  The tortious interference claim alleges the same: "ROSS contracted with LegalEase to obtain the password protected and copyrighted content from Westlaw that ROSS was explicitly denied access to . . . ."  (*Id.*  ¶ 51; *see also id.* ¶ 52.)

Plaintiffs' discovery responses also make clear that the tortious interference claim concerns the reproduction, distribution, and use of Plaintiffs' copyrighted Westlaw Content. █████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████████████████████████████████████ Finally, there are no damages that apply only to the tortious interference claim.  The claimed damages are for both copyright infringement and tortious interference.  As a result, the claimed tortious interference damages necessarily include damages associated with copyright infringement.

Under these circumstances, the tortious interference claims are preempted by the Copyright Act.  There is no extra element that sets the two claims apart.  Or, to state it another way, as courts have done, there is no "qualitative variance" between the rights Plaintiffs invoke under the Copyright Act and those invoked by their tortious interference claim. *Dun &*

*Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 218 (3d Cir. 2002) (citations omitted).

For this reason, Plaintiffs' tortious interference claim is preempted.  *See, e.g.*, *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 429-31 (W.D. Pa. 2008) (concluding that a tortious interference with contract claim was preempted and collecting cases arriving at same conclusion).  Summary judgement should be granted to ROSS on this claim.

## NATURE AND STAGE OF PROCEEDING

Plaintiffs sued ROSS Intelligence on May 6, 2020. (D.I. 1.)  Under the operative scheduling order, dispositive motions must be filed on or before December 22, 2022. (*See* D.I. 233.)

## STATEMENT OF UNDISPUTED FACTS

### A.    ROSS Develops An Artificial Intelligence, Machine Learning Legal Search Engine.

ROSS was founded in 2014 to develop a legal search engine.  ███████████

█████████████████████████████████████████████

████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████

█████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

**B.**    **ROSS Hires LegalEase To Prepare Memos Containing The Questions and Answers Necessary To Train ROSS's Legal Search Engine.**

███████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████

**C.**    **West Sued LegalEase For Breach Of Contract.**

█████████████████████████████████████████████

███████████████████████████   ███████████████████

████████████████████████████████████████████████

████████████████████████████████   ██████████████

█ ████████████████████████████████████████████████
███████████████████████████████████████████████



In January 2018, according to a complaint filed by West against LegalEase, West terminated LegalEase's access to Westlaw for sharing of passwords with a third party, Morae Global, and for using bots.  (*Id.*, Ex. 40.)  Based on these allegations, West claimed that LegalEase breached the terms of its Subscriber Agreement.  (*Id.*)

**D.  Plaintiffs Sue ROSS For Reproduction, Distribution, And Use Of Allegedly Copyrighted Materials Obtained From LegalEase.**

On May 6, 2020, Plaintiffs filed their lawsuit against ROSS claiming copyright infringement and interference with West's contract with LegalEase.  (D.I. 1.)  Both claims turn on the allegation that ROSS and LegalEase reproduced, distributed, and used Westlaw Content, which the complaint expressly defines as copyrighted materials.

The complaint starts by alleging that "Plaintiffs created and nurtured their well-known Westlaw product . . ., including without limitation its unique West Key Number System ("WKNS") and West Headnotes (collectively, 'Westlaw Content')."  (D.I. 1 ¶ 1.)  Later in the Complaint, Westlaw Content is expressly defined as copyrightable and copyrighted materials.

---

[2] ███████████████████████ Subscriber Agreement that Plaintiffs affirmed was the agreement between LegalEase and West.  (D.I. 16, 16-1, Ex. A.)

According to the complaint, "Westlaw, including, without limitation, the Westlaw Content, is original and creative.  As a result, it constitutes copyrightable subject matter under the laws of the United States."  (D.I. 1 ¶¶ 41-42-44.)

The complaint goes on to allege how Plaintiffs invest "vast resources, including creativity" to create Westlaw Content.  (D.I. 1 ¶ 20.)  It alleges that West employs attorney-editors who are responsible for reviewing judicial opinions and "creat[ing] original and creative West Headnotes, summarizing key points of law, and organizing those cases and West Headnotes in the WKNS [West Key Number System]."  (*Id.*)  Further to this point, the complaint emphasizes that "cases, areas of law, legal topics, legal issues, subtopics, and subissues can all be summarized and organized in a variety of different ways" such that the WKNS "is the result of decades of human creativity and choices."  (*Id.* ¶ 21.)

