### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>) |
| Plaintiffs/Counterdefendants, | )  C.A. No. 20-613-SB<br>)<br>)  **JURY TRIAL DEMANDED** |
| v. | )<br>)  **PUBLIC VERSION** |
| ROSS INTELLIGENCE INC., | )<br>) |
| Defendants/Counterclaimant. | ) |

### ROSS INTELLIGENCE INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TWO OPINIONS OF JAMES E. MALACKOWSKI

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: December 22, 2022
10508055 / 20516.00001

Public Version Dated: January 5, 2023

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

III. FACTUAL BACKGROUND .......................................................................................... 2

    A. Plaintiffs' Copyright Registrations ....................................................................... 2

    B. Mr. Malackowski's Opinions Regarding Statutory Damages ............................... 3

    C. Mr. Malackowski's Opinions on Fair Use ............................................................ 6

IV. ARGUMENT ................................................................................................................... 7

    A. An Expert Opinion On Statutory Damages Should Be Excluded ......................... 7

    B. Malackowski's Fair Use Market Opinions Lack Any Basis ................................. 8

V. CONCLUSION ................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*,
   747 F.3d 673 (9th Cir. 2014) .................................................................................................5

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   2022 WL 3021560 (D. Del. July 29, 2022) ...........................................................................7

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ...............................................................................................................1

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ...............................................................................................................2

*Georgia v. Public.Resource.Org, Inc.*,
   140 S. Ct. 1498 (2020) ...........................................................................................................5

*Harper & Row v. Nation Enters.*,
   471 U.S. 539 (1985) ...............................................................................................................6

*Honeywell Int'l Inc. v. ICM Controls Corp.*,
   2017 WL 374907 (D. Minn. Jan. 26, 2017) ...........................................................................8

*In re SuperMedia LLC*,
   540 B.R. 85 (Bankr. D. Del. 2015) .........................................................................................6

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
   421 F.3d 199 (3d Cir. 2005) ...................................................................................................5

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ...............................................................................................................1

*Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*,
   2013 WL 12140417 (S.D. Tex. Dec. 18, 2013) .....................................................................8

*McClatchey v. Assoc. Press*,
   2007 WL 1630261 (W.D. Pa. June 4, 2007) ..........................................................................2

*Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*,
   745 F.2d 248 (3d Cir. 1984) ...................................................................................................9

*Schneider v. Fried*,
   320 F.3d 396 (3d Cir. 2003) ...................................................................................................1

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    449 F. Supp. 3d 333 (S.D.N.Y. 2020) .................................................................................9

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    No. 1:16-cv-724-LTS-RLE (S.D.N.Y. Oct. 12, 2018) ..........................................................9

*Strike 3 Holdings, LLC v. Doe*,
    2022 WL 952728 (E.D. Pa. Mar. 30, 2022) ........................................................................7

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
    949 F.3d 825 (3d Cir. 2020) ................................................................................................2

*United States v. R. J. Reynolds Tobacco Co.*,
    416 F. Supp. 313 (D.N.J. 1976) ..........................................................................................8

*Walt Disney Co. v. Powell*,
    897 F.2d 565 (D.C. Cir. 1990) ............................................................................................5

*Warner Recs. Inc. v. Charter Commc'ns, Inc.*,
    2022 WL 2702928 (D. Colo. July 12, 2022) ......................................................................7

**STATUTES**

17 U.S.C. § 504 ........................................................................................................................ 4-5

17 U.S.C. § 504(c) ................................................................................................................... 5-6

**OTHER AUTHORITIES**

37 C.F.R. § 201.2(b)(7) ................................................................................................................5

81 Fed. Reg. 86643, 86654 (Dec. 1, 2016) ..................................................................................6

Fed. R. Evid. 702 .........................................................................................................................1

Fed. R. Evid. 703 .........................................................................................................................9

U.S. Copyright Office, Circular 65, "Copyright Registration for Automated Databases" (2009) ..3

U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 101 (3d ed. 2021) ......5

## I.  INTRODUCTION

Mr. Malackowski's opinion on the amount of statutory damages that should be awarded is not the subject of expert testimony.  Courts have consistently reached that conclusion.  ██████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████  That is a question for this Court to decide.  ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████  In such circumstances, Courts have refused to allow such testimony to be offered by the expert.  And so here.  ██████████████████████████████████████████████████████ ██████████████████████████████████████████████  There are no buyers in that market.  Plaintiffs have no intent to sell in that market.  And the only potential buyer in that market would license the data to create a legal search engine.  Plaintiffs refuse to sell to that market.  ██████████████████████████████████████████████ ████████████████████████████████████

