EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S INTERROGATORY NO. 1

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby supplement their responses to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Interrogatories, served on May 12, 2021 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Action") as follows:

## GENERAL OBJECTIONS

1.     Plaintiffs object to the First Set of Interrogatories to the extent that it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.     Plaintiffs object to the First Set of Interrogatories to the extent that it seeks proprietary or confidential business information, trade secrets or other sensitive information.  To the extent that the response to any Interrogatory requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

3.     Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or protection under federal or state law.  Plaintiffs do not waive, intend to preserve, and are preserving any such privilege with respect to any information protected by such privilege.

4.     The responses provided to the First Set of Interrogatories are based on Plaintiffs' interpretation of the language used in the First Set of Interrogatories.  Plaintiffs reserve their right to amend or to supplement their responses and objections in the event that Defendant asserts an interpretation that differs from Plaintiffs' interpretation.

5.     Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is outside of Plaintiffs' possession, custody, or control, including in Instruction No. 7.  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will provide responses based on the information that is reasonably within their possession, custody, or control.

6.     The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the First Set of Interrogatories.  Plaintiffs' responses to the First Set of Interrogatories in no way constitute admissions or acknowledgements by Plaintiffs as to the relevance, materiality, or admissibility of any of the information contained therein, and Plaintiffs expressly reserve their rights to object as such.

7.     Plaintiffs reserve the right to modify or supplement their objections and responses to the First Set of Interrogatories to conform to the results of continuing discovery.  These responses also are subject to correction for omissions or errors.

8.     In providing responses to the First Set of Interrogatories, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

    (i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

    (ii)    All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object at the trial of this or any other action;

    (iii)   All objections as to vagueness and ambiguity; and

    (iv)   All rights to object on any grounds to any further interrogatories.

9.     Plaintiffs object to the First Set of Interrogatories to the extent that any Interrogatory's subparts, including those arising from Defendant's "Definitions" and "Instructions," actually constitute separate interrogatories, thereby exceeding the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

10.     Plaintiffs object to the First Set of Interrogatories as premature to the extent that it asks or requires Plaintiffs to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

11.     Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

13.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

14.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the

terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf." For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe these terms to mean solely ROSS Intelligence, Inc., and not any other person or entity.

16.     Plaintiffs object to the First Set of Interrogatories as vague and ambiguous to the extent that it defines the term "DESCRIBE" using the capitalized term "Identifying." It is unclear whether Defendant intended to incorporate the definition of the defined term "IDENTIFY," in which case the definition of the term "DESCRIBE" is nonsensical, or to give that word a separate definition. For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the term "Identifying" as used in the definition of the term "DESCRIBE" with its ordinary meaning.

17.     Plaintiffs object to Instruction No. 6 to the extent it purports to impose obligations with regard to the production of privilege logs that differ from those required by the Federal Rules and Local Rules.  Plaintiffs will log information pursuant to the Protective Order.

18.     Plaintiffs object to Instruction Nos. 7 and 9 as vague and ambiguous to the extent that they use the undefined term "FOUNDATION."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe that term to mean Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person, entity, or foundation.

19.     Plaintiffs object to the First Set of Interrogatories as overly broad and unduly burdensome to the extent that its Interrogatories do not specify timeframes and are thus unlimited as to time.

20.     Plaintiffs incorporate the foregoing General Objections into each and every one of its responses to the First Set of Interrogatories as set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY the specific portions of the WESTLAW CONTENT that you claim is subject to copyright that ROSS INFRINGES.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify any and all WESTLAW CONTENT owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case. D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Thomson Reuters owns copyrights in the content that is part of Westlaw that was created by Plaintiffs' attorney-editors through a rigorous editorial process. As alleged in Plaintiffs'

7

Complaint, this content includes original Westlaw headnotes and the West Key Number System ("WKNS").

With regard to judicial opinions, the editorial process begins with newly published opinions being divided into different categories that are assigned a priority level by Plaintiffs' attorney-editors.  Priority cases include opinions from the United States Supreme Court, the federal courts of appeals, and the States' highest courts, along with some jurisdictions Plaintiffs have designated.  Beginning with the highest priority cases, Plaintiffs' attorney-editors carefully review the opinion to identify concepts discussed by the court that they select to call out as points of law.  Each point of law is reflected in a headnote, and each headnote will, ordinarily, contain a single point of law.  In some cases, however, multiple points of law may be included in a single headnote to compare and contrast, or to show how they operate in conjunction with each other—this is a decision left to the attorney-editors' discretion.

Many creative choices are made by Plaintiffs' attorney-editors when they create headnotes.  For example, headnotes are written to be understood standing alone—*i.e.*, no reference to the opinion or any other headnote should be necessary for it to be understood.  Thus, Plaintiffs' attorney-editors write the headnotes so that they summarize only certain, selected facts, and explain in clear language the holding of the court or contentions of the parties.  Plaintiffs' attorney-editors will also make the editorial judgment of recommending Key Number topics to assign to headnotes to integrate the new opinion into the West Key Number System.  Although Plaintiffs have created tools to assist their attorney-editors in this effort, such as the tool discussed in Plaintiffs' response to Interrogatory No. 12, which Plaintiffs incorporate hereto by reference, it is ultimately Plaintiffs' attorney-editors that arrange the headnotes in the WKNS.  Pursuant to Rule 33(d), Plaintiffs incorporate by reference the editorial manual used by Plaintiffs' attorney-editors

for creating headnotes and assigning Key Number topics during the editorial process, which was produced in this Litigation at TR-0002864–TR-0003137.

Plaintiffs' attorney-editors will also create headnotes for the various legal standards, factual holdings, and legal conclusions made by the court, create original synopses and holdings to be included at the beginning of the opinion in Westlaw, and determine which legal topics covered in the opinion and what search terms should be associated with the opinion so it may be integrated into the database of opinions on Westlaw and the WKNS.

After Plaintiffs' attorney-editors have created the headnotes and made initial recommendations of where they might be placed in the WKNS, the opinion is assigned to one or more "classifiers"—attorney-editors who are responsible for classifying headnotes in the WKNS—who actually assign Key Numbers to the headnote (including reassigning the suggested Key Number topics of the headnote writers), and/or send the case back to the original attorney-editor for further review.  Senior classifiers also will reorganize parts of the WKNS from time to time.  There is nothing that dictates how the WKNS is organized or what keywords are used to express it.

As indicated in the certificates of registration for Westlaw, Thomson Reuters does not claim copyrights in material prepared by a United States Government officer or employee as a part of that person's official duties, including without limitations government edicts, legislative enactments, judicial decisions, or similar types of official legal materials.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs incorporate by reference those certificates, which were produced as Exhibit A to Plaintiffs' Complaint.  Plaintiffs also incorporate the deposit copies for those certificates, which were produced in this Litigation at TR-0003138–TR-0033981.

