# EXHIBIT 26
## (Part 1)

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (SB) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S INTERROGATORY NO. 1**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby supplement their responses to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") Interrogatories, served on May 12, 2021 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Action") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the First Set of Interrogatories to the extent that it purports to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks proprietary or confidential business information, trade secrets or other sensitive information.  To the extent that the response to any Interrogatory requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

3.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or protection under federal or state law.  Plaintiffs do not waive, intend to preserve, and are preserving any such privilege with respect to any information protected by such privilege.

4.      The responses provided to the First Set of Interrogatories are based on Plaintiffs' interpretation of the language used in the First Set of Interrogatories.  Plaintiffs reserve their right to amend or to supplement their responses and objections in the event that Defendant asserts an interpretation that differs from Plaintiffs' interpretation.

5.      Plaintiffs object to the First Set of Interrogatories to the extent that it seeks information that is outside of Plaintiffs' possession, custody, or control, including in Instruction No. 7.  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will provide responses based on the information that is reasonably within their possession, custody, or control.

6.      The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the First Set of Interrogatories.  Plaintiffs' responses to the First Set of Interrogatories in no way constitute admissions or acknowledgements by Plaintiffs as to the relevance, materiality, or admissibility of any of the information contained therein, and Plaintiffs expressly reserve their rights to object as such.

7.      Plaintiffs reserve the right to modify or supplement their objections and responses to the First Set of Interrogatories to conform to the results of continuing discovery.  These responses also are subject to correction for omissions or errors.

8.      In providing responses to the First Set of Interrogatories, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

    (i)      All objections as to competency, authenticity, relevancy, materiality and admissibility;

    (ii)      All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object at the trial of this or any other action;

    (iii)      All objections as to vagueness and ambiguity; and

    (iv)      All rights to object on any grounds to any further interrogatories.

9.      Plaintiffs object to the First Set of Interrogatories to the extent that any Interrogatory's subparts, including those arising from Defendant's "Definitions" and "Instructions," actually constitute separate interrogatories, thereby exceeding the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

10.     Plaintiffs object to the First Set of Interrogatories as premature to the extent that it asks or requires Plaintiffs to provide information that is the subject of expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

11.     Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

13.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

14.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the

terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the First Set of Interrogatories as overly broad to the extent that it defines the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe these terms to mean solely ROSS Intelligence, Inc., and not any other person or entity.

16.     Plaintiffs object to the First Set of Interrogatories as vague and ambiguous to the extent that it defines the term "DESCRIBE" using the capitalized term "Identifying."  It is unclear whether Defendant intended to incorporate the definition of the defined term "IDENTIFY," in which case the definition of the term "DESCRIBE" is nonsensical, or to give that word a separate definition.  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe the term "Identifying" as used in the definition of the term "DESCRIBE" with its ordinary meaning.

17.    Plaintiffs object to Instruction No. 6 to the extent it purports to impose obligations with regard to the production of privilege logs that differ from those required by the Federal Rules and Local Rules.  Plaintiffs will log information pursuant to the Protective Order.

18.    Plaintiffs object to Instruction Nos. 7 and 9 as vague and ambiguous to the extent that they use the undefined term "FOUNDATION."  For the purpose of responding to the First Set of Interrogatories, Plaintiffs will construe that term to mean Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person, entity, or foundation.

19.    Plaintiffs object to the First Set of Interrogatories as overly broad and unduly burdensome to the extent that its Interrogatories do not specify timeframes and are thus unlimited as to time.

20.    Plaintiffs incorporate the foregoing General Objections into each and every one of its responses to the First Set of Interrogatories as set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY the specific portions of the WESTLAW CONTENT that you claim is subject to copyright that ROSS INFRINGES.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify any and all WESTLAW CONTENT owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Thomson Reuters owns copyrights in the content that is part of Westlaw that was created by Plaintiffs' attorney-editors through a rigorous editorial process.  As alleged in Plaintiffs'

Complaint, this content includes original Westlaw headnotes and the West Key Number System ("WKNS").

With regard to judicial opinions, the editorial process begins with newly published opinions being divided into different categories that are assigned a priority level by Plaintiffs' attorney-editors.  Priority cases include opinions from the United States Supreme Court, the federal courts of appeals, and the States' highest courts, along with some jurisdictions Plaintiffs have designated.  Beginning with the highest priority cases, Plaintiffs' attorney-editors carefully review the opinion to identify concepts discussed by the court that they select to call out as points of law.  Each point of law is reflected in a headnote, and each headnote will, ordinarily, contain a single point of law.  In some cases, however, multiple points of law may be included in a single headnote to compare and contrast, or to show how they operate in conjunction with each other— this is a decision left to the attorney-editors' discretion.

