IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE    )
CENTRE GMBH and WEST PUBLISHING  )
CORPORATION,    )
    )
    )
        Plaintiffs and    )   C.A. No. 20-613 (SB)
        Counterdefendants,    )
    )   REDACTED - PUBLIC VERSION
   v.    )
    )
ROSS INTELLIGENCE INC.,    )
    )
        Defendant and    )
        Counterclaimant.    )

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, OR EVIDENCE
REGARDING THE OPINIONS OF L. KARL BRANTING, J.D., PH.D.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Plaintiffs Thomson Reuters
Enterprise Center GmbH and West Publishing
Corporation*

December 22, 2022

# <u>TABLE OF CONTENTS</u>

SUMMARY OF THE ARGUMENT ............................................................................. 1

FACTUAL BACKGROUND .................................................................................... 3

ARGUMENT ........................................................................................................ 4

I.    DR. BRANTING'S OPINIONS THAT HE DISAVOWED AT HIS DEPOSITION
SHOULD BE EXCLUDED ............................................................................. 5

II.   DR. BRANTING'S OPINIONS REGARDING ██████████
██████████ ARE UNRELIABLE AND BASED ON INSUFFICIENT
EVIDENCE............................................................................................. 10

III.  DR. BRANTING'S OPINIONS REGARDING ████████████
████████████████████ ARE
UNRELIABLE. .......................................................................................... 14

IV.  CONCLUSION ........................................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

**Cases**

**Page(s)**

*Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*,
   No. 06 Civ. 1750, 2014 WL 1494026 (W.D. Wash. Apr. 16, 2014) ........................................5

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
   350 F.3d 316 (3d Cir. 2003).............................................................................................12

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   09 Civ. 290, 2012 WL 6562221 (W.D. Pa. Dec. 15, 2012)....................................................10

*Crawford v. George & Lynch, Inc.*,
   No. 10-949, 2013 WL 6504361 (D. Del. Dec. 9, 2013) .........................................................5

*Daubert v. Merrell Dow Pharms, Inc.*,
   509 U.S. 579 (1993).............................................................................................. *passim*

*Elcock v. Kmart Corp.*,
   233 F.3d 734 (3d Cir. 2000)..........................................................................................4, 14

*Fabrizi v. Rexall Sundown, Inc.*,
   No. 01 Civ. 289, 2004 WL 1202984 (W.D. Pa. Jun. 2, 2004)...................................................5

*Freeport-McMoran Res. Partners Ltd. P'ship v. B-B Paint Corp.*,
   56 F. Supp. 2d 823 (E.D. Mich. 1999)................................................................................11

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)......................................................................................................10

*Intell. Ventures I LLC v. Xilinx, Inc.*,
   No. 10-1065, 2014 WL 1814384 (D. Del. Apr. 14, 2014).........................................................4

*Oddi v. Ford Motor Co.*,
   234 F.3d 136, 155 (3d. Cir. 2000).....................................................................................16

*Richman v. Respironics, Inc.*,
   No. 08 Civ. 9407, 2012 WL 13102265 (S.D.N.Y. Mar. 13, 2012) .........................................11

*Riegel v. Medtronic, Inc.*,
   451 F.3d 104 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008) .....................................................11

*Snyder v. Wells Fargo Bank, N.A.*,
   11 Civ. 4496, 2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012) ..................................................10

*In re TMI Litig.*,
    193 F.3d 613 (3d Cir. 1999)..................................................................................................16

*U. S. v. Mendlowitz*,
    No. 17 Cr. 248, 2019 WL 6977120 (S.D.N.Y. Dec. 20, 2019) ...............................................10

*UGI Sunbury LLC v. A Perm. Easement for 1.7575 Acres*,
    949 F.3d 825 (3d Cir. 2020)...................................................................................................4

*Webb v. Zimmer, Inc.*,
    No. 14 Civ. 1106, 2019 WL 438361 (E.D.N.Y. Feb. 4, 2019)................................................5

*Wolfe v. McNeil-PPC, Inc.*,
    No. 07 Civ. 348, 2011 WL 1673805 (E.D. Pa. May 4, 2011) ................................................10

**Rules**

Fed. R. Evid. § 702 ..................................................................................................................4, 14

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (collectively, "Thomson Reuters") respectfully move to exclude certain testimony, argument, or evidence regarding the opinions of Defendant ROSS Intelligence Inc.'s ("ROSS") purported expert, Dr. L. Karl Branting ("Dr. Branting").

