IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>ROSS INTELLIGENCE INC.,<br><br>Defendant and Counterclaimant. | ) | C.A. No. 20-613 (SB)<br><br>REDACTED - PUBLIC VERSION |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, OR EVIDENCE REGARDING THE OPINIONS OF BARBARA FREDERIKSEN-CROSS**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500


December 22, 2022

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ........ 1

FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 3

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Intell. Ventures I LLC v. AT&T Mobility LLC*,
No. 12-193, 2017 WL 478565 (D. Del. Jan. 31, 2017) ....................................................3, 4, 5

*MobileMedia Ideas, LLC v. Apple Inc.*,
No. 10-258, 2012 WL 6019305 (D. Del. Dec. 3, 2012) .......................................................3, 5

*Withrow v. Spears*,
967 F. Supp. 2d 982 (D. Del. 2013).....................................................................................3, 4, 5

**Rules**

Fed. R. Civ. P. 26(a) ..............................................................................................................3, 5

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (collectively, "Thomson Reuters") respectfully move to exclude certain testimony, argument, or evidence regarding the opinions of Defendant ROSS Intelligence Inc.'s ("ROSS") purported expert, Barbara Frederiksen-Cross ("Ms. Frederiksen-Cross") because her "surrebuttal report" contains new opinions, methodologies, and analyses not previously disclosed in her opening report and, thus, exceeds the scope of a proper reply report under the Federal Rules of Evidence.

**SUMMARY OF THE ARGUMENT**

Plaintiffs assert that ROSS is liable for indirect and direct copyright infringement for (a) [redacted] (indirect), and (b) [redacted] (direct). ROSS has disclosed Ms. Frederiksen-Cross to opine on, among other things, [redacted].

Courts in the Third Circuit have found that reply reports offering new opinions not previously disclosed in an expert's opening report are improper and must be excluded. Here, as described in detail below, rather than serving a reply report limited to addressing the criticisms raised against her own opening report, Ms. Frederiksen-Cross inappropriately served an admitted "surrebuttal report" directed at the opening report of Plaintiffs' AI expert, Dr. Jonathan Krein ("Dr. Krein"), that contains previously undisclosed opinions, methodologies, and analyses.

---

[1] [redacted], as defined in Plaintiffs' Partial Motion for Summary Judgment on Copyright Infringement D.I. 250 (Pl.'s Mot. for S. J. No. 1).

These opinions should have been disclosed in her opening report. Neither Third Circuit law, the Federal Rules of Civil Procedure, nor the Scheduling Order in this case permit such surrebuttals to be filed. Nor did ROSS make a motion to seek permission to file one. Accordingly, the portions of Ms. Frederiksen-Cross's surrebuttal report offering undisclosed opinions, methodologies, and analyses directed at Dr. Krein's opening report must be excluded.

**FACTUAL BACKGROUND**



On August 1, 2022, Ms. Frederiksen-Cross issued an opening report in which she opines, among other things, . Ex. AO[2] (Frederiksen-Cross Op. Rpt.).

On September 6, 2022, Ms. Frederiksen-Cross's report was rebutted by Dr. Krein, who criticized Ms. Frederiksen-Cross's opinions . Ex. AS (Krein Rbt. Rpt.). On the same day, Ms. Frederiksen-Cross issued a rebuttal report in which she responded to Dr. Krein's opening report concerning his analysis Ex. AP (Frederiksen-Cross Rbt. Rpt.).

On October 10, 2022, Dr. Krein submitted a reply report responding to Ms. Frederiksen-Cross's rebuttal report and the criticisms of his opinions contained therein. Ex. AT (Krein Rpl. Rpt.). On the same day, Ms. Frederiksen-Cross submitted what she admits to be a "surrebuttal report." Ex. AQ (Frederiksen-Cross Surrebuttal Rpt.). In her surrebuttal report, Ms.

[2] All exhibits are attached to the Declaration of Eric Loverro, submitted concurrently.

