# EXHIBIT AA

Case 1:20-cv-00613-SB   Document 303-1   Filed 01/09/23   Page 2 of 1033 PageID #: 85382

Thomson Reuters Enterprise vs                                    Luther Branting
Ross Intelligence              Highly Confidential - Attorneys' Eyes Only      October 19, 2022

1

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF DELAWARE

3   - - - - - - - - - - - - - -+
                                |
4   THOMSON REUTERS ENTERPRISE  |
    CENTRE GMBH and WEST        |
5   PUBLISHING CORPORATION,     |
                                |
6          Plaintiffs,          |    Case Number:
                                |
7       vs.                     |    -----------
                                |
8   ROSS INTELLIGENCE, INC.,    |
                                |
9          Defendant.           |
                                |
10  - - - - - - - - - - - - - -+

11

12

13         Confidential Video Deposition of

14            LUTHER KARL BRANTING, Ph.D.

15            Wednesday, October 19, 2022

16                  9:01 a.m.

17

18

19

20

21

22

23   Job No. 836111

24   Reported by:  Laurie Donovan, RPR, CRR, CLR

25



14







20



21



67





69



113



114





177



178



182



d in your research or

25    somewhere else?

183



184



186



187



188



202



205



206



209



210



212



226



231



249



250



251



# EXHIBIT AB

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 1

1              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF DELAWARE

2

  THOMSON REUTERS ENTERPRISE CENTRE    §

3 GMBH and WEST PUBLISHING             §

  CORPORATION,                         §

4                                      §   C.A. No. 20-613-SB

        Plaintiffs/Counterdefendants,  §

5                                      §

  vs.                                  §

6                                      §

  ROSS INTELLIGENCE, INC.,             §

7                                      §

        Defendant/Counterclaimant,     §

8

9

10                     HIGHLY CONFIDENTIAL

11             PURSUANT TO PROTECTIVE ORDER

12

13          VIDEO-RECORDED ORAL DEPOSITION OF

14                     CHRISTOPHER CAHN

15          AS CORPORATE REPRESENTATIVE OF

16              MORAE GLOBAL CORPORATION

17                     Houston, Texas

18               Thursday, May 12, 2022

19                  (REPORTED REMOTELY)

20

21

22

23      REPORTED BY:

24      Linda Russell, CSR

25      JOB NO:  210749

1                         CAHN - MORAE GLOBAL

# EXHIBIT AC

1

```
 1            IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF DELAWARE

 3                 C.A. No. 20-613(LPS)

 4

 5   ------------------------------------------

 6   IN RE MATTER OF:

 7   THOMSON REUTERS ENTERPRISE

 8   CENTRE GMBH and WEST PUBLISHING

 9   CORPORATION,

10            Plaintiffs and Counterdefendants

11         -vs-

12   ROSS INTELLIGENCE INC.,

13            Defendant and Counterclaimant.

14   ------------------------------------------

15

16

17

18      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

19          REMOTE TESTIMONY OF ALAN COX

20         NOVEMBER 2, 2022 - 8:30 A.M. PDT

21

22

23

24      JOB NO. 2022-866214
```





12



13



26





47



48



66





68



69



101



102



153



160



161



164





179



180



183



184



185



186



191



267



268



273



274



275



280



281



282



346



# EXHIBIT AD

1

```
 1          IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF DELAWARE

 3

 4  THOMSON REUTERS ENTERPRISE    )
    CENTRE GMBH and WEST          )
 5  PUBLISHING CORPORATION,       )
                                  )
 6          Plaintiffs,           )
                                  )
 7      vs.                       ) No. 1:20-cv-00613-UNA
                                  )
 8  ROSS INTELLIGENCE INC.,       )
                                  )
 9          Defendant.            )
    _____)

10

11

12

13

14     VIDEO-RECORDED DEPOSITION OF

15     BARBARA FREDERIKSEN-CROSS, at Regus Center,

16     1050 SW Sixth Avenue, Suite 1100, Portland,

17     Oregon, commencing at 9:21 a.m. PST, on

18     Friday, November 11, 2022, before

19     Marla Sharp, RPR, CLR, CCRR, CA CSR 11924,

20     OR CSR 17-0446, WA CSR 3408.

21

22

23

24

25
```



9



# EXHIBIT AE

HIGHLY CONFIDENTIAL

1          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
2

3

4   IN RE MATTER OF:              )
                                  )
5   THOMSON REUTERS               )  C.A. No. 20-613(LPS)
    ENTERPRISE CENTRE GMBH        )
6   and WEST PUBLISHING           )
    CORPORATION,                  )
7                                 )
        Plaintiffs and            )
8       Counterdefendants,        )
                                  )
9   VS.                           )
                                  )
10  ROSS INTELLIGENCE,            )
    INC.,                         )
11                                )
        Defendant and             )
12      Counterclaimant.          )
                                  )
13

14

15          ORAL AND VIDEOTAPED DEPOSITION
                        OF
16              TARIQ HAFEEZ
                MAY 26, 2022
17

18

19

20

21

22

23

24

25

66



# EXHIBIT AF

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF DELAWARE

 3                     C.A. No. 20-613(LPS)

 4

 5    ------------------------------------------

 6   IN RE MATTER OF:

 7   THOMSON REUTERS ENTERPRISE

 8   CENTRE GMBH and WEST PUBLISHING

 9   CORPORATION,

10               Plaintiffs and Counterdefendants

11          -vs-

12   ROSS INTELLIGENCE INC.,

13               Defendant and Counterclaimant.

14    ------------------------------------------

15

16

17

18      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

19       REMOTE TESTIMONY OF RICHARD A. LEITER

20            October 24, 2022 - 11 A.M. CDT

21

22

23

24      JOB NO. 2022-866213
```



38



40





130



131



132



133



139



140



141



142



161



162





167



168



169



180



181





234



235



239



240



257



258





260



261



283



284



# EXHIBIT AG

1

1              IN THE UNITED STATES DISTRICT COURT

2                FOR THE DISTRICT OF DELAWARE

3

4        _____

5    THOMSON REUTERS ENTERPRISE )

6    CENTRE GMBH and WEST        )

7    PUBLISHING CORPORATION,     )

8                Plaintiffs and ) C.A. No. 20-613

9           Counterdefendants  ) (LPS)

10   v.                          )

11   ROSS INTELLIGENCE, INC.,    ) HIGHLY CONFIDENTIAL

12               Defendant and  )

13           Counterclaimant. )

14   _____)

15

16

17   ---  This is the transcript of the videotaped

18   Deposition of,  JIMOH OVBIAGELE, taken at the

19   offices of Regus - Toronto Airport Corporate

20   Centre, Mississauga, Ontario, Canada, on the

21   12th day of April, 2022.

22                   ------------

23

24   REPORTED BY:  Helen Martineau, CSR

25   VIDEOGRAPHER:  Bruno Silva



171



# EXHIBIT AH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

Plaintiffs,

v.

ROSS INTELLIGENCE INC.,
Defendant.

1:20-cv-00613-SB

**CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES
ONLY**

### REPORT OF DEFENDANTS' EXPERT
### L. KARL BRANTING, J.D., Ph.D.

**I.**    **INTRODUCTION** ...............................................................................................1

**II.**   **QUALIFICATIONS** ..........................................................................................1

**III.**  **CONFIDENTIALITY** ........................................................................................3

**IV.**  **INFORMATION CONSIDERED** .....................................................................3

**V.**    **SUMMARY OF OPINIONS**.............................................................................4

**VI.**  **DETAILS OF HOW ROSS OBTAINED TRAINING DATA** ....................7

**VII.** **DETAILS OF THE ROSS SEARCH PLATFORM**....................................13

**VIII.** **ROSS SELECTED ITS OWN FEATURES AND DEVELOPED ITS OWN
TRAINING AND SEARCH METHODOLOGIES THAT DIFFERED
FROM THOMSON REUTERS' METHODOLOGIES**............................26

**IX.**  **GLOSSARY** ....................................................................................................29

## I.   <u>INTRODUCTION</u>

1.   ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

2.   ███████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

## II.   <u>QUALIFICATIONS</u>

3.   ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ ████ ▌

███████████████████████████████████████████████

████████████████████████████████████████ ████

4.   ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████▌

---

[1] *See* Exhibit 1 (Curriculum Vitae of L. Karl Branting).

[2] *See id.*

[3] *See id.*

BRANTING EXPERT REPORT                    CASE 1:20-cv-00613-SB



5.

6.

7.

8.

---

[4] *See* Exhibit 2 (Branting, L. Karl. Reasoning with Rules and Precedents, SpringerLink, 2000).

[5] *See* Exhibit 1.

[6] *See* Exhibit 3 (Plaintiffs' Second Supplemental Response to ROSS' Interrogatory No. 1).

[7] *See* Exhibit 4 (Sealed Order, signed by Judge Stephanos Bibas, dated July 25, 2022).

BRANTING EXPERT REPORT                                                    CASE 1:20-cv-00613-SB

███████████████████████████████████████████████

████████████████

### III.    CONFIDENTIALITY

9.    ███████████████████████████████████

████████████  ██████  ██████  █████████████  ██████  █████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

### IV.    INFORMATION CONSIDERED

10.    ██████████████████████████████████

████████████████████████████████████████████████

████████████████████

11.    ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

12.    ██████████████████████████████████

███████████████████████████████

---

[8] *See* Exhibit 5 (Stipulated Protective Order, dated May 21, 2021 (ECF No. 48)).

BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB

## V.   SUMMARY OF OPINIONS

13.



14.

15.

16.

---

[9] *See e.g.*, Exhibit 8 (ROSS-003419433).

[10] *See e.g.*, Exhibit 9 (ROSS-003427517).

[11] *See e.g.*, Exhibit 10 (ROSS-003419595).

[12] *See e.g.*, Exhibit 11 (ROSS-000000001).

[13] *See e.g.*, Exhibit 12 (ROSS-000236085).

BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB



17. ███████████████████████████████████████████████████████████████

18. ███████████████████████████████████████████████████████████████

19. ███████████████████████████████████████████████████████████████

---

[14] *See id.*; *see also e.g.*, Exhibit 13 (Morae Deposition Transcript, at 220:8-225:11).

[15] *See e.g.*, Exhibit 7 ████████████████████████████████████).

[16] *See e.g.*, *id* ███████████████████████████████).

██ ██████████████████████████.

[18] *See   e.g.*,   Exhibit   7   (███████████████████████████████
████████████████).

[19] *See id.*

██ ██████████████████████████.



20. ████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████

21. ████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

---

[21] ████████████████████████████████; *see also e.g.*, Exhibit 7 ███████████

[22] ████████████████████████████████; *see also* Exhibit 29 (ROSS-010244504), Exhibit 30 (ROSS-010248941).

[23] *See generally* Exhibit 7.

[24] *See id.*

[25] *See id.*

[26] *See id.*

[27] *See e.g.*, Exhibit 14 (ROSS-023018193); *see also* Exhibit 15 (Arruda Deposition Transcript, at 83:9-15).

22. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

## VI.   DETAILS OF HOW ROSS OBTAINED TRAINING DATA

23. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

24. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

25. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

26. ████████████████████████████████████████████

████████████████████████████████████████████

---

[28] *See* Exhibit 7 (████████████████████████████████████)

[29] *Compare* Exhibits 9-11 *with* Exhibit 16 (Moulinier Deposition Transcript, at 76:18-19, 78:1-4)).

[30] *See e.g.*, Exhibit 11 (ROSS-000000001).

[31] *See e.g.*, *Id.*



27.

28.

29.

---
[32] *See e.g.*, *Id.*



9



BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB



31. ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

32. ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████████

33. ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████

██████████████████████████████████████████

---

[33] *See* Exhibit 7 ████████████████████████████

[34] ██████████████████████████████████████████
████████████████████████

[35] *See* Exhibit 7 ███████████████████████████████
████████████████ *id.* ████████████████████████
██████ ; *see id.* ██████████████████████████████

[36] *See id.* █████████████████████████████████ ).

[37] *See* Exhibit 12 (ROSS-000236085).

BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB



34. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

35. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

36. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[38] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

[39] As stated above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See e.g.*, Exhibits 14, 15.

[40] See Exhibit 7 ▮▮▮▮▮▮▮▮▮▮▮

[41] *See     id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[42] *See     id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB

37.

38.

## VII.   DETAILS OF THE ROSS SEARCH PLATFORM

39.

40.

41.

---

[43]

[44] *See id.* (

[45] *See* Exhibit 17 (ROSS-009624376).

[46] *See* Exhibit 7



42. ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

43. ████████████████████████████████████████████

██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██

██████████████████████████████████████████████

████████████████████

---

BRANTING EXPERT REPORT

CASE 1:20-cv-00613-SB

[47] *See   id.* ████████████████████████████████████
████████████████████████████████████████████
██ .
[48] *See id.*
[49] *See id.* ████████████████████████████████
[50] *See id.* ████████████████████████████████████████
████████████████████████████████



44. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████ ████
████████████████████████

45. ████████████████████████████████
██████████ ███████████████████████████
████████████████████████████████████
██████

46. ████████████████████████████ ████████

---

[51] *See id.* ████████████████
[52] *See infra.*
[53] *See* Exhibit 7 ████████████

47.

48.

---

[54] *See* Exhibit 19

.

[55] *See* Exhibit 7

[56] *See* Glossary, *infra*.

BRANTING EXPERT REPORT                                    CASE 1:20-cv-00613-SB

49. █████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

50.



---

[57] *Id.*

[58] *See* Exhibit 7 ████████████████████████████

[59] ██████████████████████████████████████████████████
████████████.

[60] ██████████████████████████████████████████████████
████████████.

[61] In "features.py" the following features are found at lines: █████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████







BRANTING EXPERT REPORT                                        CASE 1:20-cv-00613-SB



[70] *See* Exhibit 28 ██████████████████████████████████████
███████ █ █████████ █ ████ ██████ ██████ █ ████ ██████ ██
██████████████████████████████████████████████████████
███████████████████████████ .

---

[71] *See* Exhibit 7 ██████████████████████

[72] *See* discussion of supervised vs. unsupervised learning, *infra*.

[73] *See* Exhibit 7 (████████████████████████████████████████





51.



52. ███████████████████████████████

53. ███████████████████████████████

54. ███████████████████████████████

---

[78] *See* Exhibit 19, *supra* note 54.

[79] *See* Exhibit 7; *see also* Exhibit 19, *supra* note 54 ████████████

[80] *See* Exhibit 19, *supra* note 54.

[81] *See* Exhibit 7 ████████████████



55. ████████████████████████████████████

56. ████████████████████████████████████

---

[82] *See id.* ████████████████████████████
████ ████ ████████; *see* Exhibit 7 ████████████
████ ████ ██ ████ ██ ████ ████ ████ ██ ████ ████████
████████

[83] *See* Exhibit 19, *supra* note 54.

[84] *Id.*

[85] *Id.*

[86] Exhibit 7 ████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

57.    ██████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

58.    ██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

## VIII.    ROSS SELECTED ITS OWN FEATURES AND DEVELOPED ITS OWN TRAINING AND SEARCH METHODOLOGIES THAT DIFFERED FROM THOMSON REUTERS' METHODOLOGIES

59.    ████████████████████████████████████████ ██ █

███████████████████████████████████████████

███████████████████████████████████████████

---

[87] *See* Exhibit 21 (TR-0884952).

BRANTING EXPERT REPORT                              CASE 1:20-cv-00613-SB



60.

61.

62.

---

88 *See* Exhibit 22 (TR-0908443).

89 *See* Exhibit 23 (Al-Kofahi Deposition Transcript); Exhibit 24 (Moulinier Deposition Transcript).

90 *See generally* Exhibit 23; Exhibit 24.

91 *See e.g.*, Exhibit 12.

BRANTING EXPERT REPORT                                   CASE 1:20-cv-00613-SB

63. ██████████████████████████████████████████

64. ██████████████████████████████████████████

---

[92] *Compare* ¶ 47, *supra*, *with* Exhibit 24 (Moulinier Deposition Transcript, at 136:9-137:17 ████; *id.* 138:14-139:2 ████ ████



65.

IX.

66.

67.

68.

69.

---

[93] *Compare* ¶ 47, *supra*, *with* Exhibit 21 (TR-0884952).

[94] *Compare* ¶¶ 49-53, *supra*, *with* Exhibit 24 (Moulinier Deposition Transcript, at 63:3-11; 92:14-24).

██████████████████████████████████████████

████████

70.   ██████████████████████████████████████

████████████████████████████████████████ ██ ██

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████



71.   ██████████████████████████████████████

████████████████ ██ ████████████████████ ██

██████████████████████████████████████████

---

72.

73.



██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

74.   ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████

75.   ████████████████████████████████████████████

██████████████████████████████████████████████████

███████

76.   ██████ ██████ █████   ████  ██████  █  ███████  █████  ███  █████

██████████████████████████████████████████████████

██████████████████████████████████

77.   ████████████████████████████████████████████

████████████████████████████ █████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

[96] *See* Exhibit 25, ██████████████████████████████████████████
██████████████████████████████████████.

78. ███████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████

79. ███████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

80. ███████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████

81. ███████████████████████████████████████████████

BRANTING EXPERT REPORT                    CASE 1:20-cv-00613-SB

██████████████████████

82.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

---

[97] *See* Exhibit 33, ████████████████████████████████████
████████████████████████████████████████████████
██████████.

83. 

BRANTING EXPERT REPORT                    CASE 1:20-cv-00613-SB

86.

87.

88.

89.

90.



# EXHIBIT AI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

Plaintiffs,

v.

ROSS INTELLIGENCE INC.,
Defendant.

1:20-cv-00613-SB

**CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES
ONLY**

**REBUTTAL OF KREIN EXPERT WITNESS REPORT
L. KARL BRANTING, J.D., Ph.D.**

I.    **INTRODUCTION**........................................................................................................1

II.   **INFORMATION CONSIDERED** ....................................................................................1

III.  **SUMMARY OF OPINIONS** ...........................................................................................2

IV.   **DETAILED REBUTTAL OF THE KREIN REPORT** .................................................3

I.      **INTRODUCTION**

    1.      ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

    2.      ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

II.     **INFORMATION CONSIDERED**

    3.      ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████

### III.    SUMMARY OF OPINIONS

4.    ████████████████████████████████

████████████████████████████████████

███████████████████████████████

5.    ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

6.    ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

7.    ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

8.    ████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

9.   ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

10.   ███████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

## IV.   DETAILED REBUTTAL OF THE KREIN REPORT

11.   ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████ ██████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████

12.   ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

---

[1] *See generally* Branting Report Ex. 7.



13. ████████████████████████████████████

---

[2] ████████████████████████████████████████
(Moulinier Deposition Transcript, at 63:3-11; 92:14-24),
(Branting Expert Report ¶¶ 49-53),
" (Moulinier Deposition Transcript, at
72:3                                          (*Id.* at 78:18).
(Correspondence with Jimoh Obviagele, May 27, 2022).

[3] ████████████████████████████████ Krein Report ¶ 74.

[4] Ovbiagele Deposition at 181:15, 181:22-182:9.

[5] Krein Report ¶ 6. ███████████████████████
████████████████████████████████████████████
████████████████████ Krein Report ¶ 52, n. 23.

BRANTING REBUTTAL OF THE EXPERT REPORT OF JONATHAN KREIN        CASE 1:20-cv-00613-SB



14.

15.

---

[6] *See e.g.*, Branting Report ¶¶ 19, 57.

[7] Krein Report, ¶ 2.

[8] *See* Frederickson-Cross Report ¶ 20 ████████████████████████████
███████████████████████████████████████████ . *Id.*

[9] *See e.g.*, Branting Report ¶¶ 50-51.

16. ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████

17. ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

18. ██████████████████████████████████████

---

[10] Krein Report, ¶¶ 103-114, 143-149.

[11] Third Supplemental Response to Interrogatory No. 1, pp. 69-71.



19.

20.

21.

_____

[12] *See e.g.*, Branting Report ¶ 19.

[13] *See e.g.*, *id*.

[14] Krein Report ¶ 148.

7



22.

23.

15

[16] Krein Report ¶ 135.



A. ████████████ █ ████████████████

B. █████████████████████

C. █████████████████████

24. ████████████████████████

[17] ████████████████████████████████████████████████████████████████████.

[18] Krein Report paragraph 113.



25.

26.

27.

---

[19] Krein Report ¶ 146.

[20] Ovbiagele Depo. at 131:8-10, 16-17; 132:5, 13-15; 133:5-6.

[21] *See* Branting Report ¶¶ 27-29.

[22] ROSS-000076307

[23] LEGALEASE-00108391



28.

29.

30.

---

[24] Ovbiagele Depo. at 131:8-10, 16-17; 132:5, 13-15; 133:5-6.

[25] Krein Report, ¶ 114.

[26] *See e.g.,* Krein Report, p. 1 of Appendix C.

[27] *Id.*

[28] ROSS-000076307 (                                        Obviagele Depo. 132:13-15

[29] Whitehead Depo. 101:1-10, 107:6-108:9.

[30] Krein Report ¶ 103. See also Krein Report ¶ 74



31 Krein Report ¶ 142.

32 [REDACTED]

Moulinier Deposition Transcript, at 62:14; 92:23-24, 86:12-13.

33  Artificial Intelligence Index Report, 2021, https://aiindex.stanford.edu/wp-content/uploads/2021/03/2021-AI-Index-Report-_Chapter-1.pdf, pg. 4.

34  Public Access to NSF-Funded Research, https://www.nsf.gov/news/special_reports/public_access/.

35 https://ai.google/about/.

36 https://allenai.org/.

37 https://www.amazon.science/.

38 The Stanford Law School CodeX Techindex, https://techindex.law.stanford.edu/.

hitment to older

31.

32.

*Luther Karl Branting*
1 September 2022

---

[39] Krein report ¶ 149.

[40] Branting Report ¶ 50.

# EXHIBIT AJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

Plaintiffs,

v.

ROSS INTELLIGENCE INC.,
Defendant.

1:20-cv-00613-SB

**CONFIDENTIAL, HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES
ONLY**

**REPLY TO KREIN REBUTTAL REPORT
L. KARL BRANTING, J.D., Ph.D.**

I.    INTRODUCTION ........................................................................................................1

II.   INFORMATION CONSIDERED .............................................................................1

III.  SUMMARY OF OPINIONS ....................................................................................2

IV.   DETAILED REPLY TO THE KREIN REBUTTAL REPORT.........................................3

## I.  <u>Introduction</u>

1.  ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

2.  █████████████████████████████████

███████████████████████████████████████

███████████████████████████████

## II.  <u>Information Considered</u>

3.  ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███

4.  ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

BRANTING REPLY TO THE REBUTTAL REPORT OF JONATHAN KREIN          CASE 1:20-cv-00613-SB

III. **Summary of Opinions**

5. ███████████████████████████████████████████

██████████████████████ ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

6. ███████████████████████████████████████████

████████████████████████████████████████████████████

████████ ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

7. ███████████████████████████████████████████

████████████████████████████████████████████████████

███████████████ ████████████████████████████████████

████████████████████████████████████████████

8. ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1]      Krein Rebuttal Report ¶ 40.
[2]      Krein Rebuttal Report ¶¶ 29-32.
[3]      Krein Rebuttal Report Section 4.4.

███████

## IV.  <u>Detailed Reply to the Krein Rebuttal Report</u>

9.  ██████████████████████████████████████

██████████████████████████████  ████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

10.  ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███

---

4   Krein Rebuttal Report ¶ 40.

11. ████████████████████████████

████████████████████████████████

████████████████

12. ████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████



---

[5]   Branting Report ¶¶ 49-52.
[6]   See Exhibit A (deeputil-master/deeputil/features.py); See also Branting Report, Exhibit 7, Branting Report ¶ 50.

████████████████████████████████

13.   ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████

14.   ██████████████████████████████

████████████████████████████████████████

████████████████████████  ██████████████

████████████████████████████████████████

█████████████████████

15.   ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████

16.   ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

<small>7</small>      See Exhibit A (deeputil-master/deeputil/features.py) lines 792-797, ██████████
████████████████████████.

<small>8</small>      Ibid.



17.

18.

[9]

[10] See Branting Report, ¶ 79, for a description of unsupervised machine learning.

[11] Branting Report, Exhibit 7

[12] See Exhibit A (

BRANTING REPLY TO THE REBUTTAL REPORT OF JONATHAN KREIN        CASE 1:20-cv-00613-SB

19. 

20.

---



[13]     Krein Rebuttal Report footnote 44.



21.

22.

23.



24. ████████████████████████████████████████████

███████████████████████████████████████████████

███████

25. ████████████████████████████████████████████

████████████████████████████ ███████████████████

───────────────

[15] ████████████████████████████████████████

████████████████████ ████████████████████████████



26. ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

27. ██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

[16] ███████████████████████████████████
███████████████████████████████████████
████████████.

[17]   See Branting Report, ¶ 49 n. 61.

[18]   Krein Rebuttal Report ¶¶ 29-32.

10



28.

Krein Rebuttal Report Section 4.4.



29.

30.

---

23  Frederiksen-Cross Report ¶ 20.
24  Krein Rebuttal Report ¶ 44.
25  See, e.g., Branting Report ¶¶ 59-65.
26  Branting Report ¶ 22.
27  Krein Rebuttal Report ¶ 16.
28  See  Branting  Report,  ¶ 19

# EXHIBIT AK

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# EXPERT REPORT
## OF
# ALAN J. COX, PH.D.

In Connection with

*Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS Intelligence Inc.*

Case No. 20-613-SB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**August 1, 2022**

<span style="color:red">**CONFIDENTIAL—ATTORNEYS' EYES ONLY**</span>

NATIONAL ECONOMIC RESEARCH ASSOCIATES

FOUR EMBARCADERO CENTER, SUITE 400
SAN FRANCISCO, CA 94111

TELEPHONE: 415.291.1000   FACSIMILE: 415.291.1020

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# Expert Report of
# Alan J. Cox, Ph.D.

## TABLE OF CONTENTS

I.  QUALIFICATIONS ........................................................................................ 1

II.  CONFIDENTIALITY .................................................................................... 3

III.  ASSIGNMENT .............................................................................................. 4

IV.  SUMMARY OF OPINIONS ......................................................................... 5

V.  FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS ........... 8

VI.  THE PARTIES ............................................................................................... 8
  A.  WEST PUBLISHING CORPORATION AND THOMSON REUTERS ENTERPRISE CENTRE GMBH ............................................................................................. 8
  B.  ROSS INTELLIGENCE, INC. ..................................................................... 9

VII.  ████████████████████████████████████████████████

████████████████████████████████████████████████████

IX.  ████████████████████████████████
  A.  ██████████████████████████████████ ...... 33
  B.  ██████████████████████████████████ ...... 33
  ████████████████████████████ ...... 35
  C.  ██████████████████████████ ...................................... 40

i

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**APPENDIX A.  Resume of Alan J. Cox**

**APPENDIX B.  Documents Reviewed**

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**I.    QUALIFICATIONS**

1.    ██████████████████████████████████████████
██████████████████████████████████
██████████████████████████████████████
██████████████████████

2.    ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████

3.    ██████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████

4.    ██████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



10. ████████████████████████████████████

11. ████████████████████████████████████

12. ████████████████████████████████████

## II.   CONFIDENTIALITY

13. ████████████████████████████████████

---

[1] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1 (herein, "Second Supplemental Response to Interrogatory No. 1".) ████████████████████████████

[2] Sealed Order, signed by Judge Stephanos Bibas, dated July 25, 2022.

3

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



**III.   ASSIGNMENT**

14.

15.

16.

---

[3] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West
   Publishing Corporation's Complaint (herein, "Complaint"), p. 11.

[4] TR-0179838.

[5] TR-0179885. Available at
   https://www.youtube.com/watch?v=mX2WrYzigRc&list=PLC3F45184A96D112E&index=1
   (accessed March 23, 2022.)  The video describes the creation of headnotes for the US Supreme
   Court's decision in *District of Columbia v. Heller*, on June 26, 2008.  The video states that
   headnotes are composed by  West employees.

[6] TR-0179830; TR-0179838; TR-0179843. See also, TR-0044730; TR-0526552.

[7] 17 U.S.C. § 107.

[8]

[9] 17 U.S.C. § 107(4).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



17.

## IV.   SUMMARY OF OPINIONS

18.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

- ███████████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████████████████████
  █████████████████████████████████████
  ████████████████████

- ███████████████████████████████████████████
  ███████████████████████████████████████
  ███████████████████████████████████████████
  ███████████████████████████████████████████
  ██████████████████████████████████████
  ███████████████████████████████████████████
  ██████████████████████████████

## V.   FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS

19.  ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████

## VI.   THE PARTIES

## A.   WEST PUBLISHING CORPORATION AND THOMSON REUTERS ENTERPRISE CENTRE GMBH

20.  ████████████████████████████████████████████
████████████████████████████████████████████

---

[10] Complaint, p. 3.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



21. ████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

**B.    ROSS INTELLIGENCE, INC.**

22. ████████████████████████████████████████

---

[11] Exhibit 16 (Foster, Lynn, and Bruce Kennedy. "Technological Developments in Legal Research." J. App. Prac. & Process 2 (2000): 275, p. 277.)

[12] Exhibit 1 (Ambrogi, Robert, "Westlaw's Days Are Numbered," https://www.lawnext.com/2015/05/westlaws-days-are-numbered.html (accessed July 1, 2022).) Although Westlaw was originally created by West Publishing, it was based on the software behind QUIC/LAW, which was a Canadian legal research tool that operated from 1968 to 1973.

[13] *Id.*

[14] Exhibit 2 (Company History, https://www.thomsonreuters.com/en/about-us/company-history.html (accessed June 27, 2022)).  See also Exhibit 3 (New York Times, "West Publishing Purchase By Thomson Is Approved," https://www.nytimes.com/1996/06/20/business/the-media-business-west-publishing-purchase-by-thomson-is-approved.html (Accessed July 1, 2022)).

[15] Exhibit 4 (Thomson Reuters, 2021 Annual Report, p. 8, https://ir.thomsonreuters.com/static-files/6938b043-b0c4-453f-842a-90ac19b5febd (accessed June 27, 2022)).

[16] Exhibit 5 (Thomson Reuters 2021 Fact Book, available at https://ir.thomsonreuters.com/financial-information/fact-book (accessed July 24, 2022)).

[17] Complaint, p. 3.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



## VII.  CASE BACKGROUND

### A.  PLAINTIFFS' ALLEGATIONS

23.

24.

---

[18] Exhibit 6 (ROSS Intelligence, "Our Company," https://www.rossintelligence.com/about-us (accessed July 1, 2022)).

[19] Exhibit 7 (ROSS Intelligence, How is Natural Language Search Changing The Face of Legal Research?," https://blog.rossintelligence.com/post/how-natural-language-search-changing-face-of-legal-research (accessed July 5, 2022)).

[20] Exhibit 8 (ROSS Intelligence, "ROSS Intelligence Secures $13 Million to Transform Legal Industry," https://blog.rossintelligence.com/post/ross-intelligence-secures-13-million (accessed July 5, 2022)).

[21] *Id.*

[22] Exhibit 9 (ROSS Intelligence, "Announcement," https://blog.rossintelligence.com/post/announcement (accessed July 1, 2022)).

[23] Compliant, pp. 1-3.

[24] *Id.*, pp. 3-8.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



25. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

**B.**  ████████████████ █ ████████████

26. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ █ ████████████████████████

---

[25] Complaint, p. 12 ("Upon information and belief, ROSS paid LegalEase to copy the Westlaw Content from Westlaw to build ROSS's competing platform.")

[26] *Id*. See also Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21 (herein "Second Supplemental Response to Interrogatory No. 21"), p. 21.

[27] Second Supplemental Response to Interrogatory No. 1.

[28] TR-0179830; TR-0179838; TR-0179843; TR-0044730; TR-0526552. See also Exhibit 10 (Stanford Law School, "West Key Number System," https://guides.law.stanford.edu/cases/keynumbersystem (accessed July 22, 2022)); Exhibit 11 (University of Arizona, "West Key Number System," https://libguides.library.arizona.edu/c.php?g=847161&p=6793295#s-lg-box-21620967 (accessed July 22, 2022)).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



27.

---

[29] *Id.*

[30] *Id.*

[31] *Id.* In particular, TR-0179830 at 5.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* In particular, TR-0526552 at 620.

[36] *Id.* See also TR-0179884. Available at https://www.youtube.com/watch?v=MqKKnOSlZxg (accessed March 23, 2022.) ("We make it easy to find what you need…"  using headnotes and other features.)

[37] Second Supplemental Response to Interrogatory No. 1; TR-0179838; Complaint, pp. 3-6. See also TR-0734270.

[38] *Id.*

[39] *Id.*

[40] TR-0179838.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



28.

29.

_____

[41] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s First Set of Requests for Admission (Nos. 1-129), pp 33, 34 (

).

[42] Second Supplemental Response to Interrogatory No. 1.

[43] Second Supplemental Response to Interrogatory No. 21.



[44] *Id.*

[45] *Id.* Citing TR-0179887; TR-0179889; TR-0179885; TR-0179877; TR-0179884; TR-0179863; TR-0179838; TR-0179876; TR-0179830; TR-0179867; TR-0179843.

[46] TR-0179830.

[47] TR-0179843 at 4.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



30.

31.

32.

33.

---

[48] Deposition of Isabelle Moulinier 30(b)(6) Representative for Plaintiffs West Publishing Corporation and Thomson Reuters Enterprise Centre GmbH, pp. 103-104.

[49] This analogy also applies to Home Depot's brick-and-mortar stores, where aisles are allocated to hold categories of product and different sections of the aisles are divided into more and more specialized.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



34.

35.

36.

---

[50] Exhibit 17 (Merrian-Webster, "artificial intelligence," https://www.merriam-webster.com/dictionary/artificial%20intelligence (accessed June 24, 2022)).

[51] Exhibit 18 (IBM, "Artificial Intelligence (AI)," https://www.ibm.com/cloud/learn/what-is-artificial-intelligence (accessed June 24, 2022)).

[52] Report of Defendants' Expert L. Karl Branting, J.D., Ph.D. (herein, "Branting Report"), ¶ 14.

[53] Exhibit 12 (Lemley, Mark A., and Bryan Casey. "Fair learning." Tex. L. Rev. 99 (2020): 743).

[54] *Id*.

[55] For example, see Exhibit 13 (ScienceDaily, "Use artificial intelligence to identify, count, describe wild animals." www.sciencedaily.com/releases/2018/06/180605124148.htm (accessed July 25, 2022)). Paper describes the use of 32 million labelled photographs to feed into an ML program.

[56] Branting Report, ¶¶ 23-29.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



37. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

38. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[57] Discussion with Dr. L Karl Branting, dated July 6, 2022.

[58] Branting Report, ¶¶ 39-58; Discussion with Dr. L Karl Branting and Jimoh Ovbiagele, dated July 18, 2022.

[59] *Id*. Legal research AI might also be able to receive natural language questions and then, as an output, produce a rank-ordered list of statutes, regulations, and other law.

[60] Branting Report, ¶¶ 23-28.

[61] *Id*.

[62] *Id*. In particular, ¶ 29.

[63] *Id*., ¶ 26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[64] *Id*. ¶¶ 39-58.

[65] Branting Report, ¶¶ 13-20, 39-52, 83.

16

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



39.

40.

---

[66] *Id.* ¶¶ 53-58.

[67] *Id.* ¶¶ 39-43, 58.

[68] *Id.* ¶¶ 14, 58.

[69] ROSS-003332368.

[70] Deposition of Teri Whitehead, pp. 33-34, 37; ROSS-003332368.

[71] Deposition of Christopher Cahn, 30(b)(6) Representative for Morae Deposition Transcript, pp. 220-225; Branting Report, ¶ 16.

[72] For example, ROSS-000000001.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



41.

<hr />

[73] Deposition of Teri Whitehead, pp. 33-34.

[74] Branting Report, ¶¶ 23-38.

[75] *Id.*

[76] *Id.* ¶ 19.

[77] *Id.* ¶¶ 39-58.

[78] *Id.*, ¶¶ 39-91.

[79] *Id.*, ¶¶ 39-43.

[80] *Id.* ¶¶ 44-46.

[81] *Id.* ¶¶ 47-52 (███████████████████████████████
████████████████████████████████████████████
████████████████████████████████).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

## VIII.   FAIR USE

### A.   INTRODUCTION

42.



43.

44.

---

[82] 17 U.S.C. § 107.

[83] Second Supplemental Response to Interrogatory No. 1.

[84] The characteristics of products and how they are used are important determinants on the demand for the products and how customers will divide themselves up into different segments.



45. ███████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████.

46. ███████████████████████████████████
█████████████████████ ██████████████████
████████████████████████████████████████
██████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
███████████

47. ███████████████████████████████████
█████████████████████████████ █████████
█████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████ █████████████████████████████████
█████████████ ████████████████████████
███████████████████████████████████████
██████ ███████████████████████████████
████████████████████████████████████████

████████████████████████████████████████
██████████████████████████

[85] Branting Report, ¶ 20.

[86] For example, TR-0179830; TR-0179843.

[87] Branting Report, ¶¶ 59-65.

[88] *Id.*

[89] *Id.*

[90] *Id.*

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



---

21

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



51. ████████████████████████████████

**2.** ██████████

52. ████████████████████████████

---

[94] My use of the terms "searching by word" "or searching by keyword" includes using strategies term connectors as described in Exhibit 15 (Westlaw Quick Reference Guide, "Searching with Terms and Connectors: Retrieving Documents on Westlaw," https://law.lclark.edu/live/files/9394-westlaw-terms-and-connectors-searching (accessed July 27, 2022)).

[95] Exhibit 20; Exhibit 14; TR-0179838.

[96] *Id.*

[97] *Id.*

[98] *Id.* See also TR-0179830.

[99] *Id.*

[100] *Id.*

[101] *Id.*

***HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY***



**3.**

53.

---

[102] TR-0179830 at 5-7.

[103] Exhibit 20; Exhibit 14; TR-0179838; TR-0179830.

[104] *Id.*

[105] *Id.*

[106] *Id.*

[107] TR-0179838. I provided the more precise number based on the RFA response. See infra n. 41. See also TR-0179876. Available at https://www.youtube.com/watch?v=NiOXTn4iDT4 (accessed July 12, 2022).

[108] Exhibit 21 ("Editorial Enhancements," https://legal.thomsonreuters.com/en/products/westlaw/editorial-enhancements (accessed July 31, 2022)) ("Save time with Headnotes: . . . Rather than reading through every case in your results list to determine whether it's applicable to your specific issue, you can easily pinpoint the cases that match your facts and desired outcome to build the strongest argument. . . Ensure you haven't missed any relevant authority").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



54. ▮▮▮▮▮▮▮▮▮▮▮▮

55. ▮▮▮▮▮▮▮▮▮▮▮▮

56. ▮▮▮▮▮▮▮▮▮▮▮▮

57. ▮▮▮▮▮▮▮▮▮▮▮▮

---

[109] *Id*. See also TR-0179838, which describes the key numbers as "comprehensive."

[110] I understand that at least some of the time this is true. By contrast, I ▮▮▮▮▮▮▮▮ ▮▮▮▮▮. See TR-0036336.

[111] Exhibit 22 (Thomson Reuters, "Westlaw: Our people. Your peace of mind," https://store.legal.thomsonreuters.com/law-products/westlaw-legal-research/q-and-a-with-robin-gernandt-key-number-system (accessed June 26, 2022). A YouTube video Q&A with Robin Gernandt is embedded into this link.

[112] Exhibit 16, pp. 277-279).  The article discusses the establishment of the key number system by the beginning of the 20th century.

[113] TR-0179830.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



58.

59.

60.

---

[114] See generally Branting Report.

[115] *Id.*

[116] *Id.* ¶¶ 39-58.



61.

62.

63.

---

[117] *Id.* ¶¶ 59-65; TR-0037669

[118] Branting Report, ¶ 61.

[119] Branting Report, ¶¶ 59-65; TR-0037669.

[120] *Id.*

[121] *Id.*

[122] Branting Report, ¶¶ 59-65.

[123] *Id.*

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



64.

65.

---

[124] *Id.*, ¶¶ 60, 63.

[125] *Id.*, ¶¶ 59-65.

[126] *Id.*, ¶ 64.

[127] *Id.* ¶¶ 64

[128] Branting Report, ¶¶ 59-65; TR-0037669.

[129] TR-0037669.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



66. ███████████████████████████

67. ███████████████████████████

---

[130] *Id.*

[131] TR-0179843 at 4.

[132] Branting Report, ¶¶ 39-65.

[133] *Id.*

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



68.

69.

70.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

71. ███████████████████████████████
██████████████████████████████████████
██████████████████████████████████
██████████████████████████████████████
██████████████ ██ ████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████ █ ████████████
████████████████████████████████████
████████████

72. ██████████████████████████████
████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████████████
████████████████

D.  ████████ █ ██████████████████ ██ ████████ ██
████████████

73. ███████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
████████████████████████████████████

[134] *Id.* See also Second Supplemental Response to Interrogatory No. 21, p. 21.

[135] See *supra* n. 41 (████████████████████████████████
██████████████████████████

[136] Exhibit 21.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



76. ████████████████████████████████████████
████████████████████████████ ████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████

77. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

[137] *Ty, Inc. v. Publications International Ltd.* 292 F.3d 512, 517 (7th Cir. 2002). Exhibit 24
(Landes, William M., and Richard A. Posner. *The economic structure of intellectual property
law*. Harvard university press, 2003. pp. 115-123).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



---

[138] Though, in reality, the value of its information depreciates with time.

[139] Google's use of Java API's, by contrast, results in every user of an Android phone using the copyrighted APIs at issue in *Oracle v. Google*.  Furthermore, developers of Apps that are compatible with Android will use those same APIs. Exhibit 25 (Bell, Abraham, and Gideon Parchomovsky. "Propertizing fair use." *Va. L. Rev.* 107 (2021): 1255). Available at https://scholarship.law.upenn.edu/faculty_scholarship/2250.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



81.

82.

83.

84.

---

[140] TR-0037669; TR-0179843; Exhibit 21.

[141] Exhibit 26 (Thomson Reuters, "Product: Westlaw Edge," https://legal.thomsonreuters.com/en/products/westlaw-edge (accessed May 1, 2022). Quote is transcribed from video embedded in this page.

[142] TR-0179838.

[143] Complaint, p. 6.

[144] The collection of materials that I considered are cited in Appendix B.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



**B.** ████████████████████████████████████

85.   ████████████████████████████████

---

[145] Discussion with Dr. L Karl Branting and Jimoh Ovbiagele, dated July 18, 2022.

[146] *Id.*

[147] ████████████████████████████████

[148] For example, the Second Supplemental Response to Interrogatory No. 1 describes ████████
████████████████

[149] Deposition of Isabelle Moulinier 30(b)(6) Representative for Plaintiffs West Publishing Corporation and Thomson Reuters Enterprise Centre GmbH, pp. 103-104.

[150] Second Supplemental Response to Interrogatory No. 21, p. 18 ████████
████████████████████████████         See also Plaintiffs / Counterdefendants' Answer

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



86.

87.

88.

to Defendant / Counterclaimants Amended Counterclaims, ¶ 102 ¶ 103 (same); ¶ 104 (same); ¶ 105 (same).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



89.

90.

---

151 Exhibit 16, p. 282.

152 Exhibit 23 (Hellyer, Paul. "Assessing the influence of computer-assisted legal research: a study of California Supreme Court opinions." Law Libr. J. 97 (2005): 285)  ("As LexisNexis and Westlaw improved, their popularity grew exponentially.  By 1990, LexisNexis was processing 100,000 online searches in one day; by 1998, that number grew to 600,000.  By 2000, LexisNexis had 11,400 databases and 2.1 million subscribers worldwide and was adding 8.7 million documents every week.  By 1994, nearly all major law firms in the United States had access to Lexis and Westlaw.") (Citations excluded).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

██████████████████

91.    ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████  ████████████
████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
██████

92.    ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████



[154] Exhibit 23.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



93.

94.

95.

---

[155] Branting Report, ¶ 65.

[156] *Id.* ¶¶ 39-65.

C. ███████ █ ████████ ████ ██ ███████

96. ████████████████████████████



Alan J. Cox

---

[157] *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1195 (2021) ("Copyright and patents, the Constitution says, are to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." Art. I, § 8, cl. 8. Copyright statutes and case law have made clear that copyright has practical objectives. It grants an author an exclusive right to produce his work (sometimes for a hundred years or more), not as a special reward, but in order to encourage the production of works that others might reproduce more cheaply.")

# Alan J. Cox
## Independent Economic Consultant

## Education

**University of California, Berkeley**
Ph.D., Business Administration, Economic Analysis and Policy Program, 1989
Major Fields: Industrial Organization, Finance, Econometrics

**University of British Columbia**
M.A., Economics, 1978

**York University, Toronto**
B.S., Environmental Science, 1976

## Professional Experience

| | |
|---|---|
| 2020 | **Independent Economic Consultant** |
| | **Affiliated Consultant, NERA Economic Consulting** |
| | |
| | **NERA Economic Consulting** |
| 2020- | Outside Consultant |
| 2016-2018 | Chair of NERA's Global Intellectual Property Practice |
| 2001-2019 | Managing Director/Senior Vice President |
| 1998-2001 | Vice President |
| 1994-1998 | Senior Consultant |
| 1988-1989 | Senior Analyst |
| | **Law & Economics Consulting Group, Inc.** |
| 1989-1994 | Vice President and Senior Economist |
| | **University of California, Berkeley** |
| 1983-1989 | Research Assistant |

Alan J. Cox

| 1985-1987 | **Minimax Research Corporation**<br>Economist |
|---|---|
| 1978-1981 | **Massachusetts Institute of Technology**<br>Visiting Economist |
| 1978 | **University of British Columbia**<br>Research Associate |

# Teaching Experience

| 1994-1995 | **St. Mary's College of California**<br>Visiting Lecturer, Graduate School of Management<br>Taught Industrial Structure and Competitive Strategy. |
|---|---|
| 1989 | **Northeastern University**<br>Adjunct Lecturer, Graduate School of Management<br>Taught Managerial Economics. |
| 1984-1985 | **University of California, Berkeley**<br>Teaching Assistant<br>Taught Intermediate Microeconomics. |

# Expert Testimony, Affidavits, and Reports

(Clients underlined)

*Antitrust*

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on  April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of <u>Apple Inc.</u>, <u>AppleCare Service Company, Inc.</u> and <u>Apple CSC Inc</u>. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants <u>Nongshim Co., Ltd.</u>, <u>Nongshim America, Inc.</u>, <u>Ottogi Co. Ltd</u> and <u>Ottogi America, Inc.</u> responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

Alan J. Cox

*Trendsettah USA, Inc. and Trend Settah, Inc. v. Swisher International, Inc.*, USDC Case No. 8:14-CV-01664-JDS
*Trial Testimony* March 24 and 29, 2016, *Supplemental Expert Report* dated December 18, 2015, *Deposition* on December 17, 2015 and *Expert Report* dated December 11, 2015 on behalf of defendant Swisher International, Inc. evaluating economic issues related to defendant's alleged anticompetitive conduct and alleged breach of contract.

### Intellectual Property

*SinCo Technologies Pte, Ltd. v. SinCo Electronics, (Dongguan) Co., Ltd.; XingKe Electronics (Dongguan) Co., Ltd; XingKe Electronics Technology Co., Ltd.; Sincoo Electronics Technology Co., Ltd.; Mui Lang Tjoa (An Individual); Ng Cher Yong Aka Cy Ng (An Individual); And Liew Yew Soon Aka Mark Liew (An Individual)* U.S.D.C. for the Northern District of California, Case No. 3:17CV5517 EMC
*Expert Report*, January 9, 2020 on the economic consequences of defendants' trademark misuse and the appropriate methods for calculating the allowed remedies. *Supplemental Expert Report*, October 1, 2021 commenting late submitted data. *Trial testimony*, November 10 and 12, 2021.

*FOX Factory, Inc., v. SRAM, LLC, and Sandleford Limited*, U.S.D.C. for the District of Colorado Case Nos. 1:18-cv-00127-WJM-NYW and 1:18-cv-00130-WJM-NYW, Filed: October 11, 2017.
*Rebuttal Report* dated January 25, 2019 on behalf of defendants, SRAM, LLC and Sandleford Limited regarding purported reasonable royalty damages experienced by FOX, if any, from the alleged patent infringements by defendants.

*TC Technology LLC v. Sprint Corporation and Sprint Spectrum, L.P.,* USDC for the District of Delaware Case No. 1:16-cv-00153-UNA, Filed: March 10, 2016.
*Deposition* November 20, 2018, Expert *Rebuttal Report* dated October 22, 2018 regarding economic issues regarding purported reasonable royalty damages.

*ZF Micro Devices, Inc., et al. v. TAT Capital Partners, LTD., etc., et al,* Santa Clara County Superior Court Case No. 1-09-CV 134970, Filed: February 17, 2009.
*Deposition* on September 14, 2018 on behalf of TAT Capital Partners, LTD regarding damages due to breach of fiduciary duty and conspiracy related to tortious activities.

*Thomas Davidson, et al. v. Apple, Inc.,* U.S.D.C. for the Northern District of California Case No. 5:16-cv-4942-LHK, Filed: August 27, 2016.
*Deposition* on May 9, 2019, *Expert Rebuttal Report* dated February 15, 2019, *Declaration in Support of Defendant's Opposition to Amended Motion for Class Certification* dated December 6, 2018, *Declaration* in Support of Defendant's Opposition to Motion for Class Certification dated February 9, 2018, on behalf of defendant, Apple Inc. related to economic issues and sale of Apple smartphones in the U.S.

*Amgen Inc. and Amgen Manufacturing Limited v. Sandoz Inc., Sandoz International GMBH, Sandoz GMBH, and LEK Pharmaceuticals D.D.*, USDC for the Northern District of California, San Francisco Division, Case 3:16-cv-02581, Filed: May 12, 2016.

Alan J. Cox

*Deposition* on October 6, 2017, *Supplemental Expert Report* dated October 2, 2017and *Expert Report* dated July 28, 2017 regarding lost profits and reasonable royalty damages for alleged patent infringements by Sandoz defendants.

<u>*C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.* v. *AngioDynamics, Inc*</u>., U.S.D.C. for the District of Delaware, Case No. 1:15-cv-00218-SLR-SRF, Filed: March 10, 2015
*Trial testimony* March 6-7, 2019, *Deposition* dated December 13, 2017, *Reply to Supplemental Expert Report* dated December 6, 2017, *Reply Expert Report* dated December 1, 2017, *Expert Report* dated September 1, 2017 on behalf of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") regarding reasonable royalties and lost profits damages experienced by Bard as a result of alleged patent infringements by AngioDynamics, Inc.

*The* <u>Regents of the University of California and Becton, Dickinson and Company</u> v. *Affymetrix, Inc. and Life Technologies Corp.,* U.S. District Court for the Southern District of California Case No. 3:17- cv-01394-H-NLS.
*Deposition* dated February 27, 2019, *Expert Report* dated December 7, 2018 regarding the need for a permanent injunction, lost profits damages, and reasonable royalty damages for the alleged patent infringement by Defendants, *Deposition* on September 22, 2017, *Declaration* in Support of Plaintiff, <u>Becton, Dickinson and Company</u>'s Motion for Preliminary Injunction to enjoin sales of allegedly infringing brilliant polymers used in flow cytometry, dated July 12, 2017.

*EON Corp. IP Holdings, LLC v.* <u>*Apple Inc*</u>*.,* USDC for the Northern District of California, San Francisco Division Case No. 3:14-CV-05511-WHO
*Expert Report* dated March 15, 2017 on behalf of Defendant, Apple Inc., regarding reasonable royalty damages experienced by EON Corp. as a result of an alleged patent infringement by Apple Inc.

*In the Matter of:  Certain Network Devices, Related Software and Components Thereof (I)*
U.S. International Trade Commission Investigation No. 337-TA-944 Enforcement Proceedings
*Testimony* before the U.S. International Trade Commission on April 5, 2017, *Rebuttal Witness Statement* dated February 27, 2017, *Deposition* on February 6, 2017, *Supplemental Rebuttal Expert Report* on February 4, 2017 and *Rebuttal Report* on February 1, 2017 on behalf of respondent <u>Arista Networks, Inc.</u>, regarding proposed penalty due to alleged non-compliance with a Cease and Desist Order issued in the underlying 944 investigation.

*Telesocial Inc. v.* <u>*Orange S.A.,*</u> *et al*., USDC for the Northern District of California Case No. 3:14-cv-0398-JD
*Deposition* on December 22, 2016 and *Expert Report* dated December 12, 2016, on behalf of defendant Orange S.A., responding to plaintiff's expert's report with regard to alleged damages incurred by plaintiff due to defendant's alleged misappropriation of trade secrets.

<u>*AI-Daiwa, Ltd. v. Apparent, Inc., et al.,*</u> US District Court for the Northern District of California Case No. CV13-04156(VC)
*Deposition* on August 14, 2015 and *Expert Rebuttal Report* dated July 29, 2015 on behalf of claimant AI-Daiwa, Ltd. regarding damages due to claimant's alleged breach of contract.

4

Alan J. Cox

*Comcast Cable Communications, LLC, et al. v. Sprint Communications Company L.P., et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Deposition* on April 1, 2016, *Expert Report* dated July 15, 2015 on behalf of defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Nextel Operations, Inc. ("Sprint") regarding the purported reasonable royalty damages experienced by Comcast due to Sprint's alleged infringement of Comcast's patent.

*Sprint Communications Company L.P., et al. v. Comcast Cable Communications LLC, et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Direct Trial Testimony* and *Cross-Examination* in the Eastern District of Pennsylvania on February 9 and 10, 2017, *Deposition* on April 1, 2016, *Reply Expert Report* dated July 29, 2015 and *Expert Report* filed on June 17, 2015, on behalf of counterclaim-plaintiffs Sprint Communications Company L.P. and Sprint Spectrum L.P. ("Sprint") regarding reasonable royalty damages experienced by Sprint due to Comcast's alleged infringement of Sprint's patents.

### Class Certification

*Ivan and Melanie Kail, Barry Garfinkel, Frederick Sharp v. Wolf Appliance*, United States District Court for the Eastern District of New York.
*Deposition* on April 17, 2019, *Expert Rebuttal Report* dated March 7, 2019 on behalf of defendant, Wolf Appliance, Inc. Expert rebuttal of proposed damages methodology and class certification regarding Wolf ovens in the U.S.

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017*, Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

*Fabrienne English, et al. v. Apple Inc., Applecare Service Company, Inc. and Apple CSC Inc.*, US District Court for the Northern District of California Case No. 3:14-cv-01619-WHO.
*Deposition*, September 25, 2015 and *Expert Report*, September 9, 2015 in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones.

Alan J. Cox

*Contract Disputes*

<u>Major Brands, Inc.</u> *v. Mast-Jägermeister US, Inc., et al.,* U.S.D.C. for the Eastern District of Missouri Eastern Division, Case No. 4:18-cv-00423-HEA
*Trial testimony*, November 18, 2020.  Reply *Report* dated December 4, 2020.  *Deposition* dated September 2, 2020, *Initial Expert Report* dated November 1, 2019 on behalf of plaintiff <u>Major Brands, Inc.</u> regarding damages suffered by Major Brands as a result of the alleged wrongful termination of the DistributionAgreement and the alleged wrongful actions by the defendants.

*Cypress Insurance Company, as subrogee of Microsoft Corporation, v.* <u>SK hynix America, Inc.</u>, USDC, for the Western District of Washington at Seattle Case No. 2:17-cv-00467-RAJ, Filed: March 23, 2017.
*Trial testimony* on March 19, 2019, *Deposition* dated October 10, 2018, *Rebuttal Expert Report* dated September 25, 2018, *Initial Expert Report* dated September 4, 2018 regarding economic issues related to an alleged breach of a supply agreement for DRAM chips between SK Hynix America and Microsoft Corporation.

# PUBLICATIONS

"The Damages Testimony in VLSI Technologies v. Intel,"  Guest Post on Patently-O, March 19, 2021.
[Guest Post by Alan Cox: The Damages Testimony in VLSI Technologies v. Intel | Patently-O (patentlyo.com)](patentlyo.com)

David S. Almeling, et al., *Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases*, 19 Sedona Conf. J. 667 (2018).

"The Limitations of Analytical Approach to Reasonable Royalty," published April 13, 2017 in *Law360*. Dr. Cox offers a rebuttal to a previously published *Law360 article, "*Determining Reasonable Royalties with Analytical Approach." He provides a detailed counterargument explaining that the analytical approach is inappropriate for the valuation of intellectual property and that it is especially ill-suited for complex products.

"Using Citation Analysis to Value Patents," published in *Financier Worldwide* Magazine January 2016 Issue.

"Misuse of Patent Citation Analysis in *Finjan v. Blue Coat,"* published October 7, 2015 in *Law360*. Dr. Cox provides an overview of how to assess patent values using quantitive data on number of forward citations received by a patent.

Article, "Off the Wagon," published February 6, 2015 in *Commercial Dispute Resolution* magazine. The article discusses the analysis used to calculate damages based on lost profits to Major Brands due to both the alleged breach of contract by Diageo and tortious interference by the competing distributor.

6

Alan J. Cox

"The Demise of Junk Science and the 25% Rule," column published in *IPLaw360*, 29 July 2010, with Stephen Rusek. It discusses the use of the so-called 25 Percent Rule which the writers point out has no rational, scientific, or business basis. This lack of principal combined with the *ad hoc* manner in which the purported rule is implemented can also give wildly unpredictable results.

"Three Cases Reshaping Patent Licensing Practice," article published in *Managing Intellectual Property*, 1 March 2010, with Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

"Compensatory Damages Issues in Patent Infringement Cases: A Handbook for Federal District Court Judges." Participation, with committee members, which included legal practitioners, trial judges, damages experts, and academics, in the development of a handbook for trial courts to consult on procedural practices that may be helpful in the management and adjudication of damages issues in patent cases. 20 January 2010.

"2 Economists' Take On i4i V. Microsoft," column published in *Law360*, 23 November 2009, with Mario Lopez, reviewing the damages raised in the CAFC's hearings in the I4I case and the appropriate standards for estimating damages in patent infringement cases.

# PRESENTATIONS AND WORKING PAPERS

Panelist for Webinar *TCL v. Ericsson* FRAND Decision: Legal Implications LIVE Webcast, September 07, 2018, The Knowledge Group, LLC.

Panelist, "Settling Trade Secret Disputes," webinar hosted by the Intellectual Property Owners Association IP Chat Channel on January 30, 2018. Joining Dr. Cox were Victoria Cundiff of Paul Hastings and Barbara Reeves, mediator and arbitrator at JAMS.

Dr. Cox led a panel discussion on "Reasonable Royalty in FRAND" at the 2017 National Technology Law Conference in Taipei, Taiwan. The conference, presented by the National Chiao Tung University School of Law, was held on 25-26 October 2017.

October 13, 2017, invited speaker at the 6th Annual US-China Intellectual Property Summit co-hosted by Loyola Law School, The Berkeley Center for Law and Technology, and China Renmin University IP Academy. Dr. Cox spoke on "New Trends in IP Litigation, Courts, and Enforcement."

Dr. Cox addressed a conference on "Economics in IP and IP in Economics" held at Renmin University in Beijing on 14-15 July 2016. He discussed issues on the appropriate calculation of damages in IP matters and related issues in antitrust. Dr. Cox also appeared as an expert invited by the USPTO and met with the judges of the Jiangsu and Guangdong High Courts.

Panelist at a video webcast titled "Preparing for an Exit: Private Company Valuation," hosted by Expert Webcast on April 28, 2016. Dr. Cox discussed techniques and considerations in the valuation of Intellectual Property.

Alan J. Cox

Invited speaker at the *Eighth Annual International Legal Alliance Summit & Awards*, organized by Leaders League, in New York City on June 24, 2015.  Dr. Cox participated in an expert insights session entitled "International IP Trends: Litigation & Prosecution, IP Wars."

July 22, 2015, Panelist on "Meeting the Challenge of Patent Valuation" at the CPIP's Summer Institute in Patent Law, Beaver Creek CO, sponsored by Center for the Protection of Intellectual Property, George Mason University School of Law.

Keynote Speaker, at the *2014 International Symposium on Damages for Patent Infringement*, hosted by the Taiwan Intellectual Property Training Academy (TIPA): Taipei, Taiwan on October 24, 2014. Dr. Cox presented "Determining Patent Damages: Lessons and Challenges from the US" and served as a panelist in a session entitled "Damage Calculation of Patent Infringement in Taiwan: Observations on Development in Recent Years."

Program Co-chair, "Litigating Patent Damages: Strategic Issues for Proving and Refuting Damages Claims," hosted by Law Seminars International, San Francisco May 29-30, 2014.  Dr. Cox also took part on a panel and discussed issues raised in *CMU v. Marvell*: Foreign Sales and the use of the Analytical Method as an alternative to the Hypothetical Negotiation, including products made and sold outside the U.S. in the royalty base.

"Intangibles: The Challenge of Understanding Value Creation within Multinational Enterprises." In this NERA seminar, held in Paris on 12 December 2013, Dr. Cox and NERA colleagues, Dr. Emmanuel Llinares and Vice President Sébastien Gonnet discussed how to identify and map intangibles within multinational enterprises (MNEs), and presented the economic framework for intangibles valuation.

Presentation to Gibson Dunn & Crutcher, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently and the Deutsche Bank Decision," in San Francisco on December 4, 2013.  Discussed issues involved in Securities 10b5 cases as they relate to efficient markets and explored the US District Court's interesting decision in *Deutsch Bank*.

Presentation to Latham & Watkins, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently," in San Francisco on October 15, 2013.

Participation, in *Economics Analysis of Business Disputes*, seminar hosted by NERA in Tokyo on July 19, 2013.  Dr. Cox and Economists from NERA's Japan and US offices examined recent economic analyses in complex business disputes and litigation in Japan and the United States.  Dr. Cox presented "Trends in Patent Litigation in the United States:  Consequences for Global Companies."

Presentation to Haynes and Boone, LLP titled "Patent Trolls or Patent Angels: Who are They and How Do They Affect Innovation?" in Dallas, Texas on June 12, 2013.

Alan J. Cox

Participation in the *IP Strategy Summit: Enforcement*, hosted by IGlobal Forum in Washington, DC on 29-30 May 2013.  "Standard Essential Patents (SEPS) and Your Enforcement Strategy," moderated by NERA colleague, Dr. David Blackburn, and panelists Dr. Alan Cox, Paul Michel, retired Chief Judge of the Federal Circuit and Laura Beth Miller of Brinks Hofer Gibson & Lion discussed the current SEPs landscape in light of recent disputes among smartphone technology owners, the recent RAND decision in the *Microsoft v. Motorola* case and trends in both federal courts and the US International Trade Commission.  Dr. Cox also took part on a panel entitled "International Enforcement: Globalization and Your IP," which covered intellectual property enforcement issues in China, India and Europe.

Dr. Cox was invited to be a panelist on the IPO IP Chat Channel webinar on "FRAND Determined: Judge Robart's Decision in "*Microsoft v. Motorola/Google,*" on May 9, 2013.  Joining Dr. Cox were William Coats of Greenberg Traurig and Sandy Block of IBM.

"Effective Responses to Patent Trolls:  We Can Cross That Bridge."  Alan Cox and Bob Skitol of Drinker Biddle were joined by Cynthia Bright, Esq. of Hewlett-Packard Company, Michelle Lee, Director, USPTO Silicon Valley; and Fiona Scott Morton, Professor, Yale School of Management at NERA/DrinkerBiddle hosted luncheon conference on May 8, 2013 in East Palo Alto.  Dr. Cox discussed effective responses to patent infringement claims and threats of such claims from patent assertion entities.

Presentation to Winston & Strawn LLP titled "The Use of Comparable Licenses" with NERA colleague Anne Gron, Ph.D. in Chicago on May 1, 2013.

Presentation to Steptoe & Johnson LLP titled "Rigorous Economic Basis for Calculating and Proving IP Damages" in Washington, DC on April 12, 2013.

Dr. Cox was invited to address the course in "Intellectual Property Legal Practice" at Beijing University School of Law on 3 March 2013.  The course, managed by the Beijing office of King & Wood Mallesons, is designed to enable students to master the basic theory and practices of intellectual property law.  Dr. Cox discussed issues of intellectual property valuation, damages assessment, and possible anticompetitive uses of intellectual property incorporated into standards.

Participation, in the 2012 *Cross-Border IPR Dispute Resolution Conference*, hosted by ASCo: Seoul, Korea on October 17-18, 2012.  NERA sponsored this conference, where Dr. Cox led a master class entitled "IPR Negotiation:  Effective Calculation of Patent Damages and Negotiation Tactics."

Presentation, a GIL 2012:  The Global Community of Growth, Innovation and Leadership, hosted by the GIL Community: San Jose, California.  Dr. Cox gave a presentation on "Developments in IP Protection in China" on September 12, 2012.

Presentation to Latham & Watkins, LLP titled "Current Use of Economic Analyses in Class Certification in Securities Fraud Matters" with NERA colleague Stefan Boettrich in New York City on January 17, 2012.

Alan J. Cox

Participation in "The Lifecycle of a US 'Class Action' Lawsuit: What Chinese Companies Need to Know," hosted by Marsh: Beijing, China, November 1, 2011.

"Recent trends in US patent litigation and the impact on non-US companies" presentation at the 8th Annual Asia-Pacific IP Forum in, Kowloon, Hong Kong on September 29, 2011.

"International Trends in Securities Fraud Litigation and the Impact on Chinese Companies," presentation with NERA colleague Mark Berenblut, hosted by the Hong Kong Society of Financial Analysts on September 27, 2011 in Hong Kong. Dr. Cox discussed the economics of damages claims in lawsuits alleging securities fraud by directors and officers of companies listed on the US and other stock exchanges.

"Comparables: the use and misuse of benchmark royalty rates for patent damages," hosted by Dewey LeBeouf, San Francisco on July 12, 2011. Dr. Cox addressed the role of licenses and industry benchmarks in the determination of reasonable royalties.

Panelist at the "Stanford IP Seminar for Intellectual Property Judges from The People's Republic of China," hosted by Stanford Law School May 23-27, 2011. Dr. Cox and co-panelist, USDC for the Northern District of California, Elizabeth D. Laporte, Magistrate Judge, discussed current United States intellectual property law and patent damages.

"Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," hosted by the Austin Chapter of Licensing Executives Society (LES) on May 31, 2011. Dr. Cox discussed the difficulties in defining a Fair, Reasonable, and Non-Discriminatory (FRAND) royalty, an issue that often results in litigation.

"Implications of Recent Legal Developments on the Handling of Patent Cases in the Trial Court." Dr. Cox discussed the evolving standards in damages estimation at the patent litigation presentation to the District Judicial Council for the Southern District of California on April 25, 2011 in Dana Point, CA.

"Unlocking *Uniloc*: Meeting the Court's New Evidentiary Standards for Reasonable Royalties," one of a series of roundtable discussions hosted by NERA in San Francisco on March 3 and Palo Alto, California on March 4, 2011.

Moderator, "*Uniloc v. Microsoft*: A Key New Ruling for Patent Damages," expert analysis telebriefing hosted by Law Seminars International on January 21, 2011.

Presentation to Allen and Overy LLP and to Ashurst LLP titled "The Simple Economics of Reasonable Royalties for Patents Incorporated into a Technical Standard," in London on December 6, 2010.

"Trends in Intellectual Property Protection and Antitrust Enforcement in China," seminar hosted by NERA in San Francisco on November 3, 2010.

Alan J. Cox

Presentation at Foley & Lardner LLP's "Eye on China Roundtable Series," by Dr. Cox with Victor Xue, Executive Vice-President, US-China Green Energy Council and Catherine Sun, Managing Partner, Foley & Lardner Shanghai Offices, titled "IP Enforcement in China 2010: Myth or Reality?" given in Palo Alto on November 1, 2010.

Silicon Valley Chapter of Licensing Executives Society, Panelist, "Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," September 22, 2010.

"Tips for Determining 'Reasonable' Royalties: The impact of recent case law on the economic analysis." Presentations at conference on "Legal Issues in Software Development," sponsored by Law Seminars International on June 16, 2010, in Seattle, WA.

Presentation to ZTE Corporation on June 4, 2010 in Shenzhen, China on patent infringement damage calculations in the United States.

Presentation to the Supreme People's Court of the People's Republic of China, including Chief Justice Kong Xiangiun, on May 26, 2010. Dr. Cox, together with NERA colleague, Dr. Fei Deng, discussed the methods used in the United States to calculate damages in patent, trade secret, and trademark infringement litigation. They also discussed antitrust issues related to intellectual property.

"Infringement Decisions and Judgments: Important Lessons from High Profile Cases," presented at the 2nd Annual Anti-Monopoly & Competition Law Summit held May 25-27 in Beijing. Dr. Cox discussed the differing treatment of *Intel* in jurisdictions around the world.

Panelist, "Trade Secret Remedies—Getting Creative," one-hour webinar hosted by the Intellectual Property Owners Association IP Chat Channel on April 1, 2010.

"Using Economics to Accurately Valuate IP," presentation with colleagues, Stephen Rusek and Dr. Mario Lopez, given at the Fenwick & West LLP Mountain View office on February 25, 2010.

"Damage Quantification in Patent Litigation: Putting the 'Reasonable' in Reasonable Royalty Rate Determinations," seminar hosted by NERA in Toronto, Canada on December 9, 2009. Dr. Cox and colleague, Mark Berenblut discussed patent valuation and reasonable royalties.

"Groundhog Day: Recurring Themes on Reasonable Royalties in Recent IP Damage Cases," NERA working paper, December 7, 2009, with colleagues Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

11

# APPENDIX B

Documents Reviewed

In Connection with

Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS
Intelligence Inc.

Case No. 20-613-SB

## Court Documents

- Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's
  Complaint against Defendant ROSS Intelligence, dated May 6, 2020

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West
  Publishing Corporation's Second Supplemental Response and Objections to Defendant and
  Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1.  Interrogatory No. 1 asks
  Plaintiffs to "IDENTIFY the specific portions of the WESTLAW CONTENT that you
  claim is subject to copyright that ROSS INFRINGES."

- Sealed Order, signed by Judge Stephanos Bibas, dated July 25, 2022

- 17 USC § 107

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre Gmbh and West
  Publishing Corporation's Second Supplemental Responses And Objections To Defendant
  And Counterclaimant Ross Intelligence Inc.'s Interrogatory No. 21

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West
  Publishing Corporation's Responses and Objections to Defendant and Counterclaimant
  ROSS Intelligence Inc.'s First Set of Requests for Admission (Nos. 1-129)

- Plaintiffs / Counterdefendants' Answer to Defendant / Counterclaimants Amended
  Counterclaims

## Deposition Transcripts

- Deposition of Isabelle Moulinier 30(b)(6) Representative for Plaintiffs West Publishing
  Corporation and Thomson Reuters Enterprise Centre GmbH, pp. 103-104

- Deposition of Teri Whitehead, pp. 33-34, 37

- Deposition of Christopher Cahn, 30(b)(6) Representative for Morae Deposition

Transcript, pp. 220-225

## Expert Reports

- Report of Defendants' Expert L Karl Branting, J.D., Ph.D.

## Correspondences

- Correspondence with Dr. L Karl Branting, dated July 6, 2022

- Correspondence with Dr. L Karl Branting and Jimoh Ovbiagele, dated July 18, 2022

## Publicly Available Documents

- Exhibit 1 (Ambrogi, Robert, "Westlaw's Days Are Numbered," https://www.lawnext.com/2015/05/westlaws-days-are-numbered.html (Accessed July 1, 2022))

- Exhibit 2 (Company History, https://www.thomsonreuters.com/en/about-us/company-history.html (Accessed June 27, 2022))

- Exhibit 3 (New York Times, "West Publishing Purchase By Thomson Is Approved," https://www.nytimes.com/1996/06/20/business/the-media-business-west-publishing-purchase-by-thomson-is-approved.html (Accessed July 1, 2022))

- Exhibit 4 (Thomson Reuters, 2021 Annual Report, p. 8, https://ir.thomsonreuters.com/static-files/6938b043-b0c4-453f-842a-90ac19b5febd (Accessed June 27, 2022))

- Exhibit 5 (Thomson Reuters 2021 Fact Book, available at https://ir.thomsonreuters.com/financial-information/fact-book (Accessed July 24, 2022))

- Exhibit 6 (ROSS Intelligence, "Our Company," https://www.rossintelligence.com/about-us (Accessed July 1, 2022))

- Exhibit 7 (ROSS Intelligence, How is Natural Language Search Changing The Face of Legal Research?," https://blog.rossintelligence.com/post/how-natural-language-search-changing-face-of-legal-research (Accessed July 5, 2022))

- Exhibit 8 (ROSS Intelligence, "ROSS Intelligence Secures $13 Million to Transform Legal Industry," https://blog.rossintelligence.com/post/ross-intelligence-secures-13-million (Accessed July 5, 2022))

- Exhibit 9 (ROSS Intelligence, "Announcement," https://blog.rossintelligence.com/post/announcement (Accessed July 1, 2022))

- Exhibit 10 (Stanford Law School, "West Key Number System," https://guides.law.stanford.edu/cases/keynumbersystem (accessed July 22, 2022))

- Exhibit 11 (University of Arizona, "West Key Number System," https://libguides.library.arizona.edu/c.php?g=847161&p=6793295#s-lg-box-21620967 (accessed July 22, 2022))

- Exhibit 12 (Lemley, Mark A., and Bryan Casey. "Fair learning." Tex. L. Rev. 99 (2020): 743)

- Exhibit 13 (ScienceDaily, "Use artificial intelligence to identify, count, describe wild animals." www.sciencedaily.com/releases/2018/06/180605124148.htm (accessed July 25, 2022))

- Exhibit 14 (YouTube, "Topic and Key Number Searching on Westlaw," https://www.youtube.com/watch?v=LM8BuBIED0o (accessed July 27, 2022)

- Exhibit 15 (Westlaw Quick Reference Guide, "Searching with Terms and Connectors: Retrieving Documents on Westlaw," https://law.lclark.edu/live/files/9394-westlaw-terms-and-connectors-searching (accessed July 27, 2022))

- Exhibit 16 (Foster, Lynn, and Bruce Kennedy. "Technological Developments in Legal Research." J. App. Prac. & Process 2 (2000): 275, p. 277)

- Exhibit 17 (Merrian-Webster, "artificial intelligence," https://www.merriam-webster.com/dictionary/artificial%20intelligence (accessed June 24, 2022))

- Exhibit 18 (IBM, "Artificial Intelligence (AI)," https://www.ibm.com/cloud/learn/what-is-artificial-intelligence (accessed June 24, 2022))

- Exhibit 19 (Thomson Reuters, "Start Fall with Westlaw," https://lawschool.thomsonreuters.com/ (accessed July 31, 2022))

- Exhibit 20 (Sloan, Amy E. (2021) Basic Legal Research: Tools and Strategies, Eighth Edition. (Aspen Coursebook Series). Wolters Kluwer. Kindle Edition. Chapter 2. Understanding Search Options, Section B. Source-Driven Search Process)

- Exhibit 21 ("Editorial Enhancements," https://legal.thomsonreuters.com/en/products/westlaw/editorial-enhancements (accessed July 31, 2022))

- Exhibit 22 (Thomson Reuters, "Westlaw: Our people. Your peace of mind," https://store.legal.thomsonreuters.com/law-products/westlaw-legal-research/q-and-a-with-robin-gernandt-key-number-system (accessed June 26, 2022)

- Exhibit 23 (Hellyer, Paul. "Assessing the influence of computer-assisted legal research: a study of California Supreme Court opinions." Law Libr. J. 97 (2005): 285)

- Exhibit 24 (Landes, William M., and Richard A. Posner. The economic structure of intellectual property law. Harvard university press, 2003. pp. 115-123)

- Exhibit 25 (Bell, Abraham, and Gideon Parchomovsky. "Propertizing fair use." Va. L. Rev. 107 (2021): 1255)

- Exhibit 26 (Thomson Reuters, "Product: Westlaw Edge," https://legal.thomsonreuters.com/en/products/westlaw-edge (accessed May 1, 2022)

- Ty, Inc. v. Publications International Ltd. 292 F.3d 512, 517 (7th Cir. 2002)

- Complementarity-An Essay on the 40th Anniversary of the Hicks-Allen Revolution in Demand Theory." Journal of Economic Literature 12, no. 4 (1974): 1255–89

- Stern, David I. "Elasticities of Substitution and Complementarity." Journal of Productivity Analysis 36, no. 1 (2010): 79–89

- Klein, Benjamin, Andres V Lerner, and Kevin M Murphy. "The Economics of Copyright 'Fair Use' in a Networked World." American Economic Review 92, no. 2 (2002): 205–8

- Boldrin, Michele, and David K. Levine. "The Economics of Ideas and Intellectual Property." Proceedings of the National Academy of Sciences, December 10, 2004, 1252–56

- Google's Response RE Fourth Fair Use Factor (United States District Court Northern District of California San Francisco Division April 20, 2017)

- Reichman, J. H., and Pamela Samuelson. "Intellectual Property Rights in Data?" Vanderbilt Law Review 50, no. 1 (January 1997)

- Gordon, Wendy J. "Fair Use as Market Failure: A Structural and Economic Analysis of the 'Betamax' Case and Its Predecessors." Columbia Law Review 82, no. 8 (1982): 1600

- Turner, Lizzie. "Machine Learning: A Primer." Medium. Medium, June 27, 2018. https://medium.com/@lizziedotdev/lets-talk-about-machine-learning-ddca914e9dd1

- McJohn, Stephen M. "Fair Use and Privatization in Copyright." San Diego Law Review 35, no. 61 (1998): 61–109

- Patry, William F., and Richard A. Posner. "Fair Use and Statutory Reform in the Wake of Eldred." California Law Review 92, no. 6 (2004): 1639

- Legg, Michael, and Felicity Bell. "Artificial Intelligence and the Legal Profession: Becoming the AI-Enhanced Lawyer." University of Tasmania Law Review 34, no. 59 (2020)

- Cotter, Thomas. "Fair Use and Copyright Overenforcement." Iowa Law review 93 (2008): 1271

- Sloan, Allan K. Basic Legal Research: Tools and Strategies. 8th ed. New York: Aspen Publishers, 2009

- Hook, Peter A., and Kurt R. Mattson. "Surprising Differences: An Empirical Analysis of LexisNexis and West Headnotes in the Written Opinions of the 2009 Supreme Court Term." Law Library Journal 109 (2018)

- 4 Nimmer on Copyright § 13.05 (2022)

- Sega Enterprises Ltd. v. Accolade, Inc., 977 F.2d 1510 (9th Cir. 1992)

- Sony Computer Entertainment, Inc. v. Connectix Corp., 203 F.3d 596, 607 (9th Cir. 2000)

- Kwok, Kelvin Hiu Fai. "Google book search, transformative use, and commercial intermediation: an economic perspective." Yale JL & Tech. 17 (2015): 283.

**Bates Stamped Documents**

- TR-0179830

- TR-0179838

- TR-0179843

- TR-0044730

- TR-0526552

- TR-0179884

- TR-0734270

- TR-0179887

- TR-0179889

- TR-0179885

- TR-0179877

- TR-0179884

- TR-0179863

- TR-0179876

- TR-0179867

- ROSS-003332368

- ROSS-000000001

- TR-0036336

- TR-0037669

- TR-0000030

- TR-0836004

# EXHIBIT AL

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# EXPERT REBUTTAL REPORT
# OF
# ALAN J. COX, PH.D.

In Connection with

*Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS Intelligence Inc.*

Case No. 20-613-SB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**September 6, 2022**

**CONFIDENTIAL—ATTORNEYS' EYES ONLY**

NATIONAL ECONOMIC RESEARCH ASSOCIATES

FOUR EMBARCADERO CENTER, SUITE 400
SAN FRANCISCO, CA 94111

TELEPHONE: 415.291.1000   FACSIMILE: 415.291.1020

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# Expert Rebuttal Report of
# Alan J. Cox, Ph.D.

### TABLE OF CONTENTS

I.    QUALIFICATIONS ................................................................................................. 1

II.   CONFIDENTIALITY ............................................................................................ 3

III.  ASSIGNMENT ..................................................................................................... 3

IV.  SUMMARY OF OPINIONS ................................................................................ 4

V.   FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS ........................... 4

VI.  ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██ ████████████████████████████████████████████

████████████████████████████████████████████████

████████ ███████████████████████████████████ ...................................... 10

IX.  CONCLUSION ..................................................................................................... 11

**Exhibit 1**
**APPENDIX A.  Resume of Alan J. Cox**
**APPENDIX B.  Documents Reviewed**

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**I.     QUALIFICATIONS**

1.   ███████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████

2.   ███████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████

3.   ████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████
████████

4.   ███████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

10.  █████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

## II.    CONFIDENTIALITY

11.  ████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

## III.   ASSIGNMENT

12.  █████████████████████████████████████████████

█████████████████████    ██████████████████████████

███████████████████

13.  ██████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████

---

[1] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint (herein, "Complaint"), ¶ 1.

[2] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1 (herein, "Third Supplemental Response to Interrogatory No. 1"), p. 30. See also *id.*, p. 68 ("███████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

3

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

14. ██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

## IV.   SUMMARY OF OPINIONS

15. ██████████████████████████████████████████████
███████████████

▌ ██████████████████████████████████████████
████████████████████

▌ ██████████████████████████████████████████
████████████████████████████████

▌ ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████

▌ ██████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

## V.   FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS

16. ██████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████

—————————————————

████████████████████████████████████████████ (see TR-0179838; TR-0179885).
████████████ (see TR-0179830; TR-0179838; TR-0179843; TR-0044730; TR-0526552).

[3] Opening Expert Report of Dr. Jonathan L. Krein ("Krein Report").

**VI.** 

---

[4] Krein Report, ¶ 154.

[5] Pindyck, Robert S., and Rubinfeld, Daniel L.  2018.  *Microeconomics* (8th Ed.), Pearson, p. 32.

[6] "Horizontal Merger Guidelines - August 19, 2010," U.S. Department of Justice and the Federal Trade Commission, accessed on September 2, 2022, available at https://www.justice.gov/atr/horizontal-merger-guidelines-08192010, ("Horizontal Merger Guidelines"), § 4, p. 7 ("Market definition focuses solely on demand substitution factors, i.e., on customers' ability and willingness to substitute away from one product to another in response to a price increase or a corresponding non-price change such as a reduction in product quality or service.").

[7] Pindyck, Robert S., and Rubinfeld, Daniel L.  2018.  *Microeconomics* (8th Ed.), Pearson, pp. 34-35.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



21. [redacted]

22. [redacted]

23. [redacted]

---

8 Krein Report, ¶ 50 [redacted]

9 Krein Report, ¶ 155.

10 Krein Report, ¶ 154.

11 Krein Report, ¶ 68.

12 Third Supplemental Response to Interrogatory No. 1, pp. 30, 68-69.  See also Deposition of Andrew Martens ("Martens Deposition"), 33:20-34:2 [redacted]

13  Complaint ¶ 41 ("Westlaw, including, without limitation, the Westlaw Content, is original and creative."). See also Martens Deposition, 33:20-34:2.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



24. ███████████████████████████████
██████████ ███████████████████████
████████████████████████████████
█████████████████████████████████
███████████████████████████████
██████████████████████████

25. █████████████████████████████
████████████████████ ███████████████
███████████████████████████████
███████████████████████████████
████████████████████████████████
█████████████████████████████████
████████████████████████████████
███████████████████████████████
███████████████████ █████████████████
██████████

26. █████████████████████████████
█████████████████████████████
██████████████████████████

B. ████████████████████ ███ ████████
27. █████████████████████████████
████████████████████████████
██████████████████████

28. ██████████████████████████████
████████████████████████████████

---

[14] Krein Report, ¶ 153.

[15] Krein Report, ¶ 152-153 ████████████████████
███████████████

7

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



29. ███████████████████████

30. ███████████████████████

31. ███████████████████████

VII. ███████████████████████

---

[16] Krein Report, ¶ 156.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



32. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

33. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

34. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

35. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆

B. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆ ▆▆▆▆▆
   ▆▆▆▆▆▆▆▆

36. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
    ▆▆▆▆▆▆▆▆

37. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

[17] Third Supplemental Response to Interrogatory No. 1, p. 30. See also, *id*. pp. 68-69.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



38.

39.

40.

**VIII.**

41.

---

[18] ████████████████████████████████████████████████████████████████████████ See for example ¶90.

[19] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, p. 18.  See also, Martens Deposition 102:3-7 ████████████████████████ Martens Deposition 230:2 ("████████████████████████; ROSS-003390563.

[20] Complaint, ¶ 3.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████

42.    ████████████████████████████████████

████████████████████████

43.    ████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██

## IX.   CONCLUSION

44.    ████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

██



Alan J. Cox

Privileged & Confidential

Prepared at the Request of Counsel



**APPENDIX A**

# Alan J. Cox
## Independent Economic Consultant

## Education

**University of California, Berkeley**
Ph.D., Business Administration, Economic Analysis and Policy Program, 1989
Major Fields: Industrial Organization, Finance, Econometrics

**University of British Columbia**
M.A., Economics, 1978

**York University, Toronto**
B.S., Environmental Science, 1976

## Professional Experience

| | |
|---|---|
| 2020 | **Independent Economic Consultant**<br>**Affiliated Consultant, NERA Economic Consulting** |
| | **NERA Economic Consulting** |
| 2020- | Outside Consultant |
| 2016-2018 | Chair of NERA's Global Intellectual Property Practice |
| 2001-2019 | Managing Director/Senior Vice President |
| 1998-2001 | Vice President |
| 1994-1998 | Senior Consultant |
| 1988-1989 | Senior Analyst |
| | **Law & Economics Consulting Group, Inc.** |
| 1989-1994 | Vice President and Senior Economist |
| | **University of California, Berkeley** |
| 1983-1989 | Research Assistant |

Alan J. Cox

| | |
|---|---|
| | **Minimax Research Corporation** |
| 1985-1987 | Economist |
| | **Massachusetts Institute of Technology** |
| 1978-1981 | Visiting Economist |
| | **University of British Columbia** |
| 1978 | Research Associate |

# Teaching Experience

| | |
|---|---|
| | **St. Mary's College of California** |
| 1994-1995 | Visiting Lecturer, Graduate School of Management |
| | Taught Industrial Structure and Competitive Strategy. |
| | **Northeastern University** |
| 1989 | Adjunct Lecturer, Graduate School of Management |
| | Taught Managerial Economics. |
| | **University of California, Berkeley** |
| 1984-1985 | Teaching Assistant |
| | Taught Intermediate Microeconomics. |

# Expert Testimony, Affidavits, and Reports
(Clients underlined)

*Antitrust*

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on  April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of <u>Apple Inc.</u>, <u>AppleCare Service Company, Inc.</u> and <u>Apple CSC Inc</u>. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants <u>Nongshim Co., Ltd.</u>, <u>Nongshim America, Inc.</u>, <u>Ottogi Co. Ltd</u> and <u>Ottogi America, Inc.</u> responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

Alan J. Cox

*Trendsettah USA, Inc. and Trend Settah, Inc. v. <u>Swisher International, Inc.</u>*, USDC Case No. 8:14-CV-01664-JDS
*Trial Testimony* March 24 and 29, 2016, *Supplemental Expert Report* dated December 18, 2015, *Deposition* on December 17, 2015 and *Expert Report* dated December 11, 2015 on behalf of defendant Swisher International, Inc. evaluating economic issues related to defendant's alleged anticompetitive conduct and alleged breach of contract.

### Intellectual Property

*SinCo Technologies Pte, Ltd. v. <u>SinCo Electronics, (Dongguan) Co., Ltd.</u>; XingKe Electronics (Dongguan) Co., Ltd; XingKe Electronics Technology Co., Ltd.; Sincoo Electronics Technology Co., Ltd.; Mui Lang Tjoa (An Individual); Ng Cher Yong Aka Cy Ng (An Individual); And Liew Yew Soon Aka Mark Liew (An Individual)* U.S.D.C. for the Northern District of California, Case No. 3:17CV5517 EMC
*Expert Report*, January 9, 2020 on the economic consequences of defendants' trademark misuse and the appropriate methods for calculating the allowed remedies. *Supplemental Expert Report*, October 1, 2021 commenting late submitted data. *Trial testimony*, November 10 and 12, 2021.

*FOX Factory, Inc., v. <u>SRAM, LLC, and Sandleford Limited</u>*, U.S.D.C. for the District of Colorado Case Nos. 1:18-cv-00127-WJM-NYW and 1:18-cv-00130-WJM-NYW, Filed: October 11, 2017.
*Rebuttal Report* dated January 25, 2019 on behalf of defendants, SRAM, LLC and Sandleford Limited regarding purported reasonable royalty damages experienced by FOX, if any, from the alleged patent infringements by defendants.

*TC Technology LLC v. <u>Sprint Corporation and Sprint Spectrum, L.P.,</u>* USDC for the District of Delaware Case No. 1:16-cv-00153-UNA, Filed: March 10, 2016.
*Deposition* November 20, 2018, Expert *Rebuttal Report* dated October 22, 2018 regarding economic issues regarding purported reasonable royalty damages.

*ZF Micro Devices, Inc., et al. v. <u>TAT Capital Partners, LTD.</u>, etc., et al,* Santa Clara County Superior Court Case No. 1-09-CV 134970, Filed: February 17, 2009.
*Deposition* on September 14, 2018 on behalf of TAT Capital Partners, LTD regarding damages due to breach of fiduciary duty and conspiracy related to tortious activities.

*Thomas Davidson, et al. v. <u>Apple, Inc.</u>,* U.S.D.C. for the Northern District of California Case No. 5:16-cv-4942-LHK, Filed: August 27, 2016.
*Deposition* on May 9, 2019, *Expert Rebuttal Report* dated February 15, 2019, *Declaration in Support of Defendant's Opposition to Amended Motion for Class Certification* dated December 6, 2018, *Declaration* in Support of Defendant's Opposition to Motion for Class Certification dated February 9, 2018, on behalf of defendant, Apple Inc. related to economic issues and sale of Apple smartphones in the U.S.

<u>*Amgen Inc. and Amgen Manufacturing Limited*</u> *v. Sandoz Inc., Sandoz International GMBH, Sandoz GMBH, and LEK Pharmaceuticals D.D.*, USDC for the Northern District of California, San Francisco Division, Case 3:16-cv-02581, Filed: May 12, 2016.

Alan J. Cox

*Deposition* on October 6, 2017, *Supplemental Expert Report* dated October 2, 2017and *Expert Report* dated July 28, 2017 regarding lost profits and reasonable royalty damages for alleged patent infringements by Sandoz defendants.

<u>*C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.* v. *AngioDynamics, Inc*</u>., U.S.D.C. for the District of Delaware, Case No. 1:15-cv-00218-SLR-SRF, Filed: March 10, 2015
*Trial testimony* March 6-7, 2019, *Deposition* dated December 13, 2017, *Reply to Supplemental Expert Report* dated December 6, 2017, *Reply Expert Report* dated December 1, 2017, *Expert Report* dated September 1, 2017 on behalf of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") regarding reasonable royalties and lost profits damages experienced by Bard as a result of alleged patent infringements by AngioDynamics, Inc.

*The <u>Regents of the University of California and Becton, Dickinson and Company</u> v. Affymetrix, Inc. and Life Technologies Corp.,* U.S. District Court for the Southern District of California Case No. 3:17- cv-01394-H-NLS.
*Deposition* dated February 27, 2019, *Expert Report* dated December 7, 2018 regarding the need for a permanent injunction, lost profits damages, and reasonable royalty damages for the alleged patent infringement by Defendants, *Deposition* on September 22, 2017, *Declaration* in Support of Plaintiff, <u>Becton, Dickinson and Company</u>'s Motion for Preliminary Injunction to enjoin sales of allegedly infringing brilliant polymers used in flow cytometry, dated July 12, 2017.

*EON Corp. IP Holdings, LLC v. <u>Apple Inc</u>.,* USDC for the Northern District of California, San Francisco Division Case No. 3:14-CV-05511-WHO
*Expert Report* dated March 15, 2017 on behalf of Defendant, Apple Inc., regarding reasonable royalty damages experienced by EON Corp. as a result of an alleged patent infringement by Apple Inc.

*In the Matter of:  Certain Network Devices, Related Software and Components Thereof (I)*
U.S. International Trade Commission Investigation No. 337-TA-944 Enforcement Proceedings
*Testimony* before the U.S. International Trade Commission on April 5, 2017, *Rebuttal Witness Statement* dated February 27, 2017, *Deposition* on February 6, 2017, *Supplemental Rebuttal Expert Report* on February 4, 2017 and *Rebuttal Report* on February 1, 2017 on behalf of respondent <u>Arista Networks, Inc.</u>, regarding proposed penalty due to alleged non-compliance with a Cease and Desist Order issued in the underlying 944 investigation.

*Telesocial Inc. v. <u>Orange S.A.</u>, et al*., USDC for the Northern District of California Case No. 3:14-cv-0398-JD
*Deposition* on December 22, 2016 and *Expert Report* dated December 12, 2016, on behalf of defendant Orange S.A., responding to plaintiff's expert's report with regard to alleged damages incurred by plaintiff due to defendant's alleged misappropriation of trade secrets.

<u>*AI-Daiwa, Ltd.* v. *Apparent, Inc., et al.,*</u> US District Court for the Northern District of California Case No. CV13-04156(VC)
*Deposition* on August 14, 2015 and *Expert Rebuttal Report* dated July 29, 2015 on behalf of claimant AI-Daiwa, Ltd. regarding damages due to claimant's alleged breach of contract.

Alan J. Cox

*Comcast Cable Communications, LLC, et al. v. Sprint Communications Company L.P., et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Deposition* on April 1, 2016, *Expert Report* dated July 15, 2015 on behalf of defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Nextel Operations, Inc. ("Sprint") regarding the purported reasonable royalty damages experienced by Comcast due to Sprint's alleged infringement of Comcast's patent.

*Sprint Communications Company L.P., et al. v. Comcast Cable Communications LLC, et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Direct Trial Testimony* and *Cross-Examination* in the Eastern District of Pennsylvania on February 9 and 10, 2017, *Deposition* on April 1, 2016, *Reply Expert Report* dated July 29, 2015 and *Expert Report* filed on June 17, 2015, on behalf of counterclaim-plaintiffs Sprint Communications Company L.P. and Sprint Spectrum L.P. ("Sprint") regarding reasonable royalty damages experienced by Sprint due to Comcast's alleged infringement of Sprint's patents.

### Class Certification

*Ivan and Melanie Kail, Barry Garfinkel, Frederick Sharp v. Wolf Appliance*, United States District Court for the Eastern District of New York.
*Deposition* on April 17, 2019, *Expert Rebuttal Report* dated March 7, 2019 on behalf of defendant, Wolf Appliance, Inc. Expert rebuttal of proposed damages methodology and class certification regarding Wolf ovens in the U.S.

*Vicky Maldonado, et al. v. Apple Inc., et al.*, U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017*, Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

*Fabrienne English, et al. v. Apple Inc., Applecare Service Company, Inc. and Apple CSC Inc.*, US District Court for the Northern District of California Case No. 3:14-cv-01619-WHO.
*Deposition*, September 25, 2015 and *Expert Report*, September 9, 2015 in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones.

Alan J. Cox

### Contract Disputes

<u>Major Brands, Inc.</u> *v. Mast-Jägermeister US, Inc., et al.,* U.S.D.C. for the Eastern District of Missouri Eastern Division, Case No. 4:18-cv-00423-HEA

*Trial testimony*, November 18, 2020.  Reply *Report* dated December 4, 2020.  *Deposition* dated September 2, 2020, *Initial Expert Report* dated November 1, 2019 on behalf of plaintiff <u>Major Brands, Inc.</u> regarding damages suffered by Major Brands as a result of the alleged wrongful termination of the DistributionAgreement and the alleged wrongful actions by the defendants.

*Cypress Insurance Company, as subrogee of Microsoft Corporation, v.* <u>SK hynix America, Inc.</u>*,* USDC, for the Western District of Washington at Seattle Case No. 2:17-cv-00467-RAJ, Filed: March 23, 2017.

*Trial testimony* on March 19, 2019, *Deposition* dated October 10, 2018, *Rebuttal Expert Report* dated September 25, 2018, *Initial Expert Report* dated September 4, 2018 regarding economic issues related to an alleged breach of a supply agreement for DRAM chips between SK Hynix America and Microsoft Corporation.

## PUBLICATIONS

"The Damages Testimony in VLSI Technologies v. Intel,"  Guest Post on Patently-O, March 19, 2021. <u>Guest Post by Alan Cox: The Damages Testimony in VLSI Technologies v. Intel | Patently-O (patentlyo.com)</u>

David S. Almeling, et al., *Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases*, 19 Sedona Conf. J. 667 (2018).

"The Limitations of Analytical Approach to Reasonable Royalty," published April 13, 2017 in *Law360*. Dr. Cox offers a rebuttal to a previously published *Law360 article, "*Determining Reasonable Royalties with Analytical Approach." He provides a detailed counterargument explaining that the analytical approach is inappropriate for the valuation of intellectual property and that it is especially ill-suited for complex products.

"Using Citation Analysis to Value Patents," published in *Financier Worldwide* Magazine January 2016 Issue.

"Misuse of Patent Citation Analysis in *Finjan v. Blue Coat,"* published October 7, 2015 in *Law360*. Dr. Cox provides an overview of how to assess patent values using quantitive data on number of forward citations received by a patent.

Article, "Off the Wagon," published February 6, 2015 in *Commercial Dispute Resolution* magazine. The article discusses the analysis used to calculate damages based on lost profits to Major Brands due to both the alleged breach of contract by Diageo and tortious interference by the competing distributor.

Alan J. Cox

"The Demise of Junk Science and the 25% Rule," column published in *IPLaw360*, 29 July 2010, with Stephen Rusek. It discusses the use of the so-called 25 Percent Rule which the writers point out has no rational, scientific, or business basis. This lack of principal combined with the *ad hoc* manner in which the purported rule is implemented can also give wildly unpredictable results.

"Three Cases Reshaping Patent Licensing Practice," article published in *Managing Intellectual Property*, 1 March 2010, with Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

"Compensatory Damages Issues in Patent Infringement Cases: A Handbook for Federal District Court Judges." Participation, with committee members, which included legal practitioners, trial judges, damages experts, and academics, in the development of a handbook for trial courts to consult on procedural practices that may be helpful in the management and adjudication of damages issues in patent cases. 20 January 2010.

"2 Economists' Take On i4i V. Microsoft," column published in *Law360*, 23 November 2009, with Mario Lopez, reviewing the damages raised in the CAFC's hearings in the I4I case and the appropriate standards for estimating damages in patent infringement cases.

# PRESENTATIONS AND WORKING PAPERS

Panelist for Webinar *TCL v. Ericsson* FRAND Decision: Legal Implications LIVE Webcast, September 07, 2018, The Knowledge Group, LLC.

Panelist, "Settling Trade Secret Disputes," webinar hosted by the Intellectual Property Owners Association IP Chat Channel on January 30, 2018. Joining Dr. Cox were Victoria Cundiff of Paul Hastings and Barbara Reeves, mediator and arbitrator at JAMS.

Dr. Cox led a panel discussion on "Reasonable Royalty in FRAND" at the 2017 National Technology Law Conference in Taipei, Taiwan. The conference, presented by the National Chiao Tung University School of Law, was held on 25-26 October 2017.

October 13, 2017, invited speaker at the 6th Annual US-China Intellectual Property Summit co-hosted by Loyola Law School, The Berkeley Center for Law and Technology, and China Renmin University IP Academy. Dr. Cox spoke on "New Trends in IP Litigation, Courts, and Enforcement."

Dr. Cox addressed a conference on "Economics in IP and IP in Economics" held at Renmin University in Beijing on 14-15 July 2016. He discussed issues on the appropriate calculation of damages in IP matters and related issues in antitrust. Dr. Cox also appeared as an expert invited by the USPTO and met with the judges of the Jiangsu and Guangdong High Courts.

Panelist at a video webcast titled "Preparing for an Exit: Private Company Valuation," hosted by Expert Webcast on April 28, 2016. Dr. Cox discussed techniques and considerations in the valuation of Intellectual Property.

Alan J. Cox

Invited speaker at the *Eighth Annual International Legal Alliance Summit & Awards*, organized by Leaders League, in New York City on June 24, 2015.  Dr. Cox participated in an expert insights session entitled "International IP Trends: Litigation & Prosecution, IP Wars."

July 22, 2015, Panelist on "Meeting the Challenge of Patent Valuation" at the CPIP's Summer Institute in Patent Law, Beaver Creek CO, sponsored by Center for the Protection of Intellectual Property, George Mason University School of Law.

Keynote Speaker, at the *2014 International Symposium on Damages for Patent Infringement*, hosted by the Taiwan Intellectual Property Training Academy (TIPA): Taipei, Taiwan on October 24, 2014. Dr. Cox presented "Determining Patent Damages: Lessons and Challenges from the US" and served as a panelist in a session entitled "Damage Calculation of Patent Infringement in Taiwan: Observations on Development in Recent Years."

Program Co-chair, "Litigating Patent Damages: Strategic Issues for Proving and Refuting Damages Claims," hosted by Law Seminars International, San Francisco May 29-30, 2014.  Dr. Cox also took part on a panel and discussed issues raised in *CMU v. Marvell*: Foreign Sales and the use of the Analytical Method as an alternative to the Hypothetical Negotiation, including products made and sold outside the U.S. in the royalty base.

"Intangibles: The Challenge of Understanding Value Creation within Multinational Enterprises." In this NERA seminar, held in Paris on 12 December 2013, Dr. Cox and NERA colleagues, Dr. Emmanuel Llinares and Vice President Sébastien Gonnet discussed how to identify and map intangibles within multinational enterprises (MNEs), and presented the economic framework for intangibles valuation.

Presentation to Gibson Dunn & Crutcher, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently and the Deutsche Bank Decision," in San Francisco on December 4, 2013.  Discussed issues involved in Securities 10b5 cases as they relate to efficient markets and explored the US District Court's interesting decision in *Deutsch Bank*.

Presentation to Latham & Watkins, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently," in San Francisco on October 15, 2013.

Participation, in *Economics Analysis of Business Disputes*, seminar hosted by NERA in Tokyo on July 19, 2013.  Dr. Cox and Economists from NERA's Japan and US offices examined recent economic analyses in complex business disputes and litigation in Japan and the United States.  Dr. Cox presented "Trends in Patent Litigation in the United States:  Consequences for Global Companies."

Presentation to Haynes and Boone, LLP titled "Patent Trolls or Patent Angels: Who are They and How Do They Affect Innovation?" in Dallas, Texas on June 12, 2013.

Alan J. Cox

Participation in the *IP Strategy Summit: Enforcement*, hosted by IGlobal Forum in Washington, DC on 29-30 May 2013.  "Standard Essential Patents (SEPS) and Your Enforcement Strategy," moderated by NERA colleague, Dr. David Blackburn, and panelists Dr. Alan Cox, Paul Michel, retired Chief Judge of the Federal Circuit and Laura Beth Miller of Brinks Hofer Gibson & Lion discussed the current SEPs landscape in light of recent disputes among smartphone technology owners, the recent RAND decision in the *Microsoft v. Motorola* case and trends in both federal courts and the US International Trade Commission.  Dr. Cox also took part on a panel entitled "International Enforcement: Globalization and Your IP," which covered intellectual property enforcement issues in China, India and Europe.

Dr. Cox was invited to be a panelist on the IPO IP Chat Channel webinar on "FRAND Determined: Judge Robart's Decision in "*Microsoft v. Motorola/Google,*" on May 9, 2013.  Joining Dr. Cox were William Coats of Greenberg Traurig and Sandy Block of IBM.

"Effective Responses to Patent Trolls:  We Can Cross That Bridge."  Alan Cox and Bob Skitol of Drinker Biddle were joined by Cynthia Bright, Esq. of Hewlett-Packard Company, Michelle Lee, Director, USPTO Silicon Valley; and Fiona Scott Morton, Professor, Yale School of Management at NERA/DrinkerBiddle hosted luncheon conference on May 8, 2013 in East Palo Alto.  Dr. Cox discussed effective responses to patent infringement claims and threats of such claims from patent assertion entities.

Presentation to Winston & Strawn LLP titled "The Use of Comparable Licenses" with NERA colleague Anne Gron, Ph.D. in Chicago on May 1, 2013.

Presentation to Steptoe & Johnson LLP titled "Rigorous Economic Basis for Calculating and Proving IP Damages" in Washington, DC on April 12, 2013.

Dr. Cox was invited to address the course in "Intellectual Property Legal Practice" at Beijing University School of Law on 3 March 2013.  The course, managed by the Beijing office of King & Wood Mallesons, is designed to enable students to master the basic theory and practices of intellectual property law.  Dr. Cox discussed issues of intellectual property valuation, damages assessment, and possible anticompetitive uses of intellectual property incorporated into standards.

Participation, in the 2012 *Cross-Border IPR Dispute Resolution Conference*, hosted by ASCo: Seoul, Korea on October 17-18, 2012.  NERA sponsored this conference, where Dr. Cox led a master class entitled "IPR Negotiation:  Effective Calculation of Patent Damages and Negotiation Tactics."

Presentation, a GIL 2012:  The Global Community of Growth, Innovation and Leadership, hosted by the GIL Community: San Jose, California.  Dr. Cox gave a presentation on "Developments in IP Protection in China" on September 12, 2012.

Presentation to Latham & Watkins, LLP titled "Current Use of Economic Analyses in Class Certification in Securities Fraud Matters" with NERA colleague Stefan Boettrich in New York City on January 17, 2012.

Alan J. Cox

Participation in "The Lifecycle of a US 'Class Action' Lawsuit: What Chinese Companies Need to Know," hosted by Marsh: Beijing, China, November 1, 2011.

"Recent trends in US patent litigation and the impact on non-US companies" presentation at the 8th Annual Asia-Pacific IP Forum in, Kowloon, Hong Kong on September 29, 2011.

"International Trends in Securities Fraud Litigation and the Impact on Chinese Companies," presentation with NERA colleague Mark Berenblut, hosted by the Hong Kong Society of Financial Analysts on September 27, 2011 in Hong Kong.  Dr. Cox discussed the economics of damages claims in lawsuits alleging securities fraud by directors and officers of companies listed on the US and other stock exchanges.

"Comparables:  the use and misuse of benchmark royalty rates for patent damages," hosted by Dewey LeBeouf, San Francisco on July 12, 2011.  Dr. Cox addressed the role of licenses and industry benchmarks in the determination of reasonable royalties.

Panelist at the "Stanford IP Seminar for Intellectual Property Judges from The People's Republic of China," hosted by Stanford Law School May 23-27, 2011.  Dr. Cox and co-panelist, USDC for the Northern District of California, Elizabeth D. Laporte, Magistrate Judge, discussed current United States intellectual property law and patent damages.

"Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," hosted by the Austin Chapter of Licensing Executives Society (LES) on May 31, 2011.  Dr. Cox discussed the difficulties in defining a Fair, Reasonable, and Non-Discriminatory (FRAND) royalty, an issue that often results in litigation.

"Implications of Recent Legal Developments on the Handling of Patent Cases in the Trial Court."  Dr. Cox discussed the evolving standards in damages estimation at the patent litigation presentation to the District Judicial Council for the Southern District of California on April 25, 2011 in Dana Point, CA.

"Unlocking *Uniloc*:  Meeting the Court's New Evidentiary Standards for Reasonable Royalties," one of a series of roundtable discussions hosted by NERA in San Francisco on March 3 and Palo Alto, California on March 4, 2011.

Moderator, "*Uniloc v. Microsoft*:  A Key New Ruling for Patent Damages," expert analysis telebriefing hosted by Law Seminars International on January 21, 2011.

Presentation to Allen and Overy LLP and to Ashurst LLP titled "The Simple Economics of Reasonable Royalties for Patents Incorporated into a Technical Standard," in London on December 6, 2010.

"Trends in Intellectual Property Protection and Antitrust Enforcement in China," seminar hosted by NERA in San Francisco on November 3, 2010.

Alan J. Cox

Presentation at Foley & Lardner LLP's "Eye on China Roundtable Series," by Dr. Cox with Victor Xue, Executive Vice-President, US-China Green Energy Council and Catherine Sun, Managing Partner, Foley & Lardner Shanghai Offices, titled "IP Enforcement in China 2010:  Myth or Reality?" given in Palo Alto on November 1, 2010.

Silicon Valley Chapter of Licensing Executives Society, Panelist, "Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," September 22, 2010.

"Tips for Determining 'Reasonable' Royalties: The impact of recent case law on the economic analysis." Presentations at conference on "Legal Issues in Software Development," sponsored by Law Seminars International on June 16, 2010, in Seattle, WA.

Presentation to ZTE Corporation on June 4, 2010 in Shenzhen, China on patent infringement damage calculations in the United States.

Presentation to the Supreme People's Court of the People's Republic of China, including Chief Justice Kong Xiangiun, on May 26, 2010.  Dr. Cox, together with NERA colleague, Dr. Fei Deng, discussed the methods used in the United States to calculate damages in patent, trade secret, and trademark infringement litigation.  They also discussed antitrust issues related to intellectual property.

"Infringement Decisions and Judgments:  Important Lessons from High Profile Cases," presented at the 2nd Annual Anti-Monopoly & Competition Law Summit held May 25-27 in Beijing.  Dr. Cox discussed the differing treatment of *Intel* in jurisdictions around the world.

Panelist, "Trade Secret Remedies—Getting Creative," one-hour webinar hosted by the Intellectual Property Owners Association IP Chat Channel on April 1, 2010.

"Using Economics to Accurately Valuate IP," presentation with colleagues, Stephen Rusek and Dr. Mario Lopez, given at the Fenwick & West LLP Mountain View office on February 25, 2010.

"Damage Quantification in Patent Litigation:  Putting the 'Reasonable' in Reasonable Royalty Rate Determinations," seminar hosted by NERA in Toronto, Canada on December 9, 2009.  Dr. Cox and colleague, Mark Berenblut discussed patent valuation and reasonable royalties.

"Groundhog Day: Recurring Themes on Reasonable Royalties in Recent IP Damage Cases," NERA working paper, December 7, 2009, with colleagues Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

Privileged & Confidential                                    Prepared at the Request of Counsel

# APPENDIX B

Documents Reviewed

In Connection with

Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS Intelligence Inc.

Case No. 20-613-SB

## Court Documents

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint, dated May 6, 2020
- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, dated June 9, 2022
- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1, dated August 22, 2022

## Deposition Transcript

- Deposition of Andrew Martens, a 30(b) (6), Representative for Thomson Reuters, dated March 25, 2022

## Expert Reports

- Opening Expert Report of Dr. Jonathan L. Krein, dated August 1, 2022
- Expert Report of Dr. Alan J. Cox, Ph.D., dated August 1, 2022

## Academic Literature

- Pindyck, Robert S., and Rubinfeld, Daniel L.  2018.  *Microeconomics* (8th Ed.), Pearson

## Publicly Available Document

- "Horizontal Merger Guidelines - August 19, 2010," U.S. Department of Justice and the Federal Trade Commission, accessed on July 27, 2022, available at

Privileged & Confidential  Prepared at the Request of Counsel

https://www.justice.gov/atr/horizontal-merger-guidelines-08192010 (Accessed September 2, 2022)

## Bates Stamped Documents

- ROSS-003390563

- TR-0526552

- TR-0179885

- TR-0179843

- TR-0179838

- TR-0179830

- TR-0044730

# EXHIBIT AM

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# EXPERT REPORT
## OF
# ALAN J. COX, PH.D.

In Connection with

*Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. Ross Intelligence Inc.*

Case No. 20-613-LPS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**September 20, 2022**

**<span style="color:red">CONFIDENTIAL—ATTORNEYS' EYES ONLY</span>**

NATIONAL ECONOMIC RESEARCH ASSOCIATES

FOUR EMBARCADERO CENTER, SUITE 400
SAN FRANCISCO, CA 94111

TELEPHONE: 415.291.1000  FACSIMILE: 415.291.1020

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# Expert Report of
# Alan J. Cox, Ph.D.

## TABLE OF CONTENTS

I.     QUALIFICATIONS ........................................................................................................... 1

II.    CONFIDENTIALITY ....................................................................................................... 1

III.   BACKGROUND AND ASSIGNMENT ........................................................................... 2

IV.    SUMMARY OF OPINIONS ............................................................................................ 3

V.     FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS ............................ 4

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

XI.     CONCLUSION ................................................................................................................. 32

**EXHIBITS**

**APPENDIX A.  Resume of Alan J. Cox**

**APPENDIX B.  Documents Reviewed**

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

## I.    QUALIFICATIONS

1. ███████████████████████████████████████████
████████████████████████████████████ ██████████████████
███████████████████████████████████████████
█████ ██████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████

2. █████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████
████████████████████████████

## II.    CONFIDENTIALITY

3. ████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████

---

[1] Expert Report of Alan J. Cox, Ph.D., August 1, 2022 (herein, "Cox Opening Report").

[2] Expert Rebuttal Report of Alan J. Cox, Ph.D., September 6, 2022 (herein, "Cox Rebuttal Report").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

███████████████████████████████████████████████████
████████████████████████████████

## III.   BACKGROUND AND ASSIGNMENT

4.   ██████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████  █  ██████████████████████████████████████
███████████████████████████████████████████

5.   ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████  █

6.   ██████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████

---



³ Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint (herein, "Complaint"), ¶ 1.

⁴ Complaint, ¶¶ 49–53.

⁵ Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1 (herein, "Third Supplemental Response to Interrogatory No. 1"), p. 30. See also *id.*, p. 68 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (see TR-0179838-842 at -840; TR-0179885). ██████████████████ (see TR-0179830-837 at -830; TR-0179838-842; TR-0179843; TR-0044730).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

## IV.   SUMMARY OF OPINIONS

7.   ██████████████████████████████████████████████████
████████████

- ██████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████

- ██████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████

- ██████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████

- ███████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████

---

[6] TR-0035897-908 at -899.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



## V.  FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



---

[7] Cotter, Thomas F.  2008.  "Fair Use and Copyright Overenforcement," *Iowa Law Review* 93: 1271-1318.

[8] Lemley, Mark A., and Bryan Casey.  2020. "Fair Learning," *Texas Law Review* 99: 743-785.

[9] Allen, Mark A., Hall, Robert E., and Lazera, Victoria A.  2011. "Reference Guide on Estimation of Economic Damages," in *Reference Manual on Scientific Evidence*, Committee on the Development of the Third Edition of the Reference Manual on Scientific Evidence; Federal Judicial Center; National Research Council, pp. 425-502, at p. 432 ("In almost all cases, the damages expert proceeds on the hypothesis that the defendant committed the harmful act and that the act was unlawful. Accordingly, throughout this discussion, we assume that the plaintiff is entitled to compensation for losses sustained from a harmful act of the defendant. The characterization of the harmful event begins with a clear statement of what occurred. The characterization also will include a description of the defendant's proper actions in place of its unlawful actions and a statement about the economic situation absent the wrongdoing, with the defendant's proper actions replacing the unlawful ones (the but-for scenario). Damages measurement then determines the plaintiff's hypothetical value in the but-for scenario. Economic damages are the difference between that value and the actual value that the plaintiff achieved.").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



12.

13.

14.

15.

---

[10] Nimmer, Melville B.  2022.  *Nimmer on Copyright*, LexisNexis (herein, "Nimmer on Copyright"), § 14.03.

[11] See also Evans, Elizabeth A., Phil J. Innes, and Daniel G. Lentz.  2017.  "Damages Theories and Causation Issues," in *Litigation Services Handbook: The Role of the Financial Expert*, pp. 1-53, at p. 3.  ("The law follows logic. It requires that the plaintiff prove more than correlation to establish causation." Citing *Craig v. Oakwood Hosp.*, 684 N.W.2d 296, 312 (Mich. 2004); *Schafersman v.Agland Coop*, 631 N.W.2d 862, 871 (Neb. 2001).)

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



16. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████
███████████████████████████████

█ ██████ █ ████████████

17. ███████████████████████████████████
████████████████████ █ ██████████████████
██████████████████████████

███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████ █ ███████████████████

18. ███████████████████████████████████
███████████████████████

---

[12] American Law Institute.  1979.   *Restatement of the Law, Second, Torts 2d*, American Law Institute Publishers (herein, "Restatement (Second) of Torts"), § 774A.

[13] *See* Expert Report of James E. Malackowski, August 1, 2022 (herein, "Malackowski Report"), p. 44, n. 264.

[14] Restatement (Second) of Torts, § 766.

[15]  Interestingly, also at 27, the court in *Great American* found that the plaintiff failed to satisfy "its burden of proof as to causation in connection with its claim for [lost profits] damages." ███████████████████████████████████

[16] Malackowski Report, p. 44, n. 264.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



---

[17] Malackowski Report, p. 5.

[18] ███████████████████████████████████████████.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



22. ████████████████

23. ████████████████

24. ████████████████

---

[19] Restatement (Second) of Torts, § 774A.

[20] Malackowski Report, p. 49

[21] ████████████████

[22] Malackowski Report, p. 5.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



25.

26.

27.

28.

[23] Malackowski Report, p. 52.

[24] Malackowski Report, p. 52.

[25] Malackowski Report, pp. 55-57.

[26] Malackowski Report, p. 55.

[27] Malackowski Report, p. 57, Schedule 1.0, Schedule 1.1.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

29. 

30.

---

[28] R-LEGALEASE-00101636-642 at -636, -637.

[29] Cox Rebuttal Report, ¶¶ 32-40.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

31. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

32. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████



[30] Cox Rebuttal Report, ¶¶ 17-31.

[31] As I discuss below, ████████████████████████████████

[32] Further, ████████████████████████████████████████ (Malackowski Report, p. 51).

[33] See, for example, Pindyck, Robert S., and Rubinfeld, Daniel L.  2018.  *Microeconomics*, 8th ed., Pearson.

[34] Glazer, Amihai, and Hassin, Refael.  1982. "On the Economics of Subscriptions," *European Economic Review* 19: 343-356.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



33.

34.

35.

---

[35] Expert Report of Dr. Jonathan L. Krein, August 1, 2022 (herein, "Krein Report").

[36]  See Cox Rebuttal Report, Exhibit 1.

[37] Krein Report, p. 81.

[38] See **Exhibit 1.1**.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



36. ███████████████████████████

37. ███████████████████████████

38. ███████████████████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



39.

40.

41.

[40] See **Exhibit 2.1**.

[41] Alternatively,                          See **Exhibit 2.4**.

[42] ROSS-003382388.

[43] See **Exhibit 1** and **Exhibit 2**.



---

45 Third Supplemental Response to Interrogatory No. 1, pp. 14-15.

46 Hook, Peter A., and Mattson, Kurt R. 2017. "Surprising Differences: An Empirical Analysis of LexisNexis and West Headnotes in the Written Opinions of the 2009 Supreme Court Term." *Library Law Journal* 109: 557-629, at p. 570 ("The range of the number of headnotes assigned by West was 1 to 36."); Deposition of Laurie Oliver, 35:25-36:5 [REDACTED]); Deposition of Erik Lindberg, 119:17 – 120:2 [REDACTED]

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



46.

47.

48.

47 Malackowski Report, pp. 50-51

.; See also TR-0894151; Deposition of Mark Hoffman, 23:25 – 25:3.

48 Malackowski Report, p. 22

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



49.

50.

51.

52.

[49] Malackowski Report, p. 49

[50] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, p. 18                         See also Complaint, ¶ 3

[51] Malackowski Report, p. 5.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



53.

54.

---

[52] Malackowski Report, p. 55.

[53] Malackowski Report, p. 58.

[54] See for example Malackowski Report, p. 31 ██████████████  See also, Complaint, ¶ 37.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



55. ██████████████████████████████████

56. ██████████████████████████████████

57. ██████████████████████████████████

---

[55] Malackowski Report, p. 58.

[56] Malackowski Report, p. 34████████████████████████ See also ROSS Board Discussion Materials, June 28, 2018, ROSS-009722263-299 at -264.

[57] Malackowski Report, p. 34, citing ROSS Board Discussion Materials, June 28, 2018, ROSS-009722263-299 at -264.

[58] See **Exhibit 3.3**.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



58.

59.

60.

---

[60] Deposition of Sean Shafik, 76:16-78:12.

[61] See **Exhibit 3.1**.

[62] See **Exhibit 3.4**.

[63] See **Exhibit 3.2**.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



61.

62.

---

64 ████████████████████████████████████████ (see for example Deposition of Edward Walters, 56:11–57:1).

65 Complaint, ¶ 37.

66 Malackowski Report, p. 34.

22

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



63.

64.

65.

---

[67] Rudich, Eric A., Lewis M. Koppel, and Michael P. Padden.  2014. "Post-Uniloc Reasonable Royalty Damages: What to Do Now and How to Present It to the Jury?" *Landslide* 6: 42-47, at p. 42  ("It is useful to go back to basics and review the three approaches that underlie all valuation work – the market approach, the income approach, and the cost approach.  In the market approach, an asset is valued using the values that have been established by transactions for other similar assets. The income approach values an asset by estimating the income it is expected to generate for its owner over its useful life.  In the cost approach, an asset is valued at what it would cost to replace it with a similar asset.").

[68] Cox Opening Report, ¶ 71; Third Supplemental Response to Interrogatory No. 1, p. 70-71 and Exhibits A and B; Krein Report, Appendix C.  ███████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████ (see Rebuttal Report of Barbara Frederikson-Cross, ¶ 15).
████████████████

[69] Malackowski Report, p. 6. ███████████████████████████████████████████████ (see Malackowski Report, p. 6).

[70] █████████████████████████████████████████████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



66.

67.

68.

---

[71] Cox Opening Report, ¶ 71.

[72] ████████████████████████

[73] "Weighted Average Cost of Capital for Thomson Reuters Corp., 2018," *Bloomberg* (Accessed September 13, 2022).

[74] ████████████████████████

[75] "Thomson Reuters Fact Book 2019", Thomson Reuters, p. 7.  Available at https://ir.thomsonreuters.com/static-files/b2175d6d-7c92-4a62-9e7a-3cae2593933d (Accessed September 6, 2022).

[76] Jones, Charles I., and Tonetti, Christopher.  2020. "Nonrivalry and the Economics of Data," *American Economic Review* 110: 2819-2858 ("The starting point for our analysis is the observation that data is nonrival. That is, at a technological level, data is infinitely usable. Most goods in economics are rival: if a person consumes a kilogram of rice or an hour of an accountant's

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



C. ███████████████ █ ████████

69. ████████████████████████

████████████████████████

████████████████████████

██████████

70. ██████████████████████████

███████████████████████

████████████████████████

█████████████████████████

█████████████████████

71. ████████████████████████

█████████████████████████

████ █

72. █████████████████████████

████████████████████████

---

time, some resource with a positive opportunity cost is used up. In contrast, existing data can be used by any number of firms or people simultaneously, without being diminished.").

[77] Deposition of Andrew Martens, 224:12-14.

[78] **Exhibit 4.1**; TR-0359130; TR-0359401.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



73.

74.

75.

---

[79] Malackowski Report, p. 55.

[80] Malackowski Report, pp. 55-56.

26

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



[81] "Employer Costs for Employee Compensation – Private Industry Workers", U.S. Bureau of Labor Statistics.  Available at https://www.bls.gov/web/ecec/ecec-private-dataset.xlsx (Accessed September 7, 2022).

[82] Each salary is multiplied by approximately 1.41 (or 1/(1- 0.298)) to account for benefits.

[83] This video was referenced in TR-0179885.

[84]

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



---

[85] TR-0908447.

[86] See **Exhibit 6.2**.

[87] Black, Ryan C. and Spriggs James F. II.  2013."The Citation and Depreciation of U.S. Supreme Court Precedent," *Journal of Empirical Legal Studies* 10: 325-358.  ("Black and Spriggs (2013)")



84.

85.

86.

---

[88] See **Exhibit 6.2**.  I exclude infrastructure costs as they are not attributable to the cost of developing headnotes.

[89] See **Exhibit 6.1**.

[90] "Glossary of Statistical Terms," OECD.  Available at https://stats.oecd.org/glossary/detail.asp?ID=2826#:~:text=Definition%3A,the%20%E2%80%9Ccapital%20service%20price%22 (Accessed September 16, 2022).

[91] Versions of this formula can be found in several sources including the paper seminal paper Hall, Robert E., and Dale W. Jorgenson. 1967.  "Tax policy and investment behavior," *American Economic Review* 57: 391-414.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



87. ████

88. ████

89. ████

_____

92 Black and Spriggs (2013), pp. 325-326 ("An enduring piece of legal wisdom contents that the informational value of court opinions depreciates as they age.  As society evolves and law changes due to economic, social, and political developments, the extent to which a precedent remains pertinent for deciding legal disputes diminishes.  As judges analogically reason their way to conclusions, older cases are less likely to contain issues, principles and reasoning appropriate for contemporary legal problems.").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



90.

91.

92.

---

[93] Nimmer on Copyright, § 14.03 (footnotes omitted) ("The fact that a defendant's infringing products represent 2 percent of its total inventory does not necessarily mean that its gross revenues attributable to infringement equal 2 percent of its gross revenues from the sales of all of its products. Rather, it is necessary to attribute profits directly to the infringement: "If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits." [citing *Taylor v. Meirick*,

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



**XI.** ████████████

93. ████████████████████████████████

96. ████████

---

712 F.2d 1112 (7th Cir. 1983)] . . . The reason that proof via tax returns would fail is that actionable damages must be direct, rather than remote, and that an appropriate apportionment must be made between revenue attributable to infringement and other revenue.").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████



Alan J. Cox

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** 

**Sources:** LEGALEASE-00018036; LEGALEASE-00030617; LEGALEASE-00043224;
LEGALEASE-00123981; LEGALEASE-00132781; LEGALEASE-00132970;
LEGALEASE-00139081; LEGALEASE-00139169; LEGALEASE-00166082; ROSS-
000000001; ROSS-000000003; ROSS-000000005; ROSS-000000007; ROSS-
000000008; ROSS-000000094; ROSS-000000096; ROSS-000000294; ROSS-
000000296; ROSS-003293551; ROSS-003294930; ROSS-003296510; ROSS-
003297673; ROSS-003298574; ROSS-003300771; ROSS-003316272; ROSS-
003316274; ROSS-003316299; ROSS-003317686; ROSS-003317702; ROSS-
003320846; ROSS-003320863.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** 

**Sources:** TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** 1 ██████████████████████████████████████████████
██████████████████████████████████████
███████████
████████████████████████████████

**Sources:** TR-0836004 at tab "████████████████████████████████
██████████████████████



**Notes:**

**Sources:** TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   TR-0836004; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



Notes:

**Sources:** TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:** TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** ███████████████████████████████████████████████████████████████████████████████

**Sources:**   TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and
Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**  TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   TR-0836004; FASTCASE_090487; FASTCASE_090429; FASTCASE_085445; TR-0002846; Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Defendant and Counterclaimant's Interrogatory No. 21; Expert Report of James E. Malackowski.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**    1   *See*   Exhibit 3.1

           2   *See*   Exhibit 3.2

**Sources:**     ROSS-009664862; ROSS-009690394; ROSS-009721062

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** 

**Sources:**     ROSS-009664862; ROSS-009690394; ROSS-009721062

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   ROSS-009664862; ROSS-009690394; ROSS-009721062

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:** ███████████████

████████████████████

██████████████████

████████

**Sources:**   ROSS-009664862

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   ROSS-009664862; ROSS-009690394; ROSS-009721062

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Source:** TR-0359130.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Note:**

**Sources:** TR-0359063; TR-0359347; TR-0359401; TR-0359130; TR-0359383; TR-0359458; TR-0359253.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**



"Thomas Reuters Editor Jobs," Indeed, available at https://www.indeed.com/cmp/Thomson-Reuters/jobs?jk=7d1f2f3a6f19e24a&q=Editor&l=&start=0 (Accessed September 14, 2022); "Thomas Reuters Attorney Editor (Summary)," Glassdoor, available at https://www.glassdoor.com/job-listing/attorney-editor-summary-thomson-reuters-JV_IC1162274_KO0,23_KE24,39.htm?jl=1007725931064&pos=101&ao=1277887&s=21&guid=00000182f28de4b88768ec5a157e13&src=GD_JOB_AD&t=ESR&vt=w&uido=4CD64BF81A439CE8EA5EA3B52BDD34DB&srs=1_2cb65a7e&cb=1662138244968&jobListingId=1007725931064&jrtk=3-0-1gbvihnnrh7gh801-1gbvihnoki7n3800-99bd6a58b2c5f7e0-&ctt=1662138253680&srs=EI_JOBS (Accessed on September 14, 2022); "Attorney Editor Salary," ZipRecruiter, available at https://www.ziprecruiter.com/Salaries/Attorney-Editor-Salary (Accessed September 14, 2022); "Attorney Editor Salary in Minnesota," salary.com, available at https://www.salary.com/research/salary/recruiting/attorney-editor-salary/mn (Accessed on September 14, 2022); "Westcast - A day in the life of a case" YouTube, available at https://www.youtube.com/watch?v=mX2WrYzigRc (Accessed September 12, 2022); "Thomas Reuters PTO," Comparably, available at https://www.comparably.com/companies/thomson-reuters/paid-time-off (Accessed September 14, 2022); "Occupations Employment and Wage Statistics," U.S. Bureau of Labor Statistics, available at https://www.bls.gov/oes/tables.htm (Accessed September 15, 2022); "Employer Costs for Employee Compensation - Private Industry dataset," U.S. Bureau of Labor Statistics (2022), available at https://www.bls.gov/web/ecec/ecec-private-dataset.xlsx (Accessed September 7, 2022); Deposition of Laurie Oliver, 71:15-19.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**     Expert Report of James E. Malackowski, p. 34; Expert Report of Jonathan L. Krein, ¶ 112-114.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:** Black, Ryan C. and Spriggs James F. II.  2013."The Citation and Depreciation of U.S. Supreme Court Precedent,"
Journal of Empirical Legal Studies 10: 325-358; "Weighted Average Cost of Capital for Thomson Reuters Corp.,
2018," Bloomberg, accessed Sept. 13, 2022); 2018 Thomson Reuters Annual Report, p. 77,
https://ir.thomsonreuters.com/static-files/b32e0ad2-b992-46da-890d-2a28f21b6aec (Accessed September 13, 2022);
TR-0908447; Jones, Charles I.  2009.   "Investment," available at https://web.stanford.edu/~chadj/Investment2009-12-21.pdf
(Accessed August 16, 2022); Plaintiffs and Counterdefendant's Second Supplemental Responses and Objections to Interrogatory No. 21

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**Notes:**

**Sources:**   TR-0908447 at tab "WL-Infra 2010-2021," row 81;

Black, Ryan C. and Spriggs James F. II.  2013."The Citation and Depreciation of U.S. Supreme Court Precedent,"
Journal of Empirical Legal Studies 10: 325-358.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   Black, Ryan C. and Spriggs James F. II.  2013."The Citation and Depreciation of U.S. Supreme Court Precedent,"
Journal of Empirical Legal Studies 10: 325-358.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**Notes:**

**Sources:** Black, Ryan C. and Spriggs James F. II. 2013."The Citation and Depreciation of U.S. Supreme Court Precedent," Journal of Empirical Legal Studies 10: 325-358; Plaintiff and Counterdefendant's Second Supplemental Responses and Objections to Interrogatory No. 21; TR-0908447.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**Notes:**

**Sources:**   Expert Report of James E. Malackowski, p. 34; Expert Report of Jonathan L. Krein, ¶ 112-114.

**APPENDIX A**

# Alan J. Cox
## Independent Economic Consultant

## Education

**University of California, Berkeley**
Ph.D., Business Administration, Economic Analysis and Policy Program, 1989
Major Fields: Industrial Organization, Finance, Econometrics

**University of British Columbia**
M.A., Economics, 1978

**York University, Toronto**
B.S., Environmental Science, 1976

## Professional Experience

| | |
|---|---|
| 2020 | **Independent Economic Consultant**<br>**Affiliated Consultant, NERA Economic Consulting** |
| | **NERA Economic Consulting** |
| 2020- | Outside Consultant |
| 2016-2018 | Chair of NERA's Global Intellectual Property Practice |
| 2001-2019 | Managing Director/Senior Vice President |
| 1998-2001 | Vice President |
| 1994-1998 | Senior Consultant |
| 1988-1989 | Senior Analyst |
| | **Law & Economics Consulting Group, Inc.** |
| 1989-1994 | Vice President and Senior Economist |
| | **University of California, Berkeley** |
| 1983-1989 | Research Assistant |

Alan J. Cox

| | **Minimax Research Corporation** |
|---|---|
| 1985-1987 | Economist |

| | **Massachusetts Institute of Technology** |
|---|---|
| 1978-1981 | Visiting Economist |

| | **University of British Columbia** |
|---|---|
| 1978 | Research Associate |

# Teaching Experience

| | **St. Mary's College of California** |
|---|---|
| 1994-1995 | Visiting Lecturer, Graduate School of Management<br>Taught Industrial Structure and Competitive Strategy. |

| | **Northeastern University** |
|---|---|
| 1989 | Adjunct Lecturer, Graduate School of Management<br>Taught Managerial Economics. |

| | **University of California, Berkeley** |
|---|---|
| 1984-1985 | Teaching Assistant<br>Taught Intermediate Microeconomics. |

# Expert Testimony, Affidavits, and Reports
(Clients underlined)

### *Antitrust*

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on  April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

Alan J. Cox

*Trendsettah USA, Inc. and Trend Settah, Inc. v. Swisher International, Inc.*, USDC Case No. 8:14-CV-01664-JDS
*Trial Testimony* March 24 and 29, 2016, *Supplemental Expert Report* dated December 18, 2015, *Deposition* on December 17, 2015 and *Expert Report* dated December 11, 2015 on behalf of defendant Swisher International, Inc. evaluating economic issues related to defendant's alleged anticompetitive conduct and alleged breach of contract.

### Intellectual Property

*SinCo Technologies Pte, Ltd. v. SinCo Electronics, (Dongguan) Co., Ltd.; XingKe Electronics (Dongguan) Co., Ltd; XingKe Electronics Technology Co., Ltd.; Sincoo Electronics Technology Co., Ltd.; Mui Lang Tjoa (An Individual); Ng Cher Yong Aka Cy Ng (An Individual); And Liew Yew Soon Aka Mark Liew (An Individual)* U.S.D.C. for the Northern District of California, Case No. 3:17CV5517 EMC
*Expert Report*, January 9, 2020 on the economic consequences of defendants' trademark misuse and the appropriate methods for calculating the allowed remedies. *Supplemental Expert Report*, October 1, 2021 commenting late submitted data. *Trial testimony*, November 10 and 12, 2021.

*FOX Factory, Inc., v. SRAM, LLC, and Sandleford Limited*, U.S.D.C. for the District of Colorado Case Nos. 1:18-cv-00127-WJM-NYW and 1:18-cv-00130-WJM-NYW, Filed: October 11, 2017.
*Rebuttal Report* dated January 25, 2019 on behalf of defendants, SRAM, LLC and Sandleford Limited regarding purported reasonable royalty damages experienced by FOX, if any, from the alleged patent infringements by defendants.

*TC Technology LLC v. Sprint Corporation and Sprint Spectrum, L.P.,* USDC for the District of Delaware Case No. 1:16-cv-00153-UNA, Filed: March 10, 2016.
*Deposition* November 20, 2018, Expert *Rebuttal Report* dated October 22, 2018 regarding economic issues regarding purported reasonable royalty damages.

*ZF Micro Devices, Inc., et al. v. TAT Capital Partners, LTD., etc., et al,* Santa Clara County Superior Court Case No. 1-09-CV 134970, Filed: February 17, 2009.
*Deposition* on September 14, 2018 on behalf of TAT Capital Partners, LTD regarding damages due to breach of fiduciary duty and conspiracy related to tortious activities.

*Thomas Davidson, et al. v. Apple, Inc.,* U.S.D.C. for the Northern District of California Case No. 5:16-cv-4942-LHK, Filed: August 27, 2016.
*Deposition* on May 9, 2019, *Expert Rebuttal Report* dated February 15, 2019, *Declaration in Support of Defendant's Opposition to Amended Motion for Class Certification* dated December 6, 2018, *Declaration* in Support of Defendant's Opposition to Motion for Class Certification dated February 9, 2018, on behalf of defendant, Apple Inc. related to economic issues and sale of Apple smartphones in the U.S.

*Amgen Inc. and Amgen Manufacturing Limited v. Sandoz Inc., Sandoz International GMBH, Sandoz GMBH, and LEK Pharmaceuticals D.D.*, USDC for the Northern District of California, San Francisco Division, Case 3:16-cv-02581, Filed: May 12, 2016.

Alan J. Cox

*Deposition* on October 6, 2017, *Supplemental Expert Report* dated October 2, 2017and *Expert Report* dated July 28, 2017 regarding lost profits and reasonable royalty damages for alleged patent infringements by Sandoz defendants.

<u>C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.</u> *v. AngioDynamics, Inc*., U.S.D.C. for the District of Delaware, Case No. 1:15-cv-00218-SLR-SRF, Filed: March 10, 2015
*Trial testimony* March 6-7, 2019, *Deposition* dated December 13, 2017, *Reply to Supplemental Expert Report* dated December 6, 2017, *Reply Expert Report* dated December 1, 2017, *Expert Report* dated September 1, 2017 on behalf of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") regarding reasonable royalties and lost profits damages experienced by Bard as a result of alleged patent infringements by AngioDynamics, Inc.

*The* <u>Regents of the University of California and Becton, Dickinson and Company</u> v. *Affymetrix, Inc. and Life Technologies Corp.,* U.S. District Court for the Southern District of California Case No. 3:17- cv-01394-H-NLS.
*Deposition* dated February 27, 2019, *Expert Report* dated December 7, 2018 regarding the need for a permanent injunction, lost profits damages, and reasonable royalty damages for the alleged patent infringement by Defendants, *Deposition* on September 22, 2017, *Declaration* in Support of Plaintiff, <u>Becton, Dickinson and Company</u>'s Motion for Preliminary Injunction to enjoin sales of allegedly infringing brilliant polymers used in flow cytometry, dated July 12, 2017.

*EON Corp. IP Holdings, LLC v.* <u>Apple Inc.</u>, USDC for the Northern District of California, San Francisco Division Case No. 3:14-CV-05511-WHO
*Expert Report* dated March 15, 2017 on behalf of Defendant, Apple Inc., regarding reasonable royalty damages experienced by EON Corp. as a result of an alleged patent infringement by Apple Inc.

*In the Matter of:  Certain Network Devices, Related Software and Components Thereof (I)*
U.S. International Trade Commission Investigation No. 337-TA-944 Enforcement Proceedings
*Testimony* before the U.S. International Trade Commission on April 5, 2017, *Rebuttal Witness Statement* dated February 27, 2017, *Deposition* on February 6, 2017, *Supplemental Rebuttal Expert Report* on February 4, 2017 and *Rebuttal Report* on February 1, 2017 on behalf of respondent <u>Arista Networks, Inc.</u>, regarding proposed penalty due to alleged non-compliance with a Cease and Desist Order issued in the underlying 944 investigation.

*Telesocial Inc. v.* <u>Orange S.A.</u>*, et al*., USDC for the Northern District of California Case No. 3:14-cv-0398-JD
*Deposition* on December 22, 2016 and *Expert Report* dated December 12, 2016, on behalf of defendant Orange S.A., responding to plaintiff's expert's report with regard to alleged damages incurred by plaintiff due to defendant's alleged misappropriation of trade secrets.

<u>AI-Daiwa, Ltd.</u> *v. Apparent, Inc., et al.,* US District Court for the Northern District of California Case No. CV13-04156(VC)
*Deposition* on August 14, 2015 and *Expert Rebuttal Report* dated July 29, 2015 on behalf of claimant AI-Daiwa, Ltd. regarding damages due to claimant's alleged breach of contract.

Alan J. Cox

*Comcast Cable Communications, LLC, et al. v. Sprint Communications Company L.P., et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Deposition* on April 1, 2016, *Expert Report* dated July 15, 2015 on behalf of defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Nextel Operations, Inc. ("Sprint") regarding the purported reasonable royalty damages experienced by Comcast due to Sprint's alleged infringement of Comcast's patent.

*Sprint Communications Company L.P., et al. v. Comcast Cable Communications LLC, et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Direct Trial Testimony* and *Cross-Examination* in the Eastern District of Pennsylvania on February 9 and 10, 2017, *Deposition* on April 1, 2016, *Reply Expert Report* dated July 29, 2015 and *Expert Report* filed on June 17, 2015, on behalf of counterclaim-plaintiffs Sprint Communications Company L.P. and Sprint Spectrum L.P. ("Sprint") regarding reasonable royalty damages experienced by Sprint due to Comcast's alleged infringement of Sprint's patents.

### Class Certification

*Ivan and Melanie Kail, Barry Garfinkel, Frederick Sharp v. Wolf Appliance*, United States District Court for the Eastern District of New York.
*Deposition* on April 17, 2019, *Expert Rebuttal Report* dated March 7, 2019 on behalf of defendant, Wolf Appliance, Inc. Expert rebuttal of proposed damages methodology and class certification regarding Wolf ovens in the U.S.

*Vicky Maldonado, et al. v. Apple Inc., et al.*, U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation*, U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017*, Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

*Fabrienne English, et al. v. Apple Inc., Applecare Service Company, Inc. and Apple CSC Inc.*, US District Court for the Northern District of California Case No. 3:14-cv-01619-WHO.
*Deposition*, September 25, 2015 and *Expert Report*, September 9, 2015 in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones.

Alan J. Cox

*Contract Disputes*

<u>Major Brands, Inc.</u> *v. Mast-Jägermeister US, Inc., et al.,* U.S.D.C. for the Eastern District of Missouri Eastern Division, Case No. 4:18-cv-00423-HEA
*Trial testimony*, November 18, 2020.  Reply *Report* dated December 4, 2020.  *Deposition* dated September 2, 2020, *Initial Expert Report* dated November 1, 2019 on behalf of plaintiff <u>Major Brands, Inc.</u> regarding damages suffered by Major Brands as a result of the alleged wrongful termination of the DistributionAgreement and the alleged wrongful actions by the defendants.

*Cypress Insurance Company, as subrogee of Microsoft Corporation, v.* <u>SK hynix America, Inc.</u>, USDC, for the Western District of Washington at Seattle Case No. 2:17-cv-00467-RAJ, Filed: March 23, 2017.
*Trial testimony* on March 19, 2019, *Deposition* dated October 10, 2018, *Rebuttal Expert Report* dated September 25, 2018, *Initial Expert Report* dated September 4, 2018 regarding economic issues related to an alleged breach of a supply agreement for DRAM chips between SK Hynix America and Microsoft Corporation.

# PUBLICATIONS

"The Damages Testimony in VLSI Technologies v. Intel,"  Guest Post on Patently-O, March 19, 2021.
<u>Guest Post by Alan Cox: The Damages Testimony in VLSI Technologies v. Intel | Patently-O (patentlyo.com)</u>

David S. Almeling, et al., *Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases*, 19 Sedona Conf. J. 667 (2018).

"The Limitations of Analytical Approach to Reasonable Royalty," published April 13, 2017 in *Law360*. Dr. Cox offers a rebuttal to a previously published *Law360 article, "*Determining Reasonable Royalties with Analytical Approach." He provides a detailed counterargument explaining that the analytical approach is inappropriate for the valuation of intellectual property and that it is especially ill-suited for complex products.

"Using Citation Analysis to Value Patents," published in *Financier Worldwide* Magazine January 2016 Issue.

"Misuse of Patent Citation Analysis in *Finjan v. Blue Coat,"* published October 7, 2015 in *Law360*. Dr. Cox provides an overview of how to assess patent values using quantitive data on number of forward citations received by a patent.

Article, "Off the Wagon," published February 6, 2015 in *Commercial Dispute Resolution* magazine. The article discusses the analysis used to calculate damages based on lost profits to Major Brands due to both the alleged breach of contract by Diageo and tortious interference by the competing distributor.

Alan J. Cox

"The Demise of Junk Science and the 25% Rule," column published in *IPLaw360*, 29 July 2010, with Stephen Rusek.  It discusses the use of the so-called 25 Percent Rule which the writers point out has no rational, scientific, or business basis.  This lack of principal combined with the *ad hoc* manner in which the purported rule is implemented can also give wildly unpredictable results.

"Three Cases Reshaping Patent Licensing Practice," article published in *Managing Intellectual Property*, 1 March 2010, with Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

"Compensatory Damages Issues in Patent Infringement Cases: A Handbook for Federal District Court Judges."  Participation, with committee members, which included legal practitioners, trial judges, damages experts, and academics, in the development of a handbook for trial courts to consult on procedural practices that may be helpful in the management and adjudication of damages issues in patent cases.  20 January 2010.

"2 Economists' Take On i4i V. Microsoft," column published in *Law360*, 23 November 2009, with Mario Lopez, reviewing the damages raised in the CAFC's hearings in the I4I case and the appropriate standards for estimating damages in patent infringement cases.

# PRESENTATIONS AND WORKING PAPERS

Panelist for Webinar *TCL v. Ericsson* FRAND Decision: Legal Implications LIVE Webcast, September 07, 2018, The Knowledge Group, LLC.

Panelist, "Settling Trade Secret Disputes," webinar hosted by the Intellectual Property Owners Association IP Chat Channel on January 30, 2018.  Joining Dr. Cox were Victoria Cundiff of Paul Hastings and Barbara Reeves, mediator and arbitrator at JAMS.

Dr. Cox led a panel discussion on "Reasonable Royalty in FRAND" at the 2017 National Technology Law Conference in Taipei, Taiwan.  The conference, presented by the National Chiao Tung University School of Law, was held on 25-26 October 2017.

October 13, 2017, invited speaker at the 6th Annual US-China Intellectual Property Summit co-hosted by Loyola Law School, The Berkeley Center for Law and Technology, and China Renmin University IP Academy.  Dr. Cox spoke on "New Trends in IP Litigation, Courts, and Enforcement."

Dr. Cox addressed a conference on "Economics in IP and IP in Economics" held at Renmin University in Beijing on 14-15 July 2016.  He discussed issues on the appropriate calculation of damages in IP matters and related issues in antitrust.  Dr. Cox also appeared as an expert invited by the USPTO and met with the judges of the Jiangsu and Guangdong High Courts.

Panelist at a video webcast titled "Preparing for an Exit: Private Company Valuation," hosted by Expert Webcast on April 28, 2016.  Dr. Cox discussed techniques and considerations in the valuation of Intellectual Property.

Alan J. Cox

Invited speaker at the *Eighth Annual International Legal Alliance Summit & Awards*, organized by Leaders League, in New York City on June 24, 2015.  Dr. Cox participated in an expert insights session entitled "International IP Trends: Litigation & Prosecution, IP Wars."

July 22, 2015, Panelist on "Meeting the Challenge of Patent Valuation" at the CPIP's Summer Institute in Patent Law, Beaver Creek CO, sponsored by Center for the Protection of Intellectual Property, George Mason University School of Law.

Keynote Speaker, at the *2014 International Symposium on Damages for Patent Infringement*, hosted by the Taiwan Intellectual Property Training Academy (TIPA): Taipei, Taiwan on October 24, 2014. Dr. Cox presented "Determining Patent Damages: Lessons and Challenges from the US" and served as a panelist in a session entitled "Damage Calculation of Patent Infringement in Taiwan: Observations on Development in Recent Years."

Program Co-chair, "Litigating Patent Damages: Strategic Issues for Proving and Refuting Damages Claims," hosted by Law Seminars International, San Francisco May 29-30, 2014.  Dr. Cox also took part on a panel and discussed issues raised in *CMU v. Marvell*: Foreign Sales and the use of the Analytical Method as an alternative to the Hypothetical Negotiation, including products made and sold outside the U.S. in the royalty base.

"Intangibles: The Challenge of Understanding Value Creation within Multinational Enterprises." In this NERA seminar, held in Paris on 12 December 2013, Dr. Cox and NERA colleagues, Dr. Emmanuel Llinares and Vice President Sébastien Gonnet discussed how to identify and map intangibles within multinational enterprises (MNEs), and presented the economic framework for intangibles valuation.

Presentation to Gibson Dunn & Crutcher, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently and the Deutsche Bank Decision," in San Francisco on December 4, 2013.  Discussed issues involved in Securities 10b5 cases as they relate to efficient markets and explored the US District Court's interesting decision in *Deutsch Bank*.

Presentation to Latham & Watkins, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently," in San Francisco on October 15, 2013.

Participation, in *Economics Analysis of Business Disputes*, seminar hosted by NERA in Tokyo on July 19, 2013.  Dr. Cox and Economists from NERA's Japan and US offices examined recent economic analyses in complex business disputes and litigation in Japan and the United States.  Dr. Cox presented "Trends in Patent Litigation in the United States:  Consequences for Global Companies."

Presentation to Haynes and Boone, LLP titled "Patent Trolls or Patent Angels: Who are They and How Do They Affect Innovation?" in Dallas, Texas on June 12, 2013.

Alan J. Cox

Participation in the *IP Strategy Summit: Enforcement*, hosted by IGlobal Forum in Washington, DC on 29-30 May 2013. "Standard Essential Patents (SEPS) and Your Enforcement Strategy," moderated by NERA colleague, Dr. David Blackburn, and panelists Dr. Alan Cox, Paul Michel, retired Chief Judge of the Federal Circuit and Laura Beth Miller of Brinks Hofer Gibson & Lion discussed the current SEPs landscape in light of recent disputes among smartphone technology owners, the recent RAND decision in the *Microsoft v. Motorola* case and trends in both federal courts and the US International Trade Commission. Dr. Cox also took part on a panel entitled "International Enforcement: Globalization and Your IP," which covered intellectual property enforcement issues in China, India and Europe.

Dr. Cox was invited to be a panelist on the IPO IP Chat Channel webinar on "FRAND Determined: Judge Robart's Decision in "*Microsoft v. Motorola/Google,*" on May 9, 2013. Joining Dr. Cox were William Coats of Greenberg Traurig and Sandy Block of IBM.

"Effective Responses to Patent Trolls: We Can Cross That Bridge." Alan Cox and Bob Skitol of Drinker Biddle were joined by Cynthia Bright, Esq. of Hewlett-Packard Company, Michelle Lee, Director, USPTO Silicon Valley; and Fiona Scott Morton, Professor, Yale School of Management at NERA/DrinkerBiddle hosted luncheon conference on May 8, 2013 in East Palo Alto. Dr. Cox discussed effective responses to patent infringement claims and threats of such claims from patent assertion entities.

Presentation to Winston & Strawn LLP titled "The Use of Comparable Licenses" with NERA colleague Anne Gron, Ph.D. in Chicago on May 1, 2013.

Presentation to Steptoe & Johnson LLP titled "Rigorous Economic Basis for Calculating and Proving IP Damages" in Washington, DC on April 12, 2013.

Dr. Cox was invited to address the course in "Intellectual Property Legal Practice" at Beijing University School of Law on 3 March 2013. The course, managed by the Beijing office of King & Wood Mallesons, is designed to enable students to master the basic theory and practices of intellectual property law. Dr. Cox discussed issues of intellectual property valuation, damages assessment, and possible anticompetitive uses of intellectual property incorporated into standards.

Participation, in the 2012 *Cross-Border IPR Dispute Resolution Conference*, hosted by ASCo: Seoul, Korea on October 17-18, 2012. NERA sponsored this conference, where Dr. Cox led a master class entitled "IPR Negotiation: Effective Calculation of Patent Damages and Negotiation Tactics."

Presentation, a GIL 2012: The Global Community of Growth, Innovation and Leadership, hosted by the GIL Community: San Jose, California. Dr. Cox gave a presentation on "Developments in IP Protection in China" on September 12, 2012.

Presentation to Latham & Watkins, LLP titled "Current Use of Economic Analyses in Class Certification in Securities Fraud Matters" with NERA colleague Stefan Boettrich in New York City on January 17, 2012.

Alan J. Cox

Participation in "The Lifecycle of a US 'Class Action' Lawsuit: What Chinese Companies Need to Know," hosted by Marsh: Beijing, China, November 1, 2011.

"Recent trends in US patent litigation and the impact on non-US companies" presentation at the 8th Annual Asia-Pacific IP Forum in, Kowloon, Hong Kong on September 29, 2011.

"International Trends in Securities Fraud Litigation and the Impact on Chinese Companies," presentation with NERA colleague Mark Berenblut, hosted by the Hong Kong Society of Financial Analysts on September 27, 2011 in Hong Kong.  Dr. Cox discussed the economics of damages claims in lawsuits alleging securities fraud by directors and officers of companies listed on the US and other stock exchanges.

"Comparables:  the use and misuse of benchmark royalty rates for patent damages," hosted by Dewey LeBeouf, San Francisco on July 12, 2011.  Dr. Cox addressed the role of licenses and industry benchmarks in the determination of reasonable royalties.

Panelist at the "Stanford IP Seminar for Intellectual Property Judges from The People's Republic of China," hosted by Stanford Law School May 23-27, 2011.  Dr. Cox and co-panelist, USDC for the Northern District of California, Elizabeth D. Laporte, Magistrate Judge, discussed current United States intellectual property law and patent damages.

"Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," hosted by the Austin Chapter of Licensing Executives Society (LES) on May 31, 2011.  Dr. Cox discussed the difficulties in defining a Fair, Reasonable, and Non-Discriminatory (FRAND) royalty, an issue that often results in litigation.

"Implications of Recent Legal Developments on the Handling of Patent Cases in the Trial Court."  Dr. Cox discussed the evolving standards in damages estimation at the patent litigation presentation to the District Judicial Council for the Southern District of California on April 25, 2011 in Dana Point, CA.

"Unlocking *Uniloc*:  Meeting the Court's New Evidentiary Standards for Reasonable Royalties," one of a series of roundtable discussions hosted by NERA in San Francisco on March 3 and Palo Alto, California on March 4, 2011.

Moderator, "*Uniloc v. Microsoft*:  A Key New Ruling for Patent Damages," expert analysis telebriefing hosted by Law Seminars International on January 21, 2011.

Presentation to Allen and Overy LLP and to Ashurst LLP titled "The Simple Economics of Reasonable Royalties for Patents Incorporated into a Technical Standard," in London on December 6, 2010.

"Trends in Intellectual Property Protection and Antitrust Enforcement in China," seminar hosted by NERA in San Francisco on November 3, 2010.

Alan J. Cox

Presentation at Foley & Lardner LLP's "Eye on China Roundtable Series," by Dr. Cox with Victor Xue, Executive Vice-President, US-China Green Energy Council and Catherine Sun, Managing Partner, Foley & Lardner Shanghai Offices, titled "IP Enforcement in China 2010:  Myth or Reality?" given in Palo Alto on November 1, 2010.

Silicon Valley Chapter of Licensing Executives Society, Panelist, "Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," September 22, 2010.

"Tips for Determining 'Reasonable' Royalties: The impact of recent case law on the economic analysis." Presentations at conference on "Legal Issues in Software Development," sponsored by Law Seminars International on June 16, 2010, in Seattle, WA.

Presentation to ZTE Corporation on June 4, 2010 in Shenzhen, China on patent infringement damage calculations in the United States.

Presentation to the Supreme People's Court of the People's Republic of China, including Chief Justice Kong Xiangiun, on May 26, 2010.  Dr. Cox, together with NERA colleague, Dr. Fei Deng, discussed the methods used in the United States to calculate damages in patent, trade secret, and trademark infringement litigation.  They also discussed antitrust issues related to intellectual property.

"Infringement Decisions and Judgments:  Important Lessons from High Profile Cases," presented at the 2nd Annual Anti-Monopoly & Competition Law Summit held May 25-27 in Beijing.  Dr. Cox discussed the differing treatment of *Intel* in jurisdictions around the world.

Panelist, "Trade Secret Remedies—Getting Creative," one-hour webinar hosted by the Intellectual Property Owners Association IP Chat Channel on April 1, 2010.

"Using Economics to Accurately Valuate IP," presentation with colleagues, Stephen Rusek and Dr. Mario Lopez, given at the Fenwick & West LLP Mountain View office on February 25, 2010.

"Damage Quantification in Patent Litigation:  Putting the 'Reasonable' in Reasonable Royalty Rate Determinations," seminar hosted by NERA in Toronto, Canada on December 9, 2009.  Dr. Cox and colleague, Mark Berenblut discussed patent valuation and reasonable royalties.

"Groundhog Day: Recurring Themes on Reasonable Royalties in Recent IP Damage Cases," NERA working paper, December 7, 2009, with colleagues Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

**Appendix B**

Documents Reviewed

In Connection with

Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS Intelligence Inc.

Case No. 20-613-SB

## Court Documents

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint, dated May 6, 2020

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1, dated August 22, 2022

- Plaintiffs and Counterdefendants Thompson Reuters Enterprise Center GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, dated June 9, 2022

- *Craig v. Oakwood Hosp.*, 684 N.W.2d 296, 312 (Mich. 2004)

- *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, 2010 WL 338219 (Del. Ch. Jan. 29, 2010)

- *Schafersman v. Agland Coop*, 631 N.W.2d 862, 871 (Neb. 2001)

## Deposition Transcripts

- Deposition of Mark Hoffman, dated March 16, 2022

- Deposition of Erik Lindberg, dated March 22, 2022

- Deposition of Andrew Martins, dated March 25, 2022

- Deposition of Laurie Oliver, dated March 30, 2022

- Deposition of Sean Shafik, dated April 22, 2022

- Deposition of Edward Walters, dated March 1, 2022

## Expert Reports

- Expert Report of Alan J. Cox, dated August 1, 2022

- Expert Rebuttal Report of Alan J. Cox, dated September 6, 2022

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

- Expert Rebuttal Report of Barbara Fredrickson-Cross, dated September 6, 2022

- Expert Report of Dr. Jonathan L. Krein, dated August 1, 2022

- Expert Report of James E. Malackowski, August 1, 2022

## Academic Literature

- Allen, Mark A., Hall, Robert E., and Lazera, Victoria A.  2011. "Reference Guide on Estimation of Economic Damages," in *Reference Manual on Scientific Evidence*, Committee on the Development of the Third Edition of the Reference Manual on Scientific Evidence; Federal Judicial Center; National Research Council, pp. 425-502

- American Law Institute.  1979.  *Restatement of the Law, Second, Torts 2d*, American Law Institute Publishers

- Black, Ryan C. and Spriggs James F. II.  2013."The Citation and Depreciation of U.S. Supreme Court Precedent," *Journal of Empirical Legal Studies* 10: 325-358.

- Cotter, Thomas F.  2008. "Fair Use and Copyright Overenforcement," *Iowa Law Review* 93: 1271-1318

- Evans, Elizabeth A., Phil J. Innes, and Daniel G. Lentz. 2017. "Damages Theories and Causation Issues," in *Litigation Services Handbook: The Role of the Financial Expert*, pp. 1-53

- Glazer, Amihai, and Hassin, Refael.  1982. "On the Economics of Subscriptions," *European Economic Review* 19: 343-356

- Hall, Robert E., and Dale W. Jorgenson. 1967.  "Tax policy and investment behavior," *American Economic Review* 57: 391-414

- Hook, Peter A., and Mattson, Kurt R.  2017. "Surprising Differences: An Empirical Analysis of LexisNexis and West Headnotes in the Written Opinions of the 2009 Supreme Court Term."  *Library Law Journal* 109: 557-629

- Jones, Charles I.  2009.   "Investment," available at https://web.stanford.edu/~chadj/Investment2009-12-21.pdfJones, Charles I., and Tonetti, Christopher.  2020. "Nonrivalry and the Economics of Data," *American Economic Review* 110: 2819-2858

- Lemley, Mark A., and Bryan Casey.  2020. "Fair Learning," *Texas Law Review* 99: 743-785

- Nimmer, Melville B.  2022.  *Nimmer on Copyright*, LexisNexis

- Pindyck, Robert S., and Rubinfeld, Daniel L.  2018.  *Microeconomics*, 8th ed., Pearson

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

- Rudich, Eric A., Lewis M. Koppel, and Michael P. Padden.  2014. "Post-Uniloc Reasonable Royalty Damages: What to Do Now and How to Present It to the Jury?" *Landslide* 6: 42-47

## Data Sources and Websites

- "Attorney Editor Salary in Minnesota," salary.com, available at https://www.salary.com/research/salary/recruiting/attorney-editor-salary/mn (Accessed on September 14, 2022)

- "Attorney Editor Salary," ZipRecruiter, available at https://www.ziprecruiter.com/Salaries/Attorney-Editor-Salary (Accessed September 14, 2022)

- "Black American English - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/49-hours-of-en-us-spontaneous-dialogue-data-in-afi-banking-b1 (Accessed September 9, 2022)

- "Black American English - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/56-hours-of-en-us-spontaneous-dialogue-data-in-afi-insurance-b1 (Accessed September 9, 2022)

- "Black American English - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/51-hours-of-en-us-spontaneous-dialogue-data-in-afi-retail-b1 (Accessed September 9, 2022)

- "Black American English - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/45-hours-of-en-us-spontaneous-dialogue-data-in-afi-telco-b1 (Accessed September 9, 2022)

- "Choosing the Right Speech Training Data: The Importance of Diverse Data," Defined.ai, available at https://www.defined.ai/blog/choosing-the-right-speech-training-data-the-importance-of-diverse-data/ (Accessed September 20, 2022)

- "Employer Costs for Employee Compensation – Private Industry Workers", U.S. Bureau of Labor Statistics.  Available at https://www.bls.gov/web/ecec/ecec-private-dataset.xlsx (Accessed September 7, 2022)

- "English Speech Data - Scripted Monologue," Defined.ai, available at https://getdata.defined.ai/default/342-hours-of-en-us-scripted-monologue-data-in-tof-generic-b1 (Accessed August 17, 2022)

- "English Speech Data - Scripted Monologue," Defined.ai, available at https://getdata.defined.ai/default/99-hours-of-en-us-scripted-monologue-data-in-ddm-generic-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/271-hours-of-en-us-spontaneous-dialogue-data-in-jpt-banking-b1 (Accessed September 9, 2022)

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

- "English Speech Data - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/16-hours-of-en-us-spontaneous-dialogue-data-in-afi-healthcare-retail-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous Dialogue," Defined.ai, available at https://getdata.defined.ai/default/135-hours-of-en-us-spontaneous-dialogue-data-in-jpt-insurance-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous IVR," Defined.ai, available at https://getdata.defined.ai/default/173-hours-of-en-us-spontaneous-ivr-data-in-afi-banking-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous IVR," Defined.ai, available at https://getdata.defined.ai/default/186-hours-of-en-us-spontaneous-ivr-data-in-afi-insurance-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous IVR," Defined.ai, available at https://getdata.defined.ai/default/195-hours-of-en-us-spontaneous-ivr-data-in-afi-retail-b1 (Accessed September 9, 2022)

- "English Speech Data - Spontaneous IVR," Defined.ai, available at https://getdata.defined.ai/default/209-hours-of-en-us-spontaneous-ivr-data-in-afi-telco-b1 (Accessed September 9, 2022)

- "Glossary of Statistical Terms," OECD.  Available at https://stats.oecd.org/glossary/detail.asp?ID=2826#:~:text=Definition%3A,the%20%E2%80%9Ccapital%20service%20price%22 (Accessed September 16, 2022)

- "Occupations Employment and Wage Statistics," U.S. Bureau of Labor Statistics, available at https://www.bls.gov/oes/tables.htm (Accessed September 15, 2022)

- Thomson Reuters Annual Report, (2017), available at https://archive.annualreport.thomsonreuters.com/2017/downloads/annl-report-2017-thomson-reuters.pdf (Accessed August 16, 2022)

- Thomson Reuters Annual Report, (2018), available at https://ir.thomsonreuters.com/static-files/b32e0ad2-b992-46da-890d-2a28f21b6aec (Accessed September 13, 2022)

- "Thomas Reuters Attorney Editor (Summary)," Glassdoor, available at https://www.glassdoor.com/job-listing/attorney-editor-summary-thomson-reuters-JV_IC1162274_KO0,23_KE24,39.htm?jl=1007725931064&pos=101&ao=1277887&s=21&guid=00000182ff28de4b888768ec5a157e13&src=GD_JOB_AD&t=ESR (Accessed on September 14, 2022)

- "Thomas Reuters Editor Jobs," Indeed, available at https://www.indeed.com/cmp/Thomson-Reuters/jobs?jk=7d1f2f3a6f19e24a&q=Editor&l=&start=0 (Accessed September 14, 2022)

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

- "Thomas Reuters PTO," Comparably, available at https://www.comparably.com/companies/thomson-reuters/paid-time-off (Accessed September 14, 2022)

- "Thomson Reuters Fact Book 2019", Thomson Reuters, p. 7.  Available at https://ir.thomsonreuters.com/static-files/b2175d6d-7c92-4a62-9e7a-3cae2593933d (Accessed September 6, 2022.)

- "Weighted Average Cost of Capital for Thomson Reuters Corp., 2018," *Bloomberg* (Accessed Sept. 13, 2022)

- "Westcast - A day in the life of a case" YouTube, available at https://www.youtube.com/watch?v=mX2WrYzigRc (Accessed September 12, 2022)

## Bates Stamped Documents

- FASTCASE_090487

- FASTCASE_090429

- FASTCASE_085445

- LEGALEASE-00018036

- LEGALEASE-00030617

- LEGALEASE-00043224

- LEGALEASE-00123981

- LEGALEASE-00132781

- LEGALEASE-00132970

- LEGALEASE-00139081

- LEGALEASE-00139169

- LEGALEASE-00166082

- R-LEGALEASE-00101636-642

- ROSS-000000001

- ROSS-000000003

- ROSS-000000005

- ROSS-000000007

- ROSS-000000008

**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**

- ROSS-000000094
- ROSS-000000096
- ROSS-000000294
- ROSS-000000296
- ROSS-003293551
- ROSS-003294930
- ROSS-003296510
- ROSS-003297673
- ROSS-003298574
- ROSS-003300771
- ROSS-003316272
- ROSS-003316274
- ROSS-003316299
- ROSS-003317686
- ROSS-003317702
- ROSS-003320846
- ROSS-003320863
- ROSS-003382388
- ROSS-009659108
- ROSS-009664862
- ROSS-009690394
- ROSS-009721062
- ROSS-009722263-299
- TR-0002846
- TR-0035897-908
- TR-0044730

**HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**

- TR-0044740
- TR-0179830-837
- TR-0179838-842
- TR-0179843
- TR-0179885
- TR-0359063
- TR-0359130
- TR-0359253
- TR-0359347
- TR-0359383
- TR-0359401
- TR-0359458
- TR-0526552
- TR-0836004
- TR-0894151
- TR-0908447

# EXHIBIT AN

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# EXPERT REPLY REPORT
## OF
# ALAN J. COX, PH.D.

In Connection with

*Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. Ross Intelligence Inc.*

Case No. 20-613-LPS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**October 10, 2022**

**CONFIDENTIAL—ATTORNEYS' EYES ONLY**

NATIONAL ECONOMIC RESEARCH ASSOCIATES

FOUR EMBARCADERO CENTER, SUITE 400
SAN FRANCISCO, CA 94111

TELEPHONE: 415.291.1000   FACSIMILE: 415.291.1020

**PRIVILEGED**

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

# Expert Report of
# Alan J. Cox, Ph.D.

### TABLE OF CONTENTS

I.    QUALIFICATIONS ........................................................................................................ 1

II.    CONFIDENTIALITY ..................................................................................................... 2

III.    BACKGROUND AND ASSIGNMENT .................................................................... 2

IV.    SUMMARY OF OPINIONS ......................................................................................... 3

V.    FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS ........................... 4

VI.    ████████████████████████████████████ .................................................................................... 4

VII.    ████████████████████████████████████ ........................................................................ 7

VIII.    ███████████████████████████████ ................................... 10

**APPENDIX A.  Resume of Alan J. Cox**

**APPENDIX B.  Documents Reviewed**

***HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY***

## I.    QUALIFICATIONS



---

[1] Expert Report of Alan J. Cox, Ph.D., dated August 1, 2022 (herein, "Cox Opening Report").

[2] Expert Rebuttal Report of Alan J. Cox, Ph.D., dated September 6, 2022 (herein, "Cox Rebuttal of Krein").

[3] Expert Report of Alan J. Cox, Ph.D., dated September 20, 2022 (herein, "Cox Rebuttal of Malackowski").

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



## II.   CONFIDENTIALITY

4.

## III.   BACKGROUND AND ASSIGNMENT

5.

6.

---

[4] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint (herein, "Complaint"), ¶ 1.

[5] Complaint, ¶¶ 49–53.

[6] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1, p. 30. See also *id.*, p. 68 (see TR-0179838-842 at -840; TR-0179885). (see TR-0179830-837 at -830; TR-0179838-842; TR-0179843; TR-0044730).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



7. ██████████████████████████████████████████████████
████████ ██████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████ █

## IV.    SUMMARY OF OPINIONS

8. ██████████████████████████████████████████
████████████

- ███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████

- ███████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████

[7] Rebuttal Expert Report of James E. Malackowski, dated September 6, 2022 (herein, "Malackowski Rebuttal Report").
[8] ████████████████████████████████████████████████
██████████████████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



- ███████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
███████████████████████████
████████████████████████████
████████████████████████
████████████████████████████
█████████████

## V.   FACTS AND DATA CONSIDERED IN FORMING MY OPINIONS

9.   ████████████████████████████
███████████████████████████
███████████████████████████
████████████████████████████
███████████████████████████
██████

## VI.   ████████████████████
████████

10.   ███████████████████████
███████████████████████████████
███████████████████████████████
████████████████  ██████████████
███████████████████████████████
█████████████████  ███████████
███████████████

---

[9] 17 U.S.C. § 107.

[10] Cox Opening Report, ¶ 83, ██████████████████████████
████████████

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



11.

12.

13.

---

[11] Malackowski Rebuttal Report, p. 23.  The quote Mr. Malackowski cites in this sentence comes from *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994).

[12] Cox Rebuttal of Krein, ¶¶ 17-31.  See also Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022 (herein, "Krein Report"), ¶ 8 [redacted], ¶ 154

[13] Malackowski Rebuttal Report, pp. 23-24.

[14] Cox Rebuttal of Krein, ¶ 32-35.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



14. ████████████████████████████████████████████

15. ████████████████████████████████████████████

---

[15] Malackowski Rebuttal Report, pp. 23-24.

[16] Cox Rebuttal of Krein, ¶¶ 41-43.

[17] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, p. 18.  See also, Deposition of Andrew Martens, dated March 25, 2022 (herein, "Martens Deposition"), 102:3-7 ("███████ ████████████████████████████████████████████████); ROSS-003390563.

[18] Complaint, ¶ 3.

[19] See Cox Rebuttal of Krein, ¶¶ 36-40.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



**VII.** ███████████████████████████████████████

16. ███████████████████████████████████████████

---

[20] Malackowski Rebuttal Report, p. 26.



[21] Mr. Malackowski states that ███████████████████████ Malackowski Rebuttal Report, p. 15; see also p. 13 (

. See Cox Opening

Report, ¶¶ 27, 71 (

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

███████████████████████████████████████████████

██████████████████████████████████████████████████

17.  ████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████

18.  ████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

---

[22] Malackowski Rebuttal Report, pp. 13-14

[23] Malackowski Rebuttal Report, p. 14. ████████████████████████
███████)

[24] Krein Report, ¶ 79 ████████████████████████████████
█████████████████████████

[25] Krein Report, ¶ 66, ███████████████████████████████

[26] Report of Defendant's Expert L. Karl Branting, J.D., Ph.D., dated August 1, 2022, ¶¶ 59-65.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



19.

20.

21.

---

[27] Malackowski Rebuttal Report, p. 15.

[28] Malackowski Rebuttal Report, fn. 78.

[29] Cox Opening Report, ¶ 66.

[30] Cox Opening Report, ¶ 59.  See also, for example, TR-0000525-527 at 525 ); TR-0000531-532 at 531                                                    TR-0000538-540 at 540



**22.**

**VIII.**

**23.**

TR-0000541-543 at 541 ██████████████████████████████████

[31] Mart, Susan Nevelow. 2017. "The algorithm as a human artifact: Implications for legal [re] search." *Law Library Journal* 109(3): 387-422 (hereafter "Mart 2017"), ¶ 55-56.

[32] Berring, Robert C. 1994. "Collapse of the structure of the legal research universe: The imperative of digital information." *Washington Law Review* 69(9): 9-34, p. 21.

[33] Hanson, F. Allan. 2002. "From key numbers to keywords: How automation has transformed the law." *Law Library Journal* 94(4): 563-600, (hereafter, "Hanson 2002"), ¶ 16, citing Grossman (1994), *Id.* and Berring (1994) *Id.* "West would add new topics, but only when absolutely compelled to do so by major changes, and only after the passage of many years. The first addition did not come until 1926, when "automobiles" made it onto the list, and subsequent additions were made slowly and grudgingly."

[34] Hanson 2002, ¶ 16. Elsewhere in his paper, at ¶17, Hansen cites Grossman (1994), to say "attorneys working in certain rapidly developing areas of law such as civil rights sometimes have found the West digest system and other traditional research techniques to be more a hindrance than a help" (Grossman, George S. 1994. *Legal research: Historical foundations of the electronic age.* Oxford University Press).

[35] Mart 2017, ¶ 56.

[36] Cox Opening Report, ¶ 58-60.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



24.

25.

26.

---

[37] Cox Opening Report, ¶ 90-92.

[38] Malackowski Rebuttal Report, p. 21.

[39] Cox Opening Report, fn. 153.

[40] Cox Opening Report, ¶ 92.  Courts have long recognized the "Law of Demand" under which buyers will purchase more of a product the lower its price.  See Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc., 246 F.3d 1336, 1359 (Fed.Cir. 2001). The court in *Crystal Semiconductor* cites Paul A. Samuelson's classic text, *Economics*, pp. 53-55 (11th ed.1980)).

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

27. 

28.

---

41 Malackowski Rebuttal Report, p. 20.

42 Cox Opening Report, ¶ 88.

43 Cox Rebuttal of Malackowski, ¶ 32.

44 Malackowski Rebuttal Report, p. 21.

45 Council of Economic Advisors.  2016.  "Benefits of competition and indicators of market power," *Council of Economic Advisors Issue Brief, Updated May 2016*, pp. 1-2 ("A long line of economic literature argues that competition among firms benefits consumers via lower prices.  Competition can benefit consumers in other ways as well: competition may lead to greater product variety, higher product quality, and greater innovation, which drives productivity growth and helps lift living standards." [internal citations omitted]).  See also Kovacic, William E., and Shapiro, Carl.  2000.  "Antitrust policy: A century of economic and legal thinking."  *Journal of Economic Perspectives* 14(1): 43-60.

12

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



29.

30.

---

[46] ROSS-009664862; ROSS-009690394; ROSS-009721062.

[47] See for example TR-0000512-514 at 512
TR-0000519-521 at 519                    ; TR-0000522-524 at 522
); TR-0000525-527 at 525
TR-0000531-532 at 531
); TR0000533-535 at 533
; TR0000536-537 at 536
; TR-0000538-540 at 540
; TR-0000541-543 at 541
TR0000544-545 at 544 (

[48] Malackowski Rebuttal Report, p. 19.

[49] Malackowski Rebuttal Report, p. 17.

[50] Cox Opening Report, ¶ 87.

[51] Cox Opening Report, ¶ 92.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*



31.  ████████████████████████████████████



_____

Alan J. Cox

---

52 Cox Opening Report, ¶¶ 85-95.

53 See for example Barnett, Thomas O.  2017.  "Maximizing Welfare Through Technological Innovation," Presentation to the George Mason University Law Review 11th Annual Symposium on Antitrust, Washington, DC, p. 2 ("Consumer surplus will increase if the price declines, or if the quality or quantity at a given price increases, or if a new and better (more valuable) alternative to the good emerges.").  See also Council of Economic Advisors.  2016.  "Benefits of competition and indicators of market power," *Council of Economic Advisors Issue Brief, Updated May 2016*; Kovacic, William E., and Shapiro, Carl.  2000.  "Antitrust policy: A century of economic and legal thinking."  *Journal of Economic Perspectives* 14(1): 43-60.

54 Cox Opening Report, ¶ 96.

14

**APPENDIX A**

# Alan J. Cox
## Independent Economic Consultant

## Education

**University of California, Berkeley**
Ph.D., Business Administration, Economic Analysis and Policy Program, 1989
Major Fields: Industrial Organization, Finance, Econometrics

**University of British Columbia**
M.A., Economics, 1978

**York University, Toronto**
B.S., Environmental Science, 1976

## Professional Experience

| | |
|---|---|
| 2020 | **Independent Economic Consultant**<br>**Affiliated Consultant, NERA Economic Consulting** |
| | **NERA Economic Consulting** |
| 2020- | Outside Consultant |
| 2016-2018 | Chair of NERA's Global Intellectual Property Practice |
| 2001-2019 | Managing Director/Senior Vice President |
| 1998-2001 | Vice President |
| 1994-1998 | Senior Consultant |
| 1988-1989 | Senior Analyst |
| | **Law & Economics Consulting Group, Inc.** |
| 1989-1994 | Vice President and Senior Economist |
| | **University of California, Berkeley** |
| 1983-1989 | Research Assistant |

Alan J. Cox

|            | **Minimax Research Corporation** |
| 1985-1987  | Economist |

|            | **Massachusetts Institute of Technology** |
| 1978-1981  | Visiting Economist |

|            | **University of British Columbia** |
| 1978       | Research Associate |

# Teaching Experience

|            | **St. Mary's College of California** |
| 1994-1995  | Visiting Lecturer, Graduate School of Management<br>Taught Industrial Structure and Competitive Strategy. |

|            | **Northeastern University** |
| 1989       | Adjunct Lecturer, Graduate School of Management<br>Taught Managerial Economics. |

|            | **University of California, Berkeley** |
| 1984-1985  | Teaching Assistant<br>Taught Intermediate Microeconomics. |

# Expert Testimony, Affidavits, and Reports
(Clients underlined)

### *Antitrust*

*Vicky Maldonado, et al. v. Apple Inc., et al.,* U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on  April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation,* U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

Alan J. Cox

*Trendsettah USA, Inc. and Trend Settah, Inc. v. Swisher International, Inc.*, USDC Case No. 8:14-CV-01664-JDS
*Trial Testimony* March 24 and 29, 2016, *Supplemental Expert Report* dated December 18, 2015, *Deposition* on December 17, 2015 and *Expert Report* dated December 11, 2015 on behalf of defendant Swisher International, Inc. evaluating economic issues related to defendant's alleged anticompetitive conduct and alleged breach of contract.

### Intellectual Property

*SinCo Technologies Pte, Ltd. v. SinCo Electronics, (Dongguan) Co., Ltd.; XingKe Electronics (Dongguan) Co., Ltd; XingKe Electronics Technology Co., Ltd.; Sincoo Electronics Technology Co., Ltd.; Mui Lang Tjoa (An Individual); Ng Cher Yong Aka Cy Ng (An Individual); And Liew Yew Soon Aka Mark Liew (An Individual)* U.S.D.C. for the Northern District of California, Case No. 3:17CV5517 EMC
*Expert Report*, January 9, 2020 on the economic consequences of defendants' trademark misuse and the appropriate methods for calculating the allowed remedies. *Supplemental Expert Report*, October 1, 2021 commenting late submitted data. *Trial testimony*, November 10 and 12, 2021.

*FOX Factory, Inc., v. SRAM, LLC, and Sandleford Limited*, U.S.D.C. for the District of Colorado Case Nos. 1:18-cv-00127-WJM-NYW and 1:18-cv-00130-WJM-NYW, Filed: October 11, 2017.
*Rebuttal Report* dated January 25, 2019 on behalf of defendants, SRAM, LLC and Sandleford Limited regarding purported reasonable royalty damages experienced by FOX, if any, from the alleged patent infringements by defendants.

*TC Technology LLC v. Sprint Corporation and Sprint Spectrum, L.P.,* USDC for the District of Delaware Case No. 1:16-cv-00153-UNA, Filed: March 10, 2016.
*Deposition* November 20, 2018, Expert *Rebuttal Report* dated October 22, 2018 regarding economic issues regarding purported reasonable royalty damages.

*ZF Micro Devices, Inc., et al. v. TAT Capital Partners, LTD., etc., et al,* Santa Clara County Superior Court Case No. 1-09-CV 134970, Filed: February 17, 2009.
*Deposition* on September 14, 2018 on behalf of TAT Capital Partners, LTD regarding damages due to breach of fiduciary duty and conspiracy related to tortious activities.

*Thomas Davidson, et al. v. Apple, Inc.,* U.S.D.C. for the Northern District of California Case No. 5:16-cv-4942-LHK, Filed: August 27, 2016.
*Deposition* on May 9, 2019, *Expert Rebuttal Report* dated February 15, 2019, *Declaration in Support of Defendant's Opposition to Amended Motion for Class Certification* dated December 6, 2018, *Declaration* in Support of Defendant's Opposition to Motion for Class Certification dated February 9, 2018, on behalf of defendant, Apple Inc. related to economic issues and sale of Apple smartphones in the U.S.

*Amgen Inc. and Amgen Manufacturing Limited v. Sandoz Inc., Sandoz International GMBH, Sandoz GMBH, and LEK Pharmaceuticals D.D.*, USDC for the Northern District of California, San Francisco Division, Case 3:16-cv-02581, Filed: May 12, 2016.

Alan J. Cox

*Deposition* on October 6, 2017, *Supplemental Expert Report* dated October 2, 2017and *Expert Report* dated July 28, 2017 regarding lost profits and reasonable royalty damages for alleged patent infringements by Sandoz defendants.

<u>*C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.* v. *AngioDynamics, Inc*</u>., U.S.D.C. for the District of Delaware, Case No. 1:15-cv-00218-SLR-SRF, Filed: March 10, 2015
*Trial testimony* March 6-7, 2019, *Deposition* dated December 13, 2017, *Reply to Supplemental Expert Report* dated December 6, 2017, *Reply Expert Report* dated December 1, 2017, *Expert Report* dated September 1, 2017 on behalf of C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") regarding reasonable royalties and lost profits damages experienced by Bard as a result of alleged patent infringements by AngioDynamics, Inc.

*The <u>Regents of the University of California and Becton, Dickinson and Company</u>* v. *Affymetrix, Inc. and Life Technologies Corp.,* U.S. District Court for the Southern District of California Case No. 3:17- cv-01394-H-NLS.
*Deposition* dated February 27, 2019, *Expert Report* dated December 7, 2018 regarding the need for a permanent injunction, lost profits damages, and reasonable royalty damages for the alleged patent infringement by Defendants, *Deposition* on September 22, 2017, *Declaration* in Support of Plaintiff, <u>Becton, Dickinson and Company</u>'s Motion for Preliminary Injunction to enjoin sales of allegedly infringing brilliant polymers used in flow cytometry, dated July 12, 2017.

*EON Corp. IP Holdings, LLC v. <u>Apple Inc</u>.,* USDC for the Northern District of California, San Francisco Division Case No. 3:14-CV-05511-WHO
*Expert Report* dated March 15, 2017 on behalf of Defendant, Apple Inc., regarding reasonable royalty damages experienced by EON Corp. as a result of an alleged patent infringement by Apple Inc.

*In the Matter of:  Certain Network Devices, Related Software and Components Thereof (I)*
U.S. International Trade Commission Investigation No. 337-TA-944 Enforcement Proceedings
*Testimony* before the U.S. International Trade Commission on April 5, 2017, *Rebuttal Witness Statement* dated February 27, 2017, *Deposition* on February 6, 2017, *Supplemental Rebuttal Expert Report* on February 4, 2017 and *Rebuttal Report* on February 1, 2017 on behalf of respondent <u>Arista Networks, Inc.</u>, regarding proposed penalty due to alleged non-compliance with a Cease and Desist Order issued in the underlying 944 investigation.

*Telesocial Inc. v. <u>Orange S.A.,</u> et al*., USDC for the Northern District of California Case No. 3:14-cv-0398-JD
*Deposition* on December 22, 2016 and *Expert Report* dated December 12, 2016, on behalf of defendant Orange S.A., responding to plaintiff's expert's report with regard to alleged damages incurred by plaintiff due to defendant's alleged misappropriation of trade secrets.

<u>*AI-Daiwa, Ltd.* v. *Apparent, Inc., et al.,*</u> US District Court for the Northern District of California Case No. CV13-04156(VC)
*Deposition* on August 14, 2015 and *Expert Rebuttal Report* dated July 29, 2015 on behalf of claimant AI-Daiwa, Ltd. regarding damages due to claimant's alleged breach of contract.

Alan J. Cox

*Comcast Cable Communications, LLC, et al. v. Sprint Communications Company L.P., et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Deposition* on April 1, 2016, *Expert Report* dated July 15, 2015 on behalf of defendants Sprint Communications Company L.P., Sprint Spectrum L.P., and Nextel Operations, Inc. ("Sprint") regarding the purported reasonable royalty damages experienced by Comcast due to Sprint's alleged infringement of Comcast's patent.

*Sprint Communications Company L.P., et al. v. Comcast Cable Communications LLC, et al.*, US District Court for the Eastern District of Pennsylvania Case No. 2:12-cv-00859-JD
*Direct Trial Testimony* and *Cross-Examination* in the Eastern District of Pennsylvania on February 9 and 10, 2017, *Deposition* on April 1, 2016, *Reply Expert Report* dated July 29, 2015 and *Expert Report* filed on June 17, 2015, on behalf of counterclaim-plaintiffs Sprint Communications Company L.P. and Sprint Spectrum L.P. ("Sprint") regarding reasonable royalty damages experienced by Sprint due to Comcast's alleged infringement of Sprint's patents.

### Class Certification

*Ivan and Melanie Kail, Barry Garfinkel, Frederick Sharp v. Wolf Appliance*, United States District Court for the Eastern District of New York.
*Deposition* on April 17, 2019, *Expert Rebuttal Report* dated March 7, 2019 on behalf of defendant, Wolf Appliance, Inc. Expert rebuttal of proposed damages methodology and class certification regarding Wolf ovens in the U.S.

*Vicky Maldonado, et al. v. Apple Inc., et al.*, U.S.D.C. for the Northern District of California, San Francisco Division Case No. 3:16-cv-04067-WHO
*Deposition* on April 15, 2019, *Declaration and Expert Report in Support of Defendants' Opposition to Class Certification* dated April 8, 2019 on behalf of Apple Inc., AppleCare Service Company, Inc. and Apple CSC Inc. in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones and iPads in the U.S.

*In Re Korean Ramen Antitrust Litigation*, U.S. District Court for the Northern District of California, San Francisco Division, Case No. 3:13-cv-04115-WHO
*Trial testimony* on December 12-13, 2018, *Deposition* on September 27, 2017, *Reply Expert Report* dated August 18, 2017, *Supplemental Expert Report* dated July 21, 2017, *Reply Declaration* dated November 2, 2016, *Deposition testimony* on October 7, 2016 and *Declaration* of Alan J. Cox dated August 24, 2016 on behalf of Defendants Nongshim Co., Ltd., Nongshim America, Inc., Ottogi Co. Ltd and Ottogi America, Inc. responding in opposition to Motions by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs for Class Certification relating to the sales of Korean ramen products in the United States by Defendants.

*Fabrienne English, et al. v. Apple Inc., Applecare Service Company, Inc. and Apple CSC Inc.*, US District Court for the Northern District of California Case No. 3:14-cv-01619-WHO.
*Deposition*, September 25, 2015 and *Expert Report*, September 9, 2015 in rebuttal to Plaintiffs' Economic Expert report on class certification related to Apple service plans for iPhones in the U.S.

Alan J. Cox

### Contract Disputes

*Major Brands, Inc.* v. *Mast-Jägermeister US, Inc., et al.,* U.S.D.C. for the Eastern District of Missouri Eastern Division, Case No. 4:18-cv-00423-HEA
*Trial testimony*, November 18, 2020.  Reply *Report* dated December 4, 2020.  *Deposition* dated September 2, 2020, *Initial Expert Report* dated November 1, 2019 on behalf of plaintiff Major Brands, Inc. regarding damages suffered by Major Brands as a result of the alleged wrongful termination of the DistributionAgreement and the alleged wrongful actions by the defendants.

*Cypress Insurance Company, as subrogee of Microsoft Corporation, v. SK hynix America, Inc.,* USDC, for the Western District of Washington at Seattle Case No. 2:17-cv-00467-RAJ, Filed: March 23, 2017.
*Trial testimony* on March 19, 2019, *Deposition* dated October 10, 2018, *Rebuttal Expert Report* dated September 25, 2018, *Initial Expert Report* dated September 4, 2018 regarding economic issues related to an alleged breach of a supply agreement for DRAM chips between SK Hynix America and Microsoft Corporation.

## PUBLICATIONS

"The Damages Testimony in VLSI Technologies v. Intel,"  Guest Post on Patently-O, March 19, 2021.
Guest Post by Alan Cox: The Damages Testimony in VLSI Technologies v. Intel | Patently-O (patentlyo.com)

David S. Almeling, et al., *Disputed Issues in Awarding Unjust Enrichment Damages in Trade Secret Cases*, 19 Sedona Conf. J. 667 (2018).

"The Limitations of Analytical Approach to Reasonable Royalty," published April 13, 2017 in *Law360*. Dr. Cox offers a rebuttal to a previously published *Law360 article, "*Determining Reasonable Royalties with Analytical Approach." He provides a detailed counterargument explaining that the analytical approach is inappropriate for the valuation of intellectual property and that it is especially ill-suited for complex products.

"Using Citation Analysis to Value Patents," published in *Financier Worldwide* Magazine January 2016 Issue.

"Misuse of Patent Citation Analysis in *Finjan v. Blue Coat,"* published October 7, 2015 in *Law360*. Dr. Cox provides an overview of how to assess patent values using quantitive data on number of forward citations received by a patent.

Article, "Off the Wagon," published February 6, 2015 in *Commercial Dispute Resolution* magazine. The article discusses the analysis used to calculate damages based on lost profits to Major Brands due to both the alleged breach of contract by Diageo and tortious interference by the competing distributor.

Alan J. Cox

"The Demise of Junk Science and the 25% Rule," column published in *IPLaw360*, 29 July 2010, with Stephen Rusek.  It discusses the use of the so-called 25 Percent Rule which the writers point out has no rational, scientific, or business basis.  This lack of principal combined with the *ad hoc* manner in which the purported rule is implemented can also give wildly unpredictable results.

"Three Cases Reshaping Patent Licensing Practice," article published in *Managing Intellectual Property*, 1 March 2010, with Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

"Compensatory Damages Issues in Patent Infringement Cases: A Handbook for Federal District Court Judges."  Participation, with committee members, which included legal practitioners, trial judges, damages experts, and academics, in the development of a handbook for trial courts to consult on procedural practices that may be helpful in the management and adjudication of damages issues in patent cases.  20 January 2010.

"2 Economists' Take On i4i V. Microsoft," column published in *Law360*, 23 November 2009, with Mario Lopez, reviewing the damages raised in the CAFC's hearings in the I4I case and the appropriate standards for estimating damages in patent infringement cases.

# PRESENTATIONS AND WORKING PAPERS

Panelist for Webinar *TCL v. Ericsson* FRAND Decision: Legal Implications LIVE Webcast, September 07, 2018, The Knowledge Group, LLC.

Panelist, "Settling Trade Secret Disputes," webinar hosted by the Intellectual Property Owners Association IP Chat Channel on January 30, 2018.  Joining Dr. Cox were Victoria Cundiff of Paul Hastings and Barbara Reeves, mediator and arbitrator at JAMS.

Dr. Cox led a panel discussion on "Reasonable Royalty in FRAND" at the 2017 National Technology Law Conference in Taipei, Taiwan.  The conference, presented by the National Chiao Tung University School of Law, was held on 25-26 October 2017.

October 13, 2017, invited speaker at the 6th Annual US-China Intellectual Property Summit co-hosted by Loyola Law School, The Berkeley Center for Law and Technology, and China Renmin University IP Academy.  Dr. Cox spoke on "New Trends in IP Litigation, Courts, and Enforcement."

Dr. Cox addressed a conference on "Economics in IP and IP in Economics" held at Renmin University in Beijing on 14-15 July 2016.  He discussed issues on the appropriate calculation of damages in IP matters and related issues in antitrust.  Dr. Cox also appeared as an expert invited by the USPTO and met with the judges of the Jiangsu and Guangdong High Courts.

Panelist at a video webcast titled "Preparing for an Exit: Private Company Valuation," hosted by Expert Webcast on April 28, 2016.  Dr. Cox discussed techniques and considerations in the valuation of Intellectual Property.

Alan J. Cox

Invited speaker at the *Eighth Annual International Legal Alliance Summit & Awards*, organized by Leaders League, in New York City on June 24, 2015.  Dr. Cox participated in an expert insights session entitled "International IP Trends: Litigation & Prosecution, IP Wars."

July 22, 2015, Panelist on "Meeting the Challenge of Patent Valuation" at the CPIP's Summer Institute in Patent Law, Beaver Creek CO, sponsored by Center for the Protection of Intellectual Property, George Mason University School of Law.

Keynote Speaker, at the *2014 International Symposium on Damages for Patent Infringement*, hosted by the Taiwan Intellectual Property Training Academy (TIPA): Taipei, Taiwan on October 24, 2014. Dr. Cox presented "Determining Patent Damages: Lessons and Challenges from the US" and served as a panelist in a session entitled "Damage Calculation of Patent Infringement in Taiwan: Observations on Development in Recent Years."

Program Co-chair, "Litigating Patent Damages: Strategic Issues for Proving and Refuting Damages Claims," hosted by Law Seminars International, San Francisco May 29-30, 2014.  Dr. Cox also took part on a panel and discussed issues raised in *CMU v. Marvell*: Foreign Sales and the use of the Analytical Method as an alternative to the Hypothetical Negotiation, including products made and sold outside the U.S. in the royalty base.

"Intangibles: The Challenge of Understanding Value Creation within Multinational Enterprises." In this NERA seminar, held in Paris on 12 December 2013, Dr. Cox and NERA colleagues, Dr. Emmanuel Llinares and Vice President Sébastien Gonnet discussed how to identify and map intangibles within multinational enterprises (MNEs), and presented the economic framework for intangibles valuation.

Presentation to Gibson Dunn & Crutcher, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently and the Deutsche Bank Decision," in San Francisco on December 4, 2013.  Discussed issues involved in Securities 10b5 cases as they relate to efficient markets and explored the US District Court's interesting decision in *Deutsch Bank*.

Presentation to Latham & Watkins, LLP titled "Determining Whether a Stock (or Stocks) Traded Efficiently," in San Francisco on October 15, 2013.

Participation, in *Economics Analysis of Business Disputes*, seminar hosted by NERA in Tokyo on July 19, 2013.  Dr. Cox and Economists from NERA's Japan and US offices examined recent economic analyses in complex business disputes and litigation in Japan and the United States.  Dr. Cox presented "Trends in Patent Litigation in the United States:  Consequences for Global Companies."

Presentation to Haynes and Boone, LLP titled "Patent Trolls or Patent Angels: Who are They and How Do They Affect Innovation?" in Dallas, Texas on June 12, 2013.

Alan J. Cox

Participation in the *IP Strategy Summit: Enforcement*, hosted by IGlobal Forum in Washington, DC on 29-30 May 2013.  "Standard Essential Patents (SEPS) and Your Enforcement Strategy," moderated by NERA colleague, Dr. David Blackburn, and panelists Dr. Alan Cox, Paul Michel, retired Chief Judge of the Federal Circuit and Laura Beth Miller of Brinks Hofer Gibson & Lion discussed the current SEPs landscape in light of recent disputes among smartphone technology owners, the recent RAND decision in the *Microsoft v. Motorola* case and trends in both federal courts and the US International Trade Commission.  Dr. Cox also took part on a panel entitled "International Enforcement: Globalization and Your IP," which covered intellectual property enforcement issues in China, India and Europe.

Dr. Cox was invited to be a panelist on the IPO IP Chat Channel webinar on "FRAND Determined: Judge Robart's Decision in "*Microsoft v. Motorola/Google,*" on May 9, 2013.  Joining Dr. Cox were William Coats of Greenberg Traurig and Sandy Block of IBM.

"Effective Responses to Patent Trolls:  We Can Cross That Bridge."  Alan Cox and Bob Skitol of Drinker Biddle were joined by Cynthia Bright, Esq. of Hewlett-Packard Company, Michelle Lee, Director, USPTO Silicon Valley; and Fiona Scott Morton, Professor, Yale School of Management at NERA/DrinkerBiddle hosted luncheon conference on May 8, 2013 in East Palo Alto.  Dr. Cox discussed effective responses to patent infringement claims and threats of such claims from patent assertion entities.

Presentation to Winston & Strawn LLP titled "The Use of Comparable Licenses" with NERA colleague Anne Gron, Ph.D. in Chicago on May 1, 2013.

Presentation to Steptoe & Johnson LLP titled "Rigorous Economic Basis for Calculating and Proving IP Damages" in Washington, DC on April 12, 2013.

Dr. Cox was invited to address the course in "Intellectual Property Legal Practice" at Beijing University School of Law on 3 March 2013.  The course, managed by the Beijing office of King & Wood Mallesons, is designed to enable students to master the basic theory and practices of intellectual property law.  Dr. Cox discussed issues of intellectual property valuation, damages assessment, and possible anticompetitive uses of intellectual property incorporated into standards.

Participation, in the 2012 *Cross-Border IPR Dispute Resolution Conference*, hosted by ASCo: Seoul, Korea on October 17-18, 2012.  NERA sponsored this conference, where Dr. Cox led a master class entitled "IPR Negotiation:  Effective Calculation of Patent Damages and Negotiation Tactics."

Presentation, a GIL 2012:  The Global Community of Growth, Innovation and Leadership, hosted by the GIL Community: San Jose, California.  Dr. Cox gave a presentation on "Developments in IP Protection in China" on September 12, 2012.

Presentation to Latham & Watkins, LLP titled "Current Use of Economic Analyses in Class Certification in Securities Fraud Matters" with NERA colleague Stefan Boettrich in New York City on January 17, 2012.

Alan J. Cox

Participation in "The Lifecycle of a US 'Class Action' Lawsuit: What Chinese Companies Need to Know," hosted by Marsh: Beijing, China, November 1, 2011.

"Recent trends in US patent litigation and the impact on non-US companies" presentation at the 8th Annual Asia-Pacific IP Forum in, Kowloon, Hong Kong on September 29, 2011.

"International Trends in Securities Fraud Litigation and the Impact on Chinese Companies," presentation with NERA colleague Mark Berenblut, hosted by the Hong Kong Society of Financial Analysts on September 27, 2011 in Hong Kong.  Dr. Cox discussed the economics of damages claims in lawsuits alleging securities fraud by directors and officers of companies listed on the US and other stock exchanges.

"Comparables:  the use and misuse of benchmark royalty rates for patent damages," hosted by Dewey LeBeouf, San Francisco on July 12, 2011.  Dr. Cox addressed the role of licenses and industry benchmarks in the determination of reasonable royalties.

Panelist at the "Stanford IP Seminar for Intellectual Property Judges from The People's Republic of China," hosted by Stanford Law School May 23-27, 2011.  Dr. Cox and co-panelist, USDC for the Northern District of California, Elizabeth D. Laporte, Magistrate Judge, discussed current United States intellectual property law and patent damages.

"Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," hosted by the Austin Chapter of Licensing Executives Society (LES) on May 31, 2011.  Dr. Cox discussed the difficulties in defining a Fair, Reasonable, and Non-Discriminatory (FRAND) royalty, an issue that often results in litigation.

"Implications of Recent Legal Developments on the Handling of Patent Cases in the Trial Court."  Dr. Cox discussed the evolving standards in damages estimation at the patent litigation presentation to the District Judicial Council for the Southern District of California on April 25, 2011 in Dana Point, CA.

"Unlocking *Uniloc*:  Meeting the Court's New Evidentiary Standards for Reasonable Royalties," one of a series of roundtable discussions hosted by NERA in San Francisco on March 3 and Palo Alto, California on March 4, 2011.

Moderator, "*Uniloc v. Microsoft*:  A Key New Ruling for Patent Damages," expert analysis telebriefing hosted by Law Seminars International on January 21, 2011.

Presentation to Allen and Overy LLP and to Ashurst LLP titled "The Simple Economics of Reasonable Royalties for Patents Incorporated into a Technical Standard," in London on December 6, 2010.

"Trends in Intellectual Property Protection and Antitrust Enforcement in China," seminar hosted by NERA in San Francisco on November 3, 2010.

Alan J. Cox

Presentation at Foley & Lardner LLP's "Eye on China Roundtable Series," by Dr. Cox with Victor Xue, Executive Vice-President, US-China Green Energy Council and Catherine Sun, Managing Partner, Foley & Lardner Shanghai Offices, titled "IP Enforcement in China 2010: Myth or Reality?" given in Palo Alto on November 1, 2010.

Silicon Valley Chapter of Licensing Executives Society, Panelist, "Licensing and Litigating Reasonable Royalties for the Patents in Technical Standards," September 22, 2010.

"Tips for Determining 'Reasonable' Royalties: The impact of recent case law on the economic analysis." Presentations at conference on "Legal Issues in Software Development," sponsored by Law Seminars International on June 16, 2010, in Seattle, WA.

Presentation to ZTE Corporation on June 4, 2010 in Shenzhen, China on patent infringement damage calculations in the United States.

Presentation to the Supreme People's Court of the People's Republic of China, including Chief Justice Kong Xiangiun, on May 26, 2010. Dr. Cox, together with NERA colleague, Dr. Fei Deng, discussed the methods used in the United States to calculate damages in patent, trade secret, and trademark infringement litigation. They also discussed antitrust issues related to intellectual property.

"Infringement Decisions and Judgments: Important Lessons from High Profile Cases," presented at the 2nd Annual Anti-Monopoly & Competition Law Summit held May 25-27 in Beijing. Dr. Cox discussed the differing treatment of *Intel* in jurisdictions around the world.

Panelist, "Trade Secret Remedies—Getting Creative," one-hour webinar hosted by the Intellectual Property Owners Association IP Chat Channel on April 1, 2010.

"Using Economics to Accurately Valuate IP," presentation with colleagues, Stephen Rusek and Dr. Mario Lopez, given at the Fenwick & West LLP Mountain View office on February 25, 2010.

"Damage Quantification in Patent Litigation: Putting the 'Reasonable' in Reasonable Royalty Rate Determinations," seminar hosted by NERA in Toronto, Canada on December 9, 2009. Dr. Cox and colleague, Mark Berenblut discussed patent valuation and reasonable royalties.

"Groundhog Day: Recurring Themes on Reasonable Royalties in Recent IP Damage Cases," NERA working paper, December 7, 2009, with colleagues Dr. Elizabeth M. Bailey and Dr. Gregory K. Leonard.

*CONFIDENTIAL – ATTORNEY EYES ONLY*

**Appendix B**

Documents Reviewed

In Connection with

Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, v. ROSS Intelligence Inc.

Case No. 20-613-SB

## Court and Legal Documents

- Court's Order, dated July 25, 2022

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Complaint

- Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Response and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1

- Plaintiffs and Counterdefendants Thompson Reuters Enterprise Center GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21

- Letter from Miranda Means to Joachim Steinberg, dated May 11, 2022

- *Am. Geophysical Union v. Texaco Inc*., 60 F.3d 913, 930 (2d Cir. 1994)

- *Crystal Semiconductor Corp.* v. *TriTech Microelectronics Intern., Inc*., 246 F.3d 1336, 1359 (Fed.Cir. 2001)

- 17 U.S.C. § 107

## Deposition Transcripts

- Deposition of Andrew Martins, dated March 25, 2022

- Deposition of Jimoh Obviagele, dated April 12, 2022

## Expert Reports

- Report of Defendant's Expert L. Karl Branting, J.D., Ph.D., dated August 1, 2022

- Expert Report of Alan J. Cox, Ph.D., dated August 1, 2022

- Expert Rebuttal Report of Alan J. Cox, Ph.D., dated September 6, 2022

- Expert Report of Alan J. Cox, Ph.D., dated September 20, 2022

- Expert Report of Dr. Jonathan L. Krein, dated August 1, 2022

*CONFIDENTIAL – ATTORNEY EYES ONLY*

- Expert Rebuttal Report of James E. Malackowski, dated September 6, 2022

**Academic Literature and Presentations**

- Barnett, Thomas O.  2017. "Maximizing Welfare Through Technological Innovation," Presentation to the George Mason University Law Review 11th Annual Symposium on Antitrust, Washington, DC

- Berring, Robert C.  1994.  "Collapse of the structure of the legal research universe: The imperative of digital information." *Washington Law Review* 69(9): 9-34

- Council of Economic Advisors.  2016.  "Benefits of competition and indicators of market power," *Council of Economic Advisors Issue Brief, Updated May 2016*

- Grossman, George S. 1994. "Legal Research: Historical Foundations of the Electronic Age." *Oxford University Press*

- Hanson, F. Allan.  2002.  "From key numbers to keywords: How automation has transformed the law." *Law Library Journal* 94(4): 563-600

- Kovacic, William E., and Shapiro, Carl.  2000.  "Antitrust policy: A century of economic and legal thinking."  *Journal of Economic Perspectives* 14(1): 43-60

- Mart, Susan Nevelow. 2017.  "The algorithm as a human artifact: Implications for legal [re] search." *Law Library Journal* 109(3): 387-422

**Bates Stamped Documents**

- ROSS-003390563

- ROSS-009664862

- ROSS-009690394

- ROSS-009721062

- TR-0000512-514

- TR-0000519-521

- TR-0000522-524

- TR-0000525-527

- TR-0000531-532

- TR-0000533-535

- TR-0000536-537

*CONFIDENTIAL – ATTORNEY EYES ONLY*

- TR-0000538-540

- TR-0000541-543

- TR-0000544-545

- TR-0044730

- TR-0179830-837

- TR-0179838-842

- TR-0179843

- TR-0179885

# EXHIBIT AO

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

THOMSON REUTERS ENTERPRISE             )
CENTRE GMBH and WEST PUBLISHING        )
CORPORATION,                           )
                                       )   C.A. No. 20-613-SB
    Plaintiffs/ Counterdefendants       )
                                       )   **CONFIDENTIAL, HIGHLY**
               v.              )   **CONFIDENTIAL – ATTORNEYS'**
                                       )   **EYES ONLY**
ROSS INTELLIGENCE INC.,                )
                                       )
    Defendant/ Counterclaimant.         )


**EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS**

CONFIDENTIAL

## Table of Contents

Introduction ........................................................................................................................ 3

Experience and Qualifications ........................................................................... 3

Materials Considered ............................................................................................ 5

Assignment ...................................................................................................................... 6

Summary of My Opinions .................................................................................... 8

Methodology ................................................................................................................... 8

████████████████████████████████████████████████

Materials Received and Relied On ................................................................ 13

████████████████████████████████████████████████

Conclusions ................................................................................................................. 50

CONFIDENTIAL

## INTRODUCTION

1. ███████████████████████████

███████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

## EXPERIENCE AND QUALIFICATIONS

2. ███████████████████████

███████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

3. ██████████████████████████

██████████████████████████████████

████████████████████████████████████

---

[1] Ex. A, Curriculum Vitae of B. Frederiksen.

CONFIDENTIAL



CONFIDENTIAL



9. ████████████████████████
████████████████████████████
████████████████████████

10. ███████████████████████
█████████████████████████████
███████████

11. ███████████████████████
█████████████████████████████
████████████████

12. ███████████████████████
██████████████████████████
█████████████████████████████
█████████████████████████████
█████████████████████████████
████████████████████████████

## CONFIDENTIALITY

13. ███████████████████████
█████████████████████████████
████████████████████████████
█████████████████████████████
███████████████████████████
████████████████████████████
██████████████████████

## MATERIALS CONSIDERED

14. ███████████████████████
█████████████████████████████
█████████████████████████████
█████████████████████████████

CONFIDENTIAL



**ASSIGNMENT**

15.

16.

---

[2] I am aware of the Court's Order dated July 25, 2022 compelling Plaintiffs to supplement their Interrogatory No. 1 response. When Plaintiffs serve a third supplemental response, I reserve the right to amend, supplement, or provide a new or different report based on my review of that third supplemental response.

[3] Plaintiffs' Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence, Inc.'s Interrogatory No. 1, at 10 (Mar. 23, 2022) ("Plaintiffs' Sec. Supp. Response to Interrogatory No. 1").

CONFIDENTIAL



Case 1:20-cv-00613-SB Document 303-1 Filed 01/09/23 Page 396 of 1033 PageID #: 85776

Page **7** of **51**

CONFIDENTIAL

## SUMMARY OF MY OPINIONS

- ███████████████████████████████████████
  ████████████████████████████████████████████
  █████████████████████████

- █████████████████████████████████████████
  ███████████████████████████████████████████████
  █████████████████████████████████████████
  ██████████████████████████████████

- █████████████████████████████████████████
  ███████████████████████████████████████████████
  ███████████████████████████████████
  ████████████████████████████████████████
  █████████████████████████████

## METHODOLOGY

21.  ██████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████

CONFIDENTIAL





CONFIDENTIAL



6.
7.
8.
9.
22.
23.
24.

[6] ROSS-003411169; ROSS-003332368.
[7] Tomas van der Heijden Dep. Ex. 96 (Jan. 28, 2020) ("van der Heijden 2020 Dep.").
[8] van der Heijden 2020 Dep. Ex. 111.
[9] van der Heijden 2020 Dep. Ex. 111.
[10] van der Heijden 2020 Dep. 151:16 – 152:4; van der Heijden 2020 Dep. EX 111.
[11] van der Heijden 2020 Dep. Ex. 111.

CONFIDENTIAL



25.

26.

[12] van der Heijden 2020 Dep. 151:16 – 152:4; van der Heijden 2020 Dep. Ex. 111.
[13] van der Heijden 2020 Dep. 77:3-10;78:8-79:7; *see also* Deposition of Ed Walters 182:5-18 (Mar. 1, 2022) ("Walters Dep."); ROSS-009721314.
[14] ROSS-003332368.

CONFIDENTIAL



27.

CONFIDENTIAL



## MATERIALS RECEIVED AND RELIED ON

28.

29.

30.

31.

---

[15] ROSS-000080391.
[16] van der Heijden 2020 Dep. 254:21-255:13.
[17] The list of Bate #s are identified in Exhibit G.
[18] Plaintiffs' Sec. Supp. Response to Interrogatory No. 1.

CONFIDENTIAL



32. 

---

[19] ROSS-003332368.

CONFIDENTIAL

33. 

34.

35.

36.

37.

---

[20] Scripts are available upon request.

CONFIDENTIAL



38.

39.

40.

41.

42.

43.

[21] \van der Heijden Dep. 82:5-8.

[22]

[23] Plaintiffs' Sec. Supp. Response to Interrogatory No. 1.

CONFIDENTIAL



44. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

45. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

46. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

47. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

48. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

CONFIDENTIAL



49.

50.

51.

52.

[25] ROSS-003332368.

CONFIDENTIAL



53.

54.

55.

56.

57.

26

27 *See* https://github.com/BurntSushi/ripgrep.

28 A Regular Expression (or "Regex") is a pattern (or filter) that uses a special syntax to describe criteria for matching character strings. When a particular string of characters are evaluated using a regex, the evaluation will identify whether the string matches the pattern identified by the regex. *See* https://www3.ntu.edu.sg/home/ehchua/programming/howto/Regexe.html#zz-1.1  and https://www3.ntu.edu.sg/home/ehchua/programming/howto/Regexe.html

CONFIDENTIAL



58. ████████████████████████
████████████████████████████
████████████████████████████
██████████████████████ ▪

59. ████████████████████████
███████████████████

60. ██████████████████████
█████████████████
████████████████████████████
███████████████████████████
███████

61. ███████████████████████
██████████████████████
████████████████████████████
███████████

████████████████████████

62. ██████████████████████
██████████████████████

63. ██████████████████████
██████████████████

─────────────────

[29] ████████████████████████████
██████████████████ .

CONFIDENTIAL



64. ███████████████████████████
███████████████████

    ███████████████████████████
    ████████████████████████████
    ███████████

65. █████████████████████████
████████████████████████████
███████████

66. █████████████████████████
█████████████████████████████
████

67. ████████████████████████
██████████████████████████████
██████████████████████████████

───────────────────────

[30] ██████████████████████████████
██████████████████████████████.

CONFIDENTIAL



CONFIDENTIAL



72.

73.

74.

75.

76.

77.

CONFIDENTIAL



78.

CONFIDENTIAL



CONFIDENTIAL



84. ███████████████████████████

85. ██████████████████████

CONFIDENTIAL



86. 

87. 

88. 

CONFIDENTIAL

89. 

90.

91.

92.

[33]

[34] See Exhibit N.

CONFIDENTIAL



93.

94.

95.

96.

97.

CONFIDENTIAL

98.



99.

100.

101.

---

[35] "Fuzzy string-matching" is a term of art used collectively for techniques that allow one to search using criteria that can identify partial matches. Instead of merely checking to determine if two strings are identical, a fuzzy string-match checks to see how similar they are and returns a numeric value that represents the degree of similarity.

CONFIDENTIAL

102. 

103.

104.

105.

106.

_____

[36] A character trigram is a set of three consecutive characters. It is applied as a sliding window, moving one character at a time, to identify three-letter sequences from the words in the headnote. Each word is considered to have two spaces prefixed and one space suffixed when determining the set of trigrams contained in the string. For example, the set of trigrams in the string "cat" is "c," "ca," "cat," and "at." *See:* https://www.postgresql.org/docs/current/pgtrgm.html (last visited July 20, 2022).. We used trigrams to measure the similarity of two strings by counting the number of unique trigrams they share, and then comparing this to the total number of unique trigrams from both strings.

CONFIDENTIAL



107.

108.

109.

110.

111.

112.

CONFIDENTIAL



113.

114.

115.

116.

[37] ███████████████████████████████████████████████████████

[38] I note while most of Plaintiffs' documents had multiple headnotes, some of the documents do not have any headnotes.

[39] TR-0844854 at TR-0844854_00010.jpg



[41] Nathaniel Gustafon, *et al*, *Nowhere to Hide: Finding Plagiarized Documents Based on Sentence Similarity*, In Proceedings of the 28 IEEE/WIC/ACM Int'l Conference on Web Intell., (Dec. 9, 2008), available at https://scholarsarchive.byu.edu/cgi/viewcontent.cgi?article=1149&context=facpub (last visited July 31, 2022).

CONFIDENTIAL



119. ███████████████████████████████

120. ███████████████████████████████

---

[42] Christopher Fox, *A Stop List for General Text* ,
https://dl.acm.org/doi/pdf/10.1145/378881.378888 (last visited July 30, 2022)
[43] The list from the 1989 Fox paper does not include the words: "am," "below," "doing," "hers,"
"ours," "ourselves," "theirs," "themselves," "whom," "yourself," and "yourselves." It does,
however, include variations, roots, and/or synonyms for all of these words, i.e. the words: "are,"
"under," "do," "his," "not," "our," "their," "them," "who," and "your" are all included in the Fox
paper.
[44] Adam D. Troy & Guo Qiang Zhang, *Enhancing Relevance Scoring with Chronological Term
Rank*,,https://lintool.github.io/robust04-analysis-papers/p599-troy.pdf (last visited Aug. 1, 2022);
Martin Potthast, *et al*, *Overview of the 2nd Inter'l Competition on Plagiarism
Detection*,https://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.174.2205&rep=rep1&type
=pdf (last visisted Aug. 1, 2022); *see also* Gustafson, *supra* 41.

CONFIDENTIAL



121.

122.

123.

124.

---

45 *See also* https://raw.githubusercontent.com/nltk/nltk_data/gh-pages/packages/corpora/stopwords.zip   (last visited July 30, 2022).
46

CONFIDENTIAL



125.

126.

127.

128.

---

[47] https://www.analyticsvidhya.com/blog/2021/06/fuzzywuzzy-python-library-interesting-tool-for-nlp-and-text-analytics/ (last visited July 31, 2022). Source code is available at https://github.com/seatgeek/fuzzywuzzy. (last visited July 31, 2022).

CONFIDENTIAL



129. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

130. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CONFIDENTIAL



131.

132.

133.

134.

---

[48] Trigram - another term for *trigraph* - a group of three consecutive written units such as letters, syllables, or words. (Google, quoting a linguistics definition from https://languages.oup.com/google-dictionary-en/).

[49] Alberto Barr´on-Cede˜no and Paolo Rosso *On Automatic Plagiarism Detection Based on n-Grams Comparison* (2009),https://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.459.2488&rep=rep1&type=pd

CONFIDENTIAL



135.

136.

---

f; Eva Y Puspaningrum *et al*, 2020 J. Phys.: Conf. Ser. 1569, *Detection of Text Similarity for Indication Plagiarism Using Winnowing Algorithm Based K-gram and Jaccard Coefficient* (2019),
https://www.researchgate.net/publication/343185747_Detection_Of_Text_Similarity_For_Indication_Plagiarism_Using_Winnowing_Algorithm_Based_K-Gram_And_Jaccard_Coefficient.
[50] https://www.postgresql.org/docs/9.1/pgtrgm.html (last visited July 31, 2022).
[51]

[52]

[53] The PostgreSQL "ceiling" function ("CEIL") rounds up its argument and returns the smallest whole number greater than the argument. For example, CEIL (3.1459) returns 4.0. *See* https://www.w3resource.com/PostgreSQL/ceil-function.php (last visited July 22, 2022).

CONFIDENTIAL



137.

138.

**Findings**

139.



CONFIDENTIAL



140.

CONFIDENTIAL





141.



142.

CONFIDENTIAL



CONFIDENTIAL

143. 

144.

CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

147.

148.

149.

150.



CONFIDENTIAL



CONFIDENTIAL



151. ███████████████████████████
████████████████████████

## <u>Conclusions</u>

152. ████████████████████████
██████████████████████████████
█████████████████████████████
███████████████████████

CONFIDENTIAL



153.

Date: August 1, 2022

Barbara Frederiksen-Cross
Director, Litigation Services
JurisLogic LLC

CONFIDENTIAL

# EXHIBIT AP

**IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE | ) | |
| CENTRE GMBH and WEST PUBLISHING | ) | |
| CORPORATION, | ) | |
| | ) | C.A. No. 20-613-SB |
| Plaintiffs/ Counter defendants | ) | |
| | ) | **CONFIDENTIAL, HIGHLY** |
| v. | ) | **CONFIDENTIAL – ATTORNEYS'** |
| | ) | **EYES ONLY** |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant/ Counterclaimant. | ) | |

**REBUTTAL REPORT OF BARBARA FREDERIKSEN-CROSS**

## Table of Contents

INTRODUCTION ................................................................................................ 3

EXPERIENCE AND QUALIFICATIONS .................................................................. 3

MATERIALS CONSIDERED ................................................................................ 4

SUMMARY OF MY OPINIONS ........................................................................... 4

BASIS OF MY OPINIONS .................................................................................. 8

FLAWS AND INCONSISTENCIES IN THE KREIN REPORT ...................................... 8

CONCLUSIONS .............................................................................................. 46

## INTRODUCTION

1. ███████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████

█████████████████████████████████

██████████████████████████████████

██████████████████████████████████

█████████████████████████████████

███████████████

## EXPERIENCE AND QUALIFICATIONS

2. ████████████████████████

███████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████████████████

3. ██████████████████████████

██████████████████████████████████

██████████████████████████████████

█████████████

4. ████████████████████████

██████████████████████████████████

██████████████████████████████

5. ████████████████████████

█████████████████████████████████████

█████████████

6. ███████████████████████████

███████████████████████████████

████████████████████████████

███████████████████████████████

████████████████████████

## CONFIDENTIALITY

7. ████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████████

██████████████████████████████

███████████████████████████████

██████████████████████████

## MATERIALS CONSIDERED

8. █████████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

███████████████████████████████████

█████████████████████████████████

█████████████████████████████████

███████████

## SUMMARY OF MY OPINIONS

9. █████████████████████████████

████████████████████████████████████

██████████

a) ████████████████████████████

███████████████████████████████████

████████████████████████████







15.

## BASIS OF MY OPINIONS

16. ███████████████████████████████████
████████████████████

## FLAWS AND INCONSISTENCIES IN THE KREIN REPORT

██████████████████████████

17. ████████████████████████████
████████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████

18. ████████████████████████████
██████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████

██████████████████████████████
19. ████████████████████████████████
██████████████████████████
20. ███████████████████████████████████████
██████████████████████████████████████████



21.

22.

23.

[1] Tr. Teri Whitehead (2022-04-18) 129:18-23; 133:9-21; *see also* Tr. Tariq Hafeez (2022-05-26) 61:18-24 ; 63:10-17.
[2] Tr. Tariq Hafeez (20022-05-26) 72:25-73:2.
[3]

24. 



---

[4] Norkin v. United States Fire Ins. Co.  237 Cal. App. 2d 435 (1965).
[5] Krein Report, Appendix C, page 652
[6] TR-0818184
[7] Norkin v. United States Fire Ins. Co., 237 Cal. App. 2d 435  (1965).



25. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████ █
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████

26. ████████████████████████████████
████████████████████████████████████

27. ████████████████████████████████
█████████████████████████

28. ████████████████████████████████
████████████████████ █████████████████
████████████████████████████████████
████████████████████████████████████
████████████

---

8 TR-0818184 and Norkin v. United States Fire Ins. Co., 237 Cal. App. 2d 435 (1965). ██████████
███████████████████████████████████

9 Krein Report, FN 162
10 Krein Report, FN 162

29.  

30.

31.

32.

33.

---

[11] Krein Report, FN 162
[12] Krein Report, FN 162



34.

35.

36.

37.

[13] Krein Report, FN 162
[14] Krein report, ¶112



44. 

45.

46.

47.

48.

---



49.

50.



51.



52.

53.

54.



55. ████████████████████████████████
██████████████████████████████████████
███████████████████████████

56. ████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████





62. 

63. 

64. 

65. 

66. 

67.

68. ███████████████████████████
████████████████████ ██████████████
████████████████████████████████
██████████████████████████
██████████████████████████████
██████████████████

69. ███████████████████████████
█████████████████████ ███████████████
██████████████████████████
█ █████████████ █████████████

70. ██████████████████████████
██████████████████████████████
███████████████████████████████
███████████████████████████████
██████████████████████



---

[21] LEGALEASE-00000204 – 00000205



71. ██████████████████████

████████████████████████████████████

██

72. ████████████████████████

████████



73. ██████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████

74. ██████████████████████
████████████████████████████████████
████████████████████████████████







77.



79.

80.









81.

82.

83.



84.

85.

86.



87.

88.

89.

90.

91.

92. █████████████████████████
████████████████████████████
█████████████████████████████
████████████████

████  ███████████████  ████████████

93. █████████████████████████
████████████████████████████
████████████

94. ████████████████████████
█████████████████████████████
███████████████

95. ███████████████████████
████████████████████████████
██████████████████

96. █████████████████████████
██████████████████████████

████████████████████████
████████████████████████
████████████████████████
████████████████████████
████████████████████████
████████████████████████
████████████████████

97. █████████████████████████
██████████████████  █████████
█████████████████
█████████████████



---

[29] ████████████████████████████████
████████████████████████████████████
████████████████████████████████

[30] ROSS-003287488-3287489
[31] █████████████████████
[32] TR-0541943



98.

99.

100.

101.



102.

103.

104.

---

[35] Krein Report, ¶109 and footnote 157
[36] Krein ¶113-114
[37] Krein report at ¶ 113.
[38] TR-0179847-TR-0179854
[39] ROSS-010128683.xlsx
[40] Krein para 113 and footnotes 163 and 165



110. ███████████████████████████████



111. ███████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████



112. ███████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████

113. ███████████████████████████████████████

[45] ████████████████████████████████████████████████████████████
[46] Tr. Tariq Hafeez (202-05-26) p. 131:9-21



114. ████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

115. ██████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████

116. ██████████████████████████████████
█████████████████████████████

---

[47] Tr. Tariq Hafeez (202-05-26) p. 226:20-227:12
[48] CASEMAKER _051021
[49] Tr. Jimoh Ovbiagele, 129:22-130:3, 131:5-133:6
[50] Tr. Pargles Dall'Oglio (date) 146:5-11 and 153:18-24



117. ██████████████████

118. ██████████████████

119. ██████████████████

120. ██████████████████

121. ██████████████████

122. ██████████████████



123.

124.

---



---

[53] TR-0117710.XLSX, TR-0163965.XLSX, TR-0171847.XLSX, TR-0171861.XLSX, TR-0171868.XLSX, TR-0177932.XLSX, TR-0178469.XLSX
[54] Tr. Teri Whitehead (2022-04-18) 82:12-14; T. Hafeez (2022-05-26) 238:25-239:1-5.
[55] See e.g. Tr. Christopher Cahn (2022-05-12) 97:14-24, Tr. Christopher Cahn (2022-05-12) 210:22-211:10 and Tr. Christopher Cahn (2022-05-12) 112:16-113:11

Page **43** of **47**





131.

132.

133.

134.

135.

---

[56] Based on an algorithmic ranking score of 1 or 2
[57] I.e., a ranking score of 4 or 5.
[58] Based on an algorithmic ranking score of 1 or 2
[59] Based on an algorithmic ranking score of 1 or 2



## CONCLUSIONS

136.

137.

138.

139.

███████████████████████████████████████

███████████████████████████████████████

Date: September 6, 2022




_____
Barbara Frederiksen-Cross
Director, Litigation Services
JurisLogic LLC

# EXHIBIT AQ

Highly Confidential – Attorneys' Eyes Only

In the Unites States District Court

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| Plaintiffs/ Counter defendants | ) ) ) | C.A. No. 20-613-SB |
| v. | ) ) ) | CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant/ Counterclaimant. | | |

SURREBUTTAL REPORT OF BARBARA FREDERIKSEN-CROSS

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Highly Confidential – Attorneys' Eyes Only

# TABLE OF CONTENTS

Introduction ............................................................................................................. 3

Experience and Qualifications ................................................................................. 3

Materials Considered .............................................................................................. 3

Confidentiality ........................................................................................................ 3

Summary of My Opinions ........................................................................................ 4

## INTRODUCTION

1. ███████████████████████████████
███████████████████████████████████
█████████████████████████████████████
██████████████████████████████████
██████████████████████████████
████████████████████████████████████
███████████████████████████████
█████████████████████████████████████
█████████████████████████████████
███████████████████████████████
███████████████████████████████████
██████████████████████████████████████
██████████████████████████████
██████████████████████████████████

## EXPERIENCE AND QUALIFICATIONS

2. ███████████████████████████████████

## MATERIALS CONSIDERED

3. █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████

## CONFIDENTIALITY

4. ████████████████████████████████
█████████████████████████████████████████

Highly Confidential – Attorneys' Eyes Only

██████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

████████████████

## SUMMARY OF MY OPINIONS

5.      █████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

████████

6.      ████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████

7.      ██████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████

████████████

---

[1] Rebuttal Report, paragraph 15.

Highly Confidential – Attorneys' Eyes Only



Highly Confidential – Attorneys' Eyes Only

████████████████████████████████████████ ████████████████████

███████████████████████████████████████████████

██████████████████████████████ ████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

11. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

12. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

13. ████████████████████████████████████

████████████████████████████████████████████████

_____

[2] Rebuttal Report, paragraph 15.
[3] Rebuttal Report, paragraph 134.





17.

18.

19.

20.

4

5 Krein II, paragraphs 62,  70, and footnote 82; *see also* Exhibit L,

6 *See* Hafeez Dep. Tr. 63:6-25; 78:15-17; Hafeez Dep., Ex. 3, LEGALEASE-00078067;  Hafeez Dep., Ex. 33, R-LEGALEASE-00050673; Teri Whitehead Dep. Tr. 127:5-18, Whitehead Dep., Ex. 3, LEGALEASE-00078065; Christopher Cahn Dep. Tr. 62:21-63:21; 64:22-65:13; 86:23-87:9; Cahn Dep., Ex. 9, TR-0045731; Cahn Dep., Ex. 16, TR-0047926.

Highly Confidential – Attorneys' Eyes Only



21.

22.

---

[7] Hafeez Dep. Ex. 3
[8] Hafeez Depo Tr. pp. 52-54, 61, 63, 153, 267, 295 and Hafeez Ex 33, EX 35, EX 43, EX 44 EX 57; Whitehead EX 43
[9] Krein I, Appendix C ████████████████████████████████████
[10] Reply Report, paragraph 73-74, 79, and 128-129

███ ██

23. ████████████████████████████████
████████████████████████████████████
█████████████████████████████

24. ██████████████████████████████
█████████████████████████████████
███████████████████████████████████
██████████████████████████████████
██████████████████████

25. ██████████████████████████████
██████████████████████████████████
███████████████████████████████████
███████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████████████████
███████████████████████████████████
██████████████████████████████

26. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████████████████
█████████

───────────────

[11] In Krein I, footnote 162, Krein says ████████████████████
███████████████████████████████████ ████
███████████████████████████████████████

Highly Confidential – Attorneys' Eyes Only

27. ███████████████████████████████
████████████████████████████████
██████████████████████████████
████████████████████████████████
████████████████

28. ███████████████████████████████
███████████████████ █████████████████
███████████████████████████
████████████████████████████████
██████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

29. █████████████████████████████
████████████████████████████████
███████████████████ █████████████
█████████████████████████████
██████████████████████████████
████████████████████████████████
█████████████████████████████
█████████████████████████████
██████████████████████



---

[12] In Krein II, paragraph 99 and footnote 131, ██████████████████████
███████████████████████████████████████████████████I.
[13] Krein I, footnote 162 describes ██████████████████████████
██████████████████████████████████████████████
████████████████████████████ Krein I, Appendix C.

Highly Confidential – Attorneys' Eyes Only

30. ███████████████████████████████

31. ███████████████████████████████

32. ███████████████████████████████

33. ███████████████████████████████

---

[14] Krein I, paragraph 112 and footnote 162.
[15] Krein II, paragraph 108

Highly Confidential – Attorneys' Eyes Only



34.

35.

36.

---

[16] Krein II, paragraph 103

Highly Confidential – Attorneys' Eyes Only



Highly Confidential – Attorneys' Eyes Only





44. 

45. 

46. 

---

[18] Krein Rebuttal Report, ¶102 &  ¶105.
[19] Krein Rebuttal Report, ¶102.



47. 

48. 

---

[20] *See, e.g.,* Krein Rebuttal Report, ¶83. *See also* his fn 91.
[21] 

(Krein Opening Report, footnote 162)
[22] Krein Opening Report, ¶104.

49. ███████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████ ████████████████████████

████████████████████████████████

█████████ ████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████

50. ██████████████████████████████

████████████████████████████████████

██████████ ████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

---

[23] Krein Opening Report, ¶112.
[24] Krein Opening Report, ¶112.
[25] ███████████████████ Krein II, paragraph 110
[26] ████████████████████████████████████████
[27] ██ .
████████████████████████████████████████████
██

Highly Confidential – Attorneys' Eyes Only



███████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
███████████████████

55.    ██████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████

56.    ██████████████████████████████
████████████████████████████ ██████████████
███████████████████████████████ ████████████
███████████████████████████████████████
█████████████████████████████████
████████████████████████████ █



_____

[28] Krein I, footnote 162
[29] Krein II, paragraph 104. Krein says: ███████████████████████
███████████████████████████████████████████
████████████████████████████

[30] Krein II, paragraph 104
[31] ███████████████████████████████████████████
[32] ███████████████████████████████████

Highly Confidential – Attorneys' Eyes Only



57.

58.

59.

Highly Confidential – Attorneys' Eyes Only

███████████████████

60.  ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ █ ██████████████

██████████████████████████████████████

███████████████



████████████████████████████

61.  ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████ █ ████████

██████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

██████████████████████ █ ██████████████████

███████████████████████████████████

---

[34] *See* https://www.postgresql.org/docs/current/pgtrgm.html.
[35] Krein II, paragraph 106
[36] Krein II, paragraph 107

███████████████████████████████████████████████████

██████

62.   ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████



63.   ██████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████



64.

65.

[37] ███████████████████████████████████████████████
(Krein Rebuttal Report, ¶100).



66.

67.

[38] Krein Rebuttal Report, paragraph 108.

Highly Confidential – Attorneys' Eyes Only





72.

73.

74.

[39] Opening Report, paragraph 144

Highly Confidential – Attorneys' Eyes Only



75.

Highly Confidential – Attorneys' Eyes Only

██████████████████████████████████████████████████

██████

████████████████████ ████████ ████████ ██████

76. ██████████████████████████████████████████

██████████████████████████████████

77. ██████████████████████████████████████

████████████████████████████████████████

████████████████████████

███████████████████████████████████

█████████████████████████████ █████████

78. ██████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

79. ██████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

██████████████████████████████ █████

80. ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

81. ██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

―――――――――――――――――

[43] TR-0841568



82.

83.

[44] Krein I,  Appendix C, at row 1684
[45]

Highly Confidential – Attorneys' Eyes Only

84. ████████████████████



85. ████████████████████████

86. ████████████████████████

87. ████████████████████████

88. ████████████████████

---

[46] Krein Rebuttal Report, ¶81. ████████████████████

Highly Confidential – Attorneys' Eyes Only



89. ████████████████████████████████
████████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████████
████████████████████████ █ ███████████
████████████████████████████████████
██████████████████████████

90. ████████████████████████████████
███████████████████████

91. ████████████████████████████████
██████████████████████████████████
████████████████████████████████████

47 ████████████████████████████████████
█████████████



92.

93.



94.

95.

96.

97.

98.



99.





104. ███████████████████████████████
███████████████████████████████████
█████████████████████████████████
██████████████████████████████
████████████████████████████████
███████████████████████

105. ████████████████████████████
██████████████████████████████████
███████████████████████████

48 ███████████████████████████████████
████████████████████████████████████
██████████

Highly Confidential – Attorneys' Eyes Only

106. ████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████

107. ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

108. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████

109. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████

110. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████ █ ███████████████████████
████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
████████████████████ █ ██████████████████████

_____

[49] ████████████████████████████████████████████
[50] ██████ ████████████████████████████████



111. 

112. 

113.



114. ████████████████████████

115. ████████████████████████

116. ████████████████████████

117. ████████████████████████

118. ████████████████████████

51 ████████████████████████
52 Krein Rebuttal Report, ¶114.
53 Krein Rebuttal Report, ¶112-¶113.

Highly Confidential – Attorneys' Eyes Only

119.

120.

121.

122.



---

54 Barb's Rebuttal Report, ¶130. See also its Exhibits L and M.
55 Krein Rebuttal Report, paragraph 102.

123.

124.





128. ███████████████████████

129. ███████████████████████

130. ███████████████████████

_____

[56] Krein Rebuttal Report, ¶114.



131.

132.

133.

Highly Confidential – Attorneys' Eyes Only



134. ████████████████████████████████

135. ████████████████████████████████

---

[60] Third Supplemental Response, Aug. 22, 2022, at 70
[61] *Id*
████████████████████████████████
[63] Frederiksen-Cross Rebuttal Report, paragraph 128-129.

Highly Confidential – Attorneys' Eyes Only

136. ███████████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████ █ ████████████

████████████████████████████████████████

████████████████████████ █ ████████████████

███████████████████████████████████

████████ █

137. ████████████████████████████████████

████████████████████████████████

███████████████████████████████

███████████████████

Date: October 10, 2022



Barbara Frederiksen-Cross

Director, Litigation Services

JurisLogic LLC

---

[64] ████████████████████████████████████████
[65] ████████████████████████████████ Krein I Appendix C
[66] Exhibits H and I.

# EXHIBIT AR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613-LPS |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) ) | |

**OPENING EXPERT REPORT OF DR. JONATHAN L. KREIN**
**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## TABLE OF CONTENTS

1.    Introduction...................................................................................................................1

2.    Summary of Opinions ....................................................................................................2

3.    Background and Expert Qualifications ..........................................................................3

    3.1    Education, Industry, and Professional Experience ................................................8

    3.2    Research and Teaching Experience ......................................................................10

4.    Retention and Compensation .......................................................................................12

5.    Summary of Materials and Information Considered ....................................................12

6.    Legal Standards Applied in this Expert Report ...........................................................13

7.    Relevant Technologies .................................................................................................16

    7.1    Artificial Intelligence ..........................................................................................16

    7.2    Machine Learning ................................................................................................18

    7.3    Training Data .......................................................................................................20

    7.4    Supervised vs. Unsupervised Learning................................................................23

    7.5    Ranked Retrieval Systems ...................................................................................24

    7.6    Natural Language Processing ...............................................................................25

8.    Overview of the Relevant Parties and Products...........................................................26

    8.1    The Parties and Key Third Parties .......................................................................26

        8.1.1    Thomson Reuters and West ................................................................26

        8.1.2    ROSS Intelligence................................................................................27

        8.1.3    LegalEase Solutions ............................................................................28

        8.1.4    Morae Global .......................................................................................29

    8.2    The Products.........................................................................................................30

        8.2.1    Westlaw and Westlaw Content............................................................30

        8.2.2    Westlaw Search....................................................................................34

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

8.2.3    The ROSS Platform ...................................................................37

9.     ROSS's Copying of Westlaw Content.................................................39

    9.1     Chronology of Key Events.......................................................39

       9.1.1    Use of Artificial Intelligence in Westlaw ............................39

       9.1.2    ROSS's Need for Training Data .........................................43

       9.1.3    ROSS's Attempts to Access Westlaw To Acquire Training Data ................................................................................43

       9.1.4    The Creation of the Bulk Memos Using Westlaw ..............50

       9.1.5    Termination of LegalEase's Access to Westlaw .................61

       9.1.6    ROSS's Awareness of LegalEase's Conduct........................64

       9.1.7    ROSS's Use of the Bulk Memos as Training Data.............68

       9.1.8    The Market for Training Data.............................................78

10.     Conclusion .................................................................................89

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

<u>**APPENDICES**</u>

Appendix A:          *Curriculum Vitae* of Jonathan L. Krein, Ph.D.

Appendix B:          List of Materials Considered

Appendix C:          Bulk Memos and West Headnotes Chart

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

1. **INTRODUCTION**

    1. ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████

    2. ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

    3. ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████████████████████████████████████████████

███████████████████████████████████████

**2.** **SUMMARY OF OPINIONS**

　4.　███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

　5.　███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

　6.　███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

███████████████████████████████████████████████

████████████████████

    7.    ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

    8.    ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

**3.**     **BACKGROUND AND EXPERT QUALIFICATIONS**

    9.    ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

10. █████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

11. █████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

12. █████████████████████████████████████████

████████████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████████████████████████████████████

████████████████████████████████████

13.  ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

14.  ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

15.

16.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

17.

---

1 *See* https://www.uvu.edu/catalog/current/departments/computer-science/computational-data-science-bs/.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

**3.1** ████████████████████████████████

18. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████

19. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

20. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

21.

22.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

███████████████████████████████████████████

███████

23.   ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

24.   ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

**3.2**   ██████████████████████

25.   ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

26.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

27. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████

**4.**    **RETENTION AND COMPENSATION**

28. ███████████████████████████████████

███████████████████████████████████████

███████████████

29. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████

**5.**    **SUMMARY OF MATERIALS AND INFORMATION CONSIDERED**

30. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

31. ███████████████████████████████████

███████████████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

32.   ███████████████████████████████████

████████████████████████████████████

6.   <u>**LEGAL STANDARDS APPLIED IN THIS EXPERT REPORT**</u>

33.   ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

34.   ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

[2] 17 U.S.C. § 102(a).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



35. ████████████████████████████████

36. ████████████████████████████████

---

³ United States Copyright Office. (March 2021). *Copyright Registration of Computer Programs*. Circular 61. https://www.copyright.gov/circs/circ61.pdf, p. 1.

⁴ https://www.copyright.gov/reports/appendix.pdf.

⁵ *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197 (3d Cir. 2002).

⁶ *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991).

⁷ *Tanksley v. Daniels*, 902 F.3d. 165, 173 (3d Cir. 2018).

⁸ *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 388 (3d Cir. 2016); *see also Metro Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*, 545 U.S. 913, 914 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.") (internal citations omitted).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████  ███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████ █

37.    ██████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████ █████████████████████████

██████████████████████████████████████████████████████

███████████████████ █

---

[9] *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 388 (3d Cir. 2016).

[10] *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (stating that the knowledge standard for contributory liability "is an objective one; contributory infringement liability is imposed on persons who 'know or have reason to know' of the direct infringement"; also noting that willful blindness to infringement is sufficient); *see also In re: Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("[w]illful blindness is knowledge"); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (stating willful blindness requires that "(1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.")

[11] 17 U.S.C. § 107; *see also Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 545 (1985).

[12] *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 308 (3d Cir. 2011)

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

38. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**7.    RELEVANT TECHNOLOGIES**

39. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

**7.1**  ████████████████

40. ████████████████████████████████████

████████████████████████████████████████████

████████████

- ██████████████████████████████████████████

  ██████████████████████████████████

---

[13] *Kallok v. Medtronic, Inc*., 573 N.W.2d 356, 362 (Minn. 1998). It is my understanding that ROSS contends California law applies to the tortious interference claim, which requires a plaintiff to prove "(1) it has a valid and existing contract with a third party; (2) defendants had knowledge of the contract; (3) defendants committed an intentional act designed to induce a breach or disrupt the contractual relationship; (4) actual breach or disruption of the contract relationship occurred; and (5) damages were suffered as a result." *See Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1203 (C.D. Cal. 2001).

[14] Russell, S. J. and Norvig, P. (2010). *Artificial Intelligence: A Modern Approach*, third edition. Pearson Education, p. 2.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

- ███████████████████████████████████████████████

  ██████████████████

- ███████████████████████████████████████████████

  ███████████████████████

- ███████████████████████████████████████████████

  ████████████████

- ███████████████████████████████████████████████

  █████████████

41. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

42. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[15] *Id.*, p. 4.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

**7.2**   ██████████████

43.   ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████ █████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████

44.   ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████ ████████████████████████████████

---

[16] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. vii.

[17] Garnelo, M. and Shanahan, M. (2019). *Reconciling deep learning with symbolic artificial intelligence: Representing objects and relations*. Current Opinion in Behavioral Sciences, vol. 29, pp. 17-23.

[18] *Id.*, p. 17.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

45.

46.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████████████████████████████████████████

████████████████████████████████████

    47.  ███████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

    48.  ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

**7.3**  ██████████

    49.  ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[19] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. 651.

[20] *Id.*, p. 2.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

50.   ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

51.   ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[21] *See, e.g.*, Brownlee, J. (2022). *Machine Learning Mastery*. https://machinelearningmastery.com/.

[22] *See, e.g.*, https://towardsdatascience.com/train-validation-and-test-sets-72cb40cba9e7.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

52.   ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ █████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

---

[23] K-fold cross validation involves shuffling the data, splitting it into $k$ equally sized partitions or subsets (say 10), and then training the model $k$ times, using each subset in turn as a validation set. When a subset is used for validation, it is excluded from the training. After each round of training and validation, the validation accuracy is saved and the model is discarded. Once all $k$ rounds of training and validation are complete, the $k$ accuracy scores can be combined, such as by averaging, to provide a representative estimate of the model's overall accuracy. This approach has been shown to reduce bias in the final estimate, though it cannot fully eliminate that bias. *See*, *e.g.*, Brownlee, J. (2020). *A Gentle Introduction to k-fold Cross-Validation*. https://machinelearningmastery.com/k-fold-cross-validation/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**7.4**

53.

54.

55.

56.



---

[24] Russell, S. and Norvig, P. (2021). *Artificial Intelligence: A Modern Approach*, fourth edition. Pearson Education, p. 652.

[25] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

57. █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

**7.5** █████████████████████

58. ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



59.

**7.6**

60.

61.

---

[26] Brownlee, J. (2017). *Deep Learning for Natural Language Processing*.
http://ling.snu.ac.kr/class/AI_Agent/deep_learning_for_nlp.pdf, p. 2.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

## 8.    OVERVIEW OF THE RELEVANT PARTIES AND PRODUCTS

**8.1**    ███████████████████████████

    **8.1.1**    ████████████████████

62.    ████████████████████████████████████████



63.    ████████████████████████████████████████

███████████████████████████████████████████████████

---

[27] Thomson Reuters Corporation 2021 Annual Report, pp. 102, 116, 189.

[28] 2022 Strategic Growth Priorities, Thomson Reuters Corporation 2021 Annual Report, p. 6.

[29] *Id*., p. 8.

[30] *Id*.

[31] TR-0359959–TR-0360216 ████████████████████████

██████ ; *see also* A. Martens Dep. Tr. 202:22–203:4 ████

████████████████████████ .

[32] Thomson Reuters Corporation 2021 Annual Report, p. 189.

[33] *See generally* TR-0033982–TR-0034560 ██████████████ ; *see also* E. Lindberg Dep. Tr. 18:11–14 ████

██████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**8.1.2**

64.



---

[34] *See* A. Martens Dep. Tr. 154:23-155:14

201:19-202:7

; *see also* TR-
0358927-TR-0358948                                                                    ;
TR-0358967-TR-0358988                                      .

[35] A. Arruda Dep. Tr. 59:3–5

, 68:1–11

[36] "Features," https://www.rossintelligence.com/features.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**8.1.3**

65.

---

[37] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 8–9.

[38] TR-0037677-TR-0037680 .

[39] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 11.

[40] T. Whitehead Dep. Tr. 26:16-27:10 ).

[41] *See* A. Martens Dep. Tr. 229:25–230:2 ; see also ROSS-003389728-ROSS-003389730 ; TR-0002812-TR-0002814 .

[42] TR-0002779-TR-0002781 .

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**8.1.4** ████████

66.



---

43 TR-0002812-TR-0002814

44 C. Cahn Dep. Tr. 16:15–24

45 TR-0039933-TR-0039942

46 T. Hafeez Dep. Tr. 237:10–16

47 R-LEGALEASE-00048772-R-LEGALEASE-00048776 at '772



**8.2**

    **8.2.1**

67.

68.

---

[48] C. Cahn Dep. Tr. 72:25–73:7

[49] *See, e.g.*, TR-0179838-TR-0179842 ; TR-0179830- TR-0179837 ; TR-0432528-TR-0432533 .

[50] *See generally* L. Oliver Dep. Tr., pp. 26-27, 31-34.

[51] L. Oliver Dep. Tr. 51:17–52:8

[52] L. Oliver Dep. Tr. 26:19–27:4

69. ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

70. ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

71. ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

_____

████████████████████████████████████████████████

████████████████████

[53] L. Oliver Dep. Tr. 27:16-24 ████████████████████████

██████████████████████████████████████████ , 30:7-13 ████

████████████████████████████████ .

[54] A. Martens Dep. Tr. 142:7-20 █████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

[55] *See generally* TR-0002864-TR-0003137 ███████████████████

████████ .

[56] L. Oliver Dep. Tr. 227:16-228:23 ██████████████████████

████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

72. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

73. ███████████████████████████████

████████████████████████████████████-



[57] *See, e.g.*, TR-0179838-TR-0179842 ██████████████████ ; TR-0179830- TR-0179837 ██████████ ; TR-0432528-TR-0432533 ██████████ ; TR-0002864–TR-0003137 ██████████ ; Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, p. 9.

[58] *Id.*; L. Oliver Dep. Tr., pp. 198-211, 340-341.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



74.

---

[59] L. Oliver Dep. Tr., pp. 198-211, 340-341.

[60] Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, pp. 8-9.

[61] *See* A. Martens Dep. Tr. 274:4-13 ██████████████████████████████ ██████████████████████████████████████████████████ ; *see also* TR-0033982–TR-0034560 ████████████████████ ; TR-0003138–TR-0033981 ████████ ██████████████ .

[62] *See* TR-0034557-TR-0034560; *see also* A. Martens Dep. Tr. 162:4-17 ██████████ ████████████████████████████████████████████████ ████████████████████████ .

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**8.2.2** ███████████

75. ████████████████████████████



76. ████████████████████████████

---

[63] *See generally* TR-0033982–TR-0034560 █████████████.

[64] TR-0037669-TR-0037676 ██████████.

[65] K. Al-Kofahi Dep. Tr. 11:13-17:5.

[66] I. Moulinier Dep. Tr. 72:13-87:18; *see also* WestSearch Plus,
https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[67] I. Moulinier Dep. Tr. 72:13-74:10.

[68] I. Moulinier Dep. Tr. 74:11-13.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

[69] I. Moulinier Dep. Tr. 73:18-74:10.

[70] K. Al-Kofahi Dep. Tr. 20:3-21:20.

[71] "WestSearch Plus," https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[72] K. Al-Kofahi Dep. Tr. 43:15–48:5.

[73] "WestSearch Plus," https://legal.thomsonreuters.com/en/products/Westlaw-edge/westsearch-plus.

[74] *Id.*

[75] *Id.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



79. ██████████████████████████████

---

[76] K. Al-Kofahi Dep. Tr. 41:12–15 ██████████████████████████████

[77] I. Moulinier Dep. Tr. 108:19–24 ██████████████████████████████

[78] I. Moulinier Dep. Tr. 104:18–20 ██████████████████████████

[79] I. Moulinier Dep. Tr. 78:2–4; *see also* TR-0884952–TR-0884970 ██████████████████████████

[80] TR-0884952–TR-0884970 at TR-0884962 ██████████████████████████

[81] K. Al-Kofahi Dep. Tr. 44:3–15 ██████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

80.

**8.2.3**

81.



---

82 I. Moulinier Dep. Tr. 126:11–21

83 I. Moulinier Dep. Tr. 143:6–11

84 *See generally* A. Arruda Dep. Tr., pp. 58-60.

85 "How is Natural Language Search Changing The Face of Legal Research?," https://blog.rossintelligence.com/post/how-natural-language-search-changing-face-of-legal-research.

86 A. Arruda Dep. Tr. 114:10–20

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



82.

---

87 A. Arruda Dep. Tr. 114:25–115:11

88 ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

89 *Id.*

90 ROSS-003334354 ; ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



83. ████████████████████████████████████

████████████████████████████████ ██ ████

████████████████████████████████████████

████████████████████████████████████████

████

9.   █████████████████████████████-

84. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

9.1   ███████████████████

9.1.1   ███████████████████

85. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ █

---

[91] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 12-13.

[92] *Id.*, p. 13.

[93] TR-0037669-TR-0037676 ████████████████.

[94] *Id.* █████████████████████████████████
████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



86. ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ █ ████████████████████ █ ██

████████████████████████████████████████

████ █

87. ██████████████████████████████████

████████████████████████████████████████

████████████████████ █ ██████████████████

---

████████████████████████████████

[95] K. Al-Kofahi Dep. Tr. 19:2–17 ████████████████

██████████████████████████████████████████

████████████ .

[96] I. Moulinier Dep. Tr. 14:10–22 ████████████████

██████████████████████████████████████████

█████████████████████ .

[97] I. Moulinier Dep. Tr. 14:25–15:5 ██████████████

███████ .

[98] I. Moulinier Dep. Tr. 108:10–15 ██████████████

████ .

[99] I. Moulinier Dep. Tr. 16:5–15 ████████████████

█████████████



[100] I. Moulinier Dep. Tr. 143:2–5 ██████████

[101] K. Al-Kofahi Dep. Tr. 44:3–46:22 ████████████

; I. Moulinier Dep. Tr. 106:11–14; 108:19–24

[102] K. Al-Kofahi Dep. Tr. 44:3–45:15 ███████████

[103] K. Al-Kofahi Dep. Tr. 44:17–46:22 ███████████

*see also* I. Moulinier Dep. Tr. 104:12–20

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

88. 



[104] I. Moulinier Dep. Tr. 61:14–64:5

[105] I. Moulinier Dep. Tr. 61:4–64:5

[106] I. Moulinier Dep. Tr. 108:25–109:5

[107] I. Moulinier Dep. Tr. 143:6–11

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**9.1.2** ███████████████

89.    ████████████████████████████

██████████████████████████████████████████

██████████████████████████████

90.    ████████████████████████████

██████████████████████████████████████████

███████████████████ ███████████████████████

█████████████████ ██ ██████████████████████

██████████████████

**9.1.3** ██████████████████████████████

91.    ████████████████████████████

██████████████████████████████████████████

108 A. Arruda Dep. Tr. 57:20–58:6

███████████████████████████████████████

██████████████████████████████████████ .

109 ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12 ████████████████ .

110 A. Arruda Dep. Tr. 275:23–276:12 ████████████

██████████████████████████████████████████

████████████████████████████████████ .

111 J. Ovbiagele Dep. Tr. 204:3–7 ████████████████

██████████████████ ; *see also* ████████████

████████ , ROSS-003390881-ROSS-003390884

████████ ; T. van der Heijden Dep. Tr. 87:14-89:5

██████████████████████ .

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



92.

93.

94.

---

[112] ROSS-003391075

[113] ROSS-003391076

[114] ROSS-023032254

[115] ROSS-003390773-ROSS-003390774

[116] ROSS-003390233

[117] *Id.*

[118] ROSS-003390772

[119] ROSS-003390563-ROSS-003390565

; ROSS's Supplemental Responses and Objections to Plaintiffs'

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

95. 

96.

First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 11.

[120] T. van der Heijden Dep. Tr. 142:9–143:11 .

[121] ROSS-010164415-ROSS-010164417

[122] ROSS-010164415-ROSS-010164417

[123] T. van der Heijden Dep. Tr. 148:10–149:10

*See* TR-0001142-TR-0001153

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

97. 

98.

TR-0001154-TR-0001165

ROSS-010361787-ROSS-010361789

; *see also* T. van der Heijden Dep. Tr. 174:10

.

[124] ROSS-003610162-ROSS-003610165

.

[125] *Id.*

[126] ROSS-010164290-ROSS-010164291

.



HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



99.



127 *Id.*

128 [redacted]

129 TR-0038909-TR-0038920 [redacted].

130 LEGALEASE-00056843-LEGALEASE-00056844 [redacted].

131 T. Hamilton Dep. Tr. 125:4–9 [redacted]

132 T. Hafeez Dep. Tr., p. 188:4–7 [redacted].

133 LEGALEASE-00056843-LEGALEASE-00056844 [redacted].

134 *Id.*

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

100.

101.

---

135 *Id.*

136 T. Hafeez Dep. Tr., 188:25–189:3

137 J. Ovbiagele Dep. Tr. 236:9–237:2

.

138 ROSS-000304769-ROSS-000304784

at ROSS-000304771-ROSS-000304774.

139 *See generally* T. Hafeez Dep. Tr., pp. 78-79; *see also* R-LEGALEASE-00050718-R-LEGALEASE-00050721

.

140 TR-0039933-TR-0039942

.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



102.

---

[141] R-LEGALEASE-00048772-R-LEGALEASE-00048776 ███████████

█.

[142] T. Hafeez Dep. Tr., 88:19–89:20, 94:6–8 ████████████

██████████████, TR-0039933-TR-0039942.

[143] R-LEGALEASE-00048772-R-LEGALEASE-00048776 ██████████

███; C. Cahn Dep. Tr. 72:25–73:7 ███████████████████████

███████████████████████████████.

[144] ROSS-000304769-ROSS-000304784 ██████████████████████

████ at ROSS-000304771-ROSS-000304774.

[145] Per ROSS's direction, LegalEase was to ████████████████

████████ See ROSS-000175054 – ROSS-000175067

█████. LegalEase also stated that ██████████████████████

████████████████████████████████████████ See

LEGALEASE-00171828-LEGALEASE-00171831 (emphasis added). LegalEase further stated

that it █████████████████████████████████████████████████

████████████████ Id.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**9.1.4**

103.

104.

105.

106.

---

[146] ROSS-000175054-ROSS-000175067 .

[147] *Id.*; *see also* ROSS-003419784-ROSS-003419786 .

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



107.

---

148 *See e.g.*, TR-0048632 ████████████████████████████.

149 ████████████████████████████████████████████
████████████████████ *See, e.g.*, LEGALEASE-00093066-LEGALEASE-00093074
████████; T. Hafeez Dep. Tr. 66:4–17

150 LEGALEASE-00093066-LEGALEASE-00093074 ████████████.

151 R-LEGALEASE-00189134-R-LEGALEASE-00189139 ████████████

152 *Id.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



108. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████   ███████████████████████████████

███████████████████████████████████████████ █

---

[155] LEGALEASE-00093066-LEGALEASE-00093074 ███████████████ .

[156] LEGALEASE-00078065-LEGALEASE-00078083 ████████████████

██████████████████ . *See* C. Cahn Dep. Tr. 68:3–9 ████████████████

████████████████████████████ , 194:19–195:5 ███████

████████████████████████████████ ▌

████████████████████████████ *See* T. Hafeez Dep. Tr.

152:7–21 ████████████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



109.

---

157 *See, e.g.,* MORAE_00024103 , MORAE_00002386
MORAE_00003801 ,
MORAE_00013863 , MORAE_00029239 ,
MORAE_00045427 , MORAE_00092628 ,
MORAE_00092629 , MORAE_00005079 ,
MORAE_00043660 , MORAE_00015344 ,
MORAE_00014068 , MORAE_00030512 ;
LEGALEASE-00115007 .

158 MORAE_00045427 .

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



110. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



111.

---

[159] MORAE_00011129 ██████████████████.
[160] MORAE_00045427 ██████████████.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



112.

161 TR-0073545-TR-0073546

162

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

113. ██████████████████████████████████████



---

[163] *Compare* TR-0179847-TR-0179854 ███████████████████, *with*, ROSS-010128683 ████████████████████.

[164] ██████████████████████████████████████.

[165] ██████████████████████████████████████ (*see, e.g.*, ROSS-003280407-ROSS-003280408 ███████████ (*see, e.g.*, ROSS-003284576-ROSS-003284577 ██████; ████████ (*see, e.g.*, ROSS-003280067-ROSS-003280068 ████; ████████ (*see, e.g.*, ROSS-003280375-ROSS-003280376 ████████████.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

114. ███████████████████████████

███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████
████████

**9.1.5** ██████████████████

115. ███████████████████████████

████████████████████████████ ██ ██
███████████████████████████████
██████████████████ █ ████████████
██████████████████████ ██

116. ███████████████████████████

███████████████████████████████
███████████████████████████████
███████████████████████████████

[166] T. Hafeez Dep. Tr., pp. 39:19–25 ███████████████████
███████████████.

[167] R-LEGALEASE-00140998 ████████████████████
██████.

[168] *Id*; *see also* R-LEGALEASE-00101636-R-LEGALEASE-00101642 ████████
█████████████████████████████.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



117.

118.

---

[169] TR-0836004 ███████████████████████.

[170] *Id.*

[171] *Id.*

[172] *See, e.g.*, TR-0002827-TR-0002830 ████████████████

[173] *Id.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



119.

---

[174] *Id.*

[175] *Id.*

[176] TR-0035897-TR-0035908



; *see also* T. Hafeez Dep. Tr. 98:24-99:17

[177] T. Hafeez Dep. Tr. 41:22–42:7, 114:17–115:7.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

120. ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

**9.1.6** ████████████████████████

121. ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████ ██████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

---

[178] J. Ovbiagele Dep. Tr. 67:6–9 ████████████████████████
████████████████████████████████████, 67:12–14.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

122. ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

123. ████████████████████████████████

████████████████████████████████████

███████ ███████████████████████████████

████████████████████████████████████

███████████████████████████ █

124. ████████████████████████████████

██████████████████████████████ █████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████████████

125. ████████████████████████████████

████████████████████████████████████

---

[179] *See* Section 9.1.3, *supra*.

[180] *Id.*

[181] ROSS-000204366-ROSS-000204367 ████████████████████████ █████.

[182] LEGALEASE-00171828-LEGALEASE-00171831 ███████████████████ ████████.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



126.

---

[183] *See generally* T. van der Heijden Dep. Tr., pp. 293-296.

[184] J. Obviagele Dep. Tr. 73:21-77:5 ██████████████████████ .

[185] ROSS-000204366-ROSS-000204367 ██████████████████████ ; *see also* T. van der Heijden Dep. Tr. 342:4–7 ██████████████

[186] ROSS-000177723 ██████████████████████ ; *see also* T. van der Heijden Dep. Tr. 347:20–22 ██████████████ .

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



127.

[187] ROSS-003297293-ROSS-003297295 █████████████████████████
██████████████████████████████; *see also* ROSS-000136374-
ROSS-000136379; *see also* T. van der Heijden Dep. Tr. 335:15–19
███████████████████████████████████████████████

[188] ROSS-009637509 ████████████████████████████
██████████████████

[189] *Id.*

[190] ROSS-009637399-ROSS-009637400 █████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



128.

9.1.7

129.

130.

191 *Id.*

192 *See, e.g.*, ROSS-000054844

193 .

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



131.

132.

[195] http://mongodb.github.io/node-mongodb-native/schema/chapter3/.



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

135.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

136. 

137.

138.

---

[199] At some point during the history of the pipeline,

[200]



HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

139.



140.

141.

142.

---

201 *See*, *e.g.*, Brownlee, J. (2022). *Machine Learning Mastery*. https://machinelearningmastery.com/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



143.

144.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



145. ██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

146. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

147. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[214] ROSS's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

[215] ROSS-003658597–ROSS-003658604 ██████████████████████████ ████████████████████

[216] *Id.*

[217] ROSS-003419784-ROSS-003419786 ██████████████████████████████ ████████████████

[218] *See* Section 7.3, *supra*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



148.

149.



[219] ROSS-009558441-ROSS-009558443; ROSS-003487472-ROSS-003487474; ROSS-009545896-ROSS-009545899.

[220] ROSS-003487472-ROSS-003487474

; ROSS-009558441-ROSS-009558443

; ROSS-009545896-ROSS-009545899

;

ROSS-003704423-ROSS-003704439

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**9.1.8**

150.

151.

152.

---

[221] https://ai.googleblog.com/2016/09/introducing-open-images-dataset.html

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



153.

---

[222] http://press.gettyimages.com/getty-images-launches-industry-first-model-release-supporting-data-privacy-in-artificial-intelligence-and-machine-learning/

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



154.

155.

[223] J. Obviagele Dep. Tr. 171:7–11

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



156.

**10.**

157.

\*\*\*

224 ROSS-003487472-ROSS-003487474; *see also* ROSS-009558441-ROSS-009558443 ; ROSS-009545896-ROSS-009545899 .

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

Respectfully submitted,

Dr. Jonathan L. Krein

# EXHIBIT AS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613-SB |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## REBUTTAL EXPERT REPORT OF DR. JONATHAN L. KREIN
### HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## TABLE OF CONTENTS

1.  Introduction ................................................................................................1

2.  Background and Expert Qualifications ........................................................1

3.  Summary of Opinions ...............................................................................3

4.  The Branting Report ..................................................................................6

    4.1   Dr. Branting's Analysis of ROSS's Training Data is Methodologically Unsound and Inconsistent With the Record.............................................9

    4.2   ███████████████████████████ ..................................................12

    4.3   ██████████████████████ .............................................................13

    4.4   ███████████████████████ ...........................................................17

    4.5   Additional Matters .............................................................................21

5.  The Frederiksen-Cross Report .................................................................23

    5.1   Flaws in the Materials Considered and Methodologies Used by Ms. Frederiksen-Cross ............................................................................28

        5.1.1   Materials Considered by Ms. Frederiksen-Cross .................................29

    5.2   Ms. Frederiksen-Cross's Flawed Analysis of Judicial Opinions, West Headnotes, and Bulk Memo Questions................................................33

        5.2.1   Comparison of West Headnotes to Judicial Opinions .........................33

        5.2.2   Ranking Similarity Between Bulk Memo Questions and West Headnotes, and West Headnotes and Judicial Opinions....................38

    5.3   Ms. Frederiksen-Cross's Findings Are Biased and Not Relevant ....................41

6.  Conclusion ..............................................................................................53

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## <u>APPENDICES</u>

Appendix A:       List of Materials Considered

Appendix B:       Chart of Mismatched West Headnotes From Exhibit H to the Frederiksen-Cross Report

Appendix C:       Chart of West Headnotes Copied By ROSS Identified in Exhibit P to the Frederiksen-Cross Report

Appendix D:       Word vs. Ngram Graphs

Appendix E:       Chart Summarizing Similarity From Three-Way Comparison on LexisNexis Headnotes, West Headnotes, and Bulk Memo Questions

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

1. ███████████

    1. ████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

█████

    2. ████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

███████████████████████ █████████

██████ █████████

2. █████████████████████

    3. ████████████████████████

████████████████████████████

█████████████████████

---

[1] Expert Report of Dr. Jonathan L. Krein, August 1, 2022.

[2] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022.

[3] Expert Report of Barbara Frederiksen-Cross, August 1, 2022.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

4. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████

5. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

6. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

7. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

8. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

9. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

10. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████

**3.** ████████████████-

11. ████████████████████████████████

████████████████████████████████████████

████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

12. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

13. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████

14. ████████████████████████████████████

██████████████████████████████

15. ████████████████████████████████████

████████████████████████████████████████

████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

16. ███████████████████████████

███████████████████████████

███████████████

17. ███████████████████████████

███████████████████████████

█████████████

18. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

██████████████████

19. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

██████

20. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

21. ████████████████████████████████████████████

**4.** ████████████████████

22. ████████████████████████████████████████████

23. ████████████████████████████████████████████

---

[4] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 13–22

[5] *Id.*, ¶ 15.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

24.

25.

---

[6] *Id.*, ¶ 16.

[7] *Ibid.*

[8] *Id.*, ¶ 17.

[9] *Id.*, ¶ 18.

[10] *Id.*, ¶ 20.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

26. ████████████████████████████████████████

27. ████████████████████████████████████████

---

[11] *Ibid.*

[12] *Id.*, ¶ 22.

[13] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

[14] *Id.*, ¶ 23.

[15] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4.

[16] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 24.

[17] *Id.*

[18] *Id.*, ¶ 25.

[19] *Id.*, ¶ 24.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



31.

---

[20]

[21] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 106.

[22] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 107; R-LEGALEASE-00189134-R–LEGALEASE-00189139 ( .

[23] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 113.

[24] *See* Plaintiffs' Second Supplemental Response to ROSS' Interrogatory No. 1, March 23, 2022, pp. 33–37.

[25] *See also* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Appendix C.

[26] *See, e.g.*, T. Hafeez Dep. Tr. 66:4–17

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



[28] ███████████████████████████

[29] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 30.

[30] *Id.*, ¶ 31.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**4.3**

35.

---

[31] *Id.*, ¶¶ 32–33.

[32] *Id.*, ¶¶ 34–36.

[33] *Id.*, ¶ 38.

[34]

*See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.17.

[35] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 20.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



36.

37.

_See_ Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 146.

_Id._

[36] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 47.

[37] _Id._, ¶ 49.

[38] _Id._, ¶ 47.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



38.

[39] *See, e.g.*, ROSS-003391075                    ; ROSS-010164290–ROSS-010164291

[40] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 51.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



39.

40.

<hr />

[41] A. Arruda Dep. Tr. 275:23–276:12

[42] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 51.

[43] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**4.4**

41.



44

*Id.*, ¶ 50.

45 *Id.*, ¶ 56.

46 *Id.*, ¶ 22.

47 *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



42.

43.

44.

---

[48] *Id.*, ¶ 62 (emphasis added).

[49] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4.

[50] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 63.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

45.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

46.

47.

---

[51] *Id.*, ¶ 63

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

██████████████████████████████████████████

██████ ▪ ████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████

**4.5**   ████████████████

48.   ████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████ ▪

---

[52] *Id.*, ¶ 65.

[53] *Id.*, ¶ 58.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



49. ███████████████████████████████

50. ███████████████████████████████

51. ███████████████████████████████

---

[54] *Ibid.*

[55] *Ibid.*

[56] *Ibid.*

[57] *Id.,* ¶ 65.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



52.

5.

53.

54.

---

[58] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 39.

[59] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 16.

[60] *Id.*, p. 8.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

55.

56.

---

[61] *Ibid.*

[62] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



57.

58.

59.

---

[63] ROSS's Supplemental Response to Interrogatory No. 11, February 22, 2022, pp. 34, 39.

[64]

[65] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 74, 152.

[66] *Id.*, pp. 42–46.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████

60.   ████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ █ █████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ █ ████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████

61.   ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[67] *Id.*, ¶¶ 149, 153.

[68] *Id.*, ¶ 149.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

62.

63.

---

[69] *Id.*, ¶ 153.

[70] *See, e.g.,* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4.

[71] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 153.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**5.1**

64.

---

[72] *See, e.g., id.*, ¶¶ 115, 123, 132, 136.

*See also*, *id.*, Exhibit O, ¶ 6.

[73]

[74] *See, e.g., id.*, ¶¶ 95, 124-127, 130. *See also*, *id.*, Exhibit O, ¶¶ 9, 13.

[75] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 16.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



65.

**5.1.1**

66.

---

[76] *Ibid.*

[77] *Id.*, ¶¶ 16–17.

[78] I reserve all rights to supplement my opinion based on any explanations Ms. Frederiksen-Cross provides in the future.

[79]

[80] *Id.*, p. 12.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



67.

---

[81] *Id.,* p. 12 and ¶ 26, respectively.

[82] *Id.*, p. 12 and ¶ 32, respectively.

*See, e.g.*, J. Ovbiagele Dep. Tr. 76:5–22

[83] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 26–27. *Id.*, ¶ 27.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



68.

69.

*Ibid*. Likewise, Ms. Frederiksen-Cross states that

*Ibid*.

[84] *Id*., p. 12.

[85] *Id*., ¶ 33.

[86] *Ibid*.

[87] It

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



70.

71.

---

88 *Id.*, ¶ 65.

89 *Id.*, ¶¶ 66–67.

90 *See* Thomson Reuters' Second Supplemental Interrogatory Response to Interrogatory No. 1, March 23, 2202, pp. 33–37.

91 *See, e.g.*, C. Cahn Dep. Tr. 159:25–160:7

92 Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 62

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**5.2** ███████████████████████

    **5.2.1** ██████████████

72. ████████████████████████

████████████████████████

███

73. ████████████████████████

███████████████████████

74. ████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

75. ████████████████████████

████████████████████████

████████████████████████

████████████████████████

---

[93] ████████████████████████████████████████.

[94] *Id.*, ¶ 90.

[95] *Id.*, ¶¶ 91, 95.

[96] *Id.*, ¶ 98 (incl. fn. 35).

[97] *Id.*, ¶¶ 99–101.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



76.

---

[98] *Id.*, ¶¶ 104–105.

[99] *Id.*, ¶¶ 104–108.

[100] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶¶ 68–69.

[101] *Id.*, ¶ 69; *see also* A. Martens Dep. Tr. 142:7–20

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

77. ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ █ ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

78. ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ █ ██████████████████████████



[102] ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████ .

[103] Specifically, Ms. Frederiksen-Cross explains that she did this by
████████████████████████████████████████████████
████████████████████████████████████████████████
                          Expert Report of Barbara Frederiksen-Cross, August 1,
2022, ¶ 95. ████████████████████████████████████
████████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



79.

80.

e.g. [3]." *Id.*, ¶ 96.

[104] *See* prior fn.

[105] *Id.*, ¶ 99.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███

81.   ██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████ █ ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████ █

---

[106] *See* Appendix B.

[107] ████████████████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**5.2.2**

82. "

83.

84.

---

[108] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 110.

[109] *Id.*, ¶ 123.

[110] *Id.*, ¶ 120.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

111 *Id.*, ¶ 123, emphasis added.

112 *Id.*, ¶ 124, emphasis added.

113 *Id.*, ¶ 125, emphasis added.

114 *Id.*, ¶ 96.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

87.

88.

89.



---

[115] *Id.*, ¶ 121.

[116] *Id.*, ¶ 132. ███████████████████████████████ *See also*, *id.*, Exhibit O.

[117] *Id.*, ¶¶ 129–130, 136.

[118] *Id.*, ¶¶ 129–130.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

90.

**5.3**

91.

---

[119] *Id.*, ¶¶ 117–138.

[120] *Id.*, ¶ 133.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



92.

93.

---

121 *See* ROSS's Supplemental Response to Interrogatory No. 11, February 22, 2022, pp. 34, 39. If that is the case, I do not believe Ms. Frederiksen-Cross's results support ROSS's position for the reasons discussed below.

122 Expert Report of Barbara Frederiksen-Cross, August 1, 2022, p. 8.

123 *See* Appendix B.

124 Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶ 152 and Exhibit H.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

94.

95.

---

[125] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, p. 8.

[126] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

96.

97.

---

[127] *Ibid.*

[128] *Id.*, ¶ 153.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

98. 

99.

---

129 *Id.*, pp. 42–43 and ¶¶ 152–153.

130 *See* Appendix C.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

100.

101.

---

[131] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Appendix C.

[132] *See*, *e.g.*, Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 123, 132.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

102.

103.

104.

---

[133] *Id.*, Exhibit O at ¶ 6.

[134] *Id.*, ¶ 15.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

105.

106.

---

135 *See* Appendix D.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

---

[136] Note that I used the same set of stop words as applied by Ms. Frederiksen-Cross. *See*, *id*., ¶ 121.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

107. ███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

108. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

109. ███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████ █ ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[137] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 112 (incl. fn 162).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

110.

111.

112.

---

[138] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶¶ 35-36.

[139] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, p. 8.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



113.

114.

---

140 *See* Appendix E.

141

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ █████████████

████████████████████████████████████████████████████

██████████████████████████████

**6.**   ██████████████

115.   ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct.

████████████████████████

Respectfully submitted,

_Dr. Jonathan L. Krein_

---

[142] *See, e.g.,* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4.

# EXHIBIT AT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613-SB |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**<u>REPLY EXPERT REPORT OF DR. JONATHAN L. KREIN</u>**
**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY**

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

## TABLE OF CONTENTS

1.  Introduction ...................................................................................................................1

2.  Background and Expert Qualifications ...........................................................................2

3.  Summary of Opinions ......................................................................................................4

4.  The Branting Rebuttal Report .........................................................................................6

    4.1   Dr. Branting's Analysis of ROSS's Training Process is
          Methodologically Unsound and Inconsistent With the Record ...........................8

    4.2   Dr. Branting's Analysis of ROSS's Training Data is Methodologically
          Unsound and Inconsistent With the Record .......................................................15

    4.3   Dr. Branting's Characterization of The Term "High-Quality" Data Is
          Inconsistent With ROSS's Own Definition .......................................................21

5.  The Leiter Rebuttal Report ...........................................................................................32

6.  The Cox Rebuttal Report ..............................................................................................35

    6.1   ███████████████████████████████████ ........................................36

7.  The Frederiksen-Cross Rebuttal Report .......................................................................40

    7.1   My Analysis and Methodology Are Not Flawed Because They Are
          Founded on the Facts of the Case, Sound Statistical Principles, and
          Knows Biases that Militate Against My Own Conclusions ................................41

          7.1.1   Ms. Frederiksen-Cross Misinterpreted My Methodology (Fn.
                  162) .......................................................................................................42

          7.1.2   Ms. Frederiksen-Cross Makes the Same Misguided Arguments
                  From Her Opening Report .....................................................................47

                  7.1.2.1   ████████████████████ ......................47

                  7.1.2.2   ROSS's Copying of the WKNS .........................................50

                  7.1.2.3   ███████████████████████████
                            ██████████ ...........................................................56

    7.2   Appendix C And My Sampling Methodology Are Not Flawed .........................60

    7.3   Ms. Frederiksen-Cross's Cases Studies and Examples Are Misleading ............68

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

7.4     ███████████████████████ Is Flawed ................................................................76

8.     Conclusion ........................................................................................................87

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

## <u>APPENDICES</u>

Appendix A:        List of Materials Considered

Appendix B:        List of Produced Bulk Memos Containing WKNS Topics in the Filename

Appendix C:        A random sample of 100 rows drawn from Appendix C to my opening report, along with a manual assessment of how similar each Bulk Memo question is to its corresponding West Headnote (on a scale of 0-2, indicating "low similarity," "clearly derived from," and "identical or nearly identical," respectively).

Appendix D:        The same data as presented in Appendix C to my opening report, but with additional data cleaning applied.

Appendix E:        A random sample of 200 rows drawn from Appendix D to this report, along with a manual assessment of how similar each Bulk Memo question is to its corresponding West Headnote (on a scale of 0-2, indicating "low similarity," "clearly derived from," and "identical or nearly identical," respectively).

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

1. ██████████

    1. ████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████

    2. ████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████ ███████████████████

██████████████████████████████████

██████████████████████████████████

███████████████████ ████████████████ ████████

██████████████████████████████████

██████████████████████████████████

---

[1] Expert Report of Dr. Jonathan L. Krein, August 1, 2022.

[2] Expert Report of Dr. Jonathan L. Krein, September 6, 2022.

[3] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022.

[4] Expert Report of Barbara Frederiksen-Cross, August 1, 2022.

[5] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

██████████████████████████████████████████████████████

████████████████████████████████████████

**2.**   ████████████████████████████████████

   3.   ████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

   4.   ████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

   5.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████

   6.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[6] Expert Report of Barbara Frederiksen-Cross, September 6, 2022.

[7] Expert Report of Alan J. Cox, Ph.D., September 6, 2022.

[8] Expert Report of Richard Leiter, J.D., September 6, 2022.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

█████████████████████████████████████████████

███████

7.    ████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████

8.    ████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████

9.    ████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

10. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

████

**3.** ██████████████████

11. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████

12. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████

13. ███████████████████████████████

████████████████████████████

14. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

15. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

16. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

17. █████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

**4.** ███████████████████████

    18. ████████████████████████████████████

████████████████████████████████████████████

███████████████████████ ████████████████████

████████████████████████████████████████████

█████████████████████████████

    19. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

    20. ████████████████████████████████████

████████████████████████████████████████████

████████████████

    21. ████████████████████████████████████

████████████████████████████████████████████

---

[9] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶¶ 4–10.

[10] *Ibid.*

[11] *Id.,* ¶¶ 5–6.

[12] *Id.,* ¶ 7.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

22.

23.

---

[13] *Id.*, ¶ 8.

[14] *Id.*, ¶ 9.

[15] *Id.*, ¶ 10.

[16] *Ibid.*

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**4.1**

24.

25.

26.



---

[17] *Id.*, ¶ 11.

[18] *Ibid.*

[19] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶ 37.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

27.

---

[20] Expert Report of L. Karl Branting, J.D., Ph.D., August 1, 2022, ¶ 51.

[21] A. Arruda Dep. Tr. 275:23–276:12

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



28.

---

[22] *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991) (authors' choices as to the selection and arrangement of "which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers" are protectable under copyright law).

[23] Expert Report of L. Karl Branting, J.D., Ph.D., September 1, 2022, ¶ 14

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

29.

30.

---

[24] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 12.

[25] *Id*., ¶ 13.

11

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

31.

---

26 *See* https://medium.com/@AndrewArruda/hold-59effcd819b0.

27 T. van der Heijden Dep. Tr. 136:15-136:20.

28 Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 12.

29 Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶¶ 129–144.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

[black redaction]

[black redaction]

[black redaction]

[black redaction]

[black redaction]

---

[30] Related to this, Dr. Branting also incorrectly states, [black redaction] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 12. [black redaction]

[31] Dr. Branting also states that [black redaction] *Id* at fn. 2. The terms [black redaction] and [black redaction] are vacuous in this context, or at least add nothing more than conveyed by the phrase [black redaction] Further, retraining a model [black redaction] is actually relatively frequent, both for machine learning and, especially, for the domain of the law. Consider, for example, the testimony of Mr. Richard Leiter, another of ROSS's expert witnesses, who stated: [black redaction] Expert Report of Richard Leiter, J.D., September 6, 2022, ¶ 14. [black redaction]

[32] Dr. Branting also states: [black redaction] Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 12. Again, this is incorrect and misleading. First, Dr. Branting cites to the deposition of Jimoh Ovbiagele, but the cited passage is both inaccurate and unrelated to Dr. Branting's point. [black redaction] J. Ovbiagele Dep. Tr. 181:15, 181:22-182:9. [black redaction]

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

32. 



Therefore, Dr. Branting's own statement contradicts itself and makes no sense.

[33] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 14.

[34] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**4.2**

33.

34.

35.

---

[35] *Id.*, ¶ 15.

[36] *See generally* Expert Report of Dr. Jonathan L. Krein, September 6, 2022.

[37] Footnote 8 of Dr. Branting's report reads: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ over half of the ROSS questions are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*" Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, fn. 8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[38] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 15.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

36. ███████████████████████████████████

37. ███████████████████████████████████

---

[39] *Id.*, ¶ 17.

[40] *Ibid.*

[41] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 106.

[42] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 107; R-LEGALEASE-00189134-R–LEGALEASE-00189139 ████████████████████████████

[43] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 113.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



38.

---

44 *See* Plaintiffs' Second Supplemental Response to ROSS' Interrogatory No. 1, March 23, 2022, pp. 33–37.

45 *See also* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Appendix C.

46 *See, e.g.*, T. Hafeez Dep. Tr. 66:4–17

47 Expert Report of Dr. Jonathan L. Krein, September 6, 2022, Section 4.1.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



39.

40.

48 Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 51.

49 *See* LEGALEASE-00093066–LEGALEASE-00093074 ; *see also* C. Cahn Dep. Tr. 159:25–160:7

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



41.

42.

---

[50] ROSS-000177723 ███████████████████
████████ ; *see also* T. van der Heijden Dep. Tr. 347:20–22 ██████████████
██████████████████████████████████████ .

[51] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 18.

[52] *Compare* TR-0179847-TR-0179854 ██████████████████, *with*, ROSS-
010128683 ███████████

[53] ROSS-003419784-ROSS-003419786 ████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

43.

---

[54] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶¶ 24–27.

[55] *Id.*, ¶ 25.

[56] *Id.*, ¶ 26.

20

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

[57] *Id*, ¶ 28.

[58] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 147.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



46.

47.

48.

---

59 *Id.*, ¶ 148; *see also* ROSS-003487472–ROSS-003487474

; ROSS-009558441–ROSS-009558443

; ROSS-009545896–ROSS-009545899

; ROSS-003704423-ROSS-003704439

60 Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶¶ 19–20.

61 *Ibid*.

62 *See* ROSS-000076307.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



49.

50.

---

[63] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶ 20.

[64] *See* ROSS-009558441–ROSS-009558443

[65] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶¶ 21–22.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

██████████████████████████████████████ ██████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

51.  ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

52.  ███████████████████████████████████

█████████



---

[66] *Id.*, ¶ 20.

[67] *Ibid.*

[68] *Id.*, ¶ 21.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



53.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

54.

---

[69] https://xkcd.com/1007/.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



55.

56.

---

[70] https://online.stat.psu.edu/stat501/lesson/12/12.8.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



57.

58.

---

[71] Expert Report of L. Karl Branting, J.D., Ph.D., September 6, 2022, ¶¶ 20.

[72] *Id.*, ¶ 22.

[73] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



59.

60.

---

[74] *Id.*, ¶ 23

[75] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



61.



---

[76] It is also worth noting that Dr. Branting's ¶ 30 is, once again, beside the point.

[77] Dr. Branting also states,

*Id.*, ¶ 31. This statement is entirely inconsistent with the facts of this case, as I have explained above. Moreover, Dr. Branting makes this statement without any evidence, citations, or substantiation of any kind.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

**5.**



62.

63.

---

[78] Expert Report of Richard Leiter, J.D., September 6, 2022, ¶¶ 1, 6.

[79] *Id.*, ¶ 6.

[80] Expert Report of Richard Leiter, J.D., September 6, 2022, ¶ 20.

[81] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶¶ 71–72; *see also* TR-0179838-TR-0179842 ████████████████████████████████████████; TR-0179830- TR-0179837 ████████████████████████████████████; TR-0432528-TR-0432533 ████████████████; TR-0002864–TR-0003137 ████████████████████; Plaintiffs' Second Supplemental Response to ROSS's Interrogatory No. 1, March 23, 2022, p. 9; L. Oliver Dep. Tr., pp. 198-211, 340-341.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



64.

65.

---

[82] *Ibid.*

[83] *Ibid.*

[84] *See Broad. Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357, 362–63 (D. Del. 1980); *see also Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 294 (3d Cir. 1991).

[85] C. Cahn Dep. Tr. 161:10-161:23

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

66.

---

[86] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶¶ 28–32.

[87] Expert Report of Richard Leiter, J.D., September 6, 2022, ¶ 13.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



67.

6.

68.

69.

70.

71.

---

[88] A full list of Bulk Memos with filenames corresponding to the WKNS Digest Topics is attached hereto as Appendix B.

[89] Expert Report of Alan J. Cox, Ph.D., September 6, 2022, ¶ 15.

[90] *Ibid*.

[91] *Ibid*.

[92] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

[93] *Ibid*.

[94] Expert Reports of James E. Malackowski, August 1, 2022 and September 6, 2022.

[95] J. Obviagele Dep. Tr. 171:7–11

[96] ROSS-003332311.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

75. ███████████████████████████████████

76. ███████████████████████████████████

---

[97] Expert Report of Alan J. Cox, Ph.D., September 6, 2022., ¶ 21.

[98] Expert Report of Alan J. Cox, Ph.D., September 6, 2022., ¶¶ 19–20.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

77.

78.

---

[99] Expert Report of Alan J. Cox, Ph.D., September 6, 2022, ¶ 20.

[100] *See* https://medium.com/@AndrewArruda/hold-59effcd819b0

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

79. ████████████████████████████████████████

80. ████████████████████████████████████████

---

[101] *See* Expert Report of Alan J. Cox, Ph.D., September 6, 2022, ¶¶ 27–35.

[102] *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994).

[103] *Id.*, ¶ 29.

[104] *Id.*, ¶¶ 36–40.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



---

[105] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 9–15.

[106] *Id.*, ¶¶ 9–11.

[107] *Id.*, ¶ 15.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

**7.1**   ███████████████████████████████████████████
██████████████████████████

85.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ ████████████

████████████████████████████████████████████████████

████████████████████████████████████

---

[108] Moreover, I note that Ms. Frederiksen-Cross repeatedly states the same arguments numerous times throughout her report without adding anything further of substance, which gives the false impression that she has found a greater number of alleged flaws than she actually has.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



86.

87.

**7.1.1**

88.

---

[109] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 25–39.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

89.

90.

---

[110] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, fn. 162.

[111] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

91. ████████████████████████████████████

92. ████████████████████████████████████

---

[112] *Ibid.*

[113] *See* Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4; *see also* Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶¶ 43, 70, 83.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



93.

94.

---

[114] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶¶ 76–80.

[115] *Ibid.*

[116] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 36–37.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

95.

96.

---

[117] *Ibid.*; *see also*, *id.*, ¶ 25.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



_____

[118] *Id.*, ¶ 17.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



100.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



101.

102.

103.

---

[119] Expert Report of Barbara Frederiksen-Cross, September 6, 2022.

[120] *Id.*, ¶ 18.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



104.

105.

---

[121] *Ibid.*

[122] *Ibid.*

[123] C. Cahn Dep. Tr. 161:10-161:23

[124] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶¶ 28–32.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



106.

107.

---

125 Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶ 100.

126 *Id.*. ¶ 102.

127 *Id*., ¶¶ 104–105.

128 Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 113.

129 Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 106–108.

130 *Id*., ¶ 109 (emphasis in original).

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

108.

---

[131] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Section 9.1.4.

[132] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 110–116.

[133] *Id.*, ¶ 110.

[134] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



109.

---

[135] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 146.

[136] ROSS-003419784-ROSS-003419786

[137] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 112–116

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████████

███████████████████████████

110.  ███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

111.  ███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████  ████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[138] *Id.*, ¶ 122.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



112.

113.

114.

---

139 Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 109.

140 Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶ 123.

141 *Id.*, ¶¶ 124–126.

142 Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 21–24.

143 *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

115. 

116.

---

[144] Id., ¶ 22.

[145] *See* C. Cahn Dep. Tr. 68:3–9  , 194:19–195:5

[146] *See* T. Hafeez Dep. Tr. 152:7–21

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

117.

---

[147] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶ 22.

[148] LEGALEASE-00059362.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

118.

119.

---

[149] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶ 22.

[150] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶ 109.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

**7.2** █████████████████████████████████████

120. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████ ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ █████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████

121. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[151] Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 112, incl. fn 162.

[152] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 41–42.

[153] *Ibid*.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

122.

123.

124.

---

[154] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶ 109.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

125.

---

[155] LEGALEASE-00140943-LEGALEASE-00140944.

[156] ROSS-003330518-ROSS-003330519.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



126.

127.

---

[157] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 41–54.

[158] *Id*., ¶ 12.

[159] *Id*., ¶ 48.

[160] *Id*., ¶¶ 45–46.

[161] Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 131–132.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

128.

129.

130.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

131.

---

162 Expert Report of Dr. Jonathan L. Krein, August 1, 2022, ¶ 112, incl. fn 162.

163 *See, e.g.*, Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 80–89.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

132. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

133. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



**7.3**

137.

138.

139.

---

[165] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶¶ 67–97.

[166] Id., ¶¶ 93–97.

[167] *Ibid.*; The West Headnote cited in Appendix C reads

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

140.

141.

---

[168] TR-0541943.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

142.

143.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

144.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



145.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

146.

---

[169] Expert Report of Dr. Jonathan L. Krein, September 6, 2022, ¶ 100.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



147.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



148.

149.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

**7.4**

150.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

151. ████████████████████████████████████

152. ████████████████████████████████████

153. ████████████████████████████████████

---

[171] Expert Report of Barbara Frederiksen-Cross, September 6, 2022, ¶ 130.

[172] *Id.*, ¶ 132.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



154.

155.

156.

---

[173] *Ibid.*

[174] *Id.*, ¶ 133.

[175] *Id.*, ¶ 134.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████

157.   ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████ ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████

158.   ███████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[176] *Ibid.*

[177] *Id.*, ¶ 135.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

159.

160.

---

[178] *Ibid.*

[179] *Id.*, ¶ 139.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**



161.

162.

---

[180] *Id.*, ¶ 15

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

163.

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY



**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

164.

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

165.



166.

---

[181] ████████████████████████████████████████████████
████████ (*see* Expert Report of Barbara Frederiksen-Cross, August 1, 2022, ¶¶ 129-130, 136-137), thus turning her results toward her conclusions in spite of the data.

[182] *Id.*, ¶ 15

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

███████ █████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

167. ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████ ████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[183] *Ibid.*

[184] *Ibid.*

[185] *Ibid.*

**HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

**8.**   █████████████

168.   ████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

*** 

I declare under penalty of perjury that the foregoing is true and correct.

███████████████████████

Respectfully submitted,

Dr. Jonathan L. Krein

# EXHIBIT AU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

               Plaintiffs,

v.

ROSS INTELLIGENCE INC.,

               Defendant.

Case No. 1:20-cv-00613-SB

**REPORT OF DEFENDANTS' EXPERT
PROFESSOR RICHARD LEITER, J.D.**

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION

II.     QUALIFICATIONS

III.    MATERIALS CONSIDERED

IV.     SUMMARY OF OPINIONS

V.      THE FORMATION OF THE WEST KEY NUMBER AND HEADNOTE SYSTEM

VI.     THE INFLUENCE OF DIGESTS PREDATING WEST'S *THE AMERICAN DIGEST*

VII.    THE ADOPTION OF THE INDEXING SYSTEM BY OTHER DIGESTS

VIII.   THE EVOLUTION OF THE WEST INDEX SYSTEM

IX.     THE EVOLUTION OF THE SUB-TOPICS

2

**I.** █████████████

1. ██████████████████   ████████████████████
████████████████████████████████████████████
███████████████████   █████████████████████████
████████████████████████████████████████████
██████████████████████   █████████████████████
██████████████████████   █████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

**II.** ███████████████

2. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████

3. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████

4. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

3

███████  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████

5. ████████████████████████████████████████████████████████████ ▊

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

6. ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████

7. █████████████████████████████████████████████████████████████

**I.** ████████████████████████████████

8. ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

**II.** ██████████████████████████████████

9. ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

4



10. ████████████████████████████████████████

**III.** ████████████████████████████████

11. ████████████████████████████████████████

---

[1] James Kent, "Of Reports of Judicial Decisions," *in Commentaries on American Law Vol. 1* (1826).  In Lecture XXI, "Of Reports of Judicial Decisions," Kent makes a compelling case for restraint in the publication of judicial decisions, but also for a systematic indexing and organization of them.  *Id.* at 439.

[2] U.S. Nat'l. Comm'n on Libraries and Informational Science, *A Comprehensive Assessment of Public Information Dissemination, Final Report Vol. 1* at 1-18 *et seq.* (2001).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

12.   ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

_____

[3] Kent C. Olsen, Morris L. Cohen & Robert C. Berring, *How to Find the Law* at 17 (9th ed. 1989)

[4] *See generally* West Publishing Co., Preface to *The Federal Cases Comprising Cases Argued and Determined in the Circuit and District Courts of the United States*, Book 1 (1894) for a discussion of the process by which the cases for the set were compiled.

LEITER EXPERT REPORT                    CASE: 1:20-cv-00613-SB



13.

---

[5] The reasons for the lack of publication of the Federal Courts was partly due to their lack of general jurisdiction through most of the Nineteenth Century. *See generally* Edwin Surrency, *History of the Federal Courts* (1st ed. 1987); *see also Review essay of The Federal Reporter published in* THE N.Y. TIMES, Oct. 2, 1880, at 8.

[6] Morris L. Cohen & Robert C. Berring, *How to Find the Law* at 20-22 (8th ed. 1983).

[7] Authors of the early nominatives developed special interests; thus, we find reporters called *Jones' Evidence Cases, Smith's Commerce Cases*, and *Rowe, Interesting Cases*, plus many more that include reporters on maritime law, family law, and other topics, each named after the special interests of their respective authors. The value of these reporters relied heavily upon the expertise of the reporter to select the most important, useful, and valuable cases from among the much larger volume of cases being decided by the judges. *See generally* Cohen, *supra* note 6 at "Chapters 3 & 4" for an excellent summary of the process. Comparatively, today, it is my understanding that West editors are trained in broad indexing across many topics and not have similar specialized subject matter expertise.

[8] In addition to ALR, there were others including William M. McMinney & N. Noyes Greene, *Annotated Cases American and English: Containing the Most Important Cases Selected from the Current American, Canadian, and English Report* (1906-1911); William M. McMinney & N. Noyes Greene, *Annotated Cases American and English: Containing the Most Important Cases Selected from the Current American, Canadian, and English Report* (1912-1918));  Lawyers' Co-operative Publishing Co., *The Lawyer's Reports Annotated (1888-1905)* Vol. 1-70 (1906).

[9] Access was facilitated by a combination of indexes and digests.

LEITER EXPERT REPORT                                          CASE: 1:20-cv-00613-SB

14. 

---

[10] Thomas H. Reynolds , B. P. Crum, Royal A. Gunnison & John Mason Ross, *Report of the Special Committee on Reports and Digests*, 2 A.B.A. J. 618 (1916); "Minutes of the Nineteenth Annual Meeting,", *Association of American Law Schools* 48 at 117-119 (Dec. 29-31, 1921).  There were many other calls for simplification of the case law over the years; for example, the American Bar Association Committee on Classification and Restatement of the Law was organized at least by 1919.  *See* Urban A. Lavery, *Finding the Law: Legal Classification in America - 1880-1940*, 25 A.B.A. J. 383, 383 n. 2 (1939).
During the 1920s, the American Law Institute led this effort to simplify the case law.  The American Law Institute was organized on February 23rd, 1923. The organization meeting was attended by the Chief Justice of the United States Supreme Court, as well as other representatives of the Supreme Court, representatives of the United States Circuit Courts of Appeals, the highest courts of a majority of the States, the Association of American Law Schools, the American and State Bar Associations, and the National Conference of Commissioners on Uniform State Laws. The meeting was held in response to an invitation issued by a voluntary committee, of which Mr. Elihu Root was chairman, on the vote a Permanent Organization for the Improvement of the Law, the Committee having prepared a report recommending the establishment of an American Law Institute.  *See* Introduction to Restatement (First) of Contracts n. 2 (Am. L. Inst. 1932).
"The Committee on the Establishment of a Permanent Organization for the Improvement of the Law," led by Elihu Root, George Wickersham, and William Draper Lewis reported to the members of the legal profession that the "law is unnecessarily uncertain and complex," and as a result, there is a "general dissatisfaction with the administration of justice."  *See The Story of ALI*, AMERICAN LAW INSTITUTE, https://www.ali.org/about-ali/story-line/ (last visited Jun. 6, 2022).
[11]  See Richard A. Danner, *Oh, the Treatise!*, 111 MICH. L. REV. 821, 825 (2013).
[12]  John H. Langbein, Chancellor Kent and the History of Legal Literature, 93 COLUM. L.REV. 547, 597 (1993).



15. 

16. 

---

[13] Lavery, *supra* note 10 at 383 n. 3.  At the time of Lavery's Article, there were an estimated 1.75 million cases, with 25,000 cases being added every year.  It was estimated that the American Digest at that time contained seven million headnotes.  *Id.*

[14] *See* "Benjamin Vaughan Abbott," 3 GREEN BAG 1, 1 (1891) (Benjamin Vaugh Abbott spent a year at Harvard Law School and finished his education in New York in 1852).

[15] *Id.*

[16] Benjamin Vaughan Abbott & Austin Abbott, *Digest of New York Statutes and Reports from the Earliest Period to the Year 1860* (1864).

[17] *See* Section VI *infra.*

9



---

[18] Benjamin Vaughan Abbott & Austin Abbott, *Digest of the Reports of the United States Courts, and of the Acts of Congress, from the Organization of the Government to the Year* (1867-1880).

[19] Benjamin Vaughan Abbott, *Abbott's National Digest: A Digest of the Reports of the United States Courts* (1886).

[20] Frederick C. Hicks, *Materials and Methods of Legal Research* at 203 (1923).

[21] *Id.*

[22] West Publishing Co., *Century Edition of the American Digest: A Complete Digest of All Reported American Cases from the Earliest Times to 1896* (1897) ("*Century Digest*").

[23] West Publishing Co., *Decennial Edition of the American Digest: A Complete Digest of All Reported Cases from 1897 to 1906* (1908) ("*First Decennial Digest*").



21.

22.

23.

---

[24] West Publishing Co., *American Digest Classification Scheme: A Logical Analysis of the Law for the Use of Indexers and Digest Makers* at 1 (2nd ed. 1898)  This theorem and in-depth explanation are repeated in West Publishing Co., *American Digest Classification Scheme: A Logical Analysis of the Law for the Use of Indexers and Digest Makers at iii* (3rd ed. 1901); West Publishing Co., *American Digest Main Heads and Subdivisions of Classification Scheme: A Logical Analysis of the Law for the Use of Indexers and Digest Makers* at iii (4th ed. 1904); and West Publishing Co., *American Digest Main Heads of Classification Scheme: A Logical System of the Law for the Use of Indexers and Digest Makers* at iii (5th ed. 1916).

[25] *Id.*   Benjamin Vaughn Abbott came up with the theorem before 1880.  *See Correspondence*, 22 ALB. L. J. 179, 179, (1880) (letter to the editor by Benjamin V. Abbott titled "Uniform Indexes.").  "In formulating the American Digest Classification Scheme, the categories described [by Abbott] were taken as a basis." John A. Mallory, *The Theory of the American Digest Classification Scheme*, 1 AM. L. SCH .REV. 184, 188 (1904). *See also* John Doyle, *WESTLAW and the American Digest Classification Scheme,* 84 LAW. LIBR. J. 229-32 (1992).

[26] *Id.* at 5-11. *See also* Hicks, *supra* note 20. Today, the topic and key number system has been reduced to 363 topics. *See* fn. 45, *infra*.

[27] Mallory, *supra* note 25 at 186 (emphasis added).

LEITER EXPERT REPORT

CASE: 1:20-cv-00613-SB



**IV.**

24.

25.

---

[28] *Id.* at 185 (quoting *Wambaugh's Study of Cases*, §§ 115, 118).
[29] *American Digest Main Heads and Subdivisions*, *supra* note 24.
[30] *Id.*
[31] *See* Exhibit 3.
[32] *Id.*



---

[33] William W. Marvin, *West Publishing Company: Origins, Growth, Leadership* at 69 (1969).
[34] *Id.*
[35] *Id.*

LEITER EXPERT REPORT                                        CASE: 1:20-cv-00613-SB

30. 

31.

---

[36] *Id.* .
[37] *American Digest, Main Heads of Classification*, *supra* note 24.
[38] *Id.*
[39] Comparison of "Contracts" from Bancroft, *California Digest of Official Report (Series 3 & 4)* (revised in 1997) to *First Decennial Digest*, *supra* note 23.



32. ████████████████████████████████████████████████████████

████████████████████████████ ███████ ████████████████████████

██████████████████ ████████

33. ████████████████████████████████████████████████████████

██████████████████████████ █ ██████████████████████████

---

[40] *See First Decennial Digest*, *supra* note 23; *see also* Figure 1.
[41] *See Chodos v. West Publishing Co*, 292 F.3d 992,1994 (9th Cir. 2002).
[42] *See* Michael O. Eshleman, A History of the Digests, 110 LAW LIBR. J. 235,245, comparing the *General Digest*, published by the Lawyers' Co-operative Publishing Company, to the *United States Digest*.



**VI.**

34.

---



**VI.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

34. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[43] *First Decennial Digest*, *supra* note 23 at vii.
[44] *Id.*
[45] *See* Table 2 at Exhibit 4 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
[46] *Id.*; *see also* Figure 2.



35. ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ ██ ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ ██

36. ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ ██ ██████████████████████

---

[47] See Table 3 of Exhibit 5 ████████████████████████████████

[48] *Id.*

[49] Table 2 at Exhibit 4, *supra* note 45.



37.

38.

**VII.**

39.

---

[50] *Id.*

[51] Table 3 at Exhibit 5, *supra* note 47.

[52] Table 2 at Exhibit 4, *supra* note 45.

[53] *West's Analysis of American Law 2021 Edition: Guide to the American Digest System* (2021).

Leiter Expert Report                                          CASE: 1:20-cv-00613-SB



41. ███████████████████████████████████

42. ███████████████████████████████████

43. ███████████████████████████████████

---

[54] *Video: Dan Dabney on Reclassifying Headnotes in the Key Number System*, THOMSON REUTERS \ LEGAL CURRENT, https://www.legalcurrent.com/dan-dabney-on-reclassifying-headnotes-in-the-key-number-system/ (last visited Mar. 24, 2022).

[55] The Topic Name is misleading as the other commonly included intellectual property topics, Patents and Trademarks, are each their own top-level West topics.

[56] Daniel Dabney, former chief taxonomist at West, is on the record stating that there are 18,754 "structural lines in the hierarchy" that are not postable. Daniel P. Dabney, *The Universe of Thinkable Thoughts: Literary Warrant and West's Key Number System*, 99 Law Libr. J 229, 236 ¶ 33 (In 2007, the key number system had "109,183 lines, of which 90,429 are postable, and the remaining 18,754 are structural lines in the hierarchy."). This means that there must be a similar amount of "In general" key numbers embedded within the current 363 top-level topics of the West topic and key number system.



44.



45.



_____, at this ___ day of August, 2022.

Professor Richard A. Leiter

22

# EXHIBIT AV





# EXHIBIT AW

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE
CENTRE GMBH and WEST PUBLISHING
CORPORATION,

          Plaintiffs,

v.

ROSS INTELLIGENCE INC.,

          Defendant.

Case No. 1:20-cv-00613-SB

**CONFIDENTIAL**

**REBUTTAL REPORT TO THE REPORT OF PLAINTIFFS' EXPERT DR. JONATHAN
L. KREIN BY DEFENDANT'S EXPERT PROFESSOR RICHARD LEITER, J.D.**

## TABLE OF CONTENTS

I.      INTRODUCTION

II.     EXPERIENCE AND QUALIFICATIONS

III.    CONFIDENTIALITY

IV.     MATERIALS CONSIDERED

V.      THE TOP LEVEL DIGEST TOPICS ARE NOT CREATIVE OR UNIQUE
        TO WEST, RATHER THEY FOLLOW THE LOGICAL AND ORDINARY
        LANGUAGE OF THE LAW

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB

**I.** ▮▮▮▮▮▮

    1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

**II.** ▮▮▮▮▮▮▮▮▮▮

    2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

    3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

**III.** ▮▮▮▮▮▮▮

    4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CONFIDENTIAL REBUTTAL EXPERT REPORT        CASE: 1:20-cv-00613-SB

█████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

**IV.**   ████████████████████

5.   ████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████

**V.**   ████████████████████████████████████████████

████████████████████████████████████████████

███████████

6.   ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████  ██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

---

[1] Krein Report, ¶ 113.

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB

7. ██████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████

8. █████████████████████████████████████
███████████████████████████████████
████████████████████████████████████
██████████████████████████████████
███████████████████████████████████
███████████████████████████████

9. ████████████████████████████████
█████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████████████████
█████████████████████████████████████
████████████████████

10. █████████████████████████████████████
█████████████████████████████████████
██████████████████████████████████
█████████████████████████████████████

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



11.

12.

13.

[2] Sir John Comyns' *A Digest of the Laws of England* (5th ed. 1822) ("Comyns' *Digest*").
[3] John Mews' *Digest of English Case Law Contain the Reported Decision of the Superior Courts, and a Selection from Those if the Irish Courts* (1898) ("Mews' *Digest*").

6



[4] West first debuted WKNS, its classification system the *Century Edition of the American Digest: A Complete Digest of All Reported American Cases from the Earliest Times to 1896* (1897).  Opening Report, ¶¶ 20-22 and accompanying notes.
[5] Krein Report, ¶ 113; *Id.*, chart at p. 58-60.



CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



9



14. 

---

[6] COMMODITY FUTURES TRADING COMMISSION,
https://www.cftc.gov/LawRegulation/CommodityExchangeAct/index.htm (last visited Sep. 2, 2022).
[7] *The Origins of the EPA*¸ UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
https://www.epa.gov/history/origins-epa (last accessed Sep. 2, 2022).

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



---

[8] Opening Report, Exs. 4, 5.

[9] *Id.*; West Publishing Co., *Decennial Edition of the American Digest: A Complete Digest of All Reported Cases from 1897 to 1906* (1908).

[10] Editors, *Ernest Freund – Pioneer of Administrative Law*, 29 U. CHICAGO LAW REV. 755, 755-56 (1961).

[11] John Bouvier, "Chimin," *A Law Dictionary Adapted to the Constitution and Laws of the United States of American and of the Several States of the American Union* (6th ed. 1856) ("CHIMIN. This is a corruption of the French word chemin, a highway.").

[12] Opening Report, ¶¶ 34-38 and accompanying notes.

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



17.

---

[13] *Id.*, ¶¶ 10, 16-19 and accompanying notes.

[14] Charles Folsom, *A Catalogue of the Faculty and Students of the Law School in Harvard University for the Second Term of the Academical [sic] Year 1842-43*, HARVARD LAW SCHOOL at 9 (1842) https://iiif.lib.harvard.edu/manifests/view/drs:8866717$13i (last visited Aug. 31, 2022).

[15] J. T. Figures, *A Catalogue of the Law School of Cumberland University at Lebanon Tennessee for the Academical [sic] Year 1848-49*, CUMBERLAND UNIVERSITY LAW SCHOOL at 4 (1848) https://upload.wikimedia.org/wikipedia/commons/8/8d/Catalogue_of_the_Law_School_of_Cumberland_University%2C_1848-1849_%28IA_184849L%29.pdf (last visited Aug. 31, 2022).

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



18. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

19. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

[16] *Id.*

[17] *Full Course Listing*, NEBRASKA COLLEGE OF LAW https://law.unl.edu/full-course-listing/ (last visited Sep. 2, 2022).

[18] West Publishing Co., *American Digest Main Heads and Subdivisions of Classification Scheme; A Logical Analysis of the Law for the Use of Indexers and Digest Makers* (4th ed. 1904) ("*American Digest Main Heads*").

CONFIDENTIAL REBUTTAL EXPERT REPORT                    CASE: 1:20-cv-00613-SB



20. ████████████████████████████████████

---

[19] West Publishing Co., "Prospectus," *American Digest Main Heads* at 21.

14



_____

Professor Richard A. Leiter

# EXHIBIT AX



**THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION**

**V.**

**ROSS INTELLIGENCE INC.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

Civil Action No. 1:20-cv-00613-SB

**EXPERT REPORT OF JAMES E. MALACKOWSKI**

**August 1, 2022**

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

Ocean Tomo, J.S. Held and their affiliates and subsidiaries are not a certified public accounting firm(s) and do not provide audit, attest, or any other public accounting services.  Ocean Tomo and J.S. Held are not law firms and do not provide legal advice.  All rights reserved.

 **INTELLECTUAL CAPITAL EQUITY**

1    Firm Background and Qualifications ........................................................................ 1

2    Assignment ............................................................................................................... 4

3    Summary of Opinions and Analyses ......................................................................... 5

  3.1    Summary of Opinions ........................................................................................ 5

  3.2    Bases for Opinions and Analyses ...................................................................... 7

4    Summary of Information Considered ........................................................................ 8

5    Relevant Entities ..................................................................................................... 10

  5.1    Thomson Reuters Corporation ......................................................................... 10

  5.2    ROSS ............................................................................................................... 11

  5.3    Third-Parties .................................................................................................... 11

6    Background Information ........................................................................................... 13

  6.1    Legal Research Platforms ................................................................................ 13

  6.2    Artificial Intelligence in Legal Research Platforms ........................................ 25

  6.3    Artificial Intelligence in Plaintiffs' Legal Research Platform Development ......... 26

  6.4    ROSS's Product Development .......................................................................... 28

  6.5    Value of Westlaw Content ............................................................................... 34

7    Event Timeline ........................................................................................................ 36

8    Plaintiffs' Copyright Infringement Allegations ...................................................... 39

9    Copyright Infringement Remedies .......................................................................... 41

10    Plaintiffs' Tortious Interference with Contract Allegation ................................... 43

  10.1    Available Remedies for Tortious Interference with Contract ........................ 44

11    Analysis of Actual Damages ................................................................................. 45

  11.1    Assessment of the Market Applicable to the Copyrights at Issue ................ 45

  11.2    Assessment of Actual Damages Resulting from the Alleged Infringement ......... 49

12    ROSS's Profits Attributable to Alleged Infringement .......................................... 58

  12.1    ROSS's Gross Revenue Attributable to Infringement .................................. 58

13    Statutory Damages ................................................................................................ 59

14    Signature ............................................................................................................... 61

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



1

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

INTELLECTUAL CAPITAL EQUITY

**2**  ███████████

███████████████████████████████████████
███████████████████████████████████████ ██████
███████████████████████████████████████████
█████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████

███████████████████████████████████████████
████████████████████████.

[1] Stipulated Protective Order, May 13, 2021.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

INTELLECTUAL CAPITAL EQUITY

**3.1.2** ██████████

**3.1.3** ██████████

---

[2] Schedule 1.0.
[3] Schedule 1.1.
[4] *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, No. 3718-VCP, 2010 WL 338219, at * 27 (Del. Ch. Jan. 29, 2010).
[5] Schedule 6.0.
[6] Schedule 4.0.
[7] Schedule 4.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**3.2** ███████████████

███████████████████████████████
██████████████████████████████
██████████████████████████
███████████████████████████████
█████████████████████████████████
████████████████████████████
██████████████████████████████
██████████████████████████████
███████████████████████████████
██████████████████████████████
████████████████████████████████
█████████████████████████████
███████████████████████████████
██████████████████████

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER



INTELLECTUAL CAPITAL EQUITY

4 ████████████████████████

████████████████████████

- ███████████████████
- ████████████████
- ███████████████
- ████████████████████████████

  - ████████████████████████
  - ████████████████████████
  - ████████████████████████
    ████
  - ████████████████████████
    ██████████████
  - ████████████████████████
    ████

- ████████████████████

  - ██████████████████████
  - ████████████████████████
    ██████
  - █████████████████████
  - ████████████████████████
    ██████

- ████████████████

  - ██████████████████████
  - ██████████████████████
  - ██████████████████████

- ██████████████████

- ███████████████

████████████████████████

███████████████████████

████████████████

████████████████████████

████████████████████████

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER



INTELLECTUAL CAPITAL EQUITY

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**5**

**5.1**

**5.1.1**

**5.1.2**

---

[8] Thomson Reuters Corporation 2021 Annual Report, pp. 102, 116.

[9] Business, Thomson Reuters Corporation 2021 Annual Report, p. 2.

[10] 2022 Strategic Growth Priorities, Thomson Reuters Corporation 2021 Annual Report, p. 6.

[11] Principal Subsidiaries, Thomson Reuters Corporation 2021 Annual Report, p. 189.

[12] Complaint, May 6, 2020, p. 3.

[13] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 145-147; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, TR-0359503-TR-0359560 at TR-0359503-TR-0359504 and TR-0359509-TR-0359542.

[14] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 151-152; ▮▮▮▮▮▮▮▮▮▮▮▮, TR-0359401-TR-0359443 at TR-0359401-TR-0359403 and TR-0359410-TR-0359441.

[15] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 157-159; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TR-0359959-TR-0360216 at TR-0359962-TR-0359968; ▮▮▮▮▮▮▮▮▮▮▮▮, TR-0359564-TR-0359954.

[16] Principal Subsidiaries, Thomson Reuters Corporation 2021 Annual Report, p. 189.

[17] Complaint, May 6, 2020, p. 3.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**



[redacted]

[redacted]

### 5.2 [redacted]

[redacted]

### 5.3 [redacted]

#### 5.3.1 [redacted]

[redacted]

---

18 [redacted], TR-0002758-TR-0002768.

19 Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022 , pp. 210-211, 215-216.

20 Andrew Martens, 30(b)(6) Deposition March 25, 2022, p. 156; [redacted] TR-0359181-TR-0359186; [redacted] TR-0359202-TR-0359204.

21 Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 153-155, 201-203; [redacted] TR-0358927-TR-0358948 at TR-0358928-TR-0358930 and TR-0358943-TR-0358947; [redacted] TR-0358967-TR-0358988 at TR-0358967, TR-0358969-TR-0358970, TR-0358986-TR-0358987.

22 Andrew Arruda, Deposition March 30, 2022, pp. 11-12, 37-38.

23 Andrew Arruda, Deposition March 30, 2022, p. 51.

24 [redacted] ROSS-009721062.

25 [redacted] TR-0037677-TR-0037680 at TR-0037677.

26 [redacted] TR-0039933-TR-0039942 at TR-0039933.

INTELLECTUAL CAPITAL EQUITY

[REDACTED]

**5.3.2**   [REDACTED]

[REDACTED]

27 Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 21.
28 Andrew Arruda, Deposition March 30, 2022, p. 269.
29 [REDACTED] TR-0002758-TR-0002768 at TR-0002758-TR-0002760.
30 Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.
31 Welcome to Fastcase, Fastcase, https://www.fastcase.com/.
32 Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.
33 Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**6** █████████████████████

███████████████████████████████████████████████████
██████████████████████████████████

**6.1** ███████████████

███████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████



---

[34] ████████████████████████ TR-0179867.
[35] ██████████████████████████ ROSS-003386670-ROSS-003386683 at ROSS-003386677-ROSS-003386678.
[36] ██████████████████████████ ROSS-003386670-ROSS-003386683 at ROSS-003386678.
[37] Edward Walters, 30(b)(6) Deposition March 1, 2022, p. 84.
[38] Casetext develops technology for attorneys who take pride in doing their best work efficiently, Casetext, https://casetext.com/about/.
[39] Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

 **INTELLECTUAL CAPITAL EQUITY**



**6.1.1** ████████████████████████

████████████████████████████████████████
███████████████████████████████████.

**6.1.1.1** ████████████████████████

████████████████████████████████████
██████████████████████████████████████
███ ██ ████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
████████████ █ █████████████████████████
█████████████████████████████████████████

---

40 ████████████████████████████████ ROSS-003386670-ROSS-003386683 at ROSS-003386678.
41 Thomson Reuters Corporation 2021 Annual Report, p. 6.
42 Thomson Reuters Corporation 2021 Annual Report, p. 8.
43 Thomson Reuters Corporation 2021 Annual Report, p. 6.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

**6.1.1.2** ██████████

█████████████████████████████████████████
██████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████



**6.1.1.3** ██████████

███████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████

---

[44] Thomson Reuters Corporation 2021 Annual Report, p. 6.
[45] RELX Group 2021 Annual Report, p. 28.
[46] RELX Group 2021 Annual Report, p. 28.
[47] RELX Group 2021 Annual Report, p. 28.
[48] Can Bloomberg Law Compete With Westlaw and LexisNexis, The Wall Street Journal, July 8, 2010, https://www.wsj.com/articles/BL-LB-31032.
[49] Bloomberg Hangs New Shingle, The Wall Street Journal, July 8, 2010, https://www.wsj.com/articles/SB10001424052748704545004575353143750422612.
[50] One subscription, unlimited benefits, Bloomberg Law, https://pro.bloomberglaw.com/the-complete-legal-research-resource/.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.1.4** ███████

**6.1.1.5** ███████

51 About Bloomberg Law, Bloomberg Law, https://pro.bloomberglaw.com/about-bloomberg-law/.
52 One subscription, unlimited benefits, Bloomberg Law, https://pro.bloomberglaw.com/the-complete-legal-research-resource/.
53 Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html; About Fastcase, Fastcase, https://www.fastcase.com/team/.
54 Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.
55 Welcome to Fastcase, Fastcase, https://www.fastcase.com/.
56 Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.
57 Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.
58 Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.
59 Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.1.6** ███████

**6.1.2** ███████████████████████

[60] New Leadership at Legal Research Company Casemaker, Bob Ambrogi, June 5, 2018, LawSites, https://www.lawnext.com/2018/06/new-leadership-legal-research-company-casemaker.html.

[61] Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.

[62] Cost-Effective Electronic Legal Research: Casemaker, Franklin County Law Library, https://fclawlib.libguides.com/costeffectivelegalresearch/casemaker.

[63] What is Casemaker?, Lawyerist, https://lawyerist.com/reviews/online-legal-research-tools/casemaker/.

[64] Casetext develops technology for attorneys who take pride in doing their best work efficiently, Casetext, https://casetext.com/about/.

[65] Low-Cost Legal Databases, Georgetown Law Library, https://guides.ll.georgetown.edu/freelowcost/low-cost.

[66] JSTOR Terms and Conditions, https://about.jstor.org/terms/#content-use.

[67] Elsevier Terms and Conditions, https://www.elsevier.com/legal/elsevier-website-terms-and-conditions.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

### 6.1.2.1 ▮▮▮▮▮



### 6.1.2.2 ▮▮▮▮▮

[68] I understand that the document entitled, ▮▮▮▮▮ TR-0002844-TR-0002845 ▮▮▮▮▮.

[69] TR-0002844-TR-0002845 at TR-0002844.

[70] TR-0002844-TR-0002845 at TR-0002844.

[71] TR-0002844-TR-0002845 at TR-0002844.

[72] ▮▮▮▮▮ TR-0002812-TR-0002814 at TR-0002812.

[73] Terms and Conditions of use for the LexisNexis Services, Terms and Conditions for use of the Online Services, October 21, 2021, https://www.lexisnexis.com/en-us/terms/general/default.page.

[74] Terms and Conditions of use for the LexisNexis Services, Terms and Conditions for use of the Online Services, October 21, 2021, https://www.lexisnexis.com/en-us/terms/general/default.page.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.2.3**

[75] Terms and Conditions of use for the LexisNexis Services, Terms and Conditions for use of the Online Services, October 21, 2021, https://www.lexisnexis.com/en-us/terms/general/default.page.
[76] Terms and Conditions of use for the LexisNexis Services, Terms and Conditions for use of the Online Services, October 21, 2021, https://www.lexisnexis.com/en-us/terms/general/default.page.
[77] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.
[78] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.
[79] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.
[80] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.2.4** ████████

**6.1.2.5** ████████

---

[81] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.

[82] Bloomberg Industry Group Terms of Service: Subscription Products, Updated November 2019, https://www.bloombergindustry.com/terms-of-service-subscription-products/.

[83] Fastcase Terms of Service, https://www.fastcase.com/terms/.

[84] Fastcase Terms of Service, https://www.fastcase.com/terms/.

[85] Casetext Terms of Service, Updated July 6, 2022, https://casetext.com/terms/.

[86] Casetext Terms of Service, Updated July 6, 2022, https://casetext.com/terms/.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.2.6**

**6.1.3**

---

87 Casetext Terms of Service, Updated July 6, 2022, https://casetext.com/terms/.

88 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ TR-0001142-TR-0001153 at TR-0001146.

89 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ TR-0001142-TR-0001153 at TR-0001146.

90 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ TR-0001142-TR-0001153 at TR-0001146.

91 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ TR-0001142-TR-0001153 at TR-0001146; ▇▇▇▇▇▇▇▇ TR-0001154-TR-0001165 at TR-0001158.

92 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, FASTCASE_090487-FASTCASE_090490 at FASTCASE_090488; ▇▇▇▇▇▇▇▇▇▇▇▇ FASTCASE_090429.

93 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ CASEMAKER_029770-CASEMAKER_029776 at CASEMAKER_029770 and CASEMAKER_029772.

94 Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Response to Interrogatory No. 20 and Second Supplemental Response to Interrogatory No. 21, pp. 15-16, 24; ▇▇▇▇▇▇▇▇▇ TR-0894151-TR0894157 at TR-0894151; Mark Hoffman, Deposition March 16, 2022, pp. 19-20; ▇▇▇▇▇▇▇▇▇▇▇ TR-0836004, ▇▇▇▇▇▇▇.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.1.3.1**

[95] Editorial Enhancements, https://legal.thomsonreuters.com/en/products/westlaw/editorial-enhancements.
[96] Mark Hoffman, Deposition March 16, 2022, pp. 49-50; Legal Products, https://legal.thomsonreuters.com/en/products?.
[97] ROSS-009547818-ROSS-009547823 at ROSS-009547818.
[98] Interview of Mark Hoffman.
[99] Interview of Mark Hoffman.
[100] Interview of Mark Hoffman.
[101] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Response to Interrogatory No. 20 and Second Supplemental Response to Interrogatory No. 21, pp. 15-16, 24; TR-0894151-TR0894157 at TR-0894151; Mark Hoffman, Deposition March 16, 2022, pp. 19-20, 27; TR-0836004, tab ; Schedule 5.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY



**6.1.3.2**

---

[102] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Second Supplemental Response to Interrogatory No. 21, p. 24; ███████████ TR-0002846-TR-0002847 at TR-0002846; ███████████ TR-0836004, tab ███████; Schedule 5.0.

[103] Interview of Mark Hoffman. ███████████ TR-0894151-TR0894157 at TR-0894151; ███████████ TR-0002846-TR-0002847 at TR-0002846.

[104] Interview of Mark Hoffman.

[105] ███████████ TR-0836004, tab ███████

[106] ███████████ TR-0836004, tab ███████

[107] Law Firm Per Search Pricing, LexisNexis, September 1, 2019, https://www.lexisnexis.com/en-us/terms/21/pricing.page.

[108] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Second Supplemental Response to Interrogatory No. 21, p. 24; ███████████ TR-0002846-TR-0002847 at TR-0002846; ███████████ TR-0836004, tab ███████; Schedule 5.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

**6.1.3.3**



[109] Law Firm Per Search Pricing, LexisNexis, September 1, 2019, https://www.lexisnexis.com/en-us/terms/21/pricing.page.
[110] Edward Walters, 30(b)(6) Deposition March 1, 2022, p. 25.
[111] ██████████████████████████████████████████ FASTCASE_090487-FASTCASE_090490 at FASTCASE_090488; ████████████████████████ FASTCASE_090429.
[112] ██████████████████ FASTCASE_090487-FASTCASE_090490 at FASTCASE_090487.
[113] FASTCASE_090065-FASTCASE_090068 at FASTCASE_090065.
[114] Edward Walters, 30(b)(6) Deposition March 1, 2022, p. 30.
[115] █████████████████ FASTCASE_085445-FASTCASE_085448 at FASTCASE_085447.
[116] ████████████████ FASTCASE_085445-FASTCASE_085448 at FASTCASE_085447.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.2**

[117] New Leadership at Legal Research Company Casemaker, Bob Ambrogi, June 5, 2018, LawSites, https://www.lawnext.com/2018/06/new-leadership-legal-research-company-casemaker.html.

[118] ████ CASEMAKER_029770-CASEMAKER_029776 at CASEMAKER_029770 and CASEMAKER_029772.

[119] ████ CASEMAKER_029770-CASEMAKER_029776 at CASEMAKER_029771.

[120] Khalid Al-Kofahi, Deposition April 8, 2022, p. 19.

[121] ████████ TR-0037669-TR-0037676.

[122] Legal Analytics and Artificial Intelligence for Research & Law Practice: Tools, Features & Functionality," p. 2, www.duq.edu/assets/Documents/law/legal-research/_pdf/Baginski,%20Lexis.pdf

[123] About Bloomberg Law, Bloomberg Law, https://pro.bloomberglaw.com/about-bloomberg-law/.

[124] Fastcase AI Sandbox, Fastcase, https://www.fastcase.com/sandbox/.

[125] Casemaker Offers Its Members Access to Vincent, AI Tool from vLex, LawSites, March 12, 2019, https://www.lawnext.com/2019/03/casemaker-offers-its-members-access-to-vincent-ai-tool-from-vlex.html.

[126] Casetext develops technology for attorneys who take pride in doing their best work efficiently, Casetext, https://casetext.com/about/.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

**6.3**



[127] ▮▮▮▮▮▮▮ TR-0037669-TR-0037676.
[128] ▮ ▮▮▮▮▮▮▮ TR-0037669-TR-0037676 at TR-0037669.
[129] Khalid Al-Kofahi, Deposition April 8, 2022, p. 19.
[130] Khalid Al-Kofahi, Deposition April 8, 2022, p. 20.
[131] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 16-17.
[132] Khalid Al-Kofahi, Deposition April 8, 2022, p. 17.
[133] ▮▮▮▮▮▮▮ TR-0037669-TR-0037676 at TR-0037672.
[134] ▮▮▮▮▮▮▮ TR-0037669-TR-0037676 at TR-0037672.
[135] Khalid Al-Kofahi, Deposition April 8, 2022, p. 20.
[136] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 20-21.
[137] Khalid Al-Kofahi, Deposition April 8, 2022, p. 24.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

[138] Khalid Al-Kofahi, Deposition April 8, 2022, p. 22.

[139] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 12-13.

[140] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 13-14.

[141] Major Thomson Reuters Launch: Westlaw Edge, West Search Plus, Analytics, Enhances Citator and More, Jean O'Grady, July 12, 2018, Dewey B Strategic, https://www.deweybstrategic.com/2018/07/6838.html.

[142] ▮▮▮▮▮▮ TR-0037669-TR-0037676 at TR-0037674.

[143] Khalid Al-Kofahi, Deposition April 8, 2022, p. 60.

[144] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 143; Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 36-37.

[145] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 77-78.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**6.4**



---

[146] Andrew Arruda, Deposition March 30, 2022, p. 45.

[147] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 36-37.

[148] Andrew Arruda, Deposition March 30, 2022, pp. 11-12.

[149] Andrew Arruda, Deposition March 30, 2022, p. 59.

[150] Andrew Arruda, Deposition March 30, 2022, pp. 58-60.

[151] Andrew Arruda, Deposition March 30, 2022, pp. 58-60.

[152] Andrew Arruda, Deposition March 30, 2022, p. 28.

[153] Andrew Arruda, Deposition March 30, 2022, p. 63.

[154] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 10.

[155] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 10.

[156] Andrew Arruda, Deposition March 30, 2022, pp. 66, 69.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



[157] Andrew Arruda, Deposition March 30, 2022, pp. 68-69.
[158] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 207-208; ███████████████
██████████████ ROSS-009585472.
[159] Andrew Arruda, Deposition March 30, 2022, p. 70.
[160] ██████████████████████████ ROSS-003334354.
[161] ████████ ROSS-003334354.
[162] ████████ ROSS-003610162-ROSS-003610165 at ROSS-003610164.
[163] ████████ ROSS-003610162-ROSS-003610165 at ROSS-003610163.
[164] ████████ ROSS-003610162-ROSS-003610165 at ROSS-003610162.
[165] ██████████████ ROSS-003277880-ROSS-003277881 at ROSS-003277880.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**





166 ███████████████████████████████████ ROSS-003277880-ROSS-003277881 at ROSS-003277881.

167 ████████████ TR-0038909-TR-0038920 at TR-0038910. ████████████████ TR-0038921-TR-0038922.

169 Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

170 █████████████████████ CASEMAKER_029770-CASEMAKER_029776.

171 Andrew Arruda, Deposition March 30, 2022, pp. 83-84.

172 Andrew Arruda, Deposition March 30, 2022, pp. 83-84.

173 Andrew Arruda, Deposition March 30, 2022, pp. 275, 277.

174 ████████████████████ ROSS-003487472-ROSS-003487474 at ROSS-003487473.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



---

[175] Andrew Arruda, Deposition March 30, 2022, pp. 95-96, 280-283.

[176] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-188.

[177] ████████ ROSS-000197671-ROSS-000197673 at ROSS-000197672.

[178] Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, pp. 324-325.

[179] ████████ ROSS-000197671-ROSS-000197673 at ROSS-000197672.

[180] Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, pp. 325-326.

[181] Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 327.

[182] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79; ████████ R-LEGALEASE-00050718-R-LEGALEASE-00050721 at R-LEGALEASE-00050720.

[183] ████████ R-LEGALEASE-00050718-R-LEGALEASE-00050721 at R-LEGALEASE-00050718.

[184] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79.

[185] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 80.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY



---

[186] ROSS-000176759-ROSS-000176767 at ROSS-000176761.

[187] ROSS-000176759-ROSS-000176767 at ROSS-000176766.

[188] ROSS-000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304774.

[189] ROSS-000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304772.

[190] ROSS-000304769-ROSS-000304784 at ROSS-000304771.

[191] ROSS-000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304772.

[192] ROSS-000175054-ROSS-000175067 at ROSS-000175056.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

[193] Sean Shafik, 30(b)(6) Deposition April 22, 2022, p. 122, Exhibit 14: ▮▮▮▮▮▮▮▮▮▮ ▮▮▮ ROSS-003382388.

[194] ▮▮▮ TR-0039933-TR-0039942.

[195] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 238.

[196] ▮▮▮▮▮▮▮▮ R-LEGALEASE-00048772-R-LEGALEASE-00048776 at R-LEGALEASE-00048772.

[197] ▮▮▮▮▮▮▮▮ R-LEGALEASE-00048772-R-LEGALEASE-00048776 at R-LEGALEASE-00048773.

[198] ▮▮▮▮▮▮▮▮ R-LEGALEASE-00048772-R-LEGALEASE-00048776 at R-LEGALEASE-00048773-R-LEGALEASE-00048774.

[199] ▮▮▮▮▮▮▮▮ R-LEGALEASE-00048772-R-LEGALEASE-00048776 at R-LEGALEASE-00048775.

[200] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 284-285▮▮▮ R-LEGALEASE-00048728-R-LEGALEASE-00048737 at R-LEGALEASE-00048735-R-LEGALEASE-00048736.

[201] ▮▮▮ R-LEGALEASE-00048728-R-LEGALEASE-00048737 at R-LEGALEASE-00048736.

[202] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 11, p. 63.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**6.5**



[203] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 184-185.

[204] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-187.

[205] ROSS-009722263-ROSS-009722299 at ROSS-009722264.

[206] TR-0037669-TR-0037676 at TR-0037674-TR-0037675.

[207] Khalid Al-Kofahi, Deposition April 8, 2022, p. 24.

[208] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 143; Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, p. 37.

[209] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 11, p. 63.

[210] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-187.

[211] ROSS-003610162-ROSS-003610165 at ROSS-003610163.

[212] , ROSS-003610162-ROSS-003610165 at ROSS-003610162.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



██████████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████

████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████ █ ████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████ █ ████████████████████
██████████████████████████████████████

---

[213] ████████████████████████████████████████████████ TR-0908447.

[214] Bloomberg Hangs New Shingle, The Wall Street Journal, July 8, 2010, https://www.wsj.com/articles/SB10001424052748704545004575353143750422612.

[215] ███████████████████████████████████████████████

████████ R-LEGALEASE-00048728-R-LEGALEASE-00048737 at R-LEGALEASE-00048735.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

7



---

[216] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 145-147; ▮▮▮▮▮▮▮▮▮▮▮▮▮ TR-0359503-TR-0359560 at TR-0359503-TR-0359504 and TR-0359509-TR-0359542.

[217] Khalid Al-Kofahi, Deposition April 8, 2022, p. 19.

[218] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TR-0002758-TR-0002768 at TR-0002758-TR-0002760.

[219] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 16-17.

[220] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 151-152; ▮▮▮▮▮▮▮▮▮▮▮ TR-0359401-TR-0359443 at TR-0359401-TR-0359403 and TR-0359410-TR-0359441.

[221] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 153-155; ▮▮▮▮▮▮▮▮▮▮▮▮ 2014, TR-0358927-TR-0358948.

[222] Andrew Arruda, Deposition March 30, 2022, pp. 11-12, 37-38.

[223] Andrew Martens, 30(b)(6) Deposition March 25, 2022, p. 156; ▮▮▮▮▮▮▮▮▮▮▮ TR-0359181-TR-0359186; ▮▮▮▮▮▮▮▮▮▮ TR-0359202-TR-0359204.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

---

[224] ████████████████████████████████ TR-0038909-TR-0038920.

[225] ███████████████████████████████████ TR-0038921-TR-0038922.

[226] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 78.

[227] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 79.

[228] ███████████████████████████████ TR-0039933-TR-0039942.

[229] ██████████████████████████████████ ROSS-000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304774.

[230] ████████████████████████ CASEMAKER_029770-CASEMAKER_029776.

[231] ███████████████████████████ R-LEGALEASE-00048772-R-LEGALEASE-00048776.

[232] ██████████████████████████████ R-LEGALEASE-00048728-R-LEGALEASE-00048737.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY





[233] ███████████████████████ LEGALEASE-00108391.

[234] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 153-155, 201-203; ████████████ ███████████████████████████████ TR-0358967-TR-0358988 at TR-0358967, TR-0358969-TR-0358970, TR-0358986-TR-0358987.

[235] ██ ROSS-000247119-ROSS-000247120.

[236] ██ ROSS-000241438-ROSS-000241439.

[237] Andrew Martens, 30(b)(6) Deposition March 25, 2022, pp. 157-159; ███████████ ████████████ TR-0359959-TR-0360216 at TR-0359962-TR-0359968; ███████████ ██████████████ TR-0359564-TR-0359954.

[238] Complaint, May 6, 2020.

[239] ███████████ TR-0037677-TR-0037680 at TR-0037677.

[240] ███████████ TR-0037677-TR-0037680 at TR-0037677.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**8** ████████████████████████████████



---

[241] Complaint, May 6, 2020, p. 8.
[242] Complaint, May 6, 2020, p. 8.
[243] Complaint Exhibit A, May 6, 2020.
[244] Copyright Registration TXu 65-600, April 8, 1981, Complaint Exhibit A, May 6, 2020, pp. 2-3.
[245] Complaint, May 6, 2020, p. 13.
[246] Complaint, May 6, 2020, p. 13.
[247] Complaint, May 6, 2020, p. 14.
[248] Complaint, May 6, 2020, pp. 9, 12.
[249] Complaint, May 6, 2020, pp. 11-12.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████

---

[250] Complaint, May 6, 2020, pp. 11-14.

INTELLECTUAL CAPITAL EQUITY

**9**



---
[251] 17 U.S.C. § 504.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

252 Complaint, May 6, 2020, p. 15.

253 ██████████████████████████████████████████████

ROSS-003389728-ROSS-0003389730 at ROSS-003389728.

254 ██████████████████████████████████████

███  ROSS-023018233-ROSS-023018236 at ROSS-023018235.

255 Andrew Arruda, Deposition March 30, 2022, p. 271.

256 ███████████████████████████████████████████

████████  ROSS-000203449-ROSS-000203467 at ROSS-000203466.

257 ███████████████████████████████████████████

████████  ROSS-000203449-ROSS-000203467 at ROSS-000203449.

258 █████████████████████████  TR-0038909-TR-0038920.

259 Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**10.1**

260 ■■■■■■■■■■■■■■■ ROSS-000204366-ROSS-000204367 at ROSS-000204366.
261 Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 172-174.
262 Complaint, May 6, 2020, p. 15.
263 Complaint, May 6, 2020, p. 15.
264 Restatement (Second) of Torts § 766.
265 *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, No. 3718-VCP, 2010 WL 338219, at * 27 (Del. Ch. Jan. 29, 2010).
266 Restatement (Second) of Torts § 766.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**11** ████████████████████████████

███████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
██████

████████████████████████████████████████████
███████████████████████████████████
████████████████

**11.1** ████████████████████████████████

███████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████  █████████
███████████████████████████████████████
███████████████████████████████████████████
██████████████████  █

███████████████████████████████████████████
██████████████████████████████  █ ███████████
████████████████████████████████████
████████████████████

---

[267] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022.
[268] To be clear, I am not opining whether or not there is a market for legal research technology apart from legal information. ROSS used both a collection of legal information and search technology (with training data including the Bulk Memo created using Westlaw Content) to create its own legal research platform.
[269] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022, pp. 3, 78-88.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



[270] Huge "foundation models" are turbo-charging AI progress," The Economist, June 11, 2022, https://www.economist.com/interactive/briefing/2022/06/11/huge-foundation-models-are-turbo-charging-AI-progress.

[271] Huge "foundation models" are turbo-charging AI progress," The Economist, June 11, 2022, https://www.economist.com/interactive/briefing/2022/06/11/huge-foundation-models-are-turbo-charging-AI-progress.

[272] Huge "foundation models" are turbo-charging AI progress," The Economist, June 11, 2022, https://www.economist.com/interactive/briefing/2022/06/11/huge-foundation-models-are-turbo-charging-AI-progress.

[273] The world's most valuable resource is no longer oil, but data, The Economist, May 6, 2017, https://www.economist.com/leaders/2017/05/06/the-worlds-most-valuable-resource-is-no-longer-oil-but-data.

[274] The world's most valuable resource is no longer oil, but data, The Economist, May 6, 2017, https://www.economist.com/leaders/2017/05/06/the-worlds-most-valuable-resource-is-no-longer-oil-but-data.

[275] Data Privacy Day at Apple: Improving transparency and empowering users, Apple, January 27, 2021, https://www.apple.com/newsroom/2021/01/data-privacy-day-at-apple-improving-transparency-and-empowering-users/.

[276] Buy Clean Datasets For Machine Learning, DataStock, https://datastock.shop/buy-clean-datasets/.

[277] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022, pp. 78-79; "Getty Images Launches Industry-First Model Release Supporting Data Privacy in Artificial Intelligence and Machine Learning," March 22, 2022, http://press.gettyimages.com/getty-images-launches-industry-first-model-release-supporting-data-privacy-in-artificial-intelligence-and-machine-learning/.

[278] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022, pp. 79-80; Defined.AI Home Page, https://www.defined.ai/.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**



---

[279] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022, pp. 82-83; "Data Science and Analytics," https://www.lexisnexis.com/en-us/professional/connect/daas/data-science.page?utm_source=google&utm_medium=cpc&utm_term=machine%20learning%20data&utm_campaign=BR-M-NEX-US-DAAS-PPC-BMM-2020&utm_content=&gclid=Cj0KCQjw2_OWBhDqARIsAAUNTTFfpb40XXJNBLhBRC-Kq4Roa3KpOH91Bz8LvUeGwNMmE0FfW2hftZ8aApbzEALw_wcB.

[280] Categorize your data set for optimal search results with our superior taxonomy offering, LexisNexis, https://internationalsales.lexisnexis.com/partners/taxonomy.

[281] ████████████████ TR-0037669-TR-0037676.

[282] Khalid Al-Kofahi, Deposition April 8, 2022, p. 19.

[283] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 143.

[284] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 104.

[285] Opening Expert Report of Dr. Jonathan Krein, August 1, 2022, p. 75.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**INTELLECTUAL CAPITAL EQUITY**



---

286 Comparing 3 Legal Research Software Products, Capterra, Casetext vs Fastcase vs Lexis, https://www.capterra.com/legal-research-software/compare/196820-168929-196819/CARA-vs-Fastcase-vs-Lexis-Advance.

287 How Bloomberg Law (BLAW) Uses AI and Machine Learning to Prove its Case, Bloomberg, June 7, 2019, https://www.bloomberg.com/company/stories/bloomberg-law-blaw-uses-ai-machine-learning-prove-case/.

288 Comparing 3 Legal Research Software Products, Capterra, Casetext vs Fastcase vs Lexis, https://www.capterra.com/legal-research-software/compare/196820-168929-196819/CARA-vs-Fastcase-vs-Lexis-Advance.

289 Casemaker Offers Its Members Access to Vincent, AI Tool from vLex, LawSites, March 12, 2019, https://www.lawnext.com/2019/03/casemaker-offers-its-members-access-to-vincent-ai-tool-from-vlex.html.

290 Comparing 3 Legal Research Software Products, Capterra, Casetext vs Fastcase vs Lexis, https://www.capterra.com/legal-research-software/compare/196820-168929-196819/CARA-vs-Fastcase-vs-Lexis-Advance.

291 Declaration of Andrew Arruda, *West Publishing Corporation v. LegalEase Solutions, LLC,* Case No. 0:18-cv-01445, October 1, 2019, p. 1.

292 Sean Shafik, 30(b)(6) Deposition April 22, 2022, p. 122, ██████████████████████████ ████ ROSS-003382388.

293 Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 167-168.

294 ████████████████████████████████ ROSS-003386670-ROSS-003386683 at ROSS-003386678.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**11.2** ████████████████████████████████████████████

**11.2.1** ██████████████

295 ████████████████████████████████████████████
ROSS-003389728-ROSS-0003389730 at ROSS-003389728.
296 Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 157.
297 Andrew Arruda, Deposition March 30, 2022, pp. 39, 103, 114; ████████
████████████ ROSS-003705907-ROSS-003705908 at ROSS-003705907; Declaration of Andrew Arruda,
*West Publishing Corporation v. LegalEase Solutions, LLC,* Case No. 0:18-cv-01445, October 1, 2019, p. 2; Tomas
van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 55.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY



---

[298] ████████████████████████████████████ TR-0038909-TR-0038920; ████████████████████████████████████████
████████████████████████████████████████████████████████████████ ROSS-
000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304774.

[299] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79.

[300] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-188.

[301] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79; ████████████████████████████
████████████████████████ TR-0002723; ████████████████████████
████████████████████ R-LEGALEASE-00101636-R-LEGALEASE-00101642 at
R-LEGALEASE-00101637; Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 181-183, 186.

[302] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing
Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS
Intelligence Inc.'s Interrogatory No. 1, March 23, 2022.

[303] Mark Hoffman, Deposition March 16, 2022, pp. 20, 101.

[304] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing
Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS
Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Response to Interrogatory No. 20 and Second
Supplemental Response to Interrogatory No. 21, pp. 15-16, 24; ████████████████████████████
████████████████████████ TR-0894151-TR0894157 at TR-0894151; Mark
Hoffman, Deposition March 16, 2022, pp. 19-20, 27; T████████████████████████████
████████████████ TR-0836004, ████████████████; Schedule 5.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**11.2.1.1**

[305] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Second Supplemental Response to Interrogatory No. 21, p. 24; ████████████████████████████████ TR-0002846-TR-0002847 at TR-0002846; ████████████████ ████████ TR-0836004, ████████; Schedule 5.0.

[306] ██████████████████████████████████████████ TR-0836004,

[307] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79.

[308] █████████████████████████████ R-LEGALEASE-00101636-R-LEGALEASE-00101642 at R-LEGALEASE-00101641.

[309] █████████████████████████████ R-LEGALEASE-00101636-R-LEGALEASE-00101642 at R-LEGALEASE-00101640.

[310] █████████████████████████████ R-LEGALEASE-00101636-R-LEGALEASE-00101642 at R-LEGALEASE-00101637.

[311] █████████████████████████████ R-LEGALEASE-00101636-R-LEGALEASE-00101642 at R-LEGALEASE-00101637.

[312] ████████████████████ TR-0836004,

[313] Interview of Mark Hoffman.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**11.2.1.2**

[314] Schedule 1.0.

[315] Schedule 2.0.

[316] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, Second Supplemental Response to Interrogatory No. 21, p. 24; ▮▮▮▮▮▮▮▮▮▮ TR-0002846-TR-0002847 at TR-0002846; ▮▮▮▮▮▮▮▮▮ TR-0836004, tab ▮▮▮▮; Schedule 5.0.

[317] Schedule 5.0.

[318] Schedule 2.0.

[319] Schedule 1.0.

[320] Schedule 1.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**INTELLECTUAL CAPITAL EQUITY**

[321] Schedule 3.1.
[322] Schedule 3.1.
[323] Schedule 3.1.
[324] Schedule 3.1.
[325] Schedule 3.1.
[326] Schedule 3.0.
[327] Interview of Mark Hoffman.
[328] Schedule 3.1.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**INTELLECTUAL CAPITAL EQUITY**



**11.2.2**

---

[329] Schedule 3.3.
[330] ████████████████████████████████████████████████████;
Schedule 5.0.
[331] Schedule 3.3.
[332] Schedule 3.3.
[333] Schedule 3.2.
[334] Schedule 1.1.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**11.2.2.1** ▮▮▮▮▮▮▮▮



**11.2.2.2** ▮▮▮▮▮▮▮

---

[335] Interview of Mark Hoffman.
[336] Interview of Mark Hoffman.
[337] Complaint Exhibit A, May 6, 2020.
[338] Section 6.1.3
[339] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ FASTCASE_085445-FASTCASE_085448 at FASTCASE_085447.
[340] New Leadership at Legal Research Company Casemaker, Bob Ambrogi, June 5, 2018, LawSites, https://www.lawnext.com/2018/06/new-leadership-legal-research-company-casemaker.html.
[341] ▮▮▮▮▮ CASEMAKER_029770-CASEMAKER_029776 at CASEMAKER_029770 and CASEMAKER_029772.
[342] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ROSS-009722263-ROSS-009722299 at ROSS-009722299.
[343] Schedule 3.0 and Schedule 3.2.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



344 Schedule 2.1.
345 Schedule 1.0.
346 Schedule 3.0.
347 ████████████████████████████████████████████ TR-0836004.
348 ████████████████████████████████████████████ ;
Schedule 5.0.
349 Interview of Mark Hoffman.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**INTELLECTUAL CAPITAL EQUITY**

**11.2.3**  ██████████████

██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████

██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████

██████████████████████████████████
██████████████████████████████████
██████████████████████

---

[350] Schedule 3.2.
[351] Schedule 1.0.
[352] Schedule 1.1.
[353] Restatement (Second) of Torts § 766.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**12** █████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
████████████████████ ██████████████████████
████████████████████████████████████████████
████████████████████████████ █

**12.1** ████████████████████████

████████████████████████████████████████████
██ ██ ████████████████████████████████████
████████████████████ █ ████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████ █ ███████████████████████
███████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████

████████████████████████████████████████████
████ ██

[354] 17 U.S.C. § 504.

[355] *Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, No. 3718-VCP, 2010 WL 338219, at * 27 (Del. Ch. Jan. 29, 2010).

[356] ███████████████████████████████████
████ ROSS-009720945; ██████████████
████████ ROSS-009664862; ████████████
████████████████ , ROSS-009690394; █████
████████████████████ ROSS-009721062.

[357] ████████████████████ TR-0037677-TR-0037680 at TR-0037677.

[358] ████████████████████ ROSS-009722263-ROSS-009722299 at ROSS-009722264.

[359] Schedule 6.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**13**



---

[360] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 11, p. 63.

[361] Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 324.

[362] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 238.

[363] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, First Supplemental Response to Interrogatory No. 21, p. 22.

[364] Schedule 1.2

[365] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, First Supplemental Response to Interrogatory No. 21, p. 22.

[366] Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, Appendix C.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

---

[367] Schedule 4.0.
[368] Schedule 4.0.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**14** ██████████

████████████████████████████████████████████████
██████

Respectfully submitted,

_____          August 1, 2022_____
James E. Malackowski                               Date

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT AY



**THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION**

v.

**ROSS INTELLIGENCE INC.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

Civil Action No. 1:20-cv-00613-SB

**REBUTTAL EXPERT REPORT OF JAMES E. MALACKOWSKI**

**September 6, 2022**

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

Ocean Tomo, J.S. Held and their affiliates and subsidiaries are not a certified public accounting firm(s) and do not provide audit, attest, or any other public accounting services. Ocean Tomo and J.S. Held are not law firms and do not provide legal advice. All rights reserved.

**INTELLECTUAL CAPITAL EQUITY**

1   Assignment ..................................................................................................................... 1

2   Summary of Opinions ...................................................................................................... 2

  2.1   Summary of Rebuttal Opinions ................................................................................ 2

  2.2   Bases for Opinions and Analyses ............................................................................. 4

3   █████████████████████████████████████████████████████

█  ███████████████████████████████████████████████████████

█  ███████████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

█  ███████████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

█  ███████████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

█  ███████████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

  █  ███████████████████████████████████████████████████

9   Signature ...................................................................................................................... 27

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**1**  ████████████



---

[1] Stipulated Protective Order, May 13, 2021.
[2] Expert Report of James E. Malackowski, August 1, 2022.
[3] Expert Report of Alan J. Cox, Ph.D., August 1, 2022.
[4] 17 U.S.C. § 107.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**2** ██████████████████



**2.1** ████████████████

**2.1.1** ████████████████████

---

[5] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 19.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

**2.1.2** ████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

**2.1.3** ████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

**2.1.4** ████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

**2.2** ███████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**3**



---

[6] 17 U.S.C. § 107.
[7] Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 590 (1994); Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 844 (11th Cir. 1990).
[8] *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 929 (2d Cir. 1994).
[9] *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994).

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



12

---

[10] Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 450-51 (1984); Worldwide Church of God v. Phila. Church of God, Inc., 227 F.3d 1110, 1119 (9th Cir. 2000); Ringgold v. Black Ent. Television, Inc., 126 F.3d 70, 81 (2d Cir. 1997); Castle Rock Ent., Inc. v. Carol Publ'g Grp., Inc., 150 F.3d 132, 136, 145-46 (2d Cir. 1998).

[11] *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012).

[12] *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821 (9th Cir. 2002).

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

4



¹³ The Rebuttal Report refers to the memos that LegalEase prepared in the Bulk Memo Project for ROSS as Bulk Memos, consistent with the Malackowski Report.
¹⁴ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 19.
¹⁵ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 19.
¹⁶ Rebuttal Schedule 1.0.
¹⁷ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 5.
¹⁸ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 36.
¹⁹ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 5.
²⁰ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 6.
²¹ Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 8.
²² Expert Report of James E. Malackowski, August 1, 2022, pp. 34-35, 39.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY

---

[23] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 7.
[24] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 7.
[25] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 8.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**5** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



**5.1** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 5.
27 Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 5.
28 Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, p. 37.
29 Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 10-12.
30 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ROSS-003277880-ROSS-003277881 at ROSS-003277881.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY



---

31 Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

32 Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, pp. 12-13; Andrew Arruda, Deposition March 30, 2022, pp. 275, 277.

33 Expert Report of James E. Malackowski, August 1, 2022, pp. 30-34.

34 Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 46-61.

35  ROSS-000197671-ROSS-000197673 at ROSS-000197672.

36 ROSS-000197671-ROSS-000197673 at ROSS-000197672.

37 Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, pp. 325-326.

38 Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 327.

39 Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 78-79; TR-0002723; R-LEGALEASE-00101636-R-LEGALEASE-00101642 at R-LEGALEASE-00101637; Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 181-183, 186.

40 Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 80.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

[41] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 79.
[42] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 78.
[43] Christopher Cahn, 30(b)(6) Deposition May 12, 2022, pp. 194-198.
[44] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 11, p. 63.
[45] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-188.
[46] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, p. 187.
[47] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, p. 188.
[48] ████████████████████ ROSS-009722263-ROSS-009722299 at ROSS-009722264.
[49] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 2, p. 12.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER



INTELLECTUAL CAPITAL EQUITY



**5.2**

[50] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 184-185.
[51] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-187.
[52] Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, p. 65.
[53] Expert Report of James E. Malackowski, August 1, 2022, pp. 26-27.
[54] Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 34-37.
[55] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 16-17, 19.
[56] Khalid Al-Kofahi, Deposition April 8, 2022, p. 144.
[57] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 52-53, 132-133.
[58] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 97-98.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

[59] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 23-24.
[60] Khalid Al-Kofahi, Deposition April 8, 2022, p. 20.
[61] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 20-21.
[62] Khalid Al-Kofahi, Deposition April 8, 2022, pp. 23-24.
[63] Khalid Al-Kofahi, Deposition April 8, 2022, p. 22.
[64] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 12-13.
[65] Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 13-14.
[66] Major Thomson Reuters Launch: Westlaw Edge, West Search Plus, Analytics, Enhances Citator and More, Jean O'Grady, July 12, 2018, Dewey B Strategic, https://www.deweybstrategic.com/2018/07/6838.html.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**5.3**

67 ████████████ TR-0037669-TR-0037676 at TR-0037674.
68 Khalid Al-Kofahi, Deposition April 8, 2022, p. 60.
69 Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 143; Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 36-37.
70 Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 77-78.
71 Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 6.
72 Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 5.
73 Free vs. Westlaw: Why you need the West Key Number System, Thomson Reuters, https://legal.thomsonreuters.com/en/insights/articles/using-the-west-key-numbers-system.
74 Interview of Jonathan Krein, Ph.D.
75 Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 6.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



5.4

[76] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 6.
[77] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, pp. 6-7.
[78] Interview of Jonathan Krein, Ph.D.
[79] Interview of Jonathan Krein, Ph.D.
[80] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, pp. 29-30.
[81] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' Set of Interrogatories (Supplemental Response to Interrogatory No. 11 Only), February 22, 2022, Supplemental Answer to Interrogatory No. 11, p. 63.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



[82] Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-188.
[83] Expert Report of James E. Malackowski, August 1, 2022, p. 59.
[84] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, First Supplemental Response to Interrogatory No. 21, p. 22.
[85] Expert Report of James E. Malackowski, August 1, 2022, Schedule 1.2
[86] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Second Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 21, June 9, 2022, First Supplemental Response to Interrogatory No. 21, p. 22.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**6** ██████████████████████████████████████████████



**6.1** ████████████████████████████████████████████████



---

[87] Expert Report of James E. Malackowski, August 1, 2022, pp. 13-17.
[88] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 28.
[89] Andrew Arruda, Deposition March 30, 2022, pp. 39, 103, 114; ██████████ ROSS-003705907-ROSS-003705908 at ROSS-003705907; Declaration of Andrew Arruda, *West Publishing Corporation v. LegalEase Solutions, LLC,* Case No. 0:18-cv-01445, October 1, 2019, p. 2; Tomas van der Heijden, 30(b)(6) Deposition March 17, 2022, p. 55.
[90] ██████████████████████ ROSS-003705907-ROSS-003705908 at ROSS-003705907.
[91] Andrew Arruda, Deposition March 30, 2022, pp. 39, 112, 114.
[92] ████████████████ ROSS-009501052-ROSS-009501053 at ROSS-009501052.
[93] ████████████ ROSS-009501052-ROSS-009501053 at ROSS-009501052.
[94] ████████ ROSS-010114898-ROSS-010114899.
[95] ████████████████████████████████████████ ROSS-003389728-ROSS-0003389730 at ROSS-003389728.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**


INTELLECTUAL CAPITAL EQUITY



**6.2** ████████████████████████████████



[96] Complaint, May 6, 2020, pp. 11-14.
[97] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 19.
[98] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 20.
[99] Interview of Jonathan Krein, Ph.D.
[100] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, pp. 24-25.
[101] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, pp. 21-25.
[102] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 24.
[103] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 24.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**6.3** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



---

[104] Free vs. Westlaw: Why you need the West Key Number System, Thomson Reuters,
https://legal.thomsonreuters.com/en/insights/articles/using-the-west-key-numbers-system.
[105] Emphasis in original.  Free vs. Westlaw: Why you need the West Key Number System, Thomson Reuters,
https://legal.thomsonreuters.com/en/insights/articles/using-the-west-key-numbers-system.
[106] Free vs. Westlaw: Why you need the West Key Number System, Thomson Reuters,
https://legal.thomsonreuters.com/en/insights/articles/using-the-west-key-numbers-system.
[107] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 25.
[108] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 25.
[109] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 34.
[110] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ROSS-009501052-ROSS-009501053 at ROSS-009501052.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



[111] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 37.
[112] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 38, footnote 153.
[113] Longtime Competitors Fastcase and Casemaker Merge, Reshaping the Legal Research Landscape, Bob Ambrogi, LawSites, January 5, 2021, https://www.lawnext.com/2021/01/longtime-competitors-fastcase-and-casemaker-merge-reshaping-the-legal-research-landscape.html.
[114] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 37.
[115] Expert Report of James E. Malackowski, August 1, 2022, pp. 13-17.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**INTELLECTUAL CAPITAL EQUITY**

**7.2**



---

[116] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 38, footnote 153.
[117] Complaint, May 6, 2020, p. 8.
[118] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 38, footnote 153.
[119] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 38, footnote 153.
[120] Bloomberg Hangs New Shingle, The Wall Street Journal, July 8, 2010,
https://www.wsj.com/articles/SB10001424052748704545004575353143750422612.
[121] Complaint, May 6, 2020, p. 8.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY

**8**



**8.1**

[122] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 35.
[123] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 35.
[124] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, pp. 7, 35-40.
[125] Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 756 F 3d 73, 91 (2nd Cir. 2014).
[126] Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 450-51 (1984).
[127] *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1191-1192 (9th Cir. 2012).
[128] *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821 (9th Cir. 2002).
[129] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 35.
[130] *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994).

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**8.2** ████████████████████████████████████



[131] *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1183-1184 (9th Cir. 2012).
[132] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 36.
[133] Expert Report of Alan J. Cox, Ph.D., August 1, 2022, p. 36.
[134] ████████ ROSS-003334354; ████████████████ TR-0038909-TR-0038920; ████████████████████ ROSS-000304769-ROSS-000304784 at ROSS-000304771-ROSS-000304774; ████████████████ ROSS-003389728-ROSS-0003389730 at ROSS-003389728.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



135 Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 75, 89.
136 Interview of Jonathan Krein, Ph.D.
137 Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, p. 227.
138 Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 167-168.
139 Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, p. 143.
140 Khalid Al-Kofahi, Deposition April 8, 2022, pp. 16-17, 20; Isabelle Moulinier, 30(b)(6) Deposition July 1, 2022, pp. 12-13; Major Thomson Reuters Launch: Westlaw Edge, West Search Plus, Analytics, Enhances Citator and More, Jean O'Grady, July 12, 2018, Dewey B Strategic, https://www.deweybstrategic.com/2018/07/6838.html.
141 Expert Report of James E. Malackowski, August 1, 2022, pp. 46-48.
142 Expert Report of James E. Malackowski, August 1, 2022, pp. 46-48.
143 Opening Expert Report of Dr. Jonathan L. Krein, August 1, 2022, pp. 79-88.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



INTELLECTUAL CAPITAL EQUITY



**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

**9**  ▮▮▮▮▮▮▮

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

_____          September 6, 2022_____
James E. Malackowski                                  Date

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT AZ



THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION

V.

ROSS INTELLIGENCE INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Civil Action No. 1:20-cv-00613-SB

REPLY EXPERT REPORT OF JAMES E. MALACKOWSKI

October 18, 2022

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

Ocean Tomo, J.S. Held and their affiliates and subsidiaries are not a certified public accounting firm(s) and do not provide audit, attest, or any other public accounting services.  Ocean Tomo and J.S. Held are not law firms and do not provide legal advice.  All rights reserved.

INTELLECTUAL CAPITAL EQUITY

**4**



**4.1**

---

[21] Expert Report of Alan J. Cox, Ph.D., September 20, 2022, pp. 13-14, 22-31.
[22] Complaint, May 6, 2020, p. 11.
[23] Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's Third Supplemental Responses and Objections to Defendant and Counterclaimant ROSS Intelligence Inc.'s Interrogatory No. 1, Supplemental Response to Interrogatory No. 1 (November 19, 2021), p. 14.
[24] Expert Report of James E. Malackowski, August 1, 2022, pp. 53-54.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

Page 7



INTELLECTUAL CAPITAL EQUITY



**4.2** ████████████████████████

████████████████████████████████████████

25 Complaint, May 6, 2020, pp. 10-11.
26 Complaint, May 6, 2020, p. 11.
27 Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, pp. 186-188.
28 Jimoh Ovbiagele, 30(b)(6) Deposition April 12, 2022, p. 187.
29 Expert Report of Alan J. Cox, Ph.D., September 20, 2022, pp. 8-9.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**



[30] Expert Report of Alan J. Cox, Ph.D., September 20, 2022, pp. 8-9.
[31] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 89, 93-94.
[32] ████████████████████████████████████████████ TR-0039808-TR-0039813.
[33] ████████████████████████████████████ ROSS-000319118-ROSS-000319119 at ROSS-000319118.
[34] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 89, 93-94.
[35] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, pp. 153-154.
[36] ████████████████████████████████████████████ LEGALEASE-00059362.
[37] Tariq Hafeez, 30(b)(6) Deposition May 26, 2022, p. 99.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**5** ████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████ .

**5.1** ████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████

**5.1.1** ████████████████

███████████████████████████████████████
███████████████████████████████████████
██████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████

---

[38] Expert Report of Alan J. Cox, Ph.D., September 20, 2022, pp. 9-10.

[39] ████████████████████████████████████████ TR-0894151-TR0894157 at TR-0894151; ██████████ TR-0836004, █████████; ██ TR-0002846-TR-0002847.

[40] Expert Report of Alan J. Cox, Ph.D., September 20, 2022, p. 10.

[41] Interview of Mark Hoffman.

[42] Expert Report of James E. Malackowski, August 1, 2022, pp. 43, 49.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



**5.1.2**

43 
TR-0002844-TR-0002845 at TR-0002844.
44 
TR-0002844-TR-0002845 at TR-0002844.
45 Expert Report of Alan J. Cox, Ph.D., September 20, 2022, p. 16.
46 Expert Report of Alan J. Cox, Ph.D., September 20, 2022, p. 16.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

INTELLECTUAL CAPITAL EQUITY



---

[89] ███████████████████████████████████████████████████ ROSS-003487472-ROSS-003487474 at ROSS-003487472.

[90] ███████████████████████████████████████████████████ ROSS-003487472-ROSS-003487474 at ROSS-003487472.

[91] Andrew Arruda, Deposition March 30, 2022, pp. 62-66.

[92] Defendant and Counterclaimant ROSS Intelligence Inc.'s Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, January 11, 2022, Supplemental Answer to Interrogatory No. 2, pp. 11-12.

[93] Expert Report of Alan J. Cox, Ph.D., September 20, 2022, p. 21, Exhibit 3.4.

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**INTELLECTUAL CAPITAL EQUITY**

**8** ███████

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

_____         October 18, 2022_____
James E. Malackowski                     Date

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT BA

Global directory

Product logins    Contact us    Cart (0) 🛒



THOMSON REUTERS | LEGAL

☰    🔍



ARTICLE

# Free vs. Westlaw : Why you need the West Key Number System

Maggie Keefe
Reference Attorney                🕐 4 min

f    🐦    in    ✉

Feedback 📷

**E**very legal researcher's goal is to find the best way to zero in on a particular legal issue and quickly find on-point cases. However, with the huge amount of information available on the internet, is it really possible to find the perfect case quickly? Even if you are able to find a relevant case quickly, can you feel confident that there isn't another case out there that is a better fit? Surprisingly, the answer to both of these questions is yes. The best way for an attorney to ensure that they are relying on arguments that reflect the true nature of the law is to use KeyCite on Westlaw and Westlaw Edge.

## About the Key Number System

The Key Number System was the first of its kind when created by West Publishing more than 100 years ago. A master classification system of U.S. law, the Key Number System allows our Attorney Editors to organize cases by corresponding legal issues and topics. Our Key Number Digest books help legal researchers quickly and efficiently find relevant case law among the stacks and shelves in vast law libraries. Few analog tools have made the transition to our digital world better than Key Numbers, and using Key Numbers on Westlaw can make quick work of complicated legal research tasks. Use any of the methods below to take advantage of West's Key Number System, integrated with KeyCite on Westlaw and Westlaw Edge.

---

WESTLAW EDGE - PLANS AND PRICING

**Explore and customize Westlaw Edge plans that meet your firm's unique needs**                →

---

## Browse comprehensive Key Numbers to pinpoint legal concepts

The first step in utilizing the Key Number System is finding an applicable Key Number. The Westlaw homepage link to "Key Numbers" allows you to browse to level of specificity by topic. Alternatively, a link appears under the Content Pages autosuggestion when you start to type Key Numbers in the search bar at the top of the screen. WestSearch Plus on Westlaw Edge provides superior research suggestions right from the search box, then provides the most relevant text for your legal query without the need to dive into a result list.





By clicking these links, you are brought to the West Key Number System content page. Narrowing by topic will ultimately take you to a list of headnotes, the equivalent of a particular Key Number Digest in print. From here, you can **run a search or narrow by jurisdiction** as needed.



If you navigate back to the main Key Number page, you can see two options: **search headnotes or Key Numbers and topics.** The main search bar at the top of the screen will search across all of the headnotes within the Key Number System. This is helpful to find headnotes related to your issue and then see where they are classified within the Key Number System. The second search bar in the gray box searches only Key Numbers and topics. This option helps to find specific Key Numbers that use the language you have, whereas the search in headnotes provides a broader option to find helpful headnotes or related Key Numbers.



**LOCATE cases discussing similar legal concepts and principles**

Finding one case on point will directly lead you to others through Key Numbers. *Headnotes are summaries of specific points of law addressed in a particular case, drafted by Westlaw Attorney Editors to ensure that topics include relevant cases even where those cases may use atypical language.* Applicable headnotes are always listed at the top of a case, and provide a good alternative entry point into the Key Number System. After reviewing cases and locating a helpful headnote, click into the Key Number System through the classification hierarchy next to the headnote. (You can change the headnote presentation using the view options at the top right of the first headnote.)



After choosing a Key Number, you can **search within** using the box along the left, or you may look in a different jurisdiction by using the **Change link** under the Key Number heading at the top of the page.



**SEARCH Key Numbers using comprehensive WestSearch**

Finally, you can search Key Numbers across all Westlaw content by running a plain language search from the global search box on the homepage. You will see a link to Key Numbers in the gray bar along the left after running a search.

| | |
|---|---|
| Expert Materials | 6,902 |
| Forms | 248 |
| Jury Verdicts & Settlements | 3,212 |
| Key Numbers | 10 |
| Proposed & Adopted Regulations | 803 |
| Proposed & Enacted Legislation | 4,379 |
| Trial Court Documents | 10,000 |

For additional Westlaw tips, visit our training and support page.

Not a Westlaw subscriber? Learn more about Westlaw legal research.

# Related insights



**Use litigation data to gain leverage**

See how legal research helps litigators gain valuable insight into judges, courts, and opponents.



**KeyCite Overruling Risk article**

KeyCite Overruling Risk on Westlaw Edge goes beyond traditional citation checking. It is capable of detecting when a point of law in a case has been implicitly undermined.



Feedback

## Ready for **Westlaw?**

Take the next step today

**Shop plans**



Search

| LEGAL PRODUCTS | SOLUTIONS | INSIGHTS | SUPPORT | CONNECT |
| --- | --- | --- | --- | --- |
| Westlaw Edge | Legal research | Latest | Support center | Facebook |
| Practical Law | Legal know-how | Case studies | Reference attorneys | Twitter |
| CLEAR | Management and growth | Artificial intelligence | Legal notices | LinkedIn |
| Law Books | Litigation | Big Data | About us | YouTube |
| See all products | Drafting and contracts | Data privacy | Contact us | |
| | Risk and investigation | FinTech | | |

THOMSON REUTERS

Cookie policy    Cookies Settings    Terms of use    Privacy statement    Copyright    For CA: Do not sell my information    Accessibility

# EXHIBIT BB

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendants/Counterclaimant. | ) ) | |

**DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SET OF INTERROGATORIES
(SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 11 & 12 ONLY)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("the Local Rules"), Defendant/Counterclaimant ROSS Intelligence Inc. ("ROSS") hereby supplement its response and objections to the First Set of Interrogatories to ROSS served by Plaintiffs Thomson Reuters Enterprise Centre Gmbh and West Publishing Co. (collectively, "Plaintiffs") on May 12, 2021.

These responses are made solely for the purpose of this litigation.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, and all such objections are expressly reserved and may be asserted at the time of trial.

ROSS's responses are based upon information presently available to and located by ROSS. ROSS has not completed its investigation of the facts relating to this case, discovery in this action,

2



**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**







**ANSWER TO INTERROGATORY NO. 13:**

███████████████████████████████████████████████

███████████████████████████████

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  September 14, 2022
10338232 / 50241

POTTER ANDERSON & CORROON LLP

By:  /s/ Bindu A. Palapura
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Carson R. Bartlett (#6750)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     cbartlett@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

# EXHIBIT BC



LEGALEASE-00078065



2

LEGALEASE-00078066



3

LEGALEASE-00078067



4

LEGALEASE-00078068



5

LEGALEASE-00078069

6

LEGALEASE-00078070



7



8

LEGALEASE-00078072



9

LEGALEASE-00078073



10

LEGALEASE-00078074

11

LEGALEASE-00078075

12

LEGALEASE-00078076

13

LEGALEASE-00078077



14

LEGALEASE-00078078



15

LEGALEASE-00078079

16

LEGALEASE-00078080

17

LEGALEASE-00078081



18

LEGALEASE-00078082



19

LEGALEASE-00078083

# EXHIBIT BD



LEGALEASE-00093066



LEGALEASE-00093067



3

LEGALEASE-00093068



4

LEGALEASE-00093069



5

LEGALEASE-00093070



6

LEGALEASE-00093071



LEGALEASE-00093072



8

LEGALEASE-00093073



LEGALEASE-00093074

# EXHIBIT BE

STATEMENT OF WORK II
FOR ROSS BULK MEMOS

This Statement of Work II incorporates and is made pursuant to the October 15, 2015 Master Services Agreement ("MSA") by and between ROSS Intelligence, Inc. ("ROSS"), a Delaware corporation and LegalEase Solutions, LLC ("Contractor") a Michigan limited liability company.

1. Definitions: Terms and expressions not expressly defined in this Statement of Work, shall have the following meanings:

    1.1. "Case Law" means judicial decisions originating from a judicial or administrative body in the United States of America, or as otherwise prescribed in writing by ROSS and sent to Contractor.

    1.2. "Legal Research Question" means a question grounded in legal principles.

    1.3. "Memorandum or Memo" means a memorandum of law that answers a Legal Research Question.

    1.4. "Quote" means an independent paragraph excerpt from Case Law.

    1.5. "Reference List" means the list of Case Law included in the Memo.

    1.6. "Deficiency" means a reference quote that does not directly answer the ROSS question.

2. Additional Terms and Expressions: Additional capitalized terms and expressions have the meanings ascribed to them in the MSA.

3. Currency: Unless stated otherwise, all dollar figures in this Statement of Work are in United States dollars.

4. Term: Subject to the termination provisions of this Agreement, the term of this Statement of Work shall be for a period of three months commencing on September 19, 2017 and expiring on December 19, 2017 ("Initial Term"). Upon the expiration of the Initial Term, this Statement of Work shall renew with the prior written mutual consent of ROSS for successive three month periods ("Renewal Terms"), unless terminated pursuant to the terms of the Agreement. The terms Initial and Renewal Terms shall be collectively referred to as the "Term".

5. Description of Service:

5.1. Contractor agrees to provide ROSS with bulk Memos. Contractor agrees to meet the expectations for performance as set forth in this Statement of Work. Contractor's attorneys will research topics and Legal Research Questions from any Federal or State jurisdiction in the United States, without regard to any legal decisions, draft Memos, and compile the Memos in the format approved by ROSS.

5.2. Each Memo shall include a Legal Research Question and a Reference list with a target of at least four (4) and no more than six (6) Quotes.

5.3. Two (2) to four (4) Quotes in each Memo shall contain either a "great" or "good" independent answer to the Legal Research Question. A "great" Quote is one that contains an answer to all essential elements of the Legal Research Question while a "good" Quote is one that contains an answer to most essential elements of the Legal Research Question. The Contractor shall strive for four (4) "good" or "great" Quotes per question. However, if

Contractor is only able to find 2 or 3 "good" or "great" Quotes, they shall only provide 2 or 3 "good" or "great" Quotes. Contractor shall strive to have more "great" than "good" Quotes.

5.4. One (1) Quote in each Memo shall contain a "topical" independent response to the Legal Research Question. A "topical" response is a response that answers and/or references limited components of a Legal Research Question but does not answer the essential elements of such Legal Research Question.

5.5. One (1) Quote in each Memo shall contain an "irrelevant" independent response to the Legal Research Question. An "irrelevant" response is a response that contains one or more keywords from the Legal Research Question but does answer and/or reference any elements of the Legal Research Question, either limited or essential.

5.6. Contractor shall label whether a Quote contains a response that is "great", "good", "topical" or "irrelevant" and double bracket and bold the specific component(s) of each such Quote that is "great", "good", "topical" or "irrelevant." Contractor shall also label which legal practice area each Quote falls under.

6. Changes: ROSS reserves the right to request changes, deletions, or additions as deemed necessary by ROSS and Contractor. ROSS' proposed changes shall become effective only by written agreement of Contractor.

7. Production/Delivery Schedule: Contractor agrees to draft ROSS questions and Memos pursuant to the Production Run schedule below. In the First Production Run of Memos, Contractor shall commence providing deliverables on October 19, 2017 and conclude on December 19, 2017, as outlined below. For the Subsequent Production Runs of Memos, Contractor shall provide 20,000 Memos in subsequent months to ROSS.

First Production Run

| Delivery Date | Amount of Memos |
|---|---|
| October 19, 2017 | 5,000 |
| November 19, 2017 | 10,000 |
| December 19, 2017 | 10,000 |

Subsequent Production Run

| Delivery Date | Amount of Memos |
|---|---|
| Month 1 | 20,000 |
| Month 2 | 20,000 |
| Month 3 | 20,000 |
| Month 4 | 15,000 |

8. Fee: ROSS shall pay Contractor pursuant to the schedule below:

| Reference Quotes | Price per Memo |
|---|---|

| | |
|---|---|
| 4 Quotes + 1 topical and 1 irrelevant Quote | $26.17 |
| 3 Quotes + 1 topical and 1 irrelevant Quote | $24.55 |
| 2 Quotes + 1 topical and 1 irrelevant Quote | $21.00 |

Contractor shall provide a 5% volume discount to ROSS for any Memo purchase over 25,000 and a 15% volume discount for a total order of 100,000 Memos.

9. Payment: ROSS shall pay Contractor in advance at the beginning of each month for the following 30 days of expected output at a minimum $21.00 price per Memo (each, an "Advance Payment"). For clarity, the Advance Payment for the (i) first 5,000 Memos of the First Production Run due October 19, 2017 shall be $105,000 and shall be made on September 19, 2017; (ii) subsequent 10,000 Memos of the First Production Run due November 19, 2017 shall be $210,000 and shall be made on October 19, 2017 and (iii) final 10,000 Memos of the First Production Run due December 19, 2017 shall be $210,000 and shall be made on November 20, 2017. For any Subsequent Production Run, the Advance Payment shall be $420,000. If there is a difference between an Advance Payment amount and aggregate Memo cost during a Production Run pursuant to the Section 8 Fee schedule (the "Cost Difference"), Contractor shall provide ROSS a detailed accounting of such Cost Difference in a timely manner and ROSS shall pay such Cost Difference within seven (7) days receipt of such detailed accounting.

10. Delivery: Contractor shall deliver batched Memos via e-mail or FTP to ross@rossintelligence.com and via the ROSS Memo upload portal (the "Portal"). The Portal shall meet necessary specifications of speed and capacity to process daily batched Memo uploads.

11. Quality Assurance: Contractor shall ensure the Memos submitted follow the (i) quality control processes detailed in the LegalEase Solutions Quality Control Guide ("QCG") provided in Schedule A to this Statement of Work and the (ii) Quality Control Checklist provided in Schedule B to this Statement of Work. Contractor shall follow a staged quality control process. There will be 100% quality control for the first 2000 Memos, 75% for the next 10,000 Memos and 25% for the remaining Memos. If any of the Memos submitted do not meet the parameters prescribed in the QCG, ROSS shall inform Contractor of such Deficiencies within 14 days of receipt of the applicable Memos. If no such notice is received within the prescribed 14 days, the applicable Memos shall be deemed fully accepted by ROSS. A 15% penalty shall be charged to any Memo and/or batch of Memos that fail to meet the QCG requirements.

12. Reporting: Contractor shall email daily reports to ROSS which include the production totals, QCG results, and other requested information from ROSS.

13. Destruction of Memos: Contractor acknowledges that the Memos constitute Confidential Information and shall remove and destroy all Memos and copies of Memos in its

ROSS-000076309

possession within sixty (60) days of each Production Run and shall concurrently confirm to ROSS that such removal and destruction has occurred.

14. Existing Agreements: This Statement of Work is anciliary to existing agreements, including, but not limited to the MSA and prior Statements of Work.

Date: September ___15___, 2017

ROSS INTELLIGENCE, INC.

By: _____

Name: Andrew Arruda
Title: Chief Executive Officer

LEGALEASE LLC

By: _____

Name: Tariq Hafeez
Title: President

Schedule A

# Quality Control Guide
# for ROSS Intelligence

Drafting Questions, Preparing Responsive
Memorandum, and Quality Control
Procedures

LegalEase Solutions LLC

ROSS-000076311



## TABLE OF CONTENTS

Overview ........................................................................................................ 2
    Introduction ............................................................................................ 2
    Audience ................................................................................................. 2
    Objectives ............................................................................................... 2
Legal Disclaimer ......................................................................................... 3
The LegalEase Ross Team and Process ...................................................... 4
    Attorneys ................................................................................................ 4
    Quality Control Attorneys ..................................................................... 4
    Staged Quality Control Process ............................................................ 4
    Production Expeditors ........................................................................... 5
    India and US Project Managers ............................................................ 5
    ROSS Operations ................................................................................... 5
The LegalEase ROSS Process Flowchart ..................................................... 6

ROSS-000076312



## Overview

### Introduction

The LegalEase Solutions Quality Control Guide ("QCG") is the primary quality assurance resource and playbook for our attorneys.  This QCG provides all the tools and resources needed for the drafting and delivery of ROSS Intelligence memos.

### Audience

The intended audience for this guide is our attorneys who prepare Ross memos. Additionally, this guide may be utilized by ROSS to review our internal process.

### Objectives

This guide:

- Identifies clear guidelines for attorneys to follow when designing, developing, and researching, drafting, and delivering ROSS memos.
- Describes quality control standards for ROSS memos.
- Describes quality control procedures and processes set in place for ROSS memo production.

ROSS-000076313



**Legal Disclaimer**

This Quality Control Guide includes proprietary, confidential, and/or trade secret information. LegalEase considers this information to be a trade secret not subject to disclosure.

ROSS-000076314



**The LegalEase ROSS Team and Process**

We have organized a comprehensive team for this project.  Leading the team for ROSS operations are Teri Whitehead, VP of Global Strategy and Gayathri Rajeev, Director of Operations in India.  Teri and Gayathri will oversee operations and are available anytime to address and resolve any potential concerns.

**Attorneys.** Our team of attorneys will research topics and questions, draft the memos, and compile the memos in the ROSS approved format.   We will ensure that our attorneys follow this QCG for drafting memos and utilize our internal associate work product checklists. The steps include:

    i.    Using our LegalEase's creative process, to produce ROSS questions.
    ii.   Research answers to questions.
    iii.  Draft ROSS memorandum.

**Quality Control Attorneys.** We have allocated a minimum of 5 separate QC attorneys to independently review memos, ensuring that ROSS standards are met.  These attorneys have a minimum of 3 years' experience in these positions.  The QC team will be expanded as needed per the scope and requirements of this project. The QC team will follow the QC checklist setting out the steps to be followed in completing the process. These steps include:

    i.    Review and confirm the grammar, question format, and citations.
    ii.   Confirm and review short answer and legal analysis.
    iii.  Review reference quotes for relevancy.
    iv.  Confirm case law.
    v.   Advise associates of errors and design action plan to avoid future errors.

**Staged Quality Control Process.**  Our QC attorneys will follow LegalEase's staged quality control process.  We have used this process with success on other large accounts with over 50,000 documents.

First Stage:
    100% QC of 2000 Memos.  Our QC attorneys will QC 100% of the first 2000 memos.
Second Stage:
    75% for the next 10,000 memos. Our QC attorneys will QC 75% of the next 10,000 memos.
Third Stage:
    25% for the remaining memos. Our QC attorneys will QC 25% or more of the remaining memos.

ROSS-000076315



**Production Expeditors.** Our dedicated ROSS production expeditors will comply and follow ROSS' process on delivery, including the portal upload, data tracking, and logistics. These steps include:

  i.     Validate question originality.
  ii.    Upload memorandum to ROSS dedicated portal.
  iii.   Update internal LE production tracking sheet.
  iv.    Email production totals of attorneys and QC attorneys to Project Managers.
  v.     Update internal exception error tracking sheet.
  vi.    Update ROSS' completion tracking sheet.

**India and US Project Managers.** We have assigned to ROSS, three project managers. Our project managers will guarantee and ensure ROSS quality and processes.  Having project managers in different time zones will provide round the clock attention and access.

The role of the PM's include:

  i.     Review production of attorneys, QC attorneys, production expeditors.
  ii.    Daily review protocol and process for efficiencies following LE model theory of constraints.
  iii.   Address any concerns.
  iv.    Email daily reports to LegalEase Operations detailing production, legal topics addressed, upload process production, improved efficiencies, and QC results.

**Ross Operations.** Teri Whitehead and Gayathri Rajeev will oversee all aspects of this project.  Teri and Gayathri's role includes the following:

  i.     Address any concerns.
  ii.    Email daily reports to the ROSS team providing production totals, QC results, and other requested information.
  iii.   Host daily conference status calls with the ROSS Production team.

Private and Confidential - Page 5 of 6

ROSS-000076316



The LegalEase ROSS Process Flowchart



| Attorneys - Research, Review, Compile |
|---|
| 50+ attorneys |

| Quality Control Attorneys |
|---|
| 5 |

| Production Expeditors |
|---|
| 3 |

| India Project Manager |
|---|
| Merin Sony |

| US Project Managers |
|---|
| Chris Schmidt and Moon Thompson |

| ROSS Operations |
|---|
| Gayathri Rajeev and Teri Whitehead |

ROSS-000076317

Schedule 8

Document ID      : ROSS Bulk QCC
Date of Issue    : 07.08.2017
Periodic Review  : 09.15.2017
Revision No      :

# Quality Control Checklist for ROSS Intelligence

## LegalEase Solutions LLC

1

ROSS-000076318

| Document ID | : ROSS Bulk QCC |
|---|---|
| Date of Issue | : 07.08.2017 |
| Periodic Review | : 09.15.2017 |
| Revision No | : |

Schedule 8

## QUALITY CONTROL CHECKLIST FOR ROSS BULK MEMOS

### Attorney - ROSS Intelligence Checklist

| Description | Completed |
|---|---|
| 1. Draft ROSS questions following LegalEase Creative Process. | |
| 2. Research questions using online resources and accounts. | |
| 3. Label cases as great, good, topical, and irrelevant. | |
| 4. Confirm that great, and good quotes answer the question directly. | |
| 5. Add topical and irrelevant cases. | |
| 6. Confirm that the topical and irrelevant cases meet the criteria. | |
| 7. Confirm grammar correct throughout memo. | |
| 8. Confirm the font and space of the memo. | |
| 9. Follow file name convention. | |

### Review Attorney - ROSS Intelligence Checklist

| Description | QC 1 | QC 2 |
|---|---|---|
| Question should not be state specific. | | |
| Grammar check of question. | | |
| Quotes to be labeled correctly.  GREAT – must contain **all** essential elements of the question.  GOOD – contains **most** of the essential elements of the question. | | |

2

ROSS-000076319

Document ID     : ROSS Bulk QCC
Date of Issue   : 07.08.2017
Periodic Review : 09.15.2017
Revision No     :

| | | |
|---|---|---|
| TOPICAL – foundation quote, background information. IRRELEVANT– has no reference or relevance. | | |
| Should label as Great Case 1, Great Case 2, and not Great Quote. | | |
| Bracketed language **must** answer question. Bracketed language may be up to a paragraph. If necessary, you can double bracket separate sentences. Bracketed language must be a sentence. Not just two words. | | |
| Double Brackets, and Content in Bold. | | |
| No red squiggly line. | | |
| Confirm reference quote.  Ensure Topical quote and Irrelevant quotes are added. | | |
| Smartsheet updates. | | |
| Double check the Form - Double Brackets for Quotes.  No highlights. | | |
| Memo number. | | |
| Memo saved in correct format – naming convention. | | |

ROSS-000076320

# EXHIBIT BF



Highly  Confidential – Attorneys Eyes Only

ROSS-003487472



Highly  Confidential – Attorneys Eyes
Only

ROSS-003487473

Highly  Confidential – Attorneys Eyes Only

ROSS-003487474

# EXHIBIT BG

CONFIDENTIAL



ROSS-009722263



1

Highly Confidential – Attorneys Eyes Only

ROSS-009722264



2

Highly Confidential – Attorneys Eyes Only

ROSS-009722265



3

Highly Confidential – Attorneys Eyes Only

ROSS-009722266



Highly Confidential – Attorneys Eyes Only

ROSS-009722267



4

Highly Confidential – Attorneys Eyes Only

ROSS-009722268



5

Highly Confidential – Attorneys Eyes Only

ROSS-009722269



6

Highly Confidential – Attorneys Eyes Only

ROSS-009722270



7

Highly Confidential – Attorneys Eyes Only

ROSS-009722271



8

Highly Confidential – Attorneys Eyes Only

ROSS-009722272



9

Highly Confidential – Attorneys Eyes Only

ROSS-009722273



Highly Confidential – Attorneys Eyes Only



10

Highly Confidential – Attorneys Eyes Only

ROSS-009722275



11

Highly Confidential – Attorneys Eyes Only

ROSS-009722276



12



13

ROSS-009722278



14

Highly Confidential – Attorneys Eyes Only

ROSS-009722279



Highly Confidential – Attorneys Eyes Only

ROSS-009722280



15

Highly Confidential – Attorneys Eyes Only

ROSS-009722281



16

Highly Confidential – Attorneys Eyes Only

ROSS-009722282



17

Highly Confidential – Attorneys Eyes Only

ROSS-009722283



18

Highly Confidential – Attorneys Eyes Only

ROSS-009722284



Highly Confidential – Attorneys Eyes Only

ROSS-009722285



20

Highly Confidential – Attorneys Eyes Only

ROSS-009722286



Highly Confidential – Attorneys Eyes Only

ROSS-009722287



22

Highly Confidential – Attorneys Eyes Only

ROSS-009722288



23

Highly Confidential – Attorneys Eyes Only

ROSS-009722289



24

Highly Confidential – Attorneys Eyes Only

ROSS-009722290



25



26

Highly Confidential – Attorneys Eyes Only

ROSS-009722292



27

Highly Confidential – Attorneys Eyes Only

ROSS-009722293



28

Highly Confidential – Attorneys Eyes Only

ROSS-009722294



Highly Confidential – Attorneys Eyes Only

ROSS-009722295



29

Highly Confidential – Attorneys Eyes Only

ROSS-009722296



Highly Confidential – Attorneys Eyes Only

ROSS-009722297



Highly Confidential – Attorneys Eyes Only

ROSS-009722298



*Note: Amounts in USD*

30

Highly Confidential – Attorneys Eyes Only

ROSS-009722299

# EXHIBIT BH



Confidential

MORAE_00011129

**TR-0055362**

# EXHIBIT BI



Highly  Confidential – Attorneys Eyes Only

ROSS-010099622



Highly  Confidential – Attorneys Eyes Only

ROSS-010099623