IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE            )
CENTRE GMBH and WEST PUBLISHING       )
CORPORATION,                          )
                                      )
                                      )
            Plaintiffs and            )      C.A. No. 20-613 (SB)
            Counterdefendants,        )
                                      )      REDACTED - PUBLIC VERSION
                                      )
      v.                              )
                                      )
ROSS INTELLIGENCE INC.,               )
                                      )
            Defendant and             )
            Counterclaimant.          )

**PLAINTIFFS' OPPOSITION TO ROSS INTELLIGENCE
INC.'S MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' TORTIOUS INTERFERENCE WITH
<u>CONTRACT CLAIM</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Plaintiffs and Counterdefendants
Thomson Reuters Enterprise Center GmbH
and West Publishing Corporation*

Original filing date: January 30, 2023
Redacted filing date: February 6, 2023

## <u>TABLE OF CONTENTS</u>

SUMMARY OF THE ARGUMENT ............................................................. 1

RESPONSE TO ROSS'S STATEMENT OF THE FACTS ........................... 2

ARGUMENT ........................................................................................... 5

I.      PLAINTIFFS' CLAIM IS NOT PREEMPTED BY THE COPYRIGHT ACT ......... 5

      A.     ██████████████████████████████████████ 6

      B.     The Tortious Interference Claim Implicates an "Extra Element" ................... 7

      C.     ROSS's Arguments that There is No "Extra Element" Here are Wrong ................................................................................... 11

CONCLUSION ....................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

**Page(s)**

*Altera Corp. v. Clear Logic, Inc.*,
424 F.3d 1079 (9th Cir. 2005) ......................................................................1, 8, 9

*Bowers v. Baystate Techs., Inc.*,
320 F.3d 1317 (Fed. Cir. 2003)...................................................................................7

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*,
329 F.3d 923 (7th Cir. 2003) ..............................................................................13, 14

*Cassway v. Chelsea Historic Props. I*,
92 Civ. 4124, 1993 WL 64633 (E.D. Pa. Mar. 4, 1993)........................................8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...................................................................................................5

*Computer Assocs. Inc. v. Altai, Inc*,
982 F.2d 693 (2d Cir. 1992)......................................................................................13

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
307 F.3d 197 (3d Cir. 2002)......................................................................................6

*Dunlap v. G&L Holding Grp., Inc.*,
381 F.3d 1285 (11th Cir. 2004) ...............................................................................6

*Expediters Int'l of Wash., Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*,
995 F. Supp. 468 (D.N.J. 1998) ...............................................................................8

*Info. Handling Servs., Inc. v. LRP Pubs. Inc.*,
No. 00 Civ. 1859 2000 WL 1468535 (E.D. Pa. Sept. 20, 2000) ...............................8

*In re Jackson*,
972 F.3d 25 (2d Cir. 2020).......................................................................................13

*Lipscher v. LRP Publ'ns, Inc.*,
266 F.3d 1305 (11th Cir. 2001) ...............................................................................13

*Long v. Quality Computs. & Applications, Inc.*,
860 F. Supp. 191 (M.D. Pa. 1994)...........................................................................12

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)...................................................................................................5

*MCS Servs., Inc. v. Johnsen*,
  No. 1 Civ. 4430, 2002 WL 32348500 (E.D. Pa. Aug. 13, 2002)............................................12

*Media.Net Advert. FZ-LLC v. Netseer, Inc.*,
  156 F. Supp. 3d 1052 (N.D. Cal. Jan. 12, 2016)....................................................8, 9, 10

*Mercom Grp., LLC v. Diati Staffing, LLC*,
  No. 16 Civ. 3475, 2016 WL 4054921 (D.N.J. July 26, 2016) ...................................................1

*Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*,
  991 F.2d 426 (8th Cir. 1993) ...........................................................................8

*Peirson v. Clemens, Inc., Southridge Inc.*,
  C.A. No. 03-1145, 2005 WL 681309 (D. Del. Mar. 23, 2005)...............................................13

*ProCD, Inc. v. Zeidenberg*,
  86 F.3 1447 (7th Cir. 1996) .......................................................................1, 6, 7, 11

