IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>)<br>)<br>) |
| Plaintiffs and Counterdefendants, | )  C.A. No. 20-613 (SB)<br>)<br>)   REDACTED - PUBLIC VERSION |
| v. | )<br>) |
| ROSS INTELLIGENCE INC., | )<br>) |
| Defendant and Counterclaimant. | )<br>) |

**PLAINTIFFS' OPPOSITION TO ROSS INTELLIGENCE INC.'S MOTION TO EXCLUDE TWO OPINIONS OF <u>JAMES E. MALACKOWSKI</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 |
| OF COUNSEL: | (302) 658-9200<br>jblumenfeld@morrisnichols.com |
| Dale M. Cendali<br>Joshua L. Simmons | mflynn@morrisnichols.com |
| Eric A. Loverro<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>(212) 446-4800 | *Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation* |
| Miranda D. Means<br>KIRKLAND & ELLIS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>(617) 385-7500 |  |

Original filing date: January 30, 2023
Redacted filing date: February 6, 2023

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    A.    Plaintiffs' Copyright Registrations ........................................................................ 2

    B.    The Market for Plaintiffs' Westlaw Content ......................................................... 4

ARGUMENT ................................................................................................................................ 4

    A.    Mr. Malackowski's Opinion Regarding Statutory Damages Is Relevant and Admissible .................................................................................................... 5

        1.    █████████████████████████████ ............................................................. 5

        2.    ROSS's Cited Cases Show Mr. Malackowski's Opinion Is Proper And Admissible ........................................................................................ 7

    B.    Mr. Malackowski's Opinion Regarding the Market for Plaintiffs' Westlaw Content Is Supported by the Record .................................................................... 9

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*Am. Geophysical Union v. Texaco Inc.*,
  60 F.3d 913 (2d Cir. 1994) ..................................................................................................10

*Bartok v. Boosey & Hawkes, Inc.*,
  523 F.2d 941 (2d Cir. 1975) ...................................................................................................5

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*,
  259 F.3d 1186 (9th Cir. 2001) ............................................................................................6, 7

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ...............................................................................................................4

*Evolved Wireless, LLC v. Apple Inc.*,
  C.A. No. 15-542, 2019 WL 1178517 (D. Del. Mar. 13, 2019) .............................................11

*Gamma Audio & Video, Inc. v. Ean–Chea*,
  11 F.3d 1106 (1st Cir. 1993) ...................................................................................................6

*i4i Ltd. P'Ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010) .................................................................................................5

*INVISTA N.Am. S.A.R.L. v. M & G USA Corp.*,
  C.A. No. 11-1007, 2013 WL 3216109 (D. Del. June 25, 2013) ..........................................4, 8

*Macro Niche Software, Inc. v. 4 Imaging Solutions, L.L.C.*,
  No. 12 Civ. 2293, 2013 WL 12140417 (S.D. Tex. Dec. 18, 2013) .........................................9

*MCA Television Ltd. v. Feltner*,
  89 F.3d 766 (11th Cir. 1996) ..................................................................................................6

*McCullock v. H.B. Fuller Co.*,
  61 F.3d 1038 (2d Cir. 2002) ...................................................................................................4

*Microchip Tech. Inc. v. Aptiv Servs. US LLC*,
  C.A. No. 17-1194, 2020 WL 10503006 (D. Del. Aug. 24, 2020) .......................................5, 8

*Monge v. Maya Magazines, Inc.*,
  688 F.3d 1164 (9th Cir. 2012) ............................................................................................6, 7

*Robert Stigwood Group, Ltd. v. O'Reilly*,
  530 F.2d 1096 (2d Cir. 1976) .................................................................................................6

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    449 F. Supp. 3d 333 (S.D.N.Y. 2020) ................................................................. 11, 12

*Tarkus Imaging, Inc. v. Adobe Sys., Inc.*,
    C.A. No. 10-63, 2012 WL 12904235 (D. Del. June 14, 2012) ................................. 11

*Twin Peaks Prods., Inc. v. Publ'ns. Int'l Ltd.*,
    996 F.2d 1366 (2d Cir. 1993) ................................................................................. 6, 7

*Walt Disney Co. v. Powell*,
    897 F.2d 565 (D.C. Cir. 1990) ..................................................................................... 6

*Warner Recs. Inc. v. Charter Commc'ns, Inc.*,
    No. 19 Civ. 874, 2022 WL 2702928 (D. Colo. July 12, 2022) ................................ 8, 9

**Statutes**

17 U.S.C. § 504 ............................................................................................................ 1, 3

17 U.S.C. § 504(c)(1) .................................................................................................... 3, 5

17 U.S.C. § 504(c)(2) ......................................................................................................... 3

**Rules**

Fed. R. Evid. § 702 ......................................................................................................... 4, 9

Plaintiffs respectfully submit this opposition to ROSS's Motion to Exclude Two Opinions of James E. Malackowski (D.I. 274) ("Def.'s Br." or "ROSS's Motion").

