# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendants/Counterclaimant. | C.A. No. 20-613-SB <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

## DEFENDANT/COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, OR EVIDENCE REGARDING THE OPINIONS OF L. KARL BRANTING, J.D., PH.D.

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: January 30, 2023
10570539 / 20516.00001

Public Version Dated: February 6, 2023

## **TABLE OF CONTENTS**

                                                                                                         **Page**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT .................................................................................................................... 4

I.      DR. BRANTING DID NOT DISAVOW HIS OPINIONS ................................... 5

II.     PLAINTIFFS TRY TO IMPROPERLY STRIKE THE FACTUAL BASIS OF DR. BRANTING'S OPINIONS ...................................................................................... 11

III.    DR. BRANTING'S OPINION REGARDING THE DIFFERENCES IN AI AND TRAINING PROCEDURES IS RELIABLE ................................................... 13

CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bresler v. Wilmington Tr. Co.*,
 855 F.3d 178 (4th Cir. 2017) .................................................................................................11

*In re: Chocolate Confectionary Antitrust Litig.*,
 2013 WL 11305184 (M.D. Pa. May 10, 2013) .......................................................................13

*ConsulNet Computing, Inc. v. Moore*,
 631 F. Supp. 2d 614 (E.D. Pa. 2008) ......................................................................................12

*Daubert v. Merrell Dow Pharms. Inc.*,
 509 U.S. 579 (1993) ........................................................................................................ *passim*

*Dial Corp. v. News Corp.*,
 165 F. Supp. 3d 25 (S.D.N.Y. 2016) .......................................................................................14

*EMC Corp. v. Pure Storage, Inc.*,
 154 F. Supp. 3d 81 (D. Del. 2016) ..........................................................................................14

*First Union Nat. Bank v. Benham*,
 423 F.3d 855 (8th Cir. 2005) ..................................................................................................11

*United States v. Mitchell*,
 365 F.3d 215 (3d Cir. 2004) ...............................................................................................5, 11

**RULES**

Fed. R. Evid. 702 ............................................................................................................................5

## INTRODUCTION

Dr. Branting did not "disavow" any of his opinions. There were questions asked that called for legal conclusions, such as whether the materials received by ROSS Intelligence Inc. ("ROSS") contained Westlaw Content, which Plaintiffs define as copyrighted materials. There were questions asked that do not bear on Dr. Branting's opinions. And like any deposition, there were multiple questions asked on topics that elicited answers such that one question and one answer does not represent the whole.

As for Plaintiffs' claim that Dr. Branting's opinions are either not based on documents and testimony or are based on documents and testimony that contradict his opinion, the first is untrue. The second is not a basis for a *Daubert* motion. Dr. Branting cites the sources on which he relies, both in the body of his reports and in an exhibit to his reports. That Plaintiffs believe the materials relied on contradict his opinion might make for a good cross-examination. But that is all.

Last, Plaintiffs claim that Dr. Branting cannot testify as to the differences in the parties AI and training data. Dr. Branting's opinions as to Plaintiffs are based on the materials that Plaintiffs produced and the testimony of their persons most knowledgeable. Plaintiffs do not claim that these sources are somehow suspect. They do not argue that Dr. Branting was wrong to rely on them. Therefore, ROSS requests that the Court deny Plaintiffs' motion in its entirety.

## STATEMENT OF FACTS

Dr. Branting prepared three reports. Dr. Branting's Opening Report (D.I. 266-1, Ex. AH); Dr. Branting's Rebuttal Report to Plaintiffs' Expert Dr. Jonathan Krein (D.I. 266-1, Ex. AI); and Dr. Branting's Reply Report to Plaintiffs' Expert Dr. Jonathan Krein (D.I. 266-1, Ex. AJ).

