**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants/Counterclaimant. | ) | |

**DEFENDANT/COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S BRIEF IN
OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY,
ARGUMENT, OR EVIDENCE REGARDING THE OPINIONS OF
DR. ALAN COX**

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  January 30, 2023
10570712 / 20516.00001

Public Version Dated: February 6, 2023

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 1

    A.    Dr. Cox's Estimate of ROSS's Unjust Enrichment Opinions ................................ 1

    B.    Dr. Cox's Lost Profits Opinions .......................................................................... 3

    C.    Dr. Cox's Factor Four Opinions .......................................................................... 4

        1.    ██████████████████████████████████ .............. 5

        2.    █████████████████████████████████████ ............... 7

LEGAL STANDARD ............................................................................................................... 9

ARGUMENT ........................................................................................................................... 9

I.    The Unjust Enrichment Opinion that Plaintiffs Challenge is Reliable and Fits ................... 9

II.    The Lost Profits Opinion that Plaintiffs Challenge is Reliable and Fits ............................. 12

III.    The Two Factor Four Opinions that Plaintiffs Challenge are Reliable and Fit .................. 16

    A.    Dr. Cox's Opinion ███████████████████████ ............................... 16

    B.    Dr. Cox's Opinion ████████████████████ is Reliable and Fit ................ 18

IV.    Dr. Cox's Factor Four Opinions Rely on Sufficient Evidence to Satisfy *Daubert* .............. 18

CONCLUSION ...................................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Baker v. Urban Outfitters, Inc.*,
    254 F. Supp. 2d 346 (S.D.N.Y. 2003)........................................................................14

*In re BlackRock Mut. Funds Advisory Fee Litig.*,
    2019 WL 1387450 (D.N.J. Feb. 8, 2019) ...............................................................19

*In re Blood Reagents Antitrust Litig.*,
    2015 WL 6123211 (E.D. Pa. Oct. 19, 2015).............................................................15

*Coates v. Metro. Prop. & Cas. Ins. Co.*,
    2022 WL 3928387 (E.D. Pa. Aug. 30, 2022) .........................................................19

*Comput. Assocs Int'l, Inc. v. Altai, Inc.*,
    775 F. Supp. 544 (E.D.N.Y. 1991) .........................................................................15

*Country Rd. Music, Inc. v. MP3.com, Inc.*,
    279 F. Supp. 2d 325 (S.D.N.Y. 2003).....................................................................14

*Dash v. Mayweather,* .
    731 F.3d 303 (4th Cir. 2013) ...................................................................................14

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993)............................................................................... *passim*

*Dzielak v. Whirlpool Corp.*,
    2017 WL 1034197 (D.N.J. Mar. 17, 2017)..........................................................10, 11

*Elcock v. Kmart Corp.*,
    233 F.3d 734 (3d Cir. 2000)....................................................................................18

*Schneider ex rel. Est. of Schneider v. Fried*,
    320 F.3d 396 (3d Cir. 2003)..................................................................................1, 9

*Furlan v. Schindler Elevator Corp.*,
    864 F. Supp. 2d 291 (E.D. Pa. 2012) .....................................................................18

*Hartle v. FirstEnergy Generation Corp.*,
    2014 WL 1317702 (W.D. Pa. Mar. 31, 2014) ........................................................13

*Hunting Energy Servs., Inc. v. Kavadas*,
    2018 WL 4539818 (N.D. Ind. Sept. 20, 2018) .......................................................12

i

*Ingevity Corp. v. BASF Corp.*,
2021 WL 3510664 (D. Del. Aug. 10, 2021) .................................................................18

*Insight Equity v. Transitions Optical, Inc.*,
252 F. Supp. 3d 382 (D. Del. 2017).................................................................1, 9

*Int'l Constr. Prod., LLC v. Caterpillar Inc.*,
2022 WL 4465376 (D. Del. Sept. 26, 2022) ................................................. 16-17

*Jama v. Esmor Corr. Servs.*,
2007 WL 1847385 (D.N.J. June 25, 2007) .................................................................11

*Lloyd v. Conseco Fin. Corp.*,
2001 WL 36097624 (C.D. Cal. Oct. 19, 2001)........................................................16

*In re Lower Lake Erie Iron Ore Antitrust Lit.*,
998 F.2d 1144 (3d Cir. 1993).) ................................................................13

*M2M Sols. LLC v. Enfora, Inc.*,
167 F. Supp. 3d 665 (D. Del. 2016)................................................................13

