## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | C.A. No. 20-613-SB |
| Plaintiffs/Counterdefendants, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | **PUBLIC VERSION** |
| | ) | |
| Defendants/Counterclaimant. | ) | |

## DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, OR EVIDENCE REGARDING THE OPINIONS OF <u>BARBARA FREDERIKSEN-CROSS</u>

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  January 30, 2023
10569479 / 20516.00001
Public Version Dated: February 6, 2023

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION AND SUMMARY OF ARGUMENTS ........................................................ 1

STATEMENT OF FACTS ................................................................................................... 3

      A.    Ms. Frederiksen-Cross Prepared An Expert Report Analyzing Every Headnote, Every Question, And Every Judicial Opinion Cited In All The Bulk Memos ....... 3

      B.    Ms. Frederiksen-Cross's Rebuttal And Reply Reports Address The Materials That Plaintiffs Placed At Issue And Respond To Plaintiffs' Critiques of Her Methodology ......................................................................................................... 3

      C.    Plaintiffs' Expert Did Not Read Ms. Frederiksen-Cross's Reply Report And Plaintiffs Asked Her No Questions About It ........................................................ 4

ARGUMENT ...................................................................................................................... 4

I.     Ms. Frederiksen-Cross' October 10, 2022 Report Is A Proper Reply Report ................... 5

II.    Even If Ms. Frederiksen-Cross' Reply Report did contain new information, Plaintiffs Can Show No Prejudice ........................................................................................................ 6

CONCLUSION.................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Diabetes Ass'n v. Friskney Fam. Tr., LLC*,
  2015 WL 12826476 (E.D. Pa. July 21, 2015) .......................................................5, 6

*In re Epipen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
  2020 WL 1164869 (D. Kan. Mar. 10, 2020) ................................................................6

*Helios Software, LLC v. Spectorsoft Corp.*,
  2014 WL 4796111 (D. Del. Sep. 18, 2014) .................................................................6

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
  2017 WL 478565 (D. Del. Jan. 31, 2017) ...................................................................6

*Kleen Prod. LLC v. Int'l Paper*,
  306 F.R.D. 585 (N.D. Ill. 2015) ..............................................................................5, 6

*MobileMedia Ideas, LLC v. Apple Inc.*,
  2012 WL 6019305 (D. Del. Dec. 3, 2012) ..................................................................6

*Novartis Pharms. Corp. v. Actavis, Inc.*,
  2013 WL 7045056 (D. Del. Dec. 23, 2013) ................................................................7

*In re Paoli R.R. Yard PCB Litig.*,
  35 F. 3d 717 (3d Cir. 1994) .......................................................................................7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  2006 WL 2435083 (D. Del. Aug. 22, 2006) ...............................................................7

*Withrow v. Spears*,
  967 F. Supp. 2d 982 (D. Del. 2013) .......................................................................5, 6

## INTRODUCTION AND SUMMARY OF ARGUMENTS

The parties agreed that each expert would have an opportunity to provide three expert reports—an opening report, a rebuttal report, and a reply report.  ROSS's expert Barbara Frederiksen-Cross prepared three such reports as did both of Plaintiffs' experts.

Plaintiffs complain, though, that Ms. Frederiksen-Cross's reply report (what she called a sur-rebuttal) should be stricken because it raises "new" information.  It did not.  In any case, they do not establish prejudice.

In Ms. Frederiksen-Cross's opening report, she compared the headnotes to questions, the headnotes to judicial opinions, and the questions to judicial opinions for the Bulk Memo Project to determine which more closely corresponded to the other.[1]  The purpose of this comparison was to determine whether the questions more resembled uncopyrightable case law or what Plaintiffs claim to be copyrightable headnotes.

To do this comparison, Ms. Frederiksen-Cross used every question and every single headnote in every single case that appeared in the judicial opinions cited in the Bulk Memos.  Ms. Frederiksen-Cross had no choice but to take this approach.  At the time of her report, Plaintiffs had not identified the specific headnotes they claimed were at issue.

Plaintiffs' expert Jonathan Krein did know the headnotes that were at issue.  His opening report, served on the same day as Ms. Frederiksen-Cross's opening report, focused on the headnotes that Plaintiffs claimed were at issue—a much narrower set.  But he only compared headnotes to the Bulk Memo questions.

