# EXHIBIT 68

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CHAPTER I**
**LOCAL CIVIL RULES**

**TABLE OF CONTENTS**

**I.   SCOPE OF RULES; FORM OF ACTION**................................................**1**
F.R.Civ.P. 1.  SCOPE AND PURPOSE.............................................1
*L.R. 1-1  Applicability.* .................................................*1*
*L.R. 1-2  General Orders.* ..........................................*1*
*L.R. 1-3  Applicability of Rules to Persons Appearing Without*
*Attorneys.* ...................................................*1*
*L.R. 1-4  Definitions.* .................................................*1*
*F.R.Civ.P. 2.  ONE FORM OF ACTION* ...................................*2*

**II.  COMMENCING AN ACTION; SERVICE OF PROCESS,**
**PLEADINGS, MOTIONS, AND ORDERS** ...........................**2**
F.R.Civ.P. 3.  COMMENCING AN ACTION ............................2
*L.R. 3-1  Civil Cover Sheet and Other Forms Required at the Time*
*of Filing a New Action.* .................................*2*
*L.R. 3-2  Filing of Initiating Documents* .........................*2*
F.R.Civ.P. 4.  SUMMONS .....................................................3
*L.R. 4-1  Summons - Presentation for Issuance.* .............*3*
*L.R. 4-2  Summons - Service of Process - United States Marshal -*
*Civil Cases.* ...............................................*3*
*L.R. 4-3  Summons - Service of Process - United States*
*Government* .................................................*3*
*L.R. 4-4  Summons - Service of Process - Habeas Corpus*
*Proceedings.* ...............................................*3*
*L.R. 4-5  Summons - Service of Process Directed to Foreign*
*Countries or to Persons or Entities Within Them.* ........*3*
*F.R.Civ.P. 4.1.  SERVING OTHER PROCESS* .............................*4*
F.R.Civ.P. 5.  SERVING AND FILING PLEADINGS AND OTHER
PAPERS ..................................................................4
*L.R. 5-1  Lodging Documents* ...........................................*4*
*L.R. 5-2  Filing In Forma Pauperis.* ...................................*4*
*L.R. 5-3  Serving Documents* ...........................................*4*
*L.R. 5-3.1  Service of Documents Not Filed Electronically.* ......*5*
*L.R. 5-3.1.1  Service.* ....................................*5*
*L.R. 5-3.1.2  Proof of Service.* .........................*5*

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

(e.g., notice of motion, memorandum in support or opposition). Immediately below the description shall appear the time and date of the hearing on the matter to which the document is addressed.

(f)   The title of a complaint or petition shall state the nature of the action or proceeding.

### *L.R. 11-3.9  Citations*

*L.R. 11-3.9.1  Acts of Congress*.  All citations to Acts of Congress shall include a parallel citation to the United States Code by title and section.

*L.R. 11-3.9.2  Regulations.*  All citations to regulations shall include a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation.

*L.R. 11-3.9.3  Cases.*  Citation to a U.S. Supreme Court case must be to the United States Reports, Lawyers' Edition, or Supreme Court Reporter if available. Citation to a case from any other federal court must be to the Federal Reporter, Federal Supplement, or Federal Rules Decisions if available. Citation to a state court case must be to the official state reporter or any regional reporter published by West Publishing Company if available. If a case is not available in the foregoing sources, but is available on an electronic database (e.g., LEXIS or Westlaw), citation to the case must include the case name, the database identifier, the court, the date of decision, any code or number used by the database to identify the case, and any screen or page numbers assigned.

### *L.R. 11-3.10 Translations Required.* Claim-Initiating Documents, as defined in L.R. 3-2, must be presented for filing in the English language.  All other documents must be presented in English unless: (a) an English translation is concurrently provided; or (b) the Court orders otherwise upon a showing of good cause.

### *L.R. 11-4  Copies*

# Local Rules of the
# United States District Court

# EASTERN DISTRICT OF CALIFORNIA



**Effective March 1, 2022**

## RULE 133 (Fed. R. Civ. P. 5)

## FILING AND CONTENTS OF DOCUMENTS

(a)     **Electronic Filing.**  The Eastern District of California is an electronic case management/filing district (CM/ECF).  Unless excused by the Court or by the electronic filing procedures set forth in these Rules, attorneys shall file all documents electronically pursuant to those Rules.  All complaints, and subsequent motions, pleadings, briefs, exhibits, and all other documents in an action shall be electronically filed except as otherwise provided by these Rules.  Pro se parties shall file and serve paper documents as provided in these Rules.  After a pro se party files a paper document, the Clerk will transform the paper filing into an electronic record and ultimately discard the paper filing.

(b)     **Exceptions**

(1)     **Attorney Exceptions.**  In exceptional circumstances and for specific documents, an attorney may apply for permission to file documents in paper format.  See L.R. 133(b)(3).  The decision to permit paper filing is in the sole discretion of the assigned Judge or Magistrate Judge.  Any request to file paper documents must be made no less than seven (7) days before the date the documents would otherwise be due to be filed. Permission to file paper documents may be revoked at any time.  Paper filings will be scanned, and the electronic format will become the official court record unless otherwise ordered by the assigned Judge or Magistrate Judge.  The paper filing will ultimately be discarded.

(2)     **Pro Se Party Exception.**  Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.  See L.R. 133(b)(3).  All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules.

(3)     **Form of Requests.**  Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception.  Points and authorities are not required, and no argument or hearing will normally be held.  Requests may also be made in scheduling conference and pretrial conference statements when the need can be foreseen.

(4)     **Grand Jury Exception.**  Grand jury proceedings shall be submitted for filing by the United States Attorney in paper format.  These documents will be scanned into .pdf format by the Clerk and, unless authorized to be publicly available, shall be kept under seal.  All paper documents shall be returned to the United States Attorney.

(5)     **Exception for Certain Other Criminal Documents.**  See L.R. 131(h).

    **(c)**    **Controlling Procedures.**  Whenever, in these Rules, reference is made to filing or service of a document, the reference shall include filing and serving documents electronically in conformity with these Rules.  If these Rules require paper filings or service for certain persons or circumstances, then conventional filing and service procedures shall control to that extent.

    **(d)**    **Paper Documents**

    **(1)**    **Delivery of Paper Documents to the Clerk.**  Except as expressly authorized in advance by the Court, all paper documents presented for filing or lodging shall be delivered to the Clerk who will, when appropriate, deliver the documents to the Judge or Magistrate Judge after docketing.  Original documents to be filed or lodged shall not be mailed to chambers.  If a particular document is to be brought to the immediate attention of the Judge or Magistrate Judge assigned to the action, a copy may be mailed or otherwise delivered to the chambers, but the original shall be presented to the Clerk.  See Fed. R. Civ. P. 5; L.R. 121(b).  All documents delivered to the Clerk for filing or lodging in a pending action should be presented to the Clerk at the office where the action is pending.  See L.R. 120, 121.  However, unless otherwise ordered by the Court, documents filed at an incorrect office will be accepted by that office.

    **(2)**    **Filing of Multiple Copies of Paper Documents.**  One additional legible conformed copy of all paper documents to be filed or lodged shall be delivered to the Clerk, for the Court's use, except that in actions to be heard by a District Court composed of three Judges, three additional legible conformed copies of each brief and supporting documents shall be delivered to the Clerk.

    **(3)**    **Handling of Improper Paper Documents.**  The Clerk will not refuse to file a paper document that is submitted for filing in a pending action on account of improper formatting.  The Clerk will scan it and, if improperly filed, notify the Court that the document was filed in an improper format.  An order to show cause (OSC) may be issued in appropriate actions regarding an attorney's disregard for the requirement to utilize electronic filing or other violations of these electronic filing procedures.  See L.R. 110.

    **(e)**    **Facsimile Documents.**

    **(1)**    **Facsimile as Original Document.**  For purposes of this Rule, the image of the original manual signature appearing on a facsimile (fax) copy filed pursuant to this Rule shall constitute an original signature for all court purposes.  The document, which itself may be in whole or in part a fax copy, must be marked "original" before submission to the Clerk for filing.

    **(2)**    **Retention of Actual Original.**  The originator of the document, or in the case of an affidavit or certification, the presenting attorney or party, must maintain the

21

document containing the original manual signature until the conclusion of the action, including any appeal and remand after appeal.  In the event there are multiple signatories to a document, the filing party or attorney shall retain the originally signed document(s).

   **(3)**  **Filing of Actual Original.** The Court may require that the document containing the original manual signature be filed.

   **(4)**  **No Direct Fax to Clerk or Chambers.**  This Rule does not provide for documents to be transmitted via fax directly to the Clerk.  Documents directly faxed to the Clerk or to a chambers of the Court will not be filed, lodged, received, returned, or acknowledged, absent an express order of the Court.

