EXHIBIT 82

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) ) ) | **CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY** |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1–129)**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") First Set of Requests for Admission, served on March 7, 2022 (the "Requests" and each individually, a "Request"), in the above-captioned action ("Litigation") as follows:

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.      Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.      Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation, and only as permitted by the Protective Order.

4.      Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.     In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)    All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii)   All objections as to vagueness and ambiguity; and

(iv)    All rights to object on any grounds to any further requests for production.

6.     Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7.     The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.  Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

8.     Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial.  Discovery has not been completed and Plaintiffs are not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions,

assertions, and evidence that Defendant may present.  Plaintiffs reserve the right to supplement or amend this response at a future date.

9.      Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "all other Headnotes" or "all West Federal Reporters," responsive to the subject matter of a particular Request.

10.     Plaintiffs object to the Requests as overly broad, vague, and ambiguous to the extent the Requests define the term "CLASSIFICATION RELATIONSHIP" to mean "relationships between the node of the Key Number System and headnotes" without further explanation as to what this means or what specific relationship is being referred to here.

11.     Plaintiffs object to the Requests as overly broad, unduly burdensome, vague, and ambiguous to the extent the Requests define the term "DMCA NOTICES" to mean "any takedown notices or requests sent pursuant to the Digital Millennium Copyright Act," without limitation.

12.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

13.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST PUBLISHING CORPORATION" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

14.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST."  The term "WEST" is undefined, and the term "THOMSON REUTERS" is improperly defined to include Thomson Reuters Enterprise Centre GmbH's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf."  For the purposes of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf."  For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

16.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

5

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purposes of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc., and not any other person or entity.

18.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any "document or thing," as such a description is not required by Federal Rule of Civil Procedure 34.

19.     Plaintiffs object to the Requests to the extent they are not limited to the time relevant to this Litigation.

20.     Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the DOCUMENT bearing Bates nos. TR-0358927-TR-0358948 is the only DOCUMENT that governs WEST PUBLISHING CORPORATION's rights to market, sell, sublicense, or support the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "governs" and "rights to market, sell, sublicense, or support the WESTLAW CONTENT" are unclear and undefined.   Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that WEST PUBLISHING CORPORATION is a non-exclusive licensee of the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "non-exclusive licensee" is unclear and undefined. Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████████████████

████████████████████████████████

7

**REQUEST FOR ADMISSION NO. 3:**

Admit that PLAINTIFFS referred to ROSS' technology as state-of-the-art in September 2015. *See* Bates nos. ROSS-009503241-ROSS-009503243.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "PLAINTIFFS" as described in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 4:**

Admit that WEST PUBLISHING CORPORATION, as a non-exclusive licensee, does not have any legal right to enforce the copyrights in the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent it seeks a legal conclusion. Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "legal right to enforce" is unclear and undefined. Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at least one HEADNOTE was created using the Judicial Summary Tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and

ambiguous as the phrases, "Judicial Summary Tool" and "created using" are unclear and

undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**REQUEST FOR ADMISSION NO. 6:**

Admit that at least one HEADNOTE was created using the Headnote Widget in the
Judicial Summary Tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "Judicial Summary Tool," "Headnote Widget," and

"created using" are unclear and undefined.  Plaintiffs object to this Request to the extent it is

vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ██████████

██████████████████████████████████████████████████████

█████████████████████████████████

9

**REQUEST FOR ADMISSION NO. 7:**

Admit that at least one HEADNOTE that YOU allege ROSS infringed was created using the Judicial Summary Tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General Objection No. 15.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "Judicial Summary Tool," and "created using" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 8:**

Admit that at least one HEADNOTE that YOU allege ROSS infringed was created using the Headnote Widget in the Judicial Summary Tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General Objection No. 15.   Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "Judicial Summary Tool," "Headnote Widget," and "created using" are unclear and undefined.   Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████



**REQUEST FOR ADMISSION NO. 9:**

Admit that the Headnote Widget in the Judicial Summary Tool contains a Metadata Tab.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "Headnote Widget," "Judicial Summary Tool," and

"contains Metadata Tab" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Headnote Widget displays metadata information, including "Created By"
data that is used to build Audit information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "Headnote Widget," "metadata information," and "Created

By," and "build Audit information," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███

███████████████████████████████████████

███████████████████████████

**REQUEST FOR ADMISSION NO. 11:**

Admit that at least one HEADNOTE was created by selecting text from the Content Viewer and choosing the Headnote option in the Create New menu on the Content Viewer. *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "created by selecting text from the Content Viewer" is unclear and undefined. Plaintiffs object to this Request to the extent it mischaracterizes TR-0532236-TR-0532373. Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███

