IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) ) | REDACTED - PUBLIC VERSION |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
FOR PARTIAL SUMMARY JUDGMENT (NO. 1) ON
<u>COPYRIGHT INFRINGEMENT</u>**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

# TABLE OF CONTENTS

I. ROSS IS LIABLE FOR DIRECT COPYRIGHT INFRINGEMENT ................................ 1

    A. The West Headnotes are Covered by Plaintiffs' Copyright Registration ................ 2

    B. Plaintiffs Own a Valid Copyright in the West Headnotes ....................................... 3

    C. ROSS Copied the West Headnotes in the Undisputed Memos ................................ 3

II. ROSS IS INDIRECTLY LIABLE FOR LEGALEASE'S INFRINGEMENT ................... 6

    A. The Undisputed Evidence Shows LegalEase Directly Infringed .............................. 6

    B. ROSS is Contributorily Liable for LegalEase's Direct Infringement ...................... 8

    C. ROSS is Vicariously Liable for LegalEase's Direct Infringement ......................... 9

III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*Bitmanagement Software GmBH v. U.S.*,
 989 F.3d 938 (Fed. Cir. 2021)..................................................................................7

*Broad. Music, Inc. v. Moor-Law, Inc.*,
 484 F. Supp. 357 (D. Del. 1980)..............................................................................3

*Craigslist v. 3Taps*,
 942 F. Supp. 2d 692 (N.D. Cal. 2013) .....................................................................2

*Dam Things from Den. v. Russ Berrie & Co.*,
 290 F.3d 548 (3d Cir. 2002).................................................................................3, 7

*Educ. Testing Serv. v. Katzman*,
 793 F.2d 533 (3d Cir. 1986).................................................................................2, 3

*Experien Info. Sols. Inc. v. Nationwide Mktg. Servs., Inc.*,
 893 F.3d 1176 (9th Cir. 2018) .................................................................................4

*Feist Publ'ns v. Rural Tel. Serv. Co.*,
 499 U.S. 340 (1991) .................................................................................................3

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
 76 F.3d 259 (9th Cir. 1996) .....................................................................................9

*Gershwin v. Columbia Artists M, Inc.*,
 443 F.2d 1159 (2d Cir. 1971)...................................................................................9

*Idearc Media Corp. v. Nw. Directories, Inc.*,
 623 F. Supp. 2d 1223 (D. Or. 2008) ........................................................................2

*Leonard v. Stemtech Int'l Inc.*,
 834 F.3d 376 (3d Cir. 2016)..........................................................................8, 9, 10

*Matthew Bender & Co. v. W. Publ'g Co.*,
 No. 94 Civ. 589, 1997 WL 266972 (S.D.N.Y. May 19, 1997)................................4

*Perfect 10, Inc. v. Amazon.com, Inc.*,
 508 F.3d 1146 (9th Cir. 2007) .................................................................................9

*Religious Tech. Ctr. v. Netcom On–Line Comm. Servs., Inc.*,
 907 F. Supp. 1361 (N.D. Cal. 1995) ........................................................................9

*Ross, Brovins & Oehmke P.C. v. Lexis Nexis Group*,
    463 F.3d 478 (6th Cir. 2006) ..................................................................................4

*Schoolhouse, Inc. v. Anderson*,
    275 F.3d 726 (8th Cir. 2002) ..................................................................................4

*Solaia Tech. LLC v. ArvinMeritor, Inc.*,
    361 F. Supp. 2d 797 (N.D. Ill. 2005) ......................................................................5

*TD Bank v. Hill*,
    No. 12 Civ. 7188, 2015 WL 4523570 (D.N.J. July 27, 2015) .................................7

*Ticketmaster L.L.C. v. RMG Techs., Inc.*,
    507 F. Supp. 2d 1096 (C.D. Cal. 2007) ..................................................................7

*TransWestern Pub. Co. LP v. Multimedia*,
    133 F.3d 773 (10th Cir. 1998) ................................................................................4

**Statutes**

17 U.S.C. § 103..................................................................................................................2

17 U.S.C. § 408(a) .............................................................................................................2

17 U.S.C. § 411(a) .............................................................................................................2

As detailed in Plaintiffs' opening brief in support of their motion for summary judgment on copyright infringement, D.I. 250 ("Pls.' Br."), ROSS's undisputed conduct constitutes copyright infringement. On ***direct infringement***, ROSS does not argue that there are genuine disputes as to material facts requiring resolution by the jury. Rather, it contends that Plaintiffs only own copyright registrations in the Westlaw database as a "single compilation," and thus can only sue on the Westlaw database as a whole, rather than its constituent parts. D.I. 310 ("Def.'s Opp.") 1. From there, ROSS contends it only copied a small portion of the whole Westlaw database, so Plaintiffs cannot prove substantial similarity. ROSS misunderstands the law. Copyright law is clear that the copyright in a compilation extends to its original constituent parts. Plaintiffs' copyrights extend to the West Headnotes, and ROSS has failed to identify any factual disputes concerning its direct infringement of the West Headnotes in the Undisputed Memos.

