IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) |
| Plaintiffs and Counterdefendants, | ) ) ) C.A. No. 20-613 (SB) |
| v. | ) ) REDACTED - PUBLIC VERSION |
| ROSS INTELLIGENCE INC., | ) ) ) |
| Defendant and Counterclaimant. | ) ) ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (NO. 2) ON TORTIOUS INTERFERENCE WITH CONTRACT AND COPYRIGHT PREEMPTION**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT.....................................................................................................................................2

I.     ROSS IS LIABLE FOR TORTIOUS INTERFERENCE WITH CONTRACT..................2

          A.     ROSS Had Knowledge of LegalEase's Contract with West ...................................2

          B.     ROSS Intentionally Caused LegalEase to Breach Its Contract with West ..............4

          C.     ROSS's Actions Were Not Justified........................................................................6

II.    PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM IS NOT PREEMPTED...............7

CONCLUSION................................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

Page(s)

*Acclaim Sys., Inc. v. Infosys, Ltd.*,
  679 F. App'x 207 (3d Cir. 2017) ...............................................................................................2

*Altera Corp. v. Clear Logic, Inc.*,
  424 F.3d 1079 (9th Cir. 2005) ................................................................................................8, 9

*Asset Vision, LLC v. Fielding*,
  No. 13 Civ. 288, 2013 WL 6633743 (D. Idaho Dec. 17, 2013) ..................................................9

*Avaya Inc., RP v. Telecom Labs, Inc.*,
  838 F.3d 354, 383 (3d Cir. 2016) ............................................................................................6, 7

*Bowers v. Baystate Techs., Inc.*,
  320 F.3d 1317 (Fed. Cir. 2003) ..................................................................................................9

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*,
  329 F.3d 923 (7th Cir. 2003) ....................................................................................................10

*Cargill Glob. Trading v. Applied Dev.*,
  706 F. Supp. 2d 563 (D.N.J. 2010) .........................................................................................6, 7

*Cassway v. Chelsea Historic Props. I*,
  92 Civ. 4124, 1993 WL 64633 (E.D. Pa. Mar. 4, 1993) .............................................................9

*Chase Bank USA, N.A. v. Hess*,
  C.A. No. 08-121, 2013 WL 867542 (D. Del. Mar. 7, 2013) ...................................................2, 5

*D 56, Inc. v. Berry's Inc.*,
  955 F. Supp. 908 (N.D. Ill. 1997) ...............................................................................................3

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
  307 F.3d 197 (3d Cir. 2002) .......................................................................................................7

*Dunlap v. G&L Holding Grp., Inc.*,
  381 F.3d 1285 (11th Cir. 2004) ..................................................................................................7

*Gilliam v. Am. Broad. Cos., Inc.*,
  538 F.2d 14 (2d Cir. 1976) .........................................................................................................8

*Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*,
  659 A.2d 904 (App. Div. 1995) ..................................................................................................6

*Jacobsen v. Katzer*,
 535 F.3d 1373 (Fed. Cir. 2008)..............................................................................................8

*Johnson v. Arista Holding, Inc.*,
 No. 05 Civ. 9645, 2006 WL 3511894 (S.D.N.Y. Dec. 5, 2006)............................................10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986)................................................................................................................2

*Media.net Advert FZ-LLC v. Netseer, Inc.*,
 156 F. Supp. 3d 1052 (N.D. Cal. 2016) ..................................................................................8

*Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*,
 991 F.2d 426 (8th Cir. 1993) ..................................................................................................9

*Nelson v. Fleet Nat'l Bank*,
 949 F. Supp. 254 (D. Del. 1996).........................................................................................6, 7

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
 2016 WL 3951653 (N.D. Cal. July 22, 2016).........................................................................9

*Prairie Capital III, L.P. v. Double E Holding Corp.*,
 132 A.3d 35 (Del. Ch. 2015)...................................................................................................5

*ProCD, Inc. v. Zeidenberg*,
 86 F. 3d 1447 (7th Cir. 1996) .................................................................................................8

*S.O.S., Inc. v. Payday, Inc.*,
 886 F.2d 1081 (9th Cir. 1989) ................................................................................................8

*Telecom Tech. Servs. Inc. v. Rolm Co.*,
 388 F.3d 820 (11th Cir. 2004) ................................................................................................8

