IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
 )
Plaintiffs and )
Counterdefendants, )   C.A. No. 20-613 (SB)
 )
v. )   REDACTED - PUBLIC VERSION
 )
ROSS INTELLIGENCE INC., )
 )
Defendant and )
Counterclaimant. )

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, AND
EVIDENCE REGARDING THE OPINIONS OF
L. KARL BRANTING, J.D., PH.D.**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT..............................................................................................................................2

      A.      Dr. Branting Clearly Retracted His Unsupported Opinions ....................................2

      B.      Dr. Branting's Opinions Should Also Be Excluded Because They Lack
             Sufficient Evidentiary Support .................................................................................7

CONCLUSION.........................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

**Page(s)**

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
  2012 WL 6562221 (W.D. Pa. Dec. 15, 2012)............................................................9

*Daubert. Oddi v. Ford Motor Co*.,
  234 F.3d 136 (3d. Cir. 2000).........................................................................1, 5, 9, 10

*Fabrizi v. Rexall Sundown, Inc.*,
  2004 WL 1202984 (W.D. Pa. Jun. 2, 2004) ...........................................................5

*FM Ins. Co. v. LTK Consulting Servs., Inc.*,
  2014 WL 1494026 (W.D. Wash. Apr. 16, 2014).....................................................5

*Freeport-McMoran Res. Partners Ltd. P'ship v. B-B Paint Corp.*,
  56 F. Supp. 2d 823 (E.D. Mich. 1999)....................................................................7

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 137 (1997)................................................................................................7

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
  2010 WL 4065465 (S.D. Tex. Oct. 8, 2010)...........................................................9

*Richman v. Respironics, Inc.*,
  2012 WL 13102265 (S.D.N.Y. Mar. 13, 2012) ......................................................7

*Riegel v. Medtronic, Inc.*,
  451 F.3d 104 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008) ......................................7

*Snyder v. Wells Fargo Bank, N.A.*,
  2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012) .........................................................9

*Southland Health Servs., Inc. v. Bank of Vernon*,
  887 F. Supp. 2d 1158 (N.D. Ala. 2012).................................................................5

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999).................................................................................10

*U. S. v. Mendlowitz*,
  2019 WL 6977120 (S.D.N.Y. Dec. 20, 2019) ........................................................9

*Viterbo v. Dow Chem. Co.*,
  826 F.2d 420 (5th Cir. 1987) ................................................................................9

*Webb v. Zimmer, Inc.*,
    2019 WL 438361 (E.D.N.Y. Feb. 4, 2019)...................................................................5

*Wolfe v. McNeil-PPC, Inc.*,
    2011 WL 1673805 (E.D. Pa. May 4, 2011) .......................................................9, 10

**Rules**

Fed. R. Evid. 702 .............................................................................................................7

Plaintiffs respectfully submit this reply in support of their Motion to Exclude Certain Testimony, Argument, and Evidence Regarding the Opinions of L. Karl Branting.  D.I. 259 ("Pls.' Br.").

## PRELIMINARY STATEMENT

As explained in Plaintiffs' opening brief and below, Dr. Branting explicitly retracted his opinions during his deposition and, thus, his testimony should be excluded for that reason alone. In its opposition, ROSS inaccurately and vaguely summarizes Dr. Branting's testimony and opinions in an attempt to walk back his express disavowals.  D.I. 312 ("Def.'s Br.").  ROSS's mischaracterization of Dr. Branting's testimony cannot change the fact that Dr. Branting, in his own words, disavowed the opinions.  That is dispositive, and his testimony should be excluded.

ROSS also attempts to gloss over the fact that Dr. Branting's opinions are not supported by facts or citations to the record.  According to ROSS, Dr. Branting's lack of factual support, as well as the fact that what little information he relies on directly contradicts his opinions, is nothing more than an issue for cross examination.  Not so.  This is not a situation in which the parties disagree about what is shown by certain documents or testimony in the record.  Rather, Dr. Branting is offering opinions without *any* factual basis.  And on the rare occasion Dr. Branting does cite to something in the record, the document contradicts his opinion.  Such expert opinions are inadmissible under *Daubert*.

