IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) ) | REDACTED - PUBLIC VERSION |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE
CERTAIN TESTIMONY, ARGUMENT, AND EVIDENCE REGARDING
THE OPINIONS OF BARBARA FREDERIKSEN-CROSS**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

      A.    Dr. Krein and Ms. Frederiksen-Cross Had The Same Facts and Set of
          Materials ................................................................................................................2

      B.    Dr. Krein Was Prepared To Testify About His Opinions ......................................3

ARGUMENT ..............................................................................................................................3

      A.    Ms. Frederiksen-Cross's Analyses of Dr. Krein's Appendix C Are
          Improper .................................................................................................................4

      B.    Plaintiffs Have Been Prejudiced ............................................................................7

CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*AVM Techs., LLC v. Intel Corp.*,
    C.A. No. 10-610, 2013 WL 8422202 (D. Del. March 29, 2013)................................9

*Byrd v. Aaron's, Inc.*,
    No. 11 Civ. 101, 2017 WL 1093286 (W.D. Pa. Mar. 22, 2017)............................10

*Crowley v. Chait*,
    322 F. Supp. 2d 530 (D.N.J. 2004) ...............................................10

*Intell. Ventures I LLC v. AT&T Mobility LLC*,
    C.A. No. 12-193, 2017 WL 478565 (D. Del. Jan. 31, 2017)...........................*passim*

*Kleen Products LLC v. Int'l Paper*,
    306 F.R.D. 585 (N.D. Ill. 2015)................................................6, 7

*Konstantopoulos v. Westvaco Corp.*,
    112 F.3d 710 (3d Cir. 1997)....................................................8

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
    559 F.2d 894 (3d Cir. 1977)...............................................7, 8, 9, 10

*MicroStrategy, Inc. v. Business Objects, S.A.*,
    429 F.3d 1344 (Fed. Cir. 2005).................................................10

*Sloan Valve Co. v. Zurn Indus., Inc.*,
    No. 10 Civ. 204, 2013 WL 3147349 (N.D. Ill. June 19, 2013) ...........................6, 7

*United Healthcare Servs., Inc. v. Cephalon, Inc.*,
    No. 17 Civ. 555, 2019 WL 2994660 (E.D. Pa. July 8, 2019) ...................................9

*Vaskas v. Kenworth Truck Co.*,
    No. 10 Civ. 1024, 2013 WL 1207963 (M.D. Pa. Mar. 25, 2013)............................9

*Withrow v. Spears*,
    967 F. Supp. 2d 982 (D. Del. 2013)............................................*passim*

**Rules**

Fed R. Civ. P. 26(a) ..........................................................3, 6, 10

## PRELIMINARY STATEMENT

The issue here is simple.  Ms. Frederiksen-Cross's reply report was supposed to be limited to addressing the criticisms raised against her own opening report.  It was not.  Instead, Ms. Frederiksen-Cross inappropriately served an admitted "surrebuttal report" that contains previously undisclosed opinions, methodologies, and analyses concerning the opening report of Plaintiffs' AI expert, Dr. Jonathan Krein ("Dr. Krein").  These opinions should have been disclosed in her opening report.  They were not.  And Plaintiffs are prejudiced by this untimely disclosure.

In its opposition D.I. 314 ("Def.'s Br."), ROSS raises two arguments:  ***First***, that Ms. Frederiksen-Cross's surrebuttal report does not contain any previously undisclosed opinions, methodologies, and analyses, but rather simply addresses the flaws and critiques raised by Dr. Krein in his rebuttal report.  ***Second***, that even if Ms. Frederiksen-Cross's surrebuttal report does contain previously undisclosed opinions, methodologies, and analyses, exclusion is not warranted because Plaintiffs cannot show prejudice.  ROSS is wrong on both scores.

As explained below, Ms. Frederiksen-Cross's surrebuttal report inappropriately introduces new opinions, methodologies, and analyses that (1) are not contained in her opening report, and (2) go well-beyond responding to Dr. Krein's rebuttal report.  Moreover, contrary to ROSS's assertion, it is wholly improper to expect Dr. Krein to review, digest, and formulate a response to a 47-page surrebuttal report ten days before his deposition—particularly when none of his opinions are based on said report.  Nor is it fair for Plaintiffs to have to spend their limited deposition time with Ms. Frederiksen-Cross launching challenges to the veracity of her previously undisclosed opinions without the benefit of Dr. Krein's expert analysis.  Rather, the procedural rules should have afforded Plaintiffs the benefit of having *all* of Ms. Frederiksen-Cross's opinions in writing so they could be analyzed and responded to in writing.

