IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE            )
CENTRE GMBH and WEST PUBLISHING       )
CORPORATION,                          )
                                      )
            Plaintiffs and            )
            Counterdefendants,        )   C.A. No. 20-613 (SB)
                                      )
      v.                              )   REDACTED - PUBLIC VERSION
                                      )
ROSS INTELLIGENCE INC.,               )
                                      )
            Defendant and             )
            Counterclaimant.          )

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, AND
EVIDENCE REGARDING THE OPINIONS OF ALAN COX**

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                      Jack B. Blumenfeld (#1014)
OF COUNSEL:                           Michael J. Flynn (#5333)
                                      1201 North Market Street
Dale M. Cendali                       P.O. Box 1347
Joshua L. Simmons                     Wilmington, DE  19899
Eric A. Loverro                       (302) 658-9200
KIRKLAND & ELLIS LLP                  jblumenfeld@morrisnichols.com
601 Lexington Avenue                  mflynn@morrisnichols.com
New York, NY  10022
(212) 446-4800                        *Attorneys for Plaintiffs and*
                                      *Counterdefendants Thomson Reuters*
Miranda D. Means                      *Enterprise Center GmbH and West*
KIRKLAND & ELLIS LLP                  *Publishing Corporation*
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

## <u>TABLE OF CONTENTS</u>

I.     DR. COX'S DAMAGES CALCULATIONS SHOULD BE EXCLUDED........................1

    A.    Dr. Cox's Disgorgement Opinions are Unreliable and Contrary to the Copyright Law ............................................................................................................1

    B.    Dr. Cox's Lost Profits Opinions are Not Based on Comparable Licenses or an Adequate Sample Size.........................................................................................4

II.    DR. COX'S OPINIONS ON FAIR USE FACTOR FOUR SHOULD BE EXCLUDED ...........................................................................................................7

    A.    Dr. Cox's Market Harm Opinions are Unreliable...................................................7

    B.    Dr. Cox's Understanding of Market Benefit is Flawed and Unreliable .................9

    C.    Dr. Cox Failed to Review One of the Key Products...............................................10

III.    CONCLUSION.........................................................................................................10

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

**Page(s)**

*Baker v. Urban Outfitters, Inc.*,
  254 F. Supp. 2d 346 (S.D.N.Y. 2003)..................................................................5

*Best v. Lowe's Home Ctrs., Inc.*,
  No. 04 Civ. 294, 2008 WL 2359986 (E.D. Tenn. 2008) ......................................4

*In re BlackRock Mut. Funds Advisory Fee Litig.*,
  No. 14 Civ. 1165, 2019 WL 1387450 (D.N.J. Feb. 8, 2019)...............................10

*In re Blood Reagents Antitrust Litig.*,
  No. 09 Civ. 2081, 2015 WL 6123211 (E.D. Pa. Oct. 19, 2015)............................6

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003)................................................................................8

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
  775 F. Supp. 544 (E.D.N.Y. 1991) ......................................................................2

*Country Rd. Music, Inc. v. MP3.com, Inc.*,
  279 F. Supp. 2d 325 (S.D.N.Y. 2003)..................................................................6

*Dash v. Mayweather*,
  731 F.3d 303 (4th Cir. 2013) ..........................................................................5, 6

*Dzielak v. Whirlpool Corp.*,
  No. 12 Civ. 89, 2017 WL 1034197 (D.N.J. Mar. 17, 2017).................................2

*Hartle v. FirstEnergy Generation Corp.*,
  No. 08 Civ. 1019, 2014 WL 1317702 (W.D. Pa. Mar. 31, 2014)...........................5

*ID Sec. Sys. Can., Inc. v. Checkpoint Sys., Inc.*,
  198 F. Supp. 2d 598 (E.D. Pa. 2002) ...................................................................3

*Int'l Constr. Prods., LLC v. Caterpillar Inc.*,
  C.A. No. 15-108, 2022 WL 4465376 (D. Del. Sept. 26, 2022) .............................7

*Jama v. Esmor Corr. Servs., Inc.*,
  No. 97 Civ. 3093, 2007 WL 1847385 (D.N.J. June 25, 2007) ..............................3

*Lloyd v. Conseco Fin. Corp.*,
  No. 00 Civ. 10452, 2001 WL 36097624 (C.D. Cal. Oct. 19, 2001) ......................6

