IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
                       )
         Plaintiffs and )
         Counterdefendants, )   C.A. No. 20-613 (SB)
                       )
     v. )   REDACTED - PUBLIC VERSION
                       )
ROSS INTELLIGENCE INC., )
                       )
         Defendant and )
         Counterclaimant. )

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO EXCLUDE CERTAIN TESTIMONY, ARGUMENT, AND
EVIDENCE REGARDING THE OPINIONS OF
<u>RICHARD LEITER</u>**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

Original filing date: February 13, 2023
Redacted filing date: February 23, 2023

## TABLE OF CONTENTS

I.  DR. LEITER'S OPINIONS DO NOT FIT THE FACTS....................................................2

II.  DR. LEITER'S OPINIONS ARE UNDULY SPECULATIVE .........................................6

III.  CONCLUSION...............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Page(s)

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003)............................................................................6

*Dam Things from Den, a/k/a Troll Co. ApS v. Russ Berrie & Co.*,
  290 F.3d 548 (3d Cir. 2002)............................................................................4

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
  307 F.3d 197 (3d Cir. 2002)............................................................................5

*Educ. Testing Servs. v. Katzman*,
  793 F.2d 533 (3d Cir. 1986)............................................................................6

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000)............................................................................8

*Furlan v. Schindler Elevator Corp.*,
  864 F. Supp. 2d 291 (E.D. Pa. 2012)..............................................................6

*Langbord v U.S. Dep't of the Treasury*,
  No. 06 Civ. 05315, 2009 WL 1312576 (E.D. Pa. May 7, 2009) ...................3

*New York v. Shinnecock*,
  523 F. Supp. 2d 185 (E.D.N.Y. 2007) ............................................................7

*Oddi v. Ford Motor Co.*,
  234 F.3d 136 (3d Cir. 2000)......................................................................6, 10

*Pure Earth, Inc. v. Call*,
  No. 09 Civ. 4174, 2011 WL 13380381 (E.D. Pa. Nov. 14, 2011).................10

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999)........................................................................2, 6

*In re Tylenol (Acetaminophen) Mktg., Sales Pracs., & Prods. Liab. Litig*,
  No. 12 Civ. 2016 WL 4039324 (E.D. Pa. July 27, 2016)...........................7, 8

*U.S. v. Ford*,
  481 F.3d 215 (2d Cir. 2007).............................................................................3

*U.S. v. Kantengwa*,
  781 F.3d 545 (1st Cir. 2015)............................................................................7

*vonRosenberg v. Lawrence*,
    413 F. Supp. 3d 437 (D.S.C. 2019)...........................................................................3

*West Publ'g Corp. v. Mead Data Cent., Inc.*,
    799 F.2d 1219 (8th Cir. 1986) ................................................................................9

**Rules**

Fed. R. Evid. 702 ........................................................................................................2

**Other Authorities**

Nimmer on Copyright § 2.03 .......................................................................................6

Certain of Dr. Richard Leiter's opinions are irrelevant and confusing, or are pure *ipse dixit*, unmoored from the facts or any discernable methodology.  As detailed in Plaintiffs' opening brief, D.I. 265 ("Pls.' Br."), allowing Dr. Leiter to present these opinions to the jury would complicate and prolong the trial, confuse the jury rather than assist it in deciding the factual issues, and risk putting before the jury so-called "expert" opinions that are not in fact based in any scientific methodology or reliable facts and data.  ROSS's opposition, D.I. 309 ("Def.'s Opp.") posits meritless arguments that, if anything, further demonstrate why Dr. Leiter's opinions should be excluded.

**First**, Dr. Leiter's vague assertions that ███████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████ is unhelpful and confusing.  As an initial matter, ████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████ ROSS argues that these opinions are relevant to creativity and constraints thereupon.  ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████  ████████████████████████████████████████████████ ████████████████████████████████████████████████

**Second**, Dr. Leiter's opinions that ████████████████████████████████████ ████████████████████████████████████████████████████████████ are each baseless.  ████████████████████████████████████████████████████████████████ ████████████████████████████████ Dr. Leiter has no basis to conclude that the modern

1

WKNS, which is what is at issue, ████████████   And indeed, ████████████████████

████████████████████████████████████████████████████████

████████████████████████   ROSS admits repeatedly in its opposition that ████████████

████████████████████████████ .   ████████████████████████████████████

████████████████████████████████   ROSS acknowledges that Dr. Leiter does not in fact

know ████████████████████████████████████████████████

████████████████████   And, as discussed in ROSS's opposition, Dr. Leiter identifies ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████   To the contrary, Dr. Leiter admits that ████████████████████████

