# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendants/Counterclaimant. | C.A. No. 20-613-SB <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ROSS' DEFENDANT' MOTION FOR SUMMARY JUDGMENT RE PLAINTIFFS' TORTIOUS INTERFERENCE WITH <u>CONTRACT CLAIM</u>

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: February 13, 2023
10604261 / 20516.00001

Public Version Dated: February 24, 2023

# TABLE OF CONTENTS

                                                                              **Page**

INTRODUCTION & SUMMARY OF ARGUMENT ................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.     THE COPYRIGHT ACT PREEMPTS TORTIOUS INTERFERENCE CLAIMS. .......... 1

II.    PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT IS PREEMPTED ON ANY OF PLAINTIFFS' THEORIES ................................................. 5

       A.    ▮▮▮▮▮▮▮▮ Is Not An Extra Element ......................................................... 5

       B.    ▮▮▮▮▮▮▮▮ Does Not Provide An Extra Element ............................................ 6

       C.    ▮▮▮▮▮▮▮▮ Does Not Provide The Extra Element ...................................... 7

III.   PLAINTIFFS' CLAIMED TORTIOUS INTERFERENCE DAMAGES ARE IDENTICAL TO THEIR COPYRIGHT DAMAGES ........................................................ 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altera Corp. v. Clear Logic, Inc.*,
    424 F.3d 1079 (9th Cir. 2005) ...................................................................................................4

*American Airlines, Inc. v. Wolens*,
    513 U.S. 219 (1995)...................................................................................................................2

*Cassway v. Chelsea Historic Properties I*,
    1993 WL 64633 (E.D. Pa. Mar. 4, 1993)................................................................................3, 4

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992).......................................................................................................8

*Cvent, Inc. v. Eventbrite, Inc.*,
    739 F. Supp. 2d 927 (E.D. Va. 2010) ........................................................................................6

*DocMagic, Inc. v. Ellie Mae, Inc.*,
    745 F. Supp. 2d 1119 (N.D. Cal. 2010) .....................................................................................4

*Endemol Ent. B.V. v. Twentieth Television Inc.*,
    1998 WL 785300 (C.D. Cal. Sept. 29, 1998) ............................................................................7

*Energy Intel. Grp., Inc. v. Jefferies, LLC*,
    101 F. Supp. 3d 332 (S.D.N.Y. 2015)........................................................................................8

*Expediters Int'l of Washington, Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*,
    995 F. Supp. 468 (D.N.J. 1998) .................................................................................................3

*Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*,
    2018 WL 3862101 (S.D. Tex. Aug. 14, 2018) ..........................................................................2

*Genius Media Grp. Inc. v. Google LLC*,
    2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020)...........................................................................6

*Info. Handling Servs., Inc. v. LRP Pubs., Inc.*,
    2000 WL 1468535 (E.D. Pa. Sept. 20, 2000) ............................................................................4

*Jackson v. Roberts*,
    972 F.3d 25 (2d Cir. 2020).........................................................................................................8

*Johnson v. Arista Holding, Inc.*,
    2006 WL 3511894 (S.D.N.Y. Dec. 5, 2006) .............................................................................9

*Lipscher v. LRP Publications, Inc.*,
   266 F.3d 1305 (11th Cir. 2001) ..................................................................................6

*MCS Servs., Inc. v. Johnsen*,
   2002 WL 32348500 (E.D. Pa. Aug. 13, 2002) ..........................................................2

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
   156 F. Supp. 3d 1052 (N.D. Cal. 2016) .....................................................................5

*Mercom Grp., LLC v. Diati Staffing, LLC*,
   2016 WL 4054921 (D.N.J. July 26, 2016)................................................................7

*Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*
   991 F.2d 426 (8th Cir. 1993.) ....................................................................................3

*Oracle USA, Inc. v. Rimini St., Inc.*,
   2010 WL 4386957 (D. Nev. Oct. 29, 2010) .............................................................8

