## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) C.A. No. 20-613-SB ) ) **JURY TRIAL DEMANDED** ) ) ) **PUBLIC VERSION** ) ) |
| Plaintiffs/Counterdefendants, | |
| v. | |
| ROSS INTELLIGENCE INC., | |
| Defendants/Counterclaimant. | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS OF MR. JAMES MALACKOWSKI

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: February 13, 2023
10605981 / 20516.00001

Public Version Dated: February 24, 2023

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION & SUMMARY OF ARGUMENT ................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.     Mr. Malackowski Should Not Be Allowed To Offer An Opinion On Statutory Damages 2

     A.     Courts Do Not Allow Experts to Opine on the Amount of Statutory Damages ..... 2

     B.     Mr. Malackowski Cannot Offer An Opinion On The Independent Economic Value Test, But In This Case His Opinion Would Still Amount To Math ............. 2

II.     Plaintiffs Only Have One Work At Issue and Thus the Appropriate Amount of Statutory Damages Is, At Most, $150,000 ......................................................................................... 3

     A.     There is One Work Under the Compilation Test ..................................................... 3

     B.     The Registration Test Shows That There Is Only One Work ................................ 5

     C.     The Independent Economic Value Test Shows There Is Only One Work ............. 5

III.     Mr. Malackowski Cannot Opine Where there are No Facts ............................................... 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackourey v. Mohan's Custom Tailors, Inc.*,
    2012 WL 33065 (E.D. Pa. Jan. 6, 2012) ................................................................................4

*AgroFresh Inc. v. Essentiv LLC*,
    2019 WL 9514565 (D. Del. Oct. 7, 2019) .............................................................................2

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
    2022 WL 3021560 (D. Del. July 29, 2022) ..........................................................................2

*Arista Recs., Inc. v. Flea World, Inc.*,
    2006 WL 842883 (D.N.J. Mar. 31, 2006) .............................................................................4

*Bryant v. Media Right Prods., Inc.*,
    603 F.3d 135 (2d Cir. 2010) ..........................................................................................3, 4, 5

*Columbia Pictures Television, Inc. v. Krypton Board. Of Birmingham, Inc.*,
    259 F.3d 1186 (9th Cir. 2001) ..............................................................................................9

*Experian Info. Sols. Inc. v. Nationwide Mktg. Servs. Inc.*,
    893 F.3d 1176 (9th Cir. 2018) ..............................................................................................3

*FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*,
    2019 WL 1207011 (D. Minn. Mar. 14, 2019) ...................................................................3, 4

*Gamma Audio & Video, Inc. v. Ean-Chea*,
    11 F.3d 1106 (1st Cir. 1996) .................................................................................................9

*Grant Heilman Photography, Inc. v. McGraw-Hill Companies*,
    2016 WL 687176 (E.D. Pa. Feb. 19, 2016) ......................................................................3, 4

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
    289 F. Supp. 2d 493 (D. Del. 2003) .....................................................................................3

*INVISTA North America S.a.r.l v. M&G USA Corp.*,
    2013 WL 3216109 (D. Del. June 25, 2013) .........................................................................2

*Macro Niche Software, Inc. v. 4 Imaging Solutions, Inc.*,
    2013 WL 12140417 (S.D. Tex. Dec. 18, 2013) ....................................................................2

*Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*,
    2010 WL 2978289 (D. Conn. Apr. 9, 2010) .........................................................................2

*MCA Television, Ltd. v. Feltner*,
  89 F.3d 766 (11th Cir. 1996) ...................................................................................5, 6, 7, 9

*Monge v. Maya Magazines, Inc.*,
  688 F.3d 1164 (9th Cir. 2012) ...............................................................................................9, 10

*Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*,
  745 F.2d 248 (3d Cir. 1984)...................................................................................................10

*Schiffer Publ'g, Ltd. v. Chron. Books, LLC*,
  2005 WL 67077 (E.D. Pa. Jan. 11, 2005) ...............................................................................4

