# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) C.A. No. 20-613-SB ) ) **JURY TRIAL DEMANDED** ) ) ) **PUBLIC VERSION** ) ) ) |
| Plaintiffs/Counterdefendants, | |
| v. | |
| ROSS INTELLIGENCE INC., | |
| Defendants/Counterclaimant. | |

### DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF PLAINTIFFS' EXPERT JONATHAN L. KREIN

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
Christopher J. Banks
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Mark A. Klapow
Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: February 13, 2023
10604545 / 20516.00001

Public Version Dated: February 24, 2023

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENTS ............................................................ 1

ARGUMENT .................................................................................................................................. 1

I.   DR. KREIN DOES NOT EXPLAIN HOW HE REACHED HIS CONCLUSIONS, AND HIS RESULTS ARE NOT REPLICABLE ........................................................................ 1

     A.   Plaintiffs Do Not Cite To Any Portion of Dr. Krein's Report Nor His Deposition Where His Methodology Is Revealed. .................................................. 2

     B.   ROSS's Expert Could Not Replicate Dr. Krein's Results Because Dr. Krein Does Not Explain the Basis of His Results. .................................................. 4

II.  DR. KREIN'S OPINIONS CONCERNING COPYING AND KNOWLEDGE DO NOT ASSIST THE TRIER OF FACT ........................................................................ 5

     A.   Dr. Krein Was Not Designated As An Expert on Customs And Practices. ............. 5

     B.   There Is No Attempt To Show That An Expert Opinion Is Necessary. ................. 6

III. DR. KREIN'S "EXPERIENCE" DOES NOT QUALIFY AS AN EXPERT ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ .............................. 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*51 Webster St., Inc. v. Atl. Richfield Co.*,
   2019 WL 76573 (W.D.N.Y. Jan. 2, 2019) ................................................................................ 4

*Acosta v. Wilmington Tr., N.A.*,
   2019 WL 257697 (N.D. Ohio Jan. 18, 2019) ........................................................................... 4

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   2022 WL 3021560 (D. Del. July 29, 2022) ............................................................................. 8

*Bombardier Recreational Prod. Inc. v. Arctic Cat, Inc.*,
   2017 WL 758335 (D. Minn. Feb. 24, 2017) ............................................................................ 9

*Cook v. Rockwell Int'l Corp.*,
   580 F. Supp. 2d 1071 (D. Colo. 2006) ..................................................................................... 5

*FedEx Ground Package Sys. v. Applications Int'l Corp.*,
   695 F. Supp. 2d 216 (W.D. Pa. 2010) ...................................................................................... 4

*Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*,
   54 F.4th 7 (1st Cir. 2022) .......................................................................................................... 5

*Home Design Services, Inc. v. Trumble*,
   2011 WL 1638910 (D. Colo. Apr. 29, 2011) ....................................................................... 7, 8

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
   289 F. Supp. 2d 493 (D. Del. 2003) ......................................................................................... 6

*Hygh v. Jacobs*,
   961 F.2d 359 (2d Cir. 1992) ................................................................................................ 6-7

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
   2010 WL 4065465 (S.D. Tex. Oct. 8, 2010) ......................................................................... 10

*Kuhar v. Petzl Co.*,
   2018 WL 7571319 (D.N.J. Nov. 27, 2018) ............................................................................. 3

*LinkCo, Inc. v. Fujitsu Ltd.*,
   2002 WL 1585551 (S.D.N.Y. July 16, 2002) ......................................................................... 9

*Lugo v. Hulett Env't Servs., Inc.*,
   2011 WL 13298500 (M.D. Fla. May 18, 2011) ...................................................................... 5

*McCullock v. H.B. Fuller Co.*,
   61 F.3d 1038 (2d Cir. 1995) ............................................................................................... 4

*New Old Music Grp., Inc. v. Gottwald*,
   122 F. Supp. 3d 78 (S.D.N.Y. 2015) ................................................................................... 7

