## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
                              )   C.A. No. 20-613-SB
         Plaintiffs/Counterdefendants, )
                              )   **JURY TRIAL DEMANDED**
     v. )
                              )
ROSS INTELLIGENCE INC., )
                              )
         Defendant/Counterclaimant. )

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant/Counterclaimant ROSS Intelligence, Inc. will serve the attached

subpoenas (Exs. 1-11) in the above-referenced action.

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By: _/s/ Andrew L. Brown_ |
| Gabriel M. Ramsey | David E. Moore (#3983) |
| Warrington S. Parker III | Bindu A. Palapura (#5370) |
| Joachim B. Steinberg | Andrew L. Brown (#6766) |
| Jacob Canter | Hercules Plaza, 6th Floor |
| Christopher J. Banks | 1313 N. Market Street |
| CROWELL & MORING LLP | Wilmington, DE 19801 |
| 3 Embarcadero Center, 26th Floor | Tel: (302) 984-6000 |
| San Francisco, CA 94111 | dmoore@potteranderson.com |
| Tel: (415) 986-2800 | bpalapura@potteranderson.com |
| | abrown@potteranderson.com |
| Mark A. Klapow | |
| Crinesha B. Berry | _Attorneys for Defendant/Counterclaimant_ |
| CROWELL & MORING LLP | _ROSS Intelligence, Inc._ |
| 1001 Pennsylvania Avenue, NW | |
| Washington, DC 20004 | |
| Tel: (202) 624-2500 | |

Dated: March 17, 2023
10692215 / 20516.00001

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

Thomson Reuters Enterprise Centre GmbH, et al.

*Plaintiff*

v.

ROSS Intelligence, Inc.

*Defendant*

)
)
)
)
)
)

Civil Action No. 20-cv-613-SB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Berger Singerman, 201 East Las Olas Boulevard Suite 1500, Fort Lauderdale, FL 33301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions, One Biscayne Tower, 2 S Biscayne Blvd #2250, Miami, FL 33131 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/17/2023

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Jacob Canter
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ ROSS Intelligence, Inc. , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.     The terms "YOU" and "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.     The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.     The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

4.     The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

5.     The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack,

etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

6.     The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

7.     The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

8.     The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

9.     The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

10.     The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## INSTRUCTIONS

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.      The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.      Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered in this case (see Exhibit B).

## <u>DOCUMENTS TO BE PRODUCED</u>

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Miyar Singerman.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.  DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their employees and support staff).

2.4 <u>Designated House Counsel</u>: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  Such challenge must also be made in accordance with the Court's Scheduling Order.  D.I. 41.  In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3    <u>Judicial Intervention</u>.  If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order.  D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

      (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

      (c)    Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

      (d)    The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. **MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF. A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*

_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                                     Leonard P. Stark
                                     United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                   [printed name]

Signature: _____
               [signature]

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   20-cv-613-SB |
| ROSS Intelligence, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Dentons US LLP, 1999 Harrison Street Suite 1300 Oakland, CA 94612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The terms "YOU" and "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

4.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

5.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack,

etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

6.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

7.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

8.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

9.    The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

10.    The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

# INSTRUCTIONS

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.      The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.      Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Kenneth Jenq.

**REQUEST FOR PRODUCTION NO. 2:**

All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Samuel Kohn.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West

Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc.

("ROSS") anticipate that documents, testimony, or information containing or reflecting

confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be

disclosed or produced during the course of discovery in this case and request that the Court enter

this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered

information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this

Order:

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.  Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

     2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their employees and support staff).

     2.4    <u>Designated House Counsel</u>: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

     2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action.  Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.  The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3     Judicial Intervention. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

Information that contains privileged matter or attorney work product shall be immediately

returned if such information appears on its face to have been inadvertently produced or if notice is

provided to the Receiving Party within a reasonable period of time after discovering the

inadvertent production.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

parties reach an agreement on the effect of disclosure of a communication or information covered

by the attorney-client privilege or work product protection, the parties may incorporate their

agreement in the stipulated protective order submitted to the court.  Nothing contained within this

Paragraph prevents a Party from challenging a designation pursuant to the procedures described in

Paragraph 6.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order

no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered

by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or

a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material.   In accordance with Section G of the

