IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>   Plaintiffs and Counterdefendants,<br><br> v.<br><br>ROSS INTELLIGENCE INC.,<br><br>   Defendant and Counterclaimant. | C.A. No. 20-613 (SB) |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT ROSS INTELLIGENCE INC.**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs") will take the deposition upon oral examination of the corporate designee of Defendant and Counterclaimant ROSS Intelligence Inc. ("ROSS" or "You"). ROSS must designate one or more persons as ROSS's representative(s) to testify on its behalf as to each of the topics identified in Attachment A.

The deposition will begin on **May 11, 2023**, at the offices of Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104, at 9:00 a.m. PT, and will be held before a notary public or other person authorized to administer oaths in this action. The deposition will continue from day to day until completed, with such adjournments as to time and place as may be necessary. The deposition may be recorded by stenographic, audio, audiovisual, video and/or real-time computer means. The deposition will be taken for purposes of discovery, use at trial or

hearings, and for any other purpose permitted under the orders of the presiding Court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

PLEASE TAKE FURTHER NOTICE THAT Thomson Reuters further reserves the right to conduct this deposition remotely using secure web-based deposition service or telephonically to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that the court reporter may be appearing remotely for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. Thomson Reuters reserve the right to utilize electronic exhibit software during the deposition. Thomson Reuters is prepared to work with deponent's attorneys regarding the logistics of the deposition to the extent required or advisable due to the ongoing novel coronavirus pandemic. Please contact the noticing attorney at least two (2) business days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Michael J. Flynn* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com |
| Daniel E. Laytin<br>Christa C. Cottrell<br>Cameron Ginder<br>Alyssa C. Kalisky<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>(312) 862-2000 | *Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation* |
| March 24, 2023 |  |

3

## DEFINITIONS

1. "All," "any," and "each" shall each be construed as encompassing any and all.

2. The "Second Amended Complaint" refers to ROSS's Second Amended Answer and Defenses and Amended Counterclaims (D.I. 225).

3. "Communication" or "Communications" should be interpreted in their broadest sense to include without limitation all oral or written communications, including any writings, emails, or other electronically stored information as that term is defined by Federal Rule of Civil Procedure 34(a).

4. "Customer" should be interpreted to the broadest extent possible, and includes any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity and should be interpreted to include all potential and actual Customers.

5. "Competitor" should be interpreted to the broadest extent possible, and includes any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity that develops, sells, licenses, that ROSS considers or considered to be a competitor in the alleged markets for Legal Search Platforms, Legal Search Tools, or Public Law Databases.

6. "Document" or "Documents" are used in the broadest possible sense to mean or refer to anything which may be within the meaning of Federal Rule of Civil Procedure 34, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" and

"Documents" includes without limitation, communications, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, project management charts (i.e. Gantt charts), Powerpoint decks, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, Slack Messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by ROSS or anyone else. A draft or non-identical copy is a separate Document within the meaning of this term.

7. "Including" means not limited to.

8. For purposes of these requests, "Legal Search Tools" shall have the same meaning as defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs. *See Defendant/Counterclaimant ROSS Intelligence Inc.'s First Set of Counterclaim Request for Production to Plaintiff/Counterdefendants Thomson Reuters Enterprise Centre GMBH and West Publishing Corporation (Nos. 182-233)* at Page 2, ¶6.

9. For purposes of these requests, "Legal Search Platform" shall have the same meaning as defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs. *See Defendant/Counterclaimant ROSS Intelligence Inc.'s First Set of Counterclaim Request for Production to Plaintiff/Counterdefendants Thomson Reuters Enterprise Centre GMBH and West Publishing Corporation (Nos. 182-233)* at Page 2, ¶7.

10. "Person" means any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity.

11. For purposes of these requests, "Public Law Database" shall have the same meaning as defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs. *See Defendant/Counterclaimant ROSS Intelligence Inc.'s First Set of Counterclaim Request for Production to Plaintiff/Counterdefendants Thomson Reuters Enterprise Centre GMBH and West Publishing Corporation (Nos. 182-233)* at Page 2, ¶5.

12. "Related to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, regarding, reporting, stating, or summarizing or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

13. The terms "ROSS," "You," and "Your" mean and refer to Defendant/Counterclaimant ROSS Intelligence Inc., and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other Persons acting or purporting to act on their behalf, including without limitation ROSS Intelligence, Inc., the Canadian entity, Andrew Arruda, and Jimoh Ovbiagele.

**TOPICS**

**Business Plans**

1. ROSS's past, present, and future business, product, marketing, and sales strategies and plans related to ROSS's Legal Search Platform, Public Law Database, and Legal Search Tools.

2. ROSS's efforts to market, advertise, or sell its Legal Search Platform to Customers.

3. ROSS's efforts to market its Legal Search Tools separate from any Public Law Database to Customers.

4. ROSS's efforts to market its Public Law Database separate from any Legal Search Tools to Customers.

5. ROSS's license agreements, terms of service, or any other agreement or contract governing any Person's access to or use of ROSS's Legal Search Platform, Public Law Database, or Legal Search Tools.

**Product Markets**

6. ROSS's understanding of and analysis about the alleged markets for Legal Search Platforms, Public Law Databases, and Legal Search Tools.

7. ROSS's understanding of and analysis about Customer demand for (i) Legal Search Tools separate from a Public Law Database and (ii) a Public Law Database separate from Legal Search Tools.

8. Customer requests to license (i) ROSS's Public Law Database separate from ROSS's Legal Search Tools or (ii) ROSS's Legal Search Tools separate from ROSS's Public Law Database.

9. ROSS's license agreements with Customers related to ROSS's Legal Search Platform, Public Law Database, and Legal Search Tools.

**Public Law Database**

10. Customer and investor feedback about ROSS's Legal Search Platform, Public Law Database, and Legal Search Tools.

11. ROSS's efforts to build a Public Law Database over time, including all potential methods of acquiring a Public Law Database or component thereof that ROSS (i) considered, (ii) used, and (iii) knew existed but rejected.

12. The scope of ROSS's Public Law Database.

13. ROSS's marketing and Customer communications about the scope of ROSS's Public Law Database, including representations about the scope of ROSS's Public Law Database.

14. Customer and investor feedback about the scope of ROSS's Public Law Database.

**Financial Performance**

15. ROSS's Communications with investors, including ROSS's efforts to secure investment from third parties.

16. ROSS's financial performance, including costs, revenues, and profits.

17. ROSS's assessment and internal analysis of of the strengths, weaknesses, and quality of its Legal Search Platform, Legal Search Tools, and Public Law Database.

18. ROSS's plans for an acquisition, merger, divestment, or sale of ROSS or its Legal Search Platform, Public Law Database, or Legal Search Tools, including any efforts to identify a potential acquirer or merger partner and communications with any such acquirer or merger partner.

19. ROSS's decision to cease operations.

## **Allegations**

20. The bases for ROSS's allegations in the Second Amended Complaint.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 24, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)