# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>    Plaintiffs, Counterdefendants,<br><br>    v.<br><br>ROSS INTELLIGENCE INC.,<br><br>    Defendant, Counterclaimant. | )<br>)<br>)<br>)<br>)  C.A. No. 20-613-SB<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION SUBPOENA TO
## CASETEXT, INC.

Pursuant to Federal Rules of Civil Procedure 30 and 45, Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs" or "Counterdefendants") subpoena Casetext, Inc. ("Casetext") to testify at deposition pursuant to the attached subpoena on May 11, 2023 at 9:00 a.m. CT by electronic means.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Michael J. Flynn*<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br>jblumenfeld@mnat.com<br>mflynn@mnat.com<br><br>Attorneys for Plaintiffs/Counterdefendants<br>Thomson Reuters Enterprise Centre GmbH and<br>West Publishing Corporation |

OF COUNSEL:

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Eric A. Loverro (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
eric.loverro@kirkland.com

Megan L. McKeown (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

Daniel E. Laytin (admitted *pro hac vice*)
Christa C. Cottrell (admitted *pro hac vice*)
Cameron Ginder (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
cameron.ginder@kirkland.com

Date: April 7, 2023

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Thomson Reuters Enterprise Centre GmbH, et al. *Plaintiff* <br> v. <br> Ross Intelligence, Inc. *Defendant* | Civil Action No. 20-613-SB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Casetext, Inc.
330 Townsend St Suite 100, San Francisco, CA 94107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| Place: Kirkland and Ellis LLP <br> 555 California Street 27th Floor <br> San Francisco, CA 94104 | Date and Time: <br> 04/21/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/07/2023

*CLERK OF COURT*

OR

_____        /s/ Cameron Ginder
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Thomson Reuters Enterprise Centre GmbH, et al. , who issues or requests this subpoena, are:
Cameron Ginder , 300 North LaSalle, Chicago, IL 60654, cameron.ginder@kirkland.com, (312) 862-3757

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-613-SB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:20-cv-00613-SB   Document 436   Filed 04/07/23   Page 5 of 12 PageID #: 97518

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## **DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should Casetext, Inc. ("Casetext") not understand the meaning of any term, it is requested to immediately seek clarification through Plaintiffs' counsel. As used in these Requests, the words set forth below shall be defined as follows:

1. The term "Agreements" means and refers to written and oral agreements and contracts.

2. The terms "Communicate(d)" and "Communication(s)" should be interpreted in their broadest sense to include without limitation all oral or written communications, including any writings, emails, or other electronically stored information as that term is defined by Federal Rule of Civil Procedure 34(a).

3. The term "Countercomplaint" means and refers to the Amended Counterclaims filed by ROSS in this litigation on September 14, 2022.

4. The terms "Concerning," Referring to," or "Relating to" should be construed in the broadest possible sense to mean analyzing, citing, commenting upon, comprising, concerning, consisting of, constituting, containing, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, mentioning, monitoring, referring to, reflecting, responding to, pertaining to, showing, stating, summarizing, or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

5. "Customer" should be interpreted to the broadest extent possible, and includes any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity and should be interpreted to include all potential and actual Customers.

5

6.       The term "Document(s)" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in Your actual or constructive possession, custody, or control, including without limitation contracts, letter agreements, records, correspondence, Communications, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, source code comments, source repository logs, server logs, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items. Any such Document with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate Document. Where there is any question about whether a tangible

item otherwise described in these requests falls within the definition of "Document(s)," such tangible item shall be produced.

7. The terms "Casetext," "You," or "Your" mean and refer to Casetext, Inc., and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agencies, attorneys, employees, interns, representatives, assigns, directors, or officers and all other persons acting or purporting to act on their behalf, including but not limited to Casetext, Inc.

8. "Including" means including but not limited to.

9. For the purposes of these Requests, "Legal Search Platform" shall have the same meaning set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application." This includes but is not limited to any legal research product that allows users to search through a Public Law Database using a Legal Search Tool.

10. For the purposes of these Requests, "Legal Search Tools" shall have the same meaning set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "means any application, program, method, system, tool, or technology that facilitates, supports, augments, or otherwise contributes to any search, exploration, or analysis of a Public Law Database." Plaintiffs do not adopt, concede, or confirm the accuracy of any purported or disputed factual or legal conclusions incorporated into ROSS's definition of "Legal Search Tools."

11. The term "Litigation" means and refers to the lawsuit titled, *Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation v. ROSS Intelligence Inc.*, case number 20-cv-00613, filed in the United States District Court for the District of Delaware.

12. The term "Person(s)" means any natural person, firm, corporation, partnership, group, association, governmental entity, or business entity.

13. The term "Plaintiffs" or "Counterdefendants" means and refers to Thomson Reuters and West.

14. For the purposes of these Requests, "Public Law Database" shall have the same meaning set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "Public Law Database" means "a collection, or separate digital collections, in any digital form, format, arrangement, or organization whatsoever, that includes public text documents such as judicial opinions, administrative rulings, or legislative enactments such as statutes, public ordinances, rules, [and] regulations."  Plaintiffs do not adopt, concede, or confirm the accuracy of any purported or disputed factual or legal conclusions incorporated into ROSS's definition of "Public Law Database."

15. The term "ROSS" means and refers to Defendant and Counterclaimant ROSS Intelligence Inc., and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other Persons acting or purporting to act on their behalf, including without limitation ROSS Intelligence, Inc., the Canadian entity, Andrew Arruda, and Jimoh Ovbiagele.

16. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to

bring within the scope of a Request any Persons, Communications, or Documents which otherwise would not be brought within its scope.

17. The words "any" and "all" are mutually interchangeable and are meant to encompass each other.

18. The singular includes the plural and vice versa.

19. The past tense shall be construed to include the present tense and vice versa.

## TOPICS OF EXAMINATION

The designated person(s) shall be prepared to testify on behalf of Casetext regarding the following topics:

1. Any Customer requests Casetext has received to license its (i) Public Law Database separate from Your Legal Search Tools, or (ii) Legal Search Tools separate from your Public Law Database and/or any Agreements reflecting that licensing.

2. The scope of Casetext's Public Law Database.

3. Casetext's efforts to build and maintain a Public Law Database, including (i) potential sources of judicial opinions, statutes, or regulations; (ii) the source(s) from which Casetext acquired the judicial opinions, statutes, and regulations in its Public Law Database; (iii) Casetext's current method for updating its Public Law Database; (iv) the costs associated with building the Public Law Database and hosting the data related to it.

4. Any Documents, policies, or codes of conduct, including any antitrust code of conduct, related to Casetext's Communications and/or Agreements with competitors.

5. Any Documents or Communications related to or discussing this Litigation, including ROSS's antitrust counterclaims.

6. Casetext's Communications with ROSS.

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 7, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)