

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

April 20, 2023

**VIA ELECTRONIC FILING**
The Honorable Stephanos Bibas
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

Re:     *Thomson Reuters Enterprise Centre GmbH et al. v. ROSS Intelligence Inc.*,
        C.A. No. 20-613-SB

Dear Judge Bibas:

ROSS seeks an order (1) requiring Plaintiffs to produce documents by a date certain; and (2) changing the current schedule so that ROSS will be able to review and use the documents that Plaintiffs have been ordered to produce, but have not. While ROSS has produced its documents within the discovery period, Plaintiffs have not completed their productions, cannot guarantee they will produce documents before the cut-off, and refuse to change the schedule. To allow this to stand would unfairly prejudice ROSS.

**I.     ROSS Seeks a Date Certain for the Production of Documents**

The fact discovery cutoff is May 11. Plaintiffs will not commit to having all the documents requested by ROSS and ordered by this Court produced even by May 11. Plaintiffs say that they will make best efforts to have production complete. (*See* Ex. A.)

Of course, this does ROSS little good. ROSS cannot use documents in depositions. Its experts cannot use documents to prepare expert reports.

To give this Court a sense of the volume of documents that will not be available to ROSS, before this Court's order on March 28, Plaintiffs only produced documents from 8 custodians, (*see* Ex. B) and from 2015 to the present, (*see* D.I. 412.) Now, Plaintiffs have agreed—after meeting and conferring several times—to extend the number to 22 custodians. (*See* Ex. C.) And, as this Court knows, the time periods have been extended to either 2000 or 1990 depending on the request, an additional 15 to 25 years. (*See* Text Order Dated March 28, 2023.) Plaintiffs, before adding the new custodians, produced 533,846 documents, excluding a handful that were clawed back. Since this Court's March 28 Order, Plaintiffs have produced only 35,043 documents.[1] It is therefore reasonable to assume that there is a significant volume of documents outstanding. And Plaintiffs have confirmed as much.

ROSS is not in this situation because of delay on its part. ROSS served its first set of Counterclaim RFPs on September 20, 2022. (*See* Ex. D.) ROSS did not receive any documents in response to any Counterclaim RFPs until February 8, 2023—four and a half months after the first requests were served. (*See* Ex. E.)

---

[1] Late last night, Plaintiffs served another set of documents. ROSS is still ingesting these documents into its review platform, so does not yet know the volume. But Plaintiffs have confirmed that this set of documents does not resolve Plaintiffs' production obligations, and thus the dispute remains.

The Honorable Stephanos Bibas
April 20, 2023, Page 2

ROSS began to meet and confer on the responses to Counterclaim RFPs Set 1 on November 7, 2022. (*See* Ex. F.) Between November 7, 2022, and the date ROSS moved to compel on March 16, 2023 (*see* D.I. 396,) ROSS met and conferred with Plaintiffs thirteen times.[2] More than once, ROSS stated that the parties were at an impasse and intended to move to compel, only for Plaintiffs to take an entirely new tack and offer an entirely new proposal to stop ROSS from bringing its motion. (*See*, *e.g.*, Ex. L at 1 (noting that Plaintiffs' position "has changed" after the parties held a final conferral).) That is why ROSS did not file a motion to compel until March 16. (D.I. 396.)[3]

Following this Court's March 28 Order, ROSS asked Plaintiffs to expand the number of custodians. First, ROSS asked because the Court's Order vastly expanded the scope of discovery. Second, ROSS's review of documents produced reflected that the eight custodians were woefully inadequate. (*See* Ex. N; Exhibit S (ROSS Email Dated March 29); Exhibit T (ROSS Email Dated March 31).) Plaintiffs only agreed to expand the list of custodians by fourteen custodians on April 12, 2023, which was once again after ROSS almost had to go to the Court with this dispute. (*See* Ex. C.) Over six months have passed between ROSS first requesting documents related to the Counterclaims and Plaintiffs agreeing to investigate the documents from what may now be an adequate set of custodians.[4]

Thus, ROSS seeks a date certain for production prior to May 11. Even were this Court to grant ROSS's next request, it would ask for a date certain for production within the new schedule.

## II.   ROSS Requests an Extension to the Discovery Schedule

ROSS also seeks an extension to the discovery schedule. Although ROSS understands that the Court "will not look kindly on further requests for extensions," (*see* Docket Text Order Dated January 12, 2023,) the current schedule now prejudices ROSS. Throughout antitrust discovery, ROSS has agreed to Plaintiffs' demands for shorter schedules, only for Plaintiffs to delay production. ROSS, despite its belief that a longer schedule would have been more appropriate, substantially completed its production by the deadline. By contrast, Plaintiffs have not substantially completed their production and cannot promise that they will even complete production within the fact discovery period.

Plaintiffs have produced over 530,000 documents, over 500,000 (over 89%) of which were produced in the last two months, but still have not produced a single document from the new set of custodians. Thus, as noted above, ROSS expects to receive a significant volume of documents going forward. ROSS expects that many of these documents will be relevant to deponents. On the current schedule there will be no time to incorporate newly produced documents into upcoming depositions, nor will it be possible to notice depositions based on newly-produced documents.

