IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>                Plaintiffs/Counterdefendants,<br><br>        v.<br><br>ROSS INTELLIGENCE INC.,<br><br>                Defendant/Counterclaimant. | C.A. No. 20-613 (SB) |

**DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S
<u>NOTICE OF DEPOSITION SUBPOENA TO iNOVIA INVESTMENT FUND III, LP</u>**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, Defendant/Counterclaimant ROSS Intelligence Inc. will take the deposition upon oral examination of iNovia Investment Fund III, LP. The deposition will begin on May 2, 2023 at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19899 at 9:00 a.m. EDT, and continue from day to day thereafter, Saturdays, Sundays and holidays excepted, until completed. The deposition will be taken before an officer duly authorized to administer oaths under the laws of the United States and/or the State of Delaware, and will be recorded by audio, audio-visual, and stenographic means.

PLEASE TAKE FURTHER NOTICE THAT in light of the uncertainty surrounding the COVID-19 pandemic, ROSS reserves the right, in consultation with counsel for the deponent, to hold this deposition remotely.

NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital

reporter utilizing state-of-the-art digital recording equipment. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the State of Delaware. ROSS further reserves the right to record the deposition utilizing audio or video technology and the right to utilize Exhibit Share (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually.

Should the deposition be recorded in either video format, ROSS reserves the right to utilize any portion of the audio or video recording of the proceeding in Court. In the event the ROSS utilizes the stenographic reporting method, they reserve the right to utilize instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time.

NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to conduct this deposition utilizing a paperless exhibit display process called Exhibit Share provided and supported by Veritext Legal Solutions. The parties are advised that one paper set of exhibits will be utilized at the deposition for the court reporter's purposes of compiling, exhibit stamping, and ultimate production of the final certified transcript. However, no other paper copies will be provided as they will be available for visual display using Exhibit Share. Please contact the noticing attorney at least two (2) business days prior to the deposition to advise that it is your desire to be set up for Exhibit Share access so that the necessary credentials, testing and information, if necessary, can be provided to you prior to the proceedings. For information and available tutorial videos demonstrating Exhibit Share, please utilize this link to access additional information: https://www.veritext.com/services/exhibitshare/.

NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the

alternative video teleconferencing (VTC) services or telephonically only to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. Please contact the noticing attorney at least two (2) business days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|  | By: */s/ David E. Moore* |
| Gabriel M. Ramsey | David E. Moore (#3983) |
| Warrington Parker | Bindu A. Palapura (#5370) |
| Joachim B. Steinberg | Andrew L. Brown (#6766) |
| Jacob Canter | Hercules Plaza, 6th Floor |
| Christopher J. Banks | 1313 N. Market Street |
| Crowell & Moring LLP | Wilmington, DE 19801 |
| 3 Embarcadero Center, 26th Floor | Tel: (302) 984-6000 |
| San Francisco, CA 94111 | dmoore@potteranderson.com |
| Tel: (415) 986-2800 | bpalapura@potteranderson.com |
|  | abrown@potteranderson.com |
| Mark A. Klapow | *Attorneys for Defendant/Counterclaimant* |
| Lisa Kimmel | *ROSS Intelligence, Inc.* |
| Crinesha B. Berry |  |
| Crowell & Moring LLP |  |
| 1001 Pennsylvania Avenue, NW |  |
| Washington, DC 20004 |  |
| Tel: (202) 624-2500 |  |

Dated: April 21, 2022

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| Thomson Reuters Enterprise Centre GmbH, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-613 (SB) |
| ROSS Intelligence, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: iNovia Investment Fund III, LP c/o The Company Corporation
251 Little Falls Drive, Wilmington DE 19808
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A attached.

| Place: MORRIS, NICHOLS, ARSHT & TUNNELL LLP 1201 North Market Street, Wilmington, Delaware 19899 | Date and Time: 5/2/2023 9:00 am EDT |
|---|---|

The deposition will be recorded by this method: Audio/Visual and Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/21/2023

| *CLERK OF COURT* | OR | /s/ Jacob Canter |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ROSS Intelligence, Inc. , who issues or requests this subpoena, are:

Jacob Canter, Crowell & Moring LLP, 3 Embarcadero Center, 26th Floor, San Francisco, CA 94111;
JCanter@crowell.com; (415) 986-2827

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 20-613 (SB)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should iNovia Investment Fund III, LP ("iNovia") not understand the meaning of any term, it is requested to immediately seek clarification through ROSS's counsel. As used in these Requests, the words set forth below shall be defined as follows:

1. The term "Agreements" means and refers to written and oral agreements and contracts.

2. "All," "any," and "each" shall each be construed as encompassing any and all.

