# EXHIBIT 1

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | C.A. No. 20-613-LPS |
| | ) | |
| Plaintiffs/Counterdefendants, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendants/Counterclaimant. | ) | |

## DEFENDANT/COUNTERCLAIMANT ROSS INTELLIGENCE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-103)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant / Counterclaimant ROSS Intelligence, Inc. ("ROSS") serves the following requests for production on Plaintiffs / Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West").

## DEFINITIONS

Insofar as any of the terms below are used herein, the following definitions shall apply:

1. The term "THOMSON REUTERS" as used herein means Plaintiff / Counterdefendant Thomson Reuters Enterprise Centre GMBH, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

2. The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation and its present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3.      The terms "YOU," "YOUR," and "PLAINTIFFS" are used herein to mean THOMSON REUTERS and WEST.

4.      "WESTLAW" means the product that YOU license as discussed in YOUR COMPLAINT.

5.      "WESTLAW PRODUCT" has the same meaning as the term "Westlaw product" used in the COMPLAINT ¶ 1.

6.      "WESTLAW CONTENT" has the same meaning as the term "Westlaw content" as used in the COMPLAINT ¶ 1.

7.      "WKNS" or "KEY NUMBER SYSTEM" means the Westlaw Key Number System as discussed in YOUR COMPLAINT.

8.      "HEADNOTES" means the West Headnotes as discussed in YOUR COMPLAINT.

9.      "WESTLAW DATABASE" has the same meaning as "database" referenced in the COMPLAINT ¶ 15.

10.     The terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT," as used herein means ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

11.     "COMPLAINT" means the Complaint filed by PLAINTIFFS in this litigation in the United Stated District Court for the District of Delaware on May 6, 2020 (D.I. 1).

12.     "LEGALEASE" as used herein means LegalEase Solutions, LLC, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

13.     "LEGALEASE MATTER" means the litigation filed in the United States District Court for the District of Minnesota, docketed at 18 Civ. 1445, and bearing the caption *West Publishing Corp. v. LegalEase Solutions, LLC.*

14.     "LEXISNEXIS" as used herein means LEXISNEXIS Group, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf, including without limitation RELX Group plc and Matthew Bender & Company Inc.

15.     The terms "DOCUMENT" or "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of PLAINTIFFS, including without limitation contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, emails, tweets, blog or Internet forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, instant messenger messages (e.g. Skype, Slack, etc.), memoranda, handwritten notes, source code, object code, binaries and associated files and/or structures, source code comments, source repository logs, server logs, records or summaries of

negotiations, records or summaries of interviews or conversations, audio or video recordings, copies of video games, all Internet-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts (e.g., Gantt charts), task management records (e.g., to-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items. Any such DOCUMENT with any sheet or part thereof bearing any marks, such as initials, stamped indices, comments or notations, or any character or characters, that are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

16.     The terms "COMMUNICATION" or "COMMUNICATIONS" mean any manner or method in which information is communicated from one human being to another, including, but not limited to, any means of transmission, sending, and/or receipt of information of any kind, such as speech, writing, language, nonverbal signals, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type, and/or media of any kind.

17. "AND" and "OR" and "BETWEEN" and "AMONG" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

18. "ANY" shall mean any or all and the term "ALL" shall mean any or all.

19. "IDENTIFY" means to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, which will include, whether applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location.

20. "INCLUDING" means not limited to.

21. The terms "PERSON" and "PERSONS" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

22. The terms "RELATE TO," "RELATED TO," AND "RELATING TO" mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

23. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

## <u>INSTRUCTIONS</u>

1.      PLAINTIFFS shall IDENTIFY, produce, AND permit the visual inspection AND reproduction of the following DOCUMENTS, electronically stored information, AND things which are in its possession, custody, or control, INCLUDING DOCUMENTS, electronically stored information, AND things in the actual OR constructive possession of PLAINTIFFS, its attorneys, experts, AND anyone else acting on its behalf.  The production and visual inspection shall take place at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties).

2.      These requests are not limited by time unless stated within the request itself.

3.      Unless otherwise stated, the geographic scope covered by these requests is worldwide.

4.      If PLAINTIFFS claim that ANY DOCUMENT, tangible object, OR other thing responsive to ANY request was once in its possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner, PLAINTIFFS shall IDENTIFY with particularity each such DOCUMENT AND set forth:

> (a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed;
>
> (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND
>
> (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions.

6

5.     In the event that PLAINTIFFS contend that ANY DOCUMENT responsive to ANY discovery request below is privileged or otherwise excludable from discovery, PLAINTIFF shall:

> (a) IDENTIFY each such DOCUMENT by date, author(s), signer(s), intended recipient(s), AND addressee(s);
>
> (b), IDENTIFY each PERSON to whom a copy was furnished OR to whom the information OR advice was conveyed;
>
> (c) state the general subject matter of the DOCUMENT; AND
>
> (d) state the ground on which the claim of privilege OR immunity from disclosure is based.

Failure to do so will constitute a waiver of such a claim.

6.     If PLAINTIFFS claim a privilege OR immunity with regard to ANY DOCUMENT responsive to ANY discovery request below, PLAINTIFFS should nevertheless produce ALL portions of such DOCUMENT that contains information not appropriately subject to a claim of privilege OR immunity.

7.     These requests are continuing in nature under Rule 26(e) of the Federal Rules of Civil Procedure.  If, at ANY time prior to the completion of the above-captioned matter, PLAINTIFFS obtain OR become aware of additional DOCUMENTS, tangible objects, AND things responsive to these requests, PLAINTIFFS shall promptly supplement its response to provide such DOCUMENTS, tangible objects, AND things to ROSS.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1.:

All settlement agreements between YOU and LEXISNEXIS.

**REQUEST FOR PRODUCTION NO. 2.:**

All settlement agreements between YOU and LEGALEASE.

**REQUEST FOR PRODUCTION NO. 3.:**

All settlement agreements between YOU and any third-party RELATING TO the WESTLAW CONTENT, including without limitation the KEY NUMBER SYSTEM and HEADNOTES.

**REQUEST FOR PRODUCTION NO. 4.:**

All settlement agreements between YOU and any third-party RELATING TO any aspect of the WESTLAW PRODUCT YOU contend or have contended is protected by copyright.

**REQUEST FOR PRODUCTION NO. 5.:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied.

**REQUEST FOR PRODUCTION NO. 6.:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used as alleged in COMPLAINT ¶¶ 35, 37.

**REQUEST FOR PRODUCTION NO. 7.:**

All current and past copyright registrations for the KEY NUMBER SYSTEM.

**REQUEST FOR PRODUCTION NO. 8.:**

All current and past copyright registrations for the HEADNOTES.

**REQUEST FOR PRODUCTION NO. 9.:**

All current and past copyright registrations for the WESTLAW DATABASE.

**REQUEST FOR PRODUCTION NO. 10.:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the WESTLAW DATABASE.

**REQUEST FOR PRODUCTION NO. 11.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the WESTLAW DATABASE since its inception and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 12.:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of WESTLAW DATABASE.

**REQUEST FOR PRODUCTION NO. 13.:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 15.:**

DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16.:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 18.:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19.:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 20.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 21.:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 22.:**

DOCUMENTS sufficient to show the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

10

**REQUEST FOR PRODUCTION NO. 23.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15 since its inception and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 24.:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

**REQUEST FOR PRODUCTION NO. 25.:**

DOCUMENTS sufficient to show the "editorial enhancements" that are "creative and original" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 26.:**

DOCUMENTS sufficient to show the creativity and originality of the "editorial enhancements" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 27.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "West's attorney-editors" and how they "review and create original West Headnotes to describe the key concepts" of a case as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps.

**REQUEST FOR PRODUCTION NO. 28.:**

All DOCUMENTS and COMMUNICATIONS describing the "West's attorney-editors" and how they "regularly edit and revise the West Headnotes and the West Key Numbers of

previously integrated cases so that subscribers can trust the accuracy and timeliness of the information that is offered" as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps.

**REQUEST FOR PRODUCTION NO. 29.:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 30.:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 since its inception and reason(s) for any such changes.

**REQUEST FOR PRODUCTION NO. 31.:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 32.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party.

**REQUEST FOR PRODUCTION NO. 33.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged request to access Westlaw as alleged in COMPLAINT ¶ 3.

**REQUEST FOR PRODUCTION NO. 34.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw.

**<u>REQUEST FOR PRODUCTION NO. 35.:</u>**

All DOCUMENTS and COMMUNICATIONS, RELATING TO ROSS's alleged copying of the KEY NUMBER SYSTEM.

**<u>REQUEST FOR PRODUCTION NO. 36.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of HEADNOTES.

**<u>REQUEST FOR PRODUCTION NO. 37.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT.

**<u>REQUEST FOR PRODUCTION NO. 38.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW PRODUCT.

**<u>REQUEST FOR PRODUCTION NO. 39.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of the KEY NUMBER SYSTEM for, at the direction, or on behalf of ROSS.

