IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendant/Counterclaimant. | C.A. No. 20-613-SB <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT ROSS INTELLIGENCE, INC.'S FOURTH AMENDED NOTICE OF 30(B)(6) DEPOSITION TO PLAINTIFF THOMSON REUTERS ENTERPRISE CENTRE GMBH

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants ROSS Intelligence, Inc. ("ROSS"), through their attorneys, will take the deposition upon oral examination of one or more representatives of Thomson Reuters Enterprise Centre GmBH ("Plaintiff") on the topics specified in the attached Schedule A. The deposition will begin on May 23, 2023, at the offices of Veritext, 201 E. Kennedy Boulevard, Suite 712, Tampa, Florida 33602 at 9:00 a.m. ET, and continue from day to day thereafter, Saturdays, Sundays and holidays excepted, until completed. The deposition will be taken before an officer duly authorized to administer oaths under the laws of the United States and/or the State of Florida, and will be recorded by audio, audio-visual, and stenographic means.

Pursuant to Federal Rule 30(b)(6), Plaintiff shall designate and produce at the deposition one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters specified in Schedule A.

PLEASE TAKE FURTHER NOTICE THAT in light of the uncertainty surrounding the COVID-19 pandemic, ROSS reserves the right, in consultation with counsel for the deponent, to hold this deposition remotely.

NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to record the deposition either by stenographic means by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the State of Florida. ROSS further reserves the right to record the deposition utilizing audio or video technology and the right to utilize Exhibit Share (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually.

Should the deposition be recorded in either video format, ROSS reserves the right to utilize any portion of the audio or video recording of the proceeding in Court. In the event that ROSS utilizes the stenographic reporting method, it reserves the right to utilize instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time.

NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to conduct this deposition utilizing a paperless exhibit display process called Exhibit Share provided and supported by Veritext Legal Solutions. The parties are advised that one paper set of exhibits will be utilized at the deposition for the court reporter's purposes of compiling, exhibit stamping, and ultimate production of the final certified transcript. However, no other paper copies will be provided as the exhibits will be available for visual display using Exhibit Share. Please contact the noticing attorney at least two (2) business days prior to the deposition to advise that it is your desire to be set up for Exhibit Share access so that the necessary credentials, testing and

information, if necessary, can be provided to you prior to the proceedings. For information and available tutorial videos demonstrating Exhibit Share, please utilize this link to access additional information: https://www.veritext.com/services/exhibitshare/.

      NOTICE IS FURTHER GIVEN THAT ROSS reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically only to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent. Please contact the noticing attorney at least two (2) business days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings. In addition, ROSS also reserves the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneously on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Gabriel M. Ramsey<br>Warrington S. Parker III<br>Joachim B. Steinberg<br>Jacob Canter<br>Christopher J. Banks<br>Margaux Poueymirou<br>Anna Z. Saber<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Tel:  (415) 986-2800<br><br>Mark A. Klapow<br>Crinesha B. Berry<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Tel:  (202) 624-2500<br><br>Shira Liu<br>CROWELL & MORING LLP<br>3 Park Plaza, 20th Floor<br>Irvine, CA 92614<br>Tel: (949) 263-8400<br><br>Dated:  May 10, 2023<br>10800223 / 20516.00001 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ David E. Moore*<br>      David E. Moore (#3983)<br>      Bindu A. Palapura (#5370)<br>      Andrew L. Brown (#6766)<br>      Hercules Plaza, 6th Floor<br>      1313 N. Market Street<br>      Wilmington, DE  19801<br>      Tel:  (302) 984-6000<br>      dmoore@potteranderson.com<br>      bpalapura@potteranderson.com<br>      abrown@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.* |

4

## SCHEDULE A
### Definitions

Insofar as any of the terms below are used herein, the following definitions shall apply:

1. The term "THOMSON REUTERS" as used herein means Plaintiff / Counterdefendant Thomson Reuters Enterprise Centre GmbH, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

2. The term "WEST" as used herein means Plaintiff / Counterdefendant West Publishing Corporation, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

3. The terms "YOU," "YOUR," and "PLAINTIFFS" as used herein means THOMSON REUTERS and WEST.

4. The terms "ROSS," "DEFENDANT," and "COUNTERCLAIMANT," as used herein mean ROSS Intelligence, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

5. The terms "PUBLIC LAW DATABASE" and "PUBLIC LAW DATABASES" as used herein mean a digital collection, or separate digital collections, in any digital form, format, arrangement, or organization whatsoever, that INCLUDES public text documents such as judicial opinions, administrative rulings, or legislative enactments such as statutes, public ordinances, rules, regulations.

