# EXHIBIT 1

**Saber, Anna**

| | |
|---|---|
| **From:** | Canter, Jacob |
| **Sent:** | Wednesday, March 29, 2023 11:14 AM |
| **To:** | Ginder, Cameron; Means, Miranda; #Thomson-Ross; mflynn@morrisnichols.com |
| **Cc:** | ROSS-AT Team; Moore, David E.; Palapura, Bindu A.; Brown, Andrew L. |
| **Subject:** | West v ROSS | List of Custodians |

Dear Cameron:

We write regarding the production of additional discovery in light of the Tuesday, March 28 ruling by the Court.

First, please let us know the list of custodians you will query as a result of Tuesday's discovery order. The ruling has made the current custodian list untenable. Please also confirm you will expand your current custodian list with these individuals for the documents and searches you have already produced in line with the above.

Second, even prior to Tuesday's discovery order, Plaintiffs' list of custodians was inadequate as it did not capture all relevant individuals with discoverable information. The following custodians were not queried although their names appear on a large number of relevant documents, indicating that those custodians must possess relevant information— or their names appear on important relevant documents, indicating that they must possess important relevant documents. Please produce documents with these individuals under current searches and for all new relevant time periods as outlined above.

1. David Curle
2. Kati Katzenmeyer
3. Bob Biancamano
4. Andrea Seitz
5. Audrey Zhang
6. Lauren Sazenski
7. Mark Hoerr
8. Vinod Kumar
9. Rachel Vesely
10. Aimee Doles
11. Jenny Deutsch
12. Ben Davis
13. Eric Gleason
14. Maria Redmond
15. Joe Dvorkin
16. David Curle
17. legalmarketingleadership@thomson.com

Third, please let us know when Plaintiffs will be producing documents consistent with the Court's Tuesday order and the additional custodians referenced above. Please provide a date certain on when the documents will be produced. If you do not provide us a date certain within the week, we will need to go to the Court to request a date certain due to the impending discovery deadline.

Regards,

**Jacob Canter**
Pronouns: he/him/his

jcanter@crowell.com
+1.415.365.7210 direct │ +1.415.385.3716 mobile
LinkedIn

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111

**Crowell**

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (SB) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS AND COUNTERDEFENDANTS THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION'S SUPPLEMENTAL INITIAL DISCLOSURES**

Plaintiffs and Counterdefendants Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") and West Publishing Corporation ("West") (collectively, "Plaintiffs"), by and through their undersigned attorneys, submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a) and the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereinafter, the "Default Discovery Rules"), which is incorporated by reference in the Court's Scheduling Order (D.I. 41). These initial disclosures are preliminary and based upon the information reasonably available to Plaintiffs at the time of service. In addition, Plaintiffs' investigations of this matter are ongoing. Plaintiffs reserve the right to revise, correct, supplement, clarify or otherwise amend the disclosures set forth herein. By making these disclosures, Plaintiffs do not waive any applicable privilege or immunity or any other protection or objection, and reserve the right to object to the production or admissibility of any information included in the categories below.

In addition to the disclosures expressly set forth below, Plaintiffs incorporate by reference the individuals, entities, documents and/or categories of documents identified now, or hereafter, in all of the other initial disclosures (including any supplementations) filed by any other party and reserve the right to use, rely upon, seek discovery from or call as witnesses those individuals, entities, documents and/or categories of documents as if they were expressly identified herein.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE IN SUPPORT OF THEIR CLAIMS

In accordance with Federal Rule of Civil Procedure 26(a)(l)(A)(i) and the Default Discovery Rules, Plaintiffs believe the following individuals and entities are likely to have discoverable information that Plaintiffs may use to support their claims or defenses or discoverable information that they may use to support their denial or rebuttal of the allegations, claims, or defenses of ROSS Intelligence Inc. ("ROSS" or "Defendant").

By indicating the general subject matter of information the individuals and entities may possess, Plaintiffs do not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of particular information for any purpose, nor do Plaintiffs waive attorney-client privilege or work-product immunity or any other privilege or immunity. Plaintiffs are in no way limiting their right to obtain discovery from or to call as a witness any individuals or entities listed concerning the listed subjects or other subjects, or to obtain discovery from or call as a witness individuals or entities that are not listed.

