IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) |
| Plaintiffs and Counterdefendants, | ) ) ) |
| v. | ) C.A. No. 20-613 (SB) ) ) |
| ROSS INTELLIGENCE INC., | ) ) |
| Defendant and Counterclaimant. | ) ) ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (collectively, "Plaintiffs") file this notice to inform this Court of the United States Supreme Court's recent decision in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. ___ (2023), issued on May 18, 2023. The decision is attached hereto as **Exhibit A**.

*Goldsmith* concerns the application of fair use factor one, the purpose and character of the use, to AWF's use of Goldsmith's photograph of the musician Prince in an Andy Warhol artwork titled "Orange Prince." "Orange Prince" is part of a series of silkscreens created by Warhol in his signature color-blocked style. AWF licensed the "Orange Prince" artwork to Conde Nast for use on a magazine cover commemorating Prince, but did not get permission from or pay a licensing fee to Goldsmith. Goldsmith informed AWF of the infringement, and AWF brought suit seeking a declaratory judgment of non-infringement.

The Supreme Court held that the "purpose and character" of AWF's use weighed against fair use. In particular, it held that when "an original work and a secondary use share the same or highly similar purpose, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use, absent some other justification for copying." *Id.* at 20. The Court found that copying could be justified if it "furthers the goals of copyright, namely, to promote the progress of science and the arts, without diminishing the incentive to create." *Id.* at 18. Given that the parties' purposes were highly similar, AWF's use "supersede[d] the objects" of the original photograph, the use was of an "undisputed commercial character," and the use was not justified, the first factor weighed against fair use. *Id.* at 24–25.

This holding is relevant to the parties' pending motions for summary judgment on fair use, D.I. 253, 254, 271, 272, in several respects, and further shows that the Court should grant Plaintiffs' motion, deny ROSS's motion, and find that ROSS's use of the Westlaw Content was not a fair use. **First**, as Plaintiffs have explained, ROSS's copying is not transformative because it serves the same purpose as the original. ROSS's purpose was to create an avowed substitute for Westlaw, and both ROSS and Plaintiff used the Westlaw Content as summations and syntheses of factual and legal issues, selected and arranged in coherent categories. D.I. 254 at 7–8. Both also used the Westlaw Content for the specific purpose of training their AI to provide relevant law in response to user queries. *Id.* The Supreme Court's decision in *Andrew Warhol Foundation* confirms that, when the parties make such similar uses of content, it weighs against fair use.

**Second**, faced with the fact that ROSS's use in this case is commercial, ROSS argued that since *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994), commercialism was unimportant to the factor one analysis. D.I. 318 at 13. However, the Supreme Court's decision in *Andrew*

*Warhol Foundation* shows that, when combined with the fact that a use is not transformative, commercialism weighs against a finding of fair use unless the use is otherwise justified. *Id.* at 20.

**Third**, as Plaintiffs have explained, ROSS's copying would *disincentivize* the creation of works like the Westlaw Content in the future. D.I. 353 at 4. Because the copying diminishes the incentive to create, it does not "further[] the goals of copyright," and there is therefore no "justification" for ROSS's copying here. *See Andy Warhol Foundation*, slip op. at 18 (explaining when copying may be justified). Pursuant to *Andy Warhol Foundation*, where there is no justification, the fact that the use was both commercial and for a highly similar purpose as the original weighs against fair use.

In summary, the recent decision in *Andy Warhol Foundation* further supports a finding that ROSS's use of the Westlaw Content was not fair use.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Michael J. Flynn* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Michael J. Flynn (#5333) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| Dale M. Cendali | Wilmington, DE  19899 |
| Joshua L. Simmons | (302) 658-9200 |
| Eric A. Loverro | jblumenfeld@morrisnichols.com |
| KIRKLAND & ELLIS LLP | mflynn@morrisnichols.com |
| 601 Lexington Avenue |  |
| New York, NY  10022 | *Attorneys for Plaintiffs and Counterdefendants* |
| (212) 446-4800 | *Thomson Reuters Enterprise Center GmbH* |
|  | *and West Publishing Corporation* |
| Miranda D. Means |  |
| KIRKLAND & ELLIS LLP |  |
| 200 Clarendon Street |  |
| Boston, MA 02116 |  |
| (617) 385-7500 |  |

May 26, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 26, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Gabriel M. Ramsey, Esquire<br>Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Margaux Poueymirou, Esquire<br>Anna Z. Saber, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

2

Shira Liu, Esquire　　　　　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA  92614
*Attorneys for Defendant and Counterclaimant*

　　　　　　　　　　　　　　　　　*/s/ Michael J. Flynn*
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Michael J. Flynn (#5333)