# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendant/Counterclaimant. | C.A. No. 20-613-SB <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT ROSS INTELLIGENCE INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

ROSS Intelligence, Inc. ("ROSS") hereby responds to Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation's ("Plaintiffs") Notice of Supplemental Authority. (D.I. 494.) For the reasons below, ROSS disagrees with Plaintiffs' characterization of the Supreme Court's decision in *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. \_\_\_, 143 S. Ct. 1258 (2023) and believe that the decision has limited applicability here. It certainly does not warrant the result Plaintiffs advocate.

*First*, the use of the original and the allegedly infringing images in *Goldsmith* were identical; they were both used as illustrations in magazine articles. *See Goldsmith*, 143 S. Ct. at 1278 n.11. Here, ROSS is accused of no more than ephemerally copying Plaintiffs' purportedly protected headnotes and clicking through key numbers and topics to obtain the unprotectable judicial opinions. It was a necessary step in generating statistical measurements about the text and creating statistical analyses of the relationships between words. Those are different purposes. Plaintiffs are thus engaged in sleight-of-hand. Although ROSS wanted to build a legal research functionality that competed with the Westlaw platform, that is not the "same purpose" under

copyright law. *Id.* at 1274-75; *see also Sony Computer Ent., Inc. v. Connectix Corp.*, 203 F.3d 596, 607-8 (9th Cir. 2000); Pierre N. Leval, *Toward A Fair Use Standard*, 103 HARV. L. REV. 1105, 1111 (1990). Plaintiffs' asserted copyright does not cover the code or functionality of the Westlaw platform. ROSS did not want, and never tried, to compete with Westlaw Content[1], which is all Plaintiffs claim or could claim copyright over. (*See* D.I. 272 at 2, 19.) Indeed, ROSS did not create any headnotes or taxonomy that any human audience could read.

*Second*, Plaintiffs imply that the *Goldsmith* decision altered the Supreme Court's approach to commercialism under factor one of the fair use analysis. (*See* D.I. 494 at 2-3.) It could not have had such intent. The Court expressly affirmed the rule from *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). *See Goldsmith*, 143 S. Ct. at 1276, 1280 n.13. The Court also reaffirmed its holding in *Google LLC v. Oracle Am., Inc.*, 593 U.S. ___ (2021), that using code in a "new system created for new products" was fair use. *See Goldsmith*, 143 S. Ct. at 1277 n.8. Thus, the rule remains, as ROSS described it in its briefing, that when uses are highly transformative, commercialism is less important. (*See* D.I. 318 at 13.)

*Third*, Plaintiffs argue that a finding of fair use here would "disincentivize" works like the Westlaw Content. They fail to explain how the ephemeral copying of Westlaw Content, to access uncopyrightable material in the form of statistical measurements *about* language, would discourage the creation of Westlaw Content. There is nothing about ROSS's use that would prevent or deter consumers who wish to read textual headnotes and textual taxonomies of case topics from doing so. If consumers prefer ROSS's search *functionality*, then that is something that copyright

---

[1] Plaintiffs define Westlaw Content as the West Key Number System, West-drafted headnotes, and other West-drafted editorial enhancements. (D.I. 1 ¶ 1.)

cannot protect, and is the very innovation that fair use protects. *See Goldsmith*, 143 S. Ct. at 1274; *see also id.*, 143 S. Ct. at 1297 (Kagan, J., dissenting).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Gabriel M. Ramsey<br>Warrington S. Parker III<br>Joachim B. Steinberg<br>Jacob Canter<br>Christopher J. Banks<br>Margaux Poueymirou<br>Anna Z. Saber<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Tel:  (415) 986-2800<br><br>Mark A. Klapow<br>Crinesha B. Berry<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Tel:  (202) 624-2500<br><br>Shira Liu<br>CROWELL & MORING LLP<br>3 Park Plaza, 20th Floor<br>Irvine, CA 92614<br>Tel: (949) 263-8400<br><br>Dated:  May 31, 2023<br>10840943 / 20516.00001 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Andrew L. Brown (#6766)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    abrown@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.* |

3