# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendant/Counterclaimant. | C.A. No. 20-613-SB <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

## DEFENDANT AND COUNTERCLAIMANT ROSS INTELLIGENCE, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR THE SETTING OF A FILTRATION HEARING

OF COUNSEL:
Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*

Dated: June 21, 2024
11572462 / 20516.00001

Public Version Dated: June 28, 2024

**TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF FACTS ................................................................... 1

ARGUMENT ................................................................................................................................ 2

    A.    Copyrightability Should Be Decided By The Court ....................................................... 2

    B.    Filtration Is The Method Used By Courts To Determine Copyrightability .................... 2

    C.    Plaintiffs Wrongly Argue That This Court Determined That The Issues To Be Addressed At A Filtration Hearing Are For The Jury ....................................................... 4

    D.    Judicial Efficiency And Need To Avoid Jury Confusion Supports Holding A Hearing. 5

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Batiste v. Najm*,
    28 F. Supp. 3d 595 (E.D. La. 2014) ............................................................................3

*Compulife Software, Inc. v. Newman*,
    959 F.3d 1288 (11th Cir. 2020) .............................................................................3, 4

*Computer Mgt. Assistance Co. v. Robert F. DeCastro, Inc.*
    220 F.3d 396 (5th Cir. 2000) ......................................................................................3

*Country Kids 'N City Slicks, Inc. v. Sheen*,
    77 F.3d 1280 (10th Cir. 1996) ....................................................................................3

*Dutcher v. Bold Films LP*,
    2019 WL 3899584 (D. Utah Aug. 19, 2019), aff'd, 822 Fed. App'x 858 (10th Cir. 2020) ......5

*Georgia v. Public.Resource.Org, Inc.*,
    590 U.S. 255 (2020) ....................................................................................................1

*Gilbert-Daniels v. Lions Gate Ent. Corp.*,
    2023 WL 8948288 (C.D. Cal. Dec. 7, 2023) ..........................................................2, 3

*Harbor Software, Inc. v. Applied Sys., Inc.*,
    925 F. Supp. 1042 (S.D.N.Y. 1996) ...........................................................................3

*Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,
    43 F. Supp. 3d 644 (E.D. Va. 2014) ...........................................................................3

*Kohus v. Mariol*,
    328 F.3d 848 (6th Cir. 2003) ......................................................................................3

*Lerch Bates, Inc. v. Michael Blades & Assocs., Ltd.*,
    2023 WL 6276643 (D.D.C. Sept. 26, 2023) ...............................................................5

*Mattel, Inc. v. MGA Entertainment, Inc.*,
    616 F.3d 904 (9th Cir. 2010) ......................................................................................3

*MiTek Holdings Inc. v. Arce Eng'g Co.*,
    89 F.3d 1548 (11th Cir. 1996) ....................................................................................3

*Morford v. Cattelan*,
    2022 WL 2466775 (S.D. Fla. July 6, 2022) ...............................................................3

*Pivot Point Int'l, Inc. v. Charlene Prod., Inc.*,
    932 F. Supp. 220 (N.D. Ill. 1996) ............................................................................. 2

*Real View, LLC v. 20-20 Techs., Inc.*,
    683 F. Supp. 2d 147 (D. Mass. 2010) ....................................................................... 5

*SAS Inst., Inc. v. World Programming Ltd.*,
    64 F.4th 1319 (Fed. Cir. 2023) ......................................................................... 1, 2, 5

*Southco, Inc. v. Kanebridge Corp.*,
    390 F.3d 276 (3d Cir. 2004) ............................................................................ 1, 2, 4

*Swirsky v. Carey*,
    376 F.3d 841 (9th Cir. 2004) .................................................................................... 3

*Tetris Holding, LLC v. Xio Interactive, Inc.*,
    863 F. Supp. 2d 394 (D.N.J. 2012) ........................................................................... 2

*Thomson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*,
    2023 WL 6210901 (D. Del. Sept. 25, 2023) ......................................................... 4-5

*Wheaton v. Peters*,
    33 U.S. 591 (1834) .................................................................................................... 1

*Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*,
    797 F.2d 1222 (3d Cir. 1986) .................................................................................... 2

*William A. Graham Co. v. Haughey*,
    430 F. Supp. 2d 458 (E.D. Pa. 2006) ....................................................................... 4

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*,
    259 F.3d 25 (1st Cir. 2001) ...................................................................................... 2

**RULES**

Fed. R. Civ. P. 16(c)(2)(L) ................................................................................................ 5

**OTHER AUTHORITIES**

3 NIMMER ON COPYRIGHT § 12.10(B)(1) ......................................................................... 2

3 NIMMER ON COPYRIGHT § 12.10(B)(3) ......................................................................... 2

3 NIMMER ON COPYRIGHT § 13.03(E) .............................................................................. 3

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs have accused ROSS of infringing the text ▬ headnotes,¹ ▬ legal topics, portions of the key number system, and materials ▬▬▬. (See D.I. 272 at 10-11). ROSS is asking this Court to hold a filtration hearing akin to that approved in *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1329-32 (Fed. Cir. 2023). Such a hearing will remove from consideration materials that are not copyrightable. It leaves for trial the issues of fair use and the determination of copyright infringement.

