IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) | |
| Defendant and Counterclaimant. | ) ) ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
## FOR THE SETTING OF A FILTRATION HEARING

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

July 12, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

**TABLE OF CONTENTS**

**Page**

I. THE THIRD CIRCUIT DOES NOT APPLY ABSTRACTION-FILTRATION ...............1

II. THIS COURT DETERMINED COPYRIGHTABILITY IS A JURY QUESTION ...........2

III. COPYRIGHTABILITY HEARINGS ARE ONLY CONDUCTED IN JURISDICTIONS THAT APPLY THE ABSTRACTION-FILTRATION TEST..............3

CONCLUSION................................................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ABR Benefits Servs., Inc. v. NCO Grp.*,
  1999 WL 695596 (E.D. Pa. Sept. 9, 1999) ................................................................................1

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*,
  489 F.3d 1129 (11th Cir. 2007) ................................................................................................2

*Cody Foster & Co. v. Urb. Outfitters, Inc.*,
  2015 WL 12698385 (D. Neb. Sept. 25, 2015) ..........................................................................2

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
  982 F.2d 693 (2d Cir. 1992)......................................................................................................4

*Dam Things from Den. v. Russ Berrie & Co., Inc.*,
  290 F.3d 548, 561-62 (3d Cir. 2002) ........................................................................................1

*Ets-Hokin v. Skyy Spirits, Inc.*,
  225 F.3d 1068 (9th Cir. 2000) ..................................................................................................2

*Feltner v. Colum. Pictures Tv*,
  523 U.S. 340 (1998)..................................................................................................................2

*Griffin v. Sheeran*,
  351 F. Supp. 3d 492 (S.D.N.Y. 2019).......................................................................................2

*Morelli v. Tiffany & Co.*,
  2001 WL 179898 (E.D. Pa. Jan. 10, 2001) ...............................................................................2

*Paul Morelli Design, Inc. v. Tiffany & Co.*,
  200 F. Supp. 2d 482 (E.D. Pa. 2002) ........................................................................................1

*Real View, LLC v. 20-20 Techs., Inc.*,
  683 F. Supp. 2d 147 (D. Mass. 2010) ...................................................................................4, 5

*SAS Inst., Inc. v. World Programming Ltd.*,
  64 F.4th 1319 (Fed. Cir. 2023) ..............................................................................................4, 5

*Southco, Inc. v. Kanebridge Corp.*,
  390 F.3d 276 (3d Cir. 2004)......................................................................................................3

*Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*,
  797 F.2d 1222 (3d Cir. 1986)............................................................................................1, 3, 4

*William A. Graham Co. v. Haughey*,
 2006 WL 1704539 (E.D. Pa. June 14, 2006) ...........................................................................1

*Yurman Design, Inc. v. PAJ, Inc.*,
 262 F.3d 101 (2d Cir. 2001) ....................................................................................................2

*Zahourek Sys., Inc. v. Balanced Body Univ., LLC*,
 965 F.3d 1141 (10th Cir. 2020) ...............................................................................................2

**Other Authorities**

Nimmer on Copyright §13.03(A)(1)(d) ...........................................................................................4

No court in the Third Circuit has ever conducted a "filtration hearing." Instead, the Third Circuit addresses copyrightability as part of the jury's substantial similarity inquiry, or, where no underlying facts are in dispute, on summary judgment. *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986); *ABR Benefits Servs., Inc. v. NCO Grp.*, 1999 WL 695596, at *1 (E.D. Pa. Sept. 9, 1999). This Court has already determined there are questions of fact that must be resolved by the jury. D.I. 547 at 7.

I.   **THE THIRD CIRCUIT DOES NOT APPLY ABSTRACTION-FILTRATION**

Where highly technical subject matter is concerned, the Third Circuit applies the *Whelan* test, in which both expert and lay testimony are admissible, and substantial similarity is decided based on the totality of the evidence. *Whelan*, 797 F.2d at 1236. In all other circumstances, the Third Circuit applies the "lay observer" test for substantial similarity, comparing the unique expressions of the author to the secondary work, and considering whether the lay observer "unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Dam Things from Den. v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561–62 (3d Cir. 2002).

Courts across the country and in this Circuit have reserved copyrightability and originality for the jury.[1] *See, e.g.*, *ABR*, 1999 WL 695596, at *1 (denying summary judgment "[b]ecause the question of whether Plaintiff's works are deserving of copyright protection is a mixed question of law and fact about which genuine issues of material fact remain[.]"); *see also Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482 (E.D. Pa. 2002) (charging the jury with deciding copyrightability); *William A. Graham Co. v. Haughey*, 2006 WL 1704539, at *2 (E.D. Pa. June

---

[1]   Arguing copyrightability is purely a question of law, ROSS cites cases from the First and Seventh Circuits where no facts underlying copyrightability were disputed. Mot. at 2. These cases are inapt. *Pivot Point* concerned a motion *in limine* to exclude a professor's testimony on copyright law, and *Yankee Candle* concerned product labels, typically the subject of trademark law.

