## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>) |
| Plaintiffs/Counterdefendants, | ) C.A. No. 20-613-SB<br>)<br>) **JURY TRIAL DEMANDED** |
| v. | )<br>) |
| ROSS INTELLIGENCE INC., | )<br>) |
| Defendant/Counterclaimant. | ) |

**ROSS INTELLIGENCE'S REVISED PROPOSED VOIR DIRE[1]**

---

[1] A redline comparison document showing the changes to Defendant's prior Voir Dire is attached as Exhibit A.

Good morning, ladies and gentlemen. I am Judge Bibas, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned *Thomson Reuters Enterprise Centre GMBH and West Publishing Corporation v. ROSS Intelligence, Inc*.

For those of you selected to serve as jurors, I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you that the plaintiffs accuse defendant of copyright infringement and tortious interference with contract lawsuit related to the legal search platform Westlaw. The defendant denies these allegations and asserts a number of affirmative defenses, including that the copyrights are invalid.

This trial is expected to take up to five (5) days. I time my trials, so the attorneys must complete their trial presentations within these limits. However, jury deliberations may require you to be present longer than the scheduled five (5) days. Our trial days after today will run approximately from 9:00 a.m. to 4:30 p.m. Typically, the schedule will include a morning break of fifteen minutes, a lunch break of up to an hour, and an afternoon break of fifteen minutes.

I will now ask you certain questions, the purpose of which is to: (1) enable the Court to determine whether any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel. You all have a printed copy of these questions and a pen. If your answer is "yes" to any question, please take your pen and check next to the number of that question. After I finish reading all the questions, you will be asked in order if you answered "yes" to any questions. If so, the lawyers and I will ask you to come back into a jury room to discuss your answers more privately.

The questions are as follows:

1. Does the schedule that I described present any significant difficulties for you?

2. Do you have any personal knowledge of this case, or have you heard or read anything about this case other than what I have told you today?

3. Have you or a member of your immediate family such as a spouse, child, parent, or sibling ever worked for, owned stock in, or had a business relationship with, any of the following companies:

    a. Thomson Reuters Enterprise Centre GMBH

    b. West Publishing Corporation

    c. ROSS Intelligence, Inc.

4. Have you or a member of your immediate family had any experience, good or bad, with the products of any of those companies or otherwise have any strong feelings toward any of these companies?

5. I will now read to you a list of the law firms and attorneys involved in this litigation.

    a. Kirkland & Ellis LLP

    b. Morris, Nichols, Arsht & Tunnell LLP

    c. Crowell & Moring LLP

    d. Potter Anderson & Corroon, LLP

    e. Jack B. Blumenfeld

    f. Michael J. Flynn

    g. Dale M. Cendali

    h. Miranda D. Means

    i. Eric A. Loverro

    j.  Joshua L. Simmons

    k.  Yungmoon Chang

    l.  Allyn Belusko

    m.  Jeremy King

    n.  David Ellis Moore

    o.  Andrew L. Brown

    p.  Bindu Ann George Palapura

    q.  Warrington Parker

    r.  Joachim B. Steinberg

    s.  Crinesha B. Berry

    t.  Ryan Seewald

    u.  Anna Z. Saber

Do you know any of these attorneys or law firms?

  6.  Have you, your immediate family members, or people close to you had any business dealings with, or been employed by, any of these attorneys or law firms?

  7.  I will now read to you a list of the individuals who might appear as witnesses in this case.

    a.  Jonathan Krein

    b.  Erik Lindberg

    c.  James Malackowski

    d.  Isabelle Moulinier

    e.  Laurie Oliver

    f.  Khalid Al-Kofahi

g. Andrew Arruda

h. Christopher Cahn

i. Pargles Dall'Oglio

j. Tariq Hafeez

k. Thomas Hamilton

l. Mark Hoffman

m. Thomas Leighton

n. Andrew Martens

o. Jimoh Ovbiagele

p. Sean Shafik

q. Julie Smith

r. Cameron Tario

s. Tomas van der Heijden

t. Charles Von Simson

u. Ed Walters

v. Teri Whitehead

w. [ROSS expert's name to be inserted]

x. Alan Cox

y. Barbara Frederiksen-Cross

z. Richard Leiter

Do you know any of these potential witnesses?

4

8. Have you ever been educated, employed, trained, or had any experience in any of the following fields: computer science, computer coding, artificial intelligence, machine learning, writing, publishing, editing, law, accounting, or economics?

9. Does any member of your immediate family, or anyone else close to you, work in the legal profession in any capacity?

10. Do you have any beliefs or feelings concerning artificial intelligence or machine learning, and efforts to use artificial intelligence or machine learning that might make you biased or prejudiced for or against the use of artificial intelligence or machine learning?

11. Do you have any strong opinions about a foreign corporation doing business in the United States and competing with U.S. companies?

12. Do you have any strong opinions about corporations with operations primarily in Silicon Valley, California?

13. Have you ever heard of or do you use the computerized legal research platform Westlaw?

14. Have you ever performed legal research before?

15. Do you have any strong opinions, good or bad, about computerized legal research platforms or Westlaw?

16. Have you ever been a plaintiff, a defendant, or a witness in a civil lawsuit?

17. Have you ever served as a juror in a lawsuit?

18. Have you ever had any experience with the legal system that might keep you from being a fair and impartial juror?

19. Have you or a member of your immediate family or close friends ever been employed by or had any other contact with the United States Copyright Office or Library of Congress?

20. Do you have any beliefs or feelings concerning copyrights, and the efforts to enforce copyrights that might make you biased or prejudiced for or against the enforcement of copyrights?

21. Do you have any knowledge about or experience with copyrights, including applying for a copyright, or a dispute about a copyright, whether it is personal experience or an experience of an immediate family member or anyone else close to you?

22. Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

23. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you or render a verdict based solely on the evidence presented at trial?

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: August 2, 2024
11684888 / 20516.00001

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant ROSS Intelligence, Inc.*