IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> ROSS INTELLIGENCE INC., <br><br> Defendant and Counterclaimant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 20-613 (SB) |

**PLAINTIFF AND COUNTERDEFENDANT'S
<u>REVISED PROPOSED VERDICT FORM</u>**

Pursuant to the Court's request at the pretrial conference, Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation respectfully submit the attached Proposed Revised Jury Verdict form.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

August 15, 2024

*/s/ Michael J. Flynn*
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants
Thomson Reuters Enterprise Center GmbH
and West Publishing Corporation*

**Verdict Form —** ***Thomson Reuters v. ROSS***

**Instructions:** Please read and answer the questions below, beginning with Question 1. After you have answered each question, follow the instructions that correspond to your answer. The instructions will either direct you to answer another question or direct you to stop.

**<u>Direct Copyright Infringement</u>[1]**

1. **Do you find that Thomson Reuters proved by a preponderance of the evidence that it holds a valid copyright in Westlaw?[2]**

    Yes _____    (for Thomson Reuters)

    No _____    (for ROSS)

*If you answered "YES" to Question 1, proceed to Question 2.*

*If you answered "NO" to Question 1, skip to Question 12.*

2. **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS copied original elements of Westlaw?[3]**

    Yes _____    (for Thomson Reuters)

    No _____    (for ROSS)

*Proceed to Question 3.*

---

[1]  The elements of copyright infringement are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991).

[2]  ROSS's verdict form asks whether Plaintiffs hold a valid copyright in "the asserted headnotes," D.I. 647 at 2, but the first element of copyright infringement addresses the work as a whole. *Feist*, 499 U.S. at 361. Consideration of the constituent elements of the work that were copied is part of the second element of copyright infringement. *Id.*

[3]  ROSS' verdict form asks whether ROSS had access to Plaintiffs' headnotes and the West Key Number System, D.I. 647 at 2, 4, but this Court already held that "Thomson Reuters has satisfied the actual-copying element as a matter of law," D.I. 547 at 9, which is the only element of copyright infringement to which access is relevant. *See id.* Thomson Reuters thus did not include this question.

ROSS's verdict form also asks whether the works are "virtually identical." D.I. 647 at 2, 4, 5 (questions 3, 4, 5, 6, 13(b), 14(b)). That is not appropriate. ***First***, the element articulated in *Feist* is "copying of constituent elements of the work that are original." 499 U.S. at 361. To avoid juror confusion, that is all that should be asked on the verdict form. ***Second***, as this

Court already held, the second element of "direct infringement is substantial similarity," which asks "whether the ordinary observer, unless he set out to detect the disparities [in the two works], would be disposed to overlook them, and regard their aesthetic appeal as the same." D.I. 547 (Summ. J. Op.)_at 7. ROSS's virtual identity standard is incorrect and, in any case, the standard for copying is best articulated in the jury instructions.

ROSS's verdict form further is inconsistent with Plaintiffs' theory as it asks about copying of only headnotes and the West Key Number System. D.I. 647 at 2, 4. As discussed at the Final Pretrial Conference, however, Plaintiffs assert that ROSS copied additional elements of Westlaw. 8/6/24 Hr'g Tr. at 36. Thus, instead of separate, repetitive questions for different elements of Westlaw that were copied, one question on copying should be sufficient and avoid potential jury confusion. It also should not be overlooked that ROSS's verdict form proposes three lengthy appendices of headnotes. D.I. 647 at 2-3. This Court rejected that proposal at the Final Pretrial Conference. *See* 8/6/24 Hr'g Tr. at 28.

Finally, ROSS's verdict form separately asks whether Plaintiffs' West Key Number System is original, D.I. 647 at 4, but the originality of the West Key Number System already is part of the second element of the claim. *See Feist*, 499 U.S. at 361 (considering "copying of constituent elements of the work that are ***original***" (emphasis added)).

2

**Indirect Copyright Infringement**[4]

3. **Do you find that Thomson Reuters proved by a preponderance of the evidence that a third party directly infringed Westlaw?**[5]

   Yes _____  (for Thomson Reuters)

   No _____  (for ROSS)

*If you answered "YES" to Question 3, proceed to Question 4.*

*If you answered "NO" to Question 3, skip to Question 8.*

---

[4] The elements of contributory infringement are "(1) a third party directly infringed the plaintiff's copyright; (2) the defendant knew that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement." *Leonard v. Stemtech Int'l Inc*, 834 F.3d 376, 387 (3d Cir. 2016). The elements of vicarious infringement are "(1) the right and ability to supervise or control the infringing activity; and (2) a direct financial interest in such activities." *Id.* at 388.

