## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMSON REUTERS ENTERPRISE )
CENTRE GMBH and WEST PUBLISHING )
CORPORATION, )
                               )   C.A. No. 20-613-SB
      Plaintiffs/Counterdefendants, )
                               )   **JURY TRIAL DEMANDED**
    v. )
                               )
ROSS INTELLIGENCE INC., )
                               )
      Defendant/Counterclaimant. )

## ROSS INTELLIGENCE'S RESPONSE AND OBJECTIONS TO
## PLAINTIFFS' PROPOSED VERDICT FORM

OF COUNSEL:

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

Dated: August 16, 2024
11701367 / 20516.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*

ROSS Intelligence objects to Plaintiffs' proposed verdict form for the following reasons.

***General Objections.*** The verdict form is not detailed enough and does not follow the elements of the claims and defenses. The Verdict Form submitted by ROSS does.[1]

As to all questions: "Westlaw" is not defined. It is also not defined in Plaintiffs' jury instructions.

***Objection To Question 2.*** Plaintiffs' proposed Jury Verdict Form Question 2 states:

**2. Do you find that Thomson Reuters proved by a preponderance of the evidence that ROSS copied original elements of Westlaw?**
Question 2 is misleading and wrong on the law.

First, Question 2 does not present the legally appropriate question. It asks the jury to determine whether ROSS "copied original elements of Westlaw." However, copying alone does not establish infringement for either a compilation or any individual work as a matter of law. *See, e.g., Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 483 (6th Cir. 2006) (compilation); 4 NIMMER ON COPYRIGHT § 13.03 (2024) ("Just as copying is an essential element of copyright infringement, so substantial similarity between the plaintiff's and defendant's works is an essential element of actionable copying."). *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991), which is cited as support for Question 2 is not to the contrary.[2]

Second, Question 2 will mislead the jury. There is no question that Plaintiffs wish to proceed with the copyrighted works as compilations. That is how the works were registered. It

---

[1] There may be other objections once the evidence is fully presented to the jury.

[2] The use of the word "copied" in Question 2 is out of step with the other Verdict Form questions. All the other questions relating to the copyright claim use the word "infringe."

is what Plaintiffs told this Court at the Pretrial Conference.  Pretrial Conf. Tr. 32:24-33:21; 34:1-14; 36:1-21 (Attached Exhibit A).[3]

However, Plaintiffs' position regarding its copyright improperly conflates the protections afforded compilations and the protections afforded individual works.  The copyright protection extended to a compilation is independent of and different than of any copyrights that may exist in the individual components of the compilation.  17 U.S.C. § 103(b); *Intervest Const., Inc. v. Canterbury Est. Homes, Inc.*, 554 F.3d 914, 921 (11th Cir. 2008) (noting that "while a creative work is entitled to the most protection, a compilation is entitled to the least, narrowest or "thinnest" protection"); *cf. Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 140–41 (2d Cir. 2010) (noting that "[a]n album falls within the Act's expansive definition of compilation. . . and that an "infringement of an album should result in only one statutory damage award. The fact that each song may have received a separate copyright is irrelevant to this analysis").

To be specific regarding a compilation, "'a compilation copyright arises from "the selection, coordination, and/or arrangement of specific content,'" its protectable expression is "'limited to the selection, coordination, and/or arrangement of *that specific content*, and [does] not apply to the format and layout itself.'" *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1103–04 (10th Cir. 2020) (quoting U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 313.3(E) (3d ed. 2017)); 17 U.S.C § 101 (defining compilation).

---

[3] The Copyright Act defines compilations "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works.  17 U.S.C. § 101.  A "collective work" is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole.  17 U.S.C. § 101.

And this Court has already recognized that there are two different levels at which the validity of Plaintiffs' copyrights must be determined by the jury: "Headnotes are just short written works, authored by Thomson Reuters, so they could receive standalone, individual copyright protection. *See* 17 U.S.C. § 103. This *distinguishes Thomson Reuters's copyright in its headnotes from the 'thin,' compilation-only copyrights* . . . So I must consider the alleged headnote copyright infringement at the level of each individual headnote, rather than at the level of the entire Westlaw compilation." D.I. 547 at 7.

The jury instructions and verdict form should reflect these two different copyright standards for the compilation and the headnotes.

As for the standard that applies to compilations, cases since *Feist* "have interpreted *Feist* to mean that compilation copyright protection is very limited and usually requires substantial verbatim copying." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 483 (6th Cir. 2006) (citing *Key Pub'ns v. Chinatown Today,* 945 F.2d 509, 514 (2d Cir. 1991)); *see also e.g.*, *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 730 (8th Cir. 2002); *Experian Info. Sols., Inc. v. Nationwide Mktg. Servs. Inc*., 893 F.3d 1176, 1186 (9th Cir. 2018) (quoted with approval in *Google LLC v. Oracle Am., Inc*., 593 U.S. 1, 21 (2021)). Moreover, the Court has already ruled that this too is a separate and distinct decision for the jury, stating "[a]nd although Thomson Reuters's registered copyright could protect its Key Number System, the jury needs to decide its originality, whether it is in fact protected, and how far that protection extends." D.I. 547 at 7.

Plaintiffs' Question 2 avoids consideration of this standard. Plaintiffs' jury instructions provide no guidance either. D.I. 626-1 at 32.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ David E. Moore*
     David E. Moore (#3983)

Warrington S. Parker III
Joachim B. Steinberg
Jacob Canter
CROWELL & MORING LLP
3 Embarcadero Ctr., 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800

     Bindu A. Palapura (#5370)
     Andrew L. Brown (#6766)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     abrown@potteranderson.com

Crinesha B. Berry
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500

*Attorneys for Defendant/Counterclaimant*
*ROSS Intelligence, Inc.*

Dated:  August 16, 2024
11701367 / 20516.00001