IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>)<br>) |
| Plaintiffs and Counterdefendants, | )<br>)<br>) C.A. No. 20-613 (SB) |
| v. | )<br>) |
| ROSS INTELLIGENCE INC., | )<br>) |
| Defendant and Counterclaimant. | )<br>)<br>) |

**PLAINTIFFS' RESPONSE TO ROSS'S STATEMENT AND
<u>REQUEST FOR A CONTINUANCE</u>**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

August 21, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants
Thomson Reuters Enterprise Center GmbH
and West Publishing Corporation*

Plaintiffs have had limited time to prepare a response to ROSS's 15-page brief from this morning, D.I. 659, but we wanted to address it quickly given that trial is approaching.

***As an initial mater***, these issues were fully briefed by the Parties already in Thomson Reuters' motion for summary judgment on copyright infringement.  D.I. 250.  ROSS's claim that the decision is sua sponte or that more briefing is necessary does not make sense.  It has had a chance to be meaningfully heard on this issue already.  *See* D.I. 310 (ROSS's Answering Brief).  Moreover, it is black letter law that partial summary judgment orders are interlocutory and may be revised at the court's discretion until final judgment.  *See* Fed. R. Civ. P. 54(b); *ACT, Inc. v. Worldwide Interactive Network, Inc*., 46 F.4th 489, 508 (2022) ("Partial summary judgment orders, after all, are not final judgments.  They are instead interlocutory, and so may be revised in the district court's discretion until final judgment.")

***Second***, the Court's finding of direct infringement is correct.  In terms of ownership of a valid copyright, Plaintiffs owns valid copyright registrations in Westlaw which entitle it to a presumption of validity.  Moreover, the standard for validity under *Feist Publications v. Rural Telephone Service*  is extremely low, requiring merely some minimal degree of creativity.  499 U.S. 340 (1991).  The Court rightfully found, applying this low standard, that Westlaw is entitled to that protection.  And the Court was also correct that at least some protectable parts of Westlaw were misappropriated, including based on ROSS's own admissions as laid out in the briefing on this issue that already took place.  Whether direct infringement occurred is thus not in question, so there is no reason to send that issue to the jury.

***Third***, while the scope of the improper appropriation may go to some issues, such as damages, that does not create a dispute that direct infringement has occurred as the Court found.  The parties' experts can address issues of scope at trial as planned and the jury will be

free to decide how much ROSS's infringement harmed Plaintiffs.  ROSS is free to argue that the scope of the misappropriation was limited or that the value of what was taken is low. Plaintiffs are free to argue that the value of what was taken and scope of the harm was high.

In short, the Court's order streamlines certain issues, but it does not change the fundamentals of the case and the parties should readily be able to adjust and proceed with trial as planned this week.  Everyone is in town and preparing for trial.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

August 21, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants Thomson Reuters Enterprise Center GmbH and West Publishing Corporation*

2

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 21, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Emily T. Kuwahara, Esquire<br>Jordan Ludwig, Esquire<br>CROWELL & MORING LLP<br>515 South Flower Street, 41st Floor<br>Los Angeles, CA 90071<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

Ryan Henry Seewald, Esquire  *VIA ELECTRONIC MAIL*
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
*Attorneys for Defendant and Counterclaimant*

          */s/ Michael J. Flynn*
          _____
          Michael J. Flynn (#5333)