IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION,<br><br>    Plaintiffs and<br>    Counterdefendants,<br><br>  v.<br><br>ROSS INTELLIGENCE INC.,<br><br>    Defendant and<br>    Counterclaimant. | C.A. No. 20-613 (SB) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO AMEND FINAL PRETRIAL ORDER**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

August 21, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants
Thomson Reuters Enterprise Center GmbH
and West Publishing Corporation*

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation ("Thomson Reuters") submit this brief in response to Defendant ROSS Intelligence, Inc.'s ("ROSS") Motion to Amend the Final Pretrial Order. D.I. 660 (Mot.).

Almost a week ago, Thomson Reuters indicated that certain issues that ROSS had raised in its proposed verdict form, D.I. 647, had not been included in the Pretrial Order. Specifically, ROSS's verdict form included copyright misuse, merger, *scènes à faire*, and duration as issues, but ROSS did not even mention them in its statement of contested facts, its issues of law, or its statement of intended proofs. D.I. 656 at 6 n.11, 10 n.22; D.I. 619-03; D.I. 619-05; D.I. 619-13. Their omission is important because Federal Rule of Civil Procedure 16(d) makes clear that the pretrial order "controls the course of the action unless the court modifies it." Thus, by failing to raise them in the Pretrial Order that the parties requested, and the Court issued, they are waived. *See Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965) ("It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." (citing Fed. R. Civ. Proc. 16)); Fed. R. Civ. P. 16 Advisory Committee Notes, subdivision (c) ("Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived.").

Tellingly, nowhere in its Motion does ROSS dispute that duration was not raised in the Pretrial Order, and it does not request that the Pretrial Order be amended to include it. Nor should it because none of Plaintiffs' registrations are for works for which duration would be an issue. D.I. 1 (Compl.), Ex. A. As ROSS tacitly admits that duration is not an issue to be tried by the jury, that issue is no longer part of this case.

As to the subset of issues that ROSS does address—copyright misuse, merger, and *scènes à faire*—ROSS claims that they "are in the Pretrial Order." Mot. 1. Its own proposed redline of

1

the Pretrial Order, however, shows that is not the case. D.I. 660-02 at 8–10 (adding 12 paragraphs to address these issues). Instead, ROSS points to the separately and subsequently submitted jury instructions, *which are not part of the Pretrial Order*. Mot. at 1.[1]

The question then is what to do with ROSS's belated attempt to insert these three issues into the trial. As indicated above, waiver has occurred. Although that alone is dispositive, these issues are inappropriate for the verdict form for additional reasons. As to merger and *scènes à faire*, in the Third Circuit, they are part of the substantial similarity analysis, not separate affirmative defenses. *See Tanksley v. Daniels*, 902 F.3d 165, 175 (3d Cir. 2018) (holding that unprotectable elements such as *scènes à faire* should be filtered out, while "keeping sight of the work's total concept and feel," by focusing on "whether an ordinary observer would perceive that the defendant has copied protected elements of the plaintiff's work"). Although Thomson Reuters explained this in its revised verdict form, D.I. 656 at 6 n.11, ROSS tellingly cites to no contrary authority in its Motion or proposed amended Pretrial Order. Moreover, its proposed jury instructions merely rely on out-of-Circuit model jury instructions and *Oracle Am., Inc. v. Google Inc.*, which applied Ninth Circuit law. 750 F.3d 1339, 1353 (Fed. Cir. 2014) ("The parties agree that Ninth Circuit law applies . . . ."). Accordingly, to the extent that merger or *scènes à faire* are relevant after the Court's revised summary judgment decision, they would be addressed as Thomson Reuters originally proposed: as part of direct infringement, not as independent affirmative defenses. D.I. 626-01 at 32

As to copyright misuse, when the parties submitted their proposed jury instruction, they both agreed that it is not part of the jury trial. D.I. 629 at 54 n.1 (ROSS including copyright misuse

---

[1] ROSS's reliance on its answer and interrogatory responses, Mot. 1, does not change this analysis as it is common for parties to drop defenses at the trial stage, which is why Rule 16(d) requires the Pretrial Order to indicate the issues to be resolved.

in its proposed jury instructions "out of an abundance of caution" and conceding that because, "copyright misuse is an equitable defense, ROSS believes it should be decided by the Court rather than the jury."); D.I. 626-01 at 38 (similar). As a result, when the parties met and conferred on ROSS's Motion, Thomson Reuters proposed that the parties agree that copyright misuse is not an issue for the jury; that the parties would address that issue with the Court in post-trial briefing; and that they would not address it to the jury through evidence or argument at the jury trial, nor in the jury instructions or verdict form. ROSS rejected that proposal. Instead, it indicated for the first time and contrary to its jury instruction proposal, that it now believes the jury should make findings on copyright misuse. Given that ROSS provided no notice that it intended to raise copyright misuse to the jury and, in fact, actively misled Thomson Reuters into believing that it would not do so, Thomson Reuters would be severely prejudiced if ROSS is permitted two days before trial to insert copyright misuse into the jury trial. As a result of ROSS's attempted malfeasance and the prejudice that would be caused to Thomson Reuters, ROSS cannot show good cause to amend the Pretrial Order.[2]

## CONCLUSION

For the foregoing reasons, ROSS's Motion should be denied. To the extent merger or *scènes à faire* are relevant, it is as part of substantial similarity, not separate affirmative defenses. Moreover, ROSS actively misled Thomson Reuters about its intentions with regard to copyright misuse and, thus, it should not be permitted to prejudice Thomson Reuters by adding that issue to the trial two days before it is set to occur.

---

[2] It also should not be overlooked that in view of the Court's revised finding that ROSS directly infringed Thomson Reuters' copyrights, ROSS cannot show that Thomson Reuters engaged in copyright misuse.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counter-Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation*

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

August 21, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 21, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC  20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA  94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Emily T. Kuwahara, Esquire<br>Jordan Ludwig, Esquire<br>CROWELL & MORING LLP<br>515 South Flower Street, 41st Floor<br>Los Angeles, CA 90071<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

Ryan Henry Seewald, Esquire  *VIA ELECTRONIC MAIL*
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
*Attorneys for Defendant and Counterclaimant*

                                            */s/ Michael J. Flynn*
                                            _____
                                            Michael J. Flynn (#5333)