# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | )<br>)<br>) |
| Plaintiffs/Counterdefendants, | ) C.A. No. 20-613-SB<br>)<br>) **JURY TRIAL DEMANDED** |
| v. | )<br>) |
| ROSS INTELLIGENCE INC., | )<br>) |
| Defendant/Counterclaimant. | ) |

## JOINT LETTER REGARDING SUMMARY JUDGMENT

Dear Judge Bibas:

Plaintiffs Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation and Defendant ROSS Intelligence, Inc. have conferred concerning the Court's invitation for the parties to renew their summary judgment motions. D.I. 663. Delaware counsel for both parties participated in the meet-and-confer. The parties agree on the following:

1. Any opening briefs in support of a motion for summary judgment shall be no greater than 40 pages and filed no later than Tuesday, October 1, 2024.

2. Any opposition briefs shall be no greater than 40 pages and filed no later than Wednesday, October 30, 2024.

3. Any reply briefs shall be no greater than 30 pages and filed no later than Tuesday, November 13, 2024.

Following the meet and confer, there are two remaining open items:

**First**, the Parties conferred and were not able to find a mutually agreeable date for a hearing on their motions this fall. Accordingly, the Parties respectfully request that the Court permit them to continue to meet and confer about hearing dates and make a subsequent submission to the Court on those dates. Given conflicts in the fall, the Parties expect they will need to offer dates in 2025, unless pre-existing court conflicts are subsequently resolved.

**Second**, the Parties disagree about whether ROSS is permitted to move for summary judgment on copyrightability and infringement.

Plaintiffs' position is that, when the Court granted ROSS's motion to continue the trial, it only permitted the Parties to *renew* previously filed motions, not newly move on claims never before raised. *See* D.I. 663 ("I invite Thomson Reuters to renew its motions for summary judgment on those issues and Ross to renew its cross-motion for summary judgment on fair use."). Accordingly, the Court never invited ROSS to move on an entirely new issue it never before raised, namely, copyrightability or direct infringement. This is in keeping with the reason

why the Parties are undertaking additional briefing in the first place. At the Zoom conference held on Tuesday August 20, 2024, the Court indicated that it had reconsidered and would be granting Plaintiffs' motion for summary judgment that Plaintiff owned a valid copyright in Westlaw and had established direct copyright infringement. ROSS sought a continuance, asserting that the Court's ruling changed the framework for trial and ROSS needed more time to prepare therefor. Plaintiffs opposed that request, asserting that the Court's holding would merely simplify the issues for trial, and that moving the trial would prejudice Plaintiffs, who had witnesses on site ready for trial and had already made significant disclosures to ROSS that showed how they intended to approach trial. While the Court has continued trial and permitted renewed briefing, allowing ROSS to move on issues it never before raised, armed with a roadmap to how Plaintiffs would approach trial, would compound that prejudice to Plaintiffs. Moreover, although ROSS references Rule 56(f), there is no reason to believe that the Court would rule for ROSS as a matter of law on copyrightability or direct infringement, particularly in light of the Court's statements at the conference on August 20, 2024. ROSS's position is also a marked departure from its previous representation to this Court that there are factual issues requiring resolution by a jury on copyrightability and direct infringement. In essence, ROSS is seeking to double the prejudice to Plaintiffs by delaying the trial date after getting a preview of Plaintiffs' strategy, and now further seeking to benefit from that delay by briefing issues on which it never before moved.

      ROSS's position is that each party should be allowed the opportunity to move for summary judgment on (i) copyrightability and infringement and (ii) fair use. ROSS does not want to over belabor the point, but ROSS believes this request is consistent with what the Court sought, including because this Court stated at the hearing (at approximately time-stamp 18:25)

2

that "any reasonable procedural request will be granted."  The Court added (at approximately time-stamp 18:40), "I'm not reopening discovery, but anything within the bounds of: we've got a closed record here, we want time to frame the possible theories of copyrightability and infringement and the different defenses I've outlined."  The Court also added (at approximately time-stamp 19:55) "anything you [ROSS]want to request I will be very open to."  This approach avoids a situation where the Court would have to invoke Federal Rule of 56(f) in order to rule in favor of Defendant on copyrightability and infringement

       Finally, it is difficult to see how Plaintiffs are prejudiced.  They renew their argument concerning the issue of trial, but that seems to have no bearing on summary judgment briefing.  And ROSS believed that this Court's intent was to have a full and complete briefing before it on summary judgment.  ROSS's request would accomplish that.

Respectfully Submitted:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ *Michael J. Flynn* | */s/ David E. Moore* |
| Jack B. Blumenfeld (#1014) | David E. Moore (#3983) |
| Michael J. Flynn (#5333) | Bindu A. Palapura (#5370) |
| 1201 North Market Street | Andrew L. Brown (#6766) |
| P.O. Box 1347 | Hercules Plaza, 6th Floor |
| Wilmington, DE 19899 | 1313 North Market Street |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@morrisnichols.com | (302) 984-6000 |
| mflynn@morrisnichols.com | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| OF COUNSEL: | abrown@potteranderson.com |
| Dale M. Cendali | |
| Joshua L. Simmons | OF COUNSEL: |
| Eric A. Loverro | |
| Jeremy King | Warrington S. Parker III |
| KIRKLAND & ELLIS LLP | Joachim B. Steinberg |
| 601 Lexington Avenue | Jacob Canter |
| New York, NY 10022 | CROWELL & MORING LLP |
| (212) 446-4800 | 3 Embarcadero Ctr., 26th Floor |
| | San Francisco, CA 94111 |
| Miranda D. Means | Tel: (415) 986-2800 |
| KIRKLAND & ELLIS LLP | |
| 200 Clarendon Street | Keith Harrison |
| Boston, MA 02116 | Crinesha B. Berry |
| (617) 385-7500 | CROWELL & MORING LLP |
| | 1001 Pennsylvania Avenue NW |
| Yungmoon Chang | Washington, DC 20004 |
| Allyn Belusko | Tel: (202) 624-2500 |
| KIRKLAND & ELLIS LLP | |
| 2049 Century Park East, Suite 3700 | *Attorneys for Defendant/Counterclaimant* |
| Los Angeles, CA 90067 | |
| (310) 552-4200 | |

*Attorneys for Plaintiffs/Counterdefendants*

August 28, 2024
1171216

4