THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs and Counterdefendants, | ) ) ) | C.A. No. 20-613 (SB) |
| v. | ) ) ) | |
| ROSS INTELLIGENCE INC., | ) ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**SECOND DECLARATION OF LAURIE OLIVER IN SUPPORT OF PLAINTIFFS' RENEWED MOTIONS FOR SUMMARY JUDGMENT**

I, Laurie Oliver, declare as follows:

1. I am a lawyer and a U.S. Cases Editorial Manager for Thomson Reuters Holdings Inc., where I have worked for the past 31 years. I submit this declaration to supplement the previous declaration I made in support of Plaintiffs' Motions for Summary Judgment. The statements set forth in this declaration are based on my personal knowledge and my review of the contemporaneous documents referenced and attached hereto.

2. During my time at Thomson Reuters, I have served as an attorney editor and have managed the creation of editorial enhancements, including West Headnotes and synopses, and the classification of West Headnotes within the West Key Number System ("Westlaw Content"). The team is comprised of 70 attorney-editors who summarize judicial opinions and 24 attorney-editors who are case classifiers, all of whom are lawyers and require extensive training to create Westlaw Content.

A. **West Headnotes**

3. The West Headnotes identify and synthesize key issues and holdings in judicial opinions. Creating the West Headnotes requires numerous creative decisions by Thomson Reuters' attorney-editors.

4. For instance, the attorney-editor decides whether to editorially enhance a judicial opinion in the first place, out of thousands of opinions decided each year. The attorney-editor then needs to decide how many West Headnotes to write for which case passages. To do that, attorney-editors must carefully read the underlying judicial opinion to figure out what the court meant and what West Headnotes would be most helpful to assist researchers in understanding the decision and rules of law. The most important parts of an opinion or case passage are not always obvious, and there is discretion about which parts of the opinion to make into a West Headnote.

Moreover, the attorney-editor may look at a section of a judicial opinion and decide to make one headnote, several, or none. It is up to the judgment of the attorney-editor.

5. The attorney-editor also has to decide *how* to write the West Headnote in a clear and concise way. To do that, they need to decide the specific wording of the West Headnote and which concepts to include or not include. As part of that decision, the attorney-editor may consider whether an analogous concept of law has been addressed in other judicial opinions using different language, and whether or how that affects the creation of a West Headnote in a different decision. There is no one way to do this, and different attorney-editors could draft the same West Headnote differently. The attorney-editor also has to decide where to link the West Headnote in the judicial opinion. Finally, an attorney-editor has to decide how to classify the West Headnote within the West Key Number System, as I describe in more detail below.

### B. The West Key Number System

6. The West Key Number System indexes cases across hundreds of legal topics and, within those topics, specific legal issues. Each West Headnote is assigned one or more topics and a Key Number that corresponds to a legal issue within the case.

7. The West Key Number System is constantly updated, with new editions being published each year. The hundreds of topics and subtopics in the West Key Number System have changed over time, as new topics are added or condensed. For example, issues involving summary judgment motions used to be classified under the topic, "Judgment." However, the procedural mechanism of summary judgment and related issues has grown big enough in recent years that Thomson Reuters' attorney-editors decided that it warranted its own topic, released last year. As new technologies or areas of the law develop, Thomson Reuters updates and adapts the West Key Number System. The process and development of the law is not exact, and there is no one way to organize it. Deciding how to organize the many topics and subtopics in the West

Key Number System and adapt them to the changing technological and legal landscape thus requires creativity and judgment.

8. In particular, the process for creating the West Key Number System involves looking at where the law has expanded or stagnated and considering whether certain topics or subtopics currently cover multiple concepts that would be better treated separately, or whether we can combine concepts under a single topics. We also consider West Headnotes that do not fit cleanly into the existing West Key Number System to determine if new issues should be included.

### C. Classification within the West Key Number System

9. After West Headnotes are written, the attorney-editor writing them preliminarily assigns them to one or more West Key Numbers. After that, specialized attorney-editors called "case classifiers" review the headnote-writer's suggestion and assign West Key Numbers, which are the lowest subtopic within the West Key Number System hierarchy, to the West Headnotes.

10. There are many different ways a West Headnote could be classified and sometimes multiple topics may be suitable. Deciding how to classify the West Headnote within the West Key Number System is up to the judgment of the individual case classifier, who may base his or her decision in part on the initial recommendation based on the judgment of the attorney-editor.

Dated: October 1, 2024

_____
Laurie Oliver

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 1, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>Keith J. Harrison, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

Emily T. Kuwahara, Esquire  VIA ELECTRONIC MAIL
Jordan Ludwig, Esquire
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
*Attorneys for Defendant and Counterclaimant*

Ryan Henry Seewald, Esquire  VIA ELECTRONIC MAIL
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
*Attorneys for Defendant and Counterclaimant*

/s/ *Michael J. Flynn*
_____
Michael J. Flynn (#5333)