Next the complaint alleges the acts that give rise to the alleged copyright infringement and intentional interference claims.  The complaint alleges that LegalEase used software tools to "reproduce and store the manner in which the WKNS was organized."  (*Id.* ¶ 32.)  LegalEase fed ROSS "tons and tons of legal research" which was "copyrighted content from Westlaw, to help create ROSS's competing product."  (*Id.* ¶ 33.)  ROSS paid LegalEase to "copy the Westlaw Content . . . ."  (*Id.* ¶ 34.)  LegalEase copied the Westlaw Content and "distributed that content to ROSS" who in turn "copied that content . . . ."  (*Id.* ¶ 35.)

Having engaged in these acts, the complaint alleges that ROSS "drastically sped up its development time "by copying the copyright-protected Westlaw Content—piggybacking off of the creativity . . . that have gone into creating Westlaw . . . ."  (*Id.* ¶ 37.)

Finally, the causes of action—both the copyright claim and the intentional interference claim—are based on the reproduction, distribution, and use of allegedly copyrighted materials.

5

The copyright claim alleges that, by its actions, ROSS infringed on "the Westlaw Content's copyrights by . . . reproducing and creating a derivative work" and by inducing LegalEase to reproduce and distribute Westlaw Content.  (*Id.* ¶ 44.)

The intentional interference claim alleges that "ROSS contracted with LegalEase to obtain the password protected and copyrighted content from Westlaw that ROSS was explicitly denied access to . . . ."  (*Id.* ¶ 51. )  The complaint then alleges that ROSS was liable because "LegalEase's Service Agreement did not permit the naked reproduction and distribution of copyrighted material from Westlaw . . . ."  (*Id.* ¶ 52.)



In an interrogatory, ROSS asked Plaintiffs the following: IDENTIFY the specific portions of the WESTLAW CONTENT that you claim is subject to copyright that ROSS INFRINGES.  (Parker Decl., Ex. 26 at 7.)



---

[3] For the purposes of the interrogatory, Westlaw Content was defined as follows: "'WESTLAW CONTENT' has the same meaning as the term 'Westlaw content' as used in the COMPLAINT ¶ 1."  (Parker Decl., Ex. 27 at 2.)  Also, as noted above, Plaintiffs' complaint expressly alleges that Westlaw Content is copyrightable and copyrighted.  "Westlaw, including, without limitation, the Westlaw Content, is original and creative.  As a result, it constitutes copyrightable subject matter under the laws of the United States."  (D.I. 1 ¶ 41.)



The damages sought for Plaintiffs' intentional interference and copyright claims are identical. There is no separate calculation for damages arising from the intentional interference claims which therefore necessarily means that the claimed intentional interference damages must include damages arising from the reproduction, distribution, and use of copyrighted materials.





## ARGUMENT

A state law claim is preempted by the Copyright Act when (1) the underlying work is the kind of work that falls within the subject matter of the Copyright Act, and (2) the claim asserted in the state law cause of action rests on a right equivalent to that protected by the Copyright Act. *Dun & Bradstreet*, 307 F.3d at 216-18; *Peirson v. Clemens, Inc., Southridge Inc.*, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005); 6 Patry on Copyright § 18:9.[6]

To determine whether the state law claim rests on a right equivalent to that protected by the Copyright Act, courts consider whether the state law claim has an extra element that a

---

[5]

[6] All circuits apply the same test for copyright preemption. *See, e.g.*, *Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 64, n. 2 (1st Cir. 1997); *Briarpatch Ltd., L.P. v. Phoenix Pictures*, Inc., 373 F.3d 296, 305 (2d Cir. 2004); *OpenRisk, LLC v. MicroStrategy Servs. Corp.*, 876 F.3d 518, 523-24 (4th Cir. 2017); *GlobeRanger Corp. v. Software AG U.S. of Am., Inc.*, 836 F.3d 477, 484 (5th Cir. 2016); *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986); *Nat'l Car Rental Sys. Inc. v. Comput. Assocs. Int'l*, 991 F.2d 426, 431 (8th Cir. 1993); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1152-53 (9th Cir. 2010); *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1146 (10th Cir. 2009); *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001); *Sturdza v. U.A.E.*, 281 F.3d 1287, 1304 (D.C. Cir. 2002).

copyright claim does not.  If there is no extra element, then the claim is preempted.  *See, e.g.*, *Dun & Bradstreet*, 307 F.3d at 217-18; *Tegg Corp.*, 650 F. Supp. 2d at 421 (noting that "[i]f a state cause of action requires proof of an extra element beyond reproduction, distribution, display, or preparation of derivative works, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action") (internal quotation marks and citations omitted).