## II. LEGAL STANDARD

This Court determines the admissibility of expert opinion testimony under Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  Under Federal Rule of Evidence 702, an expert's opinion testimony must be "the product of reliable principles and methods." Fed. R. Evid. 702.  Trial courts have an obligation to ensure that expert testimony "is not only relevant, but reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (cleaned up); *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (district court is the gatekeeper, preventing information that does not meet the standard of reliability). "As gatekeeper, a trial judge has three duties: (1) confirm the witness is a qualified expert; (2) check

the proposed testimony is reliable and relates to matters requiring scientific, technical, or specialized knowledge; and (3) ensure the expert's testimony is "sufficiently tied to the facts of the case," so that it "fits" the dispute and will assist the trier of fact." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). Courts need not wait for a final judgment on the issues to rule on limiting statutory damages. *See, e.g.*, *McClatchey v. Assoc. Press*, 2007 WL 1630261, at *6 (W.D. Pa. June 4, 2007) (limiting statutory damages awards before trial). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert[.]" *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

### III.   FACTUAL BACKGROUND

Plaintiffs sued ROSS alleging that ROSS infringed copyrights in their "Westlaw Content." (*See* D.I. 1 ("Complaint") ¶¶ 3, 42-44.) "Westlaw Content" is defined by Plaintiffs as the West key number system and West headnotes. (Complaint ¶ 1.) Plaintiffs claim that ROSS, through third-party legal support company Legalease Solutions, LLC ("LegalEase"), had directly and indirectly infringed the Westlaw Content allegedly contained within and protected by their copyright registrations for the Westlaw database. (*Id.*, App. A). ▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇

#### A.   Plaintiffs' Copyright Registrations

Plaintiffs have registered Westlaw as an unpublished group registration for an automated database: a body of facts, data, or other information assembled into a computer-readable format,

copyrightable as a form of compilation. (*See* Complaint, App. A; Steinberg Decl., Ex. 4, U.S. Copyright Office, Circular 65, "Copyright Registration for Automated Databases" (2009).) This method of registration requires additional applications for registrations every three months to evidence any updates or revisions added to the work. (U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1105.4 (3d ed. 2021) (citing 17 U.S.C. § 504(c)(1) ("Copyright Compendium"); Registration of Claims to Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,179 (Mar. 31, 1989).)

There are 162 registrations for the work at issue in this case, with effective dates from April 8, 1981 through August 8, 2019. (Complaint, App. A.) Westlaw is registered as a "[c]ompilation of previously published case reports including but not limited to opinions, synopses, syllabi or case law paragraphs, key number class, tables & index digest with revisions & additions. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs' applications also state that Westlaw is a work made for hire, identifying the preexisting material in the subsequent copyright applications as a "previously registered unpublished database" and material added to the work as "daily updates of original and revised text and compilation." (*See, e.g.*, Complaint, App. A at 190.)

### B. Mr. Malackowski's Opinions Regarding Statutory Damages

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

3

███████████████████████████████████████████

███████████████████████████████████████████

█▐¹ ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████

　　　████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

---

[1] 17 U.S.C. § 504 states in relevant part: "(c) Statutory Damages (1) [Unless there is a finding of willful infringement] the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work. (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."

███████████████████████████████████████████████

██████████████████████████████████ The Copyright Act, 17 U.S.C. § 504, provides for statutory damages, but "[a] single infringer of a single work is liable for a single amount ... no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated or occurred in a related series." *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) (quoting and adding emphasis to H.R.Rep. No. 1476, 94th Cong., 2d Sess. at 162 (1976)); *see also* Roger E. Schechter and John R. Thomas, *The Law of Copyrights*, *Patents and Trademarks* § 9.6 at 199 (Thomson West 2003). "For the purposes of this section, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c). Each and every registration asserted by Plaintiffs describes the registered work as a "compilation," or updates to a compilation. Plaintiffs have registered a single work. (D.I. 1, App. A).

The Copyright Office has determined that "updates and revisions" to a registration are not standalone works: "[U]pdates or revisions to a database are derivative compilations, and the statute provides that "all the parts of a compilation or derivative work constitute one work."" (U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1105.4 (3d ed. 2021) (*citing* 17 U.S.C. § 504(c)(1)).[2] The Copyright Office also says that a plaintiff "may be entitled

---

[2] The Compendium of U.S. Copyright Office Practices ("Copyright Office Compendium") is an internal manual produced by the Office which provides instruction to Office agents regarding their statutory duties. *See* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 101 et seq. (3d ed. 2021); *see also* 37 C.F.R. § 201.2(b)(7)). The Supreme Court, the Third Circuit, and other courts have considered the persuasive power of the Copyright Office Compendium under *Skidmore* deference. *See Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1510 (2020) (applying "power to persuade" standard to the Copyright Office Compendium); *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 206 n. 2 (3d Cir. 2005)); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 684 (9th Cir. 2014) (finding the Compendium "persuasive" concerning the registration requirements for databases)). The Copyright Office has formally maintained this position since at least 2014. *See*

5

to seek only one award of statutory damages for the database as a whole[.]" Compendium § 1112.3; 81 Fed. Reg. 86643, 86654 (Dec. 1, 2016); *see also In re SuperMedia LLC*, 540 B.R. 85, 92 (Bankr. D. Del. 2015) (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1282 (11th Cir. 2015) (choosing to register and publish multiple works as a collection is treated as a single compilation—one work—subject to only one award of statutory damages). Therefore, under the plain language of the Copyright Act, Plaintiffs have registered a single compilation, and Plaintiffs are therefore limited to a single award of statutory damages because all the allegedly infringed materials are a part of the same compilation. 17 U.S.C. § 504(c).