With regard to ROSS's infringement of Plaintiffs' content, ROSS and LegalEase Solutions, LLC ("LegalEase") have agreed to produce in this Litigation documents responsive to Plaintiffs' discovery requests, but Plaintiffs have yet to receive any such documents.  Nevertheless, it is Plaintiffs' understanding that, at ROSS's request and with its knowledge and participation, LegalEase created "Memos" using Westlaw.  As explained in Section 1.3 of the "Statement of Work II for ROSS Bulk Memos" that was published on May 7, 2020 by ROSS on the website available at https://medium.com/@AndrewArruda/hold-59effcd819b0, each Memo was to contain (1) a "Legal Research Question" created by LegalEase, which the SOW defines as "a question grounded in legal principles," (2) a "Reference List," which the SOW defines as "the list of Case Law included in the Memo," and (3) "a target of at least four (4) and no more than six (6) Quotes," which are defined as "an independent paragraph excerpt from Case Law."  It is Plaintiffs' understanding that the questions were based on headnotes from Westlaw that were written by Plaintiffs' attorney-editors.  In addition to paraphrasing the headnotes, the Memos' list of cases were selected by Plaintiffs' attorney-editors for that headnote and arranged in Plaintiffs' WKNS hierarchy.  It is further Plaintiffs' understanding, based on Mr. Arruda's blog post, that ROSS used the Memos to create the ROSS platform.  Pursuant to Federal Rule 33(d), the SOW is incorporated by reference herein as are the memoranda produced by ROSS in this Litigation at ROSS-000000001–ROSS-000175081.

Plaintiffs' discovery efforts in this case are ongoing, and they reserve the right to further supplement this response in light of facts learned during discovery.  In particular, once they have the opportunity to review fully the memoranda ROSS recently produced, Plaintiffs will provide a supplemental response to this Interrogatory.

**<u>* BEGIN HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION *</u>**

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (NOVEMBER 19, 2021)</u>:**

































**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (MARCH 23, 2022):**



- <u>Does that headnote</u> fit with the other headnotes that share those topics, sub-topics,





---

[1]   All documents cited by bates number in this response are incorporated by reference pursuant to Rule 33(d).

[2]   

























<hr />

6 These cases can be found at the following Bates numbers: ROSS-009691813-ROSS-009691815, ROSS-009692108-ROSS-009692114, ROSS-009693003-ROSS-009693008, ROSS-009693472-ROSS-009693474, ROSS-009692914-ROSS-009692919, ROSS-009692363-ROSS-009692370, ROSS-009693806-ROSS-009693812, ROSS-009693984-ROSS-009693991, ROSS-009692807-ROSS-009692815, ROSS-009693813-ROSS-009693820, ROSS-009691963-ROSS-009691968, ROSS-009691604-ROSS-009691606, ROSS-009691939-ROSS-009691945, ROSS-009691928-ROSS-009691934, ROSS-009691977-ROSS-009691984, ROSS-009691501-ROSS-009691503, ROSS-009692454-ROSS-009692462, ROSS-009693222-ROSS-009693236, ROSS-009691718-ROSS-009691727, ROSS-009692731-ROSS-009692754, ROSS-009691748-ROSS-009691756, ROSS-009693157-ROSS-009693159, ROSS-009693750-ROSS-009693763, ROSS-009692391-ROSS-009692400, ROSS-009692635-ROSS-009692641, ROSS-009692625-ROSS-009692627, ROSS-009691870-ROSS-009691876, ROSS-009693064-ROSS-009693077, ROSS-009692835-ROSS-009692859, ROSS-009692794-ROSS-009692796, ROSS-009691457-ROSS-009691463, ROSS-009692986-ROSS-009692990, ROSS-009691496-ROSS-009691500, ROSS-009693318-ROSS-009693327, ROSS-009692699-ROSS-009692725, ROSS-009691989-ROSS-009691994, ROSS-009692953-ROSS-009692979, ROSS-009691973-ROSS-009691976, ROSS-009692564-ROSS-009692576, ROSS-009693025-ROSS-009693036, ROSS-009692060-ROSS-009692065, ROSS-009691367-ROSS-009691383, ROSS-009691562-ROSS-009691590, ROSS-009691405-ROSS-009691411, ROSS-009692249-ROSS-009692260, ROSS-009692923-ROSS-009692930, ROSS-009691420-ROSS-009691433, ROSS-009693237-ROSS-009693244, ROSS-009691854-ROSS-009691864, ROSS-009692140-ROSS-009692150, ROSS-009691740-ROSS-009691747, ROSS-009691682-ROSS-009691692, ROSS-009692401-ROSS-009692453, ROSS-009693060-ROSS-009693063, ROSS-009692129-ROSS-009692134, ROSS-009692802-ROSS-009692806, ROSS-