Many creative choices are made by Plaintiffs' attorney-editors when they create headnotes.  For example, headnotes are written to be understood standing alone—*i.e.*, no reference to the opinion or any other headnote should be necessary for it to be understood.  Thus, Plaintiffs' attorney-editors write the headnotes so that they summarize only certain, selected facts, and explain in clear language the holding of the court or contentions of the parties.  Plaintiffs' attorney-editors will also make the editorial judgment of recommending Key Number topics to assign to headnotes to integrate the new opinion into the West Key Number System.  Although Plaintiffs have created tools to assist their attorney-editors in this effort, such as the tool discussed in Plaintiffs' response to Interrogatory No. 12, which Plaintiffs incorporate hereto by reference, it is ultimately Plaintiffs' attorney-editors that arrange the headnotes in the WKNS.  Pursuant to Rule 33(d), Plaintiffs incorporate by reference the editorial manual used by Plaintiffs' attorney-editors

for creating headnotes and assigning Key Number topics during the editorial process, which was produced in this Litigation at TR-0002864–TR-0003137.

Plaintiffs' attorney-editors will also create headnotes for the various legal standards, factual holdings, and legal conclusions made by the court, create original synopses and holdings to be included at the beginning of the opinion in Westlaw, and determine which legal topics covered in the opinion and what search terms should be associated with the opinion so it may be integrated into the database of opinions on Westlaw and the WKNS.

After Plaintiffs' attorney-editors have created the headnotes and made initial recommendations of where they might be placed in the WKNS, the opinion is assigned to one or more "classifiers"—attorney-editors who are responsible for classifying headnotes in the WKNS—who actually assign Key Numbers to the headnote (including reassigning the suggested Key Number topics of the headnote writers), and/or send the case back to the original attorney-editor for further review.  Senior classifiers also will reorganize parts of the WKNS from time to time.  There is nothing that dictates how the WKNS is organized or what keywords are used to express it.

As indicated in the certificates of registration for Westlaw, Thomson Reuters does not claim copyrights in material prepared by a United States Government officer or employee as a part of that person's official duties, including without limitations government edicts, legislative enactments, judicial decisions, or similar types of official legal materials.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs incorporate by reference those certificates, which were produced as Exhibit A to Plaintiffs' Complaint.  Plaintiffs also incorporate the deposit copies for those certificates, which were produced in this Litigation at TR-0003138–TR-0033981.

With regard to ROSS's infringement of Plaintiffs' content, ROSS and LegalEase Solutions, LLC ("LegalEase") have agreed to produce in this Litigation documents responsive to Plaintiffs' discovery requests, but Plaintiffs have yet to receive any such documents.  Nevertheless, it is Plaintiffs' understanding that, at ROSS's request and with its knowledge and participation, LegalEase created "Memos" using Westlaw.  As explained in Section 1.3 of the "Statement of Work II for ROSS Bulk Memos" that was published on May 7, 2020 by ROSS on the website available at https://medium.com/@AndrewArruda/hold-59effcd819b0, each Memo was to contain (1) a "Legal Research Question" created by LegalEase, which the SOW defines as "a question grounded in legal principles," (2) a "Reference List," which the SOW defines as "the list of Case Law included in the Memo," and (3) "a target of at least four (4) and no more than six (6) Quotes," which are defined as "an independent paragraph excerpt from Case Law."  It is Plaintiffs' understanding that the questions were based on headnotes from Westlaw that were written by Plaintiffs' attorney-editors.  In addition to paraphrasing the headnotes, the Memos' list of cases were selected by Plaintiffs' attorney-editors for that headnote and arranged in Plaintiffs' WKNS hierarchy.  It is further Plaintiffs' understanding, based on Mr. Arruda's blog post, that ROSS used the Memos to create the ROSS platform.  Pursuant to Federal Rule 33(d), the SOW is incorporated by reference herein as are the memoranda produced by ROSS in this Litigation at ROSS-000000001–ROSS-000175081.

Plaintiffs' discovery efforts in this case are ongoing, and they reserve the right to further supplement this response in light of facts learned during discovery.  In particular, once they have the opportunity to review fully the memoranda ROSS recently produced, Plaintiffs will provide a supplemental response to this Interrogatory.

**\* BEGIN HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION \***

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (NOVEMBER 19, 2021):**



































**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (MARCH 23, 2022):**



- Does that headnote fit with the other headnotes that share those topics, sub-topics,





_____

[1]     All documents cited by bates number in this response are incorporated by reference pursuant to Rule 33(d).