## SUMMARY OF THE ARGUMENT

Plaintiffs are asserting that ROSS is liable for direct and indirect copyright infringement for (a) ███████████████████████████████████████████████████████ ███████████████████████████████████████, and (b) ████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████. ROSS disclosed Dr. Branting to opine on, among other things, ████████████████████████████████████████████████████████ ██████████████████████████████████. As described in detail below, several of the opinions offered in Dr. Branting's three reports must be excluded.

***First***, during his deposition, Dr. Branting expressly ***disavowed*** a number of his opinions. In particular, Dr. Branting testified that he had ***no opinions*** regarding (███████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████████ ████████████████████████████████████████, as defined in Plaintiffs' Partial Motion for Summary Judgment on Copyright Infringement.  D.I. 250 (Pl.'s Mot. for S.J. No. 1).

█████████████████ Likewise, Dr. Branting testified that he was offering ***no opinions***

████████████████████████████████████████████████████████

███████████████████████████████████████ Courts hold that

opinions offered in an expert's report that are subsequently disavowed in a later deposition, as well

as opinions that an expert expressly testifies are not being offered, must be excluded.

***Second***, courts in the Third Circuit have found an expert's reliance on insufficient facts

and data, including the expert's failure to consider certain key facts and data at all, renders the

expert's opinion inadmissible under *Daubert*.  That is precisely the mistake Dr. Branting makes

here.  In his reports, Dr. Branting offers several unfounded opinions ████████████████

█████████████████, including that ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ In reaching these opinions, Dr. Branting ignores and misstates critical facts and

evidence, including undisputed documents and testimony from both LegalEase's and Morae

Global's 30(b)(6) witnesses ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████.  Thus, even if Dr. Branting had not explicitly retracted these opinions,

they would still be inadmissible under *Daubert*.

*Third*, Dr. Branting's opinion ████████████████████████████████ ████████████████████████████████ is speculative and not based on sufficient facts and data.  Dr. Branting opines that █████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████. Yet, Dr. Branting testified that ████████████████████ ████████████████████████████████████████████████████████████████ ██████████████. In addition, Dr. Branting admits ██████████████████ ████████████████████████████████████████████████████████████████ ██████████████. Dr. Branting's fundamental misunderstanding of ████████████████████ ████████████ warrants exclusion of opinions under *Daubert*.

## FACTUAL BACKGROUND

On August 1, 2022, Dr. Branting issued an opening report in which he opines ████████ ████████████████████████████████████████████████████████████████ ██████████████████████████. Ex. AH[2] (Branting Op. Rpt.).

On September 6, 2022, Dr. Branting's report was rebutted by Plaintiffs' artificial intelligence expert, Dr. Jonathan Krein, who criticized Dr. Branting's opinions ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████. Ex. AS (Krein Rbt. Rpt.).  On the same day, Dr. Branting issued a rebuttal report in which he responded to Dr. Krein's opening report concerning █████████████████████████████████████████████ ██████████████████████. Ex. AI (Branting Rbt. Rpt.).

---

[2] All exhibits are attached to the Declaration of Eric Loverro, submitted concurrently.

On October 10, 2022, Dr. Krein submitted a reply report responding to Dr. Branting's criticisms of his opinions. Ex. AT (Krein Rpl. Rpt.). Dr. Krein explained that Dr. Branting's opinions in his rebuttal report were ████████████████████████████████████ ████████████████████████████████████████████. Dr. Branting also submitted a reply report ████████████████████████████████████████████████ ██████████████████. Ex. AJ (Branting Rpl. Rpt.).