Frederiksen-Cross goes well-beyond responding to Dr. Krein's rebuttal and criticisms of her opening report. Rather, Ms. Frederiksen-Cross's surrebuttal report further criticizes the opinions, methodologies, and analyses found in Dr. Krein's opening report and inappropriately introduces new opinions, methodologies, and analyses that are not found in her own opening report, nor in response to Dr. Krein's rebuttal report.

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2)(D)(ii) further provides "that after an initial expert report is filed, additional expert reports 'intended solely to contradict or rebut evidence on the same subject matter' may be filed thereafter." *Withrow v. Spears*, 967 F. Supp. 2d 982, 1000 (D. Del. 2013) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)); *see also Intell. Ventures I LLC v. AT&T Mobility LLC*, No. 12-193, 2017 WL 478565, at *1 (D. Del. Jan. 31, 2017) (same). "[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper ... reply reports" under Rule 26(a). *Withrow*, 967 F. Supp. 2d at 1002; *see also Intell. Ventures*, 2017 WL 478565, at *1; *MobileMedia Ideas, LLC v. Apple Inc.*, No. 10-258, 2012 WL 6019305, at *1 (D. Del. Dec. 3, 2012) (excluding expert testimony that was not first disclosed in the opening report).

Ms. Frederiksen-Cross's surrebuttal report is replete with new opinions, criticisms, methodologies, and analyses concerning Dr. Krein's opening report—*i.e.*, matters that should have been disclosed in Ms. Frederiksen-Cross's opening report, but were not. Indeed, Ms. Frederiksen-Cross [REDACTED]

[REDACTED]:



Ex. AD (Frederiksen-Cross Tr.) 8:11–9:1. Paging through Ms. Frederiksen-Cross's report and accompanying exhibits proves this to be the case. In fact, . Ex. AQ (Frederiksen-Cross Surrebuttal Report) . Ms. Frederiksen-Cross had the opportunity to offer opinions, criticisms, and analyses of Dr. Krein's opening report in her rebuttal report and did so—she is not entitled to bolster those opinions in a reply report. *Withrow*, 967 F. Supp. 2d at 1002; *see also Intell. Ventures*, 2017 WL 478565, at *1.

Yet, in her surrebuttal report, Ms. Frederiksen-Cross discusses at length the opinions, methodologies, criticisms, and analyses in her rebuttal report concerning

[REDACTED]. *See, e.g.*, Ex. AQ (Frederiksen-Cross Surrebuttal Report) ¶¶ 7, 10–14, 23–29, 32–68, 118–129. In fact, not only does Ms. Frederiksen-Cross reiterate the findings from her rebuttal report in her surrebuttal report, but she also significantly and improperly expands on them, including matters that are completely absent from her opening report and Dr. Krein's rebuttal report. [REDACTED] *See, e.g.*, Ex. AP (Frederiksen-Cross Rbt. Report) ¶¶ 14–15, 135–139. Ms. Frederiksen-Cross's surrebuttal report, however, discusses [REDACTED]. *See, e.g.*, Ex. AQ (Frederiksen-Cross Surrebuttal Report) ¶¶ 35–44, 118–129.

Simply put, Ms. Frederiksen-Cross's surrebuttal report is an improper attempt to get a second bite of the apple—it "simply address the same general subject matter as [Dr. Krein's rebuttal] report, but do[es] not directly contradict or rebut the actual contents of that prior report, [and thus] do[es] not qualify as proper. . .reply reports" under Rule 26(a). *Withrow*, 967 F. Supp. 2d at 1002; *see also Intell. Ventures*, 2017 WL 478565, at *1; *MobileMedia*, 2012 WL 6019305, at *1. Accordingly, the opinions offered in Ms. Frederiksen-Cross's surrebuttal report should be excluded to the extent they concern matters that were not disclosed in Ms. Frederiksen-Cross's opening report, [REDACTED] *See, e.g.*, Ex. AQ (Frederiksen-Cross Surrebuttal Report) ¶¶ 7, 10–14, 23–29, 32–68, 118–129.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude the testimony, argument or evidence regarding the opinions of Barbara Frederiksen-Cross.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counter-Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

December 22, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 22, 2022, upon the following in the manner indicated:

David E. Moore, Esquire *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
*Attorneys for Defendant and Counterclaimant*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)