*Stromback v. New Line Cinema*,
  384 F.3d 283 (6th Cir. 2004) ...........................................................................12

*Sturdza v. United Arab Emirates*,
  281 F.3d 1287 (D.D.C. 2002) ...........................................................................11

*Tegg Corp. v. Beckstrom Elec. Co.*,
  650 F. Supp. 2d 413 (W.D. Pa. 2008)..............................................................12

*Telecom Tech. Servs. Inc. v. Rolm Co.*,
  388 F.3d 820 (11th Cir. 2004) ..........................................................................7

*Wellness Publ'g. v. Barefoot*,
  No. 2 Civ. 3773, 2008 WL 108889 (D.N.J. Jan. 9, 2008) ...........................................8, 9, 10

*Wright v. Penguin Random House*,
  783 F. App'x 578 (6th Cir. 2019) ....................................................................12

**Statutes**

17 U.S.C. § 102(a) ....................................................................................6

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................5

**Other Authorities**

H.R. Conf. Rep. No. 94–1733 (1976) .................................................................6

H.R. Rep 94-1476 (1976)..............................................................................6

Nimmer on Copyright, § 1.01[B][1][a].................................................................................................7

Patry on Copyrights § 18:30 .............................................................................................................7

Plaintiffs respectfully submit this opposition to ROSS's Motion for Summary Judgment as to Plaintiffs' Tortious Interference with Contract Claim (D.I. 270) (the "Motion" or "Def.'s Br.").[1]

## SUMMARY OF THE ARGUMENT

Typically, "the Copyright Act does *not* preempt the enforcement of contractual rights." *See*, *e.g.*, *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (finding tortious interference with contract claim was not preempted by the Copyright Act).  Indeed, some courts have found that claims based in contract are ***never*** preempted by the Copyright Act because contractual rights are, by their nature, not equivalent to copyrights.  *See*, *e.g.*, *ProCD, Inc. v. Zeidenberg,* 86 F.3 1447, 1453–54 (7th Cir. 1996).  Yet, even courts that use a more nuanced approach—including *Media.Net Advert. FZ-LLC v. Netseer, Inc.*, on which ROSS heavily relies—draw a strict line between (a) claims that seek to enforce contractual provisions that go beyond merely prohibiting copying, distribution, performance, or display, which are never preempted; and (b) claims that seek to enforce contractual rights that are equivalent to copyright, which may be.  156 F. Supp. 3d 1052 (N.D. Cal. 2016) (contrasting claims involving license restrictions on bots and robots with claims involving mere copying); *see also Mercom Grp., LLC v. Diati Staffing, LLC*, No. 16 Civ. 3475, 2016 WL 4054921, at *5 (D.N.J. July 26, 2016) (considering whether the mere act of copyright infringement caused the breach).

Given that preemption turns on the breached contractual provisions, it is striking that ROSS's Motion fails to address the relevant provisions of the Westlaw terms of service ("TOS").  That likely is because those provisions are not about copying, distribution, performance, or

---

[1]  Capitalized terms not defined herein were previously defined in Plaintiffs' opening brief in support of their motion for summary judgment No. 2, concerning the tortious interference claim and preemption.  D.I. 250 ("Pls.' Br.").

display. ███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████. Plaintiffs' tortious interference claim centers on this misconduct and the corresponding provisions of the TOS that ROSS caused LegalEase to violate. *See* Pls.' Br. 10.

Instead of focusing on the central issue of the specific contractual provisions with which ROSS interfered, ROSS vaguely asserts that the tortious interference claim is based on the same conduct as the copyright infringement and posits a strawman argument that preemption cannot be avoided by arguing that ROSS is a competitor of Plaintiffs. This makes no sense. Plaintiffs do not contend, as ROSS confusingly asserts, that proof that a defendant is a competitor is an *element* of a tortious interference claim. Rather, ████████████████████████ ████████████████████████████████████████████ ██████████████████████████████. This provision, along with the others that were breached,███████████████████████████████ ████████████████████████████, do not turn on issues of copyright infringement. As a result, the claim is not preempted and ROSS's Motion should be denied.