## SUMMARY OF ARGUMENT

Mr. Malackowski offers two opinions, among others, in his expert reports. First, ▆



Mr. Malackowski calculates the range of statutory damages to which Plaintiffs may be entitled under 17 U.S.C. § 504. Second, ▆

ROSS argues that Mr. Malackowski's opinions are inadmissible for three reasons—none of which have merit. ***First***, ROSS argues that Mr. Malackowski's calculation is inadmissible because Plaintiffs are entitled to, at most, one award of statutory damages because Westlaw is a "compilation." ROSS again is mistaken. Courts routinely find that materials selected, coordinated, and arranged in a compilation should be treated as separate works for the purposes of calculating statutory damages. In making that decision, courts consider either (a) the manner in which the materials are commercially distributed, or (b) whether they have "independent economic value" apart from the compilation. Under either approach, each editorial-enhanced judicial opinion, which is sold and used separately, qualifies as a separate work for the purposes of statutory damages.

---

[1] "Westlaw Content" includes West Publishing Corporation ("West") editorial enhancements, including West Key Numbers, West Headnotes, synopses, and other proprietary content on Westlaw, as defined in Plaintiffs' Partial Motion for Summary Judgment on Copyright Infringement D.I. 250 ("Pl.'s Mot. Summ. J. No. 1").

*Second*, ROSS argues that an expert cannot offer an opinion regarding statutory damages in a copyright infringement case and, thus, Mr. Malackowski's calculation—which ROSS claims is merely "simple multiplication"—is inadmissible. ROSS is incorrect as a matter of law. Numerous courts have permitted experts to opine on the issue of statutory damages and to provide calculations thereof, including in the very cases on which ROSS relies.

*Third*, ROSS argues that Mr. Malackowski's opinions concerning the market for Westlaw Content are inadmissible because they are not based on facts or data. That could not be further from the truth. In support of his opinion, Mr. Malackowski extensively cites to the factual record, including numerous documents and testimony from both parties that indicate high demand for AI training data and the use of Westlaw Content as AI training data. Indeed, ROSS admits that ROSS itself was a willing buyer in that market, which independently shows its existence. Additionally, Mr. Malackowski cites a number of scholarly and industry publications and articles, as well as the opinions of Dr. Krein, which discuss the existing, robust market for AI training data that is similar to Plaintiffs' Westlaw Content. Accordingly, ROSS's Motion should be denied in its entirety.

## BACKGROUND

**A.     Plaintiffs' Copyright Registrations**

As explained by Laurie Oliver, ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. D.I. 256 (Oliver Decl.) ¶¶ 4–12. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ D.I. 255 (Means Decl.) Ex. 82 (TR-0033982) (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Each

██████████████████████████████████████████████████

████████████████████████████████████████ *Id.*

Pursuant to 17 U.S.C. § 504, Plaintiffs may elect to recover statutory damages for ROSS's infringement of Plaintiffs' copyrighted materials. In particular, 17 U.S.C. § 504(c)(1) provides that Plaintiffs may recover between $750 to $30,000 per work that ROSS infringed. Further, if the Court finds that ROSS's infringement was willful, it may increase the award of statutory damages to a sum of not more than $150,000 per work. *See* 17 U.S.C. § 504(c)(2).

Following this framework, Mr. Malackowski offers a calculation of the range of statutory damages to which Plaintiffs may be entitled. *See* D.I. 266 (Loverro Decl.), Ex. AX (Malackowski Op. Rpt.) 41–42, 59–60. His calculation is premised on certain information that was provided to him, ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████. *Id.* at 59–60.

Mr. Malackowski's opinion is not ████████████████████████████. Rather, in performing this analysis Mr. Malackowski expressly notes that ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at 59. ████████

████████, Mr. Malackowski opines that ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Id.* at 60. Further, Mr. Malackowski opines that, ████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ *Id.* At no point does Mr. Malackowski

3

offer an opinion regarding whether ROSS's conduct was willful. Nor does Mr. Malackowski offer an opinion that Plaintiff should be awarded a specific amount of statutory damages.