Dr. Branting is the Chief Scientist for Machine Learning for Computational Law at The MITRE Corporation, headquartered in McLean, Virginia. (D.I. 266-1, Ex. AH at 1). He received

a Ph.D. in computer science from the University of Texas at Austin in 1991, a J.D. from Georgetown University Law Center in 1980, and a B.A., *magna cum laude* in philosophy, from the University of Colorado in 1975. (D.I. 266-1, Ex. AH at 1). He was a professor of computer science at the University of Wyoming from December 1990 to July 2001 and a visiting lecturer at North Carolina State University from August 2003 to July 2004. (D.I. 266-1, Ex. AH at 1). Dr. Branting's expertise includes Artificial Intelligence and Natural Language Processing. (D.I. 266-1, Ex. AH at 1). He was retained by ROSS to give an expert opinion on the legal research platform developed by ROSS. (*Id.*)

His Opening Report . (D.I. 266-1, Ex. AH at 1-7). He considered extensive document production in forming this opinion. (D.I. 279-10, Ex. 6.)

His Rebuttal Report to Dr. Krein rebutted Dr. Krein's ▮▮▮▮▮▮▮▮▮▮ (D.I. 266-1, Ex. AI). Dr. Branting reviewed the depositions of Isabelle Moulinier, Teri Whitehead, Khalid Al-Kofahi, and Jimoh Ovbiagele. (D.I. 266-1, Ex. AI ¶ 3; D.I. 279-10, Ex. 6.). Isabelle Moulinier is a current West employee. She was designated as the person most knowledgeable on the relationship between the headnotes, key numbers, and the Westlaw search engines. (Declaration of Crinesha B. Berry ("Berry Decl.") Ex. 15 at 7:6-9:15, Ex. 15 at 6.) Khalid Al-Kofahi is a former West employee. His title at West was Director of Research. (Berry Decl. Ex. 16 at 56:24-25.)

2

██████████████████████████████████████████████

██████████████████████████ (D.I. 266-1 Ex. AS ¶¶ 22, 46-58). ███████████

██████████████████████████████████████████████

████████████ (D.I. 266-1, Ex. AI ¶ 9). ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████ (D.I. 266-1, Ex. AI ¶ 5).

Dr. Branting also notes the difference between the bulk memo project and the case classifier project. (See D.I. 272 6-8 (explaining the classifier project). He explains that Dr. Krein mischaracterizes these projects:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

(D.I. 266-1, Ex. AI ¶ 26).

Dr. Krein also opines in his report that ████████████████████████ ████████████████████ (D.I. 266-1, Ex. AR ¶ 114). However, Dr. Branting responds that

As evidenced by the Appendix C of the Krein Report, ████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

3

(D.I. 266-1, Ex. AI ¶ 28).

These opinions by Dr. Branting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Berry Decl., Ex. 13 at 129:8-136:15), how ROSS acquired the bulk memos (*id.* at 101:16-103:24), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 186:20-199:16), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 142:13-149:14), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 149:20-178:4), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 155:7-157:4; 269:13-272:8), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 106:8-109:21; 273:2-279:1), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 202:5-228:5).



Dr. Branting also prepared a Reply Report to Dr. Krein, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 266-1, Ex. AJ). Dr. Branting explained that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 8).

## ARGUMENT

Plaintiffs arguments fall into three broad categories. First, they claim that Dr. Branting disavowed certain opinions. (D.I. 259 at 5-10). Second, Plaintiffs claim that Dr. Branting's opinions are based on a misreading or misconstruction of documents. (D.I. 259 at 10-14). Third, Plaintiffs claim that Dr. Branting's testimony regarding the operation of Plaintiffs' legal search engine lacks foundation. (D.I. 259 at 14-16).

None of these are a basis for a *Daubert* motion. Plaintiffs can cross-examine Dr. Branting on whether he disavowed his opinions. Plaintiffs can challenge the facts on which he relies for his opinion. "Vigorous cross-examination, presentation of contrary evidence, and

4

careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 596 (1993). "Rule 702 and *Daubert* put their faith in an adversary system designed to expose flawed expertise." *United States v. Mitchell*, 365 F.3d 215, 244-45 (3d Cir. 2004) (citations omitted). As for the operation of Plaintiffs legal search engine, Dr. Branting relied on the documents that Plaintiffs produced and the testimony that bore on this topic. Plaintiffs do not claim those sources are unreliable. ROSS sought access to Plaintiffs' source code. But Plaintiffs successfully resisted that in ROSS's motion to compel. (D.I. 201). As such, Plaintiffs should not be heard to complain.