*McAndrew v. Garlock Equip. Co.*,
537 F. Supp. 2d 731 (M.D. Pa. 2008) ................................................................19

*MOSAID Techs. Inc. v. LSI Corp.*,
2014 WL 807877 (D. Del. Feb. 28, 2014) ................................................................11

*In re Mushroom Direct Purchaser Antitrust Litig.*,
2015 WL 5767415 (E.D. Pa. July 29, 2015)........................................11, 12, 15, 17

*Oddi v. Ford Motor Co.*,
234 F.3d 136 (3d Cir. 2000)................................................................18

*Oracle Am., Inc. v. Google Inc.*,
2016 WL 1743154 (N.D. Cal. May 2, 2016) ........................................................10

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994)................................................................9

*In re Processed Egg Prods. Antitrust Litig.*,
81 F. Supp. 3d 412 (E.D. Pa. 2015) ................................................................17

*Pure Earth, Inc.v. Call*,
2011 WL 13380381 (E.D. Pa. Nov. 14, 2011). ........................................................12

*Rhoads Indus., Inc. v. Shoreline Found., Inc.*,
2022 WL 4021766 (E.D. Pa. Sept. 2, 2022) ................................................................19

*Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
   198 F. Supp. 2d 598 (E.D. Pa. 2002) ..................................................................13

*Sensor Sys. LLC v. Blue Barn Holdings, Inc.*,
   2021 WL 1686829 (M.D. Fla. Apr. 29, 2021) .................................................15, 19

*Stecyk v. Bell Helicopter Textron, Inc.*,
   295 F.3d 408 (3d Cir. 2002)...............................................................................11

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
   2021 WL 662292 (E.D. Pa. Feb. 19, 2021) ....................................................12, 15

*Trell v. Marlee Elecs. Corp.*,
   912 F.2d 1443 (Fed. Cir. 1990)...........................................................................14

*UHS of Delaware, Inc. v. United Health Servs., Inc.*,
   2017 WL 1928341 (M.D. Pa. May 10, 2017) ......................................................15

*United States v. Rite Aid Corp.*,
   2020 WL 3970201 (E.D. Cal. July 14, 2020) ......................................................15

*Wendt v. Host Int'l, Inc.*,
   125 F.3d 806 (9th Cir. 1997) ..............................................................................16

*ZF Meritor, LLC v. Eaton Corp.*,
   696 F.3d 254 (3d Cir. 2012)...............................................................................11

**Statutes & Rules**

17 U.S.C. § 504(b) ...............................................................................................10, 14

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs seek to exclude two of Dr. Cox's damages opinions: 

██████████████ *See* D.I. 263 at 5-13.)[1]  Plaintiffs further seek to exclude two of Dr.

Cox's factor four opinions: ████████████████████████████████████

██████████████████████████████████████ (*See id.*,

at 13-18.)  Finally, Plaintiffs contend that Dr. Cox should have looked at additional evidence to

support his factor four opinions.  (*See id.*, at 18-20.)

These arguments are not appropriate.  At the *Daubert* stage, the court asks if the expert is

qualified and the opinions are reliable and fit the case.  *See Schneider ex rel. Est. of Schneider v.*

*Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *Insight Equity v. Transitions Optical, Inc.*, 252 F. Supp.

3d 382, 385 (D. Del. 2017).  The challenged opinions meet those tests.

Moreover, Plaintiffs do not accurately describe the opinions offered by Dr. Cox which

they challenge.  Plaintiffs misstate his premises and opinions; and do not mention facts upon

which he relies.

For these reasons Plaintiffs' motion should be denied.

## FACTUAL BACKGROUND

**A.    Dr. Cox's Estimate of ROSS's Unjust Enrichment Opinions**

Plaintiffs' expert ████████████████████████████████████████

████████████████████████████████████████ (D.I. 266-1, Ex.

AM, ¶ 54.)  That date is July 2018.  (*Id.*)  Dr. Cox ████████████████████

█████████████████████████████ (*Id.*, ¶¶ 54-60.) ███████

---

[1] These estimates relate to the alleged copyright violation.  Plaintiffs do not attack Dr. Cox's
estimates related to Plaintiffs' tortious interference claim.  (*See* D.I. 266-1, Ex. AM, ¶¶ 90-92.)

(*Id.*, ¶¶ 57-61.)