---

[1] The Bulk Memo Project forms the basis for Plaintiffs' claims.  Its contours are spelled out in ROSS's Fair Use Summary Judgment Motion.  (*See* D.I. 272.)

As contemplated by the schedule, both experts filed rebuttal reports, critiquing the other's opening reports. Dr. Krein critiqued Ms. Frederiksen-Cross's methodology and the data she used to reach her opinions and conclusions. Ms. Frederiksen-Cross leveled her own criticisms.

And then, as again allowed by the schedule, both Ms. Frederiksen-Cross and Dr. Krein filed reply reports. Ms. Frederiksen-Cross's reply report responds to Dr. Krein's criticisms of Ms. Frederiksen-Cross, defends her opening report methodology, and then applies the methodology that Dr. Krein contends is the proper methodology to be employed.

Thus, Ms. Frederiksen-Cross did not add new information in her reply report. Her reply responds to Dr. Krein's rebuttal report criticisms of her opening report, which criticisms could not be addressed anywhere but her reply report. She adopts the methodology that Dr. Krein insists is the only proper methodology to determine whether his methodology is more accurate. She then applies that methodology to the same questions, headnotes, and judicial opinions that Dr. Krein said were at issue.

Finally, Plaintiffs cannot and do not argue any prejudice. Among other things, Dr. Krein received Ms. Frederiksen-Cross's reply report in advance of his deposition. But he never read it and therefore, at his deposition, he begged off answering any questions pertaining to it. Plaintiffs had Ms. Frederiksen-Cross's reply report 31 days prior to her deposition, but asked not a single question about it, not even to establish what they now claim—that there was "new" information contained therein.

There is no basis for Plaintiffs' argument. The Motion should be denied.

## STATEMENT OF FACTS

A.    **Ms. Frederiksen-Cross Prepared An Expert Report Analyzing the Legal Questions in the Bulk Memos Against the Headnotes in the Judicial Opinions Plaintiffs Produced**

The parties served opening expert reports on August 1, 2022. Ms. Frederiksen-Cross's opening expert report included an analysis of 419,452 extracted headnotes from over 40,000 judicial opinions.  (*See* D.I. 280 ¶ 5; D.I. 280-2, Ex. B.)  At the time of Ms. Frederiksen-Cross's expert report, Plaintiffs had not identified the specific content at issue. (*See* D.I. 280 ¶ 7.)[2]

Dr. Krein's opening expert report included an Appendix (identified as Appendix C) that for the first-time identified the specific headnotes and judicial opinions that Plaintiffs claimed were at issue.  (*See* D.I. 281-10 – D.I. 281-13, Ex. 36.)  Dr. Krein claimed that he employed a methodology that compared the headnotes contained in what he identified as Appendix C to questions that appear in the Bulk Memos.  (*Id.*)

B.    **Ms. Frederiksen-Cross's Rebuttal And Reply Reports Address The Materials That Plaintiffs Placed At Issue And Respond To Plaintiffs' Critiques of Her Methodology**

On September 6, 2022, the parties served rebuttal expert reports.  Ms. Frederiksen-Cross critiqued Dr. Krein's Appendix C and applied her methodology from her opening report to the newly identified content in Appendix C.  (D.I. 280 at ¶ 7; D.I. 280-3 - D.I. 280-11, Ex. C.)

Dr. Krein's rebuttal report included critiques of Ms. Frederiksen-Cross's methodology used in her opening report.  (D.I. 266-1, Ex. AS.)  This was the first report to contain criticisms of Ms. Frederiksen-Cross's methodology.

---

[2] As this Court may recall from ROSS's Motion to Compel filed on July 11, 2022, (D.I. 193), ROSS sought an identification of the specific headnotes at issue starting on May 12, 2021.  Only after this Court granted ROSS's Motion to Compel, (D.I. 201 at 1), did Plaintiffs identify the specific headnotes.  (D.I. 281-10 – D.I. 281-13, Ex. 36.)

Finally, on October 10, 2022, the parties served reply reports.  In her reply report, Ms. Frederiksen-Cross addressed the flaws identified and critiques leveled by Dr. Krein in his rebuttal report.  Ms. Frederiksen-Cross then used Dr. Krein's proposed methodology to analyze the same set of materials that Dr. Krein placed at issue in his opening report and that was at issue in his rebuttal report.  (D.I. 280 at ¶¶ 33-48; D.I. 280-12 – D.I. 280-44, Ex. D.)