   **(f)**  **Chambers Courtesy Paper Copies**.  A person who electronically files any document (excluding attachments or exhibits) in excess of 25 pages must also provide a courtesy paper copy of the document to the appropriate chambers.  A person who electronically files attachments or exhibits that total in excess of 50 pages must also provide a paper courtesy copy of those attachments or exhibits to chambers by delivering it to the Clerk.  The courtesy copy must be mailed or otherwise sent to the pertinent courtroom deputy clerk no later than the next business day following the electronic filing. *All courtesy copies shall be prominently labeled as such in capital letters on the face sheet of the courtesy copy.*  Chambers have no obligation to retain the courtesy copies.  <u>See also</u> L.R. 130(b).

   **(g)**  **Caption and Title.**  Following the counsel identification and commencing on the eighth line of the initial page of each document (except where additional space is required for identification), there shall appear:  (1) the title of the Court, (2) the title of the action, (3) the file number of the action, followed by the initials of the Judge and Magistrate Judge to whom it is currently assigned, (4) a title describing the document, (5) immediately below the case number and title of the document, a statement of the date, time, and name of the Judge or Magistrate Judge for any scheduled hearing, and (6) any other matter required by these Rules.

   **(h)**  **Reference to Parties.**  If there are more than two parties, including intervenors or amici, references to all parties shall include the name (which may be abbreviated) of the particular party or parties to whom reference is made.

   **(i)**  **Citations.**

   **(1)**  **Federal Citations.**  Citations to federal decisions shall be to the United States Supreme Court Reports, Federal Reports, Federal Supplement, or Federal Rules Decisions, if so reported, and shall indicate the court and year of decision.  Citations to federal statutes shall be to the United States Code, if so codified.  Citations to federal administrative rules shall be to the Code of Federal Regulations, if so codified, or to the Federal Register, if published therein.

(2)    **State Citations.**  Citations to California decisions shall be to the official California Reports.  Citations to other state cases shall be to the National Reporter System, showing state and year of decision.  Other parallel citations may be added.

(3)    **Unreported, Uncodified Citations.**

(i) **General Requirement.**  If case, statutory, or regulatory authority is relied upon that has not been reported, published or codified in any of the foregoing references, and that is not available through Westlaw/Lexis, a copy of that authority shall be appended to the brief or other document in which the authority is cited.  This requirement shall include, but not be limited to, the Statutes at Large, the Public Laws of the United States, the California Administrative Code, administrative regulations not contained in the Code of Federal Regulations or the Federal Register, and decisions and other matters published in specialized reporter services.

(ii) **Incarcerated Pro Se Parties.**  In any action wherein a party is incarcerated and appearing pro se, that party shall be served with a paper copy of the case, statutory, or regulatory authority cited by the filing party that has not been reported as set forth in (1) and (2) above, regardless of its availability in Westlaw/Lexis, as well as a paper copy of that authority otherwise required to be appended in 3(i) above.  No copy of the authority available in Westlaw/Lexis shall be filed with the court.

(j)    **Depositions.**  Depositions shall not be filed through CM/ECF.  Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.  Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court.  Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.  See L.R. 250.1(a).

(k)    **Tables.**  Briefs exceeding fifteen (15) pages in length shall be accompanied by an indexed table of contents related to the headings or subheadings and by an indexed table of statutes, rules, ordinances, cases, and other authorities cited.

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL LOCAL RULES

# CONTENTS

| | | | |
|---|---|---|---|
| 1. | TITLE; SCOPE; DEFINITIONS | | 9 |
| | 1-1. | Title | 9 |
| | 1-2. | Scope, Purpose and Construction | 9 |
| | | (a) | Scope | 9 |
| | | (b) | Supplement to Federal Rules | 9 |
| | | (c) | Temporary Suspension of Local Rules | 9 |
| | 1-3. | Effective Date | 9 |
| | 1-4. | Sanctions and Penalties for Noncompliance | 9 |
| | 1-5. | Definitions | 9 |
| | | (a) | Clerk | 9 |
| | | (b) | Court | 9 |
| | | (c) | Day | 9 |
| | | (d) | Ex parte | 9 |
| | | (e) | File | 10 |
| | | (f) | Fed. R. Civ. P | 10 |
| | | (g) | Fed. R. Crim. P | 10 |
| | | (h) | Fed. R. App. P | 10 |
| | | (i) | Federal Rule | 10 |
| | | (j) | General Orders | 10 |
| | | (k) | General Duty Judge | 10 |
| | | (l) | Judge | 10 |
| | | (m) | Lodge | 10 |
| | | (n) | Meet and confer | 10 |
| | | (o) | Standing Orders of Individual Judges | 10 |
| | | (p) | Unavailability | 10 |
| 3. | COMMENCEMENT AND ASSIGNMENT OF ACTION | | 11 |
| | 3-1. | Regular Session | 11 |
| | 3-2. | Commencement and Assignment of Action | 11 |
| | | (a) | Civil Cover Sheet | 11 |
| | | (b) | Commencement of Action | 11 |
| | | (c) | Assignment to a Division | 11 |
| | | (d) | San Francisco and Oakland | 11 |
| | | (e) | San Jose | 11 |
| | | (f) | Eureka | 11 |
| | | (g) | Assignment of Action to the Eureka Division | 11 |
| | | (h) | Transfer of Actions and Proceedings | 11 |
| | 3-3. | Assignment of Action to a Judge | 12 |
| | | (a) | Assignment | 12 |
| | | (b) | Multiple Filings | 12 |
| | | (c) | Refiled Action | 12 |

proper division within this district in accordance with this rule, or (2) that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

### 3-3.  Assignment of Action to a Judge

**(a)**   **Assignment**. Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court (General Order No. 44). The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan .

**(b)**   **Multiple Filings**. Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(h).

**(c)**   **Refiled Action**. If any civil action or claim of a civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed. Any party who files an action in multiple divisions or dismisses an action and subsequently refiles it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions.

### 3-4.  Papers Presented for Filing

**(a)**   **First Page Requirements**. The first page of each paper presented for filing must set forth:

**(1)**   The name, address, telephone number, email address, and state bar number of counsel (or, if pro se, the name, address, telephone number, and email address of the party) presenting the paper for filing. This information must appear in the upper left hand corner and must indicate the party represented by name as well as that party's status in the litigation (i.e., plaintiff, defendant, etc.). In multiparty actions or proceedings, reference may be made to the signature page for the complete list of parties represented;

**Cross Reference**

See Civil L.R. 3-9 "*Parties*"; Civil L. R. 3-11 *"Failure to Notify of Address Change*;" and Civil L.R. 11-3(e) "*Appearances and Service on Local Co-Counsel*.

**(2)**   If not proceeding pro se and if proceeding *pro hac vice* in conformity with Civil L.R. 11-3, following the information required in Civil L.R. 3-4(a)(1), the name, address, telephone and state bar number of the member of the bar of the Court who maintains an office within the State of California; and

**(3)**   Commencing on the eighth line of the page (except where additional space is required for counsel identification) there must appear:

**(A)**   The title of this Court, including the appropriate division or location;

**(B)**   The title of the action;

**(C)**   The case number of the action followed by the initials of the assigned District Judge or Magistrate Judge and, if applicable, the initials of the

Magistrate Judge to whom the action is referred for discovery or other pretrial activity;

**(D)** A title describing the paper; and

**(E)** Any other matter required by Civil L.R. 3.

**(4)** Any complaint or Notice of Removal of Action seeking review of federal agency determinations in immigration cases, Privacy Act cases, or Administrative Procedure Act cases must include, under the title of the document, whichever of the following is applicable: "Immigration Case," "Privacy Act Case," or "Administrative Procedure Act Case."

**(5)** **Presentation of Class Action**. If any complaint, counterclaim or cross-claim is sought to be maintained as a class action, it must bear the legend "Class Action" on its first page below the title describing the paper as a complaint, counterclaim or cross-claim.

**(b)** **Caption for Consolidated Cases**. When filing papers in cases consolidated pursuant to Fed. R. Civ. P. 42, the caption of each paper must denote the lead case number above all consolidated case numbers. Duplicate originals, however, are not required for associated cases.

**(c)** **General Requirements**

**(1)** **Paper**. Papers presented for manual filing must be on 8½ inch by 11 inch white paper with numbered lines, and must be flat, unfolded (unless necessary for the presentation of exhibits), without back or cover, and firmly bound.

**(2)** **Written Text**. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes, and quotations.  Unless a Judge's standing order or other instruction from the court requires otherwise,  text, including footnotes and quotations, must be:

**(A)** in a standard, proportionally spaced font (e.g., Times New Roman or Century Schoolbook);

**(B)** in 12 point type or larger; and

**(C)** spaced no more than 10 characters per horizontal inch.

**(3)** **Identification of Paper**. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action, that case number must be included in the footer.

**Commentary**

When a case is first filed, the footer on each page of the complaint need only bear the title of the paper (e.g., "Complaint"), but after assignment of a case number on filing, that number must be included in footers on any subsequently prepared papers (e.g., "Defendant's Motion for Summary Judgment – 21-cv-12345-ABC.")