████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

███████████████████████████████

**REQUEST FOR ADMISSION NO. 12:**

Admit that at least one HEADNOTE was created by selecting text from the Content Viewer, right-clicking, and choosing Create Headnote from the right-click menu. *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague and ambiguous as the phrase, "created by selecting text from the Content Viewer, right-clicking, and choosing" is unclear and undefined. Plaintiffs object to this Request to the extent it mischaracterizes TR-0532236-TR-0532373. Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 13:**

Admit that at least one HEADNOTE that YOU allege ROSS infringed was created by selecting text from the Content Viewer and choosing the Headnote option in the Create New menu on the Content Viewer. *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General Objection No. 15. Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as phrase, "created by selecting text from the Content Viewer," is unclear and undefined. Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 14:**

Admit that at least one HEADNOTE that YOU allege ROSS infringed was created by selecting text from the Content Viewer, right-clicking, and choosing Create Headnote from the right-click menu.  *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General Objection No. 15.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as phrase, "created by selecting text from the Content Viewer," is unclear and undefined.  Plaintiffs object to this Request as unduly burdensome to the extent it is seeking information contained in millions of audit trails that are burdensome to access and cannot be exported.

Subject to, as limited by, and without waiver of the foregoing objections,

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

**REQUEST FOR ADMISSION NO. 15:**

Admit that THOMSON REUTERS is the sole legal owner of the copyrights in the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "sole legal owner," is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, [REDACTED]

[REDACTED]

[REDACTED]

**REQUEST FOR ADMISSION NO. 16:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 [sic] is provided to WEST PUBLISHING CORPORATION'S employees who create HEADNOTES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "is provided to" and "employees who create" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

████████████████

**REQUEST FOR ADMISSION NO. 17:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 is provided to THOMSON REUTERS' employees who create HEADNOTES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "is provided to" and "employees who create" are unclear and undefined. Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

████████████████

**REQUEST FOR ADMISSION NO. 18:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs WEST PUBLISHING CORPORATION'S employees that "Generally, the editor should follow the court's language when creating headnotes."

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

**REQUEST FOR ADMISSION NO. 19:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs THOMSON REUTERS' employees that "Generally, the editor should follow the court's language when creating headnotes."

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

**REQUEST FOR ADMISSION NO. 20:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs WEST PUBLISHING CORPORATION'S employees that "Headnotes generally should not be more than 800 characters long."

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████

**REQUEST FOR ADMISSION NO. 21:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs THOMSON REUTERS' employees that "Headnotes generally should not be more than 800 characters long."

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

**REQUEST FOR ADMISSION NO. 22:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs WEST PUBLISHING CORPORATION'S employees that "Headnotes should include a statutory citation at the end whenever one is available."

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

19

**REQUEST FOR ADMISSION NO. 23:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs THOMSON REUTERS' employees that "Headnotes should include a statutory citation at the end whenever one is available."

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

**REQUEST FOR ADMISSION NO. 24:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs WEST PUBLISHING CORPORATION'S employees that "When choosing a preliminary classification topic, do your best, but do not spend too much time."

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 25:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs THOMSON REUTERS' employees that "When choosing a preliminary classification topic, do your best, but do not spend too much time."

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 26:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs WEST PUBLISHING CORPORATION'S employees that "An ITI (Universal Summary

21

Headline) can usually be copied from the synopsis holding representing the most important headnote, and a highlight or FCN summary (Universal Summary Paragraph) can be made by copying that headnote verbatim."

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined. Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████

**REQUEST FOR ADMISSION NO. 27:**

Admit that the DOCUMENT bearing Bates nos. TR-0040273-TR0040566 instructs THOMSON REUTERS' employees that "An ITI (Universal Summary Headline) can usually be copied from the synopsis holding representing the most important headnote, and a highlight or FCN summary (Universal Summary Paragraph) can be made by copying that headnote verbatim."

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "instructs" and "employees" are unclear and undefined.

Plaintiffs also object to the extent this Request mischaracterizes the document and quotes without providing context.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 28:**

Admit that WEST PUBLISHING CORPORATION AND THOMSON REUTERS have not written every HEADNOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "written" is unclear and undefined and the term "THOMSON REUTERS" is improperly defined.  Plaintiffs object to this Request as overly broad to the extent that it seeks an admission about "every HEADNOTE."  Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections,

23

██████████████████████████████████████████████████████

████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 29:**

Admit that the DOCUMENT bearing Bates nos. LEGALEASE-00057075-
LEGALEASE-00057090 was not sent to ROSS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly

burdensome to the extent that it seeks information outside of Plaintiffs' custody and control.