On ***indirect infringement***, ROSS once again does not argue that there are genuine disputes as to material facts requiring resolution by the jury. Instead, it circularly argues that LegalEase did not directly infringe because the Court has not yet determined whether ROSS's copying is a fair use. This argument makes no sense. ROSS has never argued that LegalEase's copying was fair use and, even if it had not waived that argument, ROSS's claim is a tacit admission that, absent fair use, direct infringement for LegalEase's copying is established. ROSS also argues that, even if LegalEase's direct infringement is established, the evidence does not show it is indirectly liable. This is false—as explained below, the evidence unambiguously shows ROSS is indirectly liable for LegalEase's direct infringement of the Westlaw Content.

Accordingly, the Court should grant summary judgment for Plaintiffs on these issues.

**I.    ROSS IS LIABLE FOR DIRECT COPYRIGHT INFRINGEMENT**

ROSS's opposition contends that ████████████████████████████

████████████████████████████████████████████████████████████

1

████████████████████████████████████████████████████████

██████████████. Def.'s Opp. 1, 12–13. The opposition posits that ████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.* 1, 13–14. This counter-intuitive conclusion stems from ROSS's complete misunderstanding of fundamental principles of copyright law, including registration, ownership, and substantial similarity.

### A. The West Headnotes are Covered by Plaintiffs' Copyright Registration

It is black-letter copyright law that, where the owner of a copyright for a collective work also owns the copyright for the constituent part of that work, registration of the collective work is sufficient to permit an infringement action for constituent parts. *See*, *e.g.*, *Educ. Testing Serv. v. Katzman*, 793 F.2d 533, 538–39 (3d Cir. 1986) (finding "the fact that a registrant denominates the material as a compilation does not in itself signify that the constituent material is not also covered by the copyright"); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1230 (D. Or. 2008) (collecting cases); 17 U.S.C. § 103 ("The *copyright* in a compilation [extends] to the material contributed by the author of such work…").[1] This understanding not only comports "with common sense" and the Copyright Act's text, *Idearc*, 623 F. Supp. 2d. at 1230, it is consistent with the Copyright Office's purpose in allowing single group registrations for collective works in the first place. *See* U.S. Copyright Office, Circular No. 1, 7: Copyright Basics (2012); *Craigslist v. 3Taps*, 942 F. Supp. 2d 692, 976 (N.D. Cal. 2013) ("absurd and inefficient to require the author of a larger work to individually register every possible smaller component of that work").

Rather than registering each West Headnote individually, Plaintiffs periodically register

---

[1] Although ROSS conflates them, registration and ownership of a copyright are not one in the same; registration is not a condition of copyright protection, it is a condition for bringing a lawsuit. *See* 17 U.S.C. §§ 408(a), 411(a).

the Westlaw database as a single group registration for an automated database. D.I. 1-01. In many of their registrations, including those from the last few decades, Plaintiffs specifically identify as author-created material "original and revised text and compilation of legal material." D.I. 1-01, at 240–328. Accordingly, Plaintiffs can bring this lawsuit based on copyright infringement of the constituent parts of the Westlaw database that they authored; they are not limited to suing for infringement of the Westlaw database as a whole.[2] *Educ. Testing*, 793 F.2d at 38–39. This includes the West Headnotes, which are authored by Plaintiffs' attorney-editors, and the copying of which is the subject of Plaintiffs' motion and has been part of this lawsuit since day one.

### B. Plaintiffs Own a Valid Copyright in the West Headnotes

As explained in Plaintiffs' opening brief, copyright subsists in a work that is "independently created" and "possesses at least some minimal degree of creativity." *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).[3] ROSS's opposition does not dispute that a copyright registration is *prima facie* evidence of validity, including ownership and originality. *See, e.g.*, *Broad. Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357, 362–63 (D. Del. 1980). Nor does the opposition dispute that the West Headnotes are creative (it argues only that ▓▓▓▓▓ Def.'s Opp. 13) and independently authored. Pls.' Br. 11. This element has been met.