*Tingley System, Inc. v. CSC Consulting, Inc.*,
 152 F. Supp. 2d 95 (D. Mass. 2001) .......................................................................................9

*WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*,
 49 A.3d 1168 (Del. 2012) .......................................................................................................2

**Statutes**

17 U.S.C. § 102(a) .........................................................................................................................7

**Other Authorities**

Restatement (Second) of Torts § 766.....................................................................................2, 4, 5

Restatement (Second) of Torts § 767.............................................................................................6

**PRELIMINARY STATEMENT**

As Plaintiffs explained, ROSS knowingly induced LegalEase to breach its contract with West. D.I. 252 ("Pls.' Br.") 11–19. ROSS's opposition does not dispute the first (the existence of a contract) and fifth (injury) elements of Plaintiffs' tortious interference claim. D.I. 311 ("Def.'s Br.") 8–14. With respect to the remaining elements, each of ROSS's arguments is meritless. Although ROSS argues that it did not know the terms of LegalEase's contract with West, the undisputed evidence shows ███████████████████████████████████████ ███████████████████████████████████ Likewise, although ROSS claims that it did not cause LegalEase to breach the contract, the undisputed evidence shows that ██████ ██████████████████████████████████████████████ And although ROSS argues its actions were justified because ████████████████████████ ██████████████████████████████, the undisputed evidence shows that ROSS knew its actions were improper, dishonest, and violated the contract. Indeed, its actions would violate its own terms of service. As ROSS has failed to raise a material dispute as to any of the tortious interference elements, the Court should grant Plaintiffs' summary judgment.

ROSS also argues that Plaintiffs' claim is preempted by the Copyright Act. As detailed in Plaintiffs' opening brief and opposition to ROSS's motion, D.I. 316 ("Pls.' Opp."), ROSS is incorrect as a matter of law. Such claims are not preempted where the contractual provisions at issue implicate more than mere copying, distribution, performance, or display. The provisions here go well beyond them by prohibiting: (1) using an automated bot; (2) using Westlaw for the competitive purpose of creating a replacement; and (3) password sharing. Courts routinely find that such claims are ***not*** preempted, and ROSS points to no case supporting preemption in these circumstances. Thus, Plaintiffs request summary judgment on ROSS's preemption defense.

1

**ARGUMENT**

**I.    ROSS IS LIABLE FOR TORTIOUS INTERFERENCE WITH CONTRACT**

ROSS failed to present evidence establishing disputed issues as to material facts. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). It does not even dispute the first and fifth elements. Def.'s Br. 8–14; *see Chase Bank USA, N.A. v. Hess*, C.A. No. 08-121, 2013 WL 867542, at *3 (D. Del. 2013). The remaining elements are discussed below.

**A.    ROSS Had Knowledge of LegalEase's Contract with West**

Although ROSS argues that Plaintiffs must show it had actual knowledge of the ***specific*** terms of LegalEase's contract with West, Def.'s Br. 8, the Third Circuit has held that "[t]he defendant need not know the specific terms of the contract." *Acclaim Sys., Inc. v. Infosys, Ltd.*, 679 F. App'x 207, 211 (3d Cir. 2017). Rather, "[t]o prevail on a claim for tortious interference," Plaintiffs must show only that ROSS "had actual or imputed knowledge of the ***underlying contract***." *See WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*, 49 A.3d 1168, 1176 (Del. 2012) (emphasis added); *see also* Restatement (Second) of Torts § 766 cmt. i (1979) (requiring "knowledge of the contract"). ROSS does not dispute it had such knowledge. Def.'s Br. 8–10.

In any event, the undisputed record shows that ROSS ***did*** know the specific terms of the contract. ROSS tellingly does not address the testimony of its 30(b)(6) witness who admitted █████████████████████████████████████████ Pls.' Br. 4, 13; *see also* D.I. 255 ("Means Decl.") Exs. 15 (van der Heijden 30(b)(6) Tr.) 174:10–13. As to ROSS's other arguments, although ROSS argues that ████████████████████████████████████ █████████████████████████████████████████████████████████, Def.'s

Br. 6, 9, it ignores that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] That knowledge is sufficient. *See D 56, Inc. v. Berry's Inc.*, 955 F. Supp. 908, 916 (N.D. Ill. 1997) (defendants familiar with contracts containing similar provisions to those with which they interfered).