Finally, ROSS argues that Dr. Branting's opinion concerning the differences between Plaintiffs' AI and ROSS's AI is admissible because he relied on a handful of documents and testimony from Plaintiffs' fact witnesses that Plaintiffs do not contend are unreliable.  That is not the standard Dr. Branting's opinion must meet.  The correct standard is whether Dr. Branting's opinion is based on *sufficient* facts or data and *not* based on subjective belief or unsupported

1

speculation.   Here, Dr. Branting's opinion is based on insufficient facts and unsupported speculation.  Dr. Branting does not know all of the features or training procedures used by Plaintiffs for its AI and, thus, is unable to say whether or not Plaintiff used the same features as ROSS. Likewise, Dr. Branting has never used Westlaw Edge or the ROSS Platform and, thus, does not understand what either platform returns in response to a user's query or how either platform works under the hood.  Thus, the Court should grant Plaintiffs' motion.

## ARGUMENT

### A.    Dr. Branting Clearly Retracted His Unsupported Opinions

Dr. Branting expressly disavowed a number of his opinions during his deposition.  Pls.' Br. 5–10.  In its opposition, ROSS attempts to walk back those disavowals by inaccurately and vaguely summarizing his deposition testimony while offering up ROSS's interpretation of what Dr. Branting was thinking while testifying.  Def.'s Br. 5–10.  Yet, Dr. Branting was crystal clear during his deposition with respect to (1) the topics on which he was offering an opinion, and (2) the topics on which he had little to no understanding and, thus, was not offering an opinion.  The Court need not, and should not, give any weight to *ROSS's* misinterpretation of what Dr. Branting meant or was thinking when he gave certain testimony.  Dr. Branting's own words are not disputed.

Indeed, a review of Dr. Branting's expert reports and subsequent deposition testimony demonstrates why his testimony must be excluded.  ***First***, in his opening report, Dr. Branting opines:



D.I. 266 ("Loverro Decl.") Ex. AH (Branting Op. Rpt.) ¶ 24.  Yet, when asked about ███████████ ███████████████████████████████████, Dr. Branting testified:



Ex. 116 (Branting Tr.) 172:22–173:14 (emphasis added).[1]

Loverro Decl. Ex. AI (Branting Rbt. Rpt.) ¶ 5 (emphasis added).  But when asked about whether

, Dr. Branting testified:

[1]       All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D. Means, submitted concurrently.

3



*Id.* Ex. AA (Branting Tr.) 177:6–178:4 (emphasis added).  Likewise, when asked about the

████████████████████████████████████████████, Dr. Branting testified:

*Id.* 182:5–15 (emphasis added).

**Third**, in his rebuttal report, Dr. Branting opines that ██████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████ *Id.* Ex. AI (Branting Rbt. Rpt.) ¶ 26.

Yet, when asked about this opinion, Dr. Branting testified:

*Id.* Ex. AA (Branting Tr.) 209:14–210:3 (emphasis added).

**Fourth**, in his reply report, Dr. Branting opines that  *Id.* Ex. AJ (Branting Rpl. Rpt.) ¶ 30.  Yet, when asked directly whether

, Dr. Branting testified:

*Id.* Ex. AA (Branting Tr.) 183:23–184:9 (emphasis added).

As Dr. Branting's testimony makes clear, this is not, as ROSS would like the Court to believe, a case of Plaintiffs cherry-picking deposition testimony.  Rather, this is a case in which Dr. Branting offered a number of opinions in his reports, but was unable to testify about, explain, or support **any** of them at his deposition.  This is the quintessential case of an expert disavowing his opinions.  *See, e.g., Webb v. Zimmer, Inc.*, 2019 WL 438361, at *11 (E.D.N.Y. Feb. 4, 2019) (holding that allowing an expert to offer an opinion at trial "after [they] specifically recanted it in [their] deposition would be a clear violation of *Daubert* and its progeny"); *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 2014 WL 1494026, *8 (W.D. Wash. Apr. 16, 2014) (expert who "explicitly disavows" opinion "is not qualified to testify as an expert as to" it); *Southland Health Servs., Inc. v. Bank of Vernon*, 887 F. Supp. 2d 1158, 1171 (N.D. Ala. 2012) (excluding opinions in expert report that were disavowed by expert at deposition); *Fabrizi v. Rexall Sundown, Inc.*,

2004 WL 1202984, *10 (W.D. Pa. Jun. 2, 2004) (expert that "disavowed the requisite knowledge and expertise to offer" opinion in report rendered opinion "inadmissible").