1

## **BACKGROUND**

### A.    **Dr. Krein and Ms. Frederiksen-Cross Had The Same Facts and Set of Materials**

As an initial matter, ROSS repeatedly insinuates that it is proper for Ms. Frederiksen-Cross's surrebuttal report to address Dr. Krein's opening report because at the time of submitting their opening reports, Dr. Krein knew which Westlaw headnotes ("West Headnotes") were at issue and Ms. Frederiksen-Cross did not.  *See* Def.'s Br. 1–3, 5.  This is false.  Leaving aside that ROSS was fully aware of the actions it and LegalEase Solutions, LLC ("LegalEase") took in copying Plaintiffs' Westlaw Content, prior to the submission of opening expert reports, Plaintiffs repeatedly explained that ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████.  *See, e.g.*, Ex. 125 Plaintiffs' Second Supplemental Response to Interrogatory No. 1 at 31–39 (explaining that ████████████████████████████████████████

████████████████████████████████████████████████████████████[1]

Plaintiffs also directed ROSS to the numerous documents and testimony showing the process that LegalEase and its subcontract, Morae Global Corporation ("Morae Global"), followed to create the Bulk Memos.  *Id*.

Dr. Krein conducted his analysis to reflect Plaintiffs' allegations and the process clearly laid out in the documents he reviewed.  Indeed, as he explained during his deposition, (D.I. 320 ("Means 2d Decl.") Ex. 108 (Krein Tr.) 47:1–10):



---

[1]    All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D. Means, submitted concurrently.

██████████████████████

For one reason or another, Ms. Frederiksen-Cross chose not to conduct her analysis in a way that reflected Plaintiffs' allegations or the process evident in the documents she purportedly reviewed. Instead, she conducted an analysis using ████████████████████████ ████████████ in a way that was completely untethered from the facts, including how the West Headnotes were actually created by West and how the Bulk Memos were actually created by LegalEase and Morae Global.  *See* D.I. 266 ("Loverro Decl.") Ex. AS (Krein Rbt. Rpt.) ¶¶ 72–81; *see also* Def.'s Br. 3.  In any event, the methodological flaws in Ms. Frederiksen-Cross's analysis are not a result of Plaintiffs "hiding" which copyrighted works are at issue in this case.  Nor do they justify Ms. Frederiksen-Cross submitting a surrebuttal report that addresses Dr. Krein's opening report.

**B.     Dr. Krein Was Prepared To Testify About His Opinions**

Next, ROSS falsely claims that Dr. Krein never read Ms. Frederiksen-Cross's reply report prior to his deposition.  He did.  Indeed, when asked about it in his deposition, Dr. Krein testified numerous times that he reviewed Ms. Frederiksen-Cross's reply report, but because it was served days before his deposition, he did not have enough time to review, analyze, and form opinions about the new datasets she created, the various new analyses she performed using previously undisclosed methodologies, or the new opinions she offered.  *See, e.g.,* Ex. 119 (Krein Tr.) 138:9–19, 142:20–143:19, 151:6–20.  In any event, this is a red herring.  As an expert witness, Dr. Krein only needed to be prepared to testify about *his* opinions and the bases thereof at his deposition. *See* Fed R. Civ. P. 26(a)(2)(B).  He was.  Dr. Krein had no obligation to be prepared to testify about Ms. Frederiksen-Cross's surrebuttal report as none of his opinions are based on it.  *Id*.

## ARGUMENT

It is well-settled that under Rule 26(a), reply reports are proper only if they "directly

contradict or rebut the actual contents" of an opposing expert's ***rebuttal report***. *Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (emphasis added).  Here, it is clear that numerous portions of Ms. Frederiksen-Cross's surrebuttal report are expressly directed at Dr. Krein's ***opening report*** and thus are not proper opinions to be offered in a reply report.[2]  *Id.*; *see also Intell. Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193, 2017 WL 478565, at *1 (D. Del. Jan. 31, 2017) (same).