*M2M Sols. LLC v. Enfora, Inc.*,
 167 F. Supp. 3d 665 (D. Del. 2016)....................................................................5

*Monge v. Maya Mags., Inc.*,
 688 F.3d 1164 (9th Cir. 2012) ............................................................................8

*MOSAID Techs. Inc. v. LSI Corp.*,
 C.A. No. 10-192, 2014 WL 807877 (D. Del. Feb. 28, 2014) ...................................3

*In re Mushroom Direct Purchaser Antitrust Litig.*,
 No. 06 Civ. 620, 2015 WL 5767415 (E.D. Pa. July 29, 2015)...................................3

*Oddi v. Ford Motor Co.*,
 234 F.3d 136 (3d Cir. 2000)................................................................................8

*Oracle Am., Inc. v. Google, Inc.*,
 No. 10 Civ. 35651, 2016 WL 1743154 (N.D. Cal. May 2, 2016) ...........................2

*In re Processed Egg Prods. Antitrust Litig*,
 81 F. Supp. 3d. 412 (E.D. Pa. 2015) .....................................................................7

*Pure Earth, Inc. v. Call*,
 No. 09 Civ. 4174, 2011 WL 13380381 (E.D. Pa. Nov. 14, 2011)...........................4

*Rhoads Indus., Inc. v. Shoreline Found., Inc.*,
 No. 15 Civ. 921, 2022 WL 4021766 (E.D. Pa. Sept. 2, 2022)................................10

*Rosen v. Ciba–Geigy Corp.*,
 78 F.3d 316 (7th Cir. 1996) ................................................................................9

*Saxon Glass Techs., Inc. v. Apple Inc.*,
 393 F. Supp. 3d 270 (W.D.N.Y. 2019) ................................................................6

*Sensor Sys. LLC v. Blue Barn Holdings, Inc.*,
 No. 19 Civ. 2581, 2021 WL 1686829 (M.D. Fla. Apr. 29, 2021) .........................10

*Stecyk v. Bell Helicopter Textron, Inc.*,
 295 F.3d 408 (3d Cir. 2002)................................................................................3

*Trell v. Marlee Elecs. Corp.*,
 912 F.2d 1443 (Fed. Cir. 1990)............................................................................5

*U.S. v. Rite Aid Corp.*,
 No. 12 Civ. 1699, 2020 WL 3970201 (E.D. Cal. July 14, 2020)...........................6

*UHS of Del., Inc. v. United Health Servs., Inc.*,
 No. 12. Civ. 485, 2017 WL 1928341 (M.D. Pa. May 10, 2017) ...........................5

*Wendt v. Host Int'l, Inc.*,
125 F.3d 806 (9th Cir. 1997) ..................................................................................6

*ZF Meritor, LLC v. Eaton Corp.*,
696 F.3d 254 (3d Cir. 2012)....................................................................................3

As detailed in Plaintiffs' opening brief, certain of Dr. Cox's opinions should be excluded under *Daubert*. D.I. 263 ("Pls.' Br.").  ROSS's arguments in opposition are meritless.  ***First***, it is not proper to calculate disgorgement under the Copyright Act based on a hypothetical non-infringing universe.  ROSS argues that Dr. Cox took a different approach, but this was indeed his approach, and there is no way around the clear law prohibiting Dr. Cox's methodology under the Copyright Act.  The disgorgement opinions also suffer additional flaws, including because they are speculative and inconsistent with the facts of the case.  ***Second***, Dr. Cox's lost profits opinion calculates ███████████████████████████████████████████████████████

███████████████████████████.  Courts regularly exclude similar "apples and oranges" opinions under *Daubert*, and the opinion also relies on an unsupported sample size, which is another fatal flaw therein.  ***Third***, Dr. Cox concludes ████████████████████████

█████████████ based on an unreliable methodology and insufficient facts.  Dr. Cox did not conduct a traditional market analysis, unlike the cases ROSS cites in opposition, and the scant methodology he did apply is unsound.  Dr. Cox opines on market benefit based purely on "common sense" and general adages untethered to any actual data; such *ipse dixit* should be excluded.

# I.    DR. COX'S DAMAGES CALCULATIONS SHOULD BE EXCLUDED

## A.    Dr. Cox's Disgorgement Opinions are Unreliable and Contrary to the Copyright Law

As explained in Plaintiffs' opening brief, Dr. Cox's disgorgement analysis should be excluded because it is (1) improper under the Copyright Act; (2) based on speculative financial projections; and (3) disconnected from and inconsistent with the facts of this case. Pls.' Br. 5–8. ROSS's arguments in opposition on each of these points are meritless.