████████████████████████████████████   Dr. Leiter's opinions are pure

unsupported speculation and should not be presented to the jury.[1]

## I.     DR. LEITER'S OPINIONS DO NOT FIT THE FACTS

Under Third Circuit law, Rule 702's "fit" or "helpfulness" prong requires "a valid scientific

connection to the pertinent inquiry as a precondition to admissibility." *In re TMI Litig.*, 193 F.3d

613 (3d Cir. 1999) (excluding expert opinion where it was "supported by nothing other than

conjecture" and therefore did not "fit" the facts); Fed. R. Evid. 702 (opinion must "assist the trier

of fact to understand or to determine a fact in issue").   Plaintiffs are moving to exclude a subset of

Dr. Leiter's opinions on the basis of lack of fit, in particular, his opinions on ████████████████████

---

[1]     To be clear, ROSS presents as "facts" in the factual background of its opposition a number
of the opinions from Dr. Leiter's report, citing only to his report or citing nothing at all.   For
example, citing nothing, ROSS claims that ████████████████████████████████████████
████████████   Def.'s Opp. 6. This is totally unfounded and Dr. Leiter's speculation that ████████████
████████████████   is the subject of this Motion.   Moreover, while Plaintiffs are only moving
to exclude certain opinions on the basis of *Daubert*, Plaintiffs do ***not*** concede the veracity or
admissibility of other opinions in Dr. Leiter's report, which are not addressed herein.

███████████████████████████████████████████████████████████, which are

irrelevant, confusing, and unhelpful.  ROSS claims that Dr. Leiter's opinions are relevant to

copyright infringement and fair use.  They are not.

     ***First***¸ ROSS argues that Dr. Leiter's opinions on ████████████████████

███████████████.[2]  No doubt creativity is relevant to the copyright claim.  But Dr. Leiter's

vague contention that ███████████████████████████████████████████████

████████████████████████████████████████████ does not

help the jury assess the creativity of the WKNS as it looks today.  Pls.' Br. 6.[3] ██████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ Dr. Leiter did not quantify or even identify ████████████████

████████████████████████████████████████████████████████

██████████████████████ D.I. 266 ("Loverro Decl.") Ex. AF (Leiter Tr.) 133:12–17.  ROSS

points to a single comparison that Dr. Leiter performed analyzing ███████████████████

████████████████████████████████████████████████████████

---

[2]     ROSS strangely asserts that Plaintiffs' claim that ████████████████████
████████ Def.'s Opp.. 9.  To be clear, Plaintiffs claim that the Westlaw Content, specifically the
West Headnotes and the selection and arrangement of the West Headnotes and cases within the
West Key Number System are creative.  Plaintiffs are not claiming copyrights in legal concepts,
like the word "Contracts," rather, the creative selection and arrangement of those concepts, and
the cases and headnotes as arranged in them.

[3]     This is different from the cases on which ROSS relies.  In *U.S. v. Ford*, the expert used
"recognized techniques" to help identify a shoeprint that was found near the scene of the crime.
481 F.3d 215, 219 (2d Cir. 2007).  In *Langbord v U.S. Department of the Treasury*, the expert
offered testimony about the public availability of certain coins, which was a question squarely at
issue.  No. 06 Civ. 05315, 2009 WL 1312576, at *4 (E.D. Pa. May 7, 2009).  ROSS also relies on
*vonRosenberg v. Lawrence* for the contention that a historian's analysis may be helpful to a jury.
413 F. Supp. 3d 437, 450 (D.S.C. 2019).  That was a trademark case and part of the question was
whether a term was being used to reference a church, so the history of that term's use was directly
on point.  That is not the case here.

██████████████████, Def.'s Opp. 12, but even for this one topic, Dr. Leiter's comparison is confusing and admittedly ████████ Loverro Decl. Ex. AF (Leiter Tr.) 169:1–7, 167:13–168:2. ██████████████████████████████████

██████████████████████████████████

████████. Pls.' Br. 6. ██████████████████████

██████████. Pls.' Br. 6. Even if presented with ██████████ ██████ the jury would be unable to assess how ██████████████

██████████ Pls.' Br. 6.[4]

Equally unhelpful are Dr. Leiter's opinions concerning ██████████████

████████████████████████████ ██████████████

██████████████████████████████████

██████████████████████████████████ Def.'s Opp. 3. Plaintiffs do not contend that ██████████████, so it has no bearing on the issues the jury actually needs to decide, namely, whether ROSS copied protectable content. *See Dam Things from Den, a/k/a Troll Co. ApS v. Russ Berrie & Co.*, 290 F.3d 548, 561–62 (3d Cir. 2002) (considering protectability of copied content). ██████████████████