*President & Fellows of Harvard Coll. v. Certplex, Ltd.*,
   2015 WL 10433612 (D. Mass. Nov. 25, 2015) ........................................................8

*ProCD v. Zeidenberg*,
   86 F.3d 1447 (7th Cir. 1996) .................................................................................2, 3

*Seng-Tiong Ho v. Taflove*,
   648 F.3d 489 (7th Cir. 2011) .....................................................................................9

*Shepard v. Eur. Pressphoto Agency*,
   291 F. Supp. 3d 465 (S.D.N.Y. 2017).......................................................................2

*Simmons v. Stanberry*,
   2014 WL 3611639 (E.D.N.Y. July 22, 2014)........................................................ 1-2

*Tegg Corp. v. Beckstrom Elec. Co.*,
   650 F. Supp. 2d 413 (W.D. Pa. 2008).......................................................................1

*Telecom Tech. Servs. Inc. v. Rolm Co.*,
   388 F.3d 820 (11th Cir. 2004) ..................................................................................3

*Telecomm Tech. Servs., Inc. v. Siemens Rolm Comm'ns, Inc.*,
   66 F. Supp. 2d 1306 (N.D. Ga. 1998) ......................................................................3

*Teradyne, Inc. v. Astronics Test Sys., Inc.*,
   2020 WL 8173024 (C.D. Cal. Nov. 6, 2020)...........................................................2

*Titan Sports, Inc. v. Turner Broad. Sys., Inc.*,
   981 F. Supp. 65 (D. Conn. 1997)..............................................................................2

*Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*,
    924 F.3d 32 (2d Cir. 2019) .................................................................................................. 5, 7

*WeInfuse, LLC v. InfuseFlow, LLC*,
    2021 WL 1165132 (N.D. Tex. Mar. 26, 2021) ..................................................................... 8-9

*Wellness Pub. v. Barefoot*,
    2008 WL 108889 (D.N.J. Jan. 9, 2008) ................................................................................... 3

*Wilder v. CBS Corp.*,
    2016 WL 693070 (C.D. Cal. Feb. 13, 2016) ............................................................................ 4

## INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiffs argue ██████████████████████████████████████████████████████

████████ (D.I. 316 at 1 (citation omitted).)  Based on this assertion, Plaintiffs argue ████████

████████████████████████████████████████████████████████████████████ (D.I. 316 at 7-8.)

That is not the law.  Courts do not apply the suggested heuristic looking only to determine whether "contractual rights" are issue.  Rather, courts ask whether a claim seeks to vindicate a right provided by the Copyright Act. If so, the claim is preempted. *See Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 421-22 (W.D. Pa. 2008); D.I. 270 at 9.

That this is the inquiry is proven by the fact that courts have found contract claims to be preempted, which clearly would be a "contractual right."  Courts have also found tortious interference claims preempted even while refusing to preempt contract claims that are based on the same contract at issue in the interference claims.

Plaintiffs' claim for tortious interference is premised on and seeks ████████████



████████████████████████████████████████████████ (*See* D.I. 270 at 4-8.)  Therefore, it is preempted.

## ARGUMENT[1]

### I.  THE COPYRIGHT ACT PREEMPTS TORTIOUS INTERFERENCE CLAIMS.

Contract claims have been found to be preempted when the claim rests on the distribution and reproduction of copyrighted materials. *See, e.g.*, *Shepard v. Eur. Pressphoto Agency*, 291 F. Supp. 3d 465, 475 (S.D.N.Y. 2017); *Simmons v. Stanberry*, 2014 WL 3611639, at *2 (E.D.N.Y.

---

[1] The objections to evidence ROSS made to Plaintiffs' Motion for Partial Summary Judgment (No. 2) are renewed as to those same exhibits, which are 255-1, Ex. 15, 255-4, Ex. 50, D.I. 255-4, Ex. 55, D.I. 255-4, Ex. 65, D.I. 255-4, Ex. 72, D.I. 255-7, Ex. 86, D.I. 255-11, Ex. 103.  (*See* D.I. 325.)