*Sony Music Ent. v. Cox Commc'ns, Inc.*,
  464 F. Supp. 3d 795 (E.D. Va. 2020) ............................................................................3, 5, 6

*Sullivan v. Flora, Inc.*,
  936 F.3d 562 (7th Cir. 2019) ..................................................................................................5

*Triad Capital Mgmt., LLC, et al. v. Private Equity Capital Corp.*,
  2010 WL 10076450 (N.D. Ill. Nov. 22, 2010) ......................................................................2

*UMG Recordings, Inc. v. MP3.Com, Inc.*,
  109 F. Supp. 2d 223 (S.D.N.Y. 2000).....................................................................................5

*United States v. R. J. Reynolds Tobacco Co.*,
  416 F. Supp. 313 (D.N.J. 1976) ............................................................................................10

*Warner Recs. Inc. v. Charter Commc'ns, Inc.*,
  2022 WL 2702928 (D. Colo. July 12, 2022) .........................................................................2

*XOOM, Inc. v. Imageline, Inc.*,
  93 F. Supp. 2d 688 (E.D. Va. 1999), .....................................................................................5

*Yellow Pages Photos, Inc. v. Ziplocal, LP*,
  795 F.3d 1255 (11th Cir. 2015) .....................................................................................5, 6, 8

**Statutes**

17 U.S.C. section 504(c) ...............................................................................................................4, 5

**Other Authorities**

54 Fed. Reg. 13,177 (Mar. 31, 1989).............................................................................................7

54 Fed. Reg. 13,179 (Mar. 31, 1989).............................................................................................7

**INTRODUCTION & SUMMARY OF ARGUMENT**

Plaintiffs argue █████████████████████████████████████████

████████████████████████████████████ (D.I. 319 at 2.) The only case cited that discusses copyright statutory damages excluded the expert's opinion. In addition, it remains true that there is no need for an expert to multiply the number of claimed infringing works by $150,000.

Plaintiffs do offer a *non sequitur*. Plaintiffs state ████████████████████

████████████████████████████████████ For this, Plaintiffs rely on what courts call the independent economic value test. This test is used to determine the number of works at issue for the purposes of statutory damages where, as here, the work is registered as a compilation.

Here is the problem. This makes Mr. Malackowski's mathematical equation no more relevant. There are five factors that courts consider when applying the independent economic value test. Mr. Malackowski does not offer an opinion as to any of those factors. He offers no opinion as to the independent economic value test at all. And Mr. Malackowski *assumes* the number of works infringed.

Also the independent economic value test has not been adopted by the Third Circuit. Other courts use different tests. As is noted below, whichever test applies, Plaintiffs' compilation constitutes one work for the purposes of statutory damages. \ Plaintiffs are limited to an award of at most $150,000. .

Finally, as noted in the Opening Brief, (*see* D.I. 274), Mr. Malackowski's opinion on a market for Westlaw content as AI training data is based on no facts at all.

## ARGUMENT

### I. Mr. Malackowski Should Not Be Allowed To Offer An Opinion On Statutory Damages

#### A. Courts Do Not Allow Experts to Opine on the Amount of Statutory Damages

The case *Macro Niche Software, Inc. v. 4 Imaging Solutions, Inc.*, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013), that Plaintiffs try to distinguish, (D.I. 319 at 9.), is the only case to discuss an expert's opinion regarding statutory damages. It excluded that opinion. While Plaintiffs claim that there were additional factors at issue in *Macro Niche*, such as willfulness opinions, Mr. Malackowski *is* offering an opinion on willfulness given his use of $150,000 as a measure of damages.[1]

Additionally, as Mr. Malackowski is simply doing multiplication, no expert opinion is necessary. *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3021560, at *19 (D. Del. July 29, 2022); *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 9514565, at *2 (D. Del. Oct. 7, 2019); *Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 2010 WL 2978289, at *5 (D. Conn. Apr. 9, 2010); *Triad Capital Mgmt., LLC, et al. v. Private Equity Capital Corp.*, 2010 WL 10076450, at *3 (N.D. Ill. Nov. 22, 2010).