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004) .................................................................................... 9

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
   988 F. Supp. 2d 395 (S.D.N.Y. 2013) ................................................................................. 9

*Rottlund Co. v. Pinnacle Corp.*,
   452 F.3d 726 (8th Cir. 2006) ............................................................................................... 7

*Ruggiero v. Warner-Lambert Co.*,
   424 F.3d 249 (2d Cir. 2005) ............................................................................................... 5

*Shire ViroPharma Inc. v. CSL Behring LLC*,
   2021 WL 1227097 (D. Del. Mar. 31, 2021) ....................................................................... 8

*Sound View Innovations, LLC v. Hulu, LLC*,
   2019 WL 4640393 (C.D. Cal. Aug. 5, 2019) ................................................................. 8-9

*Troll Co. ApS v. Russ Berrie & Co., Inc.*,
   290 F.3d 548 (3d Cir. 2002) ............................................................................................... 7

*United States v. Bennett*,
   161 F.3d 171 (3d Cir. 1998) ............................................................................................... 6

*United States v. Bonds*,
   922 F.3d 343 (7th Cir. 2019) .............................................................................................. 4

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,
   609 F. Supp. 1307 (E.D. Pa. 1985) ..................................................................................... 7

*Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*,
   797 F.2d 1222 (3d Cir. 1986) ............................................................................................. 7

*Woods v. Seadrill Americas, Inc.*,
   2017 WL 8293244 (E.D. La. Sept. 11, 2017) .................................................................... 7

*Zimmer Surgical, Inc. v. Stryker Corp.*,
   365 F. Supp. 3d 466 (D. Del. 2019) .................................................................................... 9

**RULES**

Fed. R. Evid. 704(a) ................................................................................................................... 7

**INTRODUCTION AND SUMMARY OF ARGUMENTS**

Plaintiffs accuse ROSS of minimizing the details in Dr. Krein's reports and deposition testimony. But they neither provide nor cite to the details that rebut ROSS's argument that Dr. Krein's methodology was not disclosed. Plaintiffs also claim that Dr. Krein's opinions are repeatable because ROSS's expert was able to verify his results. ROSS's expert used Dr. Krein's methodology, but as reflected in her report, she could not replicate Dr. Krein's results. ROSS's expert did compare questions to the language of judicial opinions using Dr. Krein's claimed methodology. However, because Dr. Krein refused to define ▇▇▇▇ terms he used to claim that ROSS's questions in some way corresponded to the text of headnotes, ROSS's expert used her metrics as to similarity after using Dr. Krein's methodology.

Plaintiffs also argue that Dr. Krein's opinions on copying and knowledge will assist the trier of fact, but they do not identify what facts are outside the kin of a layperson such that an expert is necessary. Dr. Krein relies on nothing technical to form his opinion. His opinions are based on deposition transcripts and emails. A jury can do that. Moreover, while Plaintiffs claim that Dr. Krein is entitled to testify as to industry standards, he was not proffered as an expert on this topic. His reports contain no such assessment.

Finally, Plaintiffs do not even attempt to show how Dr. Krein is qualified to opine ▇▇  ▇▇ Their argument reduces to this: Dr. Krein is an executive. That is not good enough.

**ARGUMENT**

**I.  DR. KREIN DOES NOT EXPLAIN HOW HE REACHED HIS CONCLUSIONS, AND HIS RESULTS ARE NOT REPLICABLE**

Plaintiffs make two arguments in response to ROSS's argument that Dr. Krein's methodology for finding similarity is not disclosed and, therefore, unreliable. First, Plaintiffs

claim █████████████████████████

█████████████████████████████ (D.I. 315 at 9.) Second, Plaintiffs claim ████

████████████████████████████████████████████████████████████ (*Id.*)

Both arguments are false.