Administrative Procedures Governing Filing and Service by Electronic Means, all sealed

documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*

_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and
Counterclaimant
ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                                       Leonard P. Stark
                                       United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
              [signature]

# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| ROSS Intelligence, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  20-cv-613-SB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Fennemore Wendel, 1111 Broadway 24th Fl. Oakland CA 94607

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/17/2023

|  CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ROSS Intelligence, Inc.                                                        , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                     _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The terms "YOU" and "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

4.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

5.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack,

etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or   conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

6.       The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

7.       The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

8.       The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

9.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

10.     The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## <u>INSTRUCTIONS</u>

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.      The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.      Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered in this case (Exhibit B).

## **DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

      All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Nancy March.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.  Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3     Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4     Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action.  Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12  <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  Such challenge must also be made in accordance with the Court's Scheduling Order.  D.I. 41.  In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3     <u>Judicial Intervention</u>.  If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order.  D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

       (e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.    Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14.  MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*

_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____          _____
                                        Leonard P. Stark
                                        United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
               [signature]

# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Delaware

| | | |
|---|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) | |
| _Plaintiff_ | ) | Civil Action No. 20-cv-613-SB |
| v. | ) | |
| ROSS Intelligence, Inc. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Office of the Indiana Attorney General, Indiana Government Center South 302 W. Washington St., 5th Floor
Indianapolis, IN 46204

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 201 N Illinois St # 1100, Indianapolis, IN 46204 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jacob Canter |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____, who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.     The terms "YOU" and "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.     The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.     The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

4.     The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

5.     The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack,

etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

6.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

7.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

8.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

9.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

10.     The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## INSTRUCTIONS

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.     If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.     The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.     Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.    To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

      All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Heather Crocket.

**REQUEST FOR PRODUCTION NO. 2:**

      All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS created by Amanda Quick.

# EXHIBIT B

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3    Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4    Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review.  The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3     Judicial Intervention. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court.  Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.  SOURCE CODE

(a)  To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
      LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.    Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. <u>MISCELLANEOUS</u>

14.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3  <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation


POTTER ANDERSON & CORROON LLP

/s/ Stephanie E. O'Byrne
_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

Attorneys for Defendant and
Counterclaimant
ROSS Intelligence, Inc.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                             Leonard P. Stark
                             United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]

# EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Delaware

| | | |
|---|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20-cv-613-SB |
| ROSS Intelligence, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Jackson Lewis P.C. c/o Tammie Garner (Chief Legal Performance Officer) 666 Third Avenue, 29th Floor, New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 590 Madison Ave #20th, New York, NY 10022 | Date and Time:  04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.      The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

### INSTRUCTIONS

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6. If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7. The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9. Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10. To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## <u>DOCUMENTS TO BE PRODUCED</u>

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE          )
CENTRE GMBH and WEST PUBLISHING     )
CORPORATION,                        )
                                    )
                                    )
          Plaintiffs and            )     C.A. No. 20-613 (LPS)
          Counterdefendants,        )
                                    )
     v.                             )
                                    )
ROSS INTELLIGENCE INC.,             )
                                    )
          Defendant and             )
          Counterclaimant.          )

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.  Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

      2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their employees and support staff).

      2.4    <u>Designated House Counsel</u>: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

      2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action.  Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3    <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.
Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving
Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE
CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said
Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this
litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors,
and Professional Vendors to whom disclosure is necessary for this litigation and who have signed
the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian
or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL"
Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information
or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE
CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating
Party, a Party that seeks to disclose to Designated House Counsel any information or item that has
been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    <u>SOURCE CODE</u>

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

      (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

      (c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

      (d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

      (e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. **MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF. A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Attorneys for Plaintiffs and
Counterdefendants Thomson Reuters
Enterprise Center GmbH and West
Publishing Corporation

POTTER ANDERSON & CORROON LLP

/s/ Stephanie E. O'Byrne
_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

Attorneys for Defendant and
Counterclaimant
ROSS Intelligence, Inc.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                                                     Leonard P. Stark
                                                     United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                  [signature]

# EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Delaware

| | | |
|---|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20-cv-613-SB |
| ROSS Intelligence, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      King & Spalding LLP, 601 South California Avenue Suite 100 Palo Alto, CA 94304 +1 650 422 6700

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111 | Date and Time:  04/07/2023 12:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The terms "YOU" and "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

4.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

5.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack,

etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

6.    The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

7.    The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

8.    The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

9.    The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

10.    The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## **INSTRUCTIONS**

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.     If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.     The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.     Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.    To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## **DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS

created by Stephen Abreu.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their employees and support staff).