---

[2] *See* Ex. G (Plaintiffs Ltr, Nov. 22); Ex. H (ROSS Ltr, Dec. 29 and Noting Conferral on Dec. 1 and 2); Ex. I (Plaintiffs Ltr, Jan. 10); Ex. J (ROSS Ltr, Jan. 12); Ex. K (ROSS Email Noting Conferral on Jan. 13); Ex. L (ROSS Email Noting Conferral on Jan. 19); Ex. M (ROSS Email Noting Conferral on Jan. 24); Ex. B (Plaintiffs Email Reflecting Search Terms Proposal on Jan. 25); Ex. N (ROSS Ltr, Feb. 7); Ex. O (ROSS Search Terms Counterproposal Dated Feb. 7); Ex. P (Plaintiffs Ltr, Feb. 10); Ex. Q (ROSS Ltr. Feb. 14); Ex. R (Email Noting Conferral on Feb. 17).

[3] ROSS also needed time to review the nearly 500,000 documents produced on Feb. 21-23, the last three days before the substantial completion deadline, to identify deficiencies in those productions.

[4] Plaintiffs only agreed to produce documents from fourteen new custodians after the parties met and conferred on two occasions, and only after ROSS told Plaintiffs that it would raise this dispute with the Court. (*See* Ex. C; Ex. S; Ex. T).

The Honorable Stephanos Bibas
April 20, 2023, Page 3

 In May 2022, ROSS requested that the deadline for fact discovery on the Counterclaims be April 20, 2023. (*See* Ex. U.) Plaintiffs stated that the deadline should be two months earlier because it was not the case that "such a long time is necessary for the substantial completion of document productions." (*See id*.)

 Then, on January 10, 2023—still over one month before ROSS received *any* documents, and also before Plaintiffs told ROSS that it was searching through only eight custodians—ROSS requested that the deadline for fact discovery deadline be extended to June 22, 2023, because it was clear that Plaintiffs would not produce documents in time. (*See* Ex. V.) Plaintiffs refused, and instead agreed to May 11, 2023, as the deadline. (*See id*.) The Court adopted the May 11, 2023, deadline. (*See* Docket Text Order Dated Jan. 12, 2023.) Plaintiffs did not produce any documents in response to the Counterclaim RFPs until one day after the Court's adoption of the present deadlines. On April 14, 2023, ROSS proposed to Plaintiffs the following schedule amendments:

| | Current Date | Proposed Date |
|---|---|---|
| Close of Fact Discovery | May 11, 2023 | September 8, 2023 |
| Deadline to Serve Expert Reports | May 25, 2023 | October 6, 2023 |
| Deadline to Serve Rebuttal Expert Reports | June 22, 2023 | November 3, 2023 |
| Deadline to Serve Reply Expert Reports | July 20, 2023 | November 22, 2023 |
| Close of Expert Discovery | August 3, 2023 | December 8, 2023 |
| Opening Summary Judgment Briefs Due | August 31, 2023 | January 5, 2024 |
| Opposition to Summary Judgment Briefs Due | September 28, 2023 | February 2, 2024 |
| Replies to Summary Judgment Briefs Due | October 26, 2023 | February 23, 2024 |

(*See* Ex. W.) Given the volume of productions that Plaintiffs have yet to make, this is a modest extension to the schedule. ROSS asked for a response on April 17, 2023, but did not receive one. During a meet-and-confer call on April 18, 2023, Plaintiffs told ROSS that they would not accept any change to the schedule. They provided no explanation for the refusal. They offered no counterproposal when offered the opportunity to do so by ROSS.

 Plaintiffs have therefore stated that they cannot guarantee document completion—or even produce the documents that this Court ordered be produced—before the existing fact discovery deadline and also that they refuse to accept a modification to the existing schedule.

 ROSS requests the modification to litigate this case with documents from Plaintiffs. Plaintiffs have delayed in producing documents for over six months and have refused to accommodate scheduling changes. Plaintiffs have insisted that additional time is unnecessary for production yet have refused to guarantee production before the close of fact discovery. Plaintiffs cannot guarantee that documents that are necessary for the experts to complete their reports will be produced before opening reports are due. This highly prejudices ROSS. ROSS needs documents to build its case and conduct depositions, and its experts need documents to build reports. ROSS does not want to delay any longer, but Plaintiffs have placed ROSS in this untenable position.[5]

---

[5] An additional consideration is that on March 29, ROSS served amended 30(b)(6) notices. (Ex. X.) Only on April 17 did Plaintiffs serve objections. (Ex. Y.) The parties are meeting and conferring on the objections on April 20. Given the number of meet and confers that it requires to reach any type of agreement, this puts pressure on the parties to be able to conduct 30(b)(6) depositions before the May 11 deadline. It also causes the parties to incur additional costs if it requires ROSS to depose the same witness more than once if the objections are overruled.

The Honorable Stephanos Bibas
April 20, 2023, Page 4

                                        Respectfully,

                                        */s/ David E. Moore*

                                        David E. Moore

DEM:nmt/10766346/20516.00001

Enclosures
cc:     Counsel of record (via electronic mail)