3. "Communicated" or "Communication(s)" should be interpreted in their broadest sense to include without limitation all oral or written communications, including any writings, emails, or other electronically stored information as that term is defined by Federal Rule of Civil Procedure 34(a).

4. The terms "Concerning," or "Referring to" should be construed in the broadest possible sense to mean analyzing, citing, commenting upon, comprising, concerning, consisting of, constituting, containing, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, mentioning, monitoring, referring to, reflecting, responding to, pertaining to, showing, stating, summarizing, or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

5. "Customer" should be interpreted to the broadest extent possible, and includes any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity and should be interpreted to include all potential and actual Customers.

6. "Document(s)" means the broadest possible sense to mean or refer to anything which may be within the meaning of Federal Rule of Civil Procedure 34, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" and "Documents" includes without limitation, communications, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, project management charts (i.e. Gantt charts), PowerPoint decks, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, Slack Messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a Defendant/Counterclaimant or anyone else. A draft or non-identical copy is a separate Document within the meaning of this term.

7. The terms "iNovia," "You," or "Your" mean and refer to iNovia Investment Fund

III, LP ("iNovia"), and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agencies, attorneys, employees, interns, representatives, assigns, directors, or officers and all other persons acting or purporting to act on its behalf.

8. "Including" means not limited to.

9. For purposes of these topics, "Legal Search Platform" shall have the same meaning set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application." This includes but is not limited to any legal research product that allows users to search through a Public Law Database using a Legal Search Tool.

10. For purposes of these topics, "Legal Search Tools" shall have the same meaning set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "means any application, program, method, system, tool, or technology that facilitates, supports, augments, or otherwise contributes to any search, exploration, or analysis of a Public Law Database." Plaintiffs do not adopt, concede, or confirm the accuracy of any purported or disputed factual or legal conclusions incorporated into ROSS's definition of "Legal Search Tools."

11. The term "Materials" means and refers to all Documents, products, tools, data, knowledge, information, and resources.

12. "Person" means any natural person, firm, law firm, corporation, partnership, group, association, organization, governmental entity, or business entity.

13. For purposes of these topics, "Public Law Database" shall have the same meaning

set forth and defined by ROSS in its First Set of Counterclaim Requests for Production to Plaintiffs, which was defined as, "Public Law Database" means "a collection, or separate digital collections, in any digital form, format, arrangement, or organization whatsoever, that includes public text documents such as judicial opinions, administrative rulings, or legislative enactments such as statutes, public ordinances, rules, [and] regulations." Plaintiffs do not adopt, concede, or confirm the accuracy of any purported or disputed factual or legal conclusions incorporated into ROSS's definition of "Public Law Database."

14.     "Related to" is used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, regarding, reporting, stating, or summarizing or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

15.     The term "ROSS" means and refers to Defendant and Counterclaimant ROSS Intelligence Inc., and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, assigns, directors, or officers and all other Persons acting or purporting to act on their behalf, including without limitation ROSS Intelligence, Inc., the Canadian entity, Andrew Arruda, and Jimoh Ovbiagele.

## **TOPICS OF EXAMINATION**

The designated person(s) shall be prepared to testify on behalf of iNovia regarding the following topics:

1.      iNovia's investment in ROSS, including iNovia's reasons for investing in ROSS and any diligence iNovia conducted before investing in ROSS.

2. iNovia's understanding about the product ROSS intended to develop, market, and sell.

3. iNovia's analysis and assessment of Customer demand for ROSS's Legal Search Platform.

4. iNovia's analysis and assessment of the market for Legal Search Platforms, including how iNovia's analysis of the market for Legal Search Platforms related to its decision to invest in ROSS.

5. iNovia's analysis and assessment about Customer demand for (i) a Public Law Database as a separate product from Legal Search Tools, or (ii) Legal Search Tools separate from a Public Law Database.

6. Any market analyses that iNovia conducted or relied on in deciding whether to invest in ROSS.

7. iNovia's analysis and assessment of ROSS's Legal Search Platform.

8. iNovia's Communications with ROSS.

9. The nature of iNovia's relationship with ROSS from January 1, 2014 to present.

10. iNovia's involvement in any attempt by ROSS to acquire third-party funding or identify a third-party merger, acquisition, or partnership, including feedback iNovia received about ROSS from any such third parties.