**<u>REQUEST FOR PRODUCTION NO. 40.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of HEADNOTES for, at the direction, or on behalf of ROSS.

**<u>REQUEST FOR PRODUCTION NO. 41.:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW CONTENT for, at the direction, or on behalf of ROSS.

**REQUEST FOR PRODUCTION NO. 42.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW PRODUCT for, at the direction, or on behalf of ROSS.

**REQUEST FOR PRODUCTION NO. 43.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that ROSS "intentionally and knowingly induced" LEGALEASE to "breach its contract with West" as alleged in COMPLAINT ¶ 3.

**REQUEST FOR PRODUCTION NO. 44.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the WESTLAW CONTENT that LEGALEASE copied and distributed to ROSS as alleged in COMPLAINT ¶ 35.

**REQUEST FOR PRODUCTION NO. 45.:**

All DOCUMENTS and COMMUNICATIONS that reflect or evidence or show LEGALEASE'S breach of contract as alleged in COMPLAINT ¶ 3.

**REQUEST FOR PRODUCTION NO. 46.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's "blatant and willful infringement" as alleged in COMPLAINT ¶ 5.

**REQUEST FOR PRODUCTION NO. 47.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that "ROSS needed to acquire vast amounts of legal content, descriptions of that content, and a means by which to organize that legal content" as alleged in COMPLAINT ¶ 22.

**REQUEST FOR PRODUCTION NO. 48.:**

All DOCUMENTS and COMMUNICATIONS, including without limitation policies, instructions, and guidelines, reflecting YOUR decision "not [to] give competitors access to its products" as alleged in COMPLAINT ¶ 3.

**REQUEST FOR PRODUCTION NO. 49.:**

DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did "not give competitors access to [YOUR] products" as alleged in COMPLAINT ¶ 3.

**REQUEST FOR PRODUCTION NO. 50.:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17.

**REQUEST FOR PRODUCTION NO. 51.:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶ 19.

**REQUEST FOR PRODUCTION NO. 52.:**

All DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶ 19.

**REQUEST FOR PRODUCTION NO. 53.:**

All templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT.

**REQUEST FOR PRODUCTION NO. 54.:**

All templates of licenses, agreements, and contracts between YOU and any third-party RELATING TO the WESTLAW PRODUCT.

**REQUEST FOR PRODUCTION NO. 55.:**

All licenses, agreements, and contracts between YOU and LEGALEASE.

**REQUEST FOR PRODUCTION NO. 56.:**

All DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating "the American system of privately-published judicial decisions is the best in the world."

**REQUEST FOR PRODUCTION NO. 57.:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain judicial court decisions.

**REQUEST FOR PRODUCTION NO. 58.:**

All licenses, contracts, and agreements between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO YOU obtaining judicial court decisions.

**REQUEST FOR PRODUCTION NO. 59.:**

All COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO how YOU obtain judicial court decisions.

**REQUEST FOR PRODUCTION NO. 60.:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain legislation, regulations, ordinances, and statutes from any law or rule making organization INCLUDING municipalities, states, and the federal government.

**REQUEST FOR PRODUCTION NO. 61.:**

All licenses, contracts, and agreements between YOU and any law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes.

**REQUEST FOR PRODUCTION NO. 62.:**

All COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining local, state, and federal legislation, regulations, ordinances, and statutes.

**REQUEST FOR PRODUCTION NO. 63.:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW PRODUCT.

**REQUEST FOR PRODUCTION NO. 64.:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW CONTENT.

**REQUEST FOR PRODUCTION NO. 65.:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain materials from any governmental entity that appear, can be accessed, or are contained on or in YOUR WESTLAW PLATFORM.

**REQUEST FOR PRODUCTION NO. 66.:**

All DOCUMENTS and COMMUNICATIONS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions.

**REQUEST FOR PRODUCTION NO. 67.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades.

**REQUEST FOR PRODUCTION NO. 68.:**

All DOCUMENTS, including without limitation source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificial-intelligence/ai-timeline.html, attached hereto as **Exhibit A**.

**REQUEST FOR PRODUCTION NO. 69.:**

All COMMUNICATIONS RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificial-intelligence/ai-timeline.html, attached hereto as **Exhibit A**.

18

**REQUEST FOR PRODUCTION NO. 70.:**

All DOCUMENTS evidencing the roles and responsibilities of YOUR "attorney-editors" or any other of YOUR employees who YOU contend author WESTLAW CONTENT.

**REQUEST FOR PRODUCTION NO. 71.:**

DOCUMENTS sufficient to show the "decades of human creativity and choices" that have resulted in "the structure, sequence, and organization of the WKNS" as alleged in COMPLAINT ¶ 21.

**REQUEST FOR PRODUCTION NO. 72.:**

DOCUMENTS sufficient to show the "rigorous editorial process" as alleged in COMPLAINT ¶ 11.

**REQUEST FOR PRODUCTION NO. 73.:**

DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation.

**REQUEST FOR PRODUCTION NO. 74.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to develop the KEY NUMBER SYSTEM.

**REQUEST FOR PRODUCTION NO. 75.:**

All DOCUMENTS and COMMUNICATIONS sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM.

**REQUEST FOR PRODUCTION NO. 76.:**

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers RELATING TO how the KEY NUMBER SYSTEM "organizes" U.S. law as alleged in COMPLAINT ¶ 12.

**REQUEST FOR PRODUCTION NO. 77.:**

DOCUMENTS sufficient to describe the KEY NUMBER SYSTEM'S "hierarchy" as defined in COMPLAINT ¶ 13.

**REQUEST FOR PRODUCTION NO. 78.:**

All DOCUMENTS describing the process where YOU "take [the Headnotes] and select where in the WKNS they should be categorized" as stated in YOUR Answering Brief in Opposition to ROSS's Motion to Dismiss, D.I. 15.

**REQUEST FOR PRODUCTION NO. 79.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the arrangement and ordering of the Key Number "topics."

**REQUEST FOR PRODUCTION NO. 80.:**

All DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers.

**REQUEST FOR PRODUCTION NO. 81.:**

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW CONTENT, including the prosecution history of any such patent.

**REQUEST FOR PRODUCTION NO. 82.:**

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent.

**REQUEST FOR PRODUCTION NO. 83.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR development of the HEADNOTES, since WEST'S inception to present.

**REQUEST FOR PRODUCTION NO. 84.:**

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, provided by YOU to YOUR "attorney-editors" RELATING TO the generation of HEADNOTES.

**REQUEST FOR PRODUCTION NO. 85.:**

All DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT.

**REQUEST FOR PRODUCTION NO. 86.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO KEY NUMBER SYSTEM's "immeasurable value" that "helped position Westlaw as the leading research service" as alleged in COMPLAINT ¶ 16.

**REQUEST FOR PRODUCTION NO. 87.:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party.

**REQUEST FOR PRODUCTION NO. 88.:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party.

**REQUEST FOR PRODUCTION NO. 89.:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the "vast resources" YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20.

**REQUEST FOR PRODUCTION NO. 90.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33.

**REQUEST FOR PRODUCTION NO. 91.:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018.

**REQUEST FOR PRODUCTION NO. 92.:**

All DOCUMENTS describing the "derivative works" LEGALEASE purportedly produced as alleged in YOUR ANSWER TO COUNTERCLAIMS ¶¶ 11-15.

**REQUEST FOR PRODUCTION NO. 93.:**

All DOCUMENTS evidencing ROSS's alleged instruction to LEGALEASE "to breach its Service Agreement with West" as alleged in COMPLAINT ¶ 34.

**REQUEST FOR PRODUCTION NO. 94.:**

All DOCUMENTS and COMMUNICATIONS evidencing when YOU discovered LEGALEASE allegedly copied and distributed WESTLAW CONTENT to ROSS.

**REQUEST FOR PRODUCTION NO. 95.:**

All WESTLAW CONTENT ROSS purportedly obtained as alleged in COMPLAINT ¶¶ 28-29, 35.

**REQUEST FOR PRODUCTION NO. 96.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW CONTENT as alleged in COMPLAINT ¶¶ 35, 37.

**REQUEST FOR PRODUCTION NO. 97.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW PRODUCT.

**REQUEST FOR PRODUCTION NO. 98.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the HEADNOTES.

**REQUEST FOR PRODUCTION NO. 99.:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the KEY NUMBER SYSTEM.

**REQUEST FOR PRODUCTION NO. 100.:**

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged copyright infringement alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR copyright infringement claim.

**REQUEST FOR PRODUCTION NO. 101.:**

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged tortious

interference alleged in YOUR COMPLAINT, or that support the damages or other relief YOU

seek in YOUR tortious interference claim.