6. The terms "LEGAL SEARCH TOOL" and "LEGAL SEARCH TOOLS" as used herein mean any application, program, method, system, tool, or technology that facilitates, supports, augments, or otherwise contributes to ANY search, exploration, or analysis of a PUBLIC LAW DATABASE. Examples, without limitation, of LEGAL SEARCH TOOLS INCLUDE: West Headnotes, the West Key Number System ("WKNS"), key numbers, WKNS topics, WKNS subtopics WestSearch Plus, Boolean search functionality, any other search functionality on WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, or any other version of the WESTLAW PLATFORM, and any similar applications, programs, methods, systems, tools, or technologies that other PERSONS have developed or license.

7. The term "ARTIFICIAL INTELLIGENCE TOOLS" as used herein means analysis and development in the fields known as artificial intelligence, machine learning, or natural language processing, including processes, designs, products, and systems.

8. The terms "LEGAL SEARCH PLATFORM" and "LEGAL SEARCH PLATFORMS" as used herein mean any websites or applications where legal research can be performed, whether or not it costs a fee to use the website or application. Examples, without limitation, of LEGAL SEARCH PLATFORMS INCLUDE: the WEST PLATFORM, the ROSS PLATFORM, and the platforms and/or services created and/or licensed by COMPETITORS.

9. The term "WESTLAW PLATFORM" as used herein means WestlawNext, Westlaw Edge, Westlaw Classic, Westlaw Precision, and any other version of the Westlaw LEGAL SEARCH TOOL that was, is, or will be accessible to users. The term "WESTLAW PLATFORM" does not include PeopleMap or Company Investigator.

10. The term "COMPETITORS" includes past and present providers of LEGAL SEARCH PLATFORMS, LEGAL SEARCH TOOLS, or PUBLIC LAW DATABASES,

including LEXISNEXIS, GOOGLE, FASTCASE, CASEMAKER, CASETEXT, WOLTERS KLUWER, JURISEARCH, ROSS, and any other entity or person that PLAINTIFFS have or do consider competitors in LEGAL SEARCH PLATFORMS, LEGAL SEARCH TOOLS, or PUBLIC LAW DATABASES.

11. The term "LEXISNEXIS" as used herein means the corporation LexisNexis which makes available the website https://www.lexisnexis.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

12. The term "GOOGLE" as used herein means the company Google LLC which makes available the website https://www.google.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

13. The term "FASTCASE" as used herein means the company Fastcase.com, Inc., which makes available the website https://fastcase.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

14. The term "BLOOMBERG" as used herein means the company Bloomberg L.P., which makes available the website https://bloomberglaw.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors,

owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

15. The term "CASEMAKER" as used herein means the company that was formerly separate from FASTCASE and formerly offered the separate available website https://casemakerx.com, and its former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

16. The term "CASETEXT" as used herein means the company Casetext which makes available the website https://casetext.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

17. The term "WOLTERS KLUWER" as used herein means the company Wolters Kluwer N.V., which makes available the website https://my.vitallaw.com/, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

18. The term "JURISEARCH" as used herein means the company Jurisearch, which makes available the website https://www.jurisearch.com, and its present and former officers, directors, employees, attorneys, agents, representatives, successors, predecessors, owners, parents, subsidiaries, affiliated companies, or any other person or entity acting or purporting to act on its behalf.

19. The term "PRICING STRUCTURE" as used herein means the formula by which a customer's total price is calculated, including PER SEAT, PER SEARCH, or MONTHLY GUARANTEE pricing.

20. The term "PER SEAT" as used herein means pricing at a rate per user that does not vary with the number of searches performed by that user.

21. The term "PER SEARCH" as used herein means pricing at a rate that varies with the number of searches performed.

22. The term "MONTHLY GUARANTEE" as used herein means pricing at a set monthly rate, which may be adjusted based on a customer's user count.

23. The term "CUSTOMER SEGMENT" as used herein means divisions or tiers of customers, users or subscribers and potential customers, users or subscribers that affects pricing, services, or TERMS OF SERVICES offered to customers, users, or subscribers, which may include government, law firms of various sizes, pro bono access for law firms, in-house legal departments, non-profit legal departments, universities, law schools, university law libraries, law firm law libraries, and students.