All references to corporate entities should be read to include current or former employees, agents and/or representatives of—or others associated with—those entities whose identities are presently unknown to Plaintiffs.

A. **Plaintiffs' Employees**

All current and former employees of Plaintiffs should be contacted through their attorneys of record at Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, (212) 446-4800. Plaintiffs expressly do not authorize (a) Defendant to contact or otherwise communicate with any of Plaintiffs' current or former employees or representatives; or (b) any communications otherwise prohibited by all applicable rules of professional conduct. By indicating the general subject matter of information an individual may possess, Plaintiffs do not limit their right to call that individual to testify concerning other subjects or agree that all topics within a subject matter would be relevant.

| Name | Title/Role | Subjects of Information |
|------|-----------|------------------------|
| Andrew Martens<br>c/o Kirkland & Ellis LLP | Head of Product & Editorial, Legal Professionals | Westlaw technology and the editorial process of drafting and organizing Westlaw headnotes, including (i) the conception, creation, development, and maintenance of the Westlaw database; and (ii) the organization and updating of the West Key Number System and West Headnotes; Plaintiffs' copyrights in Westlaw; and the value of the Westlaw Content[1] appropriated by ROSS; Westlaw customer requests and customer licensing strategy; Thomson Reuters's relationships and interactions with third-party competitors; Westlaw historical and current product development. |

---

[1] The term "Westlaw Content" means and refers to any and all Westlaw content owned by Plaintiffs, including, without limitation, the West Key Number System and West Headnotes, and expressly excluding any work prepared by a United States government officer or employee as a part of that person's official duties, including without limitations, government edicts, legislative enactments, judicial decisions, or similar types of official legal materials.

| Erik Lindberg<br><br>c/o Kirkland & Ellis LLP | Senior Director Product Management, Westlaw | Westlaw technology. |
|---|---|---|
| Mark Hoffman<br><br>c/o Kirkland & Ellis LLP | Senior Manager Commercial Strategy, Policy and Support Systems | Plaintiffs' damages; harm to Plaintiffs from ROSS's copying; Westlaw customer licensing strategy; Thomson Reuters's Westlaw commercial strategy and licensing practices and policies. |
| Christine Post<br><br>c/o Kirkland & Ellis LLP | Senior Director, Market Research & Competitive Intelligence | Plaintiff's understanding of ROSS's platform; third-party legal research platforms and related products and services. |
| Dustin Cripe<br><br>c/o Kirkland & Ellis LLP | Strategy Manager | Plaintiff's understanding of LegalEase's use of the Westlaw platform at ROSS's request and direction. |
| Isabelle Moulinier<br><br>c/o Kirkland & Ellis LLP | VP AI Lead, Research Capability | Westlaw technology, including its artificial intelligence. |
| Laurie Oliver<br><br>c/o/ Kirkland & Ellis LLP | Manager, Case Editorial | The editorial process of drafting, organizing, and classifying West Headnotes; the updating of West Headnotes and the West Key Number System; training of attorney editors for drafting West Headnotes. |
| Heather Miller-Sammons<br><br>c/o Kirkland & Ellis LLP | Senior Business Analyst | Plaintiffs' understanding of LegalEase's use of the Westlaw platform at ROSS's request and direction. |
| Thomas Leighton<br><br>c/o Kirkland & Ellis LLP | Vice President, Government Relations and Content Acquisitions | Thomson Reuters' processes and procedures for acquiring case law, statutes, and regulations. |
| Bridgett You | Senior Director of Revenue Management and Strategic Pricing | Thomson Reuters's Westlaw commercial strategy and licensing practices and policies. |