This motion focuses solely on the text of the headnotes and the ▬ legal topics as they raise issues of copyrightability. The text of the headnotes are direct quotes from or are virtually identical to the language of judicial opinions. They are not for that reason copyrightable, i.e., not protected by the Copyright Act. *Wheaton v. Peters*, 33 U.S. 591, 668 (1834); *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255, 263-64 (2020); Ex. A (examples of the headnotes that would be presented for consideration at a filtration hearing). There are a few reasons the ▬ topics are not copyrightable. *See* Ex. B (the topics).² One reason is that they are stand-alone words and therefore are not protected by the Copyright Act. *See, e.g., Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 285 (3d Cir. 2004).

---

¹ The ▬▬ comes from Plaintiffs' interrogatory responses. However, following this Court's July 25, 2023 discovery order ▬▬▬ Plaintiffs only disclosed ▬▬ as infringing. Jonathan Krein's Reply Report, D.I. 320-1 (Plaintiffs' Sealed Ex. 105, PDF pp. 16-107). Krein states at page iii (PDF p. 2) that Appendix D to that Reply Report is ▬▬▬▬.

² ▬▬▬▬▬▬▬▬▬▬▬▬▬. (D.I. 272 at 10). ROSS mentions this for context. Whether Plaintiffs agree with this is not relevant to this Court's decision to grant this motion.

## ARGUMENT

### A.  Copyrightability Should Be Decided By The Court

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████  In the words of Judge Easterbrook, "[w]hether mannequin heads in general, or these mannequin heads in particular, are copyrightable is a question of law, which the court will decide . . . A jury has nothing to do with this subject." *Pivot Point Int'l, Inc. v. Charlene Prod., Inc.*, 932 F. Supp. 220, 225 (N.D. Ill. 1996); *see also SAS Inst., Inc.* 64 F.4th at 1328; *Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 34 n. 5 (1st Cir. 2001) ("The extent to which the . . . labels contain protected expression is a matter of law, determined by the court." And noting that once this determination is made before the question of substantial similarity is for the trier of fact); 3 NIMMER ON COPYRIGHT § 12.10(B)(1).

### B.  Filtration Is The Method Used By Courts To Determine Copyrightability

"[T]o avoid 'injecting copyrightability into the jury trial and unavoidably making it part of the jury's infringement analysis,'" *SAS Inst., Inc.*, 64 F.4th at 1328, courts engage in a filtration process. The majority of courts use an abstraction-filtration process. 3 NIMMER ON COPYRIGHT § 12.10(B)(3). Other courts, like the Ninth Circuit, use an extrinsic-intrinsic test. *See, e.g., Gilbert-Daniels v. Lions Gate Ent. Corp.*, 2023 WL 8948288, at *8 (C.D. Cal. Dec. 7, 2023).[3]

---

[3] The Third Circuit applies a test articulated in *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986). According to one court, the abstract-filtration test and *Whelan* test are similar. *Tetris Holding, LLC v. Xio Interactive, Inc.*, 863 F. Supp. 2d 394, 401-03 (D.N.J. 2012)

For those courts that employ an abstraction-filtration process, at the abstraction step, the court "separate[s] the ideas (and basic utilitarian functions), which are not protectable from the particular expression of the work." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284-1285 (10th Cir. 1996).[4] At the filtration step, the court "filters out the nonprotectable components of the product from the original expression." *Id*. at 1285; *see also Compulife Software, Inc. v. Newman*, 959 F.3d 1288, 1303 (11th Cir. 2020); *Computer Mgt. Assistance Co. v. Robert F. DeCastro, Inc.* 220 F.3d 396, 400-01 (5th Cir. 2000); *MiTek Holdings Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1555 (11th Cir. 1996); *Batiste v. Najm*, 28 F. Supp. 3d 595, 602-11 (E.D. La. 2014); *Harbor Software, Inc. v. Applied Sys., Inc.*, 925 F. Supp. 1042, 1046 (S.D.N.Y. 1996); 3 NIMMER ON COPYRIGHT § 13.03(E); *cf. Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 916 (9th Cir. 2010) (noting that trial court committed "significant" error "in failing to filter out all the unprotectible elements" of the copyrighted work).