1

14, 2006) ("copyrightability presented a triable issue").[2] Likewise substantial similarity, of which copyrightability is a subcomponent, is a jury issue. *See Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 111 (2d Cir. 2001) (recognizing Seventh Amendment right to a jury trial on substantial similarity) citing *Feltner v. Colum. Pictures Tv*, 523 U.S. 340, 346 (1998).

Moreover, courts in the Third Circuit hold that "[o]riginality is the indispensable prerequisite for copyrightability" and will decline to issue preliminary rulings on copyrightability because "[t]he issue of the 'originality' of plaintiff's [works] is a question of fact for the factfinder to determine." *Morelli v. Tiffany & Co.*, 2001 WL 179898, at *1 (E.D. Pa. Jan. 10, 2001) (refusing defendant's request that the court preliminarily determine copyrightability).

## II. THIS COURT DETERMINED COPYRIGHTABILITY IS A JURY QUESTION

Consistent with this vast body of law, this Court already determined on summary judgment that originality and copyrightability are inextricably linked, and that substantial similarity and originality were factual issues for the jury. D.I. 547 at 7–8 (finding that "the jury needs to decide [the Key Number System's] originality, whether it is in fact protected, and how far that protection extends," that "[t]he parties dispute how Thomson Reuters develops its headnotes and how closely those headnotes resemble uncopyrightable opinions," and that there is "a genuine factual dispute

---

[2] *See also Zahourek Sys., Inc. v. Balanced Body Univ., LLC*, 965 F.3d 1141, 1143 (10th Cir. 2020) ("[W]e consider the copyrightability of the [work] as a mixed question of law and fact."); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000) ("Whether a particular photograph is protected by copyright law is a mixed question of law and fact"); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1151 (11th Cir. 2007) ("[t]he jury's determination that [plaintiff's] copyrights were valid was necessarily based on several factual findings, including that [plaintiff's] compilation contained original elements of creative authorship"); *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 497 (S.D.N.Y. 2019) ("Courts treat the question whether particular elements of a work demonstrate sufficient originality and creativity to warrant copyright protection as a question for the factfinder.") (cleaned up); *Cody Foster & Co. v. Urb. Outfitters, Inc.*, 2015 WL 12698385, at *4 (D. Neb. Sept. 25, 2015) ("Because originality is an inherently fact-specific inquiry, the Court is persuaded that copyrightability is a mixed question of law and fact, and that originality is a question of fact for the jury.").

about how original the headnotes are" which "affects the strength and extent of Thomson Reuters's copyright, and it also goes to whether Ross was copying the headnotes or the opinions themselves.").[3] ROSS argues that the "filtration hearing" would be to determine which headnotes and topics are "copies of the text of uncopyrightable judicial opinions," but the Court already found that the question of whether or to what extent the West Headnotes are copies of judicial opinions ***is a disputed fact*** which the Court expressly reserved for the jury. Mot. at 4; D.I. 547 at 8.

ROSS attempts to separate copyrightability from originality in arguing that the Court should preliminarily decide the former at a "filtration hearing," even though the latter "might be a jury question." Mot. at 4. But ROSS's argument for *why* Plaintiffs' works are uncopyrightable depends on the Westlaw Content being insufficiently original. D.I. 272 at 14. The Court already addressed this issue in its summary judgment decision and laid out a clear rule for the jury to apply to the factual issues in the case to determine what material is protectable, concluding that each West Headnote must be examined for whether it "varies more than trivially" from a judicial opinion. D.I. 547 at 7 (cleaned up). The jury is up to the task. Thus, ROSS's attempt to separate a legal determination from its underlying facts fails.[4] *See* Mot. at 4.

### III. COPYRIGHTABILITY HEARINGS ARE ONLY CONDUCTED IN JURISDICTIONS THAT APPLY THE ABSTRACTION-FILTRATION TEST

The only context in which a "filtration hearing" has been conducted is abstraction-filtration-comparison, but the Third Circuit (famously) does not apply this test.[5] The only so-

---

[3] ROSS also argues that the West Key Number System cannot be copyrightable because "they are stand-alone words[.]" Mot. at 1. Plaintiffs do not claim copyright in the words themselves, but rather claim copyright in the organizational structure, taxonomy, and selection and arrangement embodied in the West Key Number System.

[4] ROSS also cites to a footnote in the dissent in *Southco* to cast the presumptive validity offered by a copyright registration as merely an "evidentiary rule." *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 299 n.18 (3d Cir. 2004). In reality, this just stands for the unremarkable proposition that an appeals court may review the decisions of the Copyright Office *de novo*.