[5] ROSS's verdict form asks questions about whether LegalEase copied only headnotes and the West Key Number System. LegalEase's direct infringement, however, is not so limited. As Plaintiffs explained at summary judgment, after LegalEase violated the terms of its Westlaw subscription, it and its subcontractors downloaded editorially-enhanced Westlaw cases and displayed those cases in their browsers, thereby creating RAM or cache copies. D.I. 250 (Pls.' Mot. Summ J. re Copyright Infringement) at 9, 15-16. Those cases included all of Plaintiffs' editorial enhancements, including synopses, headnotes, classification under the West Key Number System, and hyperlinks to citations and other relevant authority or secondary sources. As LegalEase no longer had the benefit of its license, all of those downloads and displays constitute direct copyright infringement, and ROSS is secondarily liable for them. This case is not limited to copying headnotes.

4. *Vicarious Copyright Infringement* – **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS had a direct financial interest in the infringing third party's activity?[6]**

       Yes _____ (for Thomson Reuters)

       No _____ (for ROSS)

*If you answered "YES" to Question 4, proceed to Question 5.*

*If you answered "NO" to Question 4, skip to Question 6.*

5. *Vicarious Copyright Infringement* – **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS had the right and ability to supervise or control the infringing third party's activity?[7]**

       Yes _____ (for Thomson Reuters)

       No _____ (for ROSS)

*Proceed to Question 6.*

---

[6] ROSS's verdict form asks whether ROSS "directly benefited financially," D.I. 647 at 3, 5, but that element of vicarious infringement is whether it had "a direct financial interest." *Leonard*, 834 F.3d at 388.

[7] ROSS's verdict form asks whether ROSS had "the right and ability to supervise ***and*** control," D.I. 647 at 3, 5 (emphasis added), but that element of vicarious infringement is whether it had "the right and ability to supervise ***or*** control." *Leonard*, 834 F.3d at 388 (emphasis added).

ROSS's verdict form also asks whether ROSS exercised "practical control over LegalEase's copying of the headnotes," D.I. 647 at 3, 5, but that is not an element of vicarious infringement. *See Leonard*, 834 F.3d at 388 (requiring merely "the right and ability to supervise or control the infringing activity"). Instead, in *Leonard*, the Third Circuit quoted *Perfect 10, Inc. v. Amazon.com, Inc.* for the proposition that the first element of vicarious infringement *can* be established where the defendant is found to have the "practical ability to police the third-party [distributors'] infringing conduct." *Id.* at 389 (quoting 508 F.3d 1146, 1174 (9th Cir. 2007)). No case cited in ROSS's jury instruction on vicarious infringement states an additional "practical control" element. *See* D.I. 646 at 41–42.

4

6. *Contributory Copyright Infringement* – **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS knew, was willfully blind to, or should have known that a third party was infringing?**[8]

   Yes _____ (for Thomson Reuters)

   No _____ (for ROSS)

*If you answered "YES" to Question 6, proceed to Question 7.*

*If you answered "NO" to Question 6, skip to Question 8.*

7. *Contributory Copyright Infringement* – **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS materially contributed to or induced the infringing third party's activity?**[9]

   Yes _____ (for Thomson Reuters)

   No _____ (for ROSS)

*If you answered "YES" to Question 2, 5, or 7, proceed to Question 8.*

*Otherwise, skip to Question 12.*[10]

---

[8] Although *Leonard* mentions only that the "defendant knew" of the direct infringement, 834 F.3d at 388, the "knowledge requirement 'has been interpreted to include 'both those with actual knowledge and those who have reason to know of direct infringement,'" as well as "turning a 'blind eye' to infringement." *UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, No. 19 Civ. 17272, 2020 WL 5204067, at *7 (D.N.J. Aug. 31, 2020); *see also Luvdarts, LLC v. AT&T Mobility, LLC,* 710 F.3d 1068, 1073 (9th Cir. 2013). Although ROSS's verdict form ignores willful blindness, D.I. 647 at 3, both parties' jury instructions agree that subjective and objective knowledge (including willful blindness) satisfies this element. D.I. 626-01 (Pls.' Jury Instr.) at 42; D.I. 646 (Def.'s Jury Instr.) at 43. To avoid jury confusion, the verdict form should include each form of knowledge.