The extra element test is not just a literal comparison of elements.  The question asked and the answer sought is whether the state law claim seeks to vindicate a qualitatively different right than that provided by the Copyright Act.  Thus, "not every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law."  *Dun & Bradstreet*, 307 F.3d at 218 (citations omitted); *Tegg Corp.*, 650 F. Supp. 2d at 422 (noting that "[c]ourts have taken a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." (internal quotation marks and citations omitted)).

In this instance, there is no dispute—in fact Plaintiffs insist—that the works at issue here fall within the subject matter of the Copyright Act.  Next, the intentional interference with contract claim possesses no extra element.  Indeed, as demonstrated in the Statement of Facts, the intentional interference claim is based on the reproduction, distribution, display, or preparation of derivative works.  Were that not enough, there are no damages calculated for the intentional interference claim that are completely separate and apart from Plaintiffs' copyright claims.

### A.      The "Westlaw Content" Falls Within The Subject Matter Of Copyright.

There cannot be dispute as to this prong of the preemption test.  Plaintiffs have alleged that the Westlaw Content falls within the subject matter of the Copyright Act.  According to the

complaint, "Westlaw, including, without limitation, the Westlaw Content, is original and creative.  As a result, it constitutes copyrightable subject matter under the laws of the United States."  (D.I. 1 ¶¶ 41; *see also id.* ¶¶ 42-44.)  And Plaintiffs claim to have registered the works at issue with the Copyright Office.  (D.I. 1, App. A.)

In addition, as referenced in the Statement of Facts, it is clear that the acts that constitute the basis for the tortious interference claims are acts that concern the reproduction, distribution, and use of works that fall within the subject matter of the Copyright Act.  Plaintiffs' tortious interference claims depend on and are based on the reproduction, distribution, and use of Westlaw Content, which Plaintiffs assert are protected by copyright.  (*See* Statement of Facts, Sections D-F.)[7]

This first element is satisfied.

**B.      Plaintiffs' Tortious Interference Claim Has No "Extra Element."**

The second element is satisfied as well.  As a general matter, tortious interference with contract claims are preempted by the Copyright Act.  As one leading treatise states, "[t]he vast majority of tortious interference claims are nothing more than copyright infringement claims in state clothes and thus are preempted."  6 Patry on Copyright § 18:30.[8]  Preemption of such claims is consistent with the Copyright Act's legislative history.  When Congress enacted the law, it specifically stated that "to the extent that the unfair competition concept known as

---

[7] Of course, a conclusion that the works at issue fall within the subject matter of the Copyright Act does not mean that the works deserve copyright protection.  *Briarpatch Ltd., L.P.*, 373 F.3d at 305; *Pellegrino v. Epic Games, Inc.*, 451 F. Supp. 3d 373, 387 (E.D. Pa. 2020); *Lipscher v. LRP Publ's, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001).

[8] Nimmer agrees.  "Insofar as unauthorized reproduction, distribution, performance or display causes the plaintiff to lose the benefits that would flow from an actual or prospective contract whereby plaintiff would authorize any such acts, the rights created by the tort of contract interference do not appear to differ qualitatively from rights under copyright . . . ." 1 Nimmer on Copyright, § 1.01[B][1][a] (as quoted in *Tegg Corp.*, 650 F. Supp. 2d at 429)).

'interference with contract relations' is merely the equivalent of copyright protection, it would be preempted."  H.R. Rep 94-1476, at 132 (1976); *see also* S. Rep. No. 94-473, at 115 (1975) (same).