### C.   Mr. Malackowski's Opinions on Fair Use



---

U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 1104.5 (3d ed., Dec. 22, 2014).

[3] In determining fair use, courts consider: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Harper & Row v. Nation Enters.*, 471 U.S. 539, 560 (1985).

6



## IV. ARGUMENT

### A. An Expert Opinion On Statutory Damages Should Be Excluded

The number of works that are infringed for the purposes of calculating statutory damages is a question of fact for the finder of fact to determine. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2022 WL 952728, at *5 (E.D. Pa. Mar. 30, 2022) (noting that to calculate damages under the Copyright Act, the fact-finder must make a factual finding about the number of infringed "works").

It is certainly not the province of an expert to take the assumption of another expert and then multiply the number of infringing works by the statutory damages number. In this context, Mr. Malackowski is accepting legal assumptions and doing math—(claimed instances of infringement x statutory damages). This type of math does not require an expert. *Allscripts Healthcare, LLC v. Andor Health*, LLC, 2022 WL 3021560, at *5 (D. Del. July 29, 2022). More fundamentally, courts have concluded that the calculation of statutory damages is not the province of an expert. *See Warner Recs. Inc. v. Charter Commc'ns, Inc.*, 2022 WL 2702928, at

\*2 (D. Colo. July 12, 2022) ("[An expert] … may not opine on what the statutory or case law is concerning the measure of "statutory damages" in a copyright infringement case."); *Honeywell Int'l Inc. v. ICM Controls Corp.*, 2017 WL 374907, at \*3-4 (D. Minn. Jan. 26, 2017).

In an analogous situation, a copyright damages expert recited the law on statutory damages for copyright infringement, and then opined that Defendants' infringement could be willful and consequently adds up the damages the Plaintiff should be awarded under the statute. *See Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, 2013 WL 12140417, at \*4-9 (S.D. Tex. Dec. 18, 2013). The court explained that, while the expert was an attorney hired to evaluate damages in this case, he did not have personal knowledge of the infringement instances or the authority to instruct the fact-finder the availability of the range of statutory damages. *Id.* Therefore, all his statutory damages testimony and calculations were stricken. *Id.* ("It is the role of the Court, not [the expert], to instruct the jury on the law of statutory damages. For these reasons, the Court excludes [the expert]'s testimony on statutory damages.").

**B.     Malackowski's Fair Use Market Opinions Lack Any Basis**



. An expert's opinions are only admissible if based on facts or data. *United States v. R. J. Reynolds Tobacco Co.*, 416 F. Supp. 313, 315 (D.N.J. 1976).

8

██████████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████ In *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 449 F. Supp. 3d 333, 353 (S.D.N.Y. 2020), Mr. Malackowski was offered by Plaintiffs' counsel as an expert to show how there was not a market nor was one likely to develop for the asserted copyrights. There, they argued both that an expert may opine on there being no relevant market for a work (Mem. of Law in Opp. to Pl.'s Mot. to Exclude Defs.' Experts (Doc. 153), at 5, 12, 17, 18, *Solid Oak Sketches, LLC v. 2K Games, Inc.,* No. 1:16-cv-724-LTS-RLE (S.D.N.Y. Oct. 12, 2018), and that the opposing party's argument was unsupported because the market was entirely hypothetical. (Mem. of Law in Sup. of Defs.' Mot. for Summ. J. (Doc. 128), at 19-20, *Solid Oak Sketches, LLC v. 2K Games, Inc.,* No. 1:16-cv-724-LTS-RLE (S.D.N.Y. Aug. 24, 2018); (Defs.' Statement of Undisputed Facts. in Sup. of Defs.' Mot. for Summ. J. (Doc. 129), at (S.D.N.Y. August 24, 2018) (expert opining that "Solid Oak is trying to create a market in this case that has never existed before and would not be reasonable or likely to be developed based on the customs and practices of the tattoo industry."). ██

████████████████████████████████████████████████████████

### V. CONCLUSION

This Court should exclude Sections ████████████████████████████ from the Malackowski Opening Report, and Sections ██████████ from the September 6, 2022 Rebuttal Export Report.

| | |
|---|---|
| OF COUNSEL:<br><br>Gabriel M. Ramsey<br>Warrington Parker<br>Joachim B. Steinberg<br>Jacob Canter<br>Christopher J. Banks<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-2800<br><br>Mark A. Klapow<br>Crinesha B. Berry<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Tel: (202) 624-2500<br><br>Dated: December 22, 2022<br>10508055 / 20516.00001<br>Public Version Dated: January 5, 2023 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>  David E. Moore (#3983)<br>  Bindu A. Palapura (#5370)<br>  Hercules Plaza, 6th Floor<br>  1313 N. Market Street<br>  Wilmington, DE 19801<br>  Tel: (302) 984-6000<br>  dmoore@potteranderson.com<br>  bpalapura@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.* |