009693821-ROSS-009693827, ROSS-009693057-ROSS-009693059, ROSS-009693400-ROSS-009693410, ROSS-009692729-ROSS-009692730, ROSS-009693511-ROSS-009693516, ROSS-009693555-ROSS-009693564, ROSS-009692083-ROSS-009692087, ROSS-009692161-ROSS-009692174, ROSS-009692095-ROSS-009692104, ROSS-009692463-ROSS-009692472, ROSS-009692797-ROSS-009692801, ROSS-009692371-ROSS-009692380, ROSS-009691447-ROSS-009691451, ROSS-009691903-ROSS-009691913, ROSS-009693938-ROSS-009693951, ROSS-009693614-ROSS-009693622, ROSS-009691476-ROSS-009691485, ROSS-009692327-ROSS-009692343, ROSS-009693175-ROSS-009693190, ROSS-009693125-ROSS-009693153, ROSS-009693784-ROSS-009693798, ROSS-009692822-ROSS-009692828, ROSS-009691384-ROSS-009691404, ROSS-009693339-ROSS-009693347, ROSS-009692880-ROSS-009692896, ROSS-009693862-ROSS-009693891, ROSS-009691693-ROSS-009691699, ROSS-009693245-ROSS-009693254, ROSS-009691757-ROSS-009691788, ROSS-009693952-ROSS-009693961, ROSS-009692545-ROSS-009692554, ROSS-009691946-ROSS-009691958, ROSS-009692935-ROSS-009692944, ROSS-009691533-ROSS-009691539, ROSS-009692031-ROSS-009692035, ROSS-009693718-ROSS-009693728, ROSS-009693902-ROSS-009693908, ROSS-009693837-ROSS-009693839, ROSS-009691789-ROSS-009691795, ROSS-009693469-ROSS-009693471, ROSS-009693857-ROSS-009693861, ROSS-009693191-ROSS-009693193, ROSS-009691611-ROSS-009691618, ROSS-009692277-ROSS-009692284, ROSS-009692005-ROSS-009692014, ROSS-009692075-ROSS-009692082, ROSS-009691877-ROSS-009691885, ROSS-009692920-ROSS-009692922, ROSS-009693374-ROSS-009693378, ROSS-009693391-ROSS-009693394, ROSS-009692980-ROSS-009692982, ROSS-009693828-ROSS-009693829, ROSS-009692261-ROSS-009692276, ROSS-009692381-ROSS-009692390, ROSS-009692105-ROSS-009692107, ROSS-009691486-ROSS-009691492, ROSS-009693565-ROSS-009693593, ROSS-009692897-ROSS-009692913, ROSS-009694001-ROSS-009694004, ROSS-009691969-ROSS-009691972, ROSS-009693275-ROSS-009693291, ROSS-009691823-ROSS-009691828, ROSS-009693535-ROSS-009693540, ROSS-009692002-ROSS-009692004, ROSS-009693499-ROSS-009693510, ROSS-009691596-ROSS-009691600, ROSS-009692036-ROSS-009692046, ROSS-009693737-ROSS-009693749, ROSS-009692945-ROSS-009692952, ROSS-009691412-ROSS-009691414, ROSS-009693160-ROSS-009693162, ROSS-009691914-ROSS-009691927, ROSS-009692655-ROSS-009692668, ROSS-009692860-ROSS-009692871, ROSS-009692991-ROSS-009692993, ROSS-009692755-ROSS-009692758, ROSS-009692577-ROSS-009692590, ROSS-009693154-ROSS-009693156, ROSS-009693712-ROSS-009693717, ROSS-009691591-ROSS-009691595, ROSS-009693395-ROSS-009693399, ROSS-009693194-ROSS-009693199, ROSS-009693933-ROSS-009693937, ROSS-009692057-ROSS-009692059, ROSS-009692642-ROSS-009692654, ROSS-009691816-ROSS-009691819, ROSS-009693962-ROSS-009693968, ROSS-009691607-ROSS-009691610, ROSS-009693623-ROSS-009693656, ROSS-009693200-ROSS-009693206, ROSS-009693329-ROSS-009693338, ROSS-009693475-ROSS-009693487, ROSS-009691796-ROSS-009691812, ROSS-009692285-ROSS-009692326, ROSS-009692151-ROSS-009692160, ROSS-009691540-ROSS-009691545, ROSS-009693292-ROSS-009693308, ROSS-009691546-ROSS-009691561, ROSS-009692816-ROSS-009692821, ROSS-009691835-ROSS-009691839, ROSS-009691464-ROSS-009691475, ROSS-009693348-ROSS-009693359, ROSS-009693207-ROSS-009693221, ROSS-009691625-ROSS-009691635, ROSS-009692674-ROSS-009692690, ROSS-009691995-ROSS-009692001, ROSS-009692224-ROSS-009692238, ROSS-009693078-ROSS-009693086, ROSS-009691415-ROSS-009691419, ROSS-009693594-ROSS-009693603, ROSS-009693119-ROSS-009693124, ROSS-009692027-ROSS-009692030, ROSS-009692872-ROSS-009692879, ROSS-009691504-ROSS-009691510, ROSS-009692617-ROSS-009692624, ROSS-009693662-ROSS-009693711, ROSS-009691829-ROSS-009691834, ROSS-009694010-ROSS-009694022, ROSS-009693094-ROSS-009693105, ROSS-009692983-ROSS-009692985, ROSS-009691452-ROSS-009691456, ROSS-009693541-ROSS-009693554, ROSS-009693009-ROSS-009693012, ROSS-009694005-ROSS-009694009, ROSS-009693492-ROSS-009693498, ROSS-009692239-ROSS-009692248, ROSS-009693013-ROSS-009693024, ROSS-009693087-ROSS-009693093, ROSS-009693488-ROSS-009693491, ROSS-009693771-ROSS-009693778, ROSS-009692669-ROSS-009692673, ROSS-009693270-ROSS-009693274, ROSS-009692628-ROSS-009692634, ROSS-009691523-ROSS-009691529, ROSS-009691840-ROSS-009691853, ROSS-009692193-ROSS-009692223, ROSS-009693517-ROSS-009693520, ROSS-009693521-ROSS-009693524, ROSS-009693463-ROSS-009693468, ROSS-009693255-ROSS-009693269, ROSS-009693309-ROSS-009693317, ROSS-009692499-ROSS-009692519, ROSS-009693830-ROSS-009693836, ROSS-009693841-ROSS-009693856, ROSS-009692047-ROSS-009692056, ROSS-009692536-ROSS-009692544, ROSS-009693379-ROSS-009693390, ROSS-009691511-ROSS-009691516, ROSS-009692931-ROSS-009692934, ROSS-009692066-ROSS-009692074, ROSS-009693360-ROSS-009693373, ROSS-009692609-