[2]     

























6  These cases can be found at the following Bates numbers: ROSS-009691813-ROSS-009691815, ROSS-
009692108-ROSS-009692114, ROSS-009693003-ROSS-009693008, ROSS-009693472-ROSS-009693474,
ROSS-009692914-ROSS-009692919, ROSS-009692363-ROSS-009692370, ROSS-009693806-ROSS-
009693812, ROSS-009693984-ROSS-009693991, ROSS-009692807-ROSS-009692815, ROSS-009693813-
ROSS-009693820, ROSS-009691963-ROSS-009691968, ROSS-009691604-ROSS-009691606, ROSS-
009691939-ROSS-009691945, ROSS-009691928-ROSS-009691934, ROSS-009691977-ROSS-009691984,
ROSS-009691501-ROSS-009691503, ROSS-009692454-ROSS-009692462, ROSS-009693222-ROSS-
009693236, ROSS-009691718-ROSS-009691727, ROSS-009692731-ROSS-009692754, ROSS-009691748-
ROSS-009691756, ROSS-009693157-ROSS-009693159, ROSS-009693750-ROSS-009693763, ROSS-
009692391-ROSS-009692400, ROSS-009692635-ROSS-009692641, ROSS-009692625-ROSS-009692627,
ROSS-009691870-ROSS-009691876, ROSS-009693064-ROSS-009693077, ROSS-009692835-ROSS-
009692859, ROSS-009692794-ROSS-009692796, ROSS-009691457-ROSS-009691463, ROSS-009692986-
ROSS-009692990, ROSS-009691496-ROSS-009691500, ROSS-009693318-ROSS-009693327, ROSS-
009692699-ROSS-009692725, ROSS-009691989-ROSS-009691994, ROSS-009692953-ROSS-009692979,
ROSS-009691973-ROSS-009691976, ROSS-009692564-ROSS-009692576, ROSS-009693025-ROSS-
009693036, ROSS-009692060-ROSS-009692065, ROSS-009691367-ROSS-009691383, ROSS-009691562-
ROSS-009691590, ROSS-009691405-ROSS-009691411, ROSS-009692249-ROSS-009692260, ROSS-
009692923-ROSS-009692930, ROSS-009691420-ROSS-009691433, ROSS-009693237-ROSS-009693244,
ROSS-009691854-ROSS-009691864, ROSS-009692140-ROSS-009692150, ROSS-009691740-ROSS-
009691747, ROSS-009691682-ROSS-009691692, ROSS-009692401-ROSS-009692453, ROSS-009693060-
ROSS-009693063, ROSS-009692129-ROSS-009692134, ROSS-009692802-ROSS-009692806, ROSS-