## ARGUMENT

Because expert testimony has the potential to be both powerful and misleading, courts must exercise a greater control over experts than lay witnesses. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). Federal Rule of Evidence 702 permits a qualified expert to testify only if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) those opinions are based on "sufficient facts or data," and (3) those opinions are derived from "reliable principles and methods" that the expert "reliably applied . . . to the facts of the case." Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588–90. An expert's opinion cannot be based on "subjective belief or unsupported speculation;" rather the expert must "have good grounds for his or her belief." *Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000).

In assessing the admissibility of expert testimony, the court performs a critical function by acting "as a gatekeeper to ensure that any and all expert testimony or evidence is not only relevant, but also reliable." *UGI Sunbury LLC v. A Perm. Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020); *see also Intell. Ventures I LLC v. Xilinx, Inc.*, No. 10-1065, 2014 WL 1814384, at *2 (D. Del. Apr. 14, 2014). The party seeking to admit expert testimony, thus, bears the burden of demonstrating its admissibility by establishing that the expert's testimony both rests on a

reliable foundation and is relevant to the task at hand.  *See Crawford v. George & Lynch, Inc.*, No.

10-949, 2013 WL 6504361, at *1 (D. Del. Dec. 9, 2013) (stating that the party offering the expert

"bears the burden of establishing that [the expert's] testimony is admissible by a preponderance of

the evidence").

## I.   DR. BRANTING'S OPINIONS THAT HE DISAVOWED AT HIS DEPOSITION SHOULD BE EXCLUDED

During his deposition, Dr. Branting expressly disavowed ***all*** of his opinions regarding █

███████████████████████████████████████████████.  Courts have found that an expert's

testimony that they are not offering an opinion regarding an issue they opined about in an earlier

report "amounts to a clear retraction" of that opinion.  *See Webb v. Zimmer, Inc.*, No. 14 Civ. 1106,

2019 WL 438361, at *11 (E.D.N.Y. Feb. 4, 2019).  Moreover, courts have found that allowing an

expert to offer an opinion at trial "after [they] specifically recanted it in [their] deposition would

be a clear violation of *Daubert* and its progeny."  *Id.*; *see also Fabrizi v. Rexall Sundown, Inc.*, No.

01 Civ. 289, 2004 WL 1202984, *10 (W.D. Pa. Jun. 2, 2004) (expert that "disavowed the requisite

knowledge and expertise to offer" opinion in report rendered opinion "inadmissible"); *Affiliated

FM Ins. Co. v. LTK Consulting Servs., Inc.*, No. 06 Civ. 1750, 2014 WL 1494026, *8 (W.D. Wash.

Apr. 16, 2014) (expert who "explicitly disavows" opinion "is not qualified to testify as an expert

as to" it).

In particular, Dr. Branting expressly disavowed the following opinions:

| Issue/Topic | Branting Transcript (Ex. AA) |
|---|---|
| ████████████████████ | █ ███████████████████████ |
| ██████████████ | ████████████████████ |
| █████. Exs. AH (Branting | ██████████████ |



| Op. Rpt.) ¶¶ 15–16, 24–28, 62; AI (Branting Rbt. Rpt.) ¶¶ 4–6, 8, 15–19, 24–29, 31; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | *Id.* 184:11–14; *see also* 174:16–24, 177:6–178:4. |
|---|---|
| ████████████ ██████████████. Exs. AH (Branting Op. Rpt.) ¶¶ 4–6, 8, 15–19, 24–29, 31–32; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | █████████████████████ ████████ ████████████████ ██████████████ █████████████ ████████████████ █████████ ██████████████████ ██████████ *Id.* 183:23–184:9. |
| ██████████ ████████████ ████████████ ████████████ ████████ ████████ ██████████████. Exs. AH (Branting Op. | ████████████████ ████████ ████████████████ ██████████████████ █████████████████ ████ *Id.* 113:14–22; *see also* 113:24–114:2, 114:17–25, 182:12–15. |





In addition, Dr. Branting clearly stated that he had *no opinions* regarding:

| **Issue/Topic** | **Branting Transcript** |
|---|---|
| ███ | ███ |
| ███ | ███ |



*Id.* 67:19–68:12.

| | ██████████████████████████ |
|---|---|
| | *Id*. 68:13–69:5. |

Accordingly, the opinions that Dr. Branting expressly disavowed and clearly stated were not being offered, as detailed in the charts above, should be excluded.