### RESPONSE TO ROSS'S STATEMENT OF THE FACTS

Plaintiffs hereby incorporate by reference, the statement of facts from the opening brief in support of their summary judgment motion No. 2 on this issue. Pls.' Br. 3–11. Plaintiffs agree

that the facts material to ROSS's preemption defense are not in dispute, but clarify the following

undisputed facts that ROSS omits or mischaracterizes.  To the extent that ROSS includes

attorney argument in its statement of facts, including argumentative characterizations of the

Complaint or the expert report of James Malackowski, which both speak for themselves, those

arguments are addressed separately in the argument section herein.  *See infra* 9, n.5, 13–14.

ROSS omits from its statement of facts that, █████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████, D.I. 255 (Means Decl.)

Ex. 55 (ROSS-003391076); █████████████████████████████████

██████, *id.* Exs. 15 (Tomas van der Heijden 30(b)(6) Tr.) 87:14–89:4, 101:19–103:5; 53

(ROSS-003390881); 72 (ROSS-023032254); ███████████████████████

█████████████████████████████████████████████

███████████████, *id.* Exs. 50 (ROSS-003390563); 26 (ROSS's Supp. Resps. Pls.'

1st Interrogs.) No. 11; and ███████████████████████████████████

████████████████████████████████████████████

████, *id.* Exs. 71 (ROSS-010373855); 65 (ROSS-009727514); 15 (Tomas van der Heijden Tr.)

148:10–149:10.  Tomas van der Heijden, ROSS's 30(b)(6) witness and Head of Legal Research,

also testified ██████████████████████████████████████

███████████████████████████. *Id.* Ex. 15 (Tomas van der Heijden Tr.)

174:10–13 █████████████████████████████████████████

████████████████████████ Providing further evidence that █████████████

███████████████████████████████████████████

████████████████████████████████████████████



█████ Pls.' Br. 13.  As detailed in Plaintiffs' opening brief, after ██████████████

████████████████████████████████████████████████████████████████

███████████████████████████████. Pls.' Br. 6–9.

ROSS omits from its statement of facts the specifics of LegalEase's conduct that

Plaintiffs assert breached the TOS. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ *See* Means Decl. Exs. 94 (TR-0151763); 103 (TR-0836004).

***Second***, ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████. *See, e.g., id.* Ex. 86 (TR-0038826).  After investigating

████████████████████████████████████████████████████████████████

████████████████████████████████████

█   ████████████████████████████████████████████████

    ████████████████████████████████████████████████

    ████████████████████████████████████████████████

    ████████████████████████████

█   ████████████████████████████████████████████████

    ████████████████████████████████████████████████

    ████████████████

█   ████████████████████████████████████████████████

    ████████████████████████████████████



*Id.* Exs. 37 (R-LEGALEASE-00101636); 76 (TR-0002812); 77 (TR-0002827).

. *Id.* Ex. 9 (E. Lindberg

Tr.) 78:11–24.

. *Id.* Ex. 84 (TR-0035897) (

(emphasis added));

Ex. 7 (LegalEase 30(b)(6) Tr.) 104:11–23 (

).  Plaintiffs filed this lawsuit on May 6, 2020, asserting that ROSS tortiously interfered

with Plaintiffs' contract with LegalEase.  D.I. 1 (the "Complaint").

<u>**ARGUMENT**</u>

To be entitled to summary judgment, the movant must show that there is "no genuine

dispute as to any material fact" and the movant "is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

**I.      PLAINTIFFS' CLAIM IS NOT PREEMPTED BY THE COPYRIGHT ACT**

ROSS is not entitled to summary judgment on Plaintiffs' tortious interference with

contract claim because the claim is not preempted by the Copyright Act as a matter of law.

Copyright preemption does not apply if: (1) the "subject matter" of the claim does "not come

within the subject matter of copyright" or (2) the claim has an "extra element beyond mere

copying, preparation of derivative works, performance, distribution or display." *Dun &*

*Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002)

(internal quotations omitted) (finding misappropriation claim was not preempted by the

Copyright Act).[2]  We discuss each element in turn below.