      **B.**      **The Market for Plaintiffs' Westlaw Content**

Mr. Malackowski also opines about the market for Plaintiffs' Westlaw Content. Loverro Decl. Exs. AX (Malackowski Op. Rpt.) 45–49; AY (Malackowski Rbt. Rpt.) 23–26. In his opening expert report, Mr. Malackowski explains that,  *Id.* Ex. AX at 45. Mr. Malackowski also notes that ▮▮▮▮▮▮▮▮▮▮ *Id.*

## ARGUMENT

Courts allow expert testimony under Rule 702 when (1) the expert is qualified, (2) the data and methodology on which the expert relied is reliable, and (3) the testimony would be helpful to the trier of fact. *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 597 (1993). Here, as detailed below, all three elements are met with respect to the testimony that ROSS seeks to exclude. Moreover, it is well-settled that courts have "broad discretion" to determine the admissibility of expert testimony, and "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of attacking supposed methodological faults. *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043–44 (2d Cir. 2002); *see also INVISTA N.Am. S.A.R.L. v. M & G USA Corp.*, C.A. No.

11-1007, 2013 WL 3216109, at *4 (D. Del. June 25, 2013) (noting that to the extent a party "disputes the assumptions underlying [an expert's] testimony [ ], such disagreements are more properly reserved for cross-examination"); *Microchip Tech. Inc. v. Aptiv Servs. US LLC*, C.A. No. 17 -1194, 2020 WL 10503006, at *1 (D. Del. Aug. 24, 2020) (stating that it is "not the district court's role ... to evaluate the correctness of facts underlying an expert's testimony") (quoting *i4i Ltd. P'Ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010)).

### A. Mr. Malackowski's Opinion Regarding Statutory Damages Is Relevant and Admissible

ROSS's arguments concerning Mr. Malackowski's calculations of statutory damages are incorrect as a matter of copyright law and mischaracterize the opinions that Mr. Malackowski actually offered. We address each issue in turn.

1. ████████████████████████████████████

ROSS first argues that Mr. Malackowski's calculations are inadmissible because ███ ████████████████████████████████████████████ According to ROSS, because Westlaw is a compilation, Plaintiffs are, at most, entitled to a single award of statutory damages. Def.'s Br. 2–6. ROSS is incorrect as a matter of law and fact.

In interpreting what constitutes a "compilation" subject to 17 U.S.C. § 504(c)(1)'s one-award restriction, the circuits apply two different approaches.[2] The Second Circuit approaches the question by examining the manner by which the copyright holder has commercially

---

[2] ROSS cites to The Compendium of U.S. Copyright Office Practices, Def.'s Br. 2–6, but an internal manual produced by the Copyright Office for its employees is not binding on this Court. *See Bartok v. Boosey & Hawkes, Inc.*, 523 F.2d 941, 946-47 (2d Cir. 1975) ("[T]he Copyright Office has no authority to give opinions or define legal terms, and its interpretation on an issue never before decided should not be given controlling weight."); *see also Compendium* at p. 2 ("The Compendium does not override any existing statute or regulation. The policies and practices set forth in the Compendium do not in themselves have the force and effect of law and are not binding upon the Register of Copyrights or Copyright Office staff.").

5

distributed each copyrighted work. *See Twin Peaks Prods., Inc. v. Publ'ns. Int'l Ltd.*, 996 F.2d 1366, 1381 (2d Cir. 1993). Thus, for example, although a television series was registered as a compilation and had a "plot line from one episode to the next," the Second Circuit held that each episode was entitled to a separate award of statutory damages because the plaintiff released the works separately as independent television episodes. *Id.*

Similarly, the First, Ninth, Eleventh, and D.C. Circuits apply the "functional test" to determine whether each work has "independent economic value" apart from the compilation and thus can "live their own copyright life." *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc*., 259 F.3d 1186, 1193 (9th Cir. 2001) (citing *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) and quoting *Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1105 (2d Cir. 1976)); *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996) (holding that each episode of a television show can be the subject of a separate statutory damage award because each episode has independent economic value). In other words, they ask whether the materials in the compilation can stand on their own. *See Gamma Audio & Video, Inc. v. Ean–Chea*, 11 F.3d 1106, 1116–17 (1st Cir. 1993) (holding that a work that is part of a multi-part product can constitute a separate work for the purposes of statutory damages if it has "independent economic value and . . . is viable"). For example, in *Gamma Audio*, the First Circuit held that each episode of a television show, although released on videotape as part of a complete series, could be the subject of a separate statutory damage award because each episode could be rented and viewed separately. *Id*. at 1117–18. Likewise, in *Monge v. Maya Magazines, Inc.*, the Ninth Circuit found that each individual wedding photo was a separate work because each photo "can live [its] own copyright life" and "has an independent economic value and is, in itself, viable." 688 F.3d 1164, 1180 (9th Cir. 2012); *see also Columbia Pictures*, 259 F.3d at

6

1193 (multiple awards available when each photograph has "an independent economic value" and is "in itself, viable.").