## I. DR. BRANTING DID NOT DISAVOW HIS OPINIONS

Plaintiffs attempt to throw out swaths of Dr. Branting's opinion because they allege he "disavowed" his opinions during his deposition. (D.I. 259 at 5-10). He did not.

For example, Plaintiffs claim that Dr. Branting "expressly disavowed all of his opinions regarding the creation of the  13-149:14; 149:20-178:6). What he "disavowed" was answering questions that sought to solicit his opinion whether the bulk memos contained copyrighted materials. His testimony reflects                                                                                                                                          (*See, e.g.*, Berry Decl., Ex. 13 at 129:8-136:15; 101:16-103:24; 142:13-149:14; 149:20-178:6; 155:7-157:4; 186:20-199:16; 202:5-228:5; 269:13-272:8).

5

In the instances where Plaintiffs asked Dr. Branting about the Westlaw Content, ▇

▇ (*See, e.g.*, *id.* at 67:19-68:12). When asked about legal questions, ▇

▇ (*See, e.g.*, *id.* at 79:8-14). As this table reflects, Dr. Branting did not disclaim the following:

| Plaintiffs' Alleged Issue/Topic List (D.I. 259 at 5-10) | Plaintiffs' Quotes from Branting Transcript (D.I. 259 at 5-10; D.I. 266-1, Ex. AA) | ROSS Response to Allegations by Plaintiffs |
|---|---|---|
| ▇ Exs. AH (Branting Op. Rpt.) ¶¶ 15–16, 24–28, 62; AI (Branting Rbt. Rpt.) ¶¶ 4–6, 8, 15–19, 24–29, 31; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | Q. ▇ *Id.* 184:11–14; *see also* 174:16–24, 177:6–178:4. | ▇ *See* Berry Decl., Ex. 13 at 101:16-103:24; 129:8-136:15; 142:13-149:14; 149:20-178:4; 186:20-199:16; 202:5-228:2; 269:13-272:8; 273:2-279:1). ▇ *See id.* at 183:9-184:14; 67:19-68:12). The questions at 174:16–24 and 177:6–178:4 do not bear on Dr. Branting's opinions. It does not matter to his opinion whether ▇. (*See* 174:16–24; 177:6–178:4). Branting opines that ▇. (*Id.* at 155:7- 157:4). None of this requires an opinion on whether ▇ |

6

| | | |
|---|---|---|
| D.I. 266-1, Exs. AH (Branting Op. Rpt.) ¶¶ 15–16, 24–28, 56– 58, 62; AI (Branting Rbt. Rpt.) ¶¶ 4–6, 8, 15–19, 24–29, 31–32; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | ▮▮▮<br><br>*Id.* 183:23–184:9. | (*See* Berry Decl., Ex. 13 at 101:16-103:24; 129:8-136:15; 142:13-149:14; 149:20-178:6; 155:7-157:4; 186:20-199:16; 202:5-228:5; 269:13-272:8; 273:2-279:1).<br><br>▮▮▮ (*See id.* at 183:9-184:14; 67:19-68:12). |
| D.I. 2661-1, Exs. AH (Branting Op. Rpt.) ¶¶ 15–16, 20, 24–28, 56–58, 62; AI (Branting Rbt. Rpt.) ¶¶ 4–19, 24–29, 31–32; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | **Q.** But do you have an opinion as to ▮▮▮?<br><br>**A.** ▮▮▮<br><br>*Id.* 113:14–22; *see also* 113:24–114:2, 114:17–25, 182:12–15. | It does not matter to Dr. Branting's opinion that ▮▮▮. (*See* Berry Decl., Ex. 13 at 174:16–24; 177:6–178:4).<br><br>Branting opines ▮▮▮. (*Id.* at 269:13-272:8), He testified as to ▮▮▮. (*Id.* at 155:7- 157:4). None of this requires an opinion on ▮▮▮ |