*Id.*)

Dr. Cox completed this in three steps.  First,

(*Id.* ¶ 58.)  Second,

(*Id.* ¶¶ 57-60.)  Third,

. (*Id.*)  The number that Dr. Cox ultimately arrives at is            .  (*Id.*, ¶ 60).  The difference is the unjust enrichment which Dr. Cox says would be attributable to ROSS's use of alleged copyrighted materials—although neither ROSS nor Dr. Cox believes that the premise of Plaintiffs' unjust enrichment is valid.

Plaintiffs asked Dr. Cox "

(Declaration of Crinesha Berry ("Berry Decl."), Ex. 12, 348:7-9.)

(*Id.*, 348:10-24.)

**B.      Dr. Cox's Lost Profits Opinions**

Dr. Cox offered a rebuttal opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See e.g.*,

D.I. 266-1, Ex. AM, ¶¶ 7, 23-52.)  Mr. Malackowski ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*See id.*, ¶¶ 23-27.)

Dr. Cox opines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(*See id.*, ¶¶ 28-50.).  Rather, Dr. Cox opines ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮  (*See id.*, ¶¶ 33-36.)  This approach—one of three lost profits calculations[2] which Dr.

Cox ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮. (*See e.g.*, *id.*, Ex. AR, ¶ 154.)[3]  Dr. Cox estimates that this fee would be

between ▮▮▮▮▮▮▮. (D.I. 266-1, Ex. AM, ¶¶ 33-36.)

Dr. Cox ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.*, Ex. AM, ¶¶ 34-35.)

He looks ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮. (*Id.*, ¶¶ 33-35; *see also id.*, Ex. AR, ¶ 153.)  Dr. Cox calculates ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮. (*Id.*, Ex. AM, ¶¶

35-36; *id.*, ¶ 36 (citing Exhibits 1, 1.1, 1.2).)

---

[2] Dr. Cox also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See e.g.*,
D.I. 266-1, Ex. AM, ¶¶ 28-29.)  And Dr. Cox also ▮▮▮▮▮
▮▮▮▮▮▮▮ (*See id.*, ¶¶ 37-42.)
[3] ROSS has filed a *Daubert* motion concerning Dr. Krein's ▮▮▮▮
▮▮▮▮▮▮▮▮. (*See* D.I.
267.)  Dr. Cox's opinions here regarding ▮▮▮▮▮▮▮
▮▮▮▮

At the deposition, Dr. Cox ███████████████████████████████████████

██████████████████████████████ (Berry Decl., Ex. 12, 267:21-269:4.)

Plaintiffs also asked ████████████████████████████████████████

███████████████████ (*Id.*, 269:5-7.) ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ (*see id.*, 269:8-10) █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ (*Id.*, 269:13-19.)  Dr. Cox ████████████

████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
██████

(*Id.*, 274:5-13.)  Dr. Cox also █████████████████████████████████

████████████████████████████████. (*Id.*, 273:2-14.)

### C.     Dr. Cox's Factor Four Opinions

Plaintiffs attack two opinions that Dr. Cox offers relating to factor four of the copyright

fair use factors: (1)████████████████████████████████████████████

████████████████████████████████████████████████████

███████████ (D.I. 263, at 13-18.)  Plaintiffs do not attack any of the other factor four opinions,

but instead criticize Dr. Cox for not looking at certain evidence to reach his opinions.  (*Id.*, at 18-20.)[4]

        **1.**         ████████████████████████████████

Through his investigation, Dr. Cox learned that ██████████████████████████

██████████████████████████████████ (D.I. 266-1, Ex. AK, ¶¶ 18, 53-60, 65-79.)

While Plaintiffs use Westlaw Content ████████████████████████████

████████████████████████████████████████

██████████████████████████████ (*Id.*, ¶ 67.)  The

information that Dr. Cox surveyed for this proposition is stated in his reports.  (*Id.*, Ex. AK, ¶¶

19, 26-29, 36-41, 68-72; Ex. AL, ¶ 16; Ex. AM, ¶ 8; Ex. AN, ¶ 9.) ████████████████

████████████████████████████████████████

██████████████████████████████. (*See e.g.*, Berry

Decl., Ex. 12, 70:19-71:1.)