### C.    Plaintiffs' Expert Did Not Read Ms. Frederiksen-Cross's Reply Report And Plaintiffs Asked Her No Questions About It

At no time prior to filing this motion did Plaintiffs claim, or object to, Ms. Frederiksen-Cross's reply report as improper.  In fact, despite acknowledging his receipt of Ms. Frederiksen-Cross's reply report prior to his deposition, Dr. Krein had not read the report.  He, therefore, testified that he was unable to answer any questions about it.  (*See* D.I. 281-15, Ex. 43 at 160:24-161:5.)

Plaintiffs deposed Ms. Frederiksen-Cross on November 11, 2022, a month after ROSS served her reply report. Plaintiffs' counsel acknowledged that Ms. Frederiksen-Cross filed three reports in this case but chose to only examine her about her opening and rebuttal reports.  (*See* D.I. 266-1, Ex. AD at 8:11-18.)

### ARGUMENT

Ms. Frederiksen-Cross's reply properly responds to Dr. Krein's criticism of her methodology and analyzes the materials that Plaintiffs claimed were at issue and that Plaintiffs' expert analyzed.  The reply report did not contain "new" information.  Further, Plaintiffs cannot show that they are prejudiced by Ms. Frederiksen-Cross' report.

I.   **MS. FREDERIKSEN-CROSS' OCTOBER 10, 2022 REPORT IS A PROPER REPLY REPORT**

Plaintiffs want ROSS to be held solely to Ms. Frederiksen-Cross's opening report.  They claim that since the reply report focuses on a narrower set of headnotes and employs the methodology of Dr. Krein, it possesses "new" information.  (D.I. 261 at 3.)

As an initial matter, the premise is wrong.  The law does not dictate that a reply report stand mute in the face of the claims and criticisms of an opposing expert.  Ms. Frederiksen-Cross's reply report does what the law allows.  It responds to the reports of Dr. Krein on the same subject matter of Dr. Krein's reports.  *Withrow v. Spears*, 967 F. Supp. 2d 982, 1001 (D. Del. 2013) ("A rebuttal or reply expert report is proper if the intent of the report is solely to contradict or rebut evidence on the same subject matter identified by the opposing party's expert report." (cleaned up)); *Am. Diabetes Ass'n v. Friskney Fam. Tr., LLC*, 2015 WL 12826476, at *2 (E.D. Pa. July 21, 2015) (allowing reply report that responded to criticisms raised in a rebuttal report).

Nor is there any sense to holding ROSS solely to Ms. Frederiksen-Cross's opening report.  First, Plaintiffs' expert narrowed the scope of the materials at issue.  Thereafter, Ms. Frederiksen-Cross reports focused on those materials.

Second, neither Ms. Frederiksen-Cross's opening report nor her rebuttal report could respond to Dr. Krein's criticism of her methodologies because Dr. Krein's rebuttal report was the first to contain those criticisms.  Ms. Frederiksen-Cross had only her reply report to address those criticisms and then apply the methodology that Dr. Krein advocated in his rebuttal report to determine the validity of those criticisms.  The law allows this, of course.  One can only respond to what one knows.  *See Kleen Prod. LLC v. Int'l Paper*, 306 F.R.D. 585, 592 (N.D. Ill. 2015),

5

*aff'd sub nom*, *Kleen Prod. LLC v. Int'l Paper Co.*, 831 F. 3d 919 (7th Cir. 2016) (refusing to strike reply expert testimony because it was based on data that was previously unavailable).