**(d)** **Citation to Authorities**. Unless otherwise directed by the assigned Judge, citation to authorities in any paper must include:

**(1)** In any citation to an Act of Congress, a parallel citation to the United States Code by title, section and date;

(2)     In any citation to U.S. regulations, a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation;

(3)     In any citation to a U.S. Supreme Court Case, a citation to United States Reports, Lawyers' Edition, or Supreme Court Reporter. If the case is not yet available in any of those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned;

(4)     In any citation to other federal courts, unless an alternate reporting service is widely available, a citation to the Federal Reporter, Federal Supplement, or Federal Rules Decisions must be used. If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned; and

(5)     In any citation to a state court, citations must include either the official reports or any official regional reporting service (e.g., West Publishing). If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned.

**(e)     Prohibition of Citation to Uncertified Opinion or Order**. Any order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

**Cross Reference**
See Civil L.R. 7-14 *"Designation 'Not For Citation'."* See also Ninth Circuit Court of Appeals Rule 36-3.

## 3-5.    Jurisdictional Statement

**(a)     Jurisdiction**. Each complaint, petition, counterclaim, and cross-claim must include a separate paragraph entitled "Jurisdiction." The paragraph will identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction.

**(b)     Divisional Assignment**. Each complaint or petition must include a paragraph entitled "Divisional Assignment." The paragraph must identify any basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## 3-6.    Jury Demand

**(a)     Included in Pleading**. A party may demand a jury trial as provided in Fed. R. Civ. P. 38(b). When a demand for jury trial is included in a pleading, the demand must be set forth at the end of the pleading. When the demand is made by a party who is represented by counsel, the pleading must be signed by the attorney for the party making the demand. In the caption of such pleading, immediately following the title of the pleading, the following must appear: "DEMAND FOR JURY TRIAL."

**(b)     Marking of Civil Cover Sheet Insufficient**. Marking the civil cover sheet to indicate a demand for jury trial is not a sufficient demand to comply with this Local Rule.

**Commentary**
See *Wall v. Nat'l R.R. Passenger Corp*., 718 F.2d 906, 909 (9th Cir. 1983) (holding that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)").

**LOCAL RULES**

**OF**

**CIVIL PRACTICE AND PROCEDURE**

**OF THE**

**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF DELAWARE**

(Amended Effective August 1, 2016)

moving party; *i.e.*, if the moving party files a motion accompanied by a brief, the responsive paper should be a brief. An appendix may be filed with any brief.

(b)     Schedule.  Unless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 14 days, as calculated consistent with Fed. R. Civ. P. 6(a) and CM/ECF Procedures. Once the responsive papers have been deemed served, the moving party may file a reply within 7 days, as calculated consistent with Fed. R. Civ. P. 6(a) and CM/ECF Procedures. Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval.

(c)     Bankruptcy Appeals.  Bankruptcy appeals shall be exempt from the requirements of this Rule, and shall instead conform to the requirements of the Federal Rules of Bankruptcy Procedure and Part VIII of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

RULE 7.1.3.  **Form and Contents of Briefs, Memoranda of Points and Authorities, and Appendices.**

(a)     To the extent applicable and consistent with CM/ECF Procedures, papers shall comply with the following requirements regarding form, unless otherwise ordered:

(1)     Covers.  On the front cover of each brief, memorandum of points and authorities, and appendix, there shall be the name of the Court, the caption of the case, the civil action number, a description of the paper's nature, the date of filing, the name and designation of the party for whom the paper is filed, and the name, Delaware bar identification number, address, and telephone number of counsel by whom it is filed.

(2)     Format.  All briefs and memoranda shall be printed in at least 12 point type, and shall be double-spaced with at least 1 inch margins. To the extent paper copies of briefs, memoranda, and/or appendices are filed with the Court, they shall be firmly bound at the left margin.

(3)     Page Numbering of Appendices.  Pages of an appendix shall be numbered separately at the bottom. Transcripts and other papers reproduced in a manner authorized by this Rule shall be included in the appendix both with original and appendix pagination.

(4)     Length.  No opening or answering brief shall exceed 20 pages, and no reply brief shall exceed 10 pages, in each instance exclusive of any table of contents or table of citations.

(5)     Form of Citations.  Citations shall be made in accordance with "A Uniform System of Citation," published and distributed from time to time by the Harvard Law Review Association. Citations to the National Reporter System must be included, except as to United States Supreme Court decisions where the official citation shall be used.

(6)     Citation by Docket Number.  References to earlier-filed papers in any civil action shall include a citation to the docket item number as maintained by the Clerk in the following format:  "D.I." followed by the docket item number of the paper.

(7)     Unreported Opinions.  If an opinion is cited which is neither reported in the National Reporter System nor available on either WESTLAW or LEXIS, a copy of such opinion shall be attached to the document which cites it or shall otherwise be provided to the Court.

(b)     Contents of Memoranda of Points and Authorities.  Memoranda of points and authorities shall include the legal propositions urged by the party, succinctly stated, as well as citations to those cases and legal authorities supporting each such legal proposition. No further legal argument shall be included.

(c)     Contents of Briefs.

(1)     Opening and Answering Briefs. The opening and answering brief shall contain the following, under distinctive titles, in the listed order:

(A)     A table of contents setting forth the page number of each section, including all headings, designated in the body of the brief.

(B)     A table of citations of cases, statutes, rules, textbooks and other authorities, alphabetically and/or numerically arranged. If a brief does not contain any citations therein, a statement to this effect should be placed under this heading.

(C)     A statement of the nature and stage of the proceedings.

(D)     A summary of argument, setting forth in separately numbered paragraphs the legal propositions upon which the party relies.

(E)     A concise statement of facts, with supporting references to the record, presenting the background of the questions at issue. Each party shall be referred to as "plaintiff" or "defendant," as the case may be, or by the name or other appropriate designation which makes identity clear. The answering counterstatement of facts need not repeat facts recited in the opening brief.

(F)     An argument, divided under appropriate headings distinctly setting forth separate points.

(G)     A short conclusion stating the precise relief sought.

(2)     Reply Briefs.  The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief. There shall not be a repetition of materials contained in the opening brief. A table of contents and a table of citations, as required above, shall be included in the reply brief.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 26 2019

at 12 o'clock and 47 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE AMENDMENT OF THE LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII | ORDER AMENDING THE LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII |

IT IS HEREBY ORDERED that the Local Rules of Practice for the

United States District Court for the District of Hawaii ("Local Rules") are

amended, effective September 1, 2019, as attached to this order.  All previous

Local Rules adopted by the court are superseded by these Local Rules, except to

the extent ordered by the court in an individual case, pursuant to Local Rule 1.2.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2019.


J. Michael Seabright
Chief United States District Judge


Derrick K. Watson
United States District Judge


Leslie E. Kobayashi
United States District Judge


Jill A. Otake
United States District Judge

# Table of Contents

**Page**

CHAPTER I – GENERAL AND CIVIL RULES ....................................................1

LR1.1.      Title. .................................................................................1

LR1.2.      Effective Date; Transitional Provision. ......................................1

LR1.3.      Scope of the Rules; Construction..............................................1

LR1.4.      Definitions.........................................................................1

LR3.1.      Complaints. ........................................................................2

LR4.1.      Service of Process. ...............................................................2

LR5.1.      Depositions:  Transcripts or Recordings.....................................2

LR5.2.      Sealing of Information Filed with the Court................................3

LR5.3.      Electronic Filing..................................................................4

LR5.4.      Electronic Service. ...............................................................5

LR5.5.      Service of Hard Copies of Documents. ......................................5

LR5.6.      Proof of Service. .................................................................5

LR6.1.      Computation of Time............................................................6

LR6.2.      Extending or Shortening Time.................................................6

LR7.1.      Motions:  Notice, Hearing, Motion, and Supporting
            Documents. .......................................................................6

LR7.2.      Motions:  Briefing Schedule. ..................................................7

LR7.3.      Motions:  First Page.............................................................7

LR7.4.      Motions, Petitions, and Appeals:  Length of Briefs and
            Memoranda. .......................................................................8

LR7.5.      Motions:  Affidavits, Declarations, Citations. ............................8

LR7.6.      Supplemental Authorities.......................................................9

LR7.7.      Motions:  Counter Motions, Joinders. ......................................9

LR7.8.      Pre-Filing Conference...........................................................10

LR7.9.      Telephone Appearances..........................................................11

LR7.10.     Ex Parte Applications. ...........................................................11

**LR7.4.**       **Motions, Petitions, and Appeals:  Length of Briefs and Memoranda.**

(a)     Unless the court orders otherwise, a brief or memorandum in support of or in opposition to any motion, petition, or appeal, including one filed by a pro se party, shall not exceed twenty-five (25) pages in length, unless it complies with LR7.4(b) and (e).

(b)     A brief or memorandum in support of or in opposition to a motion, petition, or appeal may exceed the page limit in LR7.4(a) if it contains no more than 6,250 words.

(c)     A reply brief or reply memorandum, including one filed by a pro se party, shall not exceed fifteen (15) pages in length, unless it contains no more than 3,750 words and also complies with LR7.4(e).