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as

the phrase, "not sent to ROSS" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████████████

████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 30:**

Admit that the DOCUMENTS bearing Bates nos. LEGALEASE-00057468-
LEGALEASE-00057476 was sent to ROSS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly

burdensome to the extent that it seeks information outside of Plaintiffs' custody and control.

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as

the phrases, "not sent to ROSS" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 31:**

Admit that WEST PUBLISHING CORPORATION provides WESTLAW subscription agreements with different terms to users in different countries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object as overly broad, unduly burdensome, vague, and ambiguous as the phrases ,"WESTLAW subscription" and "different terms to users in different countries," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,

**REQUEST FOR ADMISSION NO. 32:**

Admit that WEST PUBLISHING CORPORATION has changed the terms of its WESTLAW subscription agreements for users in the United States at least once since 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "WESTLAW subscription" and "users in the United States," are unclear and undefined.

25

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

██████████████████

**REQUEST FOR ADMISSION NO. 33:**

Admit that WEST PUBLISHING CORPORATION has changed the terms of its WESTLAW subscription agreements for users outside of the United States at least once since 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "WESTLAW subscription" and "users in the United States," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

██████████████████

**REQUEST FOR ADMISSION NO. 34:**

Admit that HEADNOTE No. 3 for the case Alonzi v. Northeast Generation Services Co., 156 N.H. 656 (2008), contains the same words in the same order as the quote contained in the judicial opinion that this HEADNOTE references, except that the HEADNOTE contains the words "the Supreme Court" where the opinion contains the word "we," and the HEADNOTE contains the word "reviews" where the opinion contains the word "review."  *See* Bates Nos. TR-0584901-TR-0584911.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "contains the same words," "in the same order," and "quote contained

in the judicial opinion," are unclear and undefined.  Plaintiffs object to this Request to the extent it mischaracterizes the document.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 35:**

Admit that on the date LEGALEASE entered into a subscription agreement with WESTLAW, see TR-0002782 (October 4, 2015), the WESTLAW subscription agreement provided to WESTLAW users located in Canada had different terms.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request overly broad, unduly burdensome, vague, and ambiguous as the phrases, "WESTLAW subscription agreement," "different terms," and "located in Canada" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,

**REQUEST FOR ADMISSION NO. 36:**

Admit that PLAINTIFFS never sent to ROSS a copy of a WESTLAW subscription agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "never sent to Ross," is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the DOCUMENT bearing Bates nos. TR-0894151-TR-0894157 is a pricing guideline for corporate plans "When you retrieve or deliver documents on Thomson Reuters Westlaw that are not included in your Thomson Reuters Westlaw subscription plan."

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "pricing guideline for corporate plans," is unclear and undefined. Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, █████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

**REQUEST FOR ADMISSION NO. 38:**

Admit that PLAINTIFFS knew that ROSS was a competitor on or around September 25, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "competitor" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

**REQUEST FOR ADMISSION NO. 39:**

Admit that the TOPICS in the KEY NUMBER SYSTEM are arranged in alphabetical order.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "Topics" and "arranged" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the KEY NUMBER SYSTEM was created "more than 100 years ago" as stated on PLAINTIFFS' website.  *See* https://legal.thomsonreuters.com/en/insights/articles/ using-the- west-key-numbers-system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase "created" is unclear and undefined.  Plaintiffs object to this

Request the extent it mischaracterizes Plaintiffs' website.  Plaintiffs object to this Request to the extent it cites to an incorrect hyperlink.

Subject to, as limited by, and without waiver of the foregoing objections, ██████ ████████████████████████████████████████████████████████ ████████████████████

**REQUEST FOR ADMISSION NO. 41:**

Admit that the DOCUMENT bearing Bates nos. TR-0359564-TR-0359954 identifies multiple patents for the CaRE system.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "multiple patents for the CaRE system" is unclear and undefined.  Plaintiffs object to this Request to the extent it mischaracterizes the document.