### C. ROSS Copied the West Headnotes in the Undisputed Memos

Plaintiffs' opening brief explains how the two sub-elements of copying, (1) actual copying and (2) substantial similarity, *see Dam Things from Den. v. Russ Berrie & Co*., 290 F.3d 548, 561–62 (3d Cir. 2002), are also met here. Pls. Br. 11–14. The undisputed facts show ***actual*** copying.

---

[2]  It is revealing that, despite Third Circuit authority directly contradicting its position, ROSS does not cite a single case to support its contention that Plaintiffs' registration limits them to asserting infringement of the entire Westlaw database. Def.'s Opp. 12.
[3]  ROSS argues that Plaintiffs' reliance on *Feist* is a tacit admission that "copyright standards that govern compilations apply." Def.'s Opp. 13. In reality, Plaintiffs cite to *Feist* because it is one of the most relied upon Supreme Court cases on copyright originality of all time.

ROSS acknowledges this when it states, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 7. Documentation and deposition testimony confirm that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pls.' Br. 7–8. And ROSS's expert found ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including as detailed in the bullets in Plaintiffs' opening brief, Pls.' Br. 13, and ROSS does not contest this point in its opposition. Def.'s Opp. 13–14.

As to **substantial similarity**, ROSS insists that the standard here is "supersubstantial similarity." Def.'s Opp. 13. That is wrong. Cases applying that standard concern "the selection and arrangement of facts," which are themselves unprotectable. *See TransWestern Pub. Co. LP v. Multimedia*, 133 F.3d 773, 776–77 (10th Cir. 1998).[4] Plaintiffs' motion concerns undisputed copying of a subset of original West Headnotes, not selection and arrangement. Thus, the normal standard applies, which requires comparing protectable elements in the original work with the copied work from the stance of a "lay observer." Pls.' Br. 13–14.

In terms of which protectable elements to compare, ROSS broadly asserts that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 13. As explained in Plaintiffs' opposition to ROSS's motion for summary judgment on fair use,

---

[4] ROSS's cases on the copying necessary to support a finding of substantial similarity are likewise inapposite, as they concern mere compilations of *facts*. *See Experien Info. Sols. Inc. v. Nationwide Mktg. Servs., Inc.*, 893 F.3d 1176, 1184 (9th Cir. 2018) (compilation of consumer data); *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 728 (8th Cir. 2002) (compilation of preexisting data); *Matthew Bender & Co. v. W. Publ'g Co.*, 1997 WL 266972, *1 (S.D.N.Y. May 19, 1997) (compilation of facts; West Headnotes were not copied or at issue). Even in *Ross, Brovins & Oehmke P.C. v. Lexis Nexis Group*, on which ROSS relies, the court distinguishes between the compilation copyright (which inheres in the organization and selection of forms) and the copyright in the forms themselves (how they looked). 463 F.3d 478, 483 (6th Cir. 2006). ROSS's argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is likewise irrelevant.

4

each of these arguments in inapplicable. *See* D.I. 254. And ROSS does not specifically explain

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Def.'s Opp. 13.

ROSS ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[5] That is likely because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Pls.' Br. 15. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, ROSS argues that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ according to an undisclosed analysis conducted by its own attorney using an unclear methodology and unknown standard. Def.'s Opp. 12, D.I. 324 ¶¶ 28–33. As this "analysis" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was not disclosed in ROSS's interrogatory responses or expert reports, *see, e.g.*, D.I. 255 ("Means Decl.") Exs. 17–19; Ex. 124 (ROSS's Suppl. Rsps. to First Set of ROGs),[6] it should be ignored. *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 807–10 (N.D. Ill. 2005) (striking undisclosed opinions from declaration in defense of summary judgment). It also contradicts the opinion of ROSS's ***own*** putative expert,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. D.I. 255, Ex. 19 (Frederiksen-Cross

Op. Rpt.) at 50–51. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Def.'s Opp. 15.

---

[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓ Def.'s Opp. 11. Yet, it ignores that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Pls.' Br. 9.

[6] All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D. Means, submitted concurrently.

## II. ROSS IS INDIRECTLY LIABLE FOR LEGALEASE'S INFRINGEMENT

As detailed in Plaintiffs' opening brief, ROSS is contributorily liable for LegalEase's infringement because it knew or should have known that LegalEase was copying the Westlaw Content and materially contributed to it. Likewise, ROSS is vicariously liable for LegalEase's infringement because it financially benefited from the copying, and it had the right and ability to supervise and control its agent, LegalEase. ROSS's arguments on each of these points are meritless—the undisputed evidence shows ROSS is indirectly liable here.