ROSS also argues that it could not have knowledge of the specific terms LegalEase breached because "not all terms are public" and "changes are made to agreements." Def.'s Br. 6, 9. That assertion does not make sense given that the provisions are publicly available at https://static.legalsolutions.thomsonreuters.com/static/general-terms-conditions.pdf and have not changed during the relevant period. *Compare* Means Decl. Ex. 79 (TR-0002844) (contract as of July 1, 2015 with breached provisions) *with* Means Decl. Ex. 76 (TR-0002812) (same dated July 1, 2017).

ROSS finally argues that it could not have knowledge of the specific terms LegalEase breached because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Br. 9. This is nonsensical. The provisions at issue are in the contract and were terms with which ROSS was aware. *See, e.g.*, Means Decl. Exs. 79, 76. Cherry-picking testimony from Plaintiffs' witness, Erik Lindberg, about what he *personally* knew does not somehow put into dispute whether *ROSS* knew about the provisions with which it interfered. Further, Mr. Lindberg testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.,* Ex. 121 (Lindberg Tr.) 40:18–20, 42:7–43:12, 51:4–57:2, 66:5–67:6, 68:5–73:8.[2] It was not until the lawsuit between West and LegalEase that

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 127 (ROSS-023032280).

[2] All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D. Means, submitted concurrently.

Plaintiffs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Pls.' Br. 10.  ROSS, however, knew about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Thus, there is no genuine dispute here—the evidence overwhelmingly shows ROSS had the requisite knowledge.

### B. ROSS Intentionally Caused LegalEase to Breach Its Contract with West

ROSS also was aware that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Pls.' Br. 14–17; Restatement (Second) of Torts § 766 cmt. j.  The undisputed evidence shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pls.' Br. 14–17.

ROSS offers excuses for why it should not be held responsible for LegalEase's actions, Def.'s Br. 10–12, none of which hold water.  ***First***, ROSS claims that it never directed LegalEase to use Westlaw, but rather ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Br. 2, 11.  This is a distinction without a difference.  The evidence unambiguously shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Pls.' Br. 14–17.

***Second***, ROSS admits that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Br. 3, 11.  This is not supported by the record.  ROSS's 30(b)(6) witness testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Means Decl. Ex. 13 (Ovbiagele Tr.) 74:3–10 (▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphasis added)), 76:5–22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,

4

███████████ And ROSS admits it asked ██████████████████

███████████████████████████████████████████████████████

Def.'s Br. 3, 12; Means Decl. Exs. 41 (ROSS-000176441); 13 (Ovbiagele Tr.) 78:6–11.

*Third*, ROSS claims that ████████████████████████████ ████████. This is immaterial. The case on which ROSS relies, *Prairie Capital III, L.P. v. Double E Holding Corp.*, found that, at the pleading stage, the plaintiff satisfied the elements of its fraud claim by alleging it relied on a certain representation when it entered into an agreement with the defendant. 132 A.3d 35, 61–62 (Del. Ch. 2015). Nowhere does it hold that a defendant can escape liability on summary judgment with a wink and a nod, pointing to a representation in a warranty when faced with undisputed facts of its actual actions and knowledge. *See supra* 2–4; *see also* Pls.' Br. 15–17. Therefore, it was certain—or at the very least substantially certain—that ROSS would cause LegalEase to breach its contract with West by telling LegalEase to use Westlaw to create the training data ROSS wanted to develop its competing legal research product.

Tellingly, despite insisting that it did not want LegalEase to breach its contract with West, ROSS's brief is completely silent with respect to the numerous documents that show ██████ █████████████████████████████████████████████. Pls.' Br. 16. Nor does ROSS address the fact that ██████████████████████████████████ despite, as ROSS admits, ███████████████████████████████████████████ Def.'s Br. 12. Given the undisputed evidence makes clear that ROSS knew interference was certain to occur as a result of its actions and inactions, this element is satisfied. *See* Restatement (Second) of Torts § 766; *see also Chase Bank*, 2013 WL 867542, at *3 (element satisfied where directions from defendant to third parties was "a significant factor in causing breach of the contracts").