ROSS tries to repackage Dr. Branting's testimony by talking about it in vague terms.  It believes ████████████████████████████████████████████ Def.'s Br. 5, but Dr. Branting readily and repeatedly admitted that ████████████████████████████ ████.  *See, e.g.*, Ex. 116 (Branting Tr.) 167:24–168:2 ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

██████████; Loverro Decl. Ex. AA (Branting Tr.) 184:10–14 ████████████████████ ████████████████████████████████████████████████████

Likewise, although *ROSS* believes ████████████████████████████████ ████████████████████████████████████████ Def.'s Br. 6, that is inconsistent with Dr. Branting's opinion that ████████████████████████████████████ ████████  *See supra* 2–5.  Dr. Branting should not be permitted to offer such an opinion at trial given that he ***repeatedly*** testified that he did not investigate, nor does he have any opinions about,

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████████████  *Id.*; *see also* Pls.' Br. 5–10.  For these reasons, the Court should exclude the portions of Dr. Branting's reports identified in Plaintiffs' opening brief and exclude Dr. Branting from offering any testimony at trial on the same issues.  *See* Pls.' Br. 5–10.

**B.      Dr. Branting's Opinions Should Also Be Excluded Because They Lack Sufficient Evidentiary Support**

As explained in Plaintiffs' opening brief, in addition to Dr. Branting's retraction of his opinions, they should be excluded because they are not based on sufficient facts or data, nor were they derived from "reliable principles and methods" that Dr. Branting "reliably applied . . . to the facts of the case." *See* Pls.' Br. 10–14; *see also* Fed. R. Evid. 702. ROSS tries to muddy the waters in a few ways—none of which have merit.

***First,*** ROSS tries to characterize this as a disagreement over the facts underlying Dr. Branting's opinions. Def.'s Br. 11–12. It is not. As Plaintiffs explained, several of Dr. Branting's opinions are stated with ***no*** factual support or citation to the record. Pls.' Br. 10–14. There can be no disagreement when there are no facts being cited. Moreover, the law is clear that an expert opinion that presents conclusions without any support, or "evidence that is connected to existing data only by the *ipse dixit* of the expert," will be excluded as unreliable. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 137, 146 (1997); *Richman v. Respironics, Inc.*, 2012 WL 13102265, at *14 (S.D.N.Y. Mar. 13, 2012); *see also Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008); *Freeport-McMoran Res. Partners Ltd. P'ship v. B-B Paint Corp.*, 56 F. Supp. 2d 823, 834 (E.D. Mich. 1999).

***Second***, ROSS argues that Dr. Branting "footnotes the materials on which he relies" and "lists the materials he considered." Def.'s Br. 11. This misses the mark entirely. Federal Rule of Evidence 702 permits a qualified expert to testify only if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) those opinions are based on "sufficient facts or data," and (3) those opinions are derived from "reliable principles and methods" that the expert "reliably applied . . . to the facts of the case." Fed. R. Evid. 702. As noted above, one issue is Dr. Branting's alarming lack of

citations to the record.  The other issue is that, in the few instances in which Dr. Branting **does** cite

to something in the record, there is **no connection** between his opinion and the cited material,

and/or the cited material is insufficient to support his opinion.  *See* Pls.' Br. 11–13.

For example, ROSS argues that ████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████  *See supra* 4.  As Plaintiffs

explained in their opening brief, Dr. Branting cites **one** document in support of this opinion that

unambiguously says the **opposite**:

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Loverro Decl. Ex. BE (ROSS-000076307); *see also id*. Ex. AI (Branting Rbt. Rpt.) ¶ 26.  ROSS

argues Dr. Branting cites more than one document because he also cites Appendix C to Dr. Krein's

opening report.  Def.'s Br. 12.  He does, but only to observe that ████████████████████

██████████████  *Id*. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██  *See, e.g.,* Ex. 123 (Appendix B to Krein Reply Report).  In any event, given that there is **nothing**

in the record nor Dr. Branting's report that supports his opinion, it must be exclude.