## A.      Ms. Frederiksen-Cross's Analyses of Dr. Krein's Appendix C Are Improper

Tellingly, despite claiming that Ms. Frederiksen-Cross's surrebuttal report is properly responding to Dr. Krein's rebuttal report, ROSS does not even attempt to show this connection to the Court.  Instead, ROSS simply states that is the case.  Def.'s Br. 5–6.  Examining Ms. Frederiksen-Cross's surrebuttal report, however, shows that is not the case.

***First***, in the section



.  *See* Loverro Decl. Ex. AQ (Frederiksen-Cross Surrebuttal Rpt.) ¶¶ 23–29. Ms. Frederiksen-Cross is not, as ROSS would like the Court to believe, responding to anything in Dr. Krein's rebuttal report.

***Second***, in the section titled                              *Id.*

---

[2]      ROSS attempts to repackage Plaintiffs' opening brief as seeking to exclude Ms. Frederiksen-Cross's surrebuttal report in its entirety.  Def. Br. 5.  This is incorrect.  As Plaintiffs explained, they seek to exclude the opinions offered in Ms. Frederiksen-Cross's surrebuttal report "to the extent they concern matters that were not disclosed in Ms. Frederiksen-Cross's opening report, such as the opinions and analyses disclosed in Dr. Krein's opening report and Appendix C attached thereto, and state court headnotes."  D.I. 261 ("Pls.' Br.") at 5.  Specifically, the Court should exclude the following portions of Ms. Frederiksen-Cross's surrebuttal report: ¶¶ 6–7, 10–14, 23–29, 32–44, 46–68, 114–129, 135–136 and Exhibits C–J attached thereto.

¶¶ 37–44.  Indeed, Ms. Frederiksen-Cross admits ██████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

*Id*. ¶ 37.  Yet, the assertion she is providing ██████████████████████████████

██████████████████████.[3]  Loverro Decl. Ex. AR (Krein Op. Rpt.) ¶ 112.  From this,

Ms. Frederiksen-Cross concludes that "██████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████  *Id*. ¶ 44.  Dr. Krein, however, offers no such opinion or analysis in his

rebuttal report.  Likewise, there is ***no discussion or even mention*** of █████████████ in Dr. Krein's

rebuttal report or Ms. Frederiksen-Cross's opening report.  Rather, ██████████ were raised

for the first time in Ms. Frederiksen-Cross's rebuttal report.  *See, e.g.*, *id*. Ex. AP (Frederiksen-

Cross Rbt. Rpt.) ¶¶ 14–15, 135–139.  Thus, there is no way for Ms. Frederiksen-Cross's analysis

to be intended to "directly contradict or rebut the actual contents" of Dr. Krein's rebuttal report.

*Withrow*, 967 F. Supp. 2d at 1002; *Intell.*, 2017 WL 478565, at *1.

    ***Third***, in the section titled ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████.  *See* Loverro Decl. Ex. AQ

(Frederiksen-Cross Surrebuttal Rpt.) ¶¶ 118–129.  Indeed, Ms. Frederiksen-Cross explains:

---

[3]    In his opening report, Dr. Krein █████████████████████████████████

████████████████████  *Id*. ¶ 112 & n.162.  In her surrebuttal report, Ms. Frederiksen-Cross compares

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.  *See id*. Ex. AQ

(Frederiksen-Cross Surrebuttal Rpt.) ¶ 42.



*Id*. ¶¶ 119–120 (emphasis added).  This analysis is improper.  ████████████

███████████████████████████████████████████████████████████████

███████████████████████ Ex. 118 (Frederiksen-Cross Tr.) 273:1–274:3.  Fatally, however,

is that fact that, as Ms. Frederiksen-Cross admits, ████████████████████████████

███.  Loverro Decl. Ex. AQ (Frederiksen-Cross Surrebuttal Rpt.) ¶ 119.  Rather, ███████

███████████████████████████████████████████████████████████████

██████████████████████████.  *Id*.; *see also Withrow*, 967 F. Supp. 2d at 1002; *Intell.*,

2017 WL 478565, at *1.

ROSS asserts that "[o]ne can only respond to what one knows."  Def.'s Br. 5.  This is

true—hence why Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires that an expert's opening

report contain "a *complete statement of all opinions* the witness will express and the basis and

reasons for them."  *Id*. (emphasis added).  The cases that ROSS cites do not hold otherwise.  Nor

do they hold that it is proper for expert's reply report to consider new data that was available at

the time the expert's opening report was submitted.  For example, in *Kleen Products LLC v.