***First***, ROSS's opposition does not dispute the basic principle that it is improper, for purposes of calculating disgorgement under the Copyright Act, for a defendant to deduct from its

total profits the *theoretical* profits that it would have made ***but for*** the infringement.  *See Oracle Am., Inc. v. Google, Inc.*, 2016 WL 1743154, at *2 (N.D. Cal. May 2, 2016); *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F. Supp. 544, 571 (E.D.N.Y. 1991) (finding a "basic flaw" in profits opinion was premised on "hypothetical, infringement-free world") *vacated in part on other grounds*, 982 F.2d 693 (2d Cir. 1992).  Instead, ROSS asserts that Dr. Cox's opinions were not premised on a hypothetical infringement-free world.  D.I. 313 ("Def.'s Opp.") 10, n.5.  Yet, Dr. Cox  admittedly ████████████████████████████████████████████████

████████████████████████████████████████████ D.I. 266 ("Loverro Decl.")

Exs. AM (Cox 2d Rbt. Rpt.) at 20–21 (emphasis added); AC (Cox Tr.) 346:11–18.  Dr. Cox

hypothesized ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████.  Loverro Decl. Ex. AM (Cox 2d Rbt. Rpt.) at 21.  This is not proper.

Tellingly, ROSS does not cite a single case in which Dr. Cox's methodology has been accepted for purposes of calculating copyright disgorgement.  ROSS relies on *Dzielak v. Whirlpool Corp.*, but that is not a copyright disgorgement case.  2017 WL 1034197, at *21 (D.N.J. Mar. 17, 2017).  Rather, that case, a breach of warranty action, was about a mislabeled washing machine, and the expert was calculating actual damages (which is different from disgorgement) using a "price premium" methodology that examined the amount of the retail price attributable to the mislabeling.  *Id.* at *21.  *Whirlpool* did not find that a methodology like Dr. Cox's is proper for calculating copyright disgorgement; *Oracle* and *Altai* confirm that it is ***not*** acceptable.  The disgorgement opinion can be excluded on this basis alone.

***Second***, while the Court need not reach it, ROSS does not adequately address the other

2

fatal flaw in Dr. Cox's methodology: ███████████████████████

██████████████████████████████████████████████████████████.

Pls.' Br. 6–7.  ROSS asserts that this opinion is supported by ███████████████████

████████████████████████████████████████████████████████████t.

Def.'s Opp. 11.  ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Pls.' Br. 7.  ROSS asserts this is an issue for cross examination,[1] but courts regularly exclude expert testimony based on such speculative financial projections, and the court should do so here. *See MOSAID Techs. Inc. v. LSI Corp.*, 2014 WL 807877, at *3 (D. Del. Feb. 28, 2014); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291 (3d Cir. 2012).[2]  Indeed, in one of the very cases on which ROSS relies, the court notes that profits opinions based on "speculation or guess work" are not admissible. *ID Sec. Sys. Can., Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 613 (E.D. Pa. 2002).[3]  Dr. Cox should not be able to present what is essentially a pure guess to the jury,

---

[1]     ROSS relies on *In re Mushroom Direct Purchaser Antitrust Litigation*, for this point, but there the expert used a widely accepted methodology and that methodology required certain assumptions for which the expert had some basis.  2015 WL 5767415, at *10 (E.D. Pa. July 29, 2015).  Dr. Cox does not have a basis for his assumptions here.  Likewise, in *Stecyk v. Bell Helicopter Textron, Inc.*, the court merely found that experimental evidence did not need to be done "perfectly."  295 F.3d 408, 412–15 (3d Cir. 2002).  Even so, there must be some basis, and Dr. Cox has none.  *Jama v. Esmor Correctional Services, Inc.* is irrelevant as the court merely found that the expert's methodology met the requirements of a differential analysis and was "accepted in the field of statistics."  2007 WL 1847385, at *26 (D.N.J. June 25, 2007).  There is no evidence Dr. Cox was applying an accepted methodology

[2]     ROSS tries to distinguish these cases by claiming that they involve unverified hypothetical business projections, Def.'s Opp. 11, but that is exactly what Dr. Cox is doing here.