██████████████████████████, and even if Dr. Leiter's opinion is that ██████████████

---

[4]   ROSS's opposition admits that ██████████████████████████ ██████████████████ Def.'s Opp. 12. This only further illustrates the problem with Dr. Leiter's opinions—they do not help the jury to determine ██████████████

████████████████████████████████████, that tells the jury nothing of ████████

████████████████████████████████.[5]

**Second**, ROSS argues that these opinions are relevant to "constraints" on creativity. External constraints that exist at the time of creation of an asserted work can be relevant, but unlike a hardware requirement or similar limitation, ████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 214–15 (3d Cir. 2002) (considering whether "external factors" dictated the creation of the asserted work "from the viewpoint of the creator"). Unlike functional requirements for hardware, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

**Third**, ROSS's general assertion that these opinions are relevant to "industry standards," Def.'s Opp. 12, is similarly meritless, as Dr. Leiter does not opine that ████████████

████████████████████████████████████████████

████████████████████████████████████. And Dr. Leiter admits that ████████████████████████████████████. Pls.' Br. 8–13.

**Fourth**, ROSS argues that Dr. Leiter's opinions are relevant to ████████████████

██████████████ ROSS suggests that ████████████████████████████████

---

[5] ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ Loverro Decl., Ex. AF (Leiter Tr.) 139:10–142:2.

███████████████████████ Def.'s Opp. 11.  But many copyrighted works have purposes and are not utilitarian in the copyright sense.  *See* 1 Nimmer on Copyright § 2.03 (describing how subjective judgment in the selection and arrangement of facts is sufficient for copyright protection).  In the Third Circuit, to be "utilitarian" in the copyright sense means the idea and the expression "merge," *i.e.* there are no other methods for expressing the same idea.  *See Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 539 (3d Cir. 1986) (merger does not apply even if there is a "limited number of ways" to create work).  Dr. Leiter's opinions on ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████"[6]  Def.'s Opp. 10.

## II.    DR. LEITER'S OPINIONS ARE UNDULY SPECULATIVE

For expert testimony to be reliable, it needs to be based on the "methods and procedures of science" ***and*** "sufficient facts or data," not mere subjective belief or speculation.  *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 155 (3d Cir. 2000); *In re TMI Litig.*, 193 F.3d at 669–670 (excluding speculative expert opinions and finding that opinions based in speculation are not reliable); *Furlan v. Schindler Elevator Corp.*, 864 F. Supp. 2d 291, 296 (E.D. Pa. 2012) (excluding opinion where expert based his opinion on a photograph, rather than conducting any tests).

As detailed in Plaintiffs' opening brief, certain of Dr. Leiter's opinions do not meet either of these requirements, specifically: (1) Dr. Leiter's opinions that ███████████████

---

[6]    That Lexis also organizes law alphabetically by area of law is irrelevant; Plaintiffs are not claiming rights in the idea of organizing law alphabetically by area, they are claiming rights in their specific detailed organization, which ROSS admits ██████████████████████
Pls.' Br. 8–9.

█████████████████ and (2) his opinions that ████████████████████████████████

██████████████████████ and that ████████████████████████████████.

Pls.' Br. 8–9.  ROSS argues generally that Dr. Leiter used the methods of any historian, including

by ████████████████████████████████████████████████████████████████

████████████████████████  Def.'s Opp. 13–15.  Plaintiffs are not asserting that ██████████

████████████████ is never an acceptable methodology—it can be.  But certain of Dr. Leiter's

opinions are not based on ██████████, and merely reflect Dr. Leiter's unfounded subjective

belief or rank speculation that should not be presented to the jury.

***First***, Dr. Leiter's conclusion that ████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ is

baseless and inconsistent with the law.  *See* Pls.' Br. 8.[7]  ROSS argues that this conclusion is

admissible because ██████████████████████████████████████████████████

██████████████████████████████████ ████████████████████████████████

██████████████████████████████████████████████. ROSS does

not identify a single case in which a historian's opinion was admissible where that historian relied

on ████████████████████████████████. [8] ██████████████████ certainly does

---

[7]     ROSS generally argues Dr. Leiter's opinions on ██████████████████████ are
relevant, Def.'s Opp. 11, but Plaintiffs did not move on those grounds, they moved to exclude the
opinions on functionality based on lack of an accepted methodology and lack of factual basis.
[8]     ROSS relies on cases involving extensive historical research not done here.  In *U.S. v.
Kantengwa*, the historical expert based his opinions not only on interviews, but also on their
consistency with other accounts of the Rwandan genocide and surveyed extensive historical
sources in reaching his conclusions. 781 F.3d 545, 562 (1st Cir. 2015).  In *New York v. Shinnecock*,
the expert outlined extensive historical sources in great detail in his report.  523 F. Supp. 2d 185,
262 (E.D.N.Y. 2007).  In *In re Tylenol (Acetaminophen) Marketing, Sales Practices, & Products
Liability Litigation*, the expert reviewed regulations and their historical content and analyzed them

not provide Dr. Leiter with a basis to claim that ███████████████████████

███████████████████████████████████ *Supra* 8.  ██████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████  And Dr. Leiter did no further research into ██████████