July 22, 2014), *aff'd*, 810 F.3d 114 (2d Cir. 2016). In fact, courts have resisted imposing a blanket rule that breach of contract claims are *not* preempted. *ProCD v. Zeidenberg*, 86 F.3d 1447, 1455 (7th Cir. 1996) ("Like the Supreme Court in [*American Airlines, Inc. v.*] *Wolens*, [513 U.S. 219 (1995)] we think it prudent to refrain from adopting a rule that anything with the label 'contract' is necessarily outside the preemption clause: the variations and possibilities are too numerous to foresee.") (emphasis added).[2]

Tortious interference claims have been found to be preempted even when the contract claim is not. *See, e.g., MCS Servs., Inc. v. Johnsen*, 2002 WL 32348500, at *7 (E.D. Pa. Aug. 13, 2002) (cited by Plaintiffs at D.I. 215 at 5 n. 7; D.I. 316 at 12); *see also Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 2018 WL 3862101, at *4-6 (S.D. Tex. Aug. 14, 2018); *Titan Sports, Inc. v. Turner Broad. Sys.*, Inc., 981 F. Supp. 65, 72 (D. Conn. 1997) (rejecting argument that a tortious interference claim cannot be preempted when it relies on same facts as a preempted breach of contract claim).[3]

So, the broad statement that ████████████████████████████████████████.

Rather, the question presented in each case is whether the right sought to be vindicated is different than the rights provided by the Copyright Act. That Plaintiffs have found cases to

---

[2] Plaintiffs claim that ████████████████████████████████████
████████████ (D.I. 316 at 3.) ████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████. (D.I. 324-19, Ex. 85 at 86:12-15.) Plaintiffs terminated the contract that gives rise to their tortious interference claim in January 2018. (*Id.*; *see also* D.I. 311 at 4-5.)

[3] Plaintiffs also know that the preemption of an intentional interference claim does not rise and fall on the preemption of a contract claim. *Teradyne, Inc. v. Astronics Test Sys., Inc.*, 2020 WL 8173024, at *7-8 (C.D. Cal. Nov. 6, 2020) (rejecting the argument of Plaintiffs' current counsel that a breach of contract claim was preempted, but agreeing with Plaintiffs' current counsel that the intentional interference with prospective economic advantage claim was preempted).

2

support an argument that there is not blanket preemption is, given this standard, not surprising. However, those cases do not help Plaintiffs here.

Plaintiffs cite cases involving breach of contract claims. (D.I. 311 at 7-8 (citing *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1327-28 (Fed. Cir. 2003); *ProCD* 86 F.3d at 1447; *Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.* 991 F.2d 426 (8th Cir. 1993.)  This case does not involve a breach of contract claim.

One case is a trade secret case and distinguishable for that reason. *Expediters Int'l of Washington, Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*, 995 F. Supp. 468, 480 (D.N.J. 1998).

The remainder are, tortious interference cases that are distinguishable on their facts.  In *Telecom Tech. Servs. Inc. v. Rolm Co.*, 388 F.3d 820, 833 (11th Cir. 2004), unlike this case, defendant counter-claimed against plaintiffs for breach of contract *and* for tortious interference with that same contract, as can be seen in the district court opinion affirmed by the Eleventh Circuit. *Telecomm Tech. Servs., Inc. v. Siemens Rolm Comm'ns, Inc.*, 66 F. Supp. 2d 1306, 1326 (N.D. Ga. 1998).  In contrast, ROSS has not been sued for breaching the contract on which Plaintiffs' tortious interference claim is based.