#### B. Mr. Malackowski Cannot Offer An Opinion On The Independent Economic Value Test, But In This Case His Opinion Would Still Amount To Math

The fact that Plaintiffs now raise the independent economic value test is no justification for allowing Mr. Malackowski to opine on statutory damages. (*See* D.I. 319 at 5-7.)

---

[1] *Warner Recs. Inc. v. Charter Commc'ns, Inc.*, 2022 WL 2702928 (D. Colo. July 12, 2022), only found that the expert could offer an opinion on damages. It did not sanction the opinion that Mr. Malackowski offers. *Id*. at *4. *INVISTA North America S.a.r.l v. M&G USA Corp.*, 2013 WL 3216109 (D. Del. June 25, 2013), is not relevant because it relates to technical patent opinions, not statutory damages opinions.

As is reflected below, the independent economic value test is used to determine the number of works at issue in a compilation for the purposes of calculating statutory damages. It is a multi-factor test. Mr. Malackowski does not address a single of the factors or discuss the test in any fashion. (*See* D.I. 266-1, Ex. AX at 59-60.) Neither did Dr. Krein. Any opinions based on this should be excluded. *See Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 289 F. Supp. 2d 493, 500 (D. Del. 2003) (excluding expert testimony not in expert report).

Furthermore, whatever test may apply, Mr. Malackowski's sole contribution is simple math (*i.e.*, the assumed number of works multiplied by $150,000).

## II. Plaintiffs Only Have One Work At Issue and Thus the Appropriate Amount of Statutory Damages Is, At Most, $150,000

Plaintiffs' copyrighted materials are registered as one work—a compilation. (*See* D.I. 255-7, Ex. 82 at TR-0033985.)[2] Plaintiffs state that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ (D.I. 319 at 5-7.) This is wrong under the compilation test, the registration test, and under the independent economic value test that Plaintiffs urge.

### A. There is One Work Under the Compilation Test

The Second Circuit has adopted the compilation test. *See Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 142 (2d Cir. 2010). Lower courts in the Third Circuit have used this test, too. *See e.g.*, *Grant Heilman Photography, Inc. v. McGraw-Hill Companies*, 2016 WL 687176, at *2 (E.D. Pa. Feb. 19, 2016).

The compilation test turns on whether the copyrighted materials have been issued separately or as a group. *See Bryant*, 603 F.3d at 141; *Sony Music Ent. v. Cox Commc'ns, Inc.*,

---

[2] Plaintiffs' registration also refers to the work as a database. (D.I. 319 at 2.) Automated databases are compilations. *See Experian Info. Sols. Inc. v. Nationwide Mktg. Servs. Inc.*, 893 F.3d 1176, 1186 (9th Cir. 2018); *FurnitureDealer.Net, Inc. v. Amazon.com, Inc.*, 2019 WL 1207011, at *5 (D. Minn. Mar. 14, 2019).

464 F. Supp. 3d 795, 821 (E.D. Va. 2020) ("The emphasis on how a work is issued to consumers is most persuasive in defining 'compilation' under 504(c)(1)."). If issued as a group, "all parts of a compilation must be treated as one work for the purpose of calculating statutory damages." *Bryant*, 603 F.3d at 142. Courts use this test because it most closely follows the Copyright Act's text and Copyright Office guidance. *See e.g.*, *Bryant*, 603 F.3d at 140; *Arista Recs., Inc. v. Flea World, Inc.*, 2006 WL 842883, at *22 (D.N.J. Mar. 31, 2006); *Schiffer Publ'g, Ltd. v. Chron. Books, LLC*, 2005 WL 67077, at *3 (E.D. Pa. Jan. 11, 2005).