    **A.**    **Plaintiffs Do Not Cite To Any Portion of Dr. Krein's Report Nor His Deposition Where His Methodology Is Revealed.**

ROSS identified the nine ways in which Dr. Krein refused to disclose his methodologies. (D.I. 268 at 10-12.)[1] Plaintiffs' response is to argue that Dr. Krein provides "detailed explanations of each step of his analysis," including why and how he took each step. (D.I. 315 at 9-10.) Yet Plaintiffs do not provide or cite to those "details." (*See id.*, at 9-12.)

Of the nine deficiencies, Plaintiffs only respond to two. *First*, Plaintiffs claim ████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████ (D.I. 315 at 11.) *Second*,[2] Plaintiffs attempt to address Dr. Krein's inability to explain his methodology or metric at his deposition. (*Id.*)

████████████████████████ This provides no basis for testing or assessing Dr. Krein's methodology. ████████████████████████████████████████

---

[1] The nine deficiencies were that Dr. Krein ███████████████████████████████ ███████████████████████ (D.I. 268 at 10); (2) ███████████████████████████████ ████████████████████████ (*id.*); (3) ██████████████████████████████████████ █████████████████████████████ (*id.*); (4) ██████████████████████████████████ ████████████████████ (*id.*); (5) ████████████████████████████████████ *id.* at 11); (6) ███████████████████████████████████████ (*id.*); (7) █████████ █████████████████████████████████████████████████████ (*id.*); (8) ████████ ██████████████████████████ (*id.*); and (9) ███████████████████ (*Id.* at 12.)

[2] Plaintiffs also addresses how █████████████████████████████ pairs, but that is not an argument ROSS makes about Dr. Krein's methodology. (*See* D.I. 268 at 9-12.) ROSS references Dr. Krein ████████████████████████ in the fact section of its brief and does not raise it again. (*See* D.I. 268 at 4.) Therefore, ROSS will not address it.

2

████████████████████████████████████████ (D.I. 275-5, Ex. 5 ¶ 112.) █

██████████████████████████████████████████ (*Id.*)

██████████████████ does not match ████████ vs. ██████ headnotes.  Rather than clarify, there are now three separate terms ████████ and ██████████████ that apparently have some relationship.  What that relationship is remains unknown.  (*See* D.I. 275-6, Ex. 6 at 19:4-20:1, 21:3-22:3, 23:7-19, 28:11-29:13.)

Dr. Krein's opinions should be excluded for this reason.  *See Kuhar v. Petzl Co.*, 2018 WL 7571319, at *5 (D.N.J. Nov. 27, 2018) (striking an expert report that was premised on the expert's "subjective belief or speculation" and when it failed to define or explain terms).

***Dr. Krein's Methodology Is Not Disclosed.***  Plaintiffs say that Dr. Krein ██████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████ (D.I. 315 at 11.)  Plaintiffs cite portions of Dr. Krein's deposition as proof of his forthrightness.  (*Id.*)  Nothing in Plaintiffs' Opposition nor in the deposition transcript cited set forth the *qualitative* methodology.  (*Id.* at 11-12.)  That is because, as demonstrated in ROSS's Opening Brief, ████████████ ██████████████████████████.  (*See* D.I. 268 at 9-12.)[3]

At most, Dr. Krein's explanation of his methodology establishes that his opinion is not that of an expert.  It is the opinion of a "reasonable person" who simply compared one word to another.  For example, ████████████████████████████████████████████ ████████████████████████████

---

[3] For this Court's ease, ROSS cites here every instance in which Dr. Krein was asked and answered questions about his methodology. (*See* D.I. 275-6, Ex. 6 at 16:16-18; 16:20-24; 19:4-20:1; 21:3-22:3; 23:7-19; 28:11-29:13; *see also* Declaration of Mark Klapow ("Klapow Decl."), Ex. 20 at 22:5-23:25; 24:15-25:8; 27:6-29:13; 70:6-71:5; 300:10-302:5.)