2.4 <u>Designated House Counsel</u>: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  Such challenge must also be made in accordance with the Court's Scheduling Order.  D.I. 41.  In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3    <u>Judicial Intervention</u>.  If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order.  D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.     PROSECUTION BAR

        Absent written consent from the Producing Party, any individual who receives
access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in
the prosecution of patents or patent applications relating to artificial intelligence software and/or
legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly
or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of
patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include
representing a party challenging a patent before a domestic or foreign agency (including, but not
limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This
Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE"
information is first received by the affected individual and shall end two (2) years after final
termination of this action.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation that
compels disclosure of any information or items designated in this action as "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL
– SOURCE CODE" that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include
a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue
in the other litigation that some or all of the material covered by the subpoena or order is subject
to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;
and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.    Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14.  **MISCELLANEOUS**

14.1    **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order.  Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption.  In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality.  Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*

POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*
_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                                   Leonard P. Stark
                                                   United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

# EXHIBIT 7

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| ROSS Intelligence, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   20-cv-613-SB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Land of Lincoln Legal Aid, 8787 State Street, Suite 201 East St. Louis, IL 62203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions, 701 Market St Suite 310, St. Louis, MO 63101 | Date and Time:<br><br>04/07/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr, 26th Fl., San Francisco, CA 94111

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                 _____
                                                        *Printed name and title*

                                                 _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>Exhibit A</u>

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.      The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## INSTRUCTIONS

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.     If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.     The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.     Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# **EXHIBIT B**

**Protective Order**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.  <u>DEFINITIONS</u>

2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3    Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4    Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review.  The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

       6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3 <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. <u>SOURCE CODE</u>

(a) To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

       (e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. **MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF. A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*
_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                    Leonard P. Stark
                                    United States District Chief Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]

# EXHIBIT 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  20-cv-613-SB |
| ROSS Intelligence, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Nowack & Olsen, PLLC 8551 West Sunrise Blvd. Suite 208, Plantation, FL 33322

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions, One Biscayne Tower, 2 S Biscayne Blvd #2250, Miami, FL 33131 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/17/2023

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | /s/ Jacob Canter |
| | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_

ROSS Intelligence, Inc. , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.     The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.     The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.     The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.     The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## <u>INSTRUCTIONS</u>

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.      The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.      Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3    Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4    Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3     <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

       (d) the Court and its personnel;

       (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

       (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

       (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

15

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.     SOURCE CODE

(a)     To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)      Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)      The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

     Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. **MISCELLANEOUS**

    14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    14.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF. A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| */s/ Michael J. Flynn* | */s/ Stephanie E. O'Byrne* |
| Jack B. Blumenfeld (#1014) | David E. Moore (#3983) |
| Michael J. Flynn (#5333) | Stephanie E. O'Byrne (#4446) |
| 1201 North Market Street | POTTER ANDERSON |
| P.O. Box 1347 | Hercules Plaza, 6th Floor |
| Wilmington, DE 19899 | 1313 N. Market Street |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@morrisnichols.com | Tel: (302) 984-6000 |
| mflynn@morrisnichols.com | dmoore@potteranderson.com |
| | sobyrne@potteranderson.com |
| *Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation* | *Attorneys for Defendant and Counterclaimant ROSS Intelligence, Inc.* |

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                                    Leonard P. Stark
                                    United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　[printed name]

Signature: _____
　　　　　　[signature]

# EXHIBIT 9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| ROSS Intelligence, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  20-cv-613-SB

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　Salazar Law, 2121 SW 3rd Avenue, Suite 100., Miami, FL 33129

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions, One Biscayne Tower, 2 S Biscayne Blvd #2250, Miami, FL 33131 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　03/17/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr, 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.     The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.     The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or   conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.     The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.     The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.     The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.     The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.     The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## <u>INSTRUCTIONS</u>