**REQUEST FOR PRODUCTION NO. 102.:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR claims,

including but not limited to all DOCUMENTS and COMMUNICATIONS that YOU will rely on

in support of any of YOUR claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 103.:**

DOCUMENTS sufficient to show YOUR document retention practices or policies in

force on an annual basis, including the retention of emails or other electronic Documents and

Communications.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Stephanie E. O'Byrne*
David E. Moore (#3983)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
sobyrne@potteranderson.com

Gabriel M. Ramsey
Warrington Parker
Kayvan M. Ghaffari
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel:  (415) 986-2800

*Attorneys for Defendant/Counterclaimant
ROSS Intelligence, Inc.*

Mark A. Klapow
Lisa Kimmel
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 624-2500

Dated:  May 12, 2021
7198450 / 50241

# EXHIBIT A

Directory                                         Logins   Support   Contact

# Our AI timeline

2000s                                         ⌄        More on AI @ TR

Thomson Reuters has been innovating for its customers from day one - which for some customer segments goes as far back as the 1800's. Initially, technology was used to collect, organize, and enhance information for its customers. Later, it would employ artificial intelligence (AI) to improve the customer's ability to find the information they needed. Today, we use AI to better understand our customers and surface information and insights they need when they need it. Thomson Reuters, through its different businesses, has had a formal applied research and development group since 1992.

Follow our AI @ TR timeline to discover our innovation journey.

# 1970s

## 1975

## Westlaw



In 1986, the Harris County Law Library began offering Westlaw as part of its collection through a terminal named WALT - a.k.a. West Automated Legal Terminal - similar to the one pictured here.

Westlaw was one of the first online legal research services. Attorneys used dumb terminals to dial up to a mainframe. The content was limited (disk space was expensive) and the search language simplistic.

Westlaw marked the beginnings of technology-driven innovation in many ways for legal sector.

# 1990s

# 1991

Scientist Spotlight: Howard Turtle



Howard Turtle

As chief scientist, Howard Turtle helped found one of the first R&D groups at Thomson Reuters. He is a nationally known scholar in search engine technologies, having developed a formal retrieval model based on Bayesian Inference Networks that formed the basis of the University of Massachusetts' INQUERY Retrieval System and of West Publishing's natural language search product, called WIN. Howard led the legal R&D group until 1996. Howard Turtle retired from Syracuse University in 2016.

# 1992

WIN (Westlaw is Natural)



Researching on a Westlaw terminal, with a sign for "WIN: Westlaw Is Natural" that says "Try the only legal research service that lets you search in plain English!" Irvine, 1993.

Westlaw Is Natural (WIN) was the first commercially available search engine with probabilistic rank retrieval. Howard Turtle led the effort after completing his PhD at UMass. This was an innovation milestone for legal research because prior to that most search engines only supported Boolean term & connectors.

## 1995

Scientist Spotlight: Peter Jackson



Peter Jackson

Peter Jackson was one of the founders of research and development (R&D) at Thomson Reuters. Peter joined Lawyers Cooperative Publishing (LCP) and formed the natural language processing (NLP) group in 1995. In 1998, Peter assumed leadership of the legal R&D group. Peter became Chief Research Scientist & Vice-President, Technology in 2005 at Thomson.

# 1996

## History Assistant



History Assistant

History Assistant was a large scale natural language processing (NLP) system that analyzed case law documents, extracted parties, judges and built the appellate chain for a particular case. The system found history relationships between court decisions by using a combination of information retrieval and machine learning techniques to link each new case to related documents that it may impact.

## 2000s

## 2000

## PeopleCite & Profiler



Jury Verdict and Settlement Document with Hyper Links to Attorneys, Judges, and Expert Witnesses including Arthur Ablin

PeopleCite and Profiler extracted entities from American case law documents to create a knowledge base of judges, attorneys, and expert witnesses with links to all their cases and biographies. Machine learning enabled those systems to analyze millions of documents, a scale far beyond what could be done manually. [Info Today]

# 2001

## CaRE - Classification and Recommendation Engine



Headnotes are summaries of the issues in a case. Headnotes in West reporters are written by the editors.

Using an ensemble of machine learning algorithms, CaRE has been used widely across the company to classify legal, tax and finance documents to large taxonomies, e.g., CaRE is used to classify millions of headnotes to a KeyNumber taxonomy with more than 90,000 categories. CaRE later formed the basis of ResultsPlus (2003) - a very successful document recommendation system. It is still in use today (2019).

# 2003

ResultsPlus



ResultsPlus

ResultsPlus was a very popular document recommendation solution in Westlaw. Based in part on CaRE, the system made contextually relevant recommendations of secondary law documents, Key Numbers, briefs and more alongside search results. The system incorporated: natural language generation of summaries for briefs; user behavior analysis to enable personalized recommendations; and dynamic ranking of selections based on data from real-time A/B testing.

# 2005

## Firm360



Firm360

Built on the work done for the Profiler project to link attorney and judge names, this system identified law firms and companies, and used semantic parsing and discourse analysis techniques to infer the relationships among judges, attorneys, law firms, their roles, and the companies they represent. The metadata was stored in a data warehouse which in turn fed the Firm360 reports.

# 2006

Dexter

Destacados representantes del **Parlamento** [ORG] y la prensa rusos criticaron hoy el "belicism
ha definido como posible blanco de su lucha antiterrorista.

El presidente de la **Duma** [ORG] (cámara baja), **Guennadi Selezniov** [PER], calificó de "claramente ap

del Kremlin [ORG] para **Chechenia** [LOC], **Serguéi Yastrzhembski** [PER].

El asesor presidencial dijo que **Rusia** [LOC] puede lanzar un ataque preventivocontra los camp

Dexter

Dexter is a machine learning (ML)-based named entity extraction and resolution (NER)system focusing on news and legal content. It is used in many products including Reuters Insider (2011).

# 2007

## Medical Litigator



Medical Litigator

[Westlaw Medical Litigator](#) provided legal researchers with immediate, "one-stop" access to information about medical terms, procedures and devices related to medical malpractice, personal injury, and device liability. In addition, it provided an understanding of related medical issues, health care professionals and expert witnesses. It included natural language support and disambiguation tagging.

# 2008

## Concord



In the market intelligence domain, Concord and Dexter were used to extract entities and resolve such mentions to authorities to create the litigation history database behind West's Litigation Monitor.

Thomson Reuters provides one of the largest and most diverse set of Public Records in the United States. Concord enables searches where there could be thousands of "John Smith"s, connecting the correct records among hundreds of millions of records, and many more possible connections. It was, perhaps, the first statistics-based record linking and resolution solution of this scope in the public records domain.

# 2010s

# 2010

## WestlawNext



WestlawNext

Building on all our previous experience, a wide array of AI technologies were leveraged to solve a wide set of challenges. It used machine learning (ML), clustering, classification, usage log analysis, citation network analysis, topic modeling, and natural language generation – the veritable "kitchen sink" of AI. The result was WestSearch. WestlawNext set a new standard for legal research solutions. AI enabled the system to go beyond traditional search.

# 2011

## Reuters Insider



Reuters Insider

Reuters Insider used CaRE classification and Dexter entity extraction to connect transcripts of live news shows to video; this enabled searching video-based news.

# 2011

## NewsPlus





Screenshot showing how NewsPlus can drive an entire news portal - leveraging recommendation, deduplication, clustering, trending entities, summarization, etc.

NewsPlus is a content recommendation platform used in Westlaw and Eikon. The recommendation algorithms incorporated information from multiple sources to retrieve, filter, and prioritize news given the context of a specific user and application. It analyzes, de-duplicates, and groups/clusters the content. Like its predecessor, ResultsPlus, it used a hybrid approach of content and collaborative filtering.

# 2013

Checkpoint - Broadside



02:36

Intuitive Search on Thomson Reuters Checkpoint

Checkpoint Broadside applied many of the technologies and approaches used in WestlawNext to power the new "Intuitive Search" capability in Checkpoint, our market-leading research solution for tax and accounting professionals.

## 2013

Magnet



Magnet provided an indicator for boilerplate, normal, or abnormal language along 3 dimensions in two key parts of SEC filing documents

Magnet analyzed SEC filing for deviation in language that may merit further review. An analysts could then review and provide deeper insights into related plans, initiatives, prospects and challenges; in effect, expanding the news coverage of that company.

## 2015

Reuters Tracer and Social Data Platform (SDP)



01:54

Separating Real News from Fake in 40 Milliseconds

A platform and tool created for Reuters journalists to monitor Twitter for breaking events. Tracer filters out social media noise and identifies potential breaking news events. It utilized natural language processing (NLP), content classification, clustering and machine learning. A special Tracer feed is provided to Eikon as a completely automated real-time news feed.

## 2018

DPA - Data Privacy Advisor



02:59

How Thomson Reuters and Watson help answer data privacy questions

Data Privacy Advisor incorporates a next-generation question-answering feature built in partnership with the Thomson Reuters and IBM Watson.

# 2018

Adverse Media



Adverse Media

Adverse media capabilities enable our analysts to perform adverse media screening from tens of thousands of news sources. In addition to extracting risk signals, these capabilities also perform concordance from unstructured sources. This capability helps analysts in performing ongoing background checks that support Anti-Money Laundering regulations. In particular, this new capability will perform interactive person name disambiguation and identify text/documents that potentially contain evidence of financial crimes. This service was being done manually by analysts. The solution searches news articles and leverages NewsPlus tagging capabilities. This capability is used in World-Check One: Media Check.