24. The terms "AGREEMENT" and "AGREEMENTS" as used herein means all formal and informal licenses, contracts, settlements, stipulations, agreements, arrangements, memoranda of understandings, and other types of written or oral communications between at least two PERSONS.

25. The terms "INCLUDE," "INCLUDES," and "INCLUDING" as used herein mean not limited to.

26. The terms "PERSON" and "PERSONS" as used herein mean any individual, corporation, partnership, association, organization, or other entity of any type or nature.

27. The terms "RELATE TO," "RELATED TO," and "RELATING TO" as used herein mean constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed, in whole or in part.

**Deposition Topics**

1. YOUR decisions whether or not to invest, including reasoning RELATED TO those decisions and amounts and targets of those investments, in the WESTLAW PLATFORM, YOUR PUBLIC LAW DATABASES, YOUR LEGAL SEARCH TOOLS, and any of YOUR ARTIFICIAL INTELLIGENCE TOOLS.

2. YOUR decisions whether or not to offer any element of the WESTLAW PLATFORM, YOUR PUBLIC LAW DATABASES, YOUR LEGAL SEARCH TOOLS, and any of YOUR ARTIFICIAL INTELLIGENCE TOOLS, including elements that were considered for investment or to be offered but were not ultimately offered to the public.

3. YOUR analysis of YOUR share in any market in which any element of the WESTLAW PLATFORM competes, including the reasons for such research, the results of any research, and how those results informed YOUR strategies.

4. YOUR analysis of any barriers to entry in any market in which any element of the WESTLAW PLATFORM competes, including the reasons for such research, the results of any research, and how those results informed YOUR strategies.

5. YOUR market research regarding demand for LEGAL SEARCH TOOLS, PUBLIC LAW DATABASES, and LEGAL SEARCH PLATFORMS, including the reasons for such research, the results of any research, and how those results informed YOUR strategies.

6. Requests by PERSONS to separately purchase, license, or access the PUBLIC LAW DATABASES or LEGAL SEARCH TOOLS that are available on the WESTLAW PLATFORM.

7. Requests by customers or COMPETITORS for changes RELATED TO the terms of YOUR AGREEMENTS.

8. The technological link or connection between YOUR LEGAL SEARCH TOOLS and PUBLIC LAW DATABASES.

9. YOUR PRICING STRUCTURE, including changes over time and reasons for those changes, and by CUSTOMER SEGMENT.

10. YOUR policies relating to access to YOUR paper-format publications, including incentivizing or requiring return or destruction of YOUR paper-format publications.

11. YOUR decision to make judicial opinions available online, including whether or not to license, sell, or distribute judicial opinions online independent of the WESTLAW PLATFORM.

12. YOUR agreements with COMPETITORS, including the reasons for and effects of those agreements.

13. YOUR decision not to license the WESTLAW PLATFORM to any COMPETITORS or potential COMPETITORS.

14. Investigations, INCLUDING by the Federal Trade Commission, the Department of Justice, state agencies, or litigation involving antitrust or unfair competition claims or counterclaims brought against YOU.

15. YOUR decision to license treatises or secondary sources on the WESTLAW PLATFORM.

16. YOUR relationship with members of the Federal Judiciary and the staff and employees of the Federal Judiciary.

17. YOUR decision on whether to license access to the WESTLAW PLATFORM to any PERSONS, INCLUDING COMPETITORS.

18. YOUR decision to develop Westlaw Classic, Westlaw Next, Westlaw Edge, and Westlaw Precision, including the substantive differences between Westlaw Classic, Westlaw Next, Westlaw Edge, and Westlaw Precision, your marketing of Westlaw Classic, Westlaw Next, Westlaw Edge, and Westlaw Precision, and your subscriptions for Westlaw Classic, Westlaw Next, Westlaw Edge, and Westlaw Precision.

19. YOUR marketing of Standard Plus, Professional, Professional Plus, Premier, and Premier Plus content, including the substantive differences between Standard Plus, Professional, Professional Plus, Premier, and Premier Plus content, and your subscription for Standard Plus, Professional, Professional Plus, Premier, and Premier Plus content.

20. YOUR development of the WESTLAW PLATFORM's Application Programming Interface(s) ("API"), including but not limited to YOUR policies about API development.