B.     **Other Individuals or Entities**

The following individuals may also have information relating to Plaintiffs' claims and

defenses:

| Name | Subjects of Information |
|---|---|
| Andrew Arruda | ROSS's platform; ROSS's copying of Westlaw Content; ROSS's inducement of LegalEase's breach of West's subscriber agreement and unlawful distribution of Westlaw Content to ROSS; ROSS's knowledge of West's subscriber agreement; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions.. |
| Jimoh Ovbiagele | ROSS's platform; ROSS's copying of Westlaw Content; ROSS's inducement of LegalEase's breach of West's subscriber agreement and unlawful distribution of Westlaw Content to ROSS; ROSS's knowledge of West's subscriber agreement; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions.. |
| Thomas Hamilton | ROSS's platform; ROSS's copying of Westlaw Content; ROSS's inducement of LegalEase's breach of West's subscriber agreement and unlawful distribution of Westlaw Content to ROSS; ROSS's knowledge of West's subscriber agreement; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions.. |
| Teri Whitehead | ROSS's copying of Westlaw Content; ROSS's inducement of LegalEase's breach of West's subscriber agreement and unlawful distribution of Westlaw Content to ROSS; ROSS's knowledge of West's subscriber agreement; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions.. |
| Tarek Hafeez | ROSS's copying of Westlaw Content; ROSS's inducement of LegalEase's breach of West's subscriber agreement and unlawful distribution of Westlaw Content to ROSS; ROSS's knowledge of West's subscriber agreement; ROSS's artificial intelligence; ROSS's |

| | |
|---|---|
| | financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions.. |
| Tomas van der Heijden | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Maxim Isakov | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Elias Jonsson | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Sean Shafik | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Charles von Simson | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Jake Stolee | ROSS's platform; ROSS's artificial intelligence; ROSS's financial condition and business model as it relates to their claim for damages; ROSS's process and procedures for obtaining case law, statutes, and regulations; ROSS customer interactions. |
| Third Party Representatives | Options for acquiring case law, statutes, and regulations in a cost-efficient and/or wholesale manner; sources for collections of legal information; customer and intermediary demand for legal search platforms and related products and services. |

## II. CATEGORIES AND LOCATIONS OF DOCUMENTS PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS

Pursuant to Federal Rule of Civil Procedure 26(a)(l)(A)(ii), Plaintiffs identify the following

categories of documents, electronically stored information and tangible things that are in their

possession, custody, or control and state that such materials may be obtainable through counsel for Plaintiffs at the appropriate time:

1.      Documents reflecting the conception, creation, development, and maintenance of the Westlaw database, including the creation, organization, and updating of the West Key Number System and West Headnotes as they relate to ROSS's infringement.

2.      Documents relating to Plaintiffs' copyrights in Westlaw, including their registration thereof with the Copyright Office.

3.      Documents relating to West's contractual relationship with LegalEase, including the agreement LegalEase breached.

4.      Documents relating to ROSS's infringement, including LegalEase's improper use of Westlaw and ROSS's copying of Plaintiffs' copyrighted protected material.

5.      Documents relating to the value of the Westlaw Content copied by ROSS.

6.      Materials relied upon by experts. Such materials will be identified in accordance with the schedule set forth by this Court.

7.      Documents related to Defendants' process for acquiring a collection of legal information, including judicial opinions, state and federal statutes, and state and federal regulations.

8.      Documents related to methods for acquiring a collection of legal information.

9.      Documents related to Thomson Reuters's Westlaw licensing policies.

10.     Documents related to customer and intermediary demand for legal search platforms, collections of legal information, and legal search technology, if any.

Pursuant to the Default Discovery Rules, Plaintiffs further identify the following non-custodial data sources that are most likely to contain non-duplicative discoverable information:

| **Source** |
| --- |
| Westlaw |
| Judicial Workbench |

## III.   NOTICE OF DISCOVERY ISSUES

Pursuant to the Default Discovery Rules, Plaintiffs do not currently anticipate any issues relating to (i) any ESI being not reasonably accessible, (ii) third-party discovery under Federal Rule of Civil Procedure 45, or (iii) production of information subject to privacy protections, including information that may need to be produced from outside of the United States.