For those courts that follow the extrinsic-intrinsic test, *the court* "filters out the unprotective elements and compares what remains." *Gilbert-Daniels*, 2023 WL 8948288, at *8; *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004).  Once done, *a trier of fact* determines substantial similarity using an intrinsic test.  *Gilbert-Daniels*, 2023 WL 8948288, at *8; *Swirsky*, 376 F.3d at 845; *Kohus v. Mariol*, 328 F.3d 848, 857-58 (6th Cir. 2003); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 43 F. Supp. 3d 644, 659-60 (E.D. Va. 2014) (explaining the Fourth Circuit's adoption of this standard and citing cases).

---

[4] Although courts first applied the abstraction-filtration process in the software context, this process has been applied more broadly.  *See, e.g., Morford v. Cattelan*, 2022 WL 2466775 (S.D. Fla. July 6, 2022) (art); *Batiste v. Najm*, 28 F. Supp. 3d 595 (E.D. La. 2014) (music).  The extrinsic-intrinsic test has been applied to various works, including music, architectural designs, and dolls.  *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 43 F. Supp. 3d 644 (E.D. Va. 2014); *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904 (9th Cir. 2010).

This process is engaged so that the factfinder can determine the factual question of whether there has been copyright infringement. And it avoids asking the jury to make the legal determination of what aspects of the allegedly infringed work are not protected by copyright law.

### C. Plaintiffs Wrongly Argue That This Court Determined That The Issues To Be Addressed At A Filtration Hearing Are For The Jury

Plaintiffs claim that this Court addressed the issues contemplated by ROSS's proposal because this Court determined that a jury needed to decide the issue of originality. (D.I. 601 (citing D.I. 547 at 7-8)). Originality might be a jury question. However, originality is not what ROSS proposes would be addressed in a filtration hearing.

The filtration hearing is to determine whether the headnotes and topics are protected at all by the Copyright Act because they are essentially, and actually are, copies of the text of uncopyrightable judicial opinions.[5] That is a question of law. *See supra*; *see also William A. Graham Co. v. Haughey*, 430 F. Supp. 2d 458, 465 (E.D. Pa. 2006); *cf. Southco, Inc.*, 390 F.3d at 299 n.18 (noting a distinction between an issue of evidence and a legal question, stating that "the rebuttable presumption that attaches to registered works is an *evidentiary rule* – it has no apparent application to legal issues such as copyrightability").

This Court's summary judgment decision is not inconsistent with ROSS's proposal for another reason. This Court concluded that the jury must decide whether ROSS's works are substantially similar to *copyrightable* portions of Plaintiffs' works. *Thomson Reuters Enter. Ctr. GmbH v. Ross Intel. Inc.*, 2023 WL 6210901, at *4-5 (D. Del. Sept. 25, 2023). This requires application of an "ordinary observer" test. *Id*. The Court did not conclude that the ordinary observer test includes deciding what material is copyrightable and what material is not.

---

[5] *See, e.g.*, *Compulife Software, Inc.*, 959 F.3d at 1303 (noting that copying of a work's unprotectable elements is not actionable "regardless of how may unprotectable elements are copied or how important they may be").

### D. Judicial Efficiency And Need To Avoid Jury Confusion Supports Holding A Hearing.

Having the Court resolve the question of copyrightability before trial will also streamline the trial and simplify the issues. Plaintiffs have identified ▇ headnotes and ▇ legal topics that they claim ROSS infringed, and this Court has stated that infringement of each headnote needs to be determined individually. *Ross Intel. Inc.*, 2023 WL 6210901 at *2-3. If the Court rules that certain headnotes are not copyrightable before trial, then the jury will not have to determine whether those headnotes were infringed.

Federal Rule of Civil Procedure 16(c)(2)(L) gives a Court broad latitude to adopt the procedures it deems appropriate to streamline issues before trial, which includes identifying what is protectable before the determination of what is copied. It need not be raised in a summary judgment motion. *SAS Inst., Inc.*, 64 F.4th at 1332 (finding the district court's copyrightability hearing appropriate to efficiently address protectability and holding hearing outside of summary judgment context); *Lerch Bates, Inc. v. Michael Blades & Assocs., Ltd.*, 2023 WL 6276643, at *12 n. 13 (D.D.C. Sept. 26, 2023) (copyrightability hearing); *Dutcher v. Bold Films LP*, 2019 WL 3899584 at *1 (D. Utah Aug. 19, 2019), *aff'd*, 822 Fed. App'x 858 (10th Cir. 2020) (granting motion in limine to filter unprotected elements from alleged copyrighted work); *Real View, LLC v. 20-20 Techs., Inc.*, 683 F. Supp. 2d 147, 150 (D. Mass. 2010) (holding a preliminary hearing to determine whether the alleged copyrighted work was protected under copyright law).

### CONCLUSION

For these reasons, ROSS asks that this Court schedule a pre-trial filtration hearing.

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: June 21, 2024
11572462 / 20516.00001

Public Version Dated: June 28, 2024

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*