[5] ROSS argues that many courts employ abstraction-filtration, Mot. at 2–3, but tellingly cites nothing from the Third Circuit applying abstraction-filtration and hides *Whelan*, the controlling

3

called "filtration hearings" ever held in the history of copyright law were in two complex cases that involved "non-literal" copying from computer programs, e.g., copying of structure, sequence, and organization such as program architecture, modules, and interfaces. One was at the judge's request to aid it in deciding the parties' summary judgment motions. *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1328 (Fed. Cir. 2023). Specifically, "the district court requested additional briefing and argument on a narrow question: what is the 'core protectable expression' of the SAS System that WPL allegedly copied" and "the parties were asked to put forward competing evidence directed to the abstraction and filtration steps of the abstraction-filtration-comparison test" for substantial similarity. *Id*. The other, *Real View, LLC v. 20-20 Technologies, Inc.*, also involved a highly complex computer program, for which the court required an expert tutorial. 683 F. Supp. 2d 147 (D. Mass. 2010).

Both cases were in circuits that apply "abstraction-filtration-comparison", a multi-step test for substantial similarity between utilitarian works that involves "break[ing] down the allegedly infringed program into its constituent structural parts," (abstraction) "examining the structural components at each level of abstraction to determine whether their particular inclusion at that level was 'idea' or was dictated by considerations of efficiency," (filtration), and considering "whether the defendant copied any aspect of this protected expression, as well as an assessment of the copied portion's relative importance with respect to the plaintiff's overall program" (comparison). *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 706, 710 (2d Cir. 1992).[6]

---

law, in a footnote, vaguely claiming the tests are "similar." They are not. In fact, *Whelan* was famously criticized by *Altai*, and has been generally viewed as more protective of copyrighted works. 4 Nimmer on Copyright §13.03(A)(1)(d) (contrasting *Whelan* and *Altai*).

[6] The other cases on which ROSS relies do not change this. (Mot. at 5). There was no filtration hearing in *Lerch Bates*; rather, the court was deciding copyrightability on summary judgment and merely noted in a footnote that a copyrightability hearing could be proper, but that thought was mere *dicta*. *Dutcher* concerned a motion *in limine* moving for the exclusion of specific evidence under the Federal Rules of Evidence; it was not a filtration hearing.

The nature of the works at issue here does not require judicial resources be spent on a filtration hearing. Unlike in *SAS* and *Real View*, this case does not present complex protectability questions that would require an expert tutorial or testimony. This is not a computer programming case, and it is unclear what "jury confusion" ROSS expects beyond difficulty assessing the sheer volume of material that ROSS copied.[7] Mot. at 5. Both sides have disclosed experts to assist the jury in analyzing the material, and the scale of ROSS's infringement is no reason to deprive Plaintiffs of a jury trial on an issue reserved for the jury. The issues posed here are straightforward and easy for a jury to understand; ROSS itself presents the issue as a question of "whether the headnotes and topics are protected at all by the Copyright Act because they are essentially, and actually are, copies of the text of uncopyrightable judicial opinions." Mot. at 4.

Trial is set to begin August 26th, less than two months from when ROSS filed this Motion. Now, instead of preparing for trial, the parties face the prospect of preparing for another hearing to resolve issues that, were they truly pure issues of law involving no underlying disputed facts, would have been resolved on summary judgment. This Court decided otherwise. Moreover, the proposed hearing would require delaying trial and wasting both judicial and party resources.

## CONCLUSION

For the foregoing reasons, Thomson Reuters respectfully requests that the Court deny ROSS's request for a "filtration hearing," and allow the parties to continue to focus on the jury trial set by the Court nine months ago.

---

[7] ROSS's motion also ignores that, while Plaintiffs limited their summary judgment motion to a subset of headnotes uncontested by ROSS's experts, Plaintiffs' claims have never been limited to the *text* of the West Headnotes. Since the filing of their Complaint, Plaintiffs have asserted that they not only own a copyright in the text of the headnotes, but also in their creative choices in *selecting* which headnotes to write for a given case, which points of law to emphasize with a separate headnote, and how these headnotes relate to, and are *arranged* within, the innovative West Key Number System. D.I. 1 at 5, 8. Plaintiffs expressly reiterated this claim in their summary judgment briefing. D.I. 250 at 2, n. 1; 10, n. 3; 14, n. 4.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Michael J. Flynn* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Michael J. Flynn (#5333) |
| Dale M. Cendali | 1201 North Market Street |
| Joshua L. Simmons | P.O. Box 1347 |
| Eric A. Loverro | Wilmington, DE 19899 |
| KIRKLAND & ELLIS LLP | (302) 658-9200 |
| 601 Lexington Avenue | jblumenfeld@morrisnichols.com |
| New York, NY 10022 | mflynn@morrisnichols.com |
| (212) 446-4800 | |
| | *Attorneys for Plaintiffs and Counter-Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation* |
| Miranda D. Means | |
| KIRKLAND & ELLIS LLP | |
| 200 Clarendon Street | |
| Boston, MA 02116 | |
| (617) 385-7500 | |

July 12, 2024

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 12, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Margaux Poueymirou, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)