[9] ROSS's verdict form asks whether ROSS "intentionally induced *and* materially contributed," D.I. 647 at 4, 6 (emphasis added), but that element of contributory infringement is whether ROSS "materially contributed to *or* induced the infringement." *Leonard*, 834 F.3d at 387 (emphasis added).

[10] ROSS's verdict form asks the jury to consider the defenses "if you answered YES to any of Questions 4(b), 9, 11, 13(b), 17, or 19." Instead of this potentially confusing structure, the verdict form should provide clear instructions after each question on how to proceed from that question to the next.

5

**Fair Use Defense**[11]

8. **Do you find that ROSS proved its fair use defense by a preponderance of the evidence?**[12]

    Yes _____ (for ROSS)

    No _____ (for Thomson Reuters)

*If you answered "YES" to Question 8, skip to Question 12.*

*If you answered "NO" to Question 8, proceed to Question 9.*

---

[11] Although ROSS included copyright misuse, merger, and *scènes à faire* as defenses in its verdict form, D.I. 647 at 9, it waived those defenses by not raising them in the Pretrial Order. *See* D.I. 619-03; 619-05; *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965) ("It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." (citing Fed. R. Civ. Proc. 16)); Fed. R. Civ. P. 16 Advisory Committee Notes, subdivision I ("Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived."). In any case, both parties agree that copyright misuse should not be submitted to the jury. D.I. 626-01 (Pls.' Jury Instr.) at 38; D.I. 629 (Def.'s Jury Instr.) at 54. Moreover, in the Third Circuit, merger and *scènes à faire* are part of the substantial similarity analysis, not separate defenses. *See Tanksley v. Daniels*, 902 F.3d 165, 175 (3d Cir. 2018) (holding that unprotectable elements such as *scènes à faire* should be filtered out, while "keeping sight of the work's total concept and feel," by focusing on "whether an ordinary observer would perceive that the defendant has copied protected elements of the plaintiff's work"). Thus, none of those issues should be included as affirmative defenses in the verdict form.

[12] When fair use is submitted to the jury, courts generally ask a single, simple question. *See, e.g.*, Verdict, *Hayden v 2K Games, Inc.*, D.I. 336, No. 1:17 Civ. 02635 (N.D. Ohio Apr. 19, 2024); Special Verdict Form, *Oracle Am., Inc. v Google, Inc.*, D.I. 1981-1, No. 3:10 Civ. 03561 (N.D. Cal. May 26, 2016) (collectively, <u>Exhibit A</u>). They do not burden the jury with a series of one-sided, argumentative questions as ROSS's verdict form does. Instead of tracking the statute, ROSS has cherry-picked the facts it believes most favor its case, proposing leading questions to the jury regarding only those facts and omitting all others. ROSS is free in its closing to argue that its technology merely "stud[ies] the headnotes" or "translate[d] human language into something understandable by a computer," but it provides no support for asking such questions of a jury.

Moreover, ROSS's questions are legally wrong and/or irrelevant. As to ***factor one***, for example, it asks about transformativeness, but "whether a work is transformative is a question of law." *Oracle Am., Inc. v. Google LLC*, 886 F.3d 1179, 1199 (Fed. Cir. 2018) (citing *Fox News Network, LLC v. TVEyes, Inc.*, 883 F.3d 169, 175-77 (2d Cir. 2018))); *Mattel Inc. v. Walking Mountain Prods*, 353 F.3d 792, 801 (9th Cir. 2003) ("[W]hether a