With that in mind, Plaintiffs' tortious interference claim as alleged in this case is premised on the act of the reproduction, distribution, and use of allegedly copyrighted materials. (*See* Statement of Facts, Sections D-F.)  As such, it does not have an extra element.  This is so because Plaintiffs' tortious interference claim does not seek to protect a right that is "qualitatively different" from copyright claims because the conduct that is alleged to constitute tortious interference is, on its own, a violation of the Copyright Act.  *See e.g.*, *Wright v. Penguin Random House*, 783 F. App'x 578, 582 (6th Cir. 2019); *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716-17 (2d Cir. 1992); *Long v. Quality Computs. & Applications, Inc.*, 860 F. Supp. 191, 196-97 (M.D. Pa. 1994);  *see also Jackson v. Roberts*, 972 F.3d 25, 44 (2d Cir. 2020) ("[W]e have upheld § 301 preemption as to a variety of state law claims that included an 'extra element'— including claims of … tortious interference with contractual relations . . . when the extra element was not of such important character as to differentiate the claim substantially from a copyright claim.").[9]

Because Plaintiffs' tortious interference claim seeks to vindicate rights protected by the Copyright Act, namely damages for the reproduction, distribution, or use of allegedly copyrighted materials, it is preempted.  *Tegg Corp.*, 650 F. Supp. 2d at 429 (collecting cases); *Stromback v. New Line Cinema*, 384 F.3d 283, 306 (6th Cir. 2004) ("Generally, tortious

---

[9] Claims for tortious interference with contract are also different, in the context of preemption, from claims for breach of contract.  Claims for breach of contract are generally not preempted, because while "[a] copyright is a right against the world.  Contracts, by contrast, generally affect only their parties; strangers may do as they please …."  *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996).

interference claims (with contract or prospective economic advantage) are held to be preempted because the rights asserted in such claims are not qualitatively different from the rights protected by copyright."); *MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002) ("Indeed, numerous courts have found that tortious interference is generally preempted by the Copyright Act.").

████████████████████████████████████████████

████████████████████████ (*See* D.I. 211, ¶ 112; D.I. 215 at 4; D.I. 216 at 2.)

First, proof that a defendant is or is not a competitor is literally not an element of a tortious interference claim.[10]  In any case, the Copyright Act protects against the reproduction or distribution of copyrighted material by competitors and non-competitors alike.  That allegation does not provide a qualitatively different element.  *Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1073-74 (N.D. Cal. 2016) (tortious interference claim brought against competitor preempted); *see also Lipscher*, 266 F.3d at 1312 (state law claims preempted when competitor obtained plaintiff's materials knowing that plaintiff would not provide materials to anyone except for personal use).[11]

---

[10] Plaintiffs' complaint does not specify the state under which their claim arises but Delaware and Minnesota have virtually identical rules for tortious interference with contract. Under Delaware law, "[a plaintiff] must show that: '(1) there was a contract, (2) about which the particular defendant knew, (3) an intentional act that was a significant factor in causing the breach of contract, (4) the act was without justification, and (5) it caused injury.'" *WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*, 49 A.3d 1168, 1174 (Del. 2012).  *Compare id.* ("Delaware courts follow Section 766 of the Restatement (Second) of Torts in assessing a tortious interference claim . . . .") *with Metge v. Cent. Neighborhood Improvement Ass'n*, 649 N.W.2d 488, 499-500 (Minn. App. 2002), *Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994), and *Guerdon Indus., Inc. v. Rose*, 399 N.W.2d 186, 187-88 (Minn. App. 1987).

[11] Plaintiffs do not allege that ROSS misused Plaintiffs' proprietary information to interfere with Plaintiffs' relationship with others, *see Mercom Grp., LLC v. Diati Staffing*, LLC, 2016 WL 4054921, at *4 (D.N.J. July 26, 2016), nor do they allege that ROSS misused a

Also, the elements that there must be knowledge of a contract and intentional conduct are insufficient as "extra elements" because those allegations "do[] not establish qualitatively different conduct on the part of the infringing party." *Long*, 860 F. Supp. at 197 (internal quotation marks and citations omitted).

### C. Plaintiffs Seek No Damages Except Those Attributable To Copyright Infringement

Plaintiffs' claims for tortious interference are preempted because the only damages they seek are the same as the damages that would be available for copyright infringement. (*See* Statement of Facts, Section F.) "Section 301(b)(1) expressly preempts equivalent rights or *remedies*." 6 Patry on Copyright § 18:21 (emphasis in original). When a party asserts a state law claim seeking identical damages to its copyright claim, its state law claim is preempted. *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 934 (7th Cir. 2003) (Posner, J.).

### CONCLUSION

This Court should grant summary judgment to ROSS on Plaintiffs' claim for tortious interference with contract.

---

"software's end product." *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089-90 (9th Cir. 2005).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  December 22, 2022
10507897 / 20516.00001

 Public Version Dated: January 5, 2023

By:  */s/ David E. Moore*
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*