ROSS-009692616, ROSS-009693779-ROSS-009693783, ROSS-009693037-ROSS-009693056, ROSS-009691493-ROSS-009691495, ROSS-009694023-ROSS-009694034, ROSS-009691601-ROSS-009691603, ROSS-009691935-ROSS-009691938, ROSS-009692726-ROSS-009692728, ROSS-009691865-ROSS-009691869, ROSS-009693328, ROSS-009691985-ROSS-009691988, ROSS-009691434-ROSS-009691440, ROSS-009692484-ROSS-009692498, ROSS-009691665-ROSS-009691672, ROSS-009693525-ROSS-009693534, ROSS-009692175-ROSS-009692192, ROSS-009692015-ROSS-009692026, ROSS-009692691-ROSS-009692698, ROSS-009692115-ROSS-009692128, ROSS-009693729-ROSS-009693736, ROSS-009691530-ROSS-009691532, ROSS-009691636-ROSS-009691657, ROSS-009691820-ROSS-009691822, ROSS-009691728-ROSS-009691739, ROSS-009692555-ROSS-009692563, ROSS-009693163-ROSS-009693174, ROSS-009691886-ROSS-009691891, ROSS-009693411-ROSS-009693419, ROSS-009691517-ROSS-009691522, ROSS-009692473-ROSS-009692483, ROSS-009692597-ROSS-009692608, ROSS-009693799-ROSS-009693805, ROSS-009692520-ROSS-009692535, ROSS-009692591-ROSS-009692596, ROSS-009692088-ROSS-009692094, ROSS-009693764-ROSS-009693770, ROSS-009693604-ROSS-009693613, ROSS-009693106-ROSS-009693118, ROSS-009691658-ROSS-009691664, ROSS-009693982-ROSS-009693983, ROSS-009692344-ROSS-009692362, ROSS-009692994-ROSS-009693002, ROSS-009691619-ROSS-009691624, ROSS-009693442-ROSS-009693462, ROSS-009692759-ROSS-009692793, ROSS-009691441-ROSS-009691446, ROSS-009693992-ROSS-009694000, ROSS-009693918-ROSS-009693932, ROSS-009692829-ROSS-009692834, ROSS-009693420-ROSS-009693441, ROSS-009691892-ROSS-009691902, ROSS-010293230-ROSS-010293237, ROSS-010293242-ROSS-010293245, ROSS-010294361-ROSS-010294364, ROSS-010293374-ROSS-010293383, ROSS-010295579-ROSS-010295581, ROSS-010293356-ROSS-010293358, ROSS-010294832-ROSS-010294848, ROSS-010294092-ROSS-010294102, ROSS-010294202-ROSS-010294209, ROSS-010295200-ROSS-010295203, ROSS-010295568-ROSS-010295578, ROSS-010293606-ROSS-010293607, ROSS-010294249-ROSS-010294255, ROSS-010293351-ROSS-010293355, ROSS-010293807-ROSS-010293813, ROSS-010293498-ROSS-010293506, ROSS-010293369-ROSS-010293373, ROSS-010294056-ROSS-010294067, ROSS-010295025-ROSS-010295028, ROSS-010295040-ROSS-010295049, ROSS-010293531-ROSS-010293539, ROSS-010293453-ROSS-010293456, ROSS-010293659-ROSS-010293664, ROSS-010293246-ROSS-010293248, ROSS-010295326-ROSS-010295332, ROSS-010293316-ROSS-010293321, ROSS-010293423-ROSS-010293426, ROSS-010293514-ROSS-010293530, ROSS-010295366-ROSS-010295372, ROSS-010295029-ROSS-010295039, ROSS-010293547-ROSS-010293562, ROSS-010293619-ROSS-010293625, ROSS-010293347-ROSS-010293350, ROSS-010295361-ROSS-010295365, ROSS-010293928-ROSS-010293941, ROSS-010294608-ROSS-010294611, ROSS-010295131-ROSS-010295134, ROSS-010294855-ROSS-010294898, ROSS-010293855-ROSS-010293861, ROSS-010294103-ROSS-010294114, ROSS-010293874-ROSS-010293881, ROSS-010293457-ROSS-010293461, ROSS-010294676-ROSS-010294688, ROSS-010293540-ROSS-010293546, ROSS-010295204-ROSS-010295210, ROSS-010294324-ROSS-010294342, ROSS-010294708-ROSS-010294723, ROSS-010294830-ROSS-010294831, ROSS-010295115-ROSS-010295116, ROSS-010293249-ROSS-010293264, ROSS-010293696-ROSS-010293701, ROSS-010293446-ROSS-010293452, ROSS-010293739-ROSS-010293742, ROSS-010294934-ROSS-010294942, ROSS-010293608-ROSS-010293613, ROSS-010294800-ROSS-010294805, ROSS-010295058-ROSS-010295066, ROSS-010293462-ROSS-010293475, ROSS-010294352-ROSS-010294360, ROSS-010294811-ROSS-010294818, ROSS-010294021-ROSS-010294035, ROSS-010295298-ROSS-010295306, ROSS-010294272-ROSS-010294277, ROSS-010294573-ROSS-010294607, ROSS-010294970-ROSS-010294974, ROSS-010295458-ROSS-010295468, ROSS-010293265-ROSS-010293272, ROSS-010293966-ROSS-010293977, ROSS-010294256-ROSS-010294271, ROSS-010293882-ROSS-010293897, ROSS-010293309-ROSS-010293315, ROSS-010295214-ROSS-010295271, ROSS-010295378-ROSS-010295387, ROSS-010294422-ROSS-010294540, ROSS-010294307-ROSS-010294317, ROSS-010294779-ROSS-010294783, ROSS-010293329-ROSS-010293336, ROSS-010293749-ROSS-010293763, ROSS-010294210-ROSS-010294213, ROSS-010294620-ROSS-010294627, ROSS-010295616-ROSS-010295620, ROSS-010295414-ROSS-010295420, ROSS-010293238-ROSS-010293241, ROSS-010294235-ROSS-010294240, ROSS-010295316-ROSS-010295321, ROSS-010294278-ROSS-010294280, ROSS-010293273-ROSS-010293279, ROSS-010294241-ROSS-010294248, ROSS-010294612-ROSS-010294616, ROSS-010293728-ROSS-010293735, ROSS-010293717-ROSS-010293727, ROSS-010294910-ROSS-010294917, ROSS-010293563-ROSS-010293571, ROSS-010295016-ROSS-010295024, ROSS-010294918-ROSS-010294923, ROSS-010295553-ROSS-010295561, ROSS-010294784-ROSS-010294790, ROSS-010293592-ROSS-010293597, ROSS-010295502-ROSS-010295507, ROSS-010294751-ROSS-010294778, ROSS-010295546-ROSS-010295552, ROSS-