009693821-ROSS-009693827, ROSS-009693057-ROSS-009693059, ROSS-009693400-ROSS-009693410, ROSS-009692729-ROSS-009692730, ROSS-009693511-ROSS-009693516, ROSS-009693555-ROSS-009693564, ROSS-009692083-ROSS-009692087, ROSS-009692161-ROSS-009692174, ROSS-009692095-ROSS-009692104, ROSS-009692463-ROSS-009692472, ROSS-009692797-ROSS-009692801, ROSS-009692371-ROSS-009692380, ROSS-009691447-ROSS-009691451, ROSS-009691903-ROSS-009691913, ROSS-009693938-ROSS-009693951, ROSS-009693614-ROSS-009693622, ROSS-009691476-ROSS-009691485, ROSS-009692327-ROSS-009692343, ROSS-009693175-ROSS-009693190, ROSS-009693125-ROSS-009693153, ROSS-009693784-ROSS-009693798, ROSS-009692822-ROSS-009692828, ROSS-009691384-ROSS-009691404, ROSS-009693339-ROSS-009693347, ROSS-009692880-ROSS-009692896, ROSS-009693862-ROSS-009693891, ROSS-009691693-ROSS-009691699, ROSS-009693245-ROSS-009693254, ROSS-009691757-ROSS-009691788, ROSS-009693952-ROSS-009693961, ROSS-009692545-ROSS-009692554, ROSS-009691946-ROSS-009691958, ROSS-009692935-ROSS-009692944, ROSS-009691533-ROSS-009691539, ROSS-009692031-ROSS-009692035, ROSS-009693718-ROSS-009693728, ROSS-009693902-ROSS-009693908, ROSS-009693837-ROSS-009693839, ROSS-009691789-ROSS-009691795, ROSS-009693469-ROSS-009693471, ROSS-009693857-ROSS-009693861, ROSS-009693191-ROSS-009693193, ROSS-009691611-ROSS-009691618, ROSS-009692277-ROSS-009692284, ROSS-009692005-ROSS-009692014, ROSS-009692075-ROSS-009692082, ROSS-009691877-ROSS-009691885, ROSS-009692920-ROSS-009692922, ROSS-009693374-ROSS-009693378, ROSS-009693391-ROSS-009693394, ROSS-009692980-ROSS-009692982, ROSS-009693828-ROSS-009693829, ROSS-009692261-ROSS-009692276, ROSS-009692381-ROSS-009692390, ROSS-009692105-ROSS-009692107, ROSS-009691486-ROSS-009691492, ROSS-009693565-ROSS-009693593, ROSS-009692897-ROSS-009692913, ROSS-009694001-ROSS-009694004, ROSS-009691969-ROSS-009691972, ROSS-009693275-ROSS-009693291, ROSS-009691823-ROSS-009691828, ROSS-009693535-ROSS-009693540, ROSS-009692002-ROSS-009692004, ROSS-009693499-ROSS-009693510, ROSS-009691596-ROSS-009691600, ROSS-009692036-ROSS-009692046, ROSS-009693737-ROSS-009693749, ROSS-009692945-ROSS-009692952, ROSS-009691412-ROSS-009691414, ROSS-009693160-ROSS-009693162, ROSS-009691914-ROSS-009691927, ROSS-009692655-ROSS-009692668, ROSS-009692860-ROSS-009692871, ROSS-009692991-ROSS-009692993, ROSS-009692755-ROSS-009692758, ROSS-009692577-ROSS-009692590, ROSS-009693154-ROSS-009693156, ROSS-009693712-ROSS-009693717, ROSS-009691591-ROSS-009691595, ROSS-009693395-ROSS-009693399, ROSS-009693194-ROSS-009693199, ROSS-009693933-ROSS-009693937, ROSS-009692057-ROSS-009692059, ROSS-009692642-ROSS-009692654, ROSS-009691816-ROSS-009691819, ROSS-009693962-ROSS-009693968, ROSS-009691607-ROSS-009691610, ROSS-009693623-ROSS-009693656, ROSS-009693200-ROSS-009693206, ROSS-009693329-ROSS-009693338, ROSS-009693475-ROSS-009693487, ROSS-009691796-ROSS-009691812, ROSS-009692285-ROSS-009692326, ROSS-009692151-ROSS-009692160, ROSS-009691540-ROSS-009691545, ROSS-009693292-ROSS-009693308, ROSS-009691546-ROSS-009691561, ROSS-009692816-ROSS-009692821, ROSS-009691835-ROSS-009691839, ROSS-009691464-ROSS-009691475, ROSS-009693348-ROSS-009693359, ROSS-009693207-ROSS-009693221, ROSS-009691625-ROSS-009691635, ROSS-009692674-ROSS-009692690, ROSS-009691995-ROSS-009692001, ROSS-009692224-ROSS-009692238, ROSS-009693078-ROSS-009693086, ROSS-009691415-ROSS-009691419, ROSS-009693594-ROSS-009693603, ROSS-009693119-ROSS-009693124, ROSS-009692027-ROSS-009692030, ROSS-009692872-ROSS-009692879, ROSS-009691504-ROSS-009691510, ROSS-009692617-ROSS-009692624, ROSS-009693662-ROSS-009693711, ROSS-009691829-ROSS-009691834, ROSS-009694010-ROSS-009694022, ROSS-009693094-ROSS-009693105, ROSS-009692983-ROSS-009692985, ROSS-009691452-ROSS-009691456, ROSS-009693541-ROSS-009693554, ROSS-009693009-ROSS-009693012, ROSS-009694005-ROSS-009694009, ROSS-009693492-ROSS-009693498, ROSS-009692239-ROSS-009692248, ROSS-009693013-ROSS-009693024, ROSS-009693087-ROSS-009693093, ROSS-009693488-ROSS-009693491, ROSS-009693771-ROSS-009693778, ROSS-009692669-ROSS-009692673, ROSS-009693270-ROSS-009693274, ROSS-009692628-ROSS-009692634, ROSS-009691523-ROSS-009691529, ROSS-009691840-ROSS-009691853, ROSS-009692193-ROSS-009692223, ROSS-009693517-ROSS-009693520, ROSS-009693521-ROSS-009693524, ROSS-009693463-ROSS-009693468, ROSS-009693255-ROSS-009693269, ROSS-009693309-ROSS-009693317, ROSS-009692499-ROSS-009692519, ROSS-009693830-ROSS-009693836, ROSS-009693841-ROSS-009693856, ROSS-009692047-ROSS-009692056, ROSS-009692536-ROSS-009692544, ROSS-009693379-ROSS-009693390, ROSS-009691511-ROSS-009691516, ROSS-009692931-ROSS-009692934, ROSS-009692066-ROSS-009692074, ROSS-009693360-ROSS-009693373, ROSS-009692609-