**II.    DR. BRANTING'S OPINIONS REGARDING ███████████████ ███████████ ARE UNRELIABLE AND BASED ON INSUFFICIENT EVIDENCE**

Even if Dr. Branting had not retracted his opinions regarding ███████████████ ██████████████, they would still warrant exclusion.  It is well-settled that testimony from an expert witness is not appropriate when the testimony offers lay opinions appropriate for fact witnesses.  *See, e.g., U. S. v. Mendlowitz*, No. 17 Cr. 248, 2019 WL 6977120, at *7 (S.D.N.Y. Dec. 20, 2019); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 09 Civ. 290, 2012 WL 6562221, at *16 (W.D. Pa. Dec. 15, 2012), *aff'd*, 807 F.3d 1283 (Fed. Cir. 2015) ("Expert testimony is inadmissible when it addresses lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help.") (quoting *Snyder v. Wells Fargo Bank, N.A.*, 11 Civ. 4496, 2012 WL 4876938, at *2–3 (S.D.N.Y. Oct. 15, 2012)) (quotations omitted); *Wolfe v. McNeil-PPC, Inc.*, No. 07 Civ. 348, 2011 WL 1673805, at *12 (E.D. Pa. May 4, 2011) (same).

As described in detail below, Dr. Branting lacks any scientific, technical, or other specialized knowledge regarding ███████████████████████.  █████████████████████████████████████████ ████████████████████████████████  *See, e.g.*, Ex. AA (Branting Tr.) 14:20–15:2, 113:14–114:2.  An expert opinion that presents conclusions without any support, or "evidence that is connected to existing data only by the *ipse dixit* of the expert," will be excluded as unreliable.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997);

*Richman v. Respironics, Inc.*, No. 08 Civ. 9407, 2012 WL 13102265, at *14 (S.D.N.Y. Mar. 13, 2012); *see also Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008); *Freeport-McMoran Res. Partners Ltd. P'ship v. B-B Paint Corp.*, 56 F. Supp. 2d 823, 834 (E.D. Mich. 1999).

Throughout his three reports, Dr. Branting makes a number of broad-sweeping, conclusory assertions regarding ███████████████████████ without applying any principles or methodology whatsoever.  He also does not cite to any documents or testimony in the record that support his assertions.  ████████████████████████████

████████████████████████████████████████████████████████

███████████████  Ex. AH (Branting Op. Rpt.) ¶¶ 24–25.  Based on that unfounded assertion, he concludes ████████████████████████████████████

████████████  *Id.*  This, however, is directly contradicted by undisputed testimony and documents explaining how ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████  *See, e.g.*

Exs.  BC  (LEGALEASE-00078065)  (Best  Practices  Guide  for  ROSS  Intelligence);  BD (LEGALEASE-00093066)  (Project  Proposal);  BH  (TR-0055362)  ██████████████████

███████████);  AE (Hafeez Tr.) 66:4–17; AB (Cahn Tr.) 161:10–23.