> **A.**   ███████████████████████████

> As an initial ████████████████████████████████████

████████████████████████████████████████.  *See supra* 4.

The Copyright Act sets forth seven categories of subject matter eligible for protection.  17 U.S.C.

§ 102(a).  ███████████████████████   Plaintiffs have not located any judicial

opinions that have held that ██████ are within the subject matter of copyright, and ROSS

cites none.  As a result, ROSS's Motion can be denied as to the ██████████████ on

this basis alone.  *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004)

(business plan for a bank was an idea that did not fall within the subject matter of copyright, and

related state law claim was not preempted).

██████████████████████████████████████████████████████

while these provisions implicate material within the subject matter of copyright, that is not

sufficient to establish preemption.  In *ProCD*, for example, the Seventh Circuit reasoned that

---

[2]   ROSS cites to the House and Senate committee notes on preemption, Def.'s Br. 10, but the House notes that unfair competition claims are preempted when they are "merely the equivalent of copyright protection," not that they are preempted as a general matter, as ROSS suggests.  H.R. Rep 94-1476, at 132 (1976).  Indeed, the legislative history cautions against preempting such claims as a matter of course -- Congress specifically chose not to include in its final committee notes a list of definitive claims that were or were not preempted as a general matter, leaving the issue for the courts. *Id.*  And when the Senate was considering such a list, contract rights were included in its list of those rights that were *not* preempted. Conference Comm. Notes, H.R. Conf. Rep. No. 94–1733 (1976).

when it comes to private contract rights, even those governing content falling within the subject matter of copyright, such as video rentals or a "LEXIS database," courts usually read preemption to leave such rights "unaffected."  86 F.3d at 1454 (although software fell within subject matter of copyright, claim vindicating contractual rights limiting use of software was not preempted). As discussed below, here, the contractual rights with which ROSS interfered are distinct from the rights conferred by the Copyright Act, making preemption unavailable.

### B.      The Tortious Interference Claim Implicates an "Extra Element"

Multiple courts have found that the Copyright Act does not preempt claims based on contractual relationships because they are qualitatively different from copyrights.  *See ProCD*, 86 F.3d at 1453–54; *see also Telecom Tech. Servs. Inc. v. Rolm Co.*, 388 F.3d 820, 833 (11th Cir. 2004) (tortious interference with contract claim was not preempted because it required showing of violation of terms of the plaintiff's SLA); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317 (Fed. Cir. 2003) (finding most courts "have found that the Copyright Act does not preempt contractual constraints on copyrighted articles").[3]  ROSS even acknowledges in a footnote that contract claims are not preempted because contract rights are different from copyrights.  Def.'s Br. 11, n. 9.  ROSS, however, fails to grapple with the implication of its admission: if a breach of contract claim is not preempted, so too is the tortious interference claim that resulted in the

---

[3]    ROSS cites Patry on Copyright in asserting that tortious interference claims are often preempted, but Patry specifically discusses a "spectrum" of claims that are preempted.  On one end of the spectrum are claims merely alleging loss from copyright infringement (which are preempted) and at the other end are claims in which "that the defendant, aware that the plaintiff had a contract with a third party, intentionally interfered with that contract, causing the third party to breach the agreement" which are *not* preempted where the resulting conduct is not equivalent to one of the exclusive rights granted by the Copyright Act.  Patry on Copyrights § 18:30.  That is precisely the scenario here.  ROSS's reliance on Nimmer is similarly misplaced because Nimmer instructs that the claim is preempted where the copying *causes* the plaintiff to lose the benefits of a contract.  Nimmer on Copyright, § 1.01[B][1][a]. Plaintiffs are not alleging that ROSS's copying caused the breach of these three provisions. *Infra* 11–12.

breach of contract.  Where courts apply a more nuanced analysis, they still typically find tortious

interference with contract claims are not preempted because they have the requisite "extra

element" of conduct beyond mere copying.  *See, e.g.*, *Wellness Publ'g. v. Barefoot*, No. 2 Civ.