Here, it even clearer that █████████████████████████████████████ ████████████████████████████████████████████████ Unlike related episodes of a television series, ████████████████████████████████████████ ████████████████████████████████████ *See supra* 2–3.  And, as this Court can appreciate, ████████████████████████████████████████████████ ████████████████████████████████████████████████ *See Twin Peaks*, 996 F.2d at 1381. ████████████████████████████████████████████ ████████████████████████████████████. *See* Means Decl. Ex. 103 (TR-0836004) ████████████████████████████████████████████████ ██████████ ████████████████████████████ *Id.*; *see also* Loverro Decl. Ex. AX (Malackowski Op. Rpt.) (█████████████████████████████████████ ████████████████████████████████████████████ Declaration of Miranda D. Means, filed concurrently ("Means 2d Decl.") Ex. 115 (TR-0894151) (████████████████████████████).  Likewise, contrary to ROSS's suggestion, Def.'s Br. 5–6, ████████████████████████████████████████████ ██████ Rather, ████████████████████████████████████████████ ██████ *See, e.g.*, Means Decl. Ex. 103 (TR-0836004) (████████████████████ ████████████████████████████████████). Accordingly, under either approach, ██████████████████████████████████████████████

7

      2.      <u>ROSS's Cited Cases Show Mr. Malackowski's Opinion Is Proper And Admissible</u>

ROSS also argues that Mr. Malackowski's statutory damages opinion is inadmissible because " ██████████████████████████████████████████████ ████████ Def.'s Br. 7. ROSS is incorrect as a matter of law.

As an initial matter, Mr. Malackowski is not offering a legal opinion about the law, ROSS's scienter, or the amount of statutory damages the jury should award. *See supra* 2–4. Rather, Mr. Malackowski provided calculations for a range of statutory damages to which Plaintiffs may be entitled, based on information that he reasonably relies on, to help the jury when it is making its determination. *See Warner Recs. Inc. v. Charter Commc'ns, Inc.*, No. 19-874, 2022 WL 2702928, at *2 (D. Colo. July 12, 2022) (denying motion to exclude damages expert's calculation of statutory damages based on reasonable assumption regarding the number of infringed works). To the extent ROSS disputes Mr. Malackowski's assumptions, "such disagreements are more properly reserved for cross-examination." *See INVISTA*, 2013 WL 3216109, at *4; *Microchip Tech.*, 2020 WL 10503006, at *1 (stating that it is "not the district court's role . . . to evaluate the correctness of facts underlying an expert's testimony").

   Moreover, the cases that ROSS cites directly contradict its argument that Mr. Malackowski's opinion is improper. For example, ROSS cites *Warner*, where the court held that the expert "may not express opinions about what the law is [concerning the measure of statutory damages], notwithstanding that he also has a law degree." 2022 WL 2702928, at *2. Yet, contrary to what ROSS asserts, the court ***did not*** hold the expert could not provide a calculation for statutory damages. Rather, when ***denying*** the plaintiffs' motion to exclude the expert's testimony on statutory damages, the court expressly held:

> However, I cannot expect an expert to provide a damages calculation if he is not provided with information concerning the measure of damages. **It is reasonable**

> **for Mr. Strong to have based the opinions in his report on assumptions about the measure of damages that were provided to him.** Those assumptions are fair game for cross-examination. Notably, plaintiffs have not, at least in this motion, clarified what they believe the measure of damages should be other than by citing the *Patry* treatise which lists factors that can be considered, and by asserting that "the range of statutory damages is set by statute."

*Warner Recs.,* 2022 WL 2702928, at *2 (emphasis added). Further, the court held that it was reasonable for the expert to be provided a number of infringed works at issue and then "provid[e] the numbers that correspond to that assumption." *Id.* (noting that "so long as [the expert] confines his opinions to the financial implications of the numbers . . . there is no Rule 702 basis to exclude them"). As described above, this is precisely what Mr. Malackowski does here. *See supra* 2–4. This is not improper expert testimony. Nor does the decision in *Warner* warrant exclusion of Mr. Malackowski's opinion.