7

| | | |
|---|---|---|
| ▮▮▮ D.I, 266-1, Exs. AH (Branting Op. Rpt.) ¶¶ 15–16, 24–28, 62; AI (Branting Rbt. Rpt.) ¶¶ 5–7, 10, 13–19, 24–29, 31–32; AJ (Branting Rpl. Rpt.) ¶¶ 5–9, 27–28, 30. | ▮▮▮ *Id.* 212:3–14; *see also* 209:25–210:3, 226:14–25, 231:9–18 | Dr. Branting answered the questions ▮▮▮ (Berry Decl., Ex. 13 at 202:14-203:3).<br><br>The question quoted by Plaintiffs asks ▮▮▮. (*See id.* at 212:3–14).<br><br>The other questions and answers that Plaintiffs' reference are not about the ▮▮▮ (*See id.* at 207:5–210:3).<br><br>They are also about ▮▮▮, which concerns the classifier project and which Dr. Branting discussed extensively. (*See id.* at 212:16-244:11).<br><br>In addition, the paragraphs identified as D.I. 266-1, Ex. AH (Branting Op. Rpt.) ¶¶ 15–16, 24–28, 62 have nothing to do with ▮▮▮. |
| ▮▮▮ D.I. 266-1, Exs. AH (Branting Op. Rpt.) ¶¶ 16, 24–28, 62; AI (Branting Rbt. Rpt.) ¶¶ 18, 25, 28, 31; AJ (Branting Rpl. Rpt.) ¶ 30 | ▮▮▮ **Q.** So right before the ▮▮▮, right? | Dr. Branting ▮▮▮ (*See* Berry Decl., Ex. 13 at 101:16-103:24; 129:8-136:15; 142:13-149:14; 149:20-178:6; 155:7-157:4; 186:20-199:16; 202:5-228:5; 269:13-272:8; 273:2-279:1).<br><br>▮▮▮ (*Id.* at 186:20-199:16).<br><br>. |

8

| | | |
|---|---|---|
| | ▉▉▉▉▉<br>*Id.* 186:20–188:1. | |
| ▉▉▉▉ Ex. AI (Branting Rbt. Rpt.) ¶¶ 24– 27. | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br>*Id.* 202:5–13. | The Dr. Branting report paragraphs cited by Plaintiffs concern Dr. Branting's opinions ▉▉▉▉▉▉▉.<br><br>Dr. Branting testified extensively ▉▉▉ ▉▉▉▉▉ when asked about it. (Berry Decl. Ex. 13 at 96:22-25; 98:25-100:20; 212:16-244:11.)<br><br>As noted, Dr. Branting balked ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (*See id.* at 183:9-184:14; 67:19-68:12).<br><br>Moreover, the question that Plaintiffs highlight precedes much of the questions and answers that were ▉▉▉▉▉▉▉ so Dr. Branting ▉▉▉▉▉▉▉▉ |

In addition, Plaintiffs' claim that Dr. Branting had no opinions regarding the below.

However, they did not cite to any portions of Dr. Branting's report that he allegedly disavowed.

| **Plaintiffs' Alleged Issue/Topic List (D.I. 259 at 5-10)** | **Plaintiffs' Quotes from Branting Transcript (D.I. 259 at 5-10, Ex. AA)** | **ROSS Response to Allegations by Plaintiffs** |
|---|---|---|
| ▉▉▉▉▉▉ | ▉▉▉▉▉▉▉▉▉▉▉▉ | Dr. Branting is not offering ▉▉▉▉▉▉▉▉▉▉▉▉ |

9


| | ▮▮ | |
|---|---|---|
| | ▮▮▮▮▮ | |
| | ▮▮▮▮▮ | |
| | ▮▮▮▮. | |
| | *Id*. 67:19–68:12. | |
| ▮▮ | ▮▮▮▮▮ | Dr. Branting is not offering ▮▮ |
| | ▮▮▮ | |
| | ▮▮▮ | |
| | ▮▮▮▮▮ | |
| | ▮▮▮ | |
| | *Id*. 68:13–69:5. | |