Given the differences between the two platforms, Dr. Cox ████████████████

████████████████████████████████████████

██████ (D.I. 266-1, Ex. AK, ¶¶ 86-87.) ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[4] The other factor four opinions are: (██████████████████████████████████

██████████████████ (D.I. 266-1, Ex. AK, ¶¶ 56-60; 68-79); **(4)**

██████████████████ (D.I. 266-1, Ex. AK, ¶¶ 86-88); **(5)**

████████████████████████████████████ (D.I. 266-1, Ex. AK,

¶¶ 80-83, 86); **(6)**████

████████████████ (D.I. 266-1, Ex. AN, ¶¶ 23-31; Ex. AK, ¶¶ 90, , 92-96 & n. 153); and **(7)**

██████████████████████████████ (D.I. 266-1, Ex. AL, ¶¶ 32-43; Ex. AN, ¶¶

12-15.)



(*Id.*, ¶ 88.)

(*Id.*, ¶ 87.)  At the deposition,

(Berry Decl., Ex. 12, 220:5-221:20.)

Based on the same factual predicates, Dr. Cox

(D.I. 266-1, Ex. AK, ¶ 80.)  Dr. Cox also reaches this opinion based on the evidence in the record.

(*Id.*, ¶ 83.)  And the fact that Plaintiffs

. (*Id.*, ¶ 86.)

Also, Dr. Cox opines

(*Id.*, Ex. AK, ¶ 90.)  This, Dr. Cox opines,

██████████████████████████████

████  (*Id.*)  Dr. Cox further ████████████████████

██████████████████████████████████

███████████████ (Berry Decl., Ex. 12, 160:8-164:1.)

████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████ (D.I. 266-1, Ex. AM, ¶ 88; *see also id.*, Ex. AN, ¶¶ 27-28.)

**2.** █████████████████████

Dr. Cox opines that ████████████████. (*Id.*, Ex. AK, ¶ 85.)  He holds this opinion because there is no evidence in the record ████████

██████████████████████████

██████████████ ███████████████████████

██████████████████████



(*Id.* (footnotes omitted); *see also* Ex. AL, ¶¶ 15, 17-31.)

Dr. Cox further opines ██████████████████████

████████████████████████████

█████████████████████████████████████ (*Id.*, ¶¶ 17-21.)  He notes ████

█████████████████████████████████

████████████████████████████████████

████████████████████████ (*Id.*, ¶¶ 22-26.)  He opines ████

███████████████████████████████

███████████████████████████████████ (*Id.*, ¶¶

27-30.)  And he also opines ███████████████████████

█████████████████████████████████

████████████████████████████████

████████ *Id.*, ¶ 31.)

Additional support for Dr. Cox's opinion is ███████████████

██████████████.  (*See* D.I. 266-1, Ex. AL, ¶¶ 32-43; id., Ex. AN, ¶¶ 12-15.)  In

particular, Plaintiffs—████████████████████████

██████████ (*Id.*, Ex. AL, ¶¶ 32-35.)  Dr. Cox notes ████████████████

████



(*Id.*, ¶ 33; *see also id.*, Ex. AN, ¶¶ 12-13.)  Dr, Cox further ███████████

████████████ (Berry Decl., Ex. 12, 179:5-24, 180:8-17.)

Also, Plaintiffs ███████████████████████████

████████████████ (D.I. 266, Ex. AL, ¶ 38; *id.*, Ex. AN, ¶¶ 14-15.)

## LEGAL STANDARD

*Daubert* has "a 'trilogy' of requirements: (1) qualification, (2) reliability, and (3) fit." *Insight Equity*, 252 F. Supp. 3d at 385 (quoting *Schneider*, 320 F.3d at 404.)  Plaintiffs do not challenge Dr. Cox's qualifications.  (*See* D.I. 263.)

"'An expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable.'"  *Insight Equity*, 252 F. Supp. 3d at 386 (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994)).  "Reliability does not require certainty."  *Id.* (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993).)  Also, "the Third Circuit has warned that 'the reliability requirement must not be used as a tool by which the court excludes all questionably reliable evidence.'"  *Id.* (quoting *Paoli*, 35 F.3d at 744.)  Instead, an opinion is reliable if it "is founded on good grounds, not perfect ones."  *Id.*

"[F]it asks whether the proffered testimony is sufficiently helpful."  *Id.*  It follows the principle that "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  *Id.* (citing *Daubert*, 509 U.S. at 591.)  "The same liberalness in evaluating reliability applies in evaluating fit" and the Third Circuit "emphasize[s] that the standard is not that high."  *Insight Equity*, 252 F. Supp. 3d at 386 (citation omitted.)

## ARGUMENT

### I.    The Unjust Enrichment Opinion that Plaintiffs Challenge is Reliable and Fits

Plaintiffs only attack Dr. Cox's ████████████████████ and do not attack his criticism of Mr. Malackowski's estimate.  (D.I. 263, at 5-8.)