Finally, even were the information considered "new," this information is allowed in this circumstance, where the reply responds to criticisms leveled in a rebuttal report. *See In re Epipen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 1164869, at *29-30 (D. Kan. Mar. 10, 2020) (admitting reply report that made modifications to expert analysis in response to opposing expert's criticisms); *Helios Software, LLC v. Spectorsoft Corp.*, 2014 WL 4796111, at *3-4 (D. Del. Sep. 18, 2014) (admitting reply report where expert performed additional testing in response to opposing expert's criticisms); *Am. Diabetes Ass'n*, 2015 WL 12826476, at *2-3 (allowing reply report that responded to criticisms raised in a rebuttal report); *Kleen Prod. LLC*, 306 F.R.D. at 591-92 (reply report allowed where reply report's additional analysis was in direct response to criticisms from opposing expert and provided further support for original opinions, the reply report was admissible).[3]

## II.   EVEN IF MS. FREDERIKSEN-CROSS'S REPLY REPORT DID CONTAIN NEW INFORMATION, PLAINTIFFS CAN SHOW NO PREJUDICE

Plaintiffs do not win simply by claiming that Ms. Frederiksen-Cross's reply report contains "new" information.  They must also show prejudice.  In considering whether to exclude an untimely or otherwise improper expert disclosure, the Third Circuit applies the *Pennypack* factors: (1) whether there is surprise or prejudice to the moving party; (2) whether the moving party can cure any prejudice; (3) the extent the order and efficiency of trial will be

---

[3] Plaintiffs' cases do not counsel a different result.  In *Withrow v. Spears*, 967 F. Supp. 2d 982, 1003 n.13 (D. Del. 2013), the court declined to exclude the export report.  In *MobileMedia Ideas, LLC v. Apple Inc.*, 2012 WL 6019305, at *1 (D. Del. Dec. 3, 2012), the report contained opinions the court had already excluded and contained data available when the opening report was filed. In *Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 478565 (D. Del. Jan. 31, 2017), the "vast majority" of the reply report was not responsive to prior reports.  *Id.* at *2.

disrupted; (4) whether the party offering the improper expert disclosure has acted in bad faith or willfully disobeyed a court's order; and (5) the importance of the testimony the moving party seeks to exclude. *See Novartis Pharms. Corp. v. Actavis, Inc.*, 2013 WL 7045056, at \*7 (D. Del. Dec. 23, 2013). Plaintiffs make no argument that anyone of these factors are at play. They are not.

     *First*, there is no surprise or prejudice. Ms. Frederiksen-Cross filed a proper reply report consistent with the case deadlines. As noted above, the report responded to criticisms leveled by Dr. Krein and concerned the materials that Plaintiffs placed at issue. (*See* Argument, Section I.)

     *Second*, if there were any prejudice (and there is not), Plaintiffs made no attempt to cure it. Plaintiffs had a month to prepare for Ms. Frederiksen-Cross's deposition. Their expert had time to review that report and testify as to any infirmities. He did not. (*See* Statement of Facts, Sections B-C.) That means Plaintiffs cannot satisfy this factor. *See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 35 F. 3d 717, 792-93 (3d Cir. 1994) (finding district court erred in excluding untimely expert submission where there was "abundant time to depose" the expert before the discovery deadline); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2006 WL 2435083, at \*1 (D. Del. Aug. 22, 2006) (rejecting a party's claim that it would be prejudiced by a supplemental expert report where the party had almost three weeks to review the report before having the opportunity to depose the expert).

     *Third*, Ms. Frederiksen-Cross's reply report does not disrupt the order and efficiency of trial. Plaintiffs do not make any such argument.

     *Fourth*, Plaintiffs do not make any allegation that Ms. Frederiksen-Cross's reply report was filed in bad faith or based on any willful noncompliance with the Court's Order.

*Fifth*, and finally, Ms. Frederiksen-Cross's reply report is important to the case.  ROSS is

entitled to rebut Plaintiffs' expert.  ROSS is entitled to establish that the methodology employed

by Dr. Krein as to the materials Dr. Krein identified as relevant does not support the opinions Dr.

Krein offers.  Plaintiffs should not be entitled to offer an unrebutted opinion when the parties

stipulated to an arrangement that allowed for reply reports.  Plaintiffs had to know that there

would be critiques contained in the reply reports.  And the law contemplates precisely that.

## CONCLUSION

For the foregoing reasons, ROSS respectfully requests this Court deny Plaintiffs' Motion

to Exclude Certain Testimony, Argument, or Evidence Regarding the Opinions of Barbara

Frederiksen-Cross.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Gabriel M. Ramsey
Warrington Parker
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

By:  */s/ David E. Moore*
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Andrew L. Brown (#6766)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       dmoore@potteranderson.com
       bpalapura@potteranderson.com
       abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

Dated:  January 30, 2023
10569479 / 20516.00001
 Public Version Dated: February 6, 2023

8