(d)     Headings, footnotes, and quotations count toward the word limit.  The case caption, table of contents, table of authorities, exhibits, declarations, certificates of counsel, and certificates of service do not count toward the page or word limit.  In any matter in which a movant uses a form prepared by the court (e.g., § 2254 and § 2255 petitions, etc.), the preprinted portions of the form shall not count against any space limit set forth in these rules.

(e)     A brief or memorandum submitted under LR7.4(b), a reply brief or memorandum submitted under the word limit in LR7.4(c), or a concise statement submitted under the word limit permitted in LR56.1(c) must include a certificate by the attorney or a pro se party that the document complies with the applicable word limit.  This certificate shall state the number of words contained in the document.  The person preparing the certificate may rely on the word count of the word-processing system used to produce the document.

(f)     Briefs and memoranda exceeding ten (10) pages shall have a table of contents and a table of authorities.

**LR7.5.**       **Motions:  Affidavits, Declarations, Citations.**

Factual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations, when appropriate under the applicable rules.  Affidavits and declarations shall contain only facts, shall conform to the requirements of Fed. R. Civ. P. 56(c)(4) and 28 U.S.C. § 1746, and shall avoid conclusions and argument.  Any statement made upon information or belief shall

specify the basis therefor.  Affidavits and declarations not in compliance with this rule may be disregarded by the court.

If citation is made to an authority that is not easily available through Westlaw, Lexis/Nexis, or a comparably accessible service, two (2) Mandatory Chambers Copies (see LR10.3) of the authority shall be submitted to the court concurrently with the document containing the citation.

Citations shall be made to the applicable United States Code provision(s), rather than only to the section(s) of a named act or code, although reference may be made to both.  For example, a citation should not be made only to section 402(b) of the Clean Water Act; citation shall be made also or instead to 33 U.S.C. § 1342(b).

## LR7.6.            **Supplemental Authorities.**

If, after briefing on a motion is complete pursuant to LR7.2 or LR7.7, a party intends to rely on authorities not previously offered to the court, that party may promptly file a Notice of Supplemental Authorities.  The Notice of Supplemental Authorities shall list the additional authorities, including pinpoint citations, on which the party intends to rely and include a short parenthetical describing the proposition of law for which each authority is cited.  No further analysis or argument is permitted.

Absent extenuating circumstances, the court will not consider the submission of any supplemental authority that was available at the time of the filing of the party's last brief.

## LR7.7.            **Motions:  Counter Motions, Joinders.**

Any motion raising the same subject matter as an original motion may be filed by the responding party together with the party's opposition and may be noticed for hearing on the same date as the original motion, provided that the motions would otherwise be heard by the same judge.  A party's memorandum in support of the counter motion must be combined into one document with the party's memorandum in opposition to the original motion and may not exceed the page or word limit for an opposition absent leave of court.  The opposition to the counter motion shall be served and filed together with any reply in support of the original motion in accordance with LR7.4.  A party's opposition to the counter motion must be combined into one document with that party's reply in support of the original motion and may not exceed the page limit for a reply absent leave of court.  The movant on a counter motion shall file and serve any reply as follows:  if

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Jon E. DeGuilio, Chief Judge
Gary T. Bell, Clerk of Court



# Local Rules

### Effective:  February 25, 2022

**TABLE OF CONTENTS**

### Civil Local Rules

L.R. 1-1 Scope and Modification of the Civil Rules. ........................................... 4
L.R. 1-2 Availability and Amendments. ............................................................ 5
L.R. 1-3 Sanctions for Formatting Errors. ....................................................... 6
L.R. 3-1  Divisional Venue. ............................................................................. 7
L.R. 5-1  Electronic Filing ............................................................................... 8
L.R. 5-3   Filing Under Seal or Ex Parte .......................................................... 9
L.R. 5-4 Format of Papers. ........................................................................... 11
L.R. 5.1-1  Constitutional Questions. ............................................................ 13
L.R. 6-1 Extensions of Time. ........................................................................ 14
L.R. 7-1  Motion Practice. ............................................................................. 16
L.R. 7-3 Social Security Appeals. ................................................................. 19
L.R. 7-5 Oral Arguments and Evidentiary Hearings. ..................................... 20
L.R. 7-6 Pro Se Filings. ................................................................................ 21
L.R. 9-2 Request for Three-Judge Court. ..................................................... 22
L.R. 10-1  Responsive Pleadings. ................................................................. 23
L.R. 15-1  Amending Pleadings. ................................................................... 24
L.R. 16-1  Pretrial Procedure. ...................................................................... 25
L.R. 16-3 Continuances. ............................................................................... 27
L.R. 16-6 Alternative Dispute Resolution ..................................................... 28
L.R. 23-1  Class Actions. .............................................................................. 29
L.R. 26-1 Form of Certain Discovery Documents. ......................................... 30
L.R. 26-2 Filing of Discovery and Other Materials. ....................................... 31
L.R. 30-1  Scheduling Depositions. .............................................................. 33
L.R. 37-1 Resolving Discovery Disputes. ...................................................... 34
L.R. 37-3 Dealing with Objections During Depositions. ................................ 35
L.R. 40-1  Case Assignment ......................................................................... 36
L.R. 40-4  Time-Sensitive Matters. .............................................................. 38
L.R. 41-1 Failure to Prosecute. .................................................................... 39
L.R. 42-2 Consolidation. .............................................................................. 40

**N.D. Ind. L.R. 7-1 Motion Practice**

**(a)**    **Motions Must Be Filed Separately.** Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the  caption.

**(b)**    **Brief Required for Certain Motions.** Parties must file a supporting brief with any motion under:

    **(1)**    Fed. R. Civ. P. 12;

    **(2)**    Fed. R. Civ. P. 37;

    **(3)**    Fed. R. Civ. P. 56; or

    **(4)**    Fed. R. Civ. P. 65(b).

**(c)**    **Rule 12 Defenses.** The court will not rule on a defense under Fed. R. Civ. P. 12 until the party who raised it files a motion and brief.

**(d)**    **Response- and Reply-Brief Deadlines.**

    **(1)**    ***Summary-Judgment Motions.*** Summary-judgment motions are subject to the deadlines in N.D. Ind. L.R. 56-1(b) and (c).

    **(2)**    **Fed. R. Civ. P. 12 Motions.**

        **(A)**    *Responses.* A party must file any response brief to a motion under Fed. R. Civ. P. 12 within 21 days after the motion is served unless that party is entitled to and first files an amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1).

        **(B)**    *Replies.* The moving party must file any reply brief within 7 days after the response brief is served.

    **(3)**    ***Other Motions.***

        **(A)**    *Responses.* A party must file any response brief to a motion within 14 days after the motion is served.

        **(B)**    *Replies.* The moving party must file any reply brief within 7 days

Civil Rule 7-1

after the response brief is served.

**(4)**     *Extensions.* The court may extend response- and reply-brief deadlines, but only for good cause.

**(5)**     *Summary Rulings.* The court may rule on a motion summarily if an opposing party does not file a response before the deadline.

**(e)**     **Page Limits.**

**(1)**     *Rule.* Supporting and response briefs (excluding tables of contents, tables of authorities, and appendices) ordinarily must not exceed 25 pages. Reply briefs must not exceed 15 pages.

**(2)**     *Exception.* The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons. But if the court permits a brief to exceed 25 pages, it must include:

    **(A)**     a table of contents with page references;

    **(B)**     an issue statement; and

    **(C)**     a table of authorities including:

       **(i)**     all cases (alphabetically arranged), statutes, and other authorities cited in the brief; and

       **(ii)**     references to where the authorities appear in the brief.

**(f)**     **Authority Not Available Electronically.** A copy of any decision, statute, or regulation cited in a motion or brief must be attached to the paper if—and only if—it is not available on Westlaw or Lexis. But if a copy of a decision, statute, or regulation is only available electronically, a party must provide it to the court or another party upon request.

Local Rules Advisory Committee Comments<br>Re: 2019 Amendment

A 2009 change to Fed. R. Civ. P. 15(a) permits 21 days to amend a pleading in response to 12(b), (e), and (f) motions in cases where a required responsive pleading has not yet been served. The change to Rule 15(a) encourages parties to amend the initial pleading in light of the motion, thereby mooting the Rule 12 motion. The amendment to Local Rule 7-1(d) (2) provides consistency with Fed. R. Civ. P. 15(a) by allowing 21 days to respond to Rule 12(b), (e), and (f) motions.

Civil Rule 7-1

Re: 2022 Amendment

The text of Rule 7-1 created some confusion as to whether reply briefs were permitted, without leave of court, for motions made pursuant to Fed. R. Civ. P. 12.  Language was added in Rule 7-1(d)(2) to clarify that reply briefs are permitted for such motions, which reflects existing practice.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

# LOCAL RULES

*With Amendments through December 1, 2022*

The Local Rules of Alternative Disposition Resolution (ADR) and Local Rules of Disciplinary Enforcement can be found on the court's website at www.insd.uscourts.gov or by clicking the links above.