Subject to, as limited by, and without waiver of the foregoing objections, ██████ ████████████████████████████████████████████████████████ ████████████████████

**REQUEST FOR ADMISSION NO. 42:**

Admit that the Sales and Marketing (Product) Agreement, see Bates nos. TR-0358927-TR-0358948, is not listed in the Closing Confirmation regarding the Business Transfer Agreement dated 18 December 2019, *see* Bates nos. TR-0359564-TR-0359954.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "not listed" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████████

███████

**REQUEST FOR ADMISSION NO. 43:**

Admit that either CaRE OR JCaRE have been used to classify KEY NUMBERS since at least 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "used to classify" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████

**REQUEST FOR ADMISSION NO. 44:**

Admit that CaRE compares the words in a HEADNOTE against all other HEADNOTES in WEST PUBLISHING CORPORATION'S repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "compares" and "against all other HEADNOTES" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ██████

████████████████████████████████████████████████████

████████████████████████

**REQUEST FOR ADMISSION NO. 45:**

Admit that JCaRE compares the words in a HEADNOTE against all other HEADNOTES in WEST PUBLISHING CORPORATION'S repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "compares" and "against all other HEADNOTES" are

unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ██████

████████████████████████████████████████████████████

████████████████████████

**REQUEST FOR ADMISSION NO. 46:**

Admit that CaRE compares the words in a HEADNOTE against all other HEADNOTES in THOMSON REUTERS' repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "compares" and "against all other HEADNOTES" are

unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████████████████████████████

**REQUEST FOR ADMISSION NO. 47:**

Admit that JCaRE compares the words in a HEADNOTE against all other HEADNOTES in THOMSON REUTERS' repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "compares" and "against all other HEADNOTES" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████████████████████████████

**REQUEST FOR ADMISSION NO. 48:**

Admit that there are more than 28 million HEADNOTES in WEST PUBLISHING CORPORATION'S repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████

**REQUEST FOR ADMISSION NO. 49:**

Admit that there are more than 28 million HEADNOTES in THOMSON REUTERS' repository.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

███

**REQUEST FOR ADMISSION NO. 50:**

Admit that there is at least one CLASSIFICATION RELATIONSHIP for each HEADNOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrase, "a CLASSIFICATION RELATIONSHIP for each

HEADNOTE" is unclear and not adequately defined.  Plaintiffs object to this Request as vague

and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████

████

**REQUEST FOR ADMISSION NO. 51:**

Admit that there are HEADNOTES that have multiple CLASSIFICATION RELATIONSHIPS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "a CLASSIFICATION RELATIONSHIP for each HEADNOTE" is unclear and not adequately defined.  Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

**REQUEST FOR ADMISSION NO. 52:**

Admit that the Judicial Workbench automatically displays the top five JCaRE suggestions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "Judicial Workbench" and "automatically displays" are unclear and undefined.  Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

**REQUEST FOR ADMISSION NO. 53:**

Admit that WEST PUBLISHING CORPORATION obtains accuracy statistics relating to JCaRE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.   Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "obtains accuracy statistics" is unclear and undefined. Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that THOMSON REUTERS obtains accuracy statistics relating to JCaRE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.   Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "obtains accuracy statistics" is unclear and undefined. Plaintiffs object to this Request as vague and ambiguous as to time.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that, as of January 27, 2020, 42% of the time the #1 match proposed by JCaRE between a HEADNOTE AND KEY NUMBER was selected.  *See* Bates nos. TR-0036336-TR-0036340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "#1 match" and "proposed by JCaRE" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

**REQUEST FOR ADMISSION NO. 56:**

Admit that, as of January 27, 2020, 70% of the time one of the top-5 matches proposed by JCaRE between a HEADNOTE AND KEY NUMBER was selected. *See* Bates nos. TR-0036336-TR-0036340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "top 5 matches" and "proposed by JCaRE" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████.

**REQUEST FOR ADMISSION NO. 57:**

Admit that, as of January 27, 2020, 78% of the time one of the top-10 matches proposed by JCaRE between a HEADNOTE AND KEY NUMBER was selected. *See* Bates nos. TR-0036336-TR-0036340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "top-10 matches" and "proposed by JCaRE" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 58:**

Admit that WEST PUBLISHING CORPORATION is expending time AND financial resources to increase the accuracy of JCaRE suggestion #1.  *See* Bates nos. TR-0036336-TR-0036340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "expending time and financial resources," "accuracy," "proposed by JCaRE," and "suggestion #1" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,

**REQUEST FOR ADMISSION NO. 59:**

Admit that THOMSON REUTERS is expending time AND financial resources to increase the accuracy of JCaRE suggestion #1.  *See* Bates nos. TR-0036336-TR-0036340.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "expending time and financial resources," "accuracy," "proposed by JCaRE," and "suggestion #1" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**REQUEST FOR ADMISSION NO. 60:**