### A. The Undisputed Evidence Shows LegalEase Directly Infringed

ROSS argues that it cannot be determined at this stage whether LegalEase's conduct constitutes infringement for two reasons—neither of which are correct.

***First***, ROSS argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 15. As explained above, Plaintiffs are not limited to suing on the Westlaw database as a single compilation. *See supra* 4 & n.4. Moreover, in making this argument, ROSS claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 15. This is false. In their opening brief, Plaintiffs identified numerous undisputed documents and testimony detailing and showing LegalEase's copying, including admissions by LegalEase executives. Pls.' Br. 7–9, 15–16. ROSS does not dispute the accuracy of those documents and testimony.[7] Nor does ROSS point to specific evidence in the record raising a material factual dispute.[8]

---

[7] ROSS contends Plaintiffs' Exhibit 103, which is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 16. ROSS has used this document in numerous depositions throughout this case, including during the deposition of Mark Hoffman—who created the document—wherein ROSS extensively questioned Mr. Hoffman about the document, what each tab showed, and what each term meant. Likewise, ROSS's expert, Alan Cox, relies on Exhibit 103 in his expert reports.

[8] ROSS argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Opp. 16. ▮▮▮▮▮▮▮▮▮

6

***Second***, ROSS argues ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████. Def.'s Opp. 16–17. In particular, ROSS asserts that ██████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ *Id*. ROSS also notes that Westlaw's Terms and Conditions contain a fair use provision and, thus, without a ruling on whether ROSS's copying is a fair use, there can be no ruling on whether LegalEase's copying constitutes infringement. *Id*. at 17. This is a strawman argument. Under the terms of its license, LegalEase was initially permitted to download and display Westlaw Content. But LegalEase ***lost the benefit of its Westlaw license*** when it started using Westlaw in ways that violated its terms and conditions, and thus none of this copying was authorized thereunder. Pls.' Br. 7–9, 15–16; *see also Bitmanagement Software GmBH v. U.S.*, 989 F.3d 938, 950 (Fed. Cir. 2021) (infringement where Navy acted outside license scope by violating condition); *TD Bank v. Hill*, 2015 WL 4523570, at *13–14 (D.N.J. July 27, 2015); *Dam Things*, 290 F.3d at 561-62. Moreover, whether ROSS's copying is a fair use has no bearing on whether LegalEase is directly liable. And as explained in Plaintiffs' opposition to ROSS's motion for summary judgment on fair use, fair use does not apply. *See* D.I. 254.

---

LegalEase ███████████████████████████████████████████████████████████

████████████ Pls.' Br. 7–9, 15–16; *see also Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1105 (C.D. Cal. 2007) ("The copies of webpages stored automatically in a computer's cache or random access memory ('RAM') upon a viewing of the webpage fall within the Copyright Act's definition of 'copy.'"). LegalEase also ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Pls.' Br. 7–9, 15–16. ROSS does not dispute this. Nor does ROSS dispute that ████████████████████████. *See supra* 4–5.

## B. ROSS is Contributorily Liable for LegalEase's Direct Infringement

ROSS argues that it is not contributorily liable because it did not have knowledge or materially contribute to or induce LegalEase's infringement. Def.'s Opp. 17–20.

With respect to ***knowledge***, each of ROSS's arguments have no merit. ***First***, ROSS argues there is no evidence it knew of LegalEase's infringing conduct. Def.'s Br. 17. This is incorrect. ROSS had actual knowledge of the relevant provisions of LegalEase's license, including that using Westlaw for competitive purposes was prohibited, and ROSS's 30(b)(6) witness, who was also ROSS's Head of Legal Research, testified ████████████████████████████████ ████████████████████████████████████████████. *See* Means Decl. Ex. 15 (van der Heijden 30(b)(6) Tr.) 174:10–13. Moreover, the undisputed evidence shows ROSS knew ████████████████████████████████████████████████████████████████████. See Pls.' Br. 17. ROSS does not raise a material dispute as to this evidence.

***Second***, ROSS's contention that ████████████████████████████████ ████████████████ is incorrect. Westlaw's terms of service are publicly available at https://static.legalsolutions.thomsonreuters.com/static/general-terms-conditions.pdf and the provisions that LegalEase violated have not changed during the relevant period of its and ROSS's infringement. *Compare* Means Decl. Ex. 79 (TR-0002844) (contract as of July 1, 2015 with breached provisions) *with* Ex. 76 (TR-0002812) (same dated July 1, 2017).