5

### C. ROSS's Actions Were Not Justified

In determining whether a defendant's actions are justified, courts consider whether the conduct was improper or wrongful. *Nelson v. Fleet Nat'l Bank*, 949 F. Supp. 254, 260 (D. Del. 1996); *see also* Restatement (Second) of Torts § 767. Such conduct is "generally defined by reference to custom in the industry" and is conduct that "would not be sanctioned by the 'rules of the game,'" *see Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 383 (3d Cir. 2016), or is "fraudulent, dishonest, or illegal." *See Cargill Glob. Trading v. Applied Dev.*, 706 F. Supp. 2d 563, 576 (D.N.J. 2010). Moreover, "[a] benign, or pro-competitive, motive does not absolve misconduct" and "a defendant-competitor claiming a business-related excuse must justify not only its motive and purpose but also the means used." *Avaya*, 838 F.3d at 383 (citing *Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*, 659 A.2d 904, 933 (App. Div. 1995)).



ROSS argues its actions were justified because, ▊ Def.'s Br. 13. This argument is meritless. ***First,*** ROSS did not ▊ Def.'s Br. 1. ***Second***, ROSS admits that ▊. Def.'s Br. 13. And as noted above, ROSS was aware that ▊ *See* Means Decl. Ex. 73 (TR-0001142) (emphasis added). In fact, ▊

6

███████████████████████████████████████████████. *See* Ex. 126.

In other words, not only did ROSS know West did not want it accessing Westlaw, but it also knew that ███████████████████████████████████████████████████████

███████████████████████████ Thus, no reasonable juror could find that ROSS's hiring of LegalEase to do precisely what it knew was prohibited was "sanctioned by 'the rules of the game.'" *See Avaya*, 838 F.3d at 383. A reasonable juror could find only that ROSS's conduct was improper, fraudulent, and dishonest. *See Nelson,* 949 F. Supp. at 260; *Cargill*, 706 F. Supp. 2d at 576. Thus, the Court should grant summary judgment for Plaintiffs on tortious interference.

## II. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM IS NOT PREEMPTED

Copyright preemption does not apply if: (1) the "subject matter" of the claim does "not come within the subject matter of copyright" or (2) the claim has an "extra element beyond mere copying, preparation of derivative works, performance, distribution or display." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002) (finding misappropriation claim not preempted; internal quotation marks omitted).[3] Plaintiffs' tortious interference claim implicates multiple contractual provisions: (1) using an automated bot; (2) using Westlaw for the competitive purpose of creating a replacement; and (3) password sharing. Pls.' Br. 10. As an initial matter, given that passwords do not fall into any of the Copyright Act's categories of subject matter, 17 U.S.C. § 102(a), Plaintiff's Motion can be granted as to the password sharing provision on this basis alone. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004) (business plan did not fall within subject matter of copyright).

Plaintiffs' Motion also should be granted as none of the relevant provisions is equivalent

---

[3] ROSS argues tortious interference with contract claims are usually preempted by the Copyright Act, citing *Patry on Copyright* and legislative history. Def.'s Br. 15–16. As explained in Plaintiffs' opposition brief, neither supports ROSS's argument. *See* D.I. 270 at 6 n.2.

to a copyright claim. Pls.' Br. 10. Contrary to ROSS's argument that these breaches are cognizable as violations of the Copyright Act, Def.'s Br. 18–19, courts have found claims based on the violation of anti-bot provisions to not be preempted by the Copyright Act. *See Media.net Advert FZ-LLC v. Netseer, Inc.*, 156 F. Supp. 3d 1052, 1072 (N.D. Cal. 2016) (discussing anti-bot provisions). Similarly, with respect to provisions prohibiting use for competitive purposes, in *Altera Corp. v. Clear Logic, Inc.*, a claim that the defendant induced customers to use the plaintiff's copyrighted software for a prohibited purpose was not preempted. 424 F.3d 1079, 1089–1090 (9th Cir. 2005). And with respect to provisions prohibiting password sharing, the Seventh Circuit identified sharing access to a legal platform (LEXIS) as a quintessential example of a type of right that should be enforceable, not preempted. *See ProCD, Inc. v. Zeidenberg*, 86 F. 3d 1447, 1455 (7th Cir. 1996) ("Terms and conditions offered by contract reflect private ordering, essential to the efficient functioning of markets… § 301(a)…does not prevent states from respecting [private] transactions").