Likewise, Dr. Branting claimed to have reached several of his opinions after ████████

████████████████████████████████████████████████  Loverro Decl. Ex. AI

(Branting Rbt. Rpt.) ¶ 17; *see also* Pls.' Br. 11–12.  During his deposition, however, Dr. Branting

admitted that ████████████████████████████████████████████████

██████████████████████████████████████████████ *Id.* Ex. AA

(Branting Tr.) 205:6–13.  Dr. Branting provided no support for this contention, nor did he explain

his methodology for ████████████████████████████████████████████

ROSS claims this is not a basis for a *Daubert* claim, Def.'s Br. 12, and yet, it makes the same exact

argument in its own *Daubert* motion against Dr. Krein.  *See* D.I. 268 at 10 ("When an expert does

not state their methodology, their opinions are inherently unreliable because they cannot be

tested").  But unlike Dr. Krein who fully disclosed his methodology, Dr. Branting makes no such

disclosure.  For this reason as well, his testimony must be excluded.  *See Viterbo v. Dow Chem.

Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("If an opinion is fundamentally unsupported, then it offers

no expert assistance to the jury."); *see also Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010

WL 4065465, at *13 (S.D. Tex. Oct. 8, 2010) (excluding expert testimony based on an "extremely

small universe of information" that the expert extrapolated and who had not done an investigation

to support the opinions offered).

Finally, ROSS argues Dr. Branting's opinion regarding the differences between ROSS's

AI and training data, on the one hand, and Plaintiffs', on the other hand, is reliable because he cites

a handful of documents and the deposition transcripts of two of Plaintiffs' witnesses.  Def.'s Br.

13–15.  Yet, it is well-settled that testimony from an expert witness is not appropriate when the

testimony offers lay opinions appropriate for fact witnesses.  *See, e.g., U. S. v. Mendlowitz*, 2019

WL 6977120, at *7 (S.D.N.Y. Dec. 20, 2019); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,

2012 WL 6562221, at *16 (W.D. Pa. Dec. 15, 2012), *aff'd*, 807 F.3d 1283 (Fed. Cir. 2015) ("Expert

testimony is inadmissible when it addresses lay matters which [the trier of fact] is capable of

understanding and deciding without the expert's help.") (quoting *Snyder v. Wells Fargo Bank,

N.A.*, 2012 WL 4876938, at *2–3 (S.D.N.Y. Oct. 15, 2012)) (quotations omitted); *Wolfe v. McNeil-*

*PPC, Inc.*, 2011 WL 1673805, at \*12 (E.D. Pa. May 4, 2011) (same).  Plaintiffs do not argue that Dr. Branting should be excluded from testifying about the features used in ROSS's AI model. Plaintiffs do argue, however, that Dr. Branting's speculative, lay opinions regarding Plaintiffs' AI must be excluded under *Daubert*.  Dr. Branting admits ███████████████████████ ███████████, *see* Loverro Decl. Ex. AA (Branting Tr.) 249:14–250:5, 251:7–20, and only could speculate about ████████████████████████████████████████ *Id.* 19:21– 20:5, 20:14–21:3.  In short, he lacks any scientific, technical, or other specialized knowledge that would help the jury understand the evidence or determine the facts at issue to any greater degree than other fact witnesses.  Thus, his opinions regarding these matters must be excluded under *Daubert*. *Oddi v. Ford Motor Co*., 234 F.3d 136, 155 (3d. Cir. 2000); *In re TMI Litig*., 193 F.3d 613 (3d Cir. 1999) (excluding speculative expert opinions and finding that opinions based in speculation are not reliable).

## <u>CONCLUSION</u>

For the forgoing reasons, Plaintiffs respectfully request that their motion be granted.

10

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ Michael J. Flynn

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

February 13, 2023

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

David E. Moore, Esquire                                     *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                     *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                  *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)