International Paper*, the court declined to strike the expert's reply report specifically because it

was "based on the same data in his original report and ***does not seek to include new data***."  306

F.R.D. 585, 592 (N.D. Ill. 2015) (emphasis added).

The opposite is true here.  The *Kleen* court's discussion of *Sloan Valve Co. v. Zurn

Industries, Inc*., No. 10 Civ. 204, 2013 WL 3147349, at *1 (N.D. Ill. June 19, 2013) is instructive.

In *Sloan*, the court struck a portion of an expert's reply report that constituted "a new, alternative collateral sales calculation" based on data that was available to the expert when he filed his initial report. *Id.* at *3. The plaintiff argued that the new calculation was in response to the defendant's expert's criticism, but the court found that it was new because it included a new opinion based on data that was not a part of the plaintiff's expert's initial report, though it was available to him. *Id*.

Here, exclusion is warranted for the same reasons as in *Sloan*. Ms. Frederiksen-Cross considered ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Loverro Decl. Ex. AO (Frederiksen-Cross Op. Rpt.) ¶ 148. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Def.'s Br. 3. She did not. Instead, ***after*** submitting her opening report, Ms. Frederiksen-Cross requested ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ *See* Loverro Decl. Ex. AQ (Frederiksen-Cross Surrebuttal Rpt.) ¶ 119 (emphasis added). Thus, Ms. Frederiksen-Cross's opinion concerning ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ are unquestionably new opinions based on data that was not a part of Ms. Frederiksen-Cross's opening report, though readily available to her, and not responsive to Dr. Krein's rebuttal report. They should therefore be excluded. *See Sloan*, 2013 WL 3147349, at *1; *Kleen*, 306 F.R.D. at 592.

## B. Plaintiffs Have Been Prejudiced

After declining to address the actual contents of Ms. Frederiksen-Cross's surrebuttal report, ROSS quickly pivots to arguing that, in any event, exclusion is not warranted because Plaintiffs cannot show prejudice. Def.'s Br. 6–8. Plaintiffs can, particularly as each *Pennypack* factor is

satisfied here.[4]

With respect to the first *Pennypack* factor, there can be no dispute that the opinions offered by Dr. Krein and Ms. Frederiksen-Cross, particularly their opinions concerning ████████ ████████████████████████████████████████, are of high importance in this case.  That fact, however, warrants a different outcome than what ROSS advocates.  Both experts are being offered to assist the jury understand the highly complex facts surrounding ROSS's copying and their testimony at trial will play a vital role in the jury's determination of the parties' respective claims and defenses.  Accordingly, just as it was important for both experts to have the opportunity to critique one another, it is equally important that both experts have the final word on those critiques.  Thus, the first *Pennypack* factor is satisfied.

With respect to the second, third, and fourth *Pennypack* factors, Ms. Frederiksen-Cross's surrebuttal report undoubtedly surprised and prejudiced Plaintiffs.  ROSS argues Plaintiffs had two opportunities to cure any prejudice.  *First*, ROSS argues Dr. Krein could have addressed Ms. Frederiksen-Cross's surrebuttal report in his deposition but did not.  Def.'s Br. 4, 7.  This misses the mark entirely.  Third Circuit law, the Federal Rules of Civil Procedure, and the Scheduling Order in this case provide a set amount of time for the parties' experts to consider, test, and respond *in writing* to each other's analyses, methodologies, and opinions.  Nowhere is it contemplated that Dr. Krein would have less than ten days to consider and form opinions about Ms. Frederiksen-Cross's 47-page surrebuttal report and then offer his opinions orally at his deposition.

---

[4] The *Pennypack* factors are: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence (the "*Pennypack* factors").  *See Intell.,* 2017 WL 478565, at *1 (citing *Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir. 1977)).