[3]     Moreover, the expert based his calculations on multiple pieces of evidence, and looked well beyond prior sales performance, which is not the case here.  198 F. Supp. 2d at 612–13.

particularly when it contradicts the undisputed evidence in the record that ███████████ ███████████████████████. *Pure Earth, Inc. v. Call*, 2011 WL 13380381, at *3 (E.D. Pa. Nov. 14, 2011).

**Third**, Dr. Cox's "but-for" methodology rests on the false premise that ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████ Not so. ████████████████████████████ ███████████████████████████. Pls.' Br. 8. ROSS again dismisses this as an issue for cross examination, Def.'s Opp. 12, but it further shows how Dr. Cox's methodology is disconnected from the facts of this case, and that is grounds for exclusion under *Daubert*. *See Best v. Lowe's Home Ctrs., Inc.*, 2008 WL 2359986, at *5 (E.D. Tenn. 2008) (finding failure to connect methodology with the facts of the case as a *Daubert* "red flag" that "should cause concern for the trial court, as gatekeeper" and cut against admissibility).

### B. Dr. Cox's Lost Profits Opinions are Not Based on Comparable Licenses or an Adequate Sample Size

As detailed in Plaintiffs' opening brief, Dr. Cox's calculation of a hypothetical license fee for the Westlaw Content should be excluded under *Daubert* because (1) it is based solely on ████ ████████████████████████████, and (2) it is based on an unsupported, small sample size. Pls.' Br. 10–12. ROSS's arguments in opposition do not hold water.

**First**, ROSS argues that ████████████████████████████████ ██████████████████████████████████████ Def.'s Opp. 4, 13. ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Pls.' Br. 10. ███████████████████████████████████████████

██████████████████████████████████████. *See* Loverro Decl. Ex. AG (Ovbiagele Tr.) 170–171. ████████████████████████████████████████. Pls.' Br. 10–12. ███████████████████████████████████████████, Def.'s Opp. 4, ████ █████████████████████████████████████████████ ███████████████████. Pls.' Br. 12.  These works and their purposes are not comparable.  *See Trell v. Marlee Elecs. Corp.,* 912 F.2d 1443, 1446–47 (Fed. Cir. 1990) ("'[A] particular fee is not the correct measure of damages unless that which is provided ... to [the] licensees for that fee is commensurate with that which the defendant has appropriated.'").[4]  ROSS contends that ████ ████████████████████████████████████████████████████ ████████████████████ Def.'s Opp. 4, but ████████████████████████ ██████████████████████████████████████ ████████████ ████████████████████████. Loverro Decl. Ex. AR (Krein Op. Rpt.) at 78–89.

ROSS does not adequately distinguish this action from others excluding similar opinions based on non-comparable licenses.  ROSS argues that *M2M Solutions LLC v. Enfora, Inc.*, is inapplicable because there the expert did not have a sufficient basis to opine that the licenses covered substantially similar products.  167 F. Supp. 3d 665, 677 (D. Del. 2016).  But here, Dr. Cox likewise has ***no*** basis to assert that ████████████████████████████████████████.  *Supra* 4–5.  ROSS argues that *Baker v. Urban Outfitters, Inc.* is inapplicable because the expert there was engaged in an "apples and oranges" comparison, 254 F. Supp. 2d 346, 354 (S.D.N.Y. 2003), but that is precisely what Dr. Cox is doing here.  And ROSS asserts that *Dash v.*

---

[4]     ROSS relies on *Hartle v. FirstEnergy Generation Corp.*, 2014 WL 1317702, at *9 (W.D. Pa. Mar. 31, 2014), and *UHS of Delaware, Inc. v. United Health Services, Inc.*, 2017 WL 1928341, at *1 (M.D. Pa. May 10, 2017), for its contention that Dr. Cox's hypothetical license opinions should not be excluded, but neither of those cases involved non-comparables.

*Mayweather* is different because the expert admitted to differences between the benchmark license and the copyrighted work, 731 F.3d 303, 320 (4th Cir. 2013), but here Dr. Cox similarly testified to differences between the two.  Pls.' Br. 11.  Finally, ROSS contends that *Country Road Music, Inc. v. MP3.com, Inc.* is different because there were critical differences in the licenses such as terms of use, exclusivity, breadth, and nature of the business.  279 F. Supp. 2d 325, 331 (S.D.N.Y. 2003).  ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[5]  These cases are right on point and show that exclusion is proper under *Daubert* in this case.