███████████████████████████████████████████████████████████

███████████████████  *See* Pls.' Br. 8–9.

ROSS protests that Dr. Leiter did not need to interview anyone to support his opinions on

█████████████.  Def.'s Opp. 15.[9]  But interviews are just an example of one type of methodology

Dr. Leiter could have used to garner support for his opinions—instead, he employed ***no*** discernable

methodology to determine ████████████████████████████████  *See* Pls.'

Br. 9.  If Dr. Leiter had support for his conclusions, and his only failure was his lack of interviews,

then that could be taken up on cross examination.  But his rank speculation that ██████████████

█████████████████████████████  has no basis, and *Daubert* is designed to prevent such *ipse*

*dixit* from being presented to a lay jury.  *See Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir.

2000) (expert must have "good grounds for his or her belief").

***Second***, as detailed in Plaintiffs' opening brief, Dr. Leiter's opinion that ████████████████

███████████████████████████████████████████████████████████

████████████████████, *see* Loverro Decl. Ex. AU (Leiter Op. Rpt.) ¶ 33, is baseless.  ROSS

---

based on his experience and knowledge of regulation.  No. 12 Civ. 7263, 2016 WL 4039324, at
*5, n.14 (E.D. Pa. July 27, 2016).

[9]      ROSS mentions ████████████████████████████████████████████████
██████████████████████████████████████  Ex. 120 (Leiter Tr.) 232:6–19 ("Q:
So just to be clear, did Mr. Dabney tell you that West exercises no creativity whatsoever in
designing the subtopics?  Is that what he told you?  A. No.").

argues that Dr. Leiter bases this claim on ███████████████████████

██████████████████████████████████████████████████████████

████████████████████████ Loverro Decl. Ex. AU ¶ 30.  This does not support the

conclusion that ████████████████████████████  In fact during his

deposition, Dr. Leiter was asked ████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ Ex. 120 (Leiter Tr.) 181:22–185:15.[10]  And

Dr. Leiter is relying on ████████████████████████████

██████████████████████████.  In fact, all of the evidence in the case

is that ███████████████████████████████████████████.[11]

ROSS claims ████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████.  Indeed, the fact that ████████████████████

████████████████ directly undermines this claim.  *See, e.g.*, *West Publ'g Corp. v. Mead Data*

*Cent., Inc.*, 799 F.2d 1219, 1224 (8th Cir. 1986) (████████████████).

        ROSS's opposition ████████████████████████████

██████████████████████████████████████████████████████████

████████ Def.'s Opp. 17.  Loverro Decl. Ex. AU ¶ 30–32. ████████████

████████████ Loverro Decl. Ex. AU ¶ 32. ███████████████████████.

---

[10]    All exhibits, unless otherwise noted, are attached to the Third Declaration of Miranda D. Means, submitted concurrently.

[11]    ROSS claims that ████████████████████████████████████
████████████████████████████████. Def.'s Opp. 18.  This just illustrates how Dr. Leiter's claim that ████████████████████████████
████████ is groundless; he has no evidentiary basis for this claim, and he should not be able to opine as much to the jury.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████ Pls.' Br. 11. ████████████████████████████████████████

███████████████████████████████████████████████. *See Oddi*, 234 F.3d

at 146 (examining whether expert's opinions "reliably flow from the facts known to the expert" in

determining admissibility under *Daubert*); *Pure Earth, Inc. v. Call*, No. 09 Civ. 4174, 2011 WL

13380381, at *3 (E.D. Pa. Nov. 14, 2011) (excluding expert opinion based on insufficient facts

and data).

## III.    CONCLUSION

Plaintiffs respectfully request that their motion to exclude certain testimony, argument, or

evidence regarding the opinions of Dr. Richard Leiter be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

*/s/ Michael J. Flynn*

_____

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*

February 13, 2023

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 13, 2023, upon the following in the manner indicated:

David E. Moore, Esquire                                          *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                                         *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                                      *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)