The other cases on which Plaintiffs rely do not apply ███████████████████████ ███████████████████████████████████████ *Wellness Pub. v. Barefoot*, 2008 WL 108889, at *18 (D.N.J. Jan. 9, 2008), involved a non-compete provision.  There is no such provision in this case. In *Cassway v. Chelsea Historic Properties I*, 1993 WL 64633, at *5 (E.D. Pa. Mar. 4, 1993), "it [was] not the act of copying that has created the tortious interference claim; rather, it is the alleged act of [defendant] seeking to retain [plaintiff]'s consultants without

3

paying [plaintiff] its fees due under the contract." 1993 WL 64633, at *5.[4]

Finally, in *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005), the "claim against the defendant was that they induced the customers to use the software in a manner proscribed by the explicit terms of the contract, *not* that they took the software, copied it, and reproduced it for sale." *Wilder v. CBS Corp.*, 2016 WL 693070, at *7 (C.D. Cal. Feb. 13, 2016) (distinguishing *Altera* and finding preemption of tortious interference claim where claim was based on the copying and reproduction of the copyrighted work); *see also DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148 (N.D. Cal. 2010).[5]

More precisely, the *Altera* terms of service had a "sole use" provision, that only allowed customers to use licensed materials to "program[] logic devices manufactured by ALTERA." *Altera Corp.*, 424 F.3d at 1082. In other words, after copying the licensed materials, a party had to do something else to breach the contract.

By contrast, the term of the contract cited by Plaintiffs here was that  (D.I. 316 at 9 (emphasis added).)

---

[4] In *Cassaway*, the plaintiff provided architectural drawings to the defendant, who never paid for them. Then, the defendant allegedly hired a third party, and that third party interfered with contracts between plaintiff and other consultants. Thus, the copyright claim, based on the transmission of the drawings, was separate from the tortious interference claim. 1993 WL 64633, at *1-5.

[5] Plaintiffs also cite to *Info. Handling Servs., Inc. v. LRP Pubs., Inc.*, 2000 WL 1468535 (E.D. Pa. Sept. 20, 2000). The facts of that case are not spelled out by the court. That case apparently did involve allegations of fraud; however, beyond that distinction, it cannot be discerned what precisely animated the decision. At most this case establishes what we already know: there are instances when tortious interference claims are not preempted.

4

███████████████████████████████████████████

████████████████ Thus, the state law right asserted "is equivalent to one of the exclusive rights of copyright [because it was] abridged by an act which, in and of itself, would infringe one of the exclusive rights" protected by the Copyright Act. *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc*., 924 F.3d 32, 48 (2d Cir. 2019) (internal citation and quotation marks omitted).

In sum, tortious interference claims are preempted unless they seek to vindicate a right not provided by the Copyright Act. (*See* D.I. 270 at 12 n. 11; D.I. 311 at 6.) Plaintiffs' claims do not seek to vindicate some different right. *See* Section II *infra.*; *see also* D.I. 270 at 10-13; D.I. 311 at 14-19.

## II. PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT IS PREEMPTED ON ANY OF PLAINTIFFS' THEORIES

Plaintiffs' attempts to add an "extra element" to avoid preemption also fail. (*See also* (D.I. 311.)

### A. ████████████████ Is Not An Extra Element

Plaintiffs' first theory of tortious interference is that LegalEase breached its agreement with West for ████████████████ and that provides the extra element required for the claim not be preempted. (*See* D.I. 316 at 9-10.) This claim is preempted.

First, Plaintiffs' tortious interference claim is entirely based on ████████████ ██████████████████████████████████████████████████████ (D.I. 281-1, Ex. 1, at 11 (internal citations omitted) (emphasis added); *see also* D.I. 270 at 4-8.)

The reproduction and distribution of copyrighted material, ████████████████ is a right protected by the Copyright Act. That allegation does not provide a qualitatively different element. *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1073-74 (N.D. Cal. 2016) (tortious interference claim brought against competitor preempted); *see also Lipscher*

*v. LRP Publications, Inc.*, 266 F.3d 1305, 1312 (11th Cir. 2001) (applying extra elements test and finding state law claims preempted when competitor obtained plaintiff's materials knowing that plaintiff would not provide materials to anyone except for personal use).

Second, ████████████████████████████████████ is literally not an element of a tortious interference claim as already noted in ROSS' initial motion. (D.I. 270 at 12.)