17 U.S.C. section 504(c) provides that "the copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements in the action . . . . *For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.*" 17 U.S.C. § 504(c) (emphasis added); *Grant Heilman*, 2016 WL 687176, at *2; *Ackourey v. Mohan's Custom Tailors, Inc.*, 2012 WL 33065, at *4 (E.D. Pa. Jan. 6, 2012).

Courts that adopt this test also consider it consistent with how the Copyright Office's Compendium treats group registrations. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 1105.4 (3d ed. 2021); *FurnitureDealer.Net, Inc.*, 2022 WL 891473, at *13. The compilation test is "further supported by the Copyright Office's regulations." *See Schiffer Publ'g Ltd.*, 2005 WL 67077, at *3.

Applying this test, there can only be one award for statutory damages. Plaintiffs provide Westlaw content as a whole. ████████████████████████████████████████████████████████████████████. (D.I. 281-1, Exs. 13, 14.) Dr. Krein's and Mr. Malackowski's opinions ████████████████ ████████████████████████████████ (*See* D.I. 266, Ex. AR ¶¶ 67-73; *id.*, Ex. AX at 14-15, 21-22.)

4

To state it another way, Plaintiffs offer Westlaw content like it were an album as opposed to issuing pieces as individual songs. *Bryant*, 603 F.3d at 139-42; *see also UMG Recordings, Inc. v. MP3.Com, Inc.*, 109 F. Supp. 2d 223, 225 (S.D.N.Y. 2000).

### B. The Registration Test Shows That There Is Only One Work

One court has used the "registration test," under which the number of separate works is to be calculated by reference to the number of registrations. *See XOOM, Inc. v. Imageline, Inc.*, 93 F. Supp. 2d 688, 693 (E.D. Va. 1999), *affirmed in part on separate grounds and reversed in part*, 323 F.3d 279 (4th Cir. 2003). This method has not received widespread approval.

Under this test there would only be one work because Plaintiffs have registered one compilation of published case reports. (*See* D.I. 255 Ex. 82 TR-033985 (stating at Box 6 that Plaintiffs have registered a compilation of case reports which includes Westlaw content).) *See XOOM, Inc.*, 93 F. Supp. 2d at 693.

### C. The Independent Economic Value Test Shows There Is Only One Work

The independent economic value test "focuses on whether each expression . . . is, in itself, viable." *MCA Television, Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996); *Sony Music Ent.*, 464 F. Supp. 3d at 818 (under this test, "separate copyrights are not distinct 'works' unless 'they are able to live their own copyright life'" (citation omitted)).[3]

Courts that apply this test balance the following factors: how the copyright was registered, *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1277 (11th Cir. 2015); the connections (if any) between the copyright's constituent parts, *MCA Television, Ltd.*, 89 F.3d at 769-70; the process and purpose for creating the copyright and its constituent parts, *Yellow*

---

[3] Courts adopting this test acknowledge that it does not conform to the language of Section 504(c) or the Copyright Office's Compendium. *See Sullivan v. Flora, Inc.*, 936 F.3d 562, 569-72 (7th Cir. 2019).

*Pages*, 795 F.3d at 1277; how users consume the copyright and its parts, *MCA Television, Ltd.*, 89 F.3d at 770; and how the copyright generates revenue, *Yellow Pages*, 795 F.3d at 1277. *See also Sony Music Ent.*, 464 F. Supp. 3d at 818-19.[4]

Plaintiffs make no attempt to discuss each (or any) of these factors. They simply assert ███████████████████████████████████████████ (D.I. 319 at 5-7.)

First, it bears noting that ████████████████████ cannot be the unit of measure. The independent economic value test considers whether the *copyrighted* materials are independently viable. *MCA Television, Ltd.*, 89 F.3d at 769; *Sony Music Ent.*, 464 F. Supp. 3d at 818. Judicial opinions are not copyrightable. And no court that has applied the independent economic value test determined the independent viability of a copyright by reference to non-copyrightable materials.