3

█████████████████████████████████████ D.I. 275-6, Ex. 6 at 23:7-19; *see also id.* at 19:4-20:1.) An opinion of this type does not require an expert opinion. *See FedEx Ground Package Sys. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 223 (W.D. Pa. 2010) (excluding expert testimony for "fail[ing] to support his conclusions with any technical principles").[4]

### B. ROSS's Expert Could Not Replicate Dr. Krein's Results Because Dr. Krein Does Not Explain the Basis of His Results.

Next, Plaintiffs claim ████████████████████████████████████████████
████████████████████████ (D.I. 315 at 12-13.) Not true.[5]

Ms. Frederiksen-Cross ████████████████████████████ (D.I. 280 ¶ 40.) However, as she explains, ██████████████████████████████████████████████████ (D.I. 280-3, Ex. C ¶¶ 12, 44.) Instead, Ms. Frederiksen-Cross ██████████████████████
██████████████████████████████ (D.I. 280 ¶¶ 28-48.)

Plaintiffs also state ████████████████████████████████████████████
████████████████████████████████████████████████████ (D.I. 315 at 13.)
Ms. Frederiksen-Cross ████████████████████████████████████ (D.I. 280 ¶ 44; D.I.

---

[4] The cases Plaintiffs cite, (D.I. 315 at 11-12), are not useful because none concern an expert who does not disclose the methodology to support the conclusions. *See e.g.*, *United States v. Bonds*, 922 F.3d 343, 344 (7th Cir. 2019) (criticizing the method of analysis, which had proven to be error-prone, not the expert's opinion); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042-43 (2d Cir. 1995) (seeking to exclude based on the expert's qualifications and methods used to reach the conclusions, not because the expert had not disclose the methodology); *Acosta v. Wilmington Tr., N.A.*, 2019 WL 257697, at *2 (N.D. Ohio Jan. 18, 2019) (seeking to exclude the expert's conclusions because of how the expert chose competing methodologies); *51 Webster St., Inc. v. Atl. Richfield Co.*, 2019 WL 76573, at *6 (W.D.N.Y. Jan. 2, 2019) (seeking to exclude the expert because he did not conduct a specific analysis and because his analysis lacked sufficient facts and data).

[5] ████████████████████████████████████████████████████████████████
████████ (D. I. 315 at 12-13 n.5.) ████████████████████████████████████
████████████████████████████████████████████████████████ (*See* D.I. 314 at 3 n.2; *see also* D.I. 310 at 14.)

4

280-3, Ex. C ¶¶ 48-54.) However, as explained in her rebuttal report, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ D.I. 280-3, Ex. C ¶¶ 48-54.)

Nor is it the case that *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071 (D. Colo. 2006), applies. (D.I. 315 at 12, 14.) There, the court concluded that the methodology was capable of discernment and the real dispute was whether what was produced allowed the methodology to be discerned. 580 F. Supp. 2d at 1122-23. Here that is not the case. This is a failure to provide or explain the methodology of assessment. That warrants exclusion. *See, e.g.*, *Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7, 17 (1st Cir. 2022); *see also Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 253 (2d Cir. 2005) ("whether a theory or technique has been and could be tested" is relevant to reliability under *Daubert*); *Lugo v. Hulett Env't Servs., Inc.*, 2011 WL 13298500, at *4 (M.D. Fla. May 18, 2011) ("The Court, however, cannot evaluate the methodology used, as it sees no methodology.").

## II. DR. KREIN'S OPINIONS CONCERNING COPYING AND KNOWLEDGE DO NOT ASSIST THE TRIER OF FACT

Plaintiffs argue that Dr. Krein is not precluded from offering opinions on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (D.I. 315 at 2, 14-15.) First, Plaintiffs claim that Dr. Krein's opinions ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at 15-16, 18.) Second, Plaintiffs claim that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at 18.)