1.      YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.      If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.      In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.      If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.      The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.      Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# **EXHIBIT B**

**Protective Order**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3     Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4     Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3 <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.     PROSECUTION BAR

          Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

          If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

          (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

          (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
     MATERIAL

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.    Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14.  MISCELLANEOUS

14.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*

_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and Counterclaimant ROSS Intelligence, Inc.*

OF COUNSEL:                                OF COUNSEL:

Dale M. Cendali                            Gabriel M. Ramsey
Joshua L. Simmons                          Warrington S. Parker
Eric A. Loverro                            Kayvan M. Ghaffari
KIRKLAND & ELLIS LLP                       CROWELL & MORING LLP
601 Lexington Avenue                       3 Embarcadero Center
New York, NY  10022                        26th Floor
(212) 446-4800                             San Francisco, CA 94111
                                           (415) 986-2800
Daniel E. Laytin
Christa C. Cottrell                        Mark A. Klapow
Cameron Ginder                             Joshua M. Rychlinski
Alyssa C. Kalisky                          CROWELL & MORING LLP
KIRKLAND & ELLIS LLP                       1001 Pennsylvania Avenue NW
300 North LaSalle                          Washington, D.C. 20004
Chicago, IL  60654                         (202) 624-2500
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

May 13, 2021


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____        _____
                                     Leonard P. Stark
                                     United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
            [signature]

# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   20-cv-613-SB |
| ROSS Intelligence, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Van Horn Law Group, 500 NE 4th Street #200, Fort Lauderdale, FL 33301 954-765-3166

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions, One Biscayne Tower, 2 S Biscayne Blvd #2250, Miami, FL 33131 | Date and Time: 04/07/2023 12:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/17/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ROSS Intelligence, Inc. , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr, 26th Fl., San Francisco, CA 94111

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>Exhibit A</u>

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.      The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.      The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.      The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.      The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.      The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## **INSTRUCTIONS**

1.        YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.        These requests are not limited by time unless stated within the request itself.

3.        Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.        If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.        In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.    If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.    The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.    Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.    To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# EXHIBIT B

**Protective Order**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
                                  )
                                  )
                Plaintiffs and )   C.A. No. 20-613 (LPS)
                Counterdefendants, )
                                  )
      v. )
                                    )
ROSS INTELLIGENCE INC., )
                                    )
                Defendant and )
                Counterclaimant. )

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West

Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc.

("ROSS") anticipate that documents, testimony, or information containing or reflecting

confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be

disclosed or produced during the course of discovery in this case and request that the Court enter

this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered

information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this

Order:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3     Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4     Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action. Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

      6.3    <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

      The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)     Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)     The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

   (e)  The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.  Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14. **MISCELLANEOUS**

14.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.  A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*

POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*
_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                                      Leonard P. Stark
                                      United States District Chief Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]

# EXHIBIT 11

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   20-cv-613-SB |
| ROSS Intelligence, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       White & Case LLP c/o Tony Cordiero (Chief Information Officer)
1221 Avenue of the Americas, New York, New York 10020-1095

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Crowell & Moring LLP, 590 Madison Ave #20th, New York, NY 10022 | Date and Time: <br><br> 04/07/2023 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jacob Canter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ROSS Intelligence, Inc. _____ , who issues or requests this subpoena, are:

Jacob Canter, jcanter@crowell.com, 415-365-7210, 3 Embarcadero Ctr., 26th Fl., San Francisco, CA 94111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   20-cv-613-SB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

Insofar as any of the terms below are used herein, the following definitions shall apply:

1.       The term "YOUR" means you and any of your former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on your behalf.

2.       The term "ROSS," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.       The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

4.       The term "LEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5.       The term "WESTLAW" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH PLATFORM that was, is, or will be accessible to users.

6.      The term "LEGAL SEARCH PLATFORM" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application.

7.      The terms "DOCUMENT" and "DOCUMENTS" as used herein shall be construed in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of YOU, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or    conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items.

8.      The terms "COMMUNICATION" and "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such

as speech, writing, language, nonverbal signals, computer electronics of any kind, video tape, photographs, graphs, symbols, sound, radio and/or video signal, telephone, teletype, telecommunication, microfilm, microfiche, and/or media of any kind.