# 2018

## AutoMuni - Automated Municipal Bond Pricing



AutoMuni

The accurate evaluation of approximately a million bonds daily is a big challenge. The muni valuation method is quite manual. Such an approach is not only time consuming and costly, but also only a small portion of bonds can be accurately evaluated due to the restriction of resources. The AutoMuni system helps scale the valuation process by using intelligent, machine learning, algorithms that can price the entire fixed income universe automatically and efficiently.

# 2018

## Inferno



Inferno

Inferno is a data ingestion and workflow tool to help analysts refresh content within the World-Check database. This helps to improve the accuracy and reliability of World-Check which is crucial in keeping the competitive advantage. It mines news feeds and then uses various techniques, including machine learning and natural language processing (NLP), to enhance the data ingestion workflow, increasing the speed and accuracy of identifying required updates to World-Check data.

# 2018

## Westlaw Edge: WestSearch Plus



WestSearch Plus on Westlaw Edge

WestSearch Plus answers customers' questions posed in natural language. Behind the scenes, it mines the rich analytical material in our headnotes as the source for answers. It uses editorial guidelines to divide Headnotes into frames/intents. Then it classifies both answers and questions (mined from the query logs) to those intents. WestSearch Plus uses search strategies based on questions and intents to assemble a headnote candidate pool and uses natural language processing (NLP) & discourse features in XGBoost model to classify/score answers.

## 2018

### Westlaw Edge: Litigation Analytics



Litigation Analytics on Westlaw Edge

Lawyers now have all the analytics from past cases at their fingertips and can shape their litigation strategy with Westlaw Edge's Litigation Analytics.

Many AI methods were used including deep learning. It extracts information from federal dockets, identifying names and relationships of all parties. It identifies case topics and adds all this information to a knowledge graph. The knowledge graph is continually updated. Customers use natural language to explore this knowledge graph. When returning results, the AI generates text narratives explaining the generated visualizations.

# 2018

Westlaw Edge: KeyCite Overruling Risk



00:54

KeyCite Overruling Risk on Westlaw Edge

KeyCite is our market leading case citator system. It is important to identify cases that are negatively impacted by an overruling decision, and to flag them as possibly impliedly overruled cases that need further careful examination. The AI-powered solution identifies those cases using machine learning algorithms.

The problem is formulated as a binary classification of candidate cases into those that are negatively impacted (and possibly impliedly overruled) and those that are not (and hence are still safe to be relied on in a legal investigation). Our classifier uses a variety of features, including metadata information about the cases, citation paragraphs in the overruling and affected cases, as well as headnotes in the overruled case.

# 2019

Deep Learning Center Launched in Boston



Deep Learning at Thomson Reuters

Thomson Reuters launched a deep learning center in the heart of Boston, Massachusetts, very appropriately addressed at 1 Thomson Place. This marked a growing commitment within the organization to expand capabilities across core technology domains. Deep learning methodologies can greatly add to the proficiency of related fields like natural language processing or image processing and analysis. The implications of this field are substantial across operational efficiencies as well as discovering new insights across key industry segments.

## 2019

### Checkpoint Edge

Checkpoint Edge introduced an entirely new feature called Concept Markers and made further enhancements to the Intuitive Search algorithms that assist and guide the research process. It helps users refine and/or elaborate on their queries to find answers. Natural language processing (NLP) and machine learning (ML) technologies were used to enable these features.

## 2019

### Westlaw Edge : Quick Check





02:01

Westlaw Edge Quick Check™ In the Making

Attorneys perform hours of legal research so that they can provide their clients with the best possible representation. They are under constant pressure to do their best work as efficiently as possible.

Quick Check is a Westlaw Edge feature that, given a legal document, finds additional supporting authority to research. This helps our customers complete their legal

research faster and have a higher degree of confidence in their work. It also enables them to do a thorough analysis on their opponent's work and in turn help them be more prepared for their clients.

# Today

## Today

### AI @ TR - We're Just Getting Started!

Today, Thomson Reuters is scaling innovation for its customers to new heights. How will AI transform our industries tomorrow? AI @ TR is working on that answer today!

Search

ABOUT THOMSON REUTERS

PRODUCTS & SERVICES

LEARN MORE

CONTACTS

**CONNECT WITH US**

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie E. O'Byrne, hereby certify that on May 12, 2021, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

## <u>VIA ELECTRONIC MAIL</u>

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mflynn@mnat.com

Dale Cendali, P.C.
Joshua L. Simmons
Eric Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
eric.loverro@kirkland.com

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
cameron.ginder@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
megan.mckeown@kirkland.com

*/s/ Stephanie E. O'Byrne*
Stephanie E. O'Byrne

7193230 / 50241

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (LPS) |
| v. | ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (1–103)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules" and each a "Local Rule"), Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively "Plaintiffs"), hereby respond to Defendant and Counterclaimant ROSS Intelligence Inc.'s ("Defendant") First Set of Requests for Production, served on May 12, 2021 (the "Requests" and each individually, a "Request") in the above-captioned action ("Litigation") as follows:

## **GENERAL OBJECTIONS**

1.     Plaintiffs object to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

2.     Plaintiffs object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, the work-product privilege, and/or any other applicable privilege or protection.  Plaintiffs do not waive, intend to preserve, and are preserving the attorney-client privilege, the work-product privilege, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3.     Plaintiffs object to the Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Requests.  To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets or other sensitive information, Plaintiffs will provide such information pursuant to the Protective Order governing the parties to this Litigation.  D.I. 48.  By responding to the Requests, Plaintiffs do not waive, intend to preserve, and are preserving all of their rights to assert that any and all such information is confidential.  Information furnished by Plaintiffs shall be used only in connection with this Litigation and shall not be disclosed, in whole or in part, to any person or entity apart from the parties and their representatives in this Litigation and only as permitted by the Protective Order.

4.     Plaintiffs object to the Requests to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

5.     In providing this response to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather are preserving and intend to preserve:

(i)     All objections as to competency, authenticity, relevancy, materiality and admissibility;

(ii)     All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including but not limited to the right to object to the trial of this or any other action;

(iii)     All objections as to vagueness and ambiguity; and

(iv)     All rights to object on any grounds to any further requests for production.

6.     Plaintiffs object to the Requests to the extent that they seek information set forth in documents that are outside Plaintiffs' possession, custody, and control.

7.     Plaintiffs object to the Requests to the extent that they are not limited to the time or geography relevant to this Litigation.  Indeed, Instruction No. 2 states that the Requests "are not limited by time unless stated within the request itself."  Similarly, Instruction No. 3 states, "Unless otherwise stated, the geographic scope covered by these requests is worldwide," and no Request includes a geographic limitation.

8.     The responses below shall not be interpreted to concede the truth of any factual assertion or implication contained in the Requests.  Plaintiffs' responses to the Requests in no way constitute an admission or acknowledgment by Plaintiffs as to the relevancy, materiality, or admissibility of any of the information contained there, and Plaintiffs expressly reserve their rights to object as such.

9.     Plaintiffs object to the Requests to the extent that they unfairly seek to restrict the facts upon which Plaintiffs may rely at trial.  Discovery has not been completed and Plaintiffs are

not necessarily in possession of all the facts and documents upon which Plaintiffs intend to rely. The responses submitted herewith are tendered to Defendant with the reservation that responses are submitted without limiting the evidence on which Plaintiffs may rely to support the contentions they may assert at the trial on this Litigation and to rebut or impeach the contentions, assertions, and evidence that Defendant may present. Plaintiffs reserve the right to supplement or amend this response at a future date.

10.     Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that any Request purports to seek "all DOCUMENTS," "all COMMUNICATIONS," or "all WESTLAW CONTENT," responsive to the subject matter of a particular Request. Plaintiffs will produce responsive documents, if any, that are located after a reasonably diligent search, taking into account the many potential sources of information arguably responsive to the Requests, and the proportionality of the information sought to the burden of its production.

11.     Plaintiffs object to the First Set of Interrogatories to the extent that it is premature in that it asks or requires Plaintiffs to analyze or formulate contentions on matters for which Plaintiffs' investigation and discovery have not yet been completed. The responses provided below are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

12.     A response indicating that Plaintiffs will produce documents that are responsive to a Request is not a representation or statement of belief that any such documents exist or have existed.

13.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "THOMSON REUTERS" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely Thomson Reuters Enterprise Centre GmbH, and not any other person or entity.

14.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "WEST" to include "its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely West Publishing Corporation, and not any other person or entity.

15.     Plaintiffs objects to the Requests as overly broad to the extent that the Requests define the terms "YOU," "YOUR," and "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf." For the purpose of responding to the Requests, Plaintiffs will construe the terms "YOU," "YOUR," and "PLAINTIFFS" to mean solely Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation, and not any other person or entity.

16.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding

to the Requests, Plaintiffs will construe this term to mean solely ROSS Intelligence Inc., and not any other person or entity.

17.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LegalEase Solutions, LLC, and not any other person or entity.