## IV.   COMPUTATION OF DAMAGES

Pursuant to Federal Rule of Civil Procedure 26(a)(l)(A)(iii), Plaintiffs seek all damages suffered by Plaintiffs and any profits or gain by ROSS attributable to infringement of Thomson Reuters' copyrights, statutory damages based upon ROSS's willful acts of infringement, and punitive damages based on ROSS's tortious interference with the contractual relationship between LegalEase and West. A computation of these damages and any related documents will be made available at the appropriate time. Plaintiffs also seek fees, expenses, and interest, which will be calculated and provided to ROSS at the appropriate time. Plaintiffs reserve all rights to supplement or modify their computation of damages as the result of discovery.  Plaintiffs incorporate by reference the Expert Report of James E. Malackowski, served April 1, 2022.

## V.   INSURANCE COVERAGE

Pursuant to Federal Rule of Civil Procedure 26(a)(l)(A)(iv), Plaintiffs have insurance agreements under which an insurance business may be liable either to satisfy all or part of a

possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

*Attorneys for Plaintiffs and Counterdefendants*
*Thomson Reuters Enterprise Center GmbH*
*and West Publishing Corporation*

Daniel E. Laytin
Christa C. Cottrell
Cameron Ginder
Alyssa C. Kalisky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

September 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, copies of the foregoing were caused to be served

upon the following in the manner indicated:

David E. Moore, Esquire                          *VIA ELECTRONIC MAIL*
Bindu Palapura, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Defendant and Counterclaimant*

Mark A. Klapow, Esquire                          *VIA ELECTRONIC MAIL*
Lisa Kimmel, Esquire
Crinesha B. Berry, Esquire
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC  20004
*Attorneys for Defendant and Counterclaimant*

Gabriel M. Ramsey, Esquire                       *VIA ELECTRONIC MAIL*
Jacob Canter, Esquire
Warrington Parker, Esquire
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*


                                    */s/ Michael J. Flynn*
                                    _____
                                    Michael J. Flynn (#5333)

# EXHIBIT 3

**Saber, Anna**

---

| | |
|---|---|
| **From:** | Liu, Shira |
| **Sent:** | Tuesday, February 28, 2023 5:09 PM |
| **To:** | Ginder, Cameron; Hughes, Dalton |
| **Cc:** | Means, Miranda; Barsanti, Vanessa; #Thomson-Ross; mflynn@morrisnichols.com; jblumenfeld@morrisnichols.com; ROSS Lit Team; *dmoore@Potteranderson.com1; *bpalapura@potteranderson.com; Bishop, Erin; Miller, Dana R. Bucy |
| **Subject:** | RE: Thomson Reuters et al v. ROSS Intelligence Inc | Ltr re Plaintiffs' Responses to RFP Nos. 234-247 |

Cameron,

In response to my inquiry last week, in yesterday's letter you wrote that Thomson Reuters intends to respond to RFPs 234-36, 238-40, 242, 244, and 247 using the same custodians and search terms that were already negotiated between the parties.  As you know, these search terms were negotiated to address a subset of ROSS's first set of antitrust RFPs.  Given yesterday's response, we have reviewed the search terms in conjunction with these RFPs.  We request a final meet and confer as to how these search terms address RFPs 236, 239, 240, and 242.

Separately, on January 25, Plaintiffs provided ROSS with an updated search string proposal along with a "general road map to show which term satisfies which RFP(s)."  In my February 7 letter to your colleague Vanessa Barsanti, I wrote that according to this road map, Plaintiffs' proposal (which had since been updated on February 1), "does not address the following RFPs: Nos. 182-85, 187, 190, 192, 193-94, 198, 206-07, 210-13, 216-18, 221-22, 229-30, and 232-33," and asked that Plaintiffs confirm how they "intend to identify documents responsive to each of these RFPs."  Ms. Barsanti's February 10 letter did not substantively respond, other than to note that "the search terms are broad and meant to capture responsive information beyond just those Requests listed in the chart."  In my February 14 response, I wrote "If Plaintiffs believe that any of their proposed search strings will capture any of the RFPs listed in my February 7 letter, or have a plan to identify documents for any of these RFPs outside of the search string process, please provide that information before our next meet and confer. If not, ROSS will bring to the Court's attention that the proposed process is inadequate."  During our February 17 meet and confer, Plaintiffs explained that they do intend to respond to some of these RFPs by identifying documents outside of the search string process, and that this information would be provided so that ROSS could evaluate which RFPs remain for the search strings to address.  However, we have not received any follow up information.  We request a final meet and confer as to how Plaintiffs intend to address RFPs 182-85, 190, 192, 193-194, 198, 206, 210, 212, 213, 216-18, 221, 222, 228, 229, 230, and 232.