6

work is a parody is a question of law, not a matter of public majority opinion"); *Rimini St., Inc. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1215 (D. Nev. 2020) ("[W]hether a work is transformative is a question of law."); *cf. Andy Warhol Found. Visual Arts v. Goldsmith*, 598 U.S. 508, 551 (2023) (affirming appellate court's reassessment of transformativeness); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199–1200 (2021) (affirming Federal Circuit's determination of what issues are for the Court and what questions are for the jury, and reassessing its first factor analysis); *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 307 (3d Cir. 2011) (reassessing district court's factor one analysis).  As to **factor two**, ROSS suggests that, if the West Key Number system was a "way to arrange factual material," it would favor ROSS.  D.I. 647 at 7.  Yet, "[c]lassification is a creative endeavor," *Am. Dental Ass'n v. Delta Dental Plans Ass'n*, 126 F.3d 977, 979 (7th Cir. 1997), and Westlaw's " arrangement of opinions in a case reporter, no less than a compilation and arrangement of Shakespeare's sonnets, can qualify for copyright protection." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1224 (1986).  This is consistent with *Feist*, which held that "[t]he compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers.  These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, as sufficiently original that Congress may protect such compilations through the copyright laws….[E]ven a directory that contains absolutely no protectable written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement." *Feist*, 499 U.S. at 348.  As to **factor three**, ROSS asks about whether its use was a "substantial percentage," D.I. 647 at 7, but not for an "evaluation of the qualitative nature of the taking." *Harper & Row, Pubs., Inc. v. Nation Enters.*, 471 U.S. 539, 564 (1985).  And as to **factor four**, ROSS proposes asking the jury about the effect of its use on Plaintiffs' headnotes or the West Key Number System, D.I. 647 at 8, but the Copyright Act is clear that factor four focuses on the effect on the *work*—here, Westlaw.  17 U.S.C.  107(4) (considering "the effect of the use upon the potential market for or value of the copyrighted *work*" (emphasis added)).  And ROSS's proposed questions ask about the effect "at the time of ROSS's use," D.I. 647 at 8, ignoring the "potential" market and value of Westlaw.  17 U.S.C.  107(4).

If the Court is inclined to ask special fair use questions, Plaintiffs propose the following: A. Do you find that ROSS proved by a preponderance of the evidence that its use was not a substitute for Westlaw?  B. Did ROSS prove by a preponderance of the evidence that Westlaw is not creative?  C. Did ROSS prove by a preponderance of the evidence that the amount of material that it copied was insubstantial and qualitatively unimportant?  D. Did ROSS prove, by a preponderance of the evidence, that its use, if widespread, would not affect the potential market for or the value of Westlaw?

**Copyright Damages**[13]

9. **Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS's infringement was willful?**

    Yes _____  (for Thomson Reuters)

    No  _____  (for ROSS)

*Proceed to Question 10.*[14]

10. **What is the dollar amount of compensatory damages, if any, that you find Thomson Reuters should receive from ROSS for copyright infringement?**[15]

    $_____

*Proceed to Question 11.*

11. **What is the dollar amount of statutory damages, if any, that you find Thomson Reuters should receive from ROSS for copyright infringement?**[16]

    $_____

*Proceed to Question 12.*

---

[13] ROSS's verdict form confusingly addresses copyright damages after its tortious interference liability and damages questions, D.I. 647 at 12, but it logically should follow after the copyright liability questions.

[14] ROSS's verdict form has an innocent infringement question, D.I. 647 at 13, but ROSS is not entitled to raise innocent infringement due to Westlaw's copyright notice. 17 U.S.C. 401(d); D.I. 626-01 (Pls.' Jury Instr.) at 51.

[15] ROSS's verdict form limits Plaintiffs' actual damages to lost profits, D.I. 647 at 12, but actual damages includes other forms of damages, including the "fair market value of a license covering the defendant's use." *Gaylord v. United States*, 777 F.3d 1363, 1367 (Fed. Cir. 2015). Moreover, ROSS's verdict form does not permit the jury to award actual damages and disgorgement of profits, D.I. 647 at 12, but the Copyright Act permits both: "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, ***and*** any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). As a result, it makes more sense to ask a single compensatory damages question, and for the jury instructions to explain what compensatory damages are under the law.

[16] ROSS's verdict form does not include a statutory damages question, but "the Seventh Amendment provides a right to a jury trial, which includes a right to a jury determination of the amount of statutory damages." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342 (1998). Because a plaintiff does not need to elect between compensatory and

**Tortious Interference with Contract Claim**[17]

**12. Do you find by a preponderance of the evidence that ROSS knew that LegalEase had a contract with West?**[18]

       Yes _____    (for Thomson Reuters)

       No _____    (for ROSS)

*If you answered "YES" to Question 12, proceed to Question 13.*

*If you answered "NO" to Question 12, proceed to the end of the verdict form.*

**13. Do you find by a preponderance of the evidence that ROSS committed an intentional act that was a significant factor in causing LegalEase's breach?**[19]

       Yes _____    (for Thomson Reuters)

       No _____    (for ROSS)

*If you answered "YES" to Question 13, proceed to Question 14.*

*If you answered "NO" to Question 13, proceed to the end of the verdict form.*

---

    statutory damages until the Court enters the final judgment, these questions must be posed to the jury simultaneously. 17 U.S.C. § 504(c)(1).