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

010294343-ROSS-010294351, ROSS-010293384-ROSS-010293389, ROSS-010294849-ROSS-010294854, ROSS-010293712-ROSS-010293716, ROSS-010295443-ROSS-010295457, ROSS-010294226-ROSS-010294234, ROSS-010294997-ROSS-010295015, ROSS-010295593-ROSS-010295615, ROSS-010294791-ROSS-010294799, ROSS-010295347-ROSS-010295360, ROSS-010293691-ROSS-010293695, ROSS-010294735-ROSS-010294740, ROSS-010293862-ROSS-010293864, ROSS-010295469-ROSS-010295481, ROSS-010293978-ROSS-010293989, ROSS-010295582-ROSS-010295592, ROSS-010294375-ROSS-010294394, ROSS-010295399-ROSS-010295409, ROSS-010293769-ROSS-010293770, ROSS-010294724-ROSS-010294734, ROSS-010295153-ROSS-010295158, ROSS-010295279-ROSS-010295281, ROSS-010294318-ROSS-010294323, ROSS-010293796-ROSS-010293800, ROSS-010293301-ROSS-010293308, ROSS-010293839-ROSS-010293841, ROSS-010294281-ROSS-010294290, ROSS-010293359-ROSS-010293363, ROSS-010293776-ROSS-010293781, ROSS-010293400-ROSS-010293418, ROSS-010295388-ROSS-010295398, ROSS-010294994-ROSS-010294996, ROSS-010294115-ROSS-010294141, ROSS-010294541-ROSS-010294551, ROSS-010293865-ROSS-010293873, ROSS-010294365-ROSS-010294374, ROSS-010294819-ROSS-010294829, ROSS-010293801-ROSS-010293806, ROSS-010295421-ROSS-010295428, ROSS-010295272-ROSS-010295278, ROSS-010293398-ROSS-010293399, ROSS-010295117-ROSS-010295130, ROSS-010294222-ROSS-010294225, ROSS-010293814-ROSS-010293817, ROSS-010295514-ROSS-010295529, ROSS-010294899-ROSS-010294909, ROSS-010294395-ROSS-010294402, ROSS-010293942-ROSS-010293965, ROSS-010294160-ROSS-010294201, ROSS-010295211-ROSS-010295213, ROSS-010293419-ROSS-010293422, ROSS-010295410-ROSS-010295413, ROSS-010293911-ROSS-010293922, ROSS-010293390-ROSS-010293397, ROSS-010295322-ROSS-010295325, ROSS-010295150-ROSS-010295152, ROSS-010294142-ROSS-010294159, ROSS-010293923-ROSS-010293927, ROSS-010295333-ROSS-010295343, ROSS-010295495-ROSS-010295501, ROSS-010294655-ROSS-010294661, ROSS-010295489-ROSS-010295494, ROSS-010294291-ROSS-010294306, ROSS-010294689-ROSS-010294707, ROSS-010294068-ROSS-010294081, ROSS-010294214-ROSS-010294221, ROSS-010295067-ROSS-010295074, ROSS-010294566-ROSS-010294572, ROSS-010294403-ROSS-010294421, ROSS-010293476-ROSS-010293483, ROSS-010293427-ROSS-010293435, ROSS-010294963-ROSS-010294969, ROSS-010293578-ROSS-010293587, ROSS-010295429-ROSS-010295436, ROSS-010293835-ROSS-010293838, ROSS-010293771-ROSS-010293775, ROSS-010293572-ROSS-010293577, ROSS-010293507-ROSS-010293513, ROSS-010294617-ROSS-010294619, ROSS-010295104-ROSS-010295114, ROSS-010295172-ROSS-010295175, ROSS-010293702-ROSS-010293711, ROSS-010294662-ROSS-010294675, ROSS-010294628-ROSS-010294640, ROSS-010293898-ROSS-010293910, ROSS-010293280-ROSS-010293300, ROSS-010293337-ROSS-010293340, ROSS-010293677-ROSS-010293690, ROSS-010294556-ROSS-010294565, ROSS-010294954-ROSS-010294962, ROSS-010294641-ROSS-010294654, ROSS-010293743-ROSS-010293748, ROSS-010295099-ROSS-010295103, ROSS-010295621-ROSS-010295626, ROSS-010295135-ROSS-010295138, ROSS-010293736-ROSS-010293738, ROSS-010294981-ROSS-010294993, ROSS-010293341-ROSS-010293346, ROSS-010293668-ROSS-010293670, ROSS-010293782-ROSS-010293783, ROSS-010294552-ROSS-010294555, ROSS-010295530-ROSS-010295545, ROSS-010294741-ROSS-010294750, ROSS-010295050-ROSS-010295057, ROSS-010294048-ROSS-010294055, ROSS-010293665-ROSS-010293667, ROSS-010294082-ROSS-010294091, ROSS-010293842-ROSS-010293854, ROSS-010293829-ROSS-010293834, ROSS-010294806-ROSS-010294810, ROSS-010294924-ROSS-010294933, ROSS-010294943-ROSS-010294953, ROSS-010295139-ROSS-010295146, ROSS-010295282-ROSS-010295292, ROSS-010295373-ROSS-010295377, ROSS-010295437-ROSS-010295442, ROSS-010295176-ROSS-010295199, ROSS-010293784-ROSS-010293788, ROSS-010293364-ROSS-010293368, ROSS-010293789-ROSS-010293795, ROSS-010294036-ROSS-010294047, ROSS-010293484-ROSS-010293497, ROSS-010295159-ROSS-010295171, ROSS-010293997-ROSS-010294020, ROSS-010295075-ROSS-010295098, ROSS-010293671-ROSS-010293676, ROSS-010293818-ROSS-010293828, ROSS-010293764-ROSS-010293768, ROSS-010293614-ROSS-010293618, ROSS-010293322-ROSS-010293328, ROSS-010293436-ROSS-010293445, ROSS-010293990-ROSS-010293996, ROSS-010294975-ROSS-010294980, ROSS-010293598-ROSS-010293605.



































**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (AUGUST 22, 2022):**





**<u>*END OF HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION*</u>**

**<u>INTERROGATORY NO. 2</u>:**

IDENTIFY the specific HEADNOTES that you claim is subject to copyright that ROSS INFRINGES.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent

that the phrase "you claim is subject to copyright" is unclear and undefined.  Plaintiffs object to

this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks

Plaintiffs to identify "specific HEADNOTES" owned by Plaintiffs that ROSS has infringed and

---

11    In addition to this list, additional content accessed by LegalEase on Westlaw during the course of the Bulk Memos Project was identified in the LegalEase usage spreadsheet and described in the expert report of James Malackowski.

continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case. D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

IDENTIFY the specific portions of the KEY NUMBER SYSTEM that you claim is subject to copyright that ROSS INFRINGES.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined. Plaintiffs further object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify "specific portions of the KEY NUMBER SYSTEM" owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory

72

as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in WESTLAW CONTENT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrase "Plaintiffs' asserted copyrights" is unclear and undefined.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the

First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.   Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 5:

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in the specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "Plaintiffs' asserted copyrights," "specific structure, sequence and organization" and "specific elements" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content

actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

DESCRIBE how the ROSS product allegedly infringes the WESTLAW CONTENT that you claim is subject to copyright.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "ROSS product" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at

issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to

the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated

in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks

information that is or will be in the possession of ROSS by referring to documents, taking

depositions, or any other means of obtaining discovery in this Litigation that is more convenient,

efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it

calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will

provide such information subject to the Protective Order so ordered by the Court in this case.  D.I.

48.

        Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

        For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS
describing how ROSS allegedly infringes the WESTLAW CONTENT that you claim is subject to
copyright.

**RESPONSE TO INTERROGATORY NO. 7:**

        Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs'

copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as

vague and ambiguous to the extent the phrase "you claim is subject to copyright" is unclear and

undefined. Plaintiffs further object to this Interrogatory as premature to the extent that it asks

Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW

CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow

the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs

object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set

of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No.