45

ROSS-009692616, ROSS-009693779-ROSS-009693783, ROSS-009693037-ROSS-009693056, ROSS-009691493-ROSS-009691495, ROSS-009694023-ROSS-009694034, ROSS-009691601-ROSS-009691603, ROSS-009691935-ROSS-009691938, ROSS-009692726-ROSS-009692728, ROSS-009691865-ROSS-009691869, ROSS-009693328, ROSS-009691985-ROSS-009691988, ROSS-009691434-ROSS-009691440, ROSS-009692484-ROSS-009692498, ROSS-009691665-ROSS-009691672, ROSS-009693525-ROSS-009693534, ROSS-009692175-ROSS-009692192, ROSS-009692015-ROSS-009692026, ROSS-009692691-ROSS-009692698, ROSS-009692115-ROSS-009692128, ROSS-009693729-ROSS-009693736, ROSS-009691530-ROSS-009691532, ROSS-009691636-ROSS-009691657, ROSS-009691820-ROSS-009691822, ROSS-009691728-ROSS-009691739, ROSS-009692555-ROSS-009692563, ROSS-009693163-ROSS-009693174, ROSS-009691886-ROSS-009691891, ROSS-009693411-ROSS-009693419, ROSS-009691517-ROSS-009691522, ROSS-009692473-ROSS-009692483, ROSS-009692597-ROSS-009692608, ROSS-009693799-ROSS-009693805, ROSS-009692520-ROSS-009692535, ROSS-009692591-ROSS-009692596, ROSS-009692088-ROSS-009692094, ROSS-009693764-ROSS-009693770, ROSS-009693604-ROSS-009693613, ROSS-009693106-ROSS-009693118, ROSS-009691658-ROSS-009691664, ROSS-009693982-ROSS-009693983, ROSS-009692344-ROSS-009692362, ROSS-009692994-ROSS-009693002, ROSS-009691619-ROSS-009691624, ROSS-009693442-ROSS-009693462, ROSS-009692759-ROSS-009692793, ROSS-009691441-ROSS-009691446, ROSS-009693992-ROSS-009694000, ROSS-009693918-ROSS-009693932, ROSS-009692829-ROSS-009692834, ROSS-009693420-ROSS-009693441, ROSS-009691892-ROSS-009691902, ROSS-010293230-ROSS-010293237, ROSS-010293242-ROSS-010293245, ROSS-010294361-ROSS-010294364, ROSS-010293374-ROSS-010293383, ROSS-010295579-ROSS-010295581, ROSS-010293356-ROSS-010293358, ROSS-010294832-ROSS-010294848, ROSS-010294092-ROSS-010294102, ROSS-010294202-ROSS-010294209, ROSS-010295200-ROSS-010295203, ROSS-010295568-ROSS-010295578, ROSS-010293606-ROSS-010293607, ROSS-010294249-ROSS-010294255, ROSS-010293351-ROSS-010293355, ROSS-010293807-ROSS-010293813, ROSS-010293498-ROSS-010293506, ROSS-010293369-ROSS-010293373, ROSS-010294056-ROSS-010294067, ROSS-010295025-ROSS-010295028, ROSS-010295040-ROSS-010295049, ROSS-010293531-ROSS-010293539, ROSS-010293453-ROSS-010293456, ROSS-010293659-ROSS-010293664, ROSS-010293246-ROSS-010293248, ROSS-010295326-ROSS-010295332, ROSS-010293316-ROSS-010293321, ROSS-010293423-ROSS-010293426, ROSS-010293514-ROSS-010293530, ROSS-010295366-ROSS-010295372, ROSS-010295029-ROSS-010295039, ROSS-010293547-ROSS-010293562, ROSS-010293619-ROSS-010293625, ROSS-010293347-ROSS-010293350, ROSS-010295361-ROSS-010295365, ROSS-010293928-ROSS-010293941, ROSS-010294608-ROSS-010294611, ROSS-010295131-ROSS-010295134, ROSS-010294855-ROSS-010294898, ROSS-010293855-ROSS-010293861, ROSS-010294103-ROSS-010294114, ROSS-010293874-ROSS-010293881, ROSS-010293457-ROSS-010293461, ROSS-010294676-ROSS-010294688, ROSS-010293540-ROSS-010293546, ROSS-010295204-ROSS-010295210, ROSS-010294324-ROSS-010294342, ROSS-010294708-ROSS-010294723, ROSS-010294830-ROSS-010294831, ROSS-010295115-ROSS-010295116, ROSS-010293249-ROSS-010293264, ROSS-010293696-ROSS-010293701, ROSS-010293446-ROSS-010293452, ROSS-010293739-ROSS-010293742, ROSS-010294934-ROSS-010294942, ROSS-010293608-ROSS-010293613, ROSS-010294800-ROSS-010294805, ROSS-010295058-ROSS-010295066, ROSS-010293462-ROSS-010293475, ROSS-010294352-ROSS-010294360, ROSS-010294811-ROSS-010294818, ROSS-010294021-ROSS-010294035, ROSS-010295298-ROSS-010295306, ROSS-010294272-ROSS-010294277, ROSS-010294573-ROSS-010294607, ROSS-010294970-ROSS-010294974, ROSS-010295458-ROSS-010295468, ROSS-010293265-ROSS-010293272, ROSS-010293966-ROSS-010293977, ROSS-010294256-ROSS-010294271, ROSS-010293882-ROSS-010293897, ROSS-010293309-ROSS-010293315, ROSS-010295214-ROSS-010295271, ROSS-010295378-ROSS-010295387, ROSS-010294422-ROSS-010294540, ROSS-010294307-ROSS-010294317, ROSS-010294779-ROSS-010294783, ROSS-010293329-ROSS-010293336, ROSS-010293749-ROSS-010293763, ROSS-010294210-ROSS-010294213, ROSS-010294620-ROSS-010294627, ROSS-010295616-ROSS-010295620, ROSS-010295414-ROSS-010295420, ROSS-010293238-ROSS-010293241, ROSS-010294235-ROSS-010294240, ROSS-010295316-ROSS-010295321, ROSS-010294278-ROSS-010294280, ROSS-010293273-ROSS-010293279, ROSS-010294241-ROSS-010294248, ROSS-010294612-ROSS-010294616, ROSS-010293728-ROSS-010293735, ROSS-010293717-ROSS-010293727, ROSS-010294910-ROSS-010294917, ROSS-010293563-ROSS-010293571, ROSS-010295016-ROSS-010295024, ROSS-010294918-ROSS-010294923, ROSS-010295553-ROSS-010295561, ROSS-010294784-ROSS-010294790, ROSS-010293592-ROSS-010293597, ROSS-010295502-ROSS-010295507, ROSS-010294751-ROSS-010294778, ROSS-010295546-ROSS-010295552, ROSS-