In his rebuttal to Dr. Krein's opening report, Dr. Branting goes even further and concludes that ██████████████████████████,





Ex. AI (Branting Rbt. Rpt.) ¶¶ 5–6.  Dr. Branting purportedly reached this opinion after he

████████████████████████████████████████████████████ *Id.* ¶ 17.  Yet,

when questioned during his deposition, ███████████████████████████████

█████████████████████████████████████████████████████████

███████████  Ex. AA (Branting Tr.) 205:6–13 ██████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████  Dr. Branting has no

support for his contention that ███████████████████████████████

██████████████████████████, nor does he explain by what methodology he chose

█████████████████████████████████.  To be reliable, testimony must be

based on "the methods and procedures of science" rather than a "subjective belief or unsupported

speculation."  *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003).  By

Dr. Branting's logic, ████████████████████████████████████████

██████████  █████████████████████████████  ROSS, however, ████████

██████████████████████████████ – █████████████████████

█████████████████████████████████████████████████████████

(particularly in light of the record which directly contradicts Dr. Branting's opinions, as noted

above).

In another example, in responding to Dr. Krein's opinion that ████████████████

████████████████████████████████████████████████████, Dr. Branting

12

concludes that ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ Ex. AI (Branting Rbt. Rpt.) ¶ 26.  In support of his conclusion, however, Dr. Branting

████████████████████████████████████████████████████████████

████████████████████████████████████: █

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Ex. BE (ROSS-000076307).  Further, Dr. Branting offers this particular opinion in response to the

portion of Dr. Krein's opening report that includes ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ *Compare* Ex. AI (Branting Rbt. Rpt.) ¶¶ 24–28 *with* Ex.

AR (Krein Op. Rpt.) ¶ 113.  Yet, in his deposition, Dr. Branting repeatedly states that he did not

make even the most basic effort to research or verify his opinions regarding ███████████████

███████████████████████████████████████████████████████████.

Ex. AA (Branting Tr.) 206:1–4 ████████████████████████████████

████████████████████████████████████ 209:14–24 ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████

It is clear that Dr. Branting's opinions regarding ████████████████████████

████████████████████████ are not based on sufficient facts or data.  Nor were they derived

13

from "reliable principles and methods" that Dr. Branting "reliably applied . . . to the facts of the case." Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588–90.  Rather, his opinions are based on "subjective belief [and] unsupported speculation," and thus should be excluded. *Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000).

III.    **DR. BRANTING'S OPINIONS REGARDING** ████████████████████████ ████████████████████████████████████████████ **ARE UNRELIABLE.**

Dr. Branting also offers a number of opinions regarding ████████████████████ ████████████████████████████████████ that are speculative and based on insufficient facts and data.  In particular, Dr. Branting concludes that ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ Exs. AH (Branting Op. Rpt.) ¶ 22; AA (Branting Tr.) 249:10–13.  Yet, Dr. Branting admits ██████████ ████████████████████████████. *Id.* 249:14–250:5 ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████; 251:7–20 ████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

14

Dr. Branting also concludes that ██████████████████████

████████████████████████████  ████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████ Ex. AH (Branting Op. Rpt.) ¶ 22.  This,

however, is incorrect—not the least of which ██████████████████████

█████████████████████████████████████████████████████

███████████████████████████. ██████████████████████

███████████████████████ Ex. AA (Branting Tr.) 13:20–25, 15:3–5. ████████

█████████████████████████████████████████████████ *Id.*

251:7–20. ████████████████████████████████████████

█████████████████████████████████████████████████ *Id.*

19:21–20:5 ███████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████ 20:14–21:3

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████.

Thus, in regard to ██████████████████████████████████

██, it is clear that Dr. Branting lacks any scientific, technical, or other specialized knowledge that

would help the jury understand the evidence or determine the facts at issue to any greater degree than other fact witnesses.  Accordingly, Dr. Branting's speculative, lay opinions regarding these matters must be excluded under *Daubert*.  *Oddi v. Ford Motor Co.*, 234 F.3d 136, 155 (3d. Cir. 2000); *In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999) (excluding speculative expert opinions and finding that opinions based in speculation are not reliable).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude the testimony, argument or evidence by L, Karl Branting, J.D., Ph.D.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

December 22, 2022

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiffs and Counter-Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 22, 2022, upon the following in the manner indicated:

David E. Moore, Esquire                                             *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                   *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                             *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)

17