3773, 2008 WL 108889, at *18 (D.N.J. Jan. 9, 2008) (considering contractual provisions and

finding tortious interference claim not preempted by Copyright Act where it was based on breach

of an agreement not to compete); *Expediters Int'l of Wash., Inc. v. Direct Line Cargo Mgmt.

Servs., Inc.,* 995 F. Supp. 468, 480 (D.N.J. 1998) (claim that competitor breached contract was

not preempted by the Copyright Act); *Info. Handling Servs., Inc. v. LRP Pubs. Inc.*, No. 00 Civ.

1859 2000 WL 1468535, at *1 (E.D. Pa. Sept. 20, 2000) (finding breach of contract and tortious

interference with contract claims were not preempted).

        In determining the existence of an "extra element" in a tortious interference with contract

case, courts consider whether the claim implicates contractual provisions that prohibit more than

***merely*** reproduction, performance, distribution, or display.  *See Altera*, 424 F.3d at 1090

(prohibition on specific use of software was an extra element); *Nat'l Car Rental Sys., Inc. v.

Comput. Assocs. Int'l, Inc.*, 991 F.2d 426 (8th Cir. 1993) (restriction on use of licensed program

for processing of data for third parties was an extra element); *Wellness*, 2008 WL 108889, at *18

(no preemption where tortious interference claim was directed to part of the contract involving

an agreement not to compete); *Cassway v. Chelsea Historic Props. I*, 92 Civ. 4124, 1993 WL

64633, at *5 (E.D. Pa. Mar. 4, 1993) (finding claim for tortious interference with contractual

relationships was not preempted where it involved a "contractual matter different" from

copyright).  Indeed, even *Media.Net*, on which ROSS heavily relies, endorses this approach of

looking at the "specific provisions" in the contract to determine whether such provisions were

equivalent to the rights conferred by the Copyright Act.  156 F. Supp. 3d at 1072.[4]

Here, the contractual rights at issue in this case, with which ROSS interfered, are not merely the rights to reproduce, perform, display or distribute Westlaw Content.[5]  In particular, Plaintiffs assert that ROSS induced LegalEase to violate at least three different provisions of its contract with Plaintiffs, none of which are equivalent to mere copying, performance, distribution, or display:

██████████████████████████████████: LegalEase violated the TOS provision that states: ██████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Means Decl. Exs. 77 (TR-0002827); 76 (TR-0002812); 37 (R-LEGALEASE-00101636).  This restriction is similar to the provision at issue in *Altera*, in which the plaintiff alleged that the defendant induced customers to use Altera's copyrighted software for a prohibited purpose: to create an unauthorized bitstream.  424 F.3d at 1089–1090

---

[4]   *MediaNet* ultimately differs from this case because, there, the court found that the tortious interference claim, unlike *Altera*, was "not based on breach of contract or licensing agreement," but that the core of the claim was based on copying of HTML code and the right at issue was not a contract right. 156 F. Supp. 3d at 1072.  Here, by contrast, the claim *is* based on breach of contract and seeks to vindicate contractual rights.  Therefore, ROSS's reliance on *Media.Net* is ultimately misplaced.

[5]   ROSS's account of the contents of the Complaint omits certain key allegations therein and focuses primarily on facts that relate to Plaintiffs' copyright claims.  But the pleadings also contain details about LegalEase's other misuses of the Westlaw Platform and its violation of its agreement with Plaintiffs.  Compl. ¶¶ 32–36.  Therefore, ROSS's characterization in its statement of facts that the Complaint states a cause of action for intentional interference based on the reproduction, distribution, and use of allegedly copyright materials, Def.'s Br. 6, is incorrect.  Plaintiffs also disagree with ROSS's characterization of their discovery responses.  Def.'s Br. 6–7.  The plain language of those responses do not show that Plaintiffs' tortious interference with contract claim is based on the reproduction, distribution, and use of copyrighted material.  Pls.' Resps. & Objs. to Def.'s Second Set of Interrogs., at Interrog. No. 13.