Likewise, although ROSS's Motion heavily relies on the court's decision in *Macro Niche Software, Inc. v. 4 Imaging Solutions, L.L.C.*, Def.'s Br. 7–8, that court excluded the expert's testimony because the expert was improperly offering an opinion that the defendants' infringement had been "willful." No. 12 Civ. 2293, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013). The court found the expert's testimony was improper because the expert had no personal knowledge of the defendants' infringement, "particularly whether [d]efendants acted willfully," and, whether or not the defendants' infringement had been willful, it was up to the jury to determine at which end of the proscribed range ($750–$150,000) a proper award of statutory damages should fall. *Id.* As noted above, Mr. Malackowski's calculation is free from both of these issues, and he is not opining on ROSS's willfulness. *See supra* 2–4. ROSS's Motion should be denied.

### B.  Mr. Malackowski's Opinion Regarding the Market for Plaintiffs' Westlaw Content Is Supported by the Record

ROSS finally argues that Mr. Malackowski's opinions concerning the market for Plaintiffs' Westlaw Content are inadmissible because they are ███████████████████ ██████ that ROSS claims necessarily means they ███████████████████ Def.'s Br. 8.  ROSS is incorrect.

It is well-settled that, in assessing the fourth fair use factor, courts look at the impact on "traditional, reasonable, or likely to be developed markets." *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994).  Consistent with that legal foundation, Mr. Malackowski considered a number of factors and opined that there is a potential market for Plaintiffs' Westlaw Content as AI training data and that ROSS's copying impacts Plaintiffs' revenues in that market. Loverro Decl. Ex. AY (Malackowski Rbt. Rpt.) 23–26.  As Mr. Malackowski explains, the existence of a potential market for Plaintiffs' Westlaw Content is supported by several sources he considered, including (1) ████████████████████████████████████████ ███████████████████████; (2) ████████████████████████████████████████ ████████████████████████████████████████████ ████; (3) ████████████████████████████████████████ ████████████████████████████████████████████; and (4) ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████.  Loverro Decl. Ex. AY (Malackowski Rbt. Rpt.) 23–26; *see also* D.I. 254 (Pls.' Mem. Supp. Summ. J. No. 3) at 3, 8, 16–17.  Additionally, Mr. Malackowski cites a number of publications and articles that discuss the existing, robust market for AI training data

10

that is similar to Plaintiffs' Westlaw Content.  Loverro Decl. Ex. AY (Malackowski Rbt. Rpt.) 23–26.

Accordingly, ROSS is simply incorrect in arguing that Mr. Malackowski's opinions concerning the potential market for Westlaw Content ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Def.'s Br. 8. In any event, ROSS's arguments that Mr. Malackowski's testimony should be excluded based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ all go to the weight to be accorded to Mr. Malackowski's damages analysis, which is an issue for cross-examination, not a motion to exclude.  *See Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, C.A. No. 10-63, 2012 WL 12904235, at *2 (D. Del. June 14, 2012) (denying motion to exclude plaintiff's damages expert, noting that defendant can challenge damages opinion "through cross-examination and presentation of contrary expert testimony"); *see also Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542, 2019 WL 1178517, at *3 (D. Del. Mar. 13, 2019) ("Any alleged flaws in the expert's damages theory concern the weight to be afforded the testimony, not its admissibility. Effective cross-examination and the presentation of contrary evidence should be adequate to prevent the jury from being misled.").

ROSS also argues that Mr. Malackowski's opinions concerning the potential market for Westlaw Content are inadmissible because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  That makes no sense, particularly in view of the very different facts there.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11



Here, ▮▮▮▮▮▮▮▮▮▮, there is evidence of demand for the Westlaw Content as training data, an existing and robust market for both AI training data and Westlaw Content generally, and no barriers preventing Plaintiffs from licensing Westlaw Content as training data if they choose to do so. *See* Loverro Decl. Ex. AY (Malackowski Rbt. Rpt.) 23–26; *see also* Pls.' Mem. Supp. Summ. J. No. 3 at 3, 8, 16–17. Accordingly, ▮▮▮▮▮ is inapposite and ROSS's reliance on the arguments made therein is misplaced.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that ROSS's Motion to Exclude Two Opinions of James E. Malackowski be denied in its entirety.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Michael J. Flynn* |
| Dale M. Cendali<br>Joshua L. Simmons<br>Eric A. Loverro<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>(212) 446-4800 | Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com |
| Miranda D. Means<br>KIRKLAND & ELLIS LLP<br>200 Clarendon Street<br>Boston, MA 02116<br>(617) 385-7500 | *Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation* |
| January 30, 2023 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)