10

## II. PLAINTIFFS TRY TO IMPROPERLY STRIKE THE FACTUAL BASIS OF DR. BRANTING'S OPINIONS

Next, Plaintiffs complain that Dr. Branting makes "conclusory assertions" without applying any methodology. (D.I. 259 at 11). They further contend that certain of his opinions are "directly contradicted" by other documents and testimony. (*Id.*) And then, Plaintiffs urge that Dr. Branting does not reference any "documents or testimony in the record that support his assertions." (*Id.*)

Starting with the legal framework. Disagreement over the facts underlying an expert's opinion is not a basis for a *Daubert* motion. *Mitchell*, 365 F.3d at 244 ("*Daubert* does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct."); *see also Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195 (4th Cir. 2017) ("'[Q]uestions regarding the factual underpinnings of the [expert witness'] opinion affect the weight and credibility' of the witness' assessment, not its 'admissibility.'") (internal citations omitted); *First Union Nat. Bank v. Benham,* 423 F.3d 855, 862 (8th Cir. 2005) ("[I]t is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.").

In all of his reports, Dr. Branting footnotes the materials on which he relies. He also lists the materials he considered. (D.I. 279-10, Ex. 6).

Nor can this Court discount Dr. Branting's opinion regarding ROSS's source code. (D.I. 259 at 11-12). ██████████████████████████████████████████████████████████████████████████████████████ (*See* Berry Decl. Ex. 13 at 204:18-205:13). Plaintiffs had every right to challenge that during the deposition. They have every right to challenge it at trial. But to now say that every bulk memo is *not* representative,

11

without even any proof that that is valid, is simply to say that they do not believe Dr. Branting. That is not a basis for a *Daubert* claim. *See ConsulNet Computing, Inc. v. Moore,* 631 F. Supp. 2d 614, 618-19 (E.D. Pa. 2008) (denying motion to exclude opinion that allegedly "relie[d] upon insufficiently specific evidence of defendants' business expenses[,]" and reasoning that "any deficiency in corroboration will go to the weight of the evidence at trial.").

Next, Plaintiffs claim that Dr. Branting cannot opine that ▒▒▒▒▒ because ▒▒▒▒▒. (D.I. 259 at 12-13.) Plaintiffs cite a single paragraph as the basis for this argument. (D.I. 266-1, Ex. AI ¶ 26.) However, the discussion relevant to that topic begins at paragraph 24 and runs through paragraph 29. Those paragraphs cite more than a contract. (*See, e.g., id.*, ¶¶ 28-29 ▒▒▒▒▒[1]

---

[1] Plaintiffs argue that Dr. Branting's opinion should be further discounted because ▒▒▒▒▒ (D.I. 259 at 13). That is not relevant to his opinion however as he focused on what ROSS received and used. Plaintiffs also point to testimony ▒▒▒▒▒ (Berry Decl., Ex. 13, at 209:14-24). ▒▒▒▒▒

12

## III. DR. BRANTING'S OPINION REGARDING THE DIFFERENCES IN AI AND TRAINING PROCEDURES IS RELIABLE

Plaintiffs assert that " ▌

▌

▌ .I. 259 at 10 (citing [D.I. 266,] Ex. AA at 14:20–15:2, 113:14–114:2.)).