Plaintiffs first argue that Dr. Cox's unjust enrichment estimate █████████████ ████████████████ (D.I. 263, at 5) (emphasis in original).)  Plaintiffs state that ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████.  (*Id.*)

This does not accurately describe Dr. Cox's estimate.  (*See* Factual Background, Section

A.)  Dr. ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.  (*Id.*)

This approach satisfies the Copyright Act and case law.  17 U.S.C. § 504(b); *Dzielak v.*

*Whirlpool Corp.*, 2017 WL 1034197, at *21 (D.N.J. Mar. 17, 2017) (a "damages analysis [that]

aims to calculate the portion of the retail price attributable to the [infringing label]" by

comparing sales data for the goods that include the infringing label to sales data for the same

goods that do not contain the infringing label is "fit" to unjust enrichment allegations).

    *Oracle Am., Inc. v. Google Inc.*, 2016 WL 1743154 (N.D. Cal. May 2, 2016), cited by

Plaintiffs, is irrelevant.  (D.I. 263, at 5-6.)  In *Oracle*, the court criticized Google's expert for

arguing that Google's unjust enrichment was zero because Google could have used entirely

different "substitut[e]" products to achieve the same results.  *Id.*, at *4.  But that is not what Dr.

Cox did: ████████████████████████████████████████████████████████████

███████████████████████████████   (*See* Factual Background, Section A.)[5]

    Second, Plaintiffs contend that ████████████████████████████████████

█████████████████████████████████████████████████ (D.I. 263, at 6-

8.)  Therefore, Plaintiffs claim it is inappropriate for Dr. Cox to ████████████████

███████████████████████████

    However, Dr. Cox has a factual basis for his conclusion that, ████████████████

███████████████████████.  (*See* D.I. 266-1, Ex. AM, ¶¶ 54-61; Berry Decl., Ex. 12,

348:7-22.)  Thus, Dr. Cox has "relied upon 'facts and assumptions as the basis for his opinion'



---

[5] For the same reason, *Comput. Assocs Int'l, Inc. v. Altai, Inc.*, 775 F. Supp. 544 (E.D.N.Y. 1991), is irrelevant.  (D.I. 263, at 6.)  Dr. Cox does not propose a "hypothetical, infringement-free world" with his unjust enrichment estimate.  *See Altai, Inc.*, 775 F. Supp. at 571.

and [Plaintiffs] 'can highlight those weaknesses' if any 'through effective cross-examination.'"
*In re Mushroom Direct Purchaser Antitrust Litig.*, 2015 WL 5767415, at *10 (E.D. Pa. July 29,
2015); *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414-15 (3d Cir. 2002); *see also*
*Dzielak*, 2017 WL 1034197, at *11 (noting that "[t]he defendants remain free to argue that [the
expert] manipulated his data to produce a more plausible result" but "[t]he issue now, however,
is not one of the opinion's ultimate persuasiveness, but of its admissibility."); *Jama v. Esmor
Corr. Servs.*, 2007 WL 1847385, at *27 (D.N.J. June 25, 2007) ("The Supreme Court
in *Daubert* has stated that the focus of the inquiry should be solely on principles and
methodology, not on the conclusions that they generate.") (citing *Daubert*, 509 U.S. at 596).

Plaintiffs cite *MOSAID Techs. Inc. v. LSI Corp.*, 2014 WL 807877, at *2 (D. Del. Feb.
28, 2014) and *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 292 (3d Cir. 2012), as a basis for
the argument.  (D.I. 263, at 6-7.)  In both, the courts rejected an expert's estimate premised on a
business plan's hypothetical business projection that the expert did "not independently verif[y]."
*See MOSAID*, 2014 WL 807877, at *2; *Meritor*, 696 F.3d at 292.  This is not what Dr. Cox did.



Plaintiffs also argue that ███████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████.  (D.I. 263, at 7-8.)  But Dr. Cox has a factual basis for this
conclusion: ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████"  (Berry Decl., Ex. 12, 348:10-24.)  Again, Plaintiffs can

attack this factual proposition which Dr. Cox relies on for his opinion "through effective cross-examination." *Mushroom*, 2015 WL 5767415, at *10 (citation omitted).[6]

Finally, Plaintiffs state that ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████ *See In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2021 WL 662292, at *2 (E.D. Pa. Feb. 19, 2021) ("'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" evidence.) (quoting *Daubert*, 509 U.S. at 595); *Hunting Energy Servs., Inc. v. Kavadas*, 2018 WL 4539818, at *24 (N.D. Ind. Sept. 20, 2018) (stating that an attack on expert's unjust enrichment calculation on the basis that the expert should have relied on different data was a "quarrel with [the expert's] conclusions, not his methodology".)