### District Judges

Chief Judge Tanya Walton Pratt
Senior Judge Sarah Evans Barker
Judge Richard L. Young
Judge Jane E. Magnus-Stinson
Judge James R. Sweeney II
Judge James Patrick Hanlon

### Magistrate Judges

Magistrate Judge Tim A. Baker
Magistrate Judge Mark J. Dinsmore
Magistrate Judge Matthew P. Brookman
Magistrate Judge Doris L. Pryor
Magistrate Judge Mario Garcia
Magistrate Judge Kellie M. Barr

Clerk of Court Roger A. G. Sharpe

## Local Rule 7-1 - Motion Practice

**(a) Motions Must Be Filed Separately.** Motions must be filed separately, but alternative motions may be filed in a single document if each is named in the title. A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court.

**(b) Brief Required for Certain Motions.** The following motions must also be accompanied by a supporting brief:

**(1)** a motion to dismiss, for judgment on the pleadings, or for more definite statement under Fed. R. Civ. P. 12.

**(2)** any motion made under Fed. R. Civ. P. 37.

**(3)** a motion for summary judgment under Fed. R. Civ. P. 56.

**(4)** a motion for a temporary restraining order under Fed. R. Civ. P. 65(b) and S.D. Ind. L.R. 65-2(b).

**(c) Response and Reply Deadlines.**

**(1)** *Summary Judgment Motions.* Summary judgment motions are subject to the deadlines in S.D. Ind. L.R. 56-1.

**(2)** *Rule 12(b), (e), or (f) Motions.* A party must file any response brief to a motion based on Rule 12(b), (e), or (f) within 21 days after the motion is served unless that party is entitled to and first files an amended pleading as a matter of course under Rule 15(a)(1). If a response to a motion to dismiss is filed, any reply is due within 7 days after service of the response.

**(3)** *Other Motions.*

**(A)** *Responses.* Any response is due within 14 days after service of the motion.

**(B)** *Replies.* Any reply is due within 7 days after service of the response.

**(4)** *Extensions.* The court may extend response and reply deadlines, but only for good cause.

**(5)** *Summary Ruling on Failure to Respond.* The court may summarily rule on a motion if an opposing party does not file a response within the deadline.

**(d) Routine or Uncontested Motions.** A party filing a routine or uncontested motion must also file a suitable proposed order. The court may rule upon a routine or uncontested motion before the response deadline passes, unless:

**(1)** the motion indicates that an opposing party objects to it; or

**(2)** the court otherwise believes that a response will be filed.

**(e) Page Limits.**

**(1)** *Generally.* Supporting and response briefs (excluding tables of contents, tables of authorities, appendices, and certificates of service) may not exceed 35 pages. Reply briefs may not exceed 20 pages.

**(2)** *Permission to Exceed Limits.* The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons.

**(3)** *Supporting and Response Briefs Exceeding Limits.* If the court allows a party to file a brief or response exceeding 35 pages, the document must include:

**(A)** a table of contents with page references;

**(B)** a statement of issues; and

**(C)** a table of authorities including

**(i)** all cases(alphabetically arranged), statutes, and other authorities cited in the brief; and

**(ii)** page numbers where the authorities are cited in the brief.

**(f) Copies of Authority.** Generally, copies of cited authorities may not be attached to court filings.   However, a party must attach to the party's motion or brief a copy of any cited authority if it is not available on Westlaw or Lexis. Upon request, a party must provide copies of any cited authority that is only available through electronic means to the court or the other parties.

**(g) Motions for Fees, Sanctions, and Disqualification.**

**(1)** *Reasonable Efforts to Resolve Dispute.* The court may not grant the following motions unless the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion:

**(A)** motion for attorney's fees (other than post-judgment).

**(B)** motion for sanctions under Fed. R. Civ. P. 11.

**(C)** motion to disqualify an attorney (other than one brought by a *pro se* party).

# LOCAL RULES OF PRACTICE



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# APRIL 17, 2020

**LR IA 7-3.    CITATIONS OF AUTHORITY**

(a)     References to an act of Congress must include the United States Code citation, if available.  References to federal regulations must include the Code of Federal Regulations' title, section, page, and year.

(b)     When a Supreme Court decision is cited, only the citation to the United States Reports must be given.  When a decision of a court of appeals, a district court, or other federal court has been reported in the Federal Reporter System, that citation must be given.  When a decision of a state appellate court has been reported in the West's National Reporter System, that citation must be given.  All citations must include the specific page(s) on which the pertinent language appears.

(c)     Electronically filed documents may contain hyperlinks to other portions of the same document and to a location on the Internet that contains a source document for a citation.

   (1)     Hyperlinks to cited authority may not replace standard citation format. Complete citations must be included in the text of the filed document.  The submitting party is responsible for the availability and functionality of any hyperlink.

   (2)     Neither a hyperlink nor any site to which it refers will be considered part of the official record.  Hyperlinks are simply convenient mechanisms for accessing material cited in a filed document.  If a party wishes to make any hyperlinked material part of the record, the party must attach the material as an exhibit.

   (3)     The court neither endorses nor accepts responsibility for any product, organization, or content at any hyperlinked site, or at any site to which that site may be linked.

(d)     References to documents filed in the court's electronic filing system must include the document number assigned by the court as follows: ECF No. 123 or the Bluebook-approved citation format.

(e)     References to exhibits or attachments to documents must include citations to the specific page(s) being referenced.

(f)     A decision by one judge in this district is not binding on any other district judge (unless the doctrines of law of the case, res judicata, or collateral estoppel otherwise apply) and does not constitute the rule of law in this district.

**LR IA 10-3.   EXHIBITS**

All filed documents with exhibits or attachments must comply with the following requirements:

(a)   Except for citations to authority or to documents that are part of the court record in the action, filed documents should make reference only to documents filed as exhibits or attachments to a document on file with the court;

(b)   Copies of pleadings or other documents filed in the pending matter must not be attached as exhibits or made part of an appendix.  Cases, statutes, or other legal authority must not be attached as exhibits or made part of an appendix unless they are not accessible on Westlaw or LexisNexis;

(c)   Exhibits and attachments must be paginated, and page numbers must be referenced when an exhibit or attachment is cited;

(d)   An index of exhibits must be provided;

(e)   A cover sheet referencing the exhibit or attachment by number or letter must be the first page of each exhibit or attachment and must include a descriptor of the exhibit or attachment (e.g., "Exhibit 1 – Deed of Trust," not simply "Exhibit 1");

(f)   Oversized exhibits must be reduced to 8 ½ by 11 inches, unless the reduction would destroy legibility or authenticity.  An oversized exhibit that cannot be reduced must be filed separately with a captioned cover sheet identifying the exhibit and the document(s) to which it relates;

(g)   Exhibits filed electronically must comply with LR IC 2-2(a)(3);

(h)   Exhibits need not be typewritten and may be copies, but they must be clearly legible and not unnecessarily voluminous; and

(i)   No more than 100 pages of exhibits may be attached to documents filed or submitted to the court in paper form.  Except as otherwise ordered by the assigned judge, exhibits in excess of 100 pages must be submitted in a separately bound appendix.  If an appendix exceeds 250 pages, the exhibits must be filed in multiple volumes, with each volume containing no more than 250 pages.  The appendix must be bound on the left and must include a table of contents identifying each exhibit and, if applicable, the volume number.  Each exhibit must be tabbed.  *See* LR IC 2-2(g).

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

# LOCAL RULES



## JANUARY 1, 1996

## As Amended Through December 1, 2022

**(i)     Service on a Limited Representation Attorney.**  When an attorney has been granted leave to provide limited representation under LR 83.7, copies of all filings by any party shall be served on the party who is receiving the limited representation and the limited representation attorney.  After the limited representation attorney has given notice or withdrawn pursuant to LR 83.7(e), no further service need be made upon that attorney.

(§ (a), 2nd paragraph regarding binding requirements deleted 1/1/00; §§ (a)(1) and (2) added 1/1/00; retitled, new § (d) added, former § (d)-(f) relettered accordingly 1/1/04; §§ (a)(1)-(2) amended 1/1/06; § (a)(1) retitled, §§ (a)(2) and (b) amended, § (d) amended, § (h) added 1/1/08; § (i) added 12/1/13; §§ (b) and (e) amended 12/1/17; § (d) amended 12/1/21)

## 5.2     Nonconforming Filings

The clerk's office shall file nonconforming filings, subject to the court striking the filing on its own initiative or on motion by a party.

## 5.3     Citation Format for Opinions Issued by This Court

**(a)     Reported Opinions.**  Opinions that are reported in the Federal Supplement, the Federal Rules Service, the Federal Rules Decisions, Westlaw, or Lexis shall be cited either by citing to the reporter or service in which the opinion is published, or by using the citation format specified in subsection (b).

**(b)     Opinions Published on the Court's Web Site and Issued After January 1, 2000**.  Opinions that are published on the court's web site (www.nhd.uscourts.gov) and issued after January 1, 2000, which are accessible without charge, may be cited using the four-digit year in which the opinion is issued, the letters "DNH," the three-digit opinion number located below the docket number on the right side of the case caption and, where reference is made to specific material within the opinion, the page number that appears in the Portable Document Format (PDF) version of the opinion that is available on the court's web site, e.g., United States v. Smith, 2000 DNH 001, 6.