Admit that WEST PUBLISHING CORPORATION employees can audit a HEADNOTE. *See* Bates nos. TR-0532475- TR-0532476.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "audit" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

 **ADMISSION NO. 61:**

Admit that THOMSON REUTERS employees can audit a HEADNOTE.  *See* Bates nos. TR-0532475- TR-0532476.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "audit" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 62:**

Admit that WEST PUBLISHING CORPORATION employees can audit a CLASSIFICATION RELATIONSHIP.  *See* Bates nos. TR-0532449-TR-0532450.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "audit" and "Classification Relationship" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 63:**

Admit that THOMSON REUTERS employees can audit a CLASSIFICATION RELATIONSHIP.  *See* Bates nos. TR-0532449-TR-0532450.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous the phrases, "audit" and "Classification Relationship" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 64:**

Admit that every HEADNOTE is designated as either concrete or abstract.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "designated as" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 65:**

Admit that a HEADNOTE audit identifies revisions made AND the person or persons that have made revisions.  *See* Bates nos. TR-0532475- TR-0532476.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "audit" is unclear and undefined.  Plaintiffs further object to this Request as overly broad to the extent that it seeks an admission that goes beyond the scope of the referenced document.

Subject to, as limited by, and without waiver of the foregoing objections, █████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████

**REQUEST FOR ADMISSION NO. 66:**

Admit that CLASSIFICATION RELATIONSHIPS are created using the Judicial Summary Tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "audit" and "Classification Relationship" are unclear and undefined, or not adequately defined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, █████████

█████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

42

**REQUEST FOR ADMISSION NO. 67:**

Admit that the Headnote Widget in the Judicial Summary Tool allows for the creation of HEADNOTES.  *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrase, "allows for the creation" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ██████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

**REQUEST FOR ADMISSION NO. 68:**

Admit that the Metadata Widget in the Judicial Summary Tool can show information about the HEADNOTE that is currently displayed in the Content Viewer.  *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrases, "can show information" and "currently displayed" are

unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ██████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████

43

**REQUEST FOR ADMISSION NO. 69:**

Admit that there are three options for initiating the HEADNOTE creation process in the Judicial Summary Tool.  *See* Bates nos. TR-0532236-TR-0532373.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "initiating the Headnote creation process" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, .

**REQUEST FOR ADMISSION NO. 70:**

Admit that WEST PUBLISHING CORPORATION provides its services to outsourced third-party legal research service providers.  *See* Bates no. TR-0908413.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "provides its services" and "outsourced third-party legal research service providers" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 71:**

Admit that LEGALEASE is an outsourced third-party legal research service provider. *See* Bates no. TR-0908413.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as irrelevant to the parties' claims and defenses in this Litigation.  Plaintiffs further object to this Request as burdensome to the extent that it seeks information ROSS already has within its knowledge or possession.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮▮

**REQUEST FOR ADMISSION NO. 72:**

Admit that WEST PUBLISHING CORPORATION licenses WESTLAW CONTENT to those who conduct legal research on behalf of third parties.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "conduct legal research on behalf of third parties" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ▮▮▮▮▮▮

██████████████████████████████████████████████████

██████████████████████████████

**REQUEST FOR ADMISSION NO. 73**:

Admit that WEST PUBLISHING CORPORATION does not make its WESTLAW subscription agreements publicly available.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73**:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "subscription agreements" and "publicly available" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

██████████████ **ADMISSION NO. 74**:

Admit that WEST PUBLISHING CORPORATION does not make its list of subscribers publicly available.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74**:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "subscribers" and "publicly available" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████

**REQUEST FOR ADMISSION NO. 75:**

Admit that there are WESTLAW subscribers who also subscribe to the LEXISNEXIS platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "subscribers" and "subscribe" are unclear and undefined.  Plaintiffs object to this Request to the extent it seeks information outside of Plaintiffs custody and control.

Subject to, as limited by, and without waiver of the foregoing objections, ███████ ████████████████████████████████████████████████████████████████ ███████████████████████

**REQUEST FOR ADMISSION NO. 76:**

Admit that those who license WESTLAW CONTENT download judicial opinions from WESTLAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "those who license" and "download judicial opinions" are unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████ ████████████████████████████████████████████████████████████ █████████████████

**REQUEST FOR ADMISSION NO. 77:**

Admit that WESTLAW uses Boolean search technology.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "uses Boolean search technology" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ████████ ████████████████████████████████████████████████████████████ ███████████████████

**REQUEST FOR ADMISSION NO. 78:**

Admit that prior May 6, 2020, WESTLAW did not have a feature that uses artificial intelligence to generate context-specific case summaries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "uses artificial intelligence" and "context-specific case summaries" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████