***Third***, whether LegalEase warranted it was not violating Plaintiffs' rights is irrelevant. ████████████████████████████████████████. Pls.' Br. 5. ████████████████████ ████████████████████████████████ *Id*. 17. Rather than address Plaintiffs' undisputed evidence of ROSS's knowledge, ROSS simply states ████████████████████ ████████████████████████████████████████ Def.'s Opp. 17. As noted above, that is not sufficient to create a genuine dispute of material fact. The direct evidence cited in

8

Plaintiffs' opening brief shows that ROSS had the requisite knowledge. *See Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387–88 (3d Cir. 2016).

With respect to ***contribution and inducement***, ROSS argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Def.'s Opp. 18. But the undisputed facts in the record show that ROSS specifically ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Pls.' Br. 6–7. And the undisputed evidence also shows that ROSS was aware ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Means Decl. Exs. 15 (van der Heijden 30(b)(6) Tr.) 344:11–25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; 2 (Arruda Tr.) 287:1–3 ; 13 (Ovbiagele Tr.) 81:25–82:4. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇); *Religious Tech. Ctr. v. Netcom On–Line Comm. Servs., Inc.*, 907 F. Supp. 1361, 1365–66 (N.D. Cal. 1995) (same).

**C.     ROSS is Vicariously Liable for LegalEase's Direct Infringement**

Turning to vicarious liability, ROSS does not deny it had a direct financial interest in LegalEase's infringement, leaving no dispute as to that element. Instead, ROSS only argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Def.'s Opp. 19–20. ROSS is mistaken.

Third Circuit law is clear that the control element is satisfied where a "defendant's 'pervasive participation in the formation and direction' of the direct infringer[']s]" activity supports a finding that "defendants were in a position to police the direct infringers." *Leonard,* 834 F.3d at 388 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262–63 (9th Cir. 1996)); *see also Gershwin v. Columbia Artists M, Inc.*, 443 F.2d 1159, 1163 (2d Cir. 1971) (vicarious liability even



9

where defendant lacked contractual ability to control). Here, the only evidence ROSS cites to support its contention that ███████████████████████████████████████ ███████████████████████ is a few excerpts from the deposition of Teri Whitehead. Def.'s Opp. 19–20. But this testimony does not in fact raise a material dispute.

As an initial matter, ███████████████████████████████████████████ is immaterial. She is not LegalEase's corporate representative, and she did not testify that ███████ ███████████████████████████████████████. Rather, she testified that ███████████████████████████████████████████████████ Ex. 122 (Whitehead Tr.) 197:24–198:3. Likewise, Tariq Hafeez, who *was* LegalEase's corporate representative, also explained to ROSS after this lawsuit was filed that "████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████" Means Decl. Exs. 33 (LEGALEASE-00171828) (emphasis added). Additionally, ROSS's own 30(b)(6) witnesses testified that ████████████ ███████████████████████████████████ *Id*. Ex. 13 (Ovbiagele Tr.) 74:3–10, 76:5–22. Finally, like the defendant in *Leonard*, ROSS's ability to control LegalEase is further reflected by the fact ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *Id*. Exs. 41 (ROSS-000176441); 13 (Ovbiagele Tr.) 78:6–11. Accordingly, the extent of ROSS's control over LegalEase easily satisfies this element, and thus ROSS is vicariously liable.

## III. CONCLUSION

Plaintiffs respectfully request that their motion for summary judgment on copyright infringement be granted in its entirety.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Michael J. Flynn* |
| Dale M. Cendali | |
| Joshua L. Simmons | Jack B. Blumenfeld (#1014) |
| Eric A. Loverro | Michael J. Flynn (#5333) |
| KIRKLAND & ELLIS LLP | 1201 North Market Street |
| 601 Lexington Avenue | P.O. Box 1347 |
| New York, NY 10022 | Wilmington, DE 19899 |
| (212) 446-4800 | (302) 658-9200 |
|  | jblumenfeld@morrisnichols.com |
| Miranda D. Means | mflynn@morrisnichols.com |
| KIRKLAND & ELLIS LLP | |
| 200 Clarendon Street | *Attorneys for Plaintiffs and* |
| Boston, MA 02116 | *Counterdefendants Thomson Reuters* |
| (617) 385-7500 | *Enterprise Center GmbH and West* |
|  | *Publishing Corporation* |
| February 13, 2023 | |

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)