ROSS's other arguments are meritless. **First**, ROSS argues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Def.'s Br. 17. The cases ROSS cites do not support its argument. Those cases merely hold a licensor can bring an action of copyright infringement when a licensee exceeds the scope of its license. *See, e.g., Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087–88 (9th Cir. 1989); *Gilliam v. Am. Broad. Cos., Inc.*, 538 F.2d 14, 20 (2d Cir. 1976). They do not, as ROSS argues, hold that copyright infringement is the *only* claim available to a licensor in such circumstances. On the contrary, courts routinely find a licensor can bring both a claim of copyright infringement and tortious interference with contract because such claims are qualitatively different from copyrights. *See, e.g., Telecom Tech. Servs. Inc. v. Rolm Co.*, 388

F.3d 820, 833 (11th Cir. 2004) (tortious interference claim not preempted because it required showing of violation of terms of the plaintiff's SLA); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1324 (Fed. Cir. 2003) (most courts "have found that the Copyright Act does not preempt contractual constraints on copyrighted articles").

***Second***, ROSS argues that tortious interference claims are preempted by theories of secondary liability. Def.'s Br. 17–18. This is incorrect as a matter of law and the cases ROSS cites are inapposite. In *Tingley System, Inc. v. CSC Consulting, Inc*., the court found the claim was preempted because the only interference was copying the plaintiff's software. 152 F. Supp. 2d 95, 111 (D. Mass. 2001). Likewise, in *Asset Vision, LLC v. Fielding*, the court found the claim preempted because the plaintiff alleged that the defendant interfered with its right to distribute its source code. No. 13 Civ. 288, 2013 WL 6633743, at *5 (D. Idaho Dec. 17, 2013); Def.'s Br. 17–18. As noted above, rather than apply the kind of categorical preemption ROSS suggests, courts consider whether an "extra element" exists in the tortious interference with contract claim—*i.e.*, whether the claim implicates contractual provisions that prohibit more than ***merely*** reproduction, performance, distribution, or display. *See Altera,* 424 F.3d at 1089 (prohibition on use of software was an extra element); *Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*, 991 F.2d 426, 431 (8th Cir. 1993) (restriction on use of program for processing of data for third parties was an extra element); *Cassway v. Chelsea Historic Props. I*, 92 Civ. 4124, 1993 WL 64633, at *5 (E.D. Pa. Mar. 4, 1993) (no preemption where claim involved a "contractual matter different" from copyright). When it does, the claim is not preempted even if the claim is also supported by theories of secondary liability. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2016 WL 3951653, at *9 n.5 (N.D. Cal. July 22, 2016) (tortious interference claim not preempted where plaintiff alleged interference with various contractual provisions in addition to allegations of contributory and

9

vicarious infringement). Here, the contractual rights with which ROSS interfered are not equivalent to a copyright claim and, thus, the claim is not preempted. *See supra* 7–8.

**Third,** ROSS asserts that Plaintiffs' claim is preempted because ███████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████. Def.'s Br. 19–20. This is false. ███████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. *See generally* Means Decl. Ex. 24 (Malackowski Op. Rpt.). ███████████████████████████████████████████████ ███████████████████████████████████████████ ███████████ *Id.* █████████████████████████████████ ████████████████████████████████ The cases ROSS cites are also distinguishable. In *Johnson v. Arista Holding, Inc.*, the plaintiff sought damages under two state law claims for "fees and royalties" based on copying of a copyrighted work. No. 05 Civ. 9645, 2006 WL 3511894, at *7 (S.D.N.Y. Dec. 5, 2006). Likewise, *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*., which is cited in *Johnson*, is distinguishable because in that case, the plaintiff was using a state law claim to attempt to get punitive damages for copyright infringement where no such damages are available. 329 F.3d 923, 934 (7th Cir. 2003). Here, by contrast, ███████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████.

## **CONCLUSION**

Plaintiffs respectfully request that their motion for summary judgment on tortious interference with contract and copyright preemption be granted in its entirety.

<table>
<tr><td>

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

February 13, 2023

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

---

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

</td></tr>
</table>

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

/s/ *Michael J. Flynn*
_____
Michael J. Flynn (#5333)