***Second***, ROSS argues Plaintiffs could have questioned Ms. Frederiksen-Cross about her new analyses and conclusions at her deposition.  This too misses the mark.  Ms. Frederiksen-Cross's surrebuttal report discusses ███████████████████████████.  As noted above, Third Circuit law, the Federal Rules of Civil Procedure, and the Scheduling Order contemplate that Dr. Krein would have an opportunity to challenge the veracity of those opinions ***in writing*** prior to Ms. Frederiksen-Cross's deposition.  It is unreasonable for Plaintiffs to be expected to challenge Ms. Frederiksen-Cross's opinions on the fly during a deposition and without the benefit of Dr. Krein's expert opinion.  Moreover, even if Plaintiffs chose to do so, they still would have been prejudiced by having been forced to spend limited deposition time focusing more on those opinions and less on the opinions properly disclosed in Ms. Frederiksen-Cross's other reports.

Further, if Ms. Frederiksen-Cross were allowed to testify about these new analyses and opinions, the only cure—another deposition and/or a supplemental expert report from Dr. Krein—would clearly disrupt the order and efficiency of trial.  *See, e.g., United Healthcare Servs., Inc. v. Cephalon, Inc.*, No. 17 Civ. 555, 2019 WL 2994660, at \*11 (E.D. Pa. July 8, 2019) (finding prejudice where new theory would disrupt the orderly flow of litigation); *Vaskas v. Kenworth Truck Co.*, No. 10 Civ. 1024, 2013 WL 1207963, at \*4 (M.D. Pa. Mar. 25, 2013) (finding prejudice where deprived of opportunity to depose witness on new testimony); *AVM Techs., LLC v. Intel Corp.*, C.A. No. 10-610, 2013 WL 8422202, at \*2 (D. Del. March 29, 2013) (finding first three *Pennypack* factors weighed in favor of exclusion where untimely expert disclosure would have necessitated re-opening of discovery).  Thus, these *Pennypack* factors are satisfied.

With respect to the fifth *Pennypack* factor, there is no justified basis for this 11th hour disclosure.  As noted above, Ms. Frederiksen-Cross and Dr. Krein had access to the same materials and underlying facts prior to the submission of opening expert reports.  *See supra* 2–3.

9

Ms. Frederiksen-Cross could have conducted her analysis in a way that accurately reflected the underlying facts surrounding ROSS's copying, but she did not. *Id*. Ms. Frederiksen-Cross could have ████████████████████████████████████████████████████ ████████████████████████████████████████████████████. *See supra* 7. Now, ROSS attempts to pass these oversights off as Plaintiffs' fault for not identifying which West Headnotes were at issue. Def.'s Br. 1–3, 5. But ROSS's lack of confidence in the analyses and conclusions offered in Ms. Frederiksen-Cross's opening report does not mean it gets a second bite of the apple. *See MicroStrategy, Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1357 (Fed. Cir. 2005) (excluding untimely expert testimony where party had long been in possession of the information and the decision to untimely serve the information made party "alone is to blame for creating this situation"). Thus, the fifth *Pennypack* factor is satisfied.

With respect to the sixth *Pennypack* factor, it is well-settled that "[r]ebuttal cannot be used to correct a party's oversights in its case-in-chief." *See Byrd v. Aaron's, Inc.*, No. 11 Civ. 101, 2017 WL 1093286, at *4 (W.D. Pa. Mar. 22, 2017) (citing *Crowley v. Chait*, 322 F.Supp.2d 530, 551 (D.N.J. 2004)). Here, as noted above, Ms. Frederiksen-Cross's surrebuttal report is nothing more than an impermissible attempt for a "do over." *Crowley*, 322 F.Supp.2d at 551. Clearly Ms. Frederiksen-Cross did not make a good faith effort to provide in her opening report "a *complete statement of all opinions* [she] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Nor did she make a good faith effort to limit her reply report that "directly contradict[ing] or rebut[ing] the actual contents of [Dr. Krein's rebuttal report]." *Withrow*, 967 F. Supp. 2d at 1002; *Intell.*, 2017 WL 478565, at *1. Thus, the sixth *Pennypack* factor is satisfied.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that their motion to exclude certain testimony, argument, or evidence regarding the opinions of Barbara Frederiksen-Cross be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ Michael J. Flynn

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation

February 13, 2023

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                   *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)