**Second**, ROSS contends that Dr. Cox's calculation of ███████████████████████████████████████████████████████████████████████████████ is reliable because using a random sample "is common."  Def.'s Opp. 15.  Although sampling can theoretically be acceptable, Dr. Cox does not explain how he concluded that ███████████████████████████████[6] Where a sample size is excessively small or fundamentally flawed, courts regularly exclude the expert's opinion.  *See, e.g.*, *Saxon Glass Techs., Inc. v. Apple Inc.*, 393 F. Supp. 3d 270, 287,

---

[5]    ROSS confusingly argues that Plaintiffs introduced "a number of exhibits" to argue that ████████████████████████████████████████████, and ROSS says it is "not the right time" to do so.  Def.'s Opp. 15, n.9.  This makes no sense; Plaintiffs rely on Dr. Cox's deposition, his reports, and the record in this case.

[6]    ROSS's cases are distinguishable because in each the expert explained the statistical significance of the sample size they used.  For example, in *U.S. v. Rite Aid Corp.*, the sample size was larger than it is here, and the expert specifically opined on how his process was statistically valid.  2020 WL 3970201, at *11 (E.D. Cal. July 14, 2020).  *In re Blood Reagents Antitrust Litigation*, involved averaging prices, not sample sizes.  2015 WL 6123211, at *19 (E.D. Pa. Oct. 19, 2015).  In *Lloyd v. Conseco Finance Corp.*, the expert performed a number of tests to determine the statistical significance of the numbers he developed.  2001 WL 36097624, at *9 (C.D. Cal. Oct. 19, 2001).  Meanwhile, *Wendt v. Host International, Inc.* was about a survey, ██████████████ ████████████████████████████████████████████.  125 F.3d 806, 814 (9th Cir. 1997).

(W.D.N.Y. 2019) (concluding experts use of small sample size in conducting a survey rendered expert's opinions unreliable and inadmissible), *aff'd*, 824 F. App'x 75 (2d Cir. 2020); *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1337 (11th Cir. 2010) (finding no abuse of discretion where an expert was excluded because he did not explain "whether it was statistically meaningful to extrapolate from such a small sample size").  The Court should do so here.

## II.   DR. COX'S OPINIONS ON FAIR USE FACTOR FOUR SHOULD BE EXCLUDED

### A.   Dr. Cox's Market Harm Opinions are Unreliable

As detailed in Plaintiffs' opening brief, Dr. Cox's opinions that ██████████ █████████████████████████████████████████████ are not based in a reliable methodology and consist of pure speculation and *ipse dixit*.  Pls.' Br. 13–20.

*First*, ROSS's opposition does not argue that Dr. Cox conducted a traditional market analysis in this case, because he did not. ███████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ Pls.' Br. 14.  The cases on which ROSS relies only prove this point.  In *International Construction Products, LLC v. Caterpillar Inc.*, the expert considered evidence of the various market factors, including the market structure and dynamics of the specific industry at issue, and buttressed his opinions with economic literature describing these factors.  2022 WL 4465376, at *25 (D. Del. Sept. 26, 2022).  Similarly, in *In re Processed Egg Products Antitrust Litigation*, the expert examined the characteristics of the market in detail, ██████████████████████████████ 81 F. Supp. 3d 412, 422 (E.D. Pa. 2015).

As ROSS admits throughout its opposition, Dr. Cox reached his conclusions ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████



█████████████████████ Def.'s Opp. 16.  This contradicts the record, which shows that

████████████████████████████████████████████████████████

████████████████████████████████ [7]  Ex. 117 (Cox Tr.)

175:20–176:20. And the only methodology Dr. Cox employed in support of his contentions was

████████████████████████████████████████████████████████

██████████████████████████ Loverro Decl. Ex. AC (Cox Tr.) 179:5–180:17.

This is not a testable or replicable methodology, and is grounds for exclusion under *Daubert*.  *See*,

*e.g.*, *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (considering

whether methodology was "testable").  ROSS protests that Dr. Cox does not have the "impossibly

high" burden of proving with certainty that no market exists, Def.'s Opp. 17, but the opinions do

need to be supported by sufficient facts and data and reliable principles and methods, and these

opinions are not.  *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 156 (3d Cir. 2000).