### B.    ████████████ Does Not Provide An Extra Element

Plaintiffs next claim that ███████████████████████████████████████████ means that the tortious interference claim is not preempted. (D.I. 316 at 10.) The ████████

████████████████████████████████████████████████████████████████████████████

████████████. It does not provide an extra element even as to a contract claim. *Genius Media Grp. Inc. v. Google LLC*, 2020 WL 5553639, at *9 (E.D.N.Y. Aug. 10, 2020) (finding breach of contract claim preempted when scraping alleged), *aff'd sub nom. ML Genius Holdings LLC v. Google* LLC, 2022 WL 710744 (2d Cir. Mar. 10, 2022), *petition for cert. docketed*, Aug. 9, 2022). When, as here, the allegation is that a party used a bot to scrape content, those allegations "amount to allegations that [the party] made unauthorized reproductions of Plaintiff's [content] and profited off of those unauthorized reproductions, which is behavior that falls under federal copyright law. *Id. at* *9; *see also, e.g.*, *Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927, 935 (E.D. Va. 2010) (preempting claim alleging scraping because scraping does not provide an extra element).

Plaintiffs claim ████████████████████████████████████████████████

████████████████████████████████████████████████ (D.I. 316 at 10.) This argument makes no difference. Courts ask whether a tortious interference claims seeks to vindicate a right that the Copyright Act does not, which is why interference claims alleging the misuse of confidential information are not preempted. (D.I. 270 at 12 n. 11 (distinguishing

6

*Mercom Grp., LLC v. Diati Staffing*, LLC, 2016 WL 4054921, at *4 (D.N.J. July 26, 2016) (misuse of proprietary information not preempted); D.I. 311 at 16 (same).)

However here, ███████████████████████████████████ (D.I. 252 at 9-10 (███████████████████████████████████████

███████████████████████████████████████████

███████████████.) ███████████████████████████

███████████████████████████ The gravamen of the claim is that ROSS obtained copyrighted material ████████. That is why in this case an allegation ███████████████████████████████████

Given this, ████████████ as violative of a separate contract or agreement, therefore does not change anything. Claiming that something is an agreement does not save a claim from preemption. *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 49 (2d Cir. 2019); *see also Endemol Ent. B.V. v. Twentieth Television Inc.,* 1998 WL 785300, at *6 (C.D. Cal. Sept. 29, 1998) (finding preemption because "[t]he promise not to accept the benefit of a copyright work, with nothing more, is not sufficient to provide the extra element required for a copyright infringement cause of action. As Nimmer notes, '[a]n infringer always "accepts" the benefit of the copyrighted work, and a copyright notice on a work may be said to give notice that the work is not freely available'")

C. ████████████ **Does Not Provide The Extra Element**

Plaintiffs' final claim is that ROSS is liable because LegalEase breached the provision of its contract that ████████████████████████. (D.I. 236 at 10-11.).[6] ████████

---

[6] Plaintiffs raise another argument, not mentioned in their opening brief on tortious interference (*See* D.I. 252), ███████████████████████████████ ████████ (D.I. 316 at 6-7.) █████████████████████████████████████

7

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆ *See Energy Intel. Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 339 (S.D.N.Y. 2015) (key to copyright infringement claim was the use of an unauthorized password to gain access to the copyrighted materials); *Oracle USA, Inc. v. Rimini St., Inc.*, 2010 WL 4386957, at *1 (D. Nev. Oct. 29, 2010) (basing copyright infringement claim on allegation that defendant shared passwords). Courts have also found preemption when defendants have used illicit access techniques, an analogue for an ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See, e.g.*, *President & Fellows of Harvard Coll. v. Certplex, Ltd.*, 2015 WL 10433612, at *2-3 (D. Mass. Nov. 25, 2015).

That ▆▆▆▆▆▆▆▆▆ part of a copyright claim makes sense, because there was no free-floating interest in ▆▆▆▆▆▆▆▆. Preemption is evaluated from a functional perspective; whether a claim is qualitatively different depends on "what [a] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (internal quotation marks and citation omitted).