Second, applying the five factors, there is only one work.

***How the copyright is registered.*** Plaintiffs have one registration. Plaintiffs' registration states in Box 1 that the copyright is a single compilation and that "revisions" and "additions" are added to it. *See* D.I. 255-7, Ex. 82 at TR-033984. The registrations that follow every three months state that Plaintiffs only seek to add "daily updates of original and revised text and compilation" to a "previously registered unpublished database." (*See e.g.*, D.I. 1-1 at 165-66 (TXu 884-313, Box 6, parts a and b), 167-68 (TXu 884-312, Box 6); 215-16 (Txu 1-320-310, Box 6, parts a and b); 289 (TXu 2-217-181, "Limitation of copyright claim, parts a and b"); 291 (TXu 2-127-225, "Limitation of copyright claim, parts a and b").)

---

[4] The First, Seventh, Ninth, Eleventh, and D.C. Circuits have adopted the independent economic value test. *See Sony*, 464 F. Supp. 3d at 818.

This is the method that copyright holders must follow to update an unpublished group registration. *See* Copyright, Registration and Deposit of Databases, 54 Fed. Reg. 13,177, 13,179 (Mar. 31, 1989); *see also* U.S. Copyright Office, Circular 65 – "Copyright Registration for Automated Databases" (2009). Plaintiffs have not argued to the contrary.

***Connection between elements.*** Courts have stated that this factor weighs against the copyright being a compilation. Applied to television shows, this factor asks whether a series is connected by a plot (in which case it weighs against individual viability) or whether each episode in a series has independent plots, in which case it weighs in favor of finding one work. *See MCA Television, Ltd.*, 89 F.3d at 770. The Westlaw content is connected by a plot, both in theory and application.

In theory, it is intended to work together to allow one to locate judicial opinions. (*See e.g.*, D.I. 270 at 2-8; D.I. 272 at 2-12.) In practice, Westlaw content includes the key number system and headnotes. (*See e.g.*, D.I. 1 ¶ 1.) Plaintiffs contend that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See e.g.*, D.I. 281-3, Ex. 26-1 at 70-71.) These copyrights are necessarily linked to each other, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See e.g.*, D.I. 281-33, Ex. 57; D.I. 256, ¶¶ 5, 8, 10.) Plaintiffs market their platform ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* D.I. 254 at 8-9, n. 4, 5.) Plaintiffs also state ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* D.I. 281-3, Ex. 26 at 70-71.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* D.I. 256, ¶ 4.) Plaintiffs also market Westlaw as valuable ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* D.I. 254 at 8-9, n. 4, 5.)

***Process and purpose for creating the copyright.***  In *Yellow Pages*, the appellate court noted that the copyright holder's "purpose of grouping his photo[s]" together "was customer appeal and efficiency."  795 F.3d at 1277.  Given this purpose, the copyright holder "spent 'a lot of years' working with customers 'to determine what headings generate revenue and what headings generate usage.'"  *Id*.  And the court noted that once the copyright holder "selected a heading, he would develop the photo collections around it."  *Id*.

Westlaw content is a perfect analogue.  Westlaw content is similarly developed consistent with the purpose to provide customers with access to information about cases in an efficient and consistent way.  Attorney-editors draft headnotes based on uniform and detailed guidelines, ▮▮▮▮▮ (*See* D.I. 281-42, Ex. 65-1 TR-0002872-2916.)  Similarly-strict guidelines must be followed to prepare synopses for cases.  (*See* D.I. 281-43, Ex. 65-2 TR-0003021-28.)  And additions to the key number system ▮▮▮▮▮ (*See* Declaration of Mark Klapow ("Klapow Decl.") Ex. 17 (Deposition of Laurie Oliver) at 205:23-206:19.)  Moreover, Plaintiffs do this for a utilitarian purpose—▮▮▮▮▮ (*See id*. at 203:12-18.)