### A. Dr. Krein Was Not Designated As An Expert on Customs And Practices.

Starting with the second argument first, Dr. Krein was not offered as an expert on the industry customs and practices in the AI and machine learning industry. (D.I. 281-10, Ex. 36 at

5

¶¶ 2, 5-8.) In fact, the neither the phrase "custom and practice" nor the phrase "customs and practices" appear in Dr. Krein's three reports. When Dr. Krein does use the word custom or practice it is to convey an entirely different thing. (*See e.g.*, D.I. 275-5, Ex. 5 ( ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ )

For these reasons, the opinion should be excluded. *See Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 289 F. Supp. 2d 493, 500 (D. Del. 2003) (excluding expert testimony not in expert report).

**B.    There Is No Attempt To Show That An Expert Opinion Is Necessary.**

Plaintiffs claim that Dr. Krein's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 315 at 16.).

***The Opinions Regarding Copying Are Not Based On Anything Technical.*** Whatever is meant by "algorithmic and manual analysis of testimony," Dr. Krein's opinion regarding copying, except perhaps with respect to a comparison of headnotes and question, relies on deposition testimony and documentary evidence, such as email communications exchanged between ROSS and LegalEase, as well as internal documents describing the memo drafting process. (*See generally* D.I. 281-10, Ex. 36 ¶¶ 5-8, 103-114, 121, 123-129.) He does not rely on source code (which he inspected), algorithms, or any other technical evidence, to opine there was copying. (*Id.* at § 9.1.7.)

Dr. Krein's assessment of copying, therefore, is based on the same materials the jury is capable of reviewing and assessing. *See United States v. Bennett*, 161 F.3d 171, 183 (3d Cir. 1998) (affirming the exclusion of expert testimony since the expert drew an ultimate conclusion); *see also Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (excluding witness who went beyond simply making factual conclusions and instead asserted "conclusory condemnations . . . [which]

6

merely told the jury what result to reach."); *Woods v. Seadrill Americas, Inc.*, 2017 WL 8293244, at *2 (E.D. La. Sept. 11, 2017). "Although expert opinion embracing an ultimate issue is permissible under Federal Rules of Evidence 704(a), 'courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion.'" *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006).

Additionally, except for his headnotes to questions comparison, Dr. Krein's opinions regarding copying are *not* based on any comparisons between the copyrighted works and the infringing works. Dr. Krein is simply opining, again, based on deposition testimony and documents that copying *must have occurred*. (D.I. 281-10, Ex. 36 ¶¶ 5-8, 103-114.) Dr. Krein is therefore not assisting a jury in determining what was copied and how it compares to the copyrighted work at issue. As such his testimony should be excluded. *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548 (3d Cir. 2002), cited by Plaintiffs, did not involve an expert opinion. Nonetheless, it counsels this result as the Third Circuit reversed the district court's decision on copying because there was no comparison of "the exact works at issue." *Id.* at 566.

Plaintiffs other cases fare no better. In *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986), both experts reviewed and compared the materials that were the subject of the copyright claim. *See Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 609 F. Supp. 1307, 1321-22 (E.D. Pa. 1985). *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78 (S.D.N.Y. 2015) is no different. The experts there actually did an "analysis of the two musical compositions at issue." *Id.* at 82. In *Home Design Services, Inc. v. Trumble*, 2011 WL 1638910 (D. Colo. Apr. 29, 2011), just as in the other cases that Plaintiffs cite, the expert also did an actual comparison of the copyrighted works (architectural designs) to other architectural

7

designs. The opinion was not based on a series of emails and depositions with no technical heft. *See id.* at *3-4.

Here, Dr. Krein's copying opinion is not based on any actual comparison. It is simply an opinion that copying had to happen without regard to similarity. It has no place in this case.

***Knowledge Opinions Are Not The Subject of Expert Opinions.*** Next, Plaintiffs 

(D.I. 315 at 2, 14-17.) Plaintiffs then accuse ROSS of

(*Id.* at 18.)

However, Dr. Krein's opinion is based on his assessment of ROSS's subjective state of mind. For example,

(D.I. 281-10, Ex. 36 ¶ 121.)