9.      The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

10.      The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

11.      The term "ANY" as used herein shall mean any or all and the term "ALL" as used herein shall mean any or all.

12.      The term "IDENTIFY" as used herein means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

## **INSTRUCTIONS**

1.        YOU shall IDENTIFY, produce, and permit the visual inspection and reproduction of the following DOCUMENTS, electronically stored information, and things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, and things in the actual or constructive possession of YOU, YOUR attorneys, and anyone else acting on YOUR behalf. The production and visual inspection shall take place at the location stated on the subpoena to which this Exhibit is an attachment (or such other place as may be stipulated by the parties).

2.        These requests are not limited by time unless stated within the request itself.

3.        Unless otherwise stated, the geographic scope covered by these requests is the United States.

4.        If YOU claim that ANY DOCUMENT, tangible object, or other thing responsive to ANY request was once in its possession, custody or control and has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, YOU shall IDENTIFY with particularity each such DOCUMENT and set forth: (a) the date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; (b) the circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed; and (c) the identity of ALL PERSONS who had knowledge of, or were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as ALL PERSONS who authorized such actions.

5.        In the event that YOU contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, YOU shall: (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), and

addressee(s); (b) IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed; (c) state the general subject matter of the DOCUMENT; and (d) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

6.     If YOU claim a privilege or immunity with regard to ANY DOCUMENT responsive to ANY request below, YOU should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege or immunity.

7.     The terms "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

9.     Any DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

10.     To the extent a DOCUMENT is considered confidential in nature, YOU may designate it in accordance with the Protective Order entered into in this case (Exhibit B).

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO ROSS.

**REQUEST FOR PRODUCTION NO. 2:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with WESTLAW, including how WESTLAW operates and costs to use or access WESTLAW.

**REQUEST FOR PRODUCTION NO. 3:**

ALL non-privileged DOCUMENTS and COMMUNICATIONS RELATED TO complaints about or problems with LEXIS, including how LEXIS operates and costs to use or access LEXIS.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR license negotiations with WEST.

# **EXHIBIT B**

**Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (LPS) |
| | ) | |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiffs Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs") and Defendant Ross Intelligence, Inc. ("ROSS") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Stipulated Protective Order ("Order") limiting the disclosure and use of such discovered information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for this Order:

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not dictate the standards that apply to under seal filings with this Court. The parties understand and agree that D. Del. LR 5.1.3 and this Court's Scheduling Order provides those standards.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" Information or Items also includes all information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, agreements and contracts; current and future business, product, or strategic plans; internal communications; financial information; marketing

documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.  Material that is available to the public, such as advertising or promotional materials, is not Confidential Information.

2.3    Counsel (without qualifier): Outside Counsel of Record (as well as their employees and support staff).

2.4    Designated House Counsel: House Counsel (defined below) who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter. Each Party shall designate to the other Party no more than four (4) Designated House Counsel with no more than one of those four attorneys serving as Designated House Counsel for purposes of addressing solely ROSS's antitrust counterclaims, in the event those claims are not dismissed.[1]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[2]

---

[1] For avoidance of doubt, any counsel designated for purposes of the antitrust counterclaims shall not have any access to documents or information designated "Highly Confidential – Attorneys Eyes Only", regardless of the substance of those documents or information, pending the Court's ruling on Plaintiffs' Motion to Dismiss ROSS's antitrust counterclaims (D.I. 28) and upon satisfaction of the disclosure requirements set forth below.

[2] For the avoidance of doubt, the provisions relating to source code in this Stipulated Protective Order shall not be construed to mean that either Party concedes the relevance of source code in this action.  Such provisions shall not prejudice a Party's ability to argue that source code should not be produced in discovery.

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, including an expert, consultant, or investigator, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not intending to become an employee of a Party or of a Party's competitor, and (4) does not have a financial interest in or a business or personal relationship with any Party.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," including but not limited to trade secrets or other competitively sensitive business or financial information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who serve as in house counsel to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Any invalidity, in whole or in part, of any provision of this Order shall not affect the validity of any other provision of this Order.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other

portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or done in bad faith (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may state on the record (before the deposition, hearing, or other proceeding is concluded) that the entire transcript be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to further review. The Designating Party shall then have thirty (30) days to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated

for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. The thirty (30) day period begins upon notification that the final deposition transcript is available to the Parties (regardless of whether a Party chooses to order the transcript) and ends thirty (30) days after receipt of such notification.