18.     Plaintiffs object to the Requests as overly broad to the extent that the Requests define "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf." For the purpose of responding to the Requests, Plaintiffs will construe this term to mean solely LexisNexis Group, Inc. and not any other person or entity.

19.     Plaintiffs object to the Requests as improper to the extent that the Requests define the term "IDENTIFY" to require Plaintiffs to provide a description of any document or thing as such a description is not required by Federal Rule of Civil Procedure 34.

20.     Plaintiffs object to Instruction No. 1 to the extent that it uses the term "IDENTIFY" as indicated in General Objection No. 19. They also object to Instruction No. 1 to the extent that it purports to require Plaintiffs to produce documents and things "at Crowell & Moring LLP, 3 Embarcadero Center, 26th Fl., San Francisco CA 94111 (or such other place as may be stipulated by the parties)." Plaintiffs will produce documents electronically, or at such place as the parties may agree.

21.     Plaintiffs object to Instruction No. 4 as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to "IDENTIFY with particularity each such DOCUMENT" that was "once in [Plaintiffs'] possession, custody OR control AND has since been lost, discarded, destroyed, deleted, relinquished, OR disposed in some other manner," by setting forth "(a) The date the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; (b) The circumstances under which the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed; AND (c) The identity of ALL PERSONS who had knowledge of, OR were present when, the DOCUMENT was lost, discarded, destroyed, deleted, relinquished, OR disposed, as well as ALL PERSONS who authorized such actions."

22.     Plaintiffs object to Instruction No. 5 to the extent it suggests a failure to identify documents "responsive to ANY discovery request . . . is privileged or otherwise excludable from discovery" constitutes "a waiver of such a claim" of privilege.  Plaintiffs will produce a privilege log within a reasonable period of time after the document substantially complete deadline or upon a mutually agreeable schedule.

23.     Plaintiffs incorporate the foregoing General Objections into each and every one of their responses to the Requests as set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All settlement agreements between YOU and LEXISNEXIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and LEXISNEXIS." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 3. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries,

affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEXISNEXIS" to include LexisNexis Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 18.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All settlement agreements between YOU and LEGALEASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case, and Defendant has not articulated what relevance it believes they may have.. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and LEGALEASE." Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 3 and 55. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21,

2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged copies of West's agreement with LegalEase that settled the litigation titled *West Publishing Corporation v. LegalEase Solutions, LLC* that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All settlement agreements between YOU and any third-party RELATING TO the WESTLAW CONTENT, including without limitation the KEY NUMBER SYSTEM and HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because any settlement agreements that may exist may not have any connection to any issues in this case because agreements with third parties unconnected to this case are not relevant

to ROSS's actions or the copyrightability of WESTLAW CONTENT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and any third-party RELATING TO the WESTLAW CONTENT, including without limitation the KEY NUMBER SYSTEM and HEADNOTES."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 1, 2, 4, and 55.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

       Plaintiffs will not produce documents responsive to this request.

11

**REQUEST FOR PRODUCTION NO. 4:**

All settlement agreements between YOU and any third-party RELATING TO any aspect of the WESTLAW PRODUCT YOU contend or have contended is protected by copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because agreements with third parties unconnected to this case are not relevant to ROSS's actions or the copyrightability of WESTLAW PRODUCT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "settlement agreements" is unclear and undefined.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll settlement agreements between YOU and any third-party RELATING TO any aspect of the WESTLAW PRODUCT YOU contend or have contended is protected by copyright."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 1, 2, 4, and 55.  Plaintiffs objects to this

Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll . . . past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.  Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent

that it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS copied or caused to be copied." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7, as indicated in General Objection No. 7. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 6, 7, 8, and 9. Plaintiffs object to the Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

All current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used as alleged in COMPLAINT ¶¶ 35, 37.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used as alleged in COMPLAINT ¶¶ 35, 37." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined. Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for any materials YOU claim are subject to copyright protections and YOU allege ROSS used." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 7, 8, and 9. Plaintiffs object to this Request as overly

15

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All current and past copyright registrations for the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for the KEY NUMBER SYSTEM."  Plaintiffs specifically object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.  Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the

16

extent that it seeks "[a]ll current and past copyright registrations for the KEY NUMBER SYSTEM." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 8, and 9.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All current and past copyright registrations for the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks past copyright registrations, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined. Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for the HEADNOTES." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent

that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 7, and 9.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All current and past copyright registrations for the WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll current and past copyright registrations for the WESTLAW DATABASE."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "copyright registrations" is unclear and undefined.  Plaintiffs interpret the phrase to mean certificates of registration, but it remains unclear as to what Defendant intended by "current and past" registrations.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll current and past copyright registrations for the WESTLAW DATABASE."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 5, 6, 7, and 8.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce certificates of registration for the copyrights that Plaintiffs have asserted against Defendant that are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the content copied by Defendant, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the WESTLAW DATABASE."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 13, 16, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of

the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the WESTLAW DATABASE since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the WESTLAW DATABASE since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 14, 17, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant, that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of WESTLAW DATABASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of WESTLAW DATABASE."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 15, 18, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the

purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the database referenced in Exhibit A of the COMPLAINT." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 16, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 17, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of

the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 18, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the database referenced in Exhibit A of the COMPLAINT." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 19, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant  that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 20, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what

changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS RELATING TO the reasons for and purpose of the structure, sequence and organization and content of the compilation referenced in Exhibit A of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the database referenced in Exhibit A of the COMPLAINT."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 21, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11." Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 22, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11 and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 23, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and purpose of" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 24, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

30

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the structure, sequence and organization of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 29, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15 since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

31

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15 since its inception and reason(s) for any such changes."  Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 20, and 30.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "compilations of case law, state and federal statutes, state and federal regulations" referenced in COMPLAINT ¶ 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'compilations of case law, state and federal statutes, state and federal regulations' referenced in COMPLAINT ¶ 15." Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization" and "reasons for and purpose of" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 21, and 31.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show the "editorial enhancements" that are "creative and original" referenced in COMPLAINT ¶ 11.

33

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'editorial enhancements' that are 'creative and original' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 26, 27, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the editorial enhancements that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show the creativity and originality of the "editorial enhancements" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the creativity and originality of the 'editorial enhancements' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 27, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the editorial enhancements that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "West's attorney-editors" and how they "review and create original West Headnotes to describe the key concepts" of a case as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the 'West's attorney-editors' and how they 'review and create original West Headnotes to describe the key concepts' of a case as stated in COMPLAINT ¶ 14, including without limitation any aids, guidance, training, rules, suggestions, directions or roadmaps." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "aids, guidance, training, rules, suggestions, directions or roadmaps" are unclear and undefined. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents

35

subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs

object to this Request to the extent that it is duplicative of other Requests, including Request Nos.

25, 26, 28, 66, 70, 71, 72, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged documents showing the training for Plaintiffs'

attorney-editors that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS and COMMUNICATIONS describing the "West's attorney-editors"
and how they "regularly edit and revise the West Headnotes and the West Key Numbers of
previously integrated cases so that subscribers can trust the accuracy and timeliness of the
information that is offered" as stated in COMPLAINT ¶ 14, including without limitation any aids,
guidance, training, rules, suggestions, directions or roadmaps.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

describing the 'West's attorney-editors' . . .  including without limitation any aids, guidance,

training, rules, suggestions, directions or roadmaps."  Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "aids,

guidance, training, rules, suggestions, directions or roadmaps" are unclear and undefined.

Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets,

or proprietary business information.  Plaintiffs will produce documents subject to the Protective

Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 66, 70, 71, 73, 76, 78, 83, and 84.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing the training for Plaintiffs' attorney-editors that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents unrelated to the WKNS and/or West Headnotes, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the . . . content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 22, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11 since its inception and reason(s) for any such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks the "reason(s) for any such changes" and to the extent that the request encompasses routine or frequent additions to the content of Westlaw. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show any changes to the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11 and reason(s) for any such changes." Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and

content" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 11, 14, 17, 20, and 23.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce documents sufficient to show the structure, sequence, and organization of the WKNS and West Headnotes that were copied by Defendant that are located after a reasonably diligent search, if any.  Plaintiffs are willing to meet and confer with Defendant to determine what changes it is interested in reviewing, and why Defendant is not able to determine those changes from publicly available sources.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS reflecting the reasons for and/or purpose of the structure, sequence and organization and content of the "comprehensive collection of legal information" referenced in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS reflecting any reasons for and/or purpose of the structure, sequence and organization and content of the 'comprehensive collection of legal information' referenced in COMPLAINT ¶ 11."  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "structure, sequence, and organization and content" and "reasons for and

purpose of" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 12, 15, 18, 21, and 24.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing the purpose of Westlaw's structure and organization that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party," including documents unrelated to ROSS's alleged copying or the copyrightability of WESTLAW CONTENT, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS, including communications with LEXISNEXIS and any third party.  Plaintiffs object to this

Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 46, 91, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request as overly broad to the extent that it defines "LEXISNEXIS" to include LEXISNEXIS Group, Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to Defendant's alleged copying and relationship with West and LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged request to access Westlaw as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged request to access Westlaw as alleged in COMPLAINT ¶ 3." Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32 and 34.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to Defendant's request to access Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to deny ROSS access to Westlaw."  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32 and 34.  Plaintiffs object to this Request as overly broad to the extent that it defines the term  "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that the it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing that West denied Defendant access to Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS, RELATING TO ROSS's alleged copying of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 34, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of the WKNS that are located after a reasonably diligent search, if any.