Please confirm whether you agree to have these items added to the agenda for the meet and confer already scheduled between the parties for this upcoming Friday at 10AM PT.

Thank you.

**Shira Liu**
Pronouns: she/her/hers
Crowell & Moring LLP
sliu@crowell.com
+1.949.798.1325 direct  |  +650.269.8066 mobile

---

**From:** Ginder, Cameron <cameron.ginder@kirkland.com>
**Sent:** Monday, February 27, 2023 11:33 AM
**To:** Hughes, Dalton <DHughes@crowell.com>
**Cc:** Liu, Shira <SLiu@crowell.com>; Means, Miranda <miranda.means@kirkland.com>; Barsanti, Vanessa

<vanessa.barsanti@kirkland.com>; #Thomson-Ross <thomson-ross@kirkland.com>; mflynn@morrisnichols.com; jblumenfeld@morrisnichols.com; ROSS Lit Team <Rosslitteam@crowell.com>; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; Bishop, Erin <erin.bishop@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>
**Subject:** RE: Thomson Reuters et al v. ROSS Intelligence Inc | Ltr re Plaintiffs' Responses to RFP Nos. 234-247

External Email

Shira and Dalton,

Please see attached.

Thanks,
Cameron

**Cameron Ginder**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3757   **M** +1 260 414 9744
**F** +1 312 862 2200

cameron.ginder@kirkland.com

---

**From:** Hughes, Dalton <DHughes@crowell.com>
**Sent:** Tuesday, February 21, 2023 12:40 PM
**To:** Ginder, Cameron <cameron.ginder@kirkland.com>
**Cc:** Liu, Shira <SLiu@crowell.com>; Means, Miranda <miranda.means@kirkland.com>; Barsanti, Vanessa <vanessa.barsanti@kirkland.com>; #Thomson-Ross <thomson-ross@kirkland.com>; mflynn@morrisnichols.com; jblumenfeld@morrisnichols.com; ROSS Lit Team <Rosslitteam@crowell.com>; *dmoore@Potteranderson.com1 <dmoore@Potteranderson.com>; *bpalapura@potteranderson.com <bpalapura@potteranderson.com>; Bishop, Erin <erin.bishop@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>
**Subject:** Thomson Reuters et al v. ROSS Intelligence Inc | Ltr re Plaintiffs' Responses to RFP Nos. 234-247

Cameron,

Please see the attached correspondence.

Thank you,
Dalton

**Dalton Kyle Hughes**
Pronouns: he/him/his
dhughes@crowell.com
+1.312.840.3253 direct   |   +1.615.426.7320 mobile

Crowell & Moring LLP
455 North Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611

# Crowell

**Collaboration Powers Success**

crowell.com

Trade Secrets Trends Blog

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 4

Issue Tags :

Technical Issue :

Hot Docs :

Description :

Control Number :          TRCC-02152101

ProdBegBates :            TRCC-02152101

ProdEndBates :            TRCC-02152116

ProdBegAtt :              TRCC-02152101

ProdEndAtt :              TRCC-02152116

ParentID :

AttachNames :

Custodian :               Thomson Reuters

Author :

DateSent :

Filename :                West Pub Co Responses to
                          Defendants Interrogatories.pdf

Subject :

DateCreated :

TimeCreated :

DateLastModified :

DateReceived :

TimeSent :

TimeZone :                (UTC-06:00) Central Time (US
                          & Canada)

Title :

ChildIDs :

MD5 Hash :

DupeCust :                Thomson Reuters

DupFileName :

DupPath :

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152101

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152102

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152104

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152107

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152108

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152110

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152111

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152113

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02152116

# EXHIBIT 5



CONFIDENTIAL

# EXHIBIT 6



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TRCC-02225066