[17] The elements of tortious interference with contract are "(1) there was a contract between LegalEase and West[], (2) Ross knew about the contract and its terms, (3) Ross's intentional act was a significant factor causing the breach, (4) Ross had no justification, and (5) the breach harmed Thomson Reuters." D.I. 547 at 30 (citing *WaveDivision Holdings, LLC v. Highland Cap. Mgmt., L.P.*, 49 A.3d 1168, 1174 (Del. 2012)). Because this Court already found for Plaintiffs on elements 1 and 5, Plaintiffs have omitted those elements from the verdict form. *Id.* at 33.

[18] ROSS's verdict form changes the second element to whether "ROSS knew the substance of the contract," D.I. 647 at 10, but that is inconsistent with the elements of the claim. D.I. 547 at 30.

[19] ROSS's verdict form changes the third element to whether "ROSS intended to interfere with the contract," D.I. 647 at 10, but that is inconsistent with the elements of the claim. D.I. 547 at 30. It also separately asks whether "LegalEase was sharing passwords . . . using a scraping tool," D.I. 647 at 10-11, and whether knew that LegalEase was doing so, *id.* ROSS should not be permitted to add elements of the claim that are inconsistent with the law of this case or that impose a heightened knowledge requirement.

**14. Do you find by a preponderance of the evidence that ROSS's act was not justified?**

        Yes _____   (for Thomson Reuters)

        No _____   (for ROSS)

*If you answered "YES" to Question 14, proceed to Question 15.*

*If you answered "NO" to Question 14, proceed to the end of the verdict form.*

**15. What is the dollar amount of compensatory or nominal damages, if any, that you find Thomson Reuters should receive from ROSS for tortious interference with contract?[20]**

        $_____

*Proceed to Question 16.*

**16. What is the dollar amount of punitive damages, if any, that you find Thomson Reuters should receive from ROSS?[21]**

        $_____

You have reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. Notify the Marshal that you have reached a verdict.[22]

---

[20] ROSS's verdict form separately asks whether Plaintiffs are "entitled to nominal damages in a sum such as one dollar." D.I. 647 at 11. Plaintiffs do not oppose asking the jury whether they would like to award nominal damages as nominal damages are permitted under Delaware law but it would be confusing to have a separate line of the verdict form for them. Indeed, by placing nominal damages before general or compensatory damages, ROSS invites confusion by the jury as to the purposes of the two lines of its verdict form. But, nonetheless, Thomson Reuters objects to ROSS's suggestion that the jury award nominal damages "in a sum such as $1" as a leading attempt to encourage the jury to award a lower damages figure than the law permits.

[21] ROSS' verdict form does not include a question on punitive damages, but it is clear that punitive damages are available as a remedy for Plaintiffs' tortious interference with contract claim. *See* D.I.626-01 (Pls.' Jury Instr.) at 52–54.

[22] ROSS's verdict form references the duration of Thomson Reuters' copyrights, D.I. 647 at 2, but that issue is not part of this trial for two reasons. ***First***, ROSS waived this issue by not raising it in the Pretrial Order. *See* D.I. 619-03; 619-05; *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965) ("It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." (citing Fed. R. Civ. Proc. 16)); Fed. R. Civ. P. 16 Advisory Committee Notes, subdivision (c) ("Counsel bear a substantial responsibility for assisting the court in identifying the factual

---

issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived."). ***Second***, this argument is facially incorrect. None of Plaintiffs' registrations are for works for which duration would be an issue. D.I. 1 (Compl.) Ex. A. Thus, Plaintiffs have not included a reference to it in their verdict form. In any case, as duration is not one of the elements of Plaintiffs' claims, that issue is better addressed through a jury instruction, if at all.

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 15, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Emily T. Kuwahara, Esquire<br>Jordan Ludwig, Esquire<br>CROWELL & MORING LLP<br>515 South Flower Street, 41st Floor<br>Los Angeles, CA 90071<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

Ryan Henry Seewald, Esquire  *VIA ELECTRONIC MAIL*
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
*Attorneys for Defendant and Counterclaimant*

                                          */s/ Michael J. Flynn*
                                          _____
                                          Michael J. Flynn (#5333)