15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in

the possession of ROSS by referring to documents, taking depositions, or any other means of

obtaining discovery in this Litigation that is more convenient, efficient, practical, and less

burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential

information, trade secrets, or proprietary business information.  Plaintiffs will provide such

information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.  Plaintiffs

object to this Interrogatory to the extent that it is duplicative of other Interrogatories, including

Interrogatory No. 1.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 8:**

For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS
that support YOUR contention that the WESTLAW CONTENT that you claim is subject to
copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how each WESTLAW CONTENT

identified in Interrogatory No. 1 is original and creative without limitation.  Plaintiffs object to this

Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to

copyright," "original," and "creative," are unclear and undefined.  Plaintiffs further object to this

Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how

each WESTLAW CONTENT identified in Interrogatory No. 1 is original and creative without

ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties'

discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory

as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the

term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this

Interrogatory as overly broad and unduly burdensome to the extent that the First Set of

Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.

Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the

possession of ROSS by referring to documents, taking depositions, or any other means of obtaining

discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.

Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade

secrets, or proprietary business information.  Plaintiffs will provide such information subject to

the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

For each HEADNOTE identified in Interrogatory No. 2, STATE ALL FACTS that support
YOUR contention that the HEADNOTE that you claim is subject to copyright is original and
creative.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified

in Interrogatory No. 2 is original and creative without limitation.  Plaintiffs object to this

Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to

copyright," "original," and "creative" are unclear and undefined.  Plaintiffs further object to this

Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified in Interrogatory No. 2 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 10:**

For each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that the specific element of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without

limitation. Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific element," "you claim is subject to copyright," "original," and "creative" are unclear and undefined. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case. D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 11:**

For the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that such structure, sequence and organization of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without limitation. Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific structure, sequence and organization," "specific elements," "you claim is subject to copyright," "original," and "creative" are unclear and undefined. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will

provide such information subject to the Protective Order so ordered by the Court in this case.  D.I.

48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 12:**

DESCRIBE how YOUR algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, classifies "millions of headnotes to a Key Number taxonomy with more than 90,000 categories," stated on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintell igence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to describe how the Classification and Recommendation Engine

(CaRE) system classifies HEADNOTES to a Key Number taxonomy without limitation.  Plaintiffs

object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set

of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No.

14.  Plaintiffs object to this Interrogatory to the extent that it is neither relevant to any claim or

defense of any party in this Litigation nor proportional to the needs of the case. Plaintiffs object to

this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS

by referring to documents, taking depositions, or any other means of obtaining discovery in this

Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to

this Interrogatory to the extent that it seeks information that is publicly available and therefore is

equally or less burdensome for ROSS to procure itself.  Plaintiffs object to this Interrogatory to

the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: The Classification and Recommendation Engine (CaRE) is a tool used by West's attorney-editors during the editorial process to assist "classifiers"—attorney-editors who are responsible for classifying headnotes in the West Key Number System ("WKNS").  Once a headnote is written by an attorney-editor, it is submitted to one or more classifiers along with the highest-level topic to which the attorney-editor believes the headnote belongs.  Then, one or more classifiers assign more granular Key Numbers to the headnote and/or reassigned the headnote to a new highest-level topic.  To assist the classifier in doing so, the CaRE tool identifies five or more possible Key Numbers to which the headnote could be classified.  The tool does not select which Key Number(s) are assigned to the headnote.  Instead, Plaintiffs' attorney-editors review the options and decide whether to classify the headnote under any of the suggested Key Numbers.  Thus, the CaRE tool is not an automated tool for the finalized classification of headnotes in the WKNS, but rather a tool used to assist Plaintiffs' attorney-editors in making their own editorial decision as to which of the numerous options will be selected for each headnote.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Miranda Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

August 22, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West Publishing
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

David E. Moore, Esquire                                 *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                          *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                             *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                   */s/ Michael J. Flynn*
                                   _____
                                   Michael J. Flynn (#5333)

# EXHIBIT 4

**©opyright**

United States Copyright Office

# Copyright Registration for Automated Databases

## Definition

An automated database is a body of facts, data, or other information assembled into an organized format suitable for use in a computer and comprising one or more files.

The copyright law does not specifically enumerate databases as copyrightable subject matter, but the legislative history indicates that Congress considered computer databases and compilations of data as "literary works" subject to copyright protection. Databases may be considered copyrightable as a form of compilation, which is defined in the law as a work "formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."

## Extent of Copyright Protection

Copyright protection extends to the compilation of facts if the compilation represents original authorship. In some instances some or all the contents of a database, new or revised, may also be copyrightable, as in the case of a full-text bibliographic database.

Copyright protection is not available for:

- ideas, methods, systems, concepts, and layouts

- individual words and short phrases, individual unadorned facts, and

- the selection and ordering of data in a database where the collection and arrangement of the material is a mechanical task only and represents no original authorship; e.g., merely transferring data from hard copy to computer storage

## Copyright Registration

Copyright registration is a legal formality intended to make a public record of the basic facts of a particular copyright. In general, registration is not a condition of copyright protection. However, the copyright law encourages registration by providing certain incentives to register. For more information see Circular 1, *Copyright Basics*.

Circular 65

## What Constitutes Publication of a Database?

The copyright law defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." It is unclear whether online availability for the user constitutes publication of the work under the copyright law. The Copyright Office does not determine whether a particular database is published or not. Instead, that decision is made by the copyright owner.

## Registration for Automated Databases

Using a single application, deposit, and filing fee, automated databases may be registered in either of two ways:

1  as a single basic registration covering the database as published on a given date or, if unpublished, as created on a given date; or

2  as a group registration for a database with its updates or revisions (or for only its updates/revisions) added over a period of time, whether or not they are published, but only if certain conditions are met. (See "Group Registration for Automated Database Updates/Revisions" on page 4.)

### Single Basic Registration

For a *published* database, a single basic registration ordinarily is made for the initial database as first published on a given date. For infrequent updates that are all added to the database and published on a single date (e.g., quarterly updates published on one day), a single basic registration is appropriate.

For an *unpublished* database created over a period of more than one day and not yet containing any updates, a single basic registration is appropriate. Similarly, when a previously completed database is later revised or updated, a basic registration is appropriate.

**Online Registration:** Online registration through the electronic Copyright Office (eCO) is the preferred way to register automated databases. Advantages of online filing include

• a lower filing fee

• fastest processing time

• online status tracking

• secure payment by credit or debit card, electronic check, or Copyright Office deposit account

• the ability to upload certain categories of deposits directly into eCO as electronic files

**NOTE:** You can still register using eCO and save money even if you will submit a hard-copy deposit, which is required under the mandatory deposit requirements for published works. The system will prompt you to specify whether you intend to submit an electronic or a hard-copy deposit, and it will provide instructions accordingly. Hard-copy deposits are required for all published works, except for those distributed only online.