---

010294343-ROSS-010294351, ROSS-010293384-ROSS-010293389, ROSS-010294849-ROSS-010294854, ROSS-010293712-ROSS-010293716, ROSS-010295443-ROSS-010295457, ROSS-010294226-ROSS-010294234, ROSS-010294997-ROSS-010295015, ROSS-010295593-ROSS-010295615, ROSS-010294791-ROSS-010294799, ROSS-010295347-ROSS-010295360, ROSS-010293691-ROSS-010293695, ROSS-010294735-ROSS-010294740, ROSS-010293862-ROSS-010293864, ROSS-010295469-ROSS-010295481, ROSS-010293978-ROSS-010293989, ROSS-010295582-ROSS-010295592, ROSS-010294375-ROSS-010294394, ROSS-010295399-ROSS-010295409, ROSS-010293769-ROSS-010293770, ROSS-010294724-ROSS-010294734, ROSS-010295153-ROSS-010295158, ROSS-010295279-ROSS-010295281, ROSS-010294318-ROSS-010294323, ROSS-010293796-ROSS-010293800, ROSS-010293301-ROSS-010293308, ROSS-010293839-ROSS-010293841, ROSS-010294281-ROSS-010294290, ROSS-010293359-ROSS-010293363, ROSS-010293776-ROSS-010293781, ROSS-010293400-ROSS-010293418, ROSS-010295388-ROSS-010295398, ROSS-010294994-ROSS-010294996, ROSS-010294115-ROSS-010294141, ROSS-010294541-ROSS-010294551, ROSS-010293865-ROSS-010293873, ROSS-010294365-ROSS-010294374, ROSS-010294819-ROSS-010294829, ROSS-010293801-ROSS-010293806, ROSS-010295421-ROSS-010295428, ROSS-010295272-ROSS-010295278, ROSS-010293398-ROSS-010293399, ROSS-010295117-ROSS-010295130, ROSS-010294222-ROSS-010294225, ROSS-010293814-ROSS-010293817, ROSS-010295514-ROSS-010295529, ROSS-010294899-ROSS-010294909, ROSS-010294395-ROSS-010294402, ROSS-010293942-ROSS-010293965, ROSS-010294160-ROSS-010294201, ROSS-010295211-ROSS-010295213, ROSS-010293419-ROSS-010293422, ROSS-010295410-ROSS-010295413, ROSS-010293911-ROSS-010293922, ROSS-010293390-ROSS-010293397, ROSS-010295322-ROSS-010295325, ROSS-010295150-ROSS-010295152, ROSS-010294142-ROSS-010294159, ROSS-010293923-ROSS-010293927, ROSS-010295333-ROSS-010295343, ROSS-010295495-ROSS-010295501, ROSS-010294655-ROSS-010294661, ROSS-010295489-ROSS-010295494, ROSS-010294291-ROSS-010294306, ROSS-010294689-ROSS-010294707, ROSS-010294068-ROSS-010294081, ROSS-010294214-ROSS-010294221, ROSS-010295067-ROSS-010295074, ROSS-010294566-ROSS-010294572, ROSS-010294403-ROSS-010294421, ROSS-010293476-ROSS-010293483, ROSS-010293427-ROSS-010293435, ROSS-010294963-ROSS-010294969, ROSS-010293578-ROSS-010293587, ROSS-010295429-ROSS-010295436, ROSS-010293835-ROSS-010293838, ROSS-010293771-ROSS-010293775, ROSS-010293572-ROSS-010293577, ROSS-010293507-ROSS-010293513, ROSS-010294617-ROSS-010294619, ROSS-010295104-ROSS-010295114, ROSS-010295172-ROSS-010295175, ROSS-010293702-ROSS-010293711, ROSS-010294662-ROSS-010294675, ROSS-010294628-ROSS-010294640, ROSS-010293898-ROSS-010293910, ROSS-010293280-ROSS-010293300, ROSS-010293337-ROSS-010293340, ROSS-010293677-ROSS-010293690, ROSS-010294556-ROSS-010294565, ROSS-010294954-ROSS-010294962, ROSS-010294641-ROSS-010294654, ROSS-010293743-ROSS-010293748, ROSS-010295099-ROSS-010295103, ROSS-010295621-ROSS-010295626, ROSS-010295135-ROSS-010295138, ROSS-010293736-ROSS-010293738, ROSS-010294981-ROSS-010294993, ROSS-010293341-ROSS-010293346, ROSS-010293668-ROSS-010293670, ROSS-010293782-ROSS-010293783, ROSS-010294552-ROSS-010294555, ROSS-010295530-ROSS-010295545, ROSS-010294741-ROSS-010294750, ROSS-010295050-ROSS-010295057, ROSS-010294048-ROSS-010294055, ROSS-010293665-ROSS-010293667, ROSS-010294082-ROSS-010294091, ROSS-010293842-ROSS-010293854, ROSS-010293829-ROSS-010293834, ROSS-010294806-ROSS-010294810, ROSS-010294924-ROSS-010294933, ROSS-010294943-ROSS-010294953, ROSS-010295139-ROSS-010295146, ROSS-010295282-ROSS-010295292, ROSS-010295373-ROSS-010295377, ROSS-010295437-ROSS-010295442, ROSS-010295176-ROSS-010295199, ROSS-010293784-ROSS-010293788, ROSS-010293364-ROSS-010293368, ROSS-010293789-ROSS-010293795, ROSS-010294036-ROSS-010294047, ROSS-010293484-ROSS-010293497, ROSS-010295159-ROSS-010295171, ROSS-010293997-ROSS-010294020, ROSS-010295075-ROSS-010295098, ROSS-010293671-ROSS-010293676, ROSS-010293818-ROSS-010293828, ROSS-010293764-ROSS-010293768, ROSS-010293614-ROSS-010293618, ROSS-010293322-ROSS-010293328, ROSS-010293436-ROSS-010293445, ROSS-010293990-ROSS-010293996, ROSS-010294975-ROSS-010294980, ROSS-010293598-ROSS-010293605.



