(distinguishing between use and reproduction).  It is also similar to the provision in *Wellness*,

which involved an agreement not to compete in selling the plaintiff's book.  2008 WL 108889, at

*18.  In both cases, the courts found that the provisions were not equivalent to copyrights.

*Media.Net* even recognized that "breach of a licensing agreement where the copyright holder

limited the party's use [of] a copyrighted work to specific circumstances," involved

"qualitatively different" rights from a copyright infringement claim.  156 F. Supp. 3d at 1072.

That is precisely the case here.



LegalEase also violated the TOS provision that states: Means Decl.

Exs. 77 (TR-0002827); 76 (TR-0002812); 37 (R-LEGALEASE-00101636). Again, this is an

example of a limitation on a party's use of a copyrighted work to specific circumstances, which

courts have found is not preempted, including in the context of anti-bot provisions.  *See*

*Media.net*, 156 F. Supp. 3d at 1072 (discussing anti-bot provisions).

: LegalEase also violated the TOS provision that states: Means Decl. Exs. 77

(TR-0002827); 76 (TR-0002812); 37 (R-LEGALEASE-00101636).  As noted above, this

provision does not even implicate copyrightable subject matter, let alone address rights

equivalent to reproduction, distribution, performance, or display.  This provision involves

which is not a right conferred by the Copyright Act.  Indeed, the Seventh Circuit

gave sharing of access to a legal platform (LEXIS) as a quintessential example of a type of right

that should be enforceable and is not preempted by the Copyright Act. *See ProCD, Inc.*, 86 F. 3d at 1454 ("Terms and conditions offered by contract reflect private ordering, essential to the efficient functioning of markets… § 301(a)…does not prevent states from respecting [private] transactions").

On their face, these provisions clearly do not relate to mere copyright infringement. And a plain read also shows that, even if LegalEase had not copied, reproduced, distributed, or displayed proprietary content from the Westlaw platform at all, that is, even if it only accessed judicial opinions without editorial enhancements, LegalEase still would have violated the TOS by ███████████████████████████████████████████████████ ████████████████████ Thus, as in *Sturdza v. United Arab Emirates*, on which ROSS relies, Plaintiffs' tortious interference claim does not "rise or fall" with the allegation of copyright infringement, and the claim is therefore not preempted. 281 F.3d 1287, 1305 (D.D.C. 2002) (finding tortious interference claim was not preempted where plaintiff asserted defendant caused cancellation of plaintiff's contract to build an embassy and separately alleged that defendant infringed copyrights in the architectural plans for the embassy).

### C.     ROSS's Arguments that There is No "Extra Element" Here are Wrong

ROSS's arguments in favor of finding preemption here are unavailing. ***First***, ROSS vaguely asserts that Plaintiffs' tortious interference claim is "premised on the act of reproduction, distribution, and use of allegedly copyrighted materials," and that there is no extra element because the conduct alleged to constitute tortious interference is, on its own, a violation of the Copyright Act. Def.'s Br. 11. But that is not true. This is ***not*** a situation in which all ROSS did that resulted in the breach of contract was copy, reproduce, distribute, or display the Westlaw Content. Instead, Plaintiffs seek to redress the misuse of their platform in violation of the TOS's specific provisions, which go beyond mere copying as discussed above. *See supra* 4, 9–11. As a

result, the cases on which ROSS most heavily relies are inapposite. For example in *Tegg Corp. v. Beckstrom Elec. Co.*, the contractual provision was a confidentiality provision that the plaintiff alleged was breached by the mere distribution of the plaintiff's copyrighted material. 650 F. Supp. 2d 413, 431 (W.D. Pa. 2008). Because all the plaintiff in *Tegg* would need to do to prove the tortious interference claim was show the distribution of its copyrighted works, and the right to distribute that material was covered by the Copyright Act, the court found the tortious interference claim was preempted. *Id.* By contrast, the contractual provisions at issue here do not involve copying or distribution of material, and indeed would have been violated even had LegalEase copied ***nothing*** from the Westlaw platform because they center on various other misuses of the Westlaw platform in violation of the TOS. *See supra* 4, 9–11.