▌

▌ . Documents that Plaintiffs produced regarding the operation and maintenance of the legal search engine. (*See* D.I. 279-10 at Ex. 6 (citing TR-0908443; TR-0884952; TR-0040065; TR-0040030; TR-0040029; TR-0040027; TR-0040025; TR-0040024; TR-0040017; TR-0040005; TR-0040000; TR-0039948; TR-0039857; TR-0039340; TR-0039043; TR-0038891; TR-0038838; TR-0038833; TR-0036398)). The deposition transcripts of Isabelle Moulinier, Khalid Al-Kofahi, and Jimoh Ovbiagele who were the persons most knowledgeable on the topic of AI and training data. (D.I. 266-1, Ex. AI at ¶ 3; D.I. 279-10 at Ex. 6). These facts are further verified by the declaration of Jimoh Ovbiagele, former CTO and co-founder of ROSS.[2]

It bears noting that Plaintiffs do not claim that these sources are inaccurate. Plaintiffs also do not claim that these sources are unreliable. As such, they can be relied on. *In re: Chocolate Confectionary Antitrust Litig.*, 2013 WL 11305184, at *4 (M.D. Pa. May 10, 2013);

---

▌ . That is not relevant to Dr. Branting's opinions as he testified. (*Id.* at 207:5-210:3).

[2] ▌

▌ (D.I. 278, ¶¶ 5, 12.)

13

*see also Dial Corp. v. News Corp.*, 165 F. Supp. 3d 25, 41 (S.D.N.Y. 2016) ("there is nothing inadmissible about [the expert's] reliance on evidence of [defendant's] statements" that were provided to him); *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 117 (D. Del. 2016) (permitting damages expert to rely on factual assertions of other parties' executive to base opinion on when other requested documents were not provided).[3]

Moreover, while Dr. Branting does [REDACTED] (Berry Decl. Ex. 13 at 106:8-109:21; 273:2-279:1). So, when Plaintiffs claim that [REDACTED]," (D.I. 259 at 15), that is false. Dr. Branting only testified [REDACTED] Berry Decl. Ex. 13 at 251:7-13.)



As for training data, [REDACTED] They don't explain how. (D.I. 259 at 15). [REDACTED] Berry Decl. Ex. 13 at 106:8-109:21). His reports provide the basis for these opinions. In his reports, [REDACTED] (D.I. 266-1, Exs. AH; AI.) This evidence includes direct analysis of ROSS's [REDACTED] (*id.*, ¶¶ 43-44), all of the [REDACTED] (*id.*, ¶¶ 49-50), [REDACTED] (*id.*, ¶¶ 61-64), [REDACTED]

---

[3] It does bear noting that Plaintiffs resisted the attempts by ROSS to obtain source code. (D.I. 201.) However, even with that said, Plaintiffs do not argue that Dr. Branting's understanding of the Plaintiffs' source code functionality or its similarity to ROSS's functionality is misguided or incorrect. (*See* D.I. 259.)

14

███████████████████████████████████████████████████████. (*Id.*, Ex. AH ¶ 65.)

He can be cross-examined on this, but Plaintiffs' arguments are not proper for a *Daubert* motion.

## CONCLUSION

For the reasons outlined in this opposition memorandum, ROSS respectfully requests the Court deny Plaintiffs' Motion to Exclude Opinions of Dr. Branting in its entirety.

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By: */s/ David E. Moore* |
| Gabriel M. Ramsey | David E. Moore (#3983) |
| Warrington Parker | Bindu A. Palapura (#5370) |
| Joachim B. Steinberg | Andrew L. Brown (#6766) |
| Jacob Canter | Hercules Plaza, 6th Floor |
| Christopher J. Banks | 1313 N. Market Street |
| CROWELL & MORING LLP | Wilmington, DE 19801 |
| 3 Embarcadero Center, 26th Floor | Tel: (302) 984-6000 |
| San Francisco, CA 94111 | dmoore@potteranderson.com |
| Tel: (415) 986-2800 | bpalapura@potteranderson.com |
| | abrown@potteranderson.com |
| Mark A. Klapow | |
| Crinesha B. Berry | *Attorneys for Defendant/Counterclaimant* |
| CROWELL & MORING LLP | *ROSS Intelligence, Inc.* |
| 1001 Pennsylvania Avenue, NW | |
| Washington, DC 20004 | |
| Tel: (202) 624-2500 | |

Dated: January 30, 2023
10510539 / 20516.00001

Public Version Dated: February 6, 2023

15