## II.     The Lost Profits Opinion that Plaintiffs Challenge is Reliable and Fits

Plaintiffs only challenge Dr. Cox's ██████████████████████

██████████████ D.I. 263, at 8-13.) ████████████████████

████████████████████████████████████████████████

████████████████████████ (*Id*. at 10.) ████████████████

---

[6] *Pure Earth, Inc.v. Call* is also irrelevant.  (D.I. 263, at 8.)  In that case, the court held that the expert could not opine that stock was overvalued because the expert's method failed to account for causation between the facts he relied on and changes in stock price.  (*See Pure Earth*, 2011 WL 13380381, at *2-3 (E.D. Pa. Nov. 14, 2011).).  But Dr. Cox offers sufficient evidence of "causal factors."  (*Id*., at *3.)  In particular: ██████████████████████████████

████  (Factual Background, Section A.)

███████████████████████████████████████████████████ (*Id.*, at

10-12.) (emphasis omitted.)

  This is another argument challenging the credibility of Dr. Cox's evidence.  "The amount

of damages may be demonstrated with reasonable certainty, so long as the evidence is not based

upon speculation or guess work."  *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F.

Supp. 2d 598, 613 (E.D. Pa. 2002) (citing *In re Lower Lake Erie Iron Ore Antitrust Lit.,* 998 F.2d

1144, 1176 (3d Cir. 1993).)

  ███████████████████████████████████████. (*See* Factual

Background, Section B.)  Indeed, as explained *supra*, ███████████████████

█████████████████████████████████. (*Id.*)  ██████

████████████████████████████████████████████

████████ (*Id.*)

████████████████████████████████████████████

████████████████████ (*Id.*)[7]

████████████████████████████████████████████

██████. In *M2M Sols. LLC v. Enfora, Inc.*, the court excluded damages testimony because it

found that the expert gave only "nebulous" and "ambiguous conclusions of technology

compatibility . . . without any rationale other than undisclosed conversations" with another

---

[7] It bears emphasizing, too, that Dr. Cox ████████████████████████████
████████████ (Factual Background, Section C.2.)
████████████████████████████████████████████████  Moreover, "[e]ven if the data relied on
by the expert is imperfect, and more (or different) data might have resulted in a better or more
accurate estimate in the absolute sense, it is not the district court's role under *Daubert* to evaluate
the correctness of facts underlying an expert's testimony."  *Hartle v. FirstEnergy Generation
Corp.*, 2014 WL 1317702, at *9 (W.D. Pa. Mar. 31, 2014).

expert.  167 F. Supp. 3d 665, 677 (D. Del. 2016).  Dr. Cox's estimate does not share these issues.

(*See* Factual Background, Section B.)

      *Dash v. Mayweather* is inapposite, as the court noted that the expert "expressly conceded

that he had not analyzed comparable works [and] he also emphasized the differences between"

the copyrights at-issue and benchmark work.  731 F.3d 303, 320 (4th Cir. 2013).  Dr. Cox does

not make a similar concession.  (*See* Factual Background, Section B.)  Notably, *Dash* also states

that lost profits need not "rely on precisely comparable works" and that estimates should be

accepted as long as they are not "based on 'undue speculation.'"  *Id.*  (citing 17 U.S.C. § 504(b).)

      *Country Rd. Music, Inc. v. MP3.com, Inc.*, is also off-point.  The court criticized the

expert for "disregard[ing ] critical differences" between the facts of the case and the benchmark

license, including "the term of use . . . exclusivity . . . the breadth of the license . . . and the

nature of the business."  279 F. Supp. 2d 325, 331 (S.D.N.Y. 2003).  ████████████████████

███████████████████████████████████████████████████████████████████  are not

as significant as those identified in *Country Rd.*  (*See* Factual Background, Section B.)