**(c)     Unreported Opinions.**  All other opinions shall be cited using the citation form for unreported decisions suggested in the Blue Book.

(Added 1/1/01; amended 12/1/18)

## 5.4     Filing and Service by Electronic Means

**(a)     Filing.**  Pursuant to Fed. R. Civ. P. 5(d)(3) and Fed. R. Crim. P. 49(d), the clerk's office will accept papers filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes, and that comply with procedures for electronic filing established by the court.

**(b)     Service.**  Service of court orders and service by the parties pursuant to Fed. R. Civ. P. 5(b) and Fed. R. Crim. P. 49(b) may be accomplished through the court's transmission facilities and the court may enact procedural orders governing such service.

(Added 1/1/04; § (a) amended 1/1/08, 12/1/18)

# United States District Court
# Eastern District of North Carolina



# Local Civil Rules

## of

# Practice and Procedure

# December 2019

**Rule 7.2**     **Memoranda**

    **(a)**     **Form and Content.**

       A memorandum in support of or in opposition to a motion shall comply with Local Civil Rule 10.1 and shall contain:

       **(1)**     a concise summary of the nature of the case;

       **(2)**     a concise statement of the facts that pertain to the matter before the court for ruling;

       **(3)**     the argument (brevity is expected) relating to the matter before the court for ruling with appropriate citations in accordance with Local Civil Rules 7.2(b), (c) and (d); and

       **(4)**     copies of any decisions in cases cited as required by Local Civil Rules 7.2(c) and (d).

    **(b)**     **Citation of Published Decisions.**

       Published decisions cited should include parallel citations (except for United States Supreme Court cases), the year of the decision, and the court deciding the case.  The following are illustrations:

       **(1)**     State Court Citation: *Rawls v. Smith*, 238 N.C. 162, 77 S.E.2d 701 (1953);

       **(2)**     District Court Citation: *Smith v. Jones*, 141 F. Supp. 248 (E.D.N.C. 1956);

       **(3)**     Court of Appeals Citation: *Smith v. Jones*, 237 F.2d 597 (4th Cir. 1956);

       **(4)**     United States Supreme Court Citation: *Smith v. Jones*, 325 U.S. 196 (1956).  United States Supreme Court cases should be cited in accordance with current Bluebook form.

    **(c)**     **Citation of Authorities Not Appearing in Certain Sources.**

       Any authority (e.g., court decision, administrative decision, regulation) that

is not available on LexisNexis or Westlaw may be cited if a copy of the authority is filed as an exhibit to the motion or memorandum in which it is cited.

**(d)** **Citation of Unpublished Decisions.**

A decision designated as "unpublished" by a United States District Court may be considered by this court. A decision designated as "unpublished" by a United States Circuit Court of Appeals will be given due consideration and weight but will not bind this court.  In accordance with subsection (c) of this rule, if such an "unpublished" decision is not available on LexisNexis or Westlaw, a copy of it shall be filed as an exhibit to the motion or memorandum in which it is cited.

**(e)** **Provision of Authorities.**

If an authority is not reasonably available to an opposing party, the moving party citing that authority shall furnish the authority to the opposing party upon request.

**(f)** **Length of Memoranda.**

Unless the court orders otherwise, memoranda must conform to either the page limits or word limits below.

**(1)** Headings, footnotes, citations, and quotations in a memorandum count toward the page and word limits.  The case caption, the signature block, any required certificates, any table of contents, any table of authorities, and any attachments, exhibits, affidavits, and other addenda to a memorandum do not count toward the page and word limits.

**(2)** **Page Limits.**

**(A)** A memorandum in support of or in opposition to a motion (other than a discovery motion) shall not exceed 30 pages in length.

**(B)** A memorandum in support of or in opposition to a discovery motion shall not exceed 10 pages in length.

**(C)** A reply or surreply memorandum (where allowed) shall not exceed 10 pages in length.

# RULES OF

# PRACTICE AND PROCEDURE

## of the

## UNITED STATES

## DISTRICT COURT

## FOR THE MIDDLE DISTRICT

## OF NORTH CAROLINA

**Effective June 1, 2022**

**LR 7.2      BRIEFS**

(a)      **Contents**.  Opening briefs filed with the Court shall contain:
   (1)      A statement of the nature of the matter before the Court.
   (2)      A concise statement of the facts.  Each statement of fact should be supported by reference to a part of the official record in the case.
   (3)      A statement of the question or questions presented.
   (4)      The argument, which shall refer to all statutes, rules and authorities relied upon.

Response briefs filed with the court shall contain items (2) and (4) above.  There shall be no need to include items (1) or (3), but those items can be included at the election of respondent to any extent respondent desires to include those items and/or believes respondent's statement of those items would be helpful to the court.

Reply briefs filed with the court shall contain item (4) above and may contain item (2) to the limited extent of responding to factual matters newly raised in the response.  There shall be no need to include items (1) or (3) and those items ordinarily should not be included.

(b)      **Citation of Published Decisions.**  For purposes of these rules, published decisions include decisions published in widely used reports and electronic databases, specifically including Westlaw and LEXIS.  The preferred form of citation is in accordance with The Bluebook, a Uniform System of Citation.

(c)      **Citation of Unpublished Decisions.**  Unpublished decisions may be cited only if the unpublished decision is furnished to the Court and to opposing parties or their counsel when the brief is filed.  Unpublished decisions should be cited as follows: Wise v. Richardson, No. C-70-191-S (M.D.N.C., Aug. 11, 1971).

(d)      **Citation of Decisions Not Appearing in Certain Published Reports**.  Decisions published only in reports other than the West Federal Reporter System, Westlaw, LEXIS, the official North Carolina reports and the official United States Supreme Court reports (e.g., C.C.H. Reports, Labor Reports, U.S.P.Q., reported decisions of other states or other specialized reporting services) may be cited only if the decision is furnished to the Court and to opposing parties or their counsel when the brief is filed.

**LR 7.3      MOTION PRACTICE**

(a)      **Form.**  All motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule.  Each motion shall be set out in a separate pleading.

(b)      **Content.**  All motions shall state with particularity the grounds therefor, shall cite any statute or rule of procedure relied upon, and shall set forth the relief or order sought.

(c)      **Decided on Motion Papers and Briefs.**
   (1)      Motions shall be considered and decided by the Court on the pleadings, admissible evidence in the official court file, and motion papers and

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

# LOCAL RULES



Effective November 1, 2017

**LR 5.1 - <u>Electronic Filing</u>**

The Court will accept for filing all documents submitted, signed or verified by electronic means that comply with procedures established by the Court.

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed.  Except in the case of documents first filed in paper form and subsequently submitted electronically, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

All bar members of the Court must register to use the Court's electronic filing system and must submit documents by electronic means in accordance with procedures established by the Court, as described in Appendix A, "Administrative Procedures for Electronic Filing and Electronic Service."

**LR 5.2 - <u>General Format of Documents Presented for Filing</u>**

a.    <u>General Requirements</u>.  All pleadings, motions, and other documents presented for filing must be on 8.5 x 11 inch white paper or plain background, with double-spaced numbering running the length of the left margin, and must be plainly typewritten, printed, or prepared by a clearly legible duplication process. Block quotations, footnotes, and headings may be single-spaced; all other text must be double-spaced. All text must be in 12-point type or larger and in a serif font. Pages must be one-sided and numbered consecutively.

Three inches of the upper right-hand corner of the first page of all documents must be left blank for the clerk's use.

Unless otherwise required by this Rule, each page must have a margin of not less than 1.5 inches on the top, one inch on the bottom, one-half inch on the right hand margin, and one inch on the left hand side of the page.

The text of all documents filed in CM/ECF must be searchable, in conformity with Appendix A.3 of these Rules.

This rule does not apply to: (1) exhibits submitted for filing, except that pages from depositions, trial transcripts, or any other sources may not be reduced in size so as to fit more than one page of transcription or other material on to one page of an

exhibit; (2) documents filed in removed actions prior to removal from the Commonwealth courts; and (3) forms furnished by the Court.

b.  Citations to Authority.  All citations to legal authority must be in a generally recognized form that enables both the Court and all parties to locate the cited work. If a cited case or other authority is not available on LexisNexis or Westlaw, the citing party must attach a copy of the authority to the pleading as an exhibit.

c.  Counsel Identification.  The name, mailing address, e-mail address, and telephone number of counsel (or, if proceeding without counsel, of the party), and the specific identification of each party represented by name and interest in the litigation (i.e., plaintiff, defendant, etc.), must appear in the upper left-hand corner of the first page of each paper presented for filing, except that in multiparty proceedings reference may be made to the signature page for the complete list of parties represented.

d.  Caption and Title.

1.  "IN THE UNITED STATES DISTRICT COURT / FOR THE NORTHERN MARIANA ISLANDS" must appear on two lines, single-spaced and centered, on the first page of all documents, at least 1.5 inches from the top of the page.