**REQUEST FOR ADMISSION NO. 79:**

Admit that prior to May 6, 2020, WESTLAW did not have a feature that filters search results by jurisdiction or date based on a user's natural-language legal search.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "feature that filters" and "based on," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████ ███████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████

**REQUEST FOR ADMISSION NO. 80:**

Admit that THOMSON REUTERS has not used data sets of judicial opinions to train an artificial intelligence algorithm to improve the WESTLAW platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "data sets," "judicial opinions," "train an artificial intelligence algorithm," and "improve the WESTLAW platform," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 81:**

Admit that WEST PUBLISHING CORPORATION has not used data sets of judicial opinions to train an artificial intelligence algorithm to improve the WESTLAW platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "data sets," "judicial opinions," "train an artificial intelligence algorithm," and "improve the WESTLAW platform," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that THOMSON REUTERS has not used natural language processing methods in the development of WESTLAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "natural language processing methods" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that WEST PUBLISHING CORPORATION has not used natural language processing methods in the development of WESTLAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "natural language processing methods" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

## REQUEST FOR ADMISSION NO. 84:

Admit that THOMSON REUTERS has not used machine learning methods in the development of WESTLAW.

## RESPONSE TO REQUEST FOR ADMISSION NO. 84:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "machine learning methods" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

## REQUEST FOR ADMISSION NO. 85:

Admit that WEST PUBLISHING CORPORATION has not used machine learning methods in the development of WESTLAW.

## RESPONSE TO REQUEST FOR ADMISSION NO. 85:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "machine learning methods" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

## REQUEST FOR ADMISSION NO. 86:

Admit that search results of judicial opinions returned on WESTLAW in response to a user's natural-language legal search are not ordered by the quality of how well each result answers a legal question.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "search results of judicial opinions," "natural-language legal search," and "quality of how well each result answers a legal question," are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 87:**

Admit that WEST PUBLISHING CORPORATION is not the owner of the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to his Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "owner" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 88:**

Admit that WEST PUBLISHING CORPORATION is not the beneficial owner of the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague and ambiguous as to the meaning of the term, "beneficial owner."  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 89:**

Admit that THOMSON REUTERS' first registration for the WESTLAW AUTOMATED DATABASE is U.S. Copyright Registration Number TXu 65-600.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "first registration" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 90:**

Admit that every registration of the WESTLAW AUTOMATED DATABASE copyright after TXu 65-600 is a revision of a previous WESTLAW AUTOMATED DATABASE registration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "revision" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

53

**REQUEST FOR ADMISSION NO. 91:**

Admit that every registration of the WESTLAW AUTOMATED DATABASE copyright after TXu 65-600, is an update of a previous WESTLAW AUTOMATED DATABASE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "update of a previous" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

**REQUEST FOR ADMISSION NO. 92:**

Admit that every registration of the WESTLAW AUTOMATED DATABASE copyright after TXu 65-600, is a supplement to a previous WESTLAW AUTOMATED DATABASE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase ,"supplement" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

**REQUEST FOR ADMISSION NO. 93:**

Admit that the WESTLAW AUTOMATED DATABASE copyright registration registered on January 18, 1982, was not registered as a revision, update, and/or supplement to a previous copyright registration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "registered on January 18, 1982" is unclear and undefined and does not identify a single registration because a number of Plaintiffs' registrations have January 18, 1982, as an effective date of registration.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 94:**

Admit that THOMSON REUTERS has only one compilation stemming from the WESTLAW AUTOMATED DATABASE copyright registrations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "stemming" and "only one compilation" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 95:**

Admit that no copyright registrations were filed for the WESTLAW AUTOMATED DATABASE from January 19, 1982, to November 29, 1989.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "no copyright registrations were filed" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ██████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████

**REQUEST FOR ADMISSION NO. 96:**

Admit that the claimant for ALL of the WESTLAW AUTOMATED DATABASE registrations is Thomson Reuters Global Resources of Neuhofstrasse 1, Baar, 6340, Switzerland.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "claimant" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that April 8, 2076, 95 years from the date of publication of the first registration of the WESTLAW AUTOMATED DATABASE (TXu 65-660), is the end of the term of copyright protection for the WESTLAW AUTOMATED DATABASE copyright.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "end of the term of copyright protection" and "Westlaw Automated Database copyright" are unclear and undefined.  Plaintiffs object to this Request to the extent it seeks a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny information sufficient to admit or deny the Request.