ROSS further asserts that Dr. Cox reached his opinion t████████████████████

████████████████████████████████████████████████████████

██████████████████████████████. Def.'s Opp. 17 n.10.  But

consistent with black-letter copyright law,████████████████████████████

██████████████████████. *See*, *e.g.*, *Monge v. Maya Mags., Inc.*, 688 F.3d 1164,

1181 (9th Cir. 2012) ("The potential market ... exists independent of the [copyright owner]'s

present intent."); Loverro Decl. Ex. AC (Cox Tr.) 47:22–48:5.[8]  ROSS also misstates the record.

There is no support in the record, nor does Dr. Cox rely on anything to suggest, that ████████████

---

[7]    All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D.
Means, submitted concurrently.

[8]    There could be a market for a new J.D. Salinger book, for example, even if he has presently
decided not to publish any new books.

██████████████████████████████████████████████████████

████████████████████████ Nor does Dr. Cox have any basis for his contention that ████████████

████████████████████████████████████████████ *Id.* Ex. AN (Cox Rpl. Rpt.)

at 6.  Dr. Cox admitted during his deposition that ████████████████████████

██████████████████████████████████████████████████████ *Id.*

Ex. AC (Cox Tr.) at 185:18–186:19. Dr. Cox's *ipse dixit* opinions should be excluded.  *See Rosen*

*v. Ciba–Geigy Corp.*, 78 F.3d 316, 318–19 (7th Cir. 1996).

**B.     Dr. Cox's Understanding of Market Benefit is Flawed and Unreliable**

As described in Plaintiffs' opening brief, Dr. Cox's opinion that ████████████████████

████████████████████████████████████████████████ is rank speculation

and is based on assumptions about ████████████████████████████████████ that

are not backed up by ***any*** evidence or research.  Pls.' Br. 17–18.

ROSS contends that Dr. Cox's opinions are based on his "economic expertise" and that it

is "a well understood and accepted fact" that ██████████████████████████████

████████████████ Def.'s Opp. 6–7. ████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Pls.' Br. 17–18.  Moreover, totally unaddressed in ROSS's opposition is Dr. Cox's opinion that █

██████████████████████████████████████████████████████

████████████████████████████████████████ Loverro Decl. Ex. AK (Cox Op. Rpt.)

at 6, 37.  Dr. Cox does not cite to any documents in the record, surveys, studies, or other research

supporting this view. And Dr. Cox walked back this opinion during his deposition, conceding ████

██████████████████████████████████████████████████████

Loverro Decl. Ex. AC (Cox Tr.) 160:24–161:5.  When asked for his basis for concluding that

██████████████████████████, Dr. Cox admitted ██████████████████████ *Id.* at

160:8–23.  This lackadaisical approach is not helpful to the jury and should be excluded.

### C.   Dr. Cox Failed to Review One of the Key Products

Finally, as explained in Plaintiffs' opening brief, ██████████████████████

████████████████████████████████████████████████████████████.  As

explained in Plaintiffs' opening brief, this is grounds for exclusion under *Daubert*.  Pls.' Br. 18.

ROSS argues that ████████████████████████████████████████

██████████████████████████ Def.'s Opp. 18. ████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ Pls.' Br. 18–19, ████████████

████████████████████████████████.  This is not a circumstance where Dr. Cox

was simply missing one piece of evidence among many, as ROSS argues.  Def.'s Opp. 19.  This

failure led Dr. Cox to premise various opinions on his false understanding that ████████████

████████████████████████████████████████  This is grounds for

exclusion.  *See Rhoads Indus., Inc. v. Shoreline Found., Inc.*, 2022 WL 4021766, at *22 (E.D. Pa.

Sept. 2, 2022) (expert opinion based on inaccurate assertion that was "central" to expert's

conclusions "cannot be said [to have] a sufficient factual basis to be reliable.").[9]

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs request that their motion to exclude be granted.

---

[9]      The cases ROSS cites are distinguishable.  In *In re BlackRock Mutual Funds Advisory Fee Litigation*, the movant argued that the expert misinterpreted data, not that they failed to review a product. 2019 WL 1387450, at *24 (D.N.J. Feb. 8, 2019).  In *Sensor Systems LLC v. Blue Barn Holdings, Inc.*, the expert did not consider certain financial information, but considered others and had a basis therefor.  2021 WL 1686829, at *3 (M.D. Fla. Apr. 29, 2021).  This is different from failing to review a product and then premising opinions on an inaccuracy due to that failure, as ROSS did here.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

February 13, 2023

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                    *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)