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Plaintiffs wanted to protect access to and distribution of Westlaw content. Those are copyright issues. *Jackson v. Roberts*, 972 F.3d 25, 44 (2d Cir. 2020) ("[W]e have upheld § 301 preemption as to a variety of state law claims that included an 'extra element' . . . when the extra element was not of such important character as to differentiate the claim substantially from a copyright claim."); *WeInfuse, LLC v. InfuseFlow, LLC*, 2021 WL 1165132, at *5 (N.D. Tex. Mar. 26, 2021) (finding

---

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. (*See, e.g.*, D.I. 1 ¶ 51; D.I. 252 at 9-10 (▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆).)

8

preemption where the "tortious interference claims [were] based on the lost benefits of exclusive rights to that Software.").

Nor can Plaintiff avoid preemption by claiming that LegalEase also accessed non-copyrighted content, because "the Copyright Act can preempt state law even when the rights are claimed in uncopyrighted or uncopyrightable materials." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 501 (7th Cir. 2011). Moreover, Plaintiffs' tortious interference claims are *not* premised on access to non-copyrightable materials. (D.I. 270 at 4-8.)

### III. PLAINTIFFS' CLAIMED TORTIOUS INTERFERENCE DAMAGES ARE IDENTICAL TO THEIR COPYRIGHT DAMAGES

Plaintiffs do not dispute that "[c]ommon law causes of action are generally preempted when they seek damages that are identical to those sought for copyright infringement." *Johnson v. Arista Holding, Inc.*, 2006 WL 3511894, at *7 (S.D.N.Y. Dec. 5, 2006) (citing *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 934 (7th Cir.2003)); D.I. 316 at 13-14.

Instead, ███████████████████████████████████████████████

███████████████████████████████████ (D.I. 316 at 13.) That argument changes nothing.



███████ (*See, e.g.*, D.I. 266-1, Ex. AX at 34-35, 45, and 57.) Furthermore, ███████

███████████████████████████████████████████████

███ (*Id.* at 43-58.)

Not surprisingly, ███████████████████████████████

███████████ (D.I. 281-9, Ex. 29 at 101:20-102:2; *see also id.*, at 80:22-81:15; 82:16-19;

9

D.I. 266-1, Ex. AZ at 10 (■■■■■■■■■■■■■■■■■■■■■■■■■); *id.*, Ex. AX at 5-6

(■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■); *id.*, at 57 (■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■); *id.*, at 58 (■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■) Plaintiffs' discovery responses say the same. (*See* D.I. 281-9, Ex. 30, at 16-25.)

Because the damages sought by Plaintiffs for their copyright infringement claim and tortious interference claim are identical, their tortious interference claim is preempted.

## CONCLUSION

ROSS asks the Court to grant ROSS's Motion for Summary Judgment on Plaintiffs' Tortious Interference with Contract claim.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
|  | By: */s/ David E. Moore* |
| Gabriel M. Ramsey | David E. Moore (#3983) |
| Warrington S. Parker III | Bindu A. Palapura (#5370) |
| Joachim B. Steinberg | Andrew L. Brown (#6766) |
| Jacob Canter | Hercules Plaza, 6th Floor |
| Christopher J. Banks | 1313 N. Market Street |
| CROWELL & MORING LLP | Wilmington, DE 19801 |
| 3 Embarcadero Center, 26th Floor | Tel: (302) 984-6000 |
| San Francisco, CA 94111 | dmoore@potteranderson.com |
| Tel: (415) 986-2800 | bpalapura@potteranderson.com |
|  | abrown@potteranderson.com |
| Mark A. Klapow |  |
| Crinesha B. Berry | *Attorneys for Defendant/Counterclaimant* |
| CROWELL & MORING LLP | *ROSS Intelligence, Inc.* |
| 1001 Pennsylvania Avenue, NW |  |
| Washington, DC 20004 |  |
| Tel: (202) 624-2500 |  |

Dated: February 13, 2023
10604261 / 20516.00001

Public Version Dated: February 24, 2023