***How users consume the copyright.***  Westlaw content is available as a group on the Westlaw platform—it is through the platform that legal practitioners and law students engage with Westlaw content.  While it is possible for users to go outside of their subscription and pay pro forma prices for access to individual cases, Plaintiffs' 30(b)(6) representative ▮▮▮▮▮ (*See* Klapow Decl., Ex. 18 (Deposition of Mark Hoffman) at 99:7-100:22 and 102:6-17.)

8

Viewers can enjoy a specific television show that is part of a series for its unique merits. *See MCA Television, Ltd.*, 89 F.3d at 770. But the key number system ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (D.I. 256 ¶ 8.) ▓▓▓▓▓▓▓▓ (Klapow Decl., Ex. 17 at 203:12-18) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (D.I. 256, ¶¶ 5, 8, 10; D.I. 254 at 8-9, n. 4, 5.)

*How copyright generates revenue*. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ (Klapow Decl., Ex. 18 at 45:6-19; D.I. 266-1, Ex. AX at 49.) And Plaintiffs only publicly disclose their revenue from legal research services as revenue from the Westlaw platform. (Klapow Decl. Ex. 19 TR-37460.) ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Klapow Decl., Ex. 18 at 46:24-47:17.)

The cases that Plaintiffs cite do not assist. *Columbia Pictures Television, Inc. v. Krypton Board. Of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001),[5] *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106 (1st Cir. 1996), and *MCA Television, Ltd. v. Feltner*, concern episodes of television shows in a series. There is no parallel between TV shows and Westlaw content, including that in each case the TV episodes were each registered separately. *Columbia Pictures*, 106 F.3d at 295; *Gamma Audio*, 11 F3d. at 1117; *MCA*, 89 F.3d at 768. In *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1178-80 (9th Cir. 2012), the photos at issue were actually not a compilation. They were just stored in one place.

### III.    Mr. Malackowski Cannot Opine Where there are No Facts

Plaintiffs state that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[5] The court's actual analysis is found at 106 F.3d 284, 295 (9th Cir. 1997).

9

███████████████████████████████████████ (D.I. 319 at 10.)  These factors however do not reflect that a market exists.  ███████████████████████████████████████ ███████████████████████" (*id*.,) state nothing about a market for Westlaw content as AI training data.  And documents showing that ROSS used LegalEase to (allegedly) obtain Westlaw content to create Bulk Memos that ultimately would become training data is expressly one-step removed from there being an actual market for Westlaw content as AI training data (otherwise, the step of creating the Bulk Memos would not be necessary).

Thus, the cases that Plaintiffs cite for the proposition that Mr. Malackowski's factual assertions go to his credibility and not admissibility miss the point.  (*See* D.I. 319 at 11.)  The problem is not that Mr. Malackowski relies on evidence with which ROSS disagrees, but instead that he relies on evidence that has nothing to do with his opinions.  Courts regularly exclude testimony that is based on no facts.  *See United States v. R. J. Reynolds Tobacco Co.*, 416 F. Supp. 313, 315 (D.N.J. 1976); *Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*, 745 F.2d 248, 261-62 (3d Cir. 1984).

Finally, Plaintiffs' effort to distinguish *Solid Oaks* is unavailing.  (D.I. 319 at 11-12.)  The facts that show that there is no market for Westlaw content as AI training data are even starker here.  ███████████████████████ (*See* D.I. 266-1 Ex. AL ¶¶ 17-31.)  ███████████ ███ (*See id*.) ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ (*See id*. ¶¶ 32-40.)

## CONCLUSION

ROSS requests that the Court exclude the two opinions of Mr. Malackowski.

10

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: February 13, 2023
10605981 / 20516.00001

Public Version Dated: February 24, 2023

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*