This type of opinion is improper. *Shire ViroPharma Inc. v. CSL Behring LLC*, 2021 WL 1227097, at *5 (D. Del. Mar. 31, 2021) ("It is well settled that experts may not provide testimony concerning the state of mind or culpability of defendants, corporations, regulatory agencies, and others.") (cleaned up); *see also Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3021560, at *27 (D. Del. July 29, 2022) ("We exclude any opinion relating to intent, motive, or state of mind.").

Plaintiffs cite to a string of cases that purportedly permit Dr. Krein's opinions on knowledge and state of mind. None apply. Three of the cases are patent cases, including one on whether a company was on notice of patent infringement. Notice in patent cases is not at issue. And notice in patent cases can turn on highly technical considerations. *Sound View Innovations,*

8

*LLC v. Hulu, LLC*, 2019 WL 4640393, at *6 (C.D. Cal. Aug. 5, 2019); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004); *Bombardier Recreational Prod. Inc. v. Arctic Cat, Inc.*, 2017 WL 758335, at *4 (D. Minn. Feb. 24, 2017).

*Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 501 (D. Del. 2019), does not apply. The court excluded expert opinion on state of mind and intent. *Id.* And in *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 405 (S.D.N.Y. 2013), the opinions were generally about industry customs and practices and not about a parties' subjective state of mind.

Finally, Plaintiffs do not address ROSS's argument that Dr. Krein is not permitted to testify about tortious interference. (*See* D.I. 268 at 13-14 (citing *Diamond Resorts U.S. Collection Dev., LLC v. Newton Grp. Transfers, LLC*, 2022 WL 1642865, at *2-3 (S,D. Fla. Mar. 30, 2022) (excluding expert testimony regarding the interpretation of, and whether a party's actions constitute, tortious interference).

### III. DR. KREIN'S "EXPERIENCE" DOES NOT QUALIFY ▪▪▪

Plaintiffs argue that Dr. Krein is ▪▪▪ (D.I. 315 at 2, 3, 8, 19.)

Plaintiffs' argument fails because "a court cannot permit experts to 'offer credentials rather than analysis.'" *LinkCo, Inc. v. Fujitsu Ltd.*, 2002 WL 1585551, at *4 (S.D.N.Y. July 16, 2002).

Plaintiffs do not explain how Dr. Krein's general experience with AI training data, as either a CTO or CEO, qualifies him to ▪▪▪.

9

Indeed, when Dr. Krein was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 275-6, Ex. 6 at 269:13-24, 273:15-274:22.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 273:15-274:13.)

In short, Dr. Krein's conclusions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are nothing more than *ipse dixit*. *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4065465, at *13 (S.D. Tex. Oct. 8, 2010) (excluding expert testimony based on an "extremely small universe of information" that the expert extrapolated and who had not done an investigation to support the opinions offered).

## CONCLUSION

For the foregoing reasons, ROSS respectfully requests this Court exclude Dr. Jonathan L. Krein's opinions and testimony on (1) similarity, (2) copyright infringement and tortious interference with contract, and (3) on the market for AI training data.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Gabriel M. Ramsey<br>Warrington S. Parker III<br>Joachim B. Steinberg<br>Jacob Canter<br>Christopher J. Banks<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-2800<br><br>Mark A. Klapow<br>Crinesha B. Berry<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Tel: (202) 624-2500<br><br>Dated: February 13, 2023<br>10604545 / 20516.00001<br><br>Public Version Dated: February 24, 2023 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>  David E. Moore (#3983)<br>  Bindu A. Palapura (#5370)<br>  Andrew L. Brown (#6766)<br>  Hercules Plaza, 6th Floor<br>  1313 N. Market Street<br>  Wilmington, DE 19801<br>  Tel: (302) 984-6000<br>  dmoore@potteranderson.com<br>  bpalapura@potteranderson.com<br>  abrown@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.* |