Where possible, Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, unless the Challenging Party claims in good faith that the Designating Party has engaged in mass, indiscriminate, or routinized designations. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Such challenge must also be made in accordance with the Court's Scheduling Order. D.I. 41. In particular, the challenge process shall require conferring directly (in voice-to-voice dialogue—other forms of communication are not sufficient) among at least one Delaware counsel and one Lead Counsel for each Party to the dispute.

6.3     <u>Judicial Intervention</u>. If, after meeting and conferring, the Parties are unable to resolve the dispute, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's Discovery Dispute Procedure set forth in the Scheduling Order. D.I. 41. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

The burden of persuasion in any such challenge proceeding shall at all times be and remain on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[3] that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel and Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who have no involvement in  competitive business decision-making, (2) to whom disclosure is reasonably necessary for this

litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed.

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary after the witness has been provided with a copy of this Stipulated Protective Order, unless otherwise agreed by the Designating Party or ordered by the Court. Once the witness is provided with a copy of the Stipulated Protective Order, the witness is bound by its provisions regardless of whether the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive business decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[6] and (5) identifies (by name and number of the case, filing date, and location

---

[5] It may be appropriate in certain circumstances to require that any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making roles or responsibilities.

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[7]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within (7) seven days of the written objection. If no agreement is reached, the Parties shall first submit to the Court a joint letter in substantially the form outlined in the Court's "Discovery Matters" Procedures. If the Court requires additional briefing, the Party seeking to make the disclosure to Designated House Counsel or the Expert, may file a motion pursuant to the Court's Discovery Dispute Procedures.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. <u>SOURCE CODE</u>

(a)     To the extent a Party seeks the production of source code in this case and such source code is produced, a Producing Party may designate source code as "HIGHLY

---

[7] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)　　Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

(c)　　Protected materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available only for an in-person inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any "HIGHLY CONFIDENTIAL - SOURCE CODE" review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL - SOURCE CODE.[8]

(d)　　The Receiving Party may request paper copies of no more than 25 consecutive pages and no more than 250 pages total (unless otherwise agreed in writing or

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

approved by the Court) of portions of "HIGHLY CONFIDENTIAL - SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL - SOURCE CODE" other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such "HIGHLY CONFIDENTIAL - SOURCE CODE" in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL - SOURCE CODE" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[9]

---

[9] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

9.     <u>PROSECUTION BAR</u>

       Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to artificial intelligence software and/or legal research software of any kind. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

       If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

       (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

       (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

     Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided to the Receiving Party within a reasonable period of time after discovering the inadvertent production.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.   Nothing contained within this Paragraph prevents a Party from challenging a designation pursuant to the procedures described in Paragraph 6.

14.    MISCELLANEOUS

     14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

     14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, all sealed documents shall be filed electronically in CM/ECF.   A redacted version of the sealed documents

shall be filed electronically within seven (7) days after the filing of the original sealed document. A Party that seeks to file under seal any Protected Material must comply with D. Del. LR 5.1.3 and this Court's Scheduling Order. Any pleading or other paper sought to be filed under seal pursuant to this Paragraph shall also bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in the caption. In the event that any Protected Material is used in this action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

14.4 <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West*
*Publishing Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ Stephanie E. O'Byrne*

_____
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant and*
*Counterclaimant*
*ROSS Intelligence, Inc.*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

May 13, 2021

OF COUNSEL:

Gabriel M. Ramsey
Warrington S. Parker
Kayvan M. Ghaffari
CROWELL & MORING LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
(415) 986-2800

Mark A. Klapow
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
(202) 624-2500

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                                    Leonard P. Stark
                                    United States District Chief Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware on [date] in the case of _____ *Thomson Reuters*

*Enterprise Centre GMBH and West Publishing Corp. v. Ross Intelligence, Inc.*, C.A. No. 20-613-

LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
               [signature]