44

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of HEADNOTES." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 34, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's alleged copying of WESTLAW CONTENT."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 43, 46, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of the KEY NUMBER SYSTEM for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of the KEY NUMBER SYSTEM for, at the direction, or on behalf of ROSS." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 40, 41, 42, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17. Plaintiffs object to this Request as overly broad to the extent that it

defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of HEADNOTES for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of HEADNOTES for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object

to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 41, 42, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of West Headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW CONTENT for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW CONTENT for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it

50

asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 42, 43, 44, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW PRODUCT for, at the direction, or on behalf of ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE's alleged copying of WESTLAW PRODUCT for, at the direction, or on behalf of ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 41, 43, 44, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in

General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents showing LegalEase's

copying of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that
ROSS "intentionally and knowingly induced" LEGALEASE to "breach its contract with West" as
alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

RELATING TO YOUR allegation that ROSS 'intentionally and knowingly induced'

LEGALEASE to 'breach its contract with West' as alleged in COMPLAINT ¶ 3."  Plaintiffs object

to this Request to the extent that it seeks documents that are protected by the attorney work-product

doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40,

41, 42, 46, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms

"THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers,

directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's intentional inducement of LegalEase to breach LegalEase's contract with West that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the WESTLAW CONTENT that LEGALEASE copied and distributed to ROSS as alleged in COMPLAINT ¶ 35.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the WESTLAW CONTENT that LEGALEASE copied and distributed to ROSS

as alleged in COMPLAINT ¶ 35."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "for, at the direction, or on behalf of ROSS" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 41, 42, 43, 45, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing the content that LegalEase copied from Plaintiffs and distributed to Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and COMMUNICATIONS that reflect or evidence or show LEGALEASE'S breach of contract as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS that reflect or evidence or show LEGALEASE'S breach of contract as alleged in COMPLAINT ¶ 3." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, 42, 43, 44, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflect or evidence or show" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's breach of its contract with West that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's "blatant and willful infringement" as alleged in COMPLAINT ¶ 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's "blatant and willful infringement" as alleged in COMPLAINT ¶ 5." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 33, 34, 35, 36, 37, 38, 43, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show that Defendant willfully infringed Plaintiffs' copyrights that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that "ROSS needed to acquire vast amounts of legal content, descriptions of that content, and a means by which to organize that legal content" as alleged in COMPLAINT ¶ 22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that 'ROSS needed to acquire vast amounts of legal content, descriptions of that content, and a means by which to organize that legal content' as alleged in COMPLAINT ¶ 22."  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show Defendant's need to acquire legal content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS, including without limitation policies, instructions, and guidelines, reflecting YOUR decision "not [to] give competitors access to its products" as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation policies, instructions, and guidelines, reflecting YOUR decision 'not [to] give competitors access to its products' as alleged in COMPLAINT ¶ 3." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation

policies, instructions, and guidelines, reflecting YOUR decision 'not [to] give competitors access to its products' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "policies, instructions, and guidelines, reflecting YOUR decision" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 49 and 50.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did "not give competitors access to [YOUR] products" as alleged in COMPLAINT ¶ 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did 'not give competitors access to [YOUR] products' as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU did "not give competitors access to [YOUR] products" as alleged in COMPLAINT ¶ 3."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 48 and 50.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision whether to permit third-party access to Westlaw as alleged in COMPLAINT ¶ 17."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting YOUR decision whether to permit third-party access to Westlaw" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that

it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 48, 49, 87, 88, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶ 19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a

competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs specifically object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting YOUR decision to prohibit Westlaw users from 'creat[ing] a competitive product'" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No 52.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 52**:

All DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from "creat[ing] a competitive product" as alleged in COMPLAINT ¶19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product' as alleged in COMPLAINT ¶ 19."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing all instances where YOU prohibited Westlaw users from 'creat[ing] a competitive product'" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No 51.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and

"WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW CONTENT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "templates of licenses, agreements, and contracts" are unclear and undefined. Plaintiffs object to this Request

as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 54.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 54:**

All templates of licenses, agreements, and contracts between YOU and any third-party RELATING TO the WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW PRODUCT."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll templates of licenses, agreements, and contracts RELATING TO the WESTLAW PRODUCT."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "templates of licenses, agreements, and contracts" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust

and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 53.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All licenses, agreements, and contracts between YOU and LEGALEASE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks contracts other than the allegedly breached contract.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, agreements, and contracts between YOU and LEGALEASE."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 3, 4, 90, and 91.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents showing the contract with West that LegalEase breached and the agreement between West and LegalEase that settled the lawsuit between them that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating "the American system of privately-published judicial decisions is the best in the world."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating 'the American system of privately-published judicial decisions is the best in the world.'" Plaintiffs to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS from Stephen L. Haynes, Manager, Westlaw Research, stating 'the

69

American system of privately-published judicial decisions is the best in the world.'"  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.

Plaintiffs are willing to meet and confer with Defendant regarding any purported relevance of documents concerning the quotation Defendant attributes to Mr. Haynes.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain judicial court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain judicial court decisions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "obtain judicial court decisions" and "templates of licenses, agreements, and contracts" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and

unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 58, 59, and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All licenses, contracts, and agreements between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO YOU obtaining judicial court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll licenses, contracts, and agreements between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO YOU obtaining judicial court

decisions." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "licenses, contracts, and agreements," "any state or federal agency," "state or federal courts," and "judicial court decisions" are unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 59, and 65. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 59:

All COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO how YOU obtain judicial court decisions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and any state or federal agency, including without limitation state or federal courts, RELATING TO how YOU obtain judicial court decisions."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "any license, contract, and agreement," "any state or federal agency," "state or federal courts," and "how YOU obtain judicial court decisions" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain legislation, regulations, ordinances, and statutes from any law or rule making organization INCLUDING municipalities, states, and the federal government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have. Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and

COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll

DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain legislation,

regulations, ordinances, and statutes from any law or rule making organization INCLUDING

municipalities, states, and the federal government." Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU

obtain legislation, regulations, ordinances, and statutes" and "any law or rule making organization"

are unclear and undefined. Plaintiffs object to this Request as premature to the extent that it seeks

documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims

(Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object

to this Request to the extent that it is duplicative of other Requests, including Request Nos.  61,

62, and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term

"YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and

thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents,

representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15.

Plaintiffs will not produce documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 61:**

All licenses, contracts, and agreements between YOU and any law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and

agreements between YOU and any law or rule making organization, INCLUDING municipalities,

states, and the federal government, RELATING TO YOUR obtaining of local, state, and federal

legislation, regulations, ordinances, and statutes."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes" and "any law or rule making organization" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos.  60, 62, and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 62:

All COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining local, state, and federal legislation, regulations, ordinances, and statutes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied, and Defendant has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS RELATING TO any license, contract, and agreement between YOU and law or rule making organization, INCLUDING municipalities, states, and the federal government, RELATING TO YOUR obtaining local, state, and federal legislation, regulations, ordinances, and statutes." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "RELATING TO YOUR obtaining of local, state, and federal legislation, regulations, ordinances, and statutes" and "any law or rule making organization" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos.  60, 61, and 65. Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW PRODUCT." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "service branches" is unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the

subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative

of other Requests, including Request Nos. 64 and 65.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms

"THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters

Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers,

directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their]

behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 64:**

All licenses, contracts, and agreements between YOU and the United States Military, including without limitation any of its services branches, RELATING TO the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks documents not relevant to material alleged to be copied, and Defendant

has not articulated what relevance it believes they may have.  Plaintiffs object to this Request as

overly broad and unduly burdensome to the extent that it seeks "[a]ll licenses, contracts, and

agreements between YOU and the United States Military, including without limitation any of its

services branches, RELATING TO the WESTLAW CONTENT."  Plaintiffs object to this Request

as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is

relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request

as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "service branches" is unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 63 and 65.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain materials from any governmental entity that appear, can be accessed, or are contained on or in YOUR WESTLAW PLATFORM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents not relevant to material alleged to be copied.  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll

DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show how YOU obtain materials from any governmental entity that appear, can be accessed, or are contained on or in YOUR WESTLAW PLATFORM."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "how YOU obtain materials," "any governmental entity, and "appear, can be accessed, or are contained on or in" are unclear and undefined.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 57, 58, 59, 60, 61, 62, 63, and 64.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR' to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS and COMMUNICATIONS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case to the extent it seeks documents beyond the duplicate Request Nos. 27 and 28.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, explaining YOUR process for reviewing court decisions" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 70, 71, 72, and 78.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees,

attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show Plaintiffs' training materials for analyzing court decisions that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 67:

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks documents and communications related to the "decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM," and Plaintiffs' "integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to implement the Document Classification System, Method and Software referenced in U.S. Patent

No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "decision to implement the Document Classification System, Method and Software referenced in U.S. Patent No. 7,065,514 into the WESTLAW PLATFORM, and YOUR integration of this system into the WESTLAW PLATFORM, including but not limited to internal and external announcements or instructions, technical materials, and source code upgrades" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 81 and 82. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs are willing to meet and confer concerning the purported relevance of the documents requested and the scope of any production thereof.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS, including without limitation source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation source code, object code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets,

or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "source code, object code, binaries and associated files and/or structures" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 69.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll COMMUNICATIONS, including without limitation source code, object

code, binaries and associated files and/or structures, RELATING TO PLAINTIFFS' algorithmically generated key number categorization system, known as the Classification and Recommendation Engine (CaRE) system, identified on the website https://web.archive.org/web/20210507051753/https://www.thomsonreuters.com/en/artificialintelligence/ai-timeline.html, attached hereto as Exhibit A."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "PLAINTIFFS" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the operation of the CaRE tool that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS evidencing the roles and responsibilities of YOUR "attorney-editors" or any other of YOUR employees who YOU contend author WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS evidencing the roles and responsibilities of YOUR 'attorney-editors' or any other of YOUR employees who YOU contend author WESTLAW CONTENT."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing the roles and responsibilities" of attorney-editors and "any other of YOUR employees who YOU contend author WESTLAW" are unclear and undefined."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 71, 72, 76, 78, and 85.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the roles of attorney-editors who author Plaintiffs' content that West alleges was copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the "decades of human creativity and choices" that have resulted in "the structure, sequence, and organization of the WKNS" as alleged in COMPLAINT ¶ 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to show the 'decades of human creativity and choices' that have resulted in 'the structure, sequence, and organization of the WKNS' as alleged in COMPLAINT ¶ 21."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'decades of human creativity and choices' that have resulted in 'the structure, sequence, and organization of the WKNS' as alleged in COMPLAINT ¶ 21."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 72, and 78.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the choices that created the structure, sequence, and organization of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to show the "rigorous editorial process" as alleged in COMPLAINT ¶ 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show the 'rigorous editorial process' as alleged in COMPLAINT ¶ 11."  Plaintiffs object to this Request as overly broad to the extent that it is

unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, and 76.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show West's editorial process for the content Defendant copied that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "DOCUMENTS sufficient to show first KEY NUMBER SYSTEM YOU developed, including without limitation the author of the KEY NUMBER SYSTEM and date of its creation." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks

documents made unavailable by the passage of time.  Plaintiffs object to this Request to the extent

that it seeks documents that are publicly available or to which ROSS has equal access, and

therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs

object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate

the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include

Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and

former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or

purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show the

organization of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to
develop the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

RELATING TO YOUR decision to develop the KEY NUMBER SYSTEM."  Plaintiffs object to

this Request to the extent that it seeks documents that are neither relevant to any claim or defense

of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll

DOCUMENTS and COMMUNICATIONS RELATING TO YOUR decision to develop the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS and COMMUNICATIONS sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

92

sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS sufficient to show the development of the KEY NUMBER SYSTEM, including without limitation COMMUNICATIONS from John West RELATING TO the KEY NUMBER SYSTEM."  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 80.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the purpose of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers RELATING TO how the KEY NUMBER SYSTEM "organizes" U.S. law as alleged in COMPLAINT ¶ 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation any manuals, policies, procedures,

instructions, guidelines, notes, reports, and white papers RELATING TO how the KEY NUMBER

SYSTEM 'organizes' U.S. law as alleged in COMPLAINT ¶ 12." Plaintiffs object to this Request

as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is

relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request

as unduly burdensome to the extent that it seeks documents made unavailable by the passage of

time. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms

"manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers" and

"U.S. law" are unclear and undefined. Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 70, 72, 77, 78, 79, and 80.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show how the

WKNS is organized that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to describe the KEY NUMBER SYSTEM'S "hierarchy" as
defined in COMPLAINT ¶ 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "DOCUMENTS sufficient to describe the KEY NUMBER SYSTEM'S

'hierarchy' as defined in COMPLAINT ¶ 13." Plaintiffs object to this Request as overly broad to

the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this

Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly

burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the term "describe" is

unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other

Requests, including Request Nos. 76, 78, and 79.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show the

hierarchy of the WKNS that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS describing the process where YOU "take [the Headnotes] and select
where in the WKNS they should be categorized" as stated in YOUR Answering Brief in
Opposition to ROSS's Motion to Dismiss, D.I. 15.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more

specifically, "[a]ll DOCUMENTS describing the process where YOU 'take [the Headnotes] and

select where in the WKNS they should be categorized' as stated in YOUR Answering Brief in

Opposition to ROSS's Motion to Dismiss, D.I. 15."  Plaintiffs object to this Request as overly

broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant

to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as

unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.

Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "describing

the process" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 66, 70, 71, 76, 77, and 79.

Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and

"YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and

thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the categorization of the West Headnotes that Plaintiffs allege were copied by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the arrangement and ordering of the Key Number "topics."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO the arrangement and ordering of the Key Number 'topics.'"  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "arrangement and ordering" are unclear and undefined.  Plaintiffs object to this Request

to the extent that it is duplicative of other Requests, including Request Nos. 10, 13, 16, 19, 22, 76, 77, and 78.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the arrangement and ordering of the WKNS topics that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS RELATING TO the development of the KEY NUMBER SYSTEM, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of

time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms

"development" and "any manuals, policies, procedures, instructions, guidelines, notes, reports, and

white papers" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is

duplicative of other Requests, including Request Nos. 73, 74, 75, 76, and 83.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents sufficient to show how the

WKNS is developed that are located after a reasonably diligent search, if any.


**REQUEST FOR PRODUCTION NO. 81:**

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the
WESTLAW CONTENT, including the prosecution history of any such patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are

neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in

RELATING TO the WESTLAW CONTENT, including the prosecution history of any such

patent."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that

it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the

WESTLAW CONTENT, including the prosecution history of any such patent."  Plaintiffs object

to this Request as overly broad to the extent that it is unlimited as to time and does not specify a

timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs

object to this Request to the extent that it seeks documents that are publicly available or to which

ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for

itself.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "own,

hold, or otherwise have an interest in" and the "prosecution history of any such patent" are unclear and undefined.  Plaintiffs specifically object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 67 and 82.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request as they are available through the Patent and Trademark Office database.

### REQUEST FOR PRODUCTION NO. 82:

All Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent." Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Patents YOU own, hold, or otherwise have an interest in RELATING TO the WESTLAW

PRODUCT or which you have previously or currently contend cover the WESTLAW PRODUCT, including the prosecution history of any such patent." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "own, hold, or otherwise have an interest in" and the "prosecution history of any such patent" are unclear and undefined. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 67 and 81. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this request as they are available through the Patent and Trademark Office database.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR development of the HEADNOTES, since WEST'S inception to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO YOUR development of the HEADNOTES, since WEST'S inception to present." Plaintiffs object to this Request as overly broad to the extent that it requests information from the inception of Westlaw, and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "development" is unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, 80, and 84.  Plaintiffs object to the Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents relating to the development of Plaintiffs' headnotes that they allege Defendant copied that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, provided by YOU to YOUR "attorney-editors" RELATING TO the generation of HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation any manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers, provided by YOU to YOUR 'attorney-editors' RELATING TO the generation of HEADNOTES."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "manuals, policies, procedures, instructions, guidelines, notes, reports, and white papers" and "generation" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 25, 26, 27, 28, and 83.  Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show how the attorney-editors create headnotes that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS, including without limitation organizational charts, reflecting YOUR personnel with operational control and development of the WESTLAW CONTENT."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "reflecting," and "control and development" are unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request No. 70. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce an organizational chart of Plaintiffs' Cases Editorial department that is located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and COMMUNICATIONS RELATING TO KEY NUMBER SYSTEM's "immeasurable value" that "helped position Westlaw as the leading research service" as alleged in COMPLAINT ¶ 16.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO KEY NUMBER SYSTEM's 'immeasurable value' that 'helped position Westlaw as the leading research service' as alleged in COMPLAINT ¶ 16." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the value of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW PRODUCT to any third party."  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "board meeting minutes, describing YOUR strategy to license" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 88, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON

REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party." Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including without limitation board meeting minutes, describing YOUR strategy to license the WESTLAW CONTENT to any third party." Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request as vague and ambiguous to the

extent that the terms "board meeting minutes, describing YOUR strategy to license" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7.  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery.  See D.I. 41.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 87, and 89.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Plaintiffs will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the "vast resources" YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs

of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the 'vast resources' YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20."  Plaintiffs object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, evidencing the 'vast resources' YOU invested to develop the WESTLAW CONTENT as alleged in COMPLAINT ¶ 20."  Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "board meeting minutes" and "invested to develop" are unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 50, 87, and 88.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged documents sufficient to show Plaintiffs' financial investment in Westlaw that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33."  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "usage" is unclear and undefined.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 40, 41, 42, 43, 44, 45, 55, 91, 92, 93, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors,

employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show LegalEase's use of Westlaw during the period where Plaintiffs allege that LegalEase was hired by Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018."  Plaintiffs object to this Request to the extent that it seeks documents that are neither relevant to any claim or defense of any party in this Litigation nor proportional to the needs of the case because it seeks "[a]ll DOCUMENTS and COMMUNICATIONS, including board meeting minutes, RELATING TO YOUR termination of LEGALEASE'S Service Agreement on January 4, 2018."  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are

protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 39, 40, 41, 42, 43, 44, 45, 55, 90, 92, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show the termination of LegalEase's Service Agreement that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS describing the "derivative works" LEGALEASE purportedly produced as alleged in YOUR ANSWER TO COUNTERCLAIMS ¶¶ 11-15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS describing the 'derivative works' LEGALEASE purportedly produced as alleged in YOUR ANSWER TO COUNTERCLAIMS ¶¶ 11-15." All DOCUMENTS and COMMUNICATIONS RELATING TO LEGALEASE'S usage of Westlaw beginning in July 2017 as alleged in COMPLAINT ¶¶ 30-33. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "describing" and "purportedly produced" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 39, 41, 42, 43, 44, 45, 90, 91, 93, 94, 95, 96, 97, 98, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive derivative works of Westlaw produced by LegalEase for Defendant that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS evidencing ROSS's alleged instruction to LEGALEASE "to breach its Service Agreement with West" as alleged in COMPLAINT ¶ 34.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS evidencing ROSS's alleged instruction to LEGALEASE 'to breach its Service Agreement with West' as alleged in COMPLAINT ¶ 34." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing" and "alleged instruction" are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally

113

or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent

that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42,

43, 44, 45, 46, 90, 91, 92, 94, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly

broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present

and former officers, directors, employees, attorneys, agents, representatives, successors,

predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity

acting or purporting to act on its behalf," as indicated in General Objection No. 16.  Plaintiffs

object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to

include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys,

agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated

companies, or any other person or entity acting or purporting to act on its behalf," as indicated in

General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents showing Defendant's

instructions to LegalEase that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS and COMMUNICATIONS evidencing when YOU discovered
LEGALEASE allegedly copied and distributed WESTLAW CONTENT to ROSS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

evidencing when YOU discovered LEGALEASE allegedly copied and distributed WESTLAW

CONTENT to ROSS."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "evidencing when YOU discovered" and "allegedly copied and distributed" are unclear and undefined.  Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 95, 96, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOU" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General

Objection No. 16.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "LEGALEASE" to include LegalEase Solutions, LLC's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 17.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing LegalEase's copying and distribution of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 95:**

All WESTLAW CONTENT ROSS purportedly obtained as alleged in COMPLAINT ¶¶ 28-29, 35.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll WESTLAW CONTENT ROSS purportedly obtained as alleged in COMPLAINT ¶¶ 28-29, 35."  Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed.  The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.  Plaintiffs object to this Request as vague and ambiguous to the extent that the term "purportedly obtained" is unclear and undefined.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 96, 97, 98, and 99.  Plaintiffs

object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' content that Defendant obtained that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW CONTENT as alleged in COMPLAINT ¶¶ 35, 37.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW CONTENT as alleged in COMPLAINT ¶¶ 35, 37." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are

protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021.  Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself.  Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 97, 98, and 99.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' content that Defendant used that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS

RELATING TO ROSS's use of WESTLAW PRODUCT." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, and 99. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the HEADNOTES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of WESTLAW PRODUCT." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of Plaintiffs' content that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the KEY NUMBER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO ROSS's use of the KEY NUMBER SYSTEM." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information. Plaintiffs will produce documents subject to the Protective Order, D.I. 48, which the Court ordered on May 21, 2021. Plaintiffs object to this Request to the extent that it seeks documents that are publicly available or to which ROSS has equal access, and therefore are equally or less burdensome for ROSS to procure for itself. Plaintiffs object to this Request as overly broad to the extent that it defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16. Plaintiffs object to this

Request to the extent that it is duplicative of other Requests, including Request Nos. 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 90, 91, 92, 93, 94, 95, 96, 97, and 98.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Defendant's use of the WKNS that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged copyright infringement alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR copyright infringement claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS/COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged copyright infringement alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR copyright infringement claim." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "mention, discuss, or refer" and "any damages, injuries, or harms," are unclear and undefined. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-

122

product doctrine, attorney-client privilege, or any other privilege or protection.  Plaintiffs object

to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to

incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are

defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing

Corporation's "present and former officers, directors, employees, attorneys, agents,

representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or

any other person or entity acting or purporting to act on [their] behalf," as indicated in General

Objection No. 15.  Plaintiffs object to this Request as overly broad to the extent that it defines the

term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors,

employees, attorneys, agents, representatives, successors, predecessors, owners, parents,

subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its

behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state

that they will produce relevant, non-privileged responsive documents showing Plaintiffs' harm

from Defendant's conduct that are located after a reasonably diligent search, if any.

## REQUEST FOR PRODUCTION NO. 101:

All DOCUMENTS and COMMUNICATIONS which mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged tortious interference alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR tortious interference claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth

herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the

extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General

Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS which

mention, discuss, or refer to any damages, injuries, or harms YOU claim to have suffered as a result of ROSS's alleged tortious interference alleged in YOUR COMPLAINT, or that support the damages or other relief YOU seek in YOUR tortious interference claim." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "mention, discuss, or refer" and "any damages, injuries, or harms" are unclear and undefined. Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15. Plaintiffs object to this Request as overly broad to the extent that tit defines the term "ROSS" to include ROSS Intelligence Inc.'s "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf," as indicated in General Objection No. 16.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents showing Plaintiffs' harm from Defendant's conduct that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR claims, including but not limited to all DOCUMENTS and COMMUNICATIONS that YOU will rely on in support of any of YOUR claims and defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll DOCUMENTS and COMMUNICATIONS" as indicated in General Objection No. 10, and more specifically, "[a]ll DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR claims, including but not limited to all DOCUMENTS and COMMUNICATIONS that YOU will rely on in support of any of YOUR claims and defenses in this action." Plaintiffs object to this Request to the extent that it is premature in that it asks or requires Plaintiffs to produce documents on matters for which Plaintiffs' investigation and discovery have not yet been completed. The documents that Plaintiffs produce will be based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification. Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request as premature to the extent that it seeks documents that are solely relevant to Defendant's antitrust and unfair competition counterclaims (Counterclaims VI–IX), which are not yet the subject of discovery. See D.I. 41. Plaintiffs object to this Request to the extent that it is duplicative of other Requests, including Request Nos. 2, 5, 6, 10, 27, 28, 32 through 36, among others. Plaintiffs object to this Request as overly broad to the extent that it defines the terms "YOU" and "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and

"WEST" and thus are defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents that Plaintiffs will rely on in support of their claims or defenses that are located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS sufficient to show YOUR document retention practices or policies in force on an annual basis, including the retention of emails or other electronic Documents and Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs incorporate by reference the above-stated General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome to the extent that it seeks "DOCUMENTS sufficient to show YOUR document retention practices or policies in force on an annual basis, including the retention of emails or other electronic Documents and Communications." Plaintiffs object to this Request as overly broad to the extent that it is unlimited as to time and does not specify a timeframe that is relevant to this Litigation as indicated in General Objection No. 7. Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents made unavailable by the passage of time. Plaintiffs object to this Request to the extent that it seeks documents that are protected by the attorney work-product doctrine, attorney-client privilege, or any other privilege or protection. Plaintiffs object to this Request as vague and ambiguous to the extent that the terms "document retention practices or policies in force

on an annual basis" are unclear and undefined.  Plaintiffs object to this Request as overly broad to the extent that it defines the term "YOUR" to incorporate the definitions of the terms "THOMSON REUTERS" and "WEST" and thus is defined to include Thomson Reuters Enterprise Centre GmbH's and West Publishing Corporation's "present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on [their] behalf," as indicated in General Objection No. 15.

Subject to, as limited by, and without waiver of the foregoing objections, Plaintiffs state that they will produce relevant, non-privileged responsive documents sufficient to show Plaintiffs' document retention policies from 2017 to the present that are located after a reasonably diligent search, if any.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and*
*Counterdefendants Thomson Reuters*
*Enterprise Center GmbH and West Publishing*
*Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Megan McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX  77002
(713) 836-3600

July 12, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

David E. Moore, Esquire                                    *VIA ELECTRONIC MAIL*
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Joshua M. Rychlinski, Esquire                        *VIA ELECTRONIC MAIL*
Mark A. Klapow, Esquire
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                           *VIA ELECTRONIC MAIL*
Kayvan M. Ghaffari, Esquire
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                            */s/ Michael J. Flynn*
                                            _____
                                            Michael J. Flynn (#5333)