Basic claims include (1) a single work; (2) multiple unpublished works if they are all by the same author(s) and owned by the same claimant; and (3) multiple published works if they are all first published together in the same publication on the same date and owned by the same claimant. To access eCO, go to the Copyright Office website at *www.copyright.gov* and click on *electronic Copyright Office*.

**Registration with Fill-In Form CO:** The next best option for registering basic claims is the new fill-in Form CO. Using 2-D barcode scanning technology, the Office can process these forms much faster and more efficiently than paper forms completed manually. Simply complete Form CO on your personal computer, print it out, and mail it along with a check or money order and your deposit. To access Form CO, go the Copyright Office website and click on *Forms*. Do not save your filled-out Form CO and reuse it for another registration. The 2-D barcode it contains is unique for each work that you register.

**NOTE:** Make sure your Form CO has a 2-D barcode on each page. Do not use screen shots to create your Form CO.

**Registration with Paper Forms:** The paper version of Form TX (literary works) is still available. It is not available on the Copyright Office website; however, staff will send it to you by postal mail upon request.

### Group Registration

A group registration must include updates or revisions, either alone or combined with the initial database.

For a *published* database, it is possible to make a group registration for only the updates/revisions published over a period of up to three months, regardless of whether a prior registration for the initial database was ever made. It is also possible for the first registration to be a group registration for the initial database as first published plus its updates/revisions, but only if all the material was published within the same three-month period within the same calendar year.

An *unpublished* updated database may be registered under the group registration provisions if its updates were created over a span of more than one day.

Group registrations cannot be submitted through eCO or fill-in Form CO. Instead, the Form TX must be completed and mailed to the Copyright Office with the appropriate fee and deposit.

## Basic Registration (Nongroup)

### Scope of Claim

Registration for a *published* database extends only to the material first published as a unit, i.e., that which is published on the date given in the application as the "date of publication." Registration for an *unpublished* database extends to the database as it exists at the time it is submitted for registration, or for revisions and updates made to the database since it was last registered.

### What to Send

- An online registration claim through eCO or completed Form TX

- A nonrefundable filing fee* payable to *Register of Copyrights*

- Appropriate deposit (see below)

Package all items in the same envelope.

**\*note:** Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www. copyright.gov*, write the Copyright Office, or call (202) 707-3000.

### Completing Form TX

Complete all applicable spaces on the form, and please note the following information when completing spaces 2, 3, and 6.

### Basis of Claim

Where all of the material in a database has been previously published, previously registered, or is in the public domain, the claim must be limited to "compilation" assuming the requirements of original selection, coordination, or arrangement have been met. Where all, or a substantial portion, of the material in the database represents copyrightable expression and it is being published or registered for the first time, the claim could also extend to "text," "revised text," "additional text," or the like.

**Space 2.** In the "nature of authorship" space, identify the copyrightable authorship in the database for which registration is sought, for example "compilation" or "compilation and

text." (Do not include any reference to design, physical form, features, hardware, or other uncopyrightable elements.)

**Space 3.** The *date of creation* space must be completed. Indicate the year in which the author completed the particular version for which registration is now sought, even if other versions exist or if further changes or additions are planned. The *publication* space should be completed only if the database has been published.

**Space 6.** Complete this space if the database contains a substantial amount of previously published, previously registered, or public domain material. Leave space 6 blank if the material contained in the database is entirely new and has never before been registered or published.

*Examples*: For a database containing only previously published information, space 6 could be completed as follows:
    Space 6a: "previously published material"
    Space 6b: "compilation of database material"

For a database containing both previously published and new original textual material, space 6 could be completed as follows:
    Space 6a: "previously published text"
    Space 6b: "compilation of database material and some new text"

For a previously registered database that is revised or updated, space 6 could be completed as follows:
    Space 6a: "previously registered database"
    Space 6b: "revised compilation"

Or, if there is also copyrightable new or revised text, space 6b could read: "Revised compilation; some new text" or "some revised text".

### Deposit Requirements—General

For databases fixed and/or published only in machine-readable copies (other than CD-ROM format), the deposit requirements are the same for published and unpublished databases except that if the database is published, the deposit should also include a representation of or the page containing the copyright notice, if any.

The deposit for published and unpublished databases should consist of a printout of identifying portions of the work.

For automated databases fixed or published in a CD-ROM format, the deposit must consist of one complete copy of the entire CD-ROM package, including a complete copy of any

accompanying operating software and instructional manual, and a printed version of the work embodied in the CD-ROM if the work is fixed in print as well as a CD-ROM. See 37 *CFR* 202.20(c)(2)(xvii) or contact the Copyright Office at (202) 707-3000 for further information.

### Specific Deposit Requirements

**Single-file Database** (data records pertaining to a single common subject matter):

- First and last 25 pages or, under a grant of special relief, first and last 25 data records. (See "Special Relief and Trade Secrets" below for procedure to use in requesting special relief.)

**Multiple-file Database\*\*** (separate and distinct groups of data records):

- 50 data records from each file, or the entire file, whichever is less; or

- 50 pages or data records total under a grant of special relief. (See "Special Relief and Trade Secrets" below for procedure to use in requesting special relief.)

**Revised Database\*\*** (single or multiple-file):

- 50 pages or records showing the revisions, or the entire revised portions if less than 50 pages.

**\*\*NOTE:** For multiple-file databases (new or revised), the deposit must also include a descriptive statement containing: title of the database; name and address of copyright claimant; name and content of each separate file within the database, including subject matter, origin of data, and number of separate records within each file. For published multiple-file databases, also include a description of the exact contents of any machine-readable copyright notice used in or with the database (plus manner and frequency of display); and sample of any visually perceptible copyright notice affixed to the copies or container.

### Special Deposit for Encoded Databases

Database deposits should be humanly intelligible, preferably printouts written in a natural language. If the deposit is encoded, it should include a key or explanation of the code so that a copyright examiner can determine the presence of copyrightable material.

### Special Relief and Trade Secrets

When an applicant is unable to deposit the appropriate material or when a database contains trade secrets that the applicant is unwilling to disclose through deposit for registration, the Copyright Office is willing to consider special relief requests, permitting the deposit of less than or other than the required deposit. Special relief requests are granted or denied by the attorney-advisor for the Registration and Recordation Program, upon receipt of the applicant's written request setting forth specific reasons why the request should be granted and indicating what deposit the applicant is able to make.