Case 1:20-cv-00613-SB   Document 294-2   Filed 01/05/23   Page 61 of 89 PageID #: 73561

















██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (AUGUST 22, 2022):**

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████





**<u>*END OF HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DESIGNATION*</u>**

**<u>INTERROGATORY NO. 2</u>:**

IDENTIFY the specific HEADNOTES that you claim is subject to copyright that ROSS INFRINGES.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrase "you claim is subject to copyright" is unclear and undefined.  Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify "specific HEADNOTES" owned by Plaintiffs that ROSS has infringed and

---

[11]   In addition to this list, additional content accessed by LegalEase on Westlaw during the course of the Bulk Memos Project was identified in the LegalEase usage spreadsheet and described in the expert report of James Malackowski.

continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case. D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**<u>INTERROGATORY NO. 3</u>:**

IDENTIFY the specific portions of the KEY NUMBER SYSTEM that you claim is subject to copyright that ROSS INFRINGES.

**<u>RESPONSE TO INTERROGATORY NO. 3</u>:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific portions" and "you claim is subject to copyright" are unclear and undefined. Plaintiffs further object to this Interrogatory as overly broad, unduly burdensome, and premature to the extent that it asks Plaintiffs to identify "specific portions of the KEY NUMBER SYSTEM" owned by Plaintiffs that ROSS has infringed and continues to infringe, without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case. Plaintiffs object to this Interrogatory

as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the

term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this

Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by

referring to documents, taking depositions, or any other means of obtaining discovery in this

Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to

this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary

business information.  Plaintiffs will provide such information subject to the Protective Order so

ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.


**INTERROGATORY NO. 4:**

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in
WESTLAW CONTENT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as vague and ambiguous to the extent

that the phrase "Plaintiffs' asserted copyrights" is unclear and undefined.  Plaintiffs object to this

Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state

"all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT

without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it

asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in

WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which

will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.

Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the

First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 5:

State all facts describing how ROSS infringes Plaintiffs' asserted copyrights in the specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "Plaintiffs' asserted copyrights," "specific structure, sequence and organization" and "specific elements" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in the "specific structure, sequence and organization of specific elements of the KEY NUMBER SYSTEM" without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content

actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 6:**

DESCRIBE how the ROSS product allegedly infringes the WESTLAW CONTENT that you claim is subject to copyright.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrases "ROSS product" and "you claim is subject to copyright" are unclear and undefined.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to describe how the ROSS product infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at

issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS describing how ROSS allegedly infringes the WESTLAW CONTENT that you claim is subject to copyright.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent the phrase "you claim is subject to copyright" is unclear and undefined. Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how ROSS infringes Plaintiffs' copyrights in WESTLAW CONTENT without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs

76

object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set

of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No.

15.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in

the possession of ROSS by referring to documents, taking depositions, or any other means of

obtaining discovery in this Litigation that is more convenient, efficient, practical, and less

burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential

information, trade secrets, or proprietary business information.  Plaintiffs will provide such

information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.  Plaintiffs

object to this Interrogatory to the extent that it is duplicative of other Interrogatories, including

Interrogatory No. 1.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond

as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 8:**

For each WESTLAW CONTENT identified in Interrogatory No. 1, STATE ALL FACTS
that support YOUR contention that the WESTLAW CONTENT that you claim is subject to
copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome

to the extent that it asks Plaintiffs to state "all facts" regarding how each WESTLAW CONTENT

identified in Interrogatory No. 1 is original and creative without limitation.  Plaintiffs object to this

Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to

copyright," "original," and "creative," are unclear and undefined.  Plaintiffs further object to this

Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how

each WESTLAW CONTENT identified in Interrogatory No. 1 is original and creative without

ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

For each HEADNOTE identified in Interrogatory No. 2, STATE ALL FACTS that support YOUR contention that the HEADNOTE that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified in Interrogatory No. 2 is original and creative without limitation.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "you claim is subject to copyright," "original," and "creative" are unclear and undefined.  Plaintiffs further object to this

78

Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each HEADNOTE identified in Interrogatory No. 2 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome. Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 10:**

For each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that the specific element of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without

limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how each specific element of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific element," "you claim is subject to copyright," "original," and "creative" are unclear and undefined.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows:  Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 11:**

For the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3, STATE ALL FACTS that support YOUR contention that such structure, sequence and organization of the KEY NUMBER SYSTEM that you claim is subject to copyright is original and creative.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without limitation.  Plaintiffs further object to this Interrogatory as premature to the extent that it asks Plaintiffs to state "all facts" regarding how the specific structure, sequence and organization of the specific elements of the KEY NUMBER SYSTEM identified in Interrogatory No. 3 is original and creative without ROSS first responding to Plaintiffs' discovery requests, which will narrow the focus of the parties' discovery efforts to the content actually at issue in this case.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "ROSS" overly broadly as indicated in General Objection No. 15.  Plaintiffs object to this Interrogatory as vague and ambiguous to the extent that the phrases "specific structure, sequence and organization," "specific elements," "you claim is subject to copyright," "original," and "creative" are unclear and undefined.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will

provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their response to Interrogatory No. 1.

**INTERROGATORY NO. 12:**

DESCRIBE how YOUR algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, classifies "millions of headnotes to a Key Number taxonomy with more than 90,000 categories," stated on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Interrogatory as overly broad and unduly burdensome to the extent that it asks Plaintiffs to describe how the Classification and Recommendation Engine (CaRE) system classifies HEADNOTES to a Key Number taxonomy without limitation.  Plaintiffs object to this Interrogatory as overly broad and unduly burdensome to the extent that the First Set of Interrogatories define the term "YOUR" overly broadly as indicated in General Objection No. 14.  Plaintiffs object to this Interrogatory to the extent that it is neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case. Plaintiffs object to this Interrogatory to the extent that it seeks information that is or will be in the possession of ROSS by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Plaintiffs object to this Interrogatory to the extent that it seeks information that is publicly available and therefore is equally or less burdensome for ROSS to procure itself.  Plaintiffs object to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Plaintiffs will provide such information subject to the Protective Order so ordered by the Court in this case.  D.I. 48.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs respond as follows: The Classification and Recommendation Engine (CaRE) is a tool used by West's attorney-editors during the editorial process to assist "classifiers"—attorney-editors who are responsible for classifying headnotes in the West Key Number System ("WKNS").  Once a headnote is written by an attorney-editor, it is submitted to one or more classifiers along with the highest-level topic to which the attorney-editor believes the headnote belongs.  Then, one or more classifiers assign more granular Key Numbers to the headnote and/or reassigned the headnote to a new highest-level topic.  To assist the classifier in doing so, the CaRE tool identifies five or more possible Key Numbers to which the headnote could be classified.  The tool does not select which Key Number(s) are assigned to the headnote.  Instead, Plaintiffs' attorney-editors review the options and decide whether to classify the headnote under any of the suggested Key Numbers.  Thus, the CaRE tool is not an automated tool for the finalized classification of headnotes in the WKNS, but rather a tool used to assist Plaintiffs' attorney-editors in making their own editorial decision as to which of the numerous options will be selected for each headnote.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Miranda Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

August 22, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West Publishing*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

David E. Moore, Esquire                                          *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                              *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                  *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)

# THESE EXHIBIT PAGES WERE REDACTED IN THEIR ENTIRETY