The other cases on which ROSS relies are similarly distinguishable, because none involve specific contractual provisions and conduct ██████████████████████ ██████████████████████████████ apart from mere copying, distribution, performance, or display of a copyrighted work. *See*, *e.g.*, *Long v. Quality Computs. & Applications, Inc.*, 860 F. Supp. 191, 196–97 (M.D. Pa. 1994) (defendant's sale of infringing software hurt plaintiff's prospective contracts; no specific contractual rights were breached, and the sole conduct complained of was the infringement itself); *see also Wright v. Penguin Random House*, 783 F. App'x 578, 582–83 (6th Cir. 2019) (tortious interference claim depended on allegations that defendant published plaintiff's original memoir without permission); *Stromback v. New Line Cinema*, 384 F.3d 283 (6th Cir. 2004) (claim preempted where interference resulted from alleged copying of poem, and claim was for interference with prospective economic advantage, and did not involve contractual provisions); *MCS Servs., Inc. v. Johnsen*, No. 1 Civ. 4430, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002) (finding that tortious interference claim "alleging that defendants distributed copies of RIOS without plaintiff's authorization in violation

12

of the Copyright Act" was preempted by the Copyright Act).[6]

**Second**, ROSS bizarrely argues that "preemption cannot be avoided by arguing that the extra element is that ROSS is a competitor" because that is not an element of tortious interference.  Def.'s Br. 12.  This misses the point.  It is not Plaintiffs' position that being a competitor is an element of a tortious interference claim.  To the extent ROSS's being a competitor is relevant, it shows ███████████████████████████████████████ ███████████████████████████████████████  *See supra* 4, 10–11. What matters, even according to the very cases on which ROSS relies, is that Plaintiffs are attempting to vindicate a contractual right that is not equivalent to copyright.  *See supra* 7–8.

**Third**, ROSS asserts that the lost licensing fee damages that Plaintiffs seek for their tortious interference with contract claim are the same as those sought for their copyright claim. That also is not true.  Unlike their copyright claim, for tortious interference ████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████  Means Decl. Ex. 24 (Malackowski Op. Rpt.).  *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, on which

---

6   ROSS also relies on cases involving wholly different types of claims.  For example, *Computer Assocs. Inc. v. Altai, Inc.* involved a trade secret claim, which the court held was *not* preempted.  982 F.2d 693, 716-17 (2d Cir. 1992).  It merely noted in dicta that a tortious interference claim "grounded in impairment of a plaintiff's right under the Copyright Act to publish derivative works" was preempted in a different case.  Similarly, *In re Jackson* is inapplicable because it involved a right of publicity claim that did not implicate any interference with or breach of contractual rights.  972 F.3d 25, 44 (2d Cir. 2020); *see also Peirson v. Clemens, Inc., Southridge Inc.*, C.A. No. 03-1145, 2005 WL 681309, at *2 (D. Del. Mar. 23, 2005) (unjust enrichment and conversion claims).  Likewise, ROSS relies on *Lipscher v. LRP Publ'ns, Inc.*, which found that an unfair competition claim was preempted but breach of contract claim was *not*.  266 F.3d 1305, 1311 (11th Cir. 2001).

ROSS relies, is distinguishable because in that case, the plaintiff was using a state law claim to attempt to get punitive damages for copyright infringement where no such damages are available.  329 F.3d 923, 934 (7th Cir. 2003).  Here, by contrast, ███████████████

███████████████████████████████████████

█████████████████████████████████████████████

████████████

## **CONCLUSION**

Plaintiffs should not be hampered in their ability to regulate misconduct on the Westlaw platform simply because that platform includes copyrighted content, and this is not how courts approach copyright preemption.  For the foregoing reasons, Plaintiffs respectfully request that ROSS's motion for summary judgment on tortious interference with contract be denied in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

OF COUNSEL:

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Plaintiffs and Counterdefendants*
*Thomson Reuters Enterprise Center GmbH*
*and West Publishing Corporation*

January 30, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 30, 2023, upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                  *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                              *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)