      And *Baker v. Urban Outfitters, Inc*, is also inapplicable.  The court stated that the expert

"engaged in [an] 'apples and oranges' comparison" because her "starting point for calculating

damages" was her own "fee for a commissioned shoot," whereas the case involved license fees

for stock works.  254 F. Supp. 2d 346, 354 (S.D.N.Y. 2003).  █████████████████████████

██████████████████████████████████████████████  (*See* Factual Background, Section

B.)[8]

---

[8] *Trell v. Marlee Elecs. Corp.,* is inapposite because the Federal Circuit is ruling on the District Court's calculation of a damage award—a different posture than this *Daubert* motion.  *See* 912 F.2d 1443, 1446-47 (Fed. Cir. 1990).

Instead, the caselaw shows that Dr. Cox can ████████████████████████████
████████████████████████████████████████████████████ *See Mushroom*, 2015 WL

5767415, at *13 (an expert "does not need to utilize the best data set imaginable to satisfy the

reliability standard under Rule 702"); *UHS of Delaware, Inc. v. United Health Servs., Inc.*, 2017

WL 1928341, at *1 (M.D. Pa. May 10, 2017) ("the basis for an expert opinion 'does not have to

be perfect'") (citation omitted)).[9]

████████████████████████████████████████████████████

██████████████████████████████. (D.I. 263, at 12-13.) █████████████████████

████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

(Berry Decl., Ex. 12, 267:21-268:6.) ████████████████████████████████████

████████████████████████████████████████████ *See United States v. Rite*

*Aid Corp.*, 2020 WL 3970201, at *11 (E.D. Cal. July 14, 2020) (accepting a methodology where

the expert takes "a simple random sample" from a nonoverlapping population, and citing

additional authority for this approach); *In re Blood Reagents Antitrust Litig.*, 2015 WL 6123211,

at *19 (E.D. Pa. Oct. 19, 2015) (the "use of averaging" can be a "reliable" method for measuring

---

[9] Plaintiffs also introduce a number of exhibits to argue ██████████████████████████
██████████████████████████████████████████████████████. (D.I. 263, at
10-12.)  This is not the right time for this.  Presumably, Plaintiffs could have done this fully at
Dr. Cox's deposition.  *See In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust
Litig.*, 2021 WL 662292, at *2; *Sensor Sys. LLC v. Blue Barn Holdings, Inc.*, 2021 WL 1686829,
at *3 (M.D. Fla. Apr. 29, 2021) ("Plaintiffs have identified many variables that factor into [the
expert's] opinions with which they disagree. However, their disagreement is not a basis for
finding [the] opinions to be unreliable. Instead, their arguments go to the weight, rather than the
admissibility, of [the] opinions, and Plaintiffs can challenge his opinions through vigorous cross-
examination").

characteristics of a common collection); *Lloyd v. Conseco Fin. Corp.*, 2001 WL 36097624, at *9 (C.D. Cal. Oct. 19, 2001) ("analysis of the average length of time loan originators remained employed at" financial corporation was reliable method for understanding characteristics about the class of loan originators).  Plaintiffs can challenge Dr. Cox's decision to use this method at trial.  *See e.g.*, *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997) ("Challenges to survey methodology go to the weight given the survey, not its admissibility.").

## III.     The Two Factor Four Opinions that Plaintiffs Challenge are Reliable and Fit

### A.     Dr. Cox's Opinion



(D.I. 263, at 14-17.) Both arguments fail.

(*Id.*, at 14-15.)

.  (*See* Factual Background, Section C.2.)  He also supported this conclusion at his deposition.  (*Id.*)

There is no need for Dr. Cox to go through all of the steps if it is not needed to draw his conclusion.  Courts often recognize that economists are properly situated to analyze market characteristics and from there draw expert conclusions. *Int'l Constr. Prod., LLC v. Caterpillar*

*Inc.*, 2022 WL 4465376, at *25 (D. Del. Sept. 26, 2022) (citing *In re Processed Egg Prods.*

*Antitrust Litig.*, 81 F. Supp. 3d 412, 422 (E.D. Pa. 2015) (rejecting *Daubert* challenge and noting,

"[t]he field of economics contains a field of study on the features of markets that make them

particularly conducive to collusion, and [the expert witness] appears to be drawing from that

field in his report."); *Processed Eggs*, 81 F. Supp. 3d at 423 (the economic expertise "is applying

those principles to the factual record and rendering an opinion").



(D.I. 263, at 14.)

(*See* Factual Background, Section C.2.)[10]

Finally, Plaintiffs' criticism of Dr. Cox's research process is misplaced.  His research

reinforces his conclusions from the record and from Plaintiffs' own witnesses that no such

market exists.  (*See id*.)

. *See*

*e.g.*, *Mushroom*, 2015 WL 5767415, at *6 (noting that the reliability standard is "not that high"

and that "[t]his is particularly true regarding the testimony in this case because economics and

statistics 'require the use of professional judgment, [so] expert testimony [in those fields] is less

---

[10] For the same reason,

(D.I. 263, at 16.)  As Dr. Cox noted,

(D.I. 266-1, Ex., AL ¶ 40.)  In any event,
none of these are actually *Daubert* arguments, as they go to the credibility of Dr. Cox's opinions.

likely to be excluded because challenges may ultimately be viewed as matters in which reasonable experts may differ.'") (citation omitted).[11]

      **B.**    **Dr. Cox's** ███████████████████████████████████ **is Reliable and Fit**

Plaintiffs state that Dr. Cox's "rankly speculates" to opine that Plaintiffs' economic welfare would improve if ROSS remained in the market.  (D.I. 263, at 17-18.)  However, this is not speculation at all—Dr. Cox relied on facts that he investigated about Westlaw, ROSS, and Plaintiffs, as well as his expertise on how market forces operate, to reach this conclusion.  (*See* Factual Background, Section C.1.)  The proposition that ROSS cites no materials to support his opinions is wrong.  (*Id.*)  And Plaintiffs' introduction of countervailing factual evidence just shows that these are challenges to Dr. Cox's credibility, not the admissibility of his opinions. Even "seemingly contradictory" facts are not a basis to exclude on *Daubert* but rather goes to weight.  *Ingevity Corp. v. BASF Corp.*, 2021 WL 3510664, at *2 (D. Del. Aug. 10, 2021).

**IV.**    **Dr. Cox's Factor Four Opinions Rely on Sufficient Evidence to Satisfy *Daubert***

Finally, ███████████████████████████████████████ ████████████████████████.  (D.I. 263, at 18.)  However, ████████████████ ████████████████████████████████████████████████████████████████

(*See* Factual Background, Section C.1; *see also* Berry Decl., Ex. 12, 70:19-71:1.)  Moreover, Plaintiffs ignore all of the other support that Dr. Cox relies on to draw his conclusions—

████████████████████████████████████████████████████████

---

[11] *Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000), *Furlan v. Schindler Elevator Corp.*, 864 F. Supp. 2d 291 (E.D. Pa. 2012), and *Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000) do not change anything.  (*See* D.I. 263, at 15-16.)  The courts in those cases complain that the expert's method could not be ascertained or replicated.  That is not true of Dr. Cox's opinions. (*See* Factual Background, Section C.2.)

████████████████████████████████████████

███████████████ Factual Background, Section C.)

Even if personally looking at ███████████ were necessary, missing one piece of evidence is not grounds for exclusion. *See Processed Egg*, 81 F. Supp. 3d at 425 (stating that because "[t]he briefing and arguments have not revealed that [the expert's] failure to include certain facts in his analysis was so egregious as to make his methodology unreliable[,]" the "contention goes to the weight of [the expert's] testimony, not its admissibility."); *In re BlackRock Mut. Funds Advisory Fee Litig.*, 2019 WL 1387450, at *24 (D.N.J. Feb. 8, 2019) ("an expert opinion is not inadmissible because it may contain flaws, nor is it excludable because it provides testimony regarding only one facet or aspect of an action but does not prove the whole case; such vulnerabilities affect the weight of the testimony, not its admissibility."); *Sensor Sys. LLC v. Blue Barn Holdings, Inc.*, 2021 WL 1686829, at *3 (M.D. Fla. Apr. 29, 2021) ("Plaintiffs can question [the expert] as to how his failure to consider [potentially relevant financial data] affects his calculations, but this is not a basis for excluding his opinions."). [12]

## CONCLUSION

For the foregoing reasons, ROSS respectfully requests that the Court deny the motion.

---

[12] None of the cases Plaintiffs cite in this section are on-point. *See McAndrew v. Garlock Equip. Co.*, 537 F. Supp. 2d 731, 735 (M.D. Pa. 2008) (not related to a damages expert); *Coates v. Metro. Prop. & Cas. Ins. Co.*, 2022 WL 3928387, at *8 (E.D. Pa. Aug. 30, 2022) (same); *Rhoads Indus., Inc. v. Shoreline Found., Inc.*, 2022 WL 4021766, at *22 (E.D. Pa. Sept. 2, 2022) (same).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ David E. Moore*
    David E. Moore (#3983)

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*

Dated:  January 30, 2023
10570712 / 20516.00001

 Public Version Dated: February 6, 2023

20