2.  The title of the proceeding must appear on the first page of all documents below the title of the Court and to the left of the center of the page.  In a complaint, the title of the proceeding must contain the names of all parties. In all documents other than a complaint, the title of the proceeding may be appropriately abbreviated.

3.  The file number of the proceeding, a designation of the proceeding (i.e., as civil, criminal, bankruptcy, etc.), and a title describing the paper(s) presented for filing must appear on the first page of all documents below the title of the Court and to the right of the title of the proceeding.

4.  Every pleading must be specifically and particularly identified (e.g., "Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment").



# LOCAL RULES OF COURT

Effective:  November 1, 2016

Johnstown dockets, the Clerk of Court shall place the action on the plaintiff's choice of those two dockets.

## LCvR 5.1   GENERAL FORMAT OF PAPERS PRESENTED FOR FILING

**A.  Filing and Paper Size.**  In order that the files in the Clerk of Court's office may be kept under the system commonly known as "flat filing," all papers presented to the Court or to the Clerk of Court for filing shall be flat and as thin as feasible.  Further, all pleadings and other documents presented for filing to the Court or to the Clerk of Court shall be on 8½ by 11 inch size paper, white in color for scanning purposes and electronic case filing (ECF).

**B.  Lettering.**  The lettering or typeface shall be clearly legible and shall not be smaller than 12 point word processing font or, if typewritten, shall not be smaller than pica.  The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced.  Headings and footnotes may be single-spaced.  The font type and size used in footnotes shall be the same as that used in the body of the brief.  Margins must be at least one inch on all four sides.  Page numbers may be placed in the margins, but no text may appear there.

**C.  Printing on One Side.**  The lettering or typeface shall be on only one (1) side of a page.

**D.  Page Fasteners.**  All papers and other documents filed in this Court shall be securely fastened with a paper clip, binder clip or rubber band.  The use of plastic strips, staples or other such fasteners is prohibited, with the exception that administrative and judicial records may be firmly bound.

**E.  Exhibits to Briefs.**  Exhibits to a brief or motion shall accompany the brief or motion, but shall not be attached to or bound with the brief or motion.  Exhibits shall be secured separately, using either lettered or numbered separator pages to separate and identify each exhibit.  Each exhibit also shall be identified by letter or number on the top right hand corner of the first page of the exhibit. Exhibits in support of a pleading or other paper shall accompany the pleading or other paper but shall not be physically bound thereto.  In all instances where more than one exhibit is part of the same filing, there shall be a table of contents for the exhibits.

**F.  Separate Documents.**  Each motion and each brief shall be a separate document.

**G.  Exceptions on Motion.**  Exceptions to the provisions of this rule may be made only upon motion and for good cause or in the case of papers filed in litigation commenced *in forma pauperis.*

**H.  Withdrawal of Files.**  Records and papers on file in the office of the Clerk of Court may be produced pursuant to a subpoena from any federal or state Court, directing their production.  Records and papers may be removed from the files only upon order of Court.  Whenever records and papers are withdrawn, the

person receiving them shall leave with the Clerk of Court a signed receipt describing the records or papers taken.

**I.  Exhibits.**  All exhibits received in evidence, or offered and rejected, upon the hearing of any cause or motion, shall be presented to the deputy clerk, who shall keep the same in custody, unless otherwise ordered by the Court, except that the clerk may without special order permit an official court reporter to withdraw exhibits, by means of a signed descriptive receipt, for the purpose of preparing the transcript.

**J.  Law Enforcement Evidence.**  In all cases where money, firearms, narcotics, controlled substances or any matter of contraband is introduced into evidence, such evidence shall be maintained for safekeeping by law enforcement during all times when court is not in session, and at the conclusion of the case.  The law enforcement agent will be responsible for its custody if the evidence is required for any purpose thereafter.  *See also* LCrR 23.

**K.  Exhibits Retained by Clerk.**  Trial exhibits shall be retained by the deputy clerk until it is determined whether an appeal has been taken from a final judgment.  In the event of an appeal, exhibits shall be retained by the deputy clerk until disposition of the appeal.  Otherwise, they may be reclaimed by counsel for a period of thirty (30) days after which the exhibits may be destroyed by the deputy clerk.

**L.  Hyperlinks.**  The use of hyperlinks is permitted but is not required.  Because a hyperlink contained in a filing is no more than a convenient mechanism for accessing material cited in the document, a hyperlink reference is extraneous to any filed document and does not make the hyperlinked document part of the court's record.

> **1  Electronically filed documents may contain:**
>
> > **(a)**  Hyperlinks to either Westlaw or Lexis/Nexis for cited legal authority, but hyperlinks to a cited authority may not replace standard citation format.  Standard citations must be included in the text of the filed document;
> >
> > (b)  Hyperlinks to other documents previously filed within the CM/ECF in the Western District of Pennsylvania or from any other federal court; and
> >
> > **(c)**  Hyperlinks to other portions of the same document.
>
> **2  Electronically filed documents may not contain in text or footnotes:**
>
> > **(a)**  Hyperlinks to sealed or restricted documents;
> >
> > **(b)**  Hyperlinks to websites not listed in (a); or
> >
> > **(c)**  Hyperlinks to audio or video files.

LOCAL RULES OF
THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

Effective: December 1, 2009
Revised: December 01, 2022

**LR7.4 Citation of Authority**

Citation to decisions of the United States Supreme Court shall be to the United States Reports, if therein; otherwise to the Supreme Court Reporter or the United States Supreme Court Reports, Lawyers' Edition.  Citations to other federal decisions shall be made to the West reporter. Citations to state decisions shall be to the West regional reporter if therein; otherwise to the official state reporter.  Citations to federal statutes shall include at least the title and the section designation as the statute appears in the United States Code.  For authorities not available in one of the publications set forth above, citations to Westlaw, LexisNexis or other easily available non-subscription Internet legal research services will be accepted.  The Court will **not** consider improperly cited authority.

Filing with the Court and service upon other parties of copies of cited authorities is required only when the authority is not available in one of the publications of the West Publishing Company, Westlaw, LexisNexis or other easily available non-subscription Internet legal research services.  However, *upon request*, a party must provide to the Court or another party a copy of any authority not available in one of the publications of the West Publishing Company.

15



# LOCAL RULES OF COURT

**United States District Court**
**Middle District of Tennessee**

**January 24, 2020**

**(B)** If counsel cannot be reached, describe all attempts made to confer with all other counsel and the results of such attempts.

**(b) Exception for Discovery Responses**. This requirement does not apply to deadlines for responding to discovery, which may be agreed to by the parties without the necessity of an order of the Court, provided such extension does not interfere with the case management schedule, other case deadlines, or scheduled hearings.

## LR7.01 – MOTIONS

**(a) Conference with Counsel, Filing, Response and Reply**

**(1) Conference with Counsel**. In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

**(2) Motion and Supporting Memorandum**. Except as otherwise provided herein, every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof. No memorandum shall exceed twenty-five (25) pages without leave of Court.

**(3) Response**. Except for motions for reconsideration (to which no response shall be filed unless ordered by the Court), any party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. The response shall not exceed twenty-five (25) pages without leave of Court. If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court.

**(4) Reply**. An optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of Court.

**(b) Action by Court**. The Court may act on the motion prior to the time allowed for response. In such event, the affected party may file a motion to reconsider the Court's ruling within fourteen (14) days after service of the order reflecting the action of the Judge. However, notwithstanding any other provisions of this rule, the prevailing party shall not respond to a motion to reconsider under this section unless the Court orders a response.

**(c) Motions to Ascertain Status of Case**. At any time, an attorney for any party or any *pro se* party may file a written motion inquiring as to the status of the case or to pending motions, and may include in said motion a statement of reasons why an expedited disposition of the case or motion is necessary or desirable.

**(d) Citations to Legal Authorities**.

**(1) United States Supreme Court Decisions**. Citations to United States Supreme Court decisions shall be to U.S. only, if therein, otherwise to S.Ct. or L.Ed., in that order of preference. For recent or unreported decisions, Westlaw or Lexis citations are acceptable.

(2) **State Cases**. Citations to reported state cases must include at least the official state reporter citation and the regional reporter citation where available. For recent or unreported decisions, Westlaw and Lexis citations are acceptable.

(3) **Federal and State Statutes**. Citations to federal statutes must include at least the title and section designation as the statute appears in the United States Code. Citations to state statutes must include at least the title and section designation as the statute appears in the state's official code.

(4) **Unreported Decisions or Administrative Opinions**. Citations to any unreported federal or state court decisions or administrative opinions must include Westlaw or Lexis citations.

(5) **Availability of Cited Authority**. If a cited authority is not available in any reporter or legal research database, a copy of the decision, order, statute, regulation, or other cited authority must be appended as an exhibit to the memorandum of law.

**(e) Applicability to Rule 56 Motions.** The timing provisions of this rule do not apply to motions for summary judgment filed under Fed.R.Civ.P. 56, the procedures for which are governed by LR 56.01. Unless otherwise excepted by the language of this rule, all other provisions of this rule apply to Rule 56 motions.

## LR7.02 – BUSINESS ENTITY DISCLOSURE STATEMENT

Any non-governmental business entity party must file a Business Entity Disclosure Statement, using the form located on the Court's website. A party must file the Business Entity Disclosure Statement as a separate document with its initial pleading, or other initial court filing, and must supplement the Business Entity Disclosure Statement within a reasonable time of any change in the information.

## LR7.03 – GENERAL FORM OF PAPERS

**(a) Form**. All pleadings, motions, briefs, and all other papers filed in CM/ECF or presented for filing must be formatted to 8-1/2" x 11" paper, with one-inch margins and at least 12-point font. Footnotes must also be at least 12-point font, but must be single-spaced. If the filing is made in paper format, the filing must also be one sided. All material, except quoted material, must be double spaced. Documents presented to the Clerk for filing must be typed, printed, or prepared by a clearly legible duplicating process and all pages must be numbered at the bottom. The name of the District Judge and the Magistrate Judge must be placed below the case number on all filings subsequent to the initial filing. All pleadings must be signed as required by Fed.R.Civ.P. Rule 11, and names must be typed or printed beneath all signature lines. Page limitations are exclusive of case caption, signature line(s), and certificate of service.

**(b) Jury Demand**. If demand for jury trial is made in the complaint or answer, the phrase "JURY DEMAND" must appear immediately opposite the style of the case on the first page of the pleading and all subsequent filings.

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE

## LOCAL RULES

Revised February10, 2022

[www.tnwd.uscourts.gov](www.tnwd.uscourts.gov)

Civil Procedure is made in the complaint or answer, such demand shall be contained in the last paragraph thereof.  The phrase "JURY DEMAND" shall appear immediately opposite the style of the case on the first page of the pleading and all subsequent filings.

(d)    Page limitations imposed by these Local Rules do not include captions, signature lines, and certificates of service and/or consultation.


# LR 7.2
## MOTIONS

(a)    <u>Filing, Service and Response</u>.

(1)    <u>Motions</u>.  (See Section II(B) of the ECF Attorney User Manual (APPENDIX B)) The Clerk shall accept for filing only those motions in civil cases that  are accompanied by a supporting memorandum of facts and law (soidentified).  Motions for Summary Judgment shall comply with LR 56.1.

(A)    All motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a proposed order in a word processing format sent to ECF mailbox only for presiding judge (do not send to regular e-mail address).

(B)    <u>Consultation by Counsel</u>.  All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a certificate of counsel or the parties proceeding *pro se* affirming that, after  consultation between the parties to the controversy, they are unable to  reach an accord as to all issues or that all other parties are in agreement  with the action requested by the motion.  Failure to attach an  accompanying certificate of consultation may be deemed good grounds  for denying the motion.

The certificate must contain the names of participating counsel and the date and manner of consultation.  The burden shall be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference.  If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

(2)    <u>Responses</u>.  The response to the motion and its supporting memorandum, unless the motion is pursuant to Fed. R. Civ. P. 12(b) and (c) or 56 (see LR 12.1(b) ) shall be filed within 14 days after service of the motion and shall be accompanied by a proposed order in a word processing format sent to the ECF

mailbox only for the judge (do not send to regular mail address).  Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

(b)   <u>Submission of Motion</u>.  Upon the filing of a motion and the timely filing of the response, and a reply, if allowed by the Court or these Rules, the motion shall be submitted to the Court for a ruling unless a hearing has been requested and granted.

(c)   <u>Reply Memoranda</u>.  Except as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply.  Such motion for leave must be filed within 7 days of service of the response.

(d)   <u>Hearing on Motion</u>.  If counsel desires a hearing on the motion before the court, counsel shall request the hearing in the motion or response and shall explain why a hearing would be helpful or necessary.  If the court determines that a hearing would be helpful or necessary, the Court will set the date and time of the hearing and the clerk will notify all counsel.

(e)   <u>Length</u>.  Unless otherwise ordered by the Court, memoranda in support and in opposition to motions shall not exceed 20 pages in length, and reply memoranda, if permitted, shall not exceed 5 pages in length.

(f)   <u>Motions Pending on Removal</u>.  When an action or proceeding is removed to this Court with pending motions on which memoranda have not been submitted, the moving party shall comply with these rules within 14 days after removal, and each party opposing the motion shall then comply with these rules.

(g)   <u>Prisoners</u>.  All motions and orders to produce prisoners for testimony shall be filed with the Clerk at least 28 days prior to the date of the hearing or trial. Counsel for represented parties are responsible for filing a motion if they require prisoner attendance.  In *pro se* cases, the Court will issue the writ compelling the attendance of prisoner parties.  However, *pro se* parties shall be responsible for filing a motion to require the attendance of non-party prisoners.  Relief from this rule may be obtained by an order of the Court.

(h)   <u>Citation of Authority and Copies of Authority</u>.  Citations to authority shall be in a generally accepted citation form.  Citations to any judicial or administrative decision not fully reported in either United States Reports, Supreme Court Reporter, a Federal Reporter, Federal Supplement, Federal Rules Decisions or a South Western Reporter shall include Westlaw or Lexis citations, if available.  If the decision is not available on Lexis or Westlaw, a copy of the entire text of the decision shall accompany the memorandum.  Citations to statutes, regulations, ordinances, or other legislative authority not reported in the United States Code or the Tennessee Code Annotated shall include Westlaw or Lexis citations, if available.  If the statute, regulation, ordinance, or other legislative authority is not available on Lexis or Westlaw, a copy of the authority shall accompany the memorandum.  If a party does not have access to

the Lexis or Westlaw materials cited by a filing party and makes a request of the filing party, the filing party must provide a copy of the case, statute, regulation, ordinance, or other legislative authority to the requesting party.

(i)     Citation to Internet Materials. If a party cites to other materials from an internet source or website, a copy of such materials shall be attached to the filing in PDF format to ensure that the materials cited are retained in their original form in the Court's filing system.

# LR 7.3
## MOTION FOR REVISION OF INTERLOCUTORY ORDERS

(a)     Application to Non-Final Orders.  Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule.  Motions to reconsider interlocutory orders are not otherwise permitted.

(b)     Form and Content of Motion to Revise.  A motion for revision must specifically show:  (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

(c)     Prohibition Against Repetition of Argument.  No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised.  Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing.

(d)     The provisions of this rule do not apply to requests to dissolve or modify interlocutory injunctions pursuant to Fed. R. Civ. P. 65.

# LR 11.1
## SIGNATURES

(a)     The Filing User's login and password shall serve as that Filing User's signature on all papers filed electronically with the Court.  They serve as a signature for purposes of Fed. R. Civ. P. 11, all other civil and criminal rules, all local rules, and for any other purpose for which a signature is required in connection with proceedings before the Court.

(b)     Every paper filed electronically must include a signature block containing the Filing User's name, attorney bar number, firm name, street address, telephone number, and primary E-Mail address. In addition, the name of the Filing User under whose login

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF UTAH



# Local Rules of Civil Practice

# DECEMBER 2022

**(f)**   **Failure to Respond.**

Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.

**(g)**   **Oral Arguments on Motions.**

The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.

**(h)**   **Summary Judgment.**

This rule and DUCivR 56-1 apply to motions for summary judgment and related memoranda.

**(i)**   **Courtesy Copies.**

The court may require a party to provide courtesy copies as described in the court's ECF Procedures Manual and on the Judge Information section of the court's website.

**(j)**   **Sanctions.**

Failure to comply with the requirements of this rule may result in the court imposing sanctions, including:

(1)   returning the document for resubmission in accordance with the rule;

(2)   denial of the motion; or

(3)   any other sanction that the court deems appropriate.

**DUCivR 7-2**     **CITING UNPUBLISHED JUDICIAL DECISIONS**

**(a)**   **Permitted Citation.**

(1)   An unpublished decision is a judicial opinion, order, judgment, or other written disposition that is designated "unpublished," "not for publication," "non-precedential," "not precedent," or the like.

(2)   A party may cite to an unpublished decision for its persuasive value or under the doctrines of law of the case, claim preclusion, or issue preclusion.

**(b)   Citation Form.**

A citation to an unpublished decision must include an appropriate parenthetical notation stating that it is unpublished and a reference to an electronic database, when possible (e.g., *United States v. Keeble*, No. 05-5190, 184 F. App'x. 756, 2006 U.S. App. LEXIS 14871 (10th Cir. June 15, 2006) (not selected for publication); *United States v. Gartrell*, No. 2:04CR97 DB, 2005 WL 2265362 (D. Utah Sept. 7, 2005) (unpublished).

**(c)   Copies.**

If an unpublished decision is not available in a publicly accessible electronic database, a party must attach a copy to the filed document. Even if a decision is publicly accessible, a party must provide a copy to the court or another party upon request.

**DUCivR 7-3        REQUEST TO SUBMIT FOR DECISION**

**(a)   Not Required.**

A request to submit a motion for decision is not required.

**(b)   If a Request Is Filed.**

If a party files a request, it must state:

(1)   the date the motion was filed;

(2)   the date the response, if any, was filed;

(3)   the date the reply, if any, was filed; and

(4)   whether a hearing has been requested.