**REQUEST FOR ADMISSION NO. 98:**

Admit that PLAINTIFFS contend that the WESTLAW AUTOMATED DATABASE is the sole copyright registration for the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "sole copyright registration" is unclear and undefined.  Plaintiffs object to this Request to the extent it is nonsensical as written.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 99:**

Admit that THOMSON REUTERS claims copyright of "Opinions and editorial enhancements to and summaries of opinions in the federal and state courts of the United States" in the WESTLAW AUTOMATED DATABASE copyright registrations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrase, "claims copyright of" is unclear and undefined.  Plaintiffs object to this Request to the extent it seeks a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 100:**

Admit that THOMSON REUTERS states that "Original text by Thomson is highlighted on the data record" in the Westlaw automated database registrations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "Thomson Reuters states" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections,

**REQUEST FOR ADMISSION NO. 101:**

Admit that the first West Federal Reporter was published in 1880.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "West Federal Reporter" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████

████████████████████████████████████████████████████

███████

**REQUEST FOR ADMISSION NO. 102:**

Admit that all West Federal Reporters published before 1927 are in the public domain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrases, "West Federal Reporters" and "public domain" are unclear and undefined.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████

█████████████████████████████████████████████████

███████████████████████████████████████████

██████████

**REQUEST FOR ADMISSION NO. 103:**

Admit that the West Federal Reporters published before 1927 contain HEADNOTES and KEY NUMBERS created by WEST PUBLISHING CORPORATION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "West Federal Reports" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████

**REQUEST FOR ADMISSION NO. 104:**

Admit that the cases contained in the West Federal Reporters published before 1927 are organized in the volumes by date of decision.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "West Federal Reports" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 105:**

Admit that you claim HEADNOTES have copyright protection from the WESTLAW AUTOMATED DATABASE copyright registrations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General

Objection No. 15.  Plaintiffs object to this Request as vague and ambiguous as the phrase,

"claim…copyright protection from" is unclear and undefined.  Plaintiffs object to this Request as

vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

███████████████████████████████████████████████████████

███████████████████████

**REQUEST FOR ADMISSION NO. 106:**

Admit that some state entities and/or state employees provide or have provided
HEADNOTES to PLAINTIFFS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and

ambiguous as the phrase, "state entities and/or state employees provide or have provided" is

unclear and undefined.  Plaintiffs object to this Request as vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

**REQUEST FOR ADMISSION NO. 107:**

Admit that some state entities and/or state employees provide or have provided edits to HEADNOTES on WESTLAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "state entities and/or state employees provide or have provided" is unclear and undefined.  Plaintiffs object to this Request as vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections,



**REQUEST FOR ADMISSION NO. 108:**

Admit that some state entities and/or state employees provide or have provided corrections to publication errors of cases on WESTLAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague and ambiguous as the phrase, "state entities and/or state employees provide or have provided" is unclear and undefined.  Plaintiffs object to this Request as vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 109:**

Admit that at least the following states did or do provide their own HEADNOTES and/or case summaries from state courts to WESTLAW: Hawaii, Kansas, Nebraska, Ohio, Minnesota, West Virginia. Connecticut, Arkansas, New Jersey, and Michigan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "states did or do provide" is unclear and undefined.  Plaintiffs object to this Request as vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████

**REQUEST FOR ADMISSION NO. 110:**

Admit that ROSS' natural language search engine outperformed WESTLAW'S natural language search engine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague and ambiguous as the phrases, "natural-language" and "search engine outperformed" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 111:**

Admit that there are judicial opinions that can be accessed on WESTLAW do not contain HEADNOTES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent that, "judicial opinions that can be accessed on" is unclear and undefined.  Plaintiffs specifically object to this Request as vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

███████████████████████████████████████████████████████

███████

**REQUEST FOR ADMISSION NO. 112:**

Admit that HEADNOTES are not part of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as vague and ambiguous as the phrase, "part of" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, P███████ ████████████████████████████████████████████████████ ██████████████

**REQUEST FOR ADMISSION NO. 113:**

Admit that HEADNOTES are not creative.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "creative" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny this Request.

**REQUEST FOR ADMISSION NO. 114:**

Admit that the "Answers" in the ROSS MEMOS contained language directly from the judicial opinions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "contained language directly from" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████ ████████████████████████████████████████████████████████ ██████████

**REQUEST FOR ADMISSION NO. 115:**

Admit that the "Reference List/Quotes" in the ROSS MEMOS contained language directly from the judicial opinions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "language directly from the judicial opinions" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████ ████████████████████████████████████████████████████████████████████ ███████████

**REQUEST FOR ADMISSION NO. 116:**

Admit that judicial opinions are not protected by copyright.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "judicial opinions" is unclear and undefined.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████ ████████████████████████████████████████████████████████████████████ ███████████

**REQUEST FOR ADMISSION NO. 117:**

Admit that the KEY NUMBER SYSTEM is not original.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "original" is unclear and undefined.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny the Request.

**REQUEST FOR ADMISSION NO. 118:**

Admit that LEGALEASE'S subscription was terminated because of password sharing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as the phrase, "terminated because of password sharing" is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ███████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████

**REQUEST FOR ADMISSION NO. 119:**

Admit that WEST PUBLISHING CORPORATION licenses WESTLAW to third-parties who resell WESTLAW services.  *See* Bates nos. TR-0037754-TR-003758.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrase, "resell" is unclear and undefined.  Plaintiffs object to this

Request to the extent it mischaracterizes TR-0037754-TR-003758.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

█████████

**REQUEST FOR ADMISSION NO. 120:**

Admit that WEST PUBLISHING CORPORATION canceled LEGALEASE'S Westlaw license because it is a reseller as referenced in the DOCUMENT bearing Bates nos. TR-0037754-TR-003758.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as the phrase, "resell" is unclear and undefined.  Plaintiffs object to this

Request to the extent it mischaracterizes TR-0037754-TR-003758.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████

███████████████████████████

**REQUEST FOR ADMISSION NO. 121:**

Admit that YOU do not contend that ROSS infringed every single HEADNOTE that is included in the judicial opinions YOU produced in this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Plaintiffs incorporate by reference the above stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General

Objection No. 15.  Plaintiffs object to this Request as overly broad, unduly burdensome, vague,

and ambiguous as to the phrase, "every single Headnote that is included in the judicial opinions"

is unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs deny

this Request.

**REQUEST FOR ADMISSION NO. 122:**

Admit that YOU produced judicial opinions without HEADNOTES in this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General

Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, ███████

████████████████████████████████████████████████████████

████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 123:**

Admit that Casemaker was a competitor to YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General

Objection No. 15.  Plaintiffs object to this Request as vague and ambiguous as the phrase,

"competitor" is unclear and undefined.  Plaintiffs object to this Request to the extent it is vague as to time.

Subject to, as limited by, and without waiver of the foregoing objections, ███████ ████████████████████████████████████████████████████████████████ ██████████████████████████

**REQUEST FOR ADMISSION NO. 124:**

Admit that YOU licensed WESTLAW CONTENT to Casemaker.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague and ambiguous as to the meaning of the term, "competitor."  Plaintiffs further object to this Request as irrelevant to the parties' claims and defenses in this Litigation.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, ███████ ████████████████████████████████████████████████████████████████ ██████████████████

**REQUEST FOR ADMISSION NO. 125:**

Admit that there are HEADNOTES that were created prior to 1927.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.

Subject to, as limited by, and without waiver of the foregoing objections, 

**REQUEST FOR ADMISSION NO. 126:**

Admit that the KEY NUMBER SYSTEM existed prior to 1927.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.

Subject to, as limited by, and without waiver of the foregoing objections,

**REQUEST FOR ADMISSION NO. 127:**

Admit that YOU have placed copyright branding on judicial opinions that do not have
HEADNOTES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set

forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome,

vague, and ambiguous as to the meaning of the phrase, "YOU" as described in General

Objection No. 15.  Plaintiffs object to this Request to the extent it calls for a legal conclusion.

Subject to, as limited by, and without waiver of the foregoing objections, P

**REQUEST FOR ADMISSION NO. 128:**

Admit that YOU charged different prices to different users of WESTLAW for the same products or services from January 2015 to December 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrases, "different prices for different users" and "the same products and services" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████

**REQUEST FOR ADMISSION NO. 129:**

Admit that users of WESTLAW have negotiated different prices with YOU for the same products or services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad, unduly burdensome, vague, and ambiguous as to the meaning of the phrases, "different prices for different users" and "the same products and services" are unclear and undefined.

Subject to, as limited by, and without waiver of the foregoing objections, ████████

████████████████████████████████

████████████████████████████████

72

███████████████████████

███████████████████████

██████████████

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Michael J. Flynn*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

April 6, 2022

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants*
*Thomson Reuters Enterprise Center GmbH*
*and West Publishing Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

David E. Moore, Esquire                                         *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                        *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                    *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)