## Group Registration for Automated Database Updates/Revisions

Group registration is possible *only if all the following conditions are met*:

1   All the updates or revisions must be fixed (if unpublished) or published only in machine-readable copy(ies).
2   All the updates or revisions were created (if unpublished) or were first published within a three-month period, all within the same calendar year.
3   All the updates or revisions are owned by the same copyright claimant.
4   All the updates or revisions have the same general title.
5   All the updates or revisions are similar in their general content, including their subject.
6   All the updates or revisions are similar in their organization.
7   The updates or revisions, if published before March 1, 1989, bear a copyright notice naming the owner of the copyright, and that name is the same in each notice.

### Scope of Claim

Group registration for database updates/revisions or for a database plus its updates/revisions extends to all the material that was created (if unpublished) or that was first published within the time period (up to three months) specified at space 1 of the application.

### How to Register

To make a single group registration for an automated database and/or its copyrightable updates/revisions added during a given three-month period, send the following three items together in the same envelope or package addressed to:

> *Library of Congress*
> *Copyright Office-TX*
> *101 Independence Avenue SE*
> *Washington, DC 20559-6222*

- a nonrefundable filing fee payable to *Register of Copyrights*

- a deposit representative of the updates/revisions being registered
- a Form TX completed according to the instructions below

## Deposit Requirements for Group Registration

The deposit requirements, *whether single or multiple file*, consist of the following:

1 **Visually perceptible identifying material comprised of:**

- 50 pages or records (whichever is less) marked to disclose copyrightable revisions/updates from one representative publication date (if published) or one representative creation date (if unpublished);** *or*

- 50 pages or records (whichever is less) comprised entirely of revisions/updates from one representative publication date (if published) or one representative creation date (if unpublished); please confirm in a cover letter that the entire unmarked deposit represents revisions/updates added to the database on the representative date; *and*

2 **Descriptive Statement:** a brief, typed or printed statement giving the following information:

- *title* of the database
- name and address of the copyright *claimant*
- for *each separate file in a multiple-file database*, its *name* and *content*, including *its subject, origin(s) of the data*, and *approximate number of data records* it contains
- information about the *nature*, *location*, and *frequency* of the changes within the database or (for multiple-file databases) within the separate data files, and
- information about the *copyright notice*, if one is used, as follows:

  - For a *machine-readable notice*, transcribe the contents of the notice and indicate the manner and frequency with which it is displayed (*e.g.*, at user's terminal only at sign on, or continuously on terminal display, or on printouts, etc.).

  - For a *visually perceptible notice* on any copies of the work (or on tape reels or containers for same), include a photocopy or other sample of the notice.

**••NOTE**: It is not necessary to identify all revisions/updates. The requirement is to identify sufficient revisions/updates to establish that the work submitted for registration is an original work of authorship.

### How to Complete Form TX for Group Registration of Database Updates

(Supersedes existing instructions for spaces 1, 3, and 6 of Form TX; complete all other applicable spaces on Form TX according to the instructions on the form.)

**Space 1: Title.** At the "Title of This Work" line, use the following statement: *Group registration for automated database titled _____; published/unpublished* (choose one) *updates from _____ to _____* .

- Indicate published or unpublished. All the updates or revisions being registered as a group must be either published or unpublished.

- Give the earliest and latest dates for updates included in this group registration. This time period must be 3 months or less, all within the same calendar year.

Use the "Publication as a Contribution" line of space 1 to give the following information: The *date* (month, day, year) that is *represented by the marked* portions of *identifying material deposited*. Indicate the *frequency with which revisions* are made: e.g., daily, weekly, monthly, or other (specify).

**Space 3: Creation and Publication.** *Date of Creation:* Give the year in which the author completed this group of updates or revisions.

*Creation:* Under the statute, a work is "created" when it is fixed in a copy or phonorecord for the first time. Where a work has been prepared over a period of time, the part of the work existing in fixed form on a particular date constitutes the created work on that date. The date given here should be the year in which the author completed the particular version for which registration is now being sought, even if other versions exist or if further changes or additions are planned.

*Date of Publication:* Give the date (month, day, year) and nation of publication only if the updates or revisions have been published. The date given should be the last date on which you published updates or revisions during the time period specified at space 1.

**Space 6: Derivative Work or Compilation.** *Leave space 6 blank* if the material contained in the version of the database now being registered is entirely new and never before registered or published.

*Complete this space* if the database being registered contains previously published, previously registered, or public domain material.

*Preexisting Material (space 6a):* For a new database that has not been previously registered or published, but that

contains some previously published, previously registered, or public domain material, space 6a should describe such material, for example "previously published material" or "public domain data" or the like.

For a previously published or registered database that has been revised or periodically updated, space 6a should describe the preexisting material as "previously published database" or "previously registered database" or "database prior to (earliest date represented in the present group of updates)".

*Material Added to This Work (space 6b):* This space should describe the updates or revisions or new compilation being registered for the first time and should specify the frequency of these updates or revisions, e.g., "weekly updates," or "daily revisions," or "revised compilation updated monthly." Where all or a portion of the text represents new copyrightable expression, and it is being published or registered for the first time, the statement should also include "new text," "updated and revised text," or the like. Space 2 should name the author(s) of the material listed at space 6b and should describe the nature of authorship to agree with space 6b.

## Notice of Copyright

For a work published before March 1, 1989, there is a requirement that all copies publicly distributed bear a notice of copyright. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notice.*

## Points to Remember

A copyright registration is effective on the date the Copyright Office receives all the required elements in acceptable form, regardless of the length of time it takes to process the application and mail the certificate of registration.

If you apply online for copyright registration, you will receive an email saying that your application was received.

If you apply for copyright registration using a paper application, you will not receive an acknowledgment that your application for copyright registration has been received (the Office receives more than 600,000 applications annually). With either online or paper applications you can expect:

• a letter or telephone call from a copyright examiner if further information is needed

• a certificate of registration to indicate the work has been registered, or if the application cannot be accepted, a letter explaining why it has been rejected

If you apply using a paper application and you want to know the date that the Copyright Office receives your material, send it by registered or certified mail and request a return receipt.

## For Further Information

### By Internet

Circulars, announcements, regulations, other related materials, and certain copyright application forms are available on the Copyright Office website at *www.copyright.gov.* To send an email communication, click on *Contact Us* at the bottom of the homepage.

### By Telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. If you want to request paper application forms or circulars, call the Forms and Publications Hotline at (202) 707-9100 and leave a recorded message.

### By Regular Mail

Write to:

*Library of Congress*
*Copyright Office-COPUBS*
*101 Independence Avenue SE*
*Washington, DC 20559-6304*

U.S. Copyright Office · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 65   REV: 05/2009   PRINT: 05/2009—6,000   Printed on recycled paper          U.S. GOVERNMENT PRINTING OFFICE: 2